IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Stephanie McCollum, *et al.*, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02037 |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | JURY DEMAND |

**DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON AND JEFF PRINGLE'S ORIGINAL ANSWER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendants Texas Department of Criminal Justice, Brad Livingston, and Jeff Pringle and submit their **Original Answer and Jury Demand**. In support thereof, the Defendants respectfully offer the following:

## I. STATEMENT OF THE CASE

Plaintiff has sued Defendants Livingston and Pringle in their individual and official capacities alleging violations of Plaintiff McCollums 8th and 14th Amendment rights.

Plaintiff has sued the Texas Department of Criminal Justice (TDCJ) for alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. (D.E. 106 at 1). Plaintiff alleges that TDCJ officials violated McCollum's rights under the ADA and RA by, *inter alia*, by refusing to protect him from the extreme temperatures that took his life. These failures, Plaintiff alleges, contributed to or caused McCollum's death.

## II. DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1.      Defendants admit that plaintiffs have brought a civil rights action for injunctive, declaratory and monetary relief, but denies the balance of the allegations contained in paragraph 1 of plaintiff's Complaint.

2. Defendants admit that plaintiffs have brought a civil rights action for injunctive, declaratory and monetary relief, but denies the balance of the allegations contained in paragraph 2 of plaintiff's Complaint.

3. Defendants admit that plaintiffs have brought a civil rights action for injunctive, declaratory and monetary relief, but denies the balance of the allegations contained in paragraph 3 of plaintiff's Complaint.

4. Defendant's Livingston and Pringle deny.

5. Defendant TDCJ denies.

**A.   JURISDICTION AND VENUE.**

6. Defendant admits.

7. Defendants do not contest venue.

8. Defendants have insufficient information to admit at this time.

9. Defendants have insufficient information to admit at this time.

10. Defendants have insufficient information to admit at this time.

11. Defendants have insufficient information to admit at this time.

12. Defendant admits Brad Livingston is the executive Director of the Texas Department of Criminal Justice. Defendant denies being the "commanding officer." Defendant Livingston admits to the remainder of paragraph 12.

13. Defendant Pringle admits.

14. Defendant admits that TDCJ is an agency of the State of Texas. TDCJ admits it operated the Hutchins State Jail Facility and receives Federal funds. Defendant is unable to admit or deny at this time what programs plaintiff McCollum was "otherwise qualified for."

**B.     FACTS**

15.   Defendants have insufficient information and are unable to admit or deny at this time.

16.   Defendants have insufficient information and are unable to admit or deny at this time.

17.   Defendants deny all allegations in paragraph 17.

18.   Defendants have insufficient information and are unable to admit or deny at this time.

19.   Defendants admit Mr. McCollum was assigned to the Hutchins State Jail.

20.   Defendants have insufficient information and are unable to admit or deny at this time.

21.   Defendants admit it is standard procedure to perform an intake physical. Defendants have insufficient information and are unable to admit or deny the remainder of the allegations in paragraph 21.

22-26.  Defendants have insufficient information and are unable to admit or deny at this time.

27    Defendants deny all allegations in paragraph 27.

28.   Defendants admit many prisoners live in non-air conditioned facilities. Defendants have insufficient information and are unable to admit or deny the remainder of the paragraph at this time.

29.   Defendants admit plaintiff was assigned to live in a dormitory at the Hutchins facility. Defendants deny plaintiff was improperly housed.

30.   Defendants deny all allegations in paragraph 30.

31.   Defendants have insufficient information and are unable to admit or deny at this time.

32.   Defendants admit that they train employees regarding excessive heat, however defendants have insufficient information and are unable to admit or deny the remainder of the paragraph at this time.

33-42. Defendants have insufficient information and are unable to admit or deny at this time.

43. Defendants admit plaintiff was transported to Parkland Hospital, Defendants have insufficient information and are unable to admit or deny the remainder of the paragraph at this time.

44. Defendants have insufficient information and are unable to admit or deny at this time.

45. Admit.

46-49. Defendants have insufficient information and are unable to admit or deny at this time.

50-58. Defendants deny the allegations in paragraphs 50-58.

59-60. Defendants admit that some areas on all units have air conditioning work areas. Defendants deny the allegations in the remainder of the paragraphs.

61-64. Defendants deny the allegations in these paragraphs 61-64.

65. Defendants have insufficient information and are unable to admit or deny at this time.

66-67. Defendants deny all allegations in paragraphs 66-67.

**C.   CAUSES OF ACTION**

68-69   Defendants Livingston and Pringle deny all allegations in paragraphs 68-69.

70. Defendants Livingston and Pringle admit that causes of action may be stated under certain circumstances regarding deliberate indifference pursuant to 42 U.S.C. § 1983, but Defendants deny that they were deliberately indifferent regarding the circumstances of the instant case.

