IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br> v. <br> BRAD LIVINGSTON, JEFF PRINGLE, and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**JOINT STATUS REPORT AND AGREED PROPOSED DISCOVERY PLAN
PURSUANT TO Fed. R. Civ. P. 16(b) and 26 (f)**

Pursuant to the Court's Order entered on August 22, 2012 and in accordance with Federal Rule of Civil Procedure 26(f), counsel of record for Plaintiffs Stephen McCollum, Stephanie Kingry, and Sandra McCollum and counsel of record for Defendants Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice conducted a case management conference on September 6, 2012. Accordingly, counsel submits the following Joint Status Report and Agreed Proposed Discovery Plan.

**OBJECTIONS TO INITIAL DISLOSURES**

The Parties make no objection to the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

**1.    Brief statement of the nature of the case, including the contentions of the parties.**

Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum:

Plaintiffs seek declaratory, injunctive, and monetary relief in redress for the death of their father, Larry Gene McCollum. Mr. McCollum died from exposure to severe heat while incarcerated at Hutchins State Jail in Dallas, TX. Plaintiffs allege Defendants Livingston and

1

Pringle deprived Mr. McCollum of his constitutional rights under color of law and in violation of his Eighth and Fourteenth Amendment right to protection from cruel and unusual punishment under 42 U.S.C. § 1983 ("Section 1983").  Further, Plaintiffs allege Defendant Texas Department of Criminal Justice failed to accommodate Mr. McCollum's disability in violation of Title II of the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12131, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act").

Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:

Plaintiffs have sued Defendants Jeff Pringle and Brad Livingston for constitutional violations under 42 U.S.C. § 1983, and TDCJ for alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

Specifically, Plaintiffs allege that Warden Pringle and Director Livingston placed Mr. McCollum in living conditions that were deliberately indifferent to his serious medical needs. Defendants contend that McCollum was an inmate at the Hutchins State Jail, had been appropriately classified, and was not incarcerated under conditions that posed a serious risk of harm.  Defendants contend that McCollum had undergone a medical examination on the day before his death and was living in an appropriate housing area.

**2.      Challenges to jurisdiction or venue.**

Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum:

Plaintiffs make no challenges to jurisdiction or venue.

Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:

Plaintiffs have failed to show any probate papers showing authority to bring any survivor claims on behalf of the estate.

**3.     Pending or contemplated motions and proposed time limit for filing motions.**

<u>Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum:</u>

Plaintiffs do not anticipate any motion practice at this time.

<u>Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:</u>

If the probate matter is not resolved, Defendants will file a motion to show authority/abate the proceeding regarding plaintiffs' rights to bring the survivor claims on behalf of Mr. McCollum. Defendants also anticipate filing a motion for summary judgment approximately one month after discovery closes.

**4.     Matters which require a conference with the court.**

The parties are unaware of any matters which require a conference at this time.

**5.     The deadline for amended pleadings and the likelihood that other parties will be joined.**

<u>Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum:</u>

Plaintiffs propose February 1, 2013 as the deadline for amended pleadings. Additional parties may be joined to pursue Plaintiffs' claims for injunctive and declaratory relief, or if additional defendants appear to be responsible for Mr. McCollum's death after discovery.

<u>Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:</u>

Defendants do not anticipate adding any parties at this time.

**6.     (a) Estimate of the time needed for discovery, with reasons, (b) specification of the discovery contemplated, and (c) limitations that should be placed on discovery.**

<u>Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum:</u>

(a)     Plaintiffs anticipate needing eight (8) months to complete discovery.

(b)     Plaintiffs plan to take depositions of witnesses to Mr. McCollum's death and persons with knowledge of the Hutchins State Jail's HVAC system. Plaintiffs also intend to depose the Defendants, who are high-ranking authorities in the Texas prison system. Because of limited

information available to Plaintiffs at this time, the identities of the witnesses to Mr. McCollum's death are unknown presently, but Plaintiffs anticipate their identities can be discovered through requests for production. Plaintiffs anticipate needing document production and responses to interrogatories and requests for admissions before depositions can take place. Plaintiffs will also need to have their expert enter and inspect the prison facility. The parties are already discussing mutually agreeable dates for this inspection, and hope to have it completed by the end of September 2012.

(c) Plaintiffs do not request any limits on discovery.

Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:

(a) Defendants anticipate needing six (6) months to complete discovery. Counsel for Defendants is currently scheduled to try at least 4 cases this fall, as a result, discovery on this matter cannot be completed until after that time.

(b) Defendants anticipate sending written discovery (one set of interrogatories and requests for production per party), and then deposing the plaintiffs and their designated experts.

(c) Defendants do not request any limits on discovery. However, Defendants reserve the right to seek protection from the Court if the discovery process becomes too burdensome or overreaching.

**7.    A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1998) and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel for both parties have read and are familiar with the *Dondi* decision and the District's Civil Justice Expense and Delay Reduction Plan, as amended in May, 2002.

**8.    Requested Trial Date, Estimated Length of Trial, and if Jury Trial has been Demanded.**

Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum:

Plaintiffs request an August or September 2013 trial date, and anticipate a 4 to 5 day trial. A jury trial has been demanded.

Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:

A jury trial has been demanded, defendants anticipate a fall 2013 trial date. Trial should last approximately 4 to 5 days.

**9.     Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Renee Harris Toliver per 28 U.S.C. § 636(c).**

The parties do not consent to a magistrate.

**10.     Prospects for settlement, and status of any settlement negotiations.**

Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum:

Plaintiffs hope a settlement can be reached. The parties have discussed the possibility of settlement, and agreed on discovery that must take place before a realistic settlement can be reached.

Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:

Defendants do not object to settlement discussions.

**11.     Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

Plaintiffs: Stephen McCollum, Stephanie Kingry, and Sandra McCollum**:**

Plaintiffs do not object to mediation and are willing to mediate at any time. Plaintiffs would consider any appropriate alternative dispute resolution method.

Defendants, Brad Livingston, Jeff Pringle, and the Texas Department of Criminal Justice:

Defendants do not object to mediation and may be able to mediate after limited discovery.

**12.     Other matters relevant to the status and disposition of this case.**

The parties know of no other relevant matters at this time.

Dated: September 21, 2012.

Respectfully submitted,

| | |
|---|---|
| The Edwards Law Firm | /s/ Bruce R. Garcia |
| The Bremond Houston House | BRUCE R. GARCIA |
| 706 Guadalupe | Assistant Attorney General |
| Austin, Texas 78701 | Attorney In Charge |
| Tel.   512-623-7727 | State Bar No. 07631060 |
| Fax.   512-623-7729 | |
| | P. O. Box 12548, Capitol Station |
| By       /s/ Jeff Edwards | Austin, Texas  78711 |
| JEFF EDWARDS | (512) 463-2080 |
| State Bar No. 24014406 | Fax No. (512) 495-9139 |
| | |
| Scott Medlock | ATTORNEY FOR DEFENDANTS |
| State Bar No. 24044783 | |
| Brian McGiverin | |
| State Bar No. 24067760 | |
| James C. Harrington | |
| State Bar No. 09048500 | |

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200

2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS