IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants*. | § | |

### DEFENDANT LIVINGSTON'S FRCP 12(C) MOTION FOR JUDGEMENT ON THE PLEADINGS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Brad Livingston, through the Attorney General of Texas, files this **Defendant Livingston's FRCP 12(c) Motion for Judgment on the Pleadings**. In support thereof, Defendant Livingston would respectfully show the following:

1. Livingston moves the Court to grant this motion for judgment on the pleadings and dismiss him from this suit as plaintiffs have failed to state a claim and have not overcome his entitlement to qualified immunity.

2. The plaintiffs fail to state a deliberate indifference claim when they have not alleged that Livingston was aware of a substantial risk of serious harm to McCullom.

3. In order to act with deliberate indifference, a prison official must know of and disregard an excessive risk to an inmate's health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" and then consciously disregard the risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Stewart v. Murphy,* 174 F.3d 530, 533-34 (5th Cir. 1999).

1

4. The plaintiffs claim Livingston knew it was hot during the summer, people can die from exposure to heat, and some inmates had hypertension. (D.E. 1 at 4-10)

5. This falls far short of reaching the threshold of stating a deliberate indifference claim.

6. The plaintiffs fail to state a deliberate indifference claim when they have not alleged personal involvement by Livingston in the alleged constitutional violation.

7. A plaintiff bringing a §1983 claim must establish a causal connection between the alleged constitutional deprivation and the defendant whom they would hold responsible; personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

8. The plaintiffs have failed to allege in their pleadings Defendant Livingston had any personal knowledge of the material facts in this suit or that he knew anything about Larry McCullom. (D.E. 1 at 4-10).

9. Supervisory officials may be held liable only if: (1) they affirmatively participated in the acts that cause the constitutional deprivation; or (2) they implement unconstitutional policies that causally result in a plaintiff's injury. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992).

10. The plaintiffs have not alleged Livingston affirmatively participated in the death of McCullom or that he implemented unconstitutional policies.

11. Government officials are entitled to qualified immunity if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800,

818 (1982).

12. The Supreme Court has repeatedly admonished courts to decide the issue of qualified immunity "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Anderson v. Creighton*, 483 U.S. 635, 645 (1987).

13. To ensure the utmost protection from broad-reaching discovery, qualified immunity should be treated as a threshold issue, which acts as a bar to a court's ability to hear the plaintiff's claims. *Sutton v. United States,* 819 F.2d 1289, 1299 (5th Cir. 1987).

14. The plaintiffs have failed to overcome Livingston's entitlement to qualified immunity.

15. At most, the plaintiffs have alleged Livingston was negligent.

16. Negligence is a state tort cause of action, not a § 1983 constitutional claim. *Varnado,* 920 F.2d at 321.

17. This motion and attached brief comply with all the requirements of Northern District Local Rule 7.

18. For the aforementioned reasons, Defendant Livingston moves the Court to grant Defendant Livingston's FRCP 12(c) Motion for Judgment on the Pleadings.

    Respectfully submitted,

    **GREG ABBOTT**
    Attorney General of Texas

    **DANIEL T. HODGE**
    First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No. 07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND
JEFF PRINGLE**


**CERTIFICATE OF CONFERENCE**

On January 28, 2013, pursuant to Local Rule 7.1, I conferred with Jeff Edwards and Scott Medlock, attorneys for the plaintiffs. They indicated their opposition to this motion.


*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

On February 2, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify  that I have served all counsel and/or pro se parties of record electronically or  by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

>  */S/Bruce R. Garcia*
>  **BRUCE R. GARCIA**
>  Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
| *Defendants*. | § | |

### BRIEF IN SUPPORT OF DEFENDANT LIVINGSTON'S
### FRCP 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

### STATEMENT OF THE CASE

Defendant Brad Livingston is the Executive Director of the Texas Department of Criminal Justice ("TDCJ"). (D.E. 1 at 2). The plaintiffs brought this suit against Defendant Livingston in his individual capacity pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendment. (D.E. 1 at 11). Specifically, they claim that Defendant Livingston was deliberately indifferent to the serious medical needs of Larry McCullom, an inmate who allegedly expired from heat exhaustion almost immediately upon his arrival at the Hutchins State Jail. (D.E. 1 at 4-10). The plaintiffs are suing Defendant Livingston for nominal, punitive, and compensatory damages. (D.E. 1 at 14). On January 15, 2013, the plaintiffs noticed their intention to take Defendant Livingston's deposition on February 12, 2013.

