IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants*. | § | |

**<u>DEFENDANT LIVINGSTON'S MOTION FOR A PROTECTIVE ORDER</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Brad Livingston, through the Attorney General of Texas, files this **Defendant Livingston's Motion for a Protective Order**. In support thereof, Defendant Livingston would respectfully show the following:

1. Defendant Livingston moves for issuance of a protective order to prevent his deposition until the Court rules on the issue of qualified immunity.

2. Defendant Livingston received a Subpoena *Duces Tecum* on January 15, 2013.

3. The subpoena noticed Defendant Livingston the plaintiffs intend to take his deposition on February 12, 2013.

4. The plaintiffs' Original Complaint fails to allege any facts demonstrating that Defendant Livingston has personal knowledge of the material facts. (D.E. 1 at 4-10).

5. The plaintiffs' deposition of Defendant Livingston is not likely to lead to discoverable evidence.

6. Defendant Livingston has filed a motion to dismiss based upon qualified immunity, as well as the merits of this case. (D.E. 19)

7. Government officials are entitled to qualified immunity if their conduct does

not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

8. The Supreme Court has repeatedly admonished courts to decide the issue of qualified immunity "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Anderson v. Creighton*, 483 U.S. 635, 645 (1987).

9. To ensure the utmost protection from broad-reaching discovery, qualified immunity should be treated as a threshold issue, which acts as a bar to a court's ability to hear the plaintiff's claims. *Sutton v. United States,* 819 F.2d 1289, 1299 (5th Cir. 1987).

10. This motion and attached brief comply with all the requirements of Northern District Local Rule 7.

11. Defendant Livingston moves for issuance of a protective order to prevent his deposition set for February 12, 2013, until the Court rules on the his motion to dismiss based upon qualified immunity, as well as the merits of this case.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

        **KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

 */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON AND JEFF PRINGLE**

## CERTIFICATE OF CONFERENCE

On January 28, 2013, pursuant to Local Rule 7.1, I conferred with Jeff Edwards and Scott Medlock, attorneys for the plaintiffs.  They indicated their opposition to this motion.

        */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

On February 1, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify  that I have served all counsel and/or pro se parties of record electronically or  by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

        */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants*. | § | |

**BRIEF IN SUPPORT OF DEFENDANT
LIVINGSTON'S MOTION FOR A PROTECTIVE ORDER**

**STATEMENT OF THE CASE**

Defendant Brad Livingston is the Executive Director of the Texas Department of Criminal Justice ("TDCJ"). (D.E. 1 at 2). The plaintiffs brought this suit against Defendant Livingston in his individual capacity pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendment. (D.E. 1 at 11). Specifically, they claim that Defendant Livingston was deliberately indifferent to the serious medical needs of Larry McCullom, an inmate who allegedly expired from heat exhaustion almost immediately upon his arrival at the Hutchins State Jail. (D.E. 1 at 4-10). The plaintiffs are suing Defendant Livingston for nominal, punitive, and compensatory damages. (D.E. 1 at 14). On January 15, 2013, the plaintiffs noticed their intention to take Defendant Livingston's deposition on February 12, 2013.

**ARGUMENT**

**I.    The Court should issue a protective order preventing Defendant Livingston's deposition until it rules on the issue of qualified immunity.**

Rule 26(c) of the Rules of Civil Procedure empowers a district court to issue an order to protect a party or witness from whom discovery is sought. FED. R. CIV. P.26(c).

4

"A party seeking a Rule 26(c) protective order prohibiting deposition testimony and document production must establish good cause and a specific need for protection." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). The party moving for a protective order carries the burden of establishing the need for the protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ferko*, 218 F.R.D. at 133 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). If the movant meets his burden, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c). In deciding whether to grant a motion for a protective order, the court has significant discretion. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Government officials are entitled to qualified immunity if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity defense was intended to balance the need to stem abuses of office with the expense of litigation, the diversion of official energy from pressing public issues, and deterrence from government service. *Harlow*, 457 U.S. at 813. In order to overcome a defendant's entitlement to qualified immunity, a plaintiff must satisfy a two-part test. *Kipps v. Callier*, 197 F.3d 765, 768 (5th Cir. 1999)( citing *Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999)). First, "[a] court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of a

constitutional right at all." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Morris*, 181 F.3d at 665. Second, the court must "determine whether that right was clearly established at the time of the alleged violation." *Wilson*, 526 U.S. at 609. Finally, the court "must determine whether the record shows that the violation occurred, or at least gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly-established right." *Morris*, 181 F.3d at 666 (quoting *Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir. 1999)). If it is determined that the official's conduct was unconstitutional, then the court must decide whether the conduct was nonetheless "objectively reasonable." *See Eugene v. Alief Indep. School Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995).

Qualified immunity is not merely a defense to liability but immunity from suit. *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42 (1995); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). For this reason, the Supreme Court has repeatedly admonished courts to decide the issue of qualified immunity "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Anderson v. Creighton*, 483 U.S. 635, 645(1987). Hence, to ensure the utmost protection from broad-reaching discovery, qualified immunity should be treated as a threshold issue, which acts as a bar to a court's ability to hear the plaintiff's claims. *Sutton v. United States,* 819 F.2d 1289, 1299 (5th Cir. 1987).

Deposing Defendant Livingston is not likely to lead to discoverable evidence that will assist in determining the issue of qualified immunity. "The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

6

Defendant Livingston has no personal knowledge of the material facts.[1]  The plaintiffs have failed to allege Defendant Livingston has any first-hand knowledge of the material facts in this suit.  (D.E. 1 at 4-10).  The only relevant information Defendant Livingston can provide relates to policy; however, there are lower-ranking employees who are more knowledgeable and qualified than the Executive Director to testify about the specific policy issues in this matter.  Defendant Livingston's deposition will not assist in determining the issue of qualified immunity where he has no personal knowledge of the material facts in the case; therefore, this Court should issue a protective order preventing Defendant Livingston's deposition until it rules on his motion to dismiss based on qualified immunity.

The Court should rule on the issue of qualified immunity before permitting the plaintiffs to depose Defendant Livingston.  Defendant Livingston asserted his entitlement to qualified immunity in his answer.  (D.E. 9 at 7).  Qualified immunity protects officials not merely from litigation, but also from the burdens of discovery.  *Mitchell*, 472 U.S. at 526.  It is a threshold question decided at the earliest possible state of litigation.  *Hunter*, 502 U.S. at 227.  Defendant Livingston has filed a motion to dismiss based on qualified immunity.  (D.E. 19).  The Court should issue a protective order preventing Defendant Livingston's deposition until it rules on his motion to dismiss based on qualified immunity.

---

[1] Defendant Livingston has responded to discovery requests from the plaintiffs, including interrogatories where he informed stated, "I did not know Larry McCollum" and "I am not personally aware of any specific offender's heat related injuries."

7

## **PRAYER**

Defendant Livingston prays that the Court grant **Defendant Livingston's Motion for a Protective Order**.  Defendant Livingston further prays for all other relief to which he may be justly entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


 */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139


**ATTORNEYS FOR DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON AND JEFF PRINGLE**

## CERTIFICATE OF CONFERENCE

On January 28, 2013, pursuant to Local Rule 7.1, I conferred with Jeff Edwards and Scott Medlock, attorneys for the plaintiffs. They indicated their opposition to this motion.

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

On February 1, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General