IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN McCULLOM, *et al.*, § <br>    *Plaintiffs*, § <br> § <br> v. § <br> §    CIVIL ACTION NO. 3:12-CV-02037 <br> BRAD LIVINGSTON, *et al.*, § <br>    *Defendants*. § | |

### DEFENDANT LIVINGSTON'S MOTION TO QUASH DEPOSITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Brad Livingston, through the Attorney General of Texas, files this **Defendant Livingston's Motion to Quash Deposition**. In support thereof, Defendant Livingston would respectfully show the following:

1. Defendant Livingston moves to quash the Subpoena *Duces Tecum* served on January 15, 2013.

2. The subpoena noticed Defendant Livingston the plaintiffs intend to take his deposition on February 12, 2013.

3. The plaintiffs' deposition of Defendant Livingston is not likely to lead to discoverable evidence.

4. The plaintiffs' Original Complaint fails to allege any facts demonstrating that Defendant Livingston has personal knowledge of the material facts. (D.E. 1 at 4-10).

5. There are persons other than the Executive Director of the Texas Department of Criminal Justice ("TDCJ"), Defendant Livingston, who are better suited and knowledgeable to testify about Correctional Institutional Division policies.

1

6. The plaintiffs seek to take Livingston's deposition merely to harass of the Executive Director of the TDCJ.

7. Defendant Livingston has no personal knowledge of the material facts, there are less invasive means of obtaining information about policy, and deposing him is unnecessary and unduly burdensome.

8. This motion and attached brief comply with all the requirements of Northern District Local Rule 7.

9. Defendant Livingston seeks to quash his deposition set for February 12, 2013.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No. 07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON AND JEFF PRINGLE**

## CERTIFICATE OF CONFERENCE

On January 28, 2013, pursuant to Local Rule 7.1, I conferred with Jeff Edwards and Scott Medlock, attorneys for the plaintiffs.  They indicated their opposition to this motion.

>   */S/Bruce R. Garcia*
>   **BRUCE R. GARCIA**
>   Assistant Attorney General

## CERTIFICATE OF SERVICE

On February 1, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

>   */S/Bruce R. Garcia*
>   **BRUCE R. GARCIA**
>   Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|    *Defendants*. | § | |

### BRIEF IN SUPPORT OF DEFENDANT LIVINGSTON'S MOTION TO QUASH DEPOSITION

### STATEMENT OF THE CASE

Defendant Brad Livingston is the Executive Director of the Texas Department of Criminal Justice ("TDCJ"). (D.E. 1 at 2). The plaintiffs brought this suit against Defendant Livingston in his individual capacity pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendment. (D.E. 1 at 11). Specifically, they claim that Defendant Livingston was deliberately indifferent to the serious medical needs of Larry McCullom, an inmate who allegedly expired from heat exhaustion almost immediately upon his arrival at the Hutchins State Jail. (D.E. 1 at 4-10). The plaintiffs are suing Defendant Livingston for nominal, punitive, and compensatory damages. (D.E. 1 at 14). On January 15, 2013, the plaintiffs noticed their intention to take Defendant Livingston's deposition on February 12, 2013.

### SUMMARY OF THE ARGUMENT

The plaintiffs have failed to meet their burden of showing the extraordinary circumstances required to depose Defendant Livingston where he has no personal knowledge of the material facts and there are less invasive sources of information. When the deposition of a high-ranking official has been permitted, it has almost always

been because the official had personal knowledge of facts material to the suit, and there was no other alternative source for that information. *In re Office of Inspector General*, 933 F.2d at 278. Since there have been alternatives offered, it appears the only purpose for deposing Defendant Livingston is to harass the Executive Director of TDCJ. They have failed to allege Defendant Livingston has any first-hand knowledge of the material facts in this suit. There are lower ranking employees who are more knowledgeable and qualified to testify about TDCJ policies. Defendant Livingston's deposition is unnecessary and unduly burdensome. The plaintiffs have failed to show extraordinary circumstances for deposing Defendant Livingston; therefore, the Court should quash his deposition set for February 12, 2013.

