UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiffs respectfully submit this motion compel discovery responses from Defendant TDCJ. Plaintiffs sought a resolution with Defendant (Exhibit A), but were unsuccessful, making judicial intervention necessary.

Plaintiffs ask the Court to:

1. Overrule Defendant's objections;

2. Grant Plaintiffs' motion, pursuant to Fed. R. Civ. Proc. 37(a)(3)(B)(iii)-(iv); and

3. Award Plaintiffs' attorneys fees incurred while drafting this motion. Fed. R. Civ. Proc. 37(a)(5).

In accordance with Local Rule 7.1(d), a brief setting forth Plaintiffs' contentions of fact and law has been filed concurrently with this motion.

DATED: March 8, 2013.

Respectfully submitted,

The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701
    Tel.   512-623-7727
    Fax.  512-623-7729

By   /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Lead Counsel

Scott Medlock
State Bar No. 24044783
Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

    By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

2

## **CERTIFICATE OF CONFERENCE**

By my signature above, I certify that I conferred with counsel for Defendants, Bruce Garcia, by letter dated January 17, 2013, and subsequently over telephone, and in person to attempt to resolve this issue. Defendants are opposed to this motion. The parties were unable to agree to the relevance of these discovery requests.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs ask the Court to compel Defendant Texas Department of Criminal Justice to supplement its responses to two Interrogatories and one Request for Production, sent November 1, 2012.

FACTS

Defendants, officials of the Texas prison system, knowingly expose prisoners to indoor heat indexes exceeding 130 degrees. Larry McCollum, Plaintiffs' decedent, died of heat stroke in July 2011 at Defendants' prison, the Hutchins Unit, where his housing unit was not air conditioned. Plaintiffs' suit claims the dangerous conditions in Defendants' prisons violated Mr. McCollum's constitutional and statutory rights.

INTERROGATORIES

Plaintiff Stephen McCollum's Interrogatories 2 and 4 requested information about heat injuries system-wide in TDCJ. (See Exhibit B, p. 3-4). Defendant only responded with information for one prison:

> 2. *Identify all heat-related deaths (including, but not limited to, fatalities where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.*

4

>    RESPONSE   *Objection, overly broad and unduly burdensome, not limited in time or scope, Defendant further objects to the extent this seeks medical information privileged under HIPAA.*
>
>    *Subject to and without waiving between fiscal year 2008 to present, there have been three offender heat-related injuries in the Hutchins State Jail. The first was in June of 2009, the second in July of 2011 to Larry Gene McCollum, and the third was in June of 2012.*
>
> 4. Identify all heat-related injuries to employees of the Texas Department of Criminal Justice working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.
>
>    RESPONSE:   *Objection, overly broad, unduly burdensome and not reasonably limited in time or scope. Defendants also object to the extent Plaintiffs interrogatory seeks medical information protected by HIPPA. Subject to and without waiving:*
>
>    *From fiscal year 2008 to present there have been seven employee heat-related injuries at the Hutchins State Jail. Three occurred in 2009, two in 2010 and two in 2012, five filed workers' compensation claims.*

Plaintiffs' claims for personal liability against Brad Livingston are based in part on his personal, long-term knowledge of heat injury and death throughout the Texas prison system. These interrogatories go directly to the merits of those claims. *See Blackmon v. Garza*, 484 Fed.Appx. 866, 873 (5th Cir. 2012). Livingston denies personal knowledge of "any specific [prisoner's] heat related injuries." Exhibit C, Defendant Brad Livingston's Responses to Interrogatories, Interrogatory 2, p. 3. But TDCJ's response will help show he was on notice that extreme temperatures in the prisons were lethal, or, in the alternative, assist Plaintiffs in identifying the proper parties.

The interrogatories also follow the spirit of the Court's February 14, 2013 order, granting a protective order preventing Livingston's deposition "without prejudice to Plaintiffs seeking leave of Court to take Defendant Livingston's deposition if Plaintiffs are unable to obtain the information sought by using other avenues and modes of discovery." (Doc 28). This written discovery seems to be what the court intended as a substitute for Livingston's deposition.

Defendants' objections, "*overly broad, unduly burdensome and not reasonably limited in time or scope*," are too general. "The party resisting discovery must show specifically how each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (internal quotation omitted); *accord Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D.Tex.–Dallas, 2005) (J. Lynn). "A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D.Tex.–Dallas, 2006); *accord Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009).

