# Exhibit A

# TEXAS CIVIL RIGHTS PROJECT

Michael Tigar Human Rights Center
1405 Montopolis Drive    Austin, Texas 78741-3438
(512) 474-5073    (512) 474-0726 (fax)

January 18, 2013

Bruce Garcia
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548,
Austin, TX 78711-2548
*Via email* to Bruce.Garcia@texasattorneygeneral.gov

Re: *McCollum et al v. Livingston et al*, 3:12-cv-02037-; Northern District, Dallas Division.

Dear Mr. Garcia,

I hope you are well. I am writing in reference to Defendants' discovery responses in the above-referenced case. I believe the objections in the responses listed below are overbroad and may warrant a motion to compel. Nonetheless, I hope we can work through these objections and not burden the court.

- TDCJ Interrogatory responses 2[1] and 4[2]

    The response objected the requests were "overly broad, unduly burdensome and not reasonably limited in time or scope," and limited its responses 2008-2012.

This objection is too general, and opens the door to a motion to compel. "The party resisting discovery must show specifically how each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (internal quotation omitted); *accord Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D.Tex.–Dallas, 2005) (J. Lynn). "A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D.Tex.–Dallas, 2006); *accord Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. March 19, 2009).

Further, to the extent the objection goes to the relevancy of the request, it is inadequate. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Brady*, 238 F.R.D. at 437 (internal quotes and citations omitted).

---

[1] Identify all heat-related deaths (including, but not limited to, fatalities where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

[2] Identify all heat-related injuries to employees of the Texas Department of Criminal Justice working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims

The history of heat-deaths and injuries in TDCJ is important evidence Defendants were on notice of the danger posed. *See Blackmon v. Garza*, 484 Fed.Appx. 866, 873 (5th Cir. 2012) (evidence that inmates had complained of symptoms of heat-related illness goes to notice) (citing *Gates v. Cook,* 376 F.3d 323, 340 (5th Cir.2004)). Illustratively, courts have compelled defendants to produce confidential settlement agreements for purposes of punitive damages (*Merrill*, 227 F.R.D. at 478) and documentation of previously-filed lawsuits as evidence of habit and routine. *McLeod*, 894 F.2d at 1484.

- TDCJ Production response 9[3]

    The response objected the request was "overly broad and unduly burdensome and not limited in scope and calls for the creation of a document."

The cases above are equally applicable to your objections here, unless TDCJ certifies it has no documents whatsoever show the structure and function of the ventilation system at the Hutchins Unit. You have not met your burden to show the request is overbroad or burdensome.

Obviously, the ventilation system at the Hutchins Unit will be an important issue in this case. The documents are clearly relevant.

I will call you soon to discuss it further.

Sincerely,

Scott Medlock
Attorney for Plaintiff

---

[3] Please produce all documents, including any diagrams or pictures, related to the structure and function of any ventilation system (including, but not limited to, the air handlers, and fans) at the Hutchins Unit.