# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Stephanie McCollum, *et al.*, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02037 |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | **JURY DEMAND** |

**DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION AND INTERROGATORIES**

**TO:** Jeff Edwards, The Edward Law Firm, The Bremond Houston House, 706 Guadalupe, Austin, Texas 78701; Scott Medlock, Brian McGiverin, James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Eliot Shavin, 2600 State Street, Dallas, Texas 75204

COMES NOW the Defendant, Texas Department of Criminal Justice, by and through counsel, the Texas Attorney General's Office, and offers the following **Defendant Texas Department of Criminal Justice's Responses to Plaintiffs' Requests for Production and Interrogatories**.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

1

_____
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No. 07631060
So. Dist. Bar No. 18934

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND JEFF
PRINGLE**

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Texas Department of Criminal Justice's Responses to Plaintiff's First Set of Requests for Production and Interrogatories** has been served by courier service on this the 21st day of December 2012 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

_____
**BRUCE R. GARCIA**
Assistant Attorney General

-2-

2

## FIRST SET OF INTERROGATORIES

1. Identify all steps you took to protect Larry McCollum from heat index temperatures in the Hutchins Unit in excess of 90 degrees.

RESPONSE: Each year in April the Agency has mandatory heat precaution training for all staff and offenders. Each shift supervisor was instructed to discuss heat awareness and warning signs at shift turn outs during the summer months. Heat awareness, warning signs, and hydration memos were placed throughout the facility for staff and offenders. Shower temperatures were lowered and showers times were extended. Water coolers with ice were place in the dorms during summer months. Staff was instructed that offenders identified or requested relief from the heat were allowed to sit in cooler areas.

See also attached heat safety training and circulars produced with Request for Production 3-5.

2. Identify all heat-related injuries (including, but not limited to, fatalities, where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

RESPONSE Objection, overly broad and unduly burdensome, not limited in time or scope, Defendant further objects to the extent this seeks medical information privileged under HIPAA.
Subject to and without waiving between fiscal year 2008 to present, there have been three offender heat-related injuries in the Hutchins State Jail. The first was in June of 2009, the second in July of 2011 to Larry Gene McCollum, and the third was in June of 2012.

3. Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

RESPONSE: See response to TDCJ Interrogatory No. 2

3. Identify all heat-related injuries to inmates in the Hutchins Unit between January 1, 2002 to the present.

RESPONSE: See response to TDCj Interrogatory No. 2.

-3-

3

4. Identify all heat-related injuries to employees of the Texas Department of Criminal Justice working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

**RESPONSE**: Objection, overly broad, unduly burdensome and not reasonably limited in time or scope. Defendants also object to the extent Plaintiff's interrogatory seeks medical information protected by HIPPA. Subject to and without waiving:

From fiscal year 2008 to present there have been seven employee heat-related injuries at the Hutchins State Jail. Three occurred in 2009, two in 2010 and two in 2012, five filed workers' compensation claims.

5. Identify all heat-related injuries to employees of the Texas Department of Criminal Justice in the Hutchins Unit between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

**RESPONSE**: See TDCJ response to Interrogatory No. 4.

6. Describe in detail why all inmate housing areas at the Hutchins Unit are not air conditioned, identifying all people responsible for decisions not to air condition any part of the Hutchins Unit.

**RESPONSE**: Objection, overly broad, unduly burdensome and not calculated to lead to the discovery of relevant or admissible evidence. The Hutchins unit was constructed in the mid 1990's All decisions made regarding these issues were made in the 1990's, by former administrators.

7. Identify all persons who authorized Larry McCollum's placement in each housing area he spent time in during his 2011 incarceration at the Hutchins Unit and describe in detail the basis for each placement. A response to this interrogatory should identify each location Larry McCollum was housed, including building, bunk number, and whether he was assigned to an upper or lower bunk.

**RESPONSE**: Please see memo from P. Escobedo regarding housing and bunk assignments.

-4-

4

8. Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge. A response to this interrogatory should include, but is not limited to, all prisoners housed in the dorm with Larry McCollum on July 22, 2011 and July 23, 2011.

**RESPONSE**: Please see Defendant's initial disclosure. In addition, Defendants have ordered and will supplement with the Office of Inspector General Investigation. See attached dorm roster for July 21, 2011, Hutchins State Jail shift rosters for June and July 2011, and the reports produced in response to Request for Production 22.

9. If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**RESPONSE**: Unknown at this time, should another responsible party become apparent, Defendants will supplement.

10. Please describe in detail all steps that you have taken to bring the Hutchins Unit into compliance with the Americans with Disabilities Act and the Rehabilitation Act. Please include information about what modifications (if any) have been made at the prison, whether a transition plan and self-evaluation have been completed (as those terms are used in the ADA), and what services and programs at the jail exist to accommodate inmates' disabilities.

**RESPONSE**: Objection, overly broad, unduly burdensome, not limited in time or scope and not reasonably calculated to lead to the discovery or admissible evidence. In addition this interrogatory is vague and overbroad as to the term "inmate disabilities". Subject to and without waiving, please see TDCJ's response to Request for Production No.25.

11. Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

**RESPONSE**: Warden Jeff Pringle, Interrogatory 1, 7, 8, 12, 14,

**RESPONSE**: Objection calls for the creation of a document. Subject to and without waiving, no such list exists.

13. Please provide a detailed and complete list of all areas in the Hutchins Unit that are NOT air conditioned.

**RESPONSE**: Objection, calls for the creation of a document. Subject to and without waiving, no such list exists.

14. Please provide a detailed and complete list of all TDCJ facilities where some or all inmate housing areas are air conditioned. indicating which portions of each facility are air conditioned.

**RESPONSE**: Objection, calls for creation of a document. Subject to and without waiving, no such document as described or requested exists.

15. Please provide all medical and infirmary records related to Larry McCollum, while he was incarcerated by TDCJ.

**RESPONSE**: Defendants have ordered all medical information from the contract medical care providers and will supplement.

16. Please provide all grievances filed by prisoners at the Hutchins Unit related to heat, high temperature, or heat index from January 1. 2007 to the present.

**RESPONSE**: Objection overbroad and unduly burdensome, and repetitive. Subject to and without waiving, See TDCJ's response to request for production No. 2.

17. Please provide all grievances filed by prisoners in all TDCJ facilities related to heat. high temperature, or heat index from January 1, 2007 to the present.

**RESPONSE**: Objection, overly board and unduly burdensome, repetitive, not reasonably limited in time or scope, and not calculated to lead to the discovery of admissible