71. Defendants deny that plaintiff is entitled to punitive damages.

72-73. Defendant TDCJ admits paragraphs 72-73.

74. Defendant TDCJ admits that the Hutchins State jail is a facility for ADA purposes. Defendant is unable to admit or deny the remaining allegations, Mr. James in unknown at this time.

75-78. Defendant denies the allegations in paragraphs 75-78.

D. **DAMAGES**

79-83. Defendant denies all allegations in paragraphs 79-83. Further, Defendants deny that plaintiffs are entitled to injunctive, declaratory, or any other relief as demanded in paragraphs 79-83 and their prayer for relief, and further denies that plaintiffs are entitled to damages, attorney's fees, or costs in any amount whatsoever.

### III. GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1. Defendant TDCJ denies that it violated the rights of offender McCollum under the Constitution, Title I or Title II of the ADA or any other law.

2. Defendants deny that they denied inmate McCollum appropriate conditions of confinement, medications or medical care. Defendant does not provide medical care or medication to inmates. Further, such allegations, even if true, allege mere negligence, from which Defendant TDCJ maintains sovereign immunity.

3. Defendant TDCJ denies that it has failed to comply with guidelines relating to inmate medical care, and denies that it provides any medical care to inmates[1]. Further, such allegations, even if true, allege mere negligence, from which Defendant maintains sovereign immunity.

---

[1] Medical care in the northern portion of the state is delivered by Texas Tech University.

4. Defendant TDCJ denies that it has failed to provide programs and services to McCollum. Defendant does not provide medical care or medication to inmates. Further, such allegations, even if true, allege mere negligence, from which Defendant maintains sovereign immunity.

5. Defendant denies that it fails to follow its own policies or procedures. Further, such allegations, even if true, allege mere negligence, from which Defendant maintains sovereign immunity.

6. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Plaintiffs' Complaint except those expressly admitted herein.

7. Defendants, deny that they failed to provide reasonable accommodations for McCollum as alleged. Defendants state that no accommodations were requested. In the alternative defendants deny that the accommodations could have been reasonable or did not threaten the safety of the staff and the other offenders.

8. Defendants Livingston and Pringle assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. § 1983. Defendants further assert that any claim premised upon negligence will not support a claim under 42 U.S.C. § 1983.

9. Defendants deny that Plaintiffs were deprived of any right, privilege, or immunity granted or secured by the Constitution, the laws of the United States, and/or the laws of the State of Texas.

10. Defendants deny that they were deliberately indifferent to plaintiff's health or safety. Defendants asserts that they had did not have personal involvement sufficient to establish liability regarding the events alleged in Plaintiff's suit.

11. Defendants assert that at all times relevant to this suit, they acted with the good faith belief that their actions were proper under the Constitution and laws of the United States and the State of Texas. Defendants further assert that they acted, at all relevant times, in a manner both consistent with McCollum's clearly established constitutional rights and objectively reasonable in light of all surrounding circumstances. Defendants further assert that at all times relevant to this lawsuit, they performed discretionary acts in good faith and within the course and scope of their authority as public officers employed by the State of Texas. Finally, Defendants assert that any act or failure to act was not wilful, wantonly negligent, or performed with a conscious indifference or reckless disregard for the safety of offender McCollum.

12. Defendants deny that either official or sovereign immunity has been waived under the Texas Human Resource Code, Chapter 121 for any purpose. Defendants hereby expressly asserts that it is entitled to qualified, good-faith immunity from suit.

13. Defendants state that Plaintiff has failed to fully exhaust administrative procedures as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

WHEREFORE, PREMISES CONSIDERED, Defendant urges this Court to deny the Plaintiff any and all relief demanded in this complaint and to grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **GREG ABBOTT**
        Attorney General of Texas

        **DANIEL T. HODGE**
        First Assistant Attorney General

        **DAVID C. MATTAX**
        Deputy Attorney General for Defense Litigation

        **KAREN D. MATLOCK**
        Assistant Attorney General
        Chief, Law Enforcement Defense Division

        */S/ **BRUCE R. GARCIA***
        **BRUCE R. GARCIA**
        Assistant Attorney General
        Attorney in Charge
        State Bar No. 07631060
        So. Dist. Bar No. 18934

        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        (512) 463-2080 / Fax (512) 495-9139

        **ATTORNEYS FOR DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON AND JEFF PRINGLE**

### NOTICE OF ELECTRONIC FILING

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing **Original Answer and Jury Demand** in accordance with the Electronic Case Files System of the Northern District of Texas, on August 21, 2012.

        */S/ **BRUCE R. GARCIA***
        **BRUCE R. GARCIA**
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Original Answer and Jury Demand** has been served by placing same in the United States Mail, postage prepaid, on August 21, 2012 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

                                                           */S/ **BRUCE R. GARCIA***
                                                           **BRUCE R. GARCIA**
                                                           Assistant Attorney General