### STANDARD OF DISMISSAL

The Court may dismiss a claim when it is clear that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990). In analyzing a motion for judgment on the pleadings, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a

6

light most favorable to the Plaintiff. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

When analyzing the complaint, the district court cannot assume that the plaintiff can prove facts he has not alleged. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 443 (5th Cir. 1986)(citing *Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983)). The court's task is simply to determine whether the plaintiff's complaint is legally sufficient to state a claim for relief. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d at 1401.

Furthermore, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)(*quoting Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)). Moreover, the Fifth Circuit maintains a heightened pleading requirement for complaints charging violations of 42 U.S.C. § 1983, and thus pleadings must state specific facts, not mere conclusory allegations. *See Colle v. Brazos County*, 981 F.2d 237, 243 (5th Cir. 1993).

## ARGUMENT

**I. The plaintiffs fail to state a deliberate indifference claim where they have not alleged in their pleadings that Livingston was aware of a substantial risk of serious harm to McCullom.**

To establish an Eighth Amendment violation, a plaintiff must show deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton' infliction of pain . . . proscribed by the Eighth Amendment." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)(quoting *Estelle,* 429 U.S. at 104).

7

The facts underlying a claim of "deliberate indifference" must clearly evince the medical need in question and the alleged official dereliction. The legal conclusion of "deliberate indifference" must rest on facts clearly demonstrating "wanton" actions on the part of the defendants. *Id.*

The Supreme Court has adopted subjective recklessness as the standard for establishing deliberate indifference in the context of a claim of inadequate medical care. In order to act with deliberate indifference, a prison official must know of and disregard an excessive risk to an inmate's health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" and then consciously disregard the risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Stewart v. Murphy,* 174 F.3d 530, 533-34 (5th Cir. 1999); *See e.g., Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1990) (finding "[m]ere negligence, neglect or medical malpractice is insufficient" to show Eighth Amendment violation).

Livingston was not aware of a substantial risk of serious harm to McCullom. To state a deliberate indifference claim the plaintiffs must allege facts showing Livingston was aware inmates with hypertension face a substantial risk of serious harm or death without air conditioning. They must further plead specific facts showing that he was consciously indifferent to this risk. Instead, plaintiffs plead general assertions claiming Livingston knew it was hot during the summer, people can die from exposure to heat, and some inmates had hypertension. (D.E. 1 at 4-10) This falls far short of reaching the threshold of stating a deliberate indifference claim.[1] The plaintiffs' pleadings fail to

---

[1] Actually, it leads to the inverse inference, since there are no allegations or evidence a majority of inmates diagnosed with hypertension suffer grave medical injuries from housing without air conditioning.

8

show how these facts necessarily lead to the inference McCullom faced a substantial risk of harm. Livingston is not a doctor. He is an accountant.[2] The plaintiffs have failed to state a deliberate indifference claim as their pleadings have not alleged Livingston was aware inmates with hypertension face a substantial risk of serious harm without air conditioning; therefore, this Court should dismiss the claims against Defendant Livingston.

## II. The plaintiffs fail to state a deliberate indifference claim where they have not alleged personal involvement by Livingston in the alleged constitutional violation.

A plaintiff bringing a §1983 claim must establish a causal connection between the alleged constitutional deprivation and the defendant whom they would hold responsible; personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In an action against individual government defendants, a plaintiff must plead more than conclusory allegations that fail to set forth specific facts showing the basis of their claim. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996); *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985).