## ARGUMENT

I. **The plaintiffs have failed to meet their burden of showing the extraordinary circumstances required to depose the TDCJ Executive Director, Brad Livingston, where he has no personal knowledge of the material facts and there are less invasive sources of information.**

It is well-settled in the Fifth Circuit that "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re Office of Inspector General, R. Retirement Bd.*, 933 F.2d 276, 278 (5th Cir. Tex. 1991) (citing *EEOC v. K-Mart*, 694 F.2d 1055, 1067-68 (6th Cir. 1982)). "[T]he Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *Id.* (citing *United States v. Morgan*, 313 U.S. 409 (1941)); *See Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ("Heads of government agencies are not normally subject to deposition."). When the deposition of a high-ranking official has been permitted, it has almost always been because the official had personal knowledge of facts material to the suit, and there was no other alternative source for that

5

information.  *Hernandez v. Tex. Dep't of Aging & Disability Servs.*, 2011 U.S. Dist. LEXIS 145308, 5-6 (W.D. Tex. Dec. 16, 2011); *See, e.g., Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated. However, even in such cases, discovery is permitted only where it is shown that other persons cannot provide the necessary information.").

A court can require a party seeking the deposition of a high-ranking executive to show that the executive has relevant knowledge that cannot reasonably be obtained through less invasive sources, such as written discovery or depositions of lower ranking employees.  *Staton Holdings, Inc. v. Russell Athletic Inc.*, 2010 U.S. LEXIS 4071 (N.D.Texas 2010); *Paice v. Toyota Motor Corp.*, 2009 U.S.LEXIS 131021 (E.D.Texas 2009).  The primary purpose is to avoid burdening an official with the time drain and distraction of depositions, particularly in light of how often suits are filed challenging governmental action.  *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993).

Defendant Livingston has no personal knowledge of the material facts.[1]   The plaintiffs have failed to allege Defendant Livingston has any first-hand knowledge of the material facts in this suit.  (D.E. 1 at 4-10).  Their allegations against Defendant Livingston amount to little more than his knowledge of the following: (1) it is hot during the summer; (2) some inmates have hypertension; (3) most of the TDCJ housing facilities lack air conditioning; (4) anyone could die from exposure to extreme heat; and, (5) TDCJ policy prohibits inmates from being issued personal fans and cups when they first arrive.  (*Id.*).  This is common knowledge among TDCJ employees.  The plaintiffs

---

[1] Defendant Livingston has responded to discovery requests from the plaintiffs, including interrogatories where he informed stated, "I did not know Larry McCollum" and "I am not personally aware of any specific offender's heat related injuries."

have failed to identify any specific knowledge that is unique to Defendant Livingston. On December 10, 2012, the defendants received a 30(b)(6) notice setting depositions for February 5, 2013. The plaintiffs seek to depose a TDCJ representative to provide information on 20 separate subjects, including all the policy issues involved in this case. The defendants have supplied various witnesses qualified to speak on the subject matter. The plaintiffs have not shown Defendant Livingston has personal knowledge of the material facts; therefore, they have failed to meet their burden of showing extraordinary circumstances and this Court should quash the deposition set for February 12, 2013.

There are less invasive methods of obtaining information about TDCJ and Correctional Institutional Division ("CID") policy than deposing Defendant Livingston. The plaintiffs must show the executive has relevant knowledge that cannot reasonably be obtained through less invasive sources, such as written discovery or depositions of lower-ranking employees. *Staton Holdings,* 2010 U.S. LEXIS at 4071. The plaintiffs have failed to allege Defendant Livingston has any first-hand knowledge of the material facts in this suit. (D.E. 1 at 4-10). The only relevant information Defendant Livingston can provide relates to policy; however, there are less invasive means of obtaining this information. The defendants can provide lower-ranking employees who are more knowledgeable and qualified than the Executive Director to testify about TDCJ and CID policies. The plaintiffs have not exhausted less invasive means of obtaining information about policy; therefore, they have failed to meet their burden of showing extraordinary circumstances and this Court should quash the deposition set for February 12, 2013.

Deposing Defendant Livingston's is unnecessary and unduly burdensome. He has no personal knowledge of the material facts. There are less invasive sources that are

more qualified and knowledge about policy.  The plaintiffs seek to depose Defendant Livingston merely for the purposes of harassing the Executive Director of TDCJ.  Permitting the plaintiffs to depose Defendant Livingston will impede his work as the Executive Director of TDCJ and waste valuable state resources.  The plaintiffs have failed to meet their burden of showing extraordinary circumstances for deposing Defendant Livingston; therefore, this Court should quash the deposition set for February 12, 2013.

## PRAYER

Defendant Livingston prays that the Court grant **Defendant Livingston's Motion to Quash Deposition**.  Defendant Livingston further prays for all other relief to which he may be justly entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

 */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND
JEFF PRINGLE**

## CERTIFICATE OF CONFERENCE

On January 28, 2013, pursuant to Local Rule 7.1, I conferred with Jeff Edwards and Scott Medlock, attorneys for the plaintiffs. They indicated their opposition to this motion.

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

On February 1, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General