TDCJ does not explain how these requests are burdensome, or provide any proof of the burden. In fact, TDCJ responded to the interrogatory as to the Hutchins Unit, demonstrating the burden of production is slight. (In documents TDCJ produced, for example, a code tracks "type of injury: heat exhaustion/heat cramps/heat stroke." From these documents, TDCJ appears to internally track these injuries, lessening the burden of finding the records. *See* Exhibit D, Texas Department of Criminal Justice Risk Management Incident Reporting System: Complete Incident Report.)

The objections to the relevance of the request are similarly inadequate. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Brady*, 238 F.R.D. at 437 (internal quotes and citations omitted).

The history of heat-deaths and injuries in TDCJ is important evidence Defendants were on notice of the danger that killed Mr. McCollum. *Blackmon*, 484 Fed.Appx. at 873.

Illustratively, other courts have compelled defendants to produce confidential settlement agreements for purposes of punitive damages (*Merrill*, 227 F.R.D. at 478) and documentation of previously-filed lawsuits as evidence of habit and routine. *McLeod*, 894 F.2d at 1484. Evidence of other injuries and deaths is analogous.

It has been widely reported Mr. McCollum's tragic death at the Hutchins Unit was not the only heat-related fatality in TDCJ prisons. *See*, *e.g.*, Manny Fernandez, "Two Lawsuits Challenge the Lack of Air Conditioning in Texas Prisons," *New York Times*, June 26, 2012 ("[F]our inmates … died last summer from heat stroke or hyperthermia"); Manny Fernandez, "In Texas, Arguing that Heat Can Be a Death Sentence for Prisoners," *New York Times*, July 28, 2012 ("Ten inmates of the state prison system died of heat-related causes last summer in a 26-day period in July and August"). This is not a fishing expedition – these conditions are persistent and well known. This written discovery will show Livingston's knowledge of this system-wide, life-threatening problem. Mr. McCollum's death was not an isolated incident, but part of a wider deadly pattern.

REQUEST FOR PRODUCTION

Plaintiffs' Request for Production goes to Defendant's anticipated defenses against injunctive relief, related to the feasibility of reducing prison heat. (*See* Exhibit B, p. 5). Plaintiff requested:

> *9. Please produce all documents, including any diagrams or pictures, related to the structure and function of any ventilation system (including, but not limited to, the air handlers, and fans) at the Hutchins Unit.*
>
> *RESPONSE:  Objection, overly broad and unduly burdensome and not limited in scope and calls for the creation of a document.*

Defendant objected to creating a document. But later it gave this conflicting answer – that it possessed those documents – in response to a Request for Admission Plaintiffs sent January 23, 2013 (See Exhibit E):

> 56. Admit you have no documents, including any diagrams or pictures, related to the structure and function of any ventilation system (including, but not limited to, the air handlers, and fans) at the Hutchins Unit.
>
> RESPONSE: Deny

Likewise, TDCJ fails to explain why this request is "overly broad" or "unduly burdensome." If the documents exist, the burden of producing them seems very minor. And the request is narrow and targeted – Plaintiffs request diagrams of the ventilation system for the Hutchins Unit, the facility where Mr. McCollum died. These documents are necessary for Plaintiffs' experts to evaluate whether providing air conditioning in the housing areas is a reasonable accommodation for Mr. McCollum's disabilities.

Plaintiffs ask the Court to order TDCJ to produce the responsive documents.[1]

## CONCLUSION

Plaintiffs respectfully ask the Court to order TDCJ to supplement the responses discussed above.

## ATTORNEYS FEES

If the Court grants this motion, Plaintiffs request the Court also order the Defendant to pay the attorneys' fees that were incurred to draft it. Fed. R. Civ. Proc. 37(a)(5). Those fees are as follows:

| | | |
|---|---|---|
| Brian McGiverin | 4.4 hours x $250/hour = | $880.00 |
| Scott Medlock | 1.1 hours x $350/hour = | $385.00 |
| Jeff Edwards | .5 hours x $450/hour = | $275.00 |
| | TOTAL: | $1540.00 |

DATED: March 8, 2013.

---

[1] Plaintiffs recognize some documents showing the design of a prison may be sensitive. If TDCJ objects on this basis, Plaintiffs are willing to enter a protective order that would ensure only Plaintiffs' counsel and experts can review the documents.

Respectfully submitted,

The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701
    Tel.   512-623-7727
    Fax.  512-623-7729

By    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Lead Counsel

Scott Medlock
State Bar No. 24044783
Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

    By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.