Livingston had no personal involvement in the death of McCullom. The plaintiffs have failed to allege in their pleadings Defendant Livingston had any first-hand knowledge of the material facts in this suit or that he knew anything about Larry McCullom. (D.E. 1 at 4-10). They claim Livingston knew it is hot during the summer, people can die from exposure to heat, and some inmates have hypertension. (D.E. 1 at 4-10) Livingston never met McCullom. He did not know McCullom had hypertension. He did not diagnose McCullom with a medical condition. Livingston was not involved

---

[2] Livingston served as TDCJ Deputy Director of Financial Services Division from 1997-2001. He served as TDCJ Chief Financial Officer from 2001-04. Finally, he has served as the TDCJ Executive Director since 2004. http://www.tdcj.state.tx.us/announcements/announce_2005_livingston_executive_director.html

in the classification process and did not participate in the housing decisions affecting Mr. McCollum. The plaintiffs have failed to state a claim as Livingston had no personal involvement in McCullom's death; therefore, the Court should dismiss the claims against Livingston in his individual capacity.

### III. Livingston cannot be he liable in his supervisory capacity.

Supervisory officials may be held liable only if: (1) they affirmatively participated in the acts that cause the constitutional deprivation; or (2) they implement unconstitutional policies that causally result in a plaintiff's injury. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992).

Livingston cannot be he liable in his supervisory capacity. The plaintiffs have not alleged Livingston affirmatively participated in the death of McCullom; instead, they merely allege he was "commanding officer of all TDCJ correctional officers, guards, and TDCJ employees and contractors, and is responsible for their training and supervision, and conduct. (D.E. 1 at 3). Further, the plaintiffs have not challenged the constitutionality of TDCJ policies; rather, they allege Livingston was deliberately indifferent because there were no TDCJ policies to protect inmates with hypertension. Under certain circumstances a supervisory official can be held liable for the implementation of an unconstitutional policy. In this case plaintiffs have failed to allege any facts to meet this standard.

### IV. The plaintiffs have failed to overcome Livingston's entitlement to qualified immunity.

A qualified immunity defense "serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law."

10

*Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001). When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To overcome the affirmative defense of qualified immunity, a plaintiff must show that the government official violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity shields from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs, 475* U.S. 335, 341 (1986). If the law at the time of a constitutional violation does not give the officer "fair notice" that his conduct is unlawful, the officer is immune from suit. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir.2005) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

To discharge this burden, a plaintiff must satisfy a two-prong test. The first step in the qualified immunity analysis is to determine whether the plaintiff has alleged the violation of a clearly established federal constitutional (or federal statutory) right. *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998); *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997). Second, the plaintiff must show the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *See Eugene v. Alief Indep. School Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995).

### A. The plaintiffs fail to overcome Livingston's entitlement to qualified immunity where at most their allegations amount to mere negligence.

To prevail on a cause of action for negligence, a plaintiff must establish that (1) the defendant owed him a legal duty, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injuries. *Nabors Drilling, U.S.A., Inc. v. Escoto,* 288 S.W.3d 401, 404 (Tex.2009). To show deliberate indifference, a plaintiff must demonstrate that a defendant "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Additionally, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action... Nor does [m]ere negligence, neglect or medical malpractice." *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991).

The plaintiffs' claims are for negligence, not deliberate indifference. They allege as TDCJ Executive Director, Livingston had a legal duty to provide individuals diagnosed with hypertension with air-conditioned housing, he breached this duty by failing to establish policies that effect, and his failure to establish these policies was the cause of McCullom's death. (D.E. 1 at 4-10). Negligence is a state tort cause of action. *Escoto,* 288 S.W.3d at 404. It is not a constitutional § 1983 deliberate indifference claim. *Varnado,* 920 F.2d at 321. The plaintiffs have failed to overcome Livingston's entitlement to qualified immunity where their allegations amount to mere negligence; therefore, this Court should dismiss the claims against Livingston.

## **PRAYER**

Defendant Livingston prays that the Court grant **Defendant Livingston's FRCP 12(c) Motion for Judgment on the Pleadings**. Defendant Livingston further prays for all other relief to which he may be justly entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

 */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No. 07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND
JEFF PRINGLE**

## CERTIFICATE OF CONFERENCE

On January 28, 2013, pursuant to Local Rule 7.1, I conferred with Jeff Edwards and Scott Medlock, attorneys for the plaintiffs. They indicated their opposition to this motion.

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

On February 1, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General