IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|    *Defendants*. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES WITH BRIEF IN SUPPORT

Defendant the Texas Department of Criminal Justice ("TDCJ") asks the Court to deny the plaintiffs' request to compel discovery responses. In support thereof, the defendant Livingston would respectfully show the following:

1. The plaintiffs' interrogatory requests are not relevant where they are an attempt to obtain information proving a fact that has already been stipulated to by the defendants.

2. The plaintiffs' interrogatory requests are overly broad and unduly burdensome where they would require a search through hundreds of thousands of records to assist the plaintiffs in proving a fact that has already been stipulated to by the defendants.

3. The plaintiffs' interrogatory requests are not limited in time or scope where they are demanding 23 years of records from every TDCJ prison facility to assist the plaintiffs in proving a fact that has already been stipulated to by the defendants.

4. The plaintiffs' motion to compel should be denied where the plaintiffs have failed to comply with all the HIPAA requirements necessary for the defendants to disclose privileged health information.

5. The plaintiffs' motion to compel should be denied where the defendants intend to supplement their response to the requests for production once the parties enter into a protective order.

6. For all the foregoing reasons, the defendants ask the Court to deny the plaintiffs' motion to compel.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

 */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND
JEFF PRINGLE**

## NOTICE OF ELECTRONIC FILING

I, **BRUCE GARCIA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants' Response To Plaintiff's Motion to Compel Discovery Responses with Brief in Support** in accordance with the Electronic Case Files system of the Northern District of Texas, on this the 5TH  day of April, 2013.

/s/Bruce Garica
**BRUCE GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

On BRUCE GARCIA, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Livingston's Response to Plaintiff's Motion to Compel Discovery Responses with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on April 5, 2013 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

*S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants*. | § | |

**BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

Defendant the Texas Department of Criminal Justice ("TDCJ") asks the Court to deny the plaintiffs' request to compel discovery responses.

**STATEMENT OF THE CASE**

The TDCJ is the agency operating the prison system for the State of Texas. (D.E. 39-2 at 4). The plaintiffs brought this suit against TDCJ under the Americans with Disabilities Act and the Rehabilitation Act. (D.E. 39-2 at 22). The plaintiffs allege McCullom had a disability because of his suffered from hypertension, diabetes, and obesity. (D.E. 39-2 at 22). The plaintiffs further allege TDCJ failed to reasonably accommodate McCollum's disability by providing him with air conditioning. (D.E. 39-2 at 23). The plaintiffs seek declaratory relief, injunctive relief, compensatory damages, and nominal damages. (D.E. 39-2 at 4).

**LEGAL STANDARD**

As the Fifth Circuit has repeatedly instructed, "district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev.*

4

*B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).  The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable.  *See* FED. R. CIV. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).  Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.  *Knight*, 241 F.R.D. at 263.  Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.  *See Spiegelberg Mfg., Inc. v. Hancock*, 2007 U.S. Dist. LEXIS 88987, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007); *Gauthier v. Union Pacific R.R. Co.*, 2008 U.S. Dist. LEXIS 47199, 2008 WL 247016, at *3 (E.D. Tex. June 18, 2008); *see also* Fed. R. Civ. P. 26(b)(2) (Courts must limit discovery if 1) the discovery sought is shown to be unreasonably cumulative or duplicative, or is more easily obtainable from another, more convenient source; 2) the party seeking discovery has had ample opportunity to obtain the information sought; or 3) the burden or expense of the discovery outweighs its likely benefit.).

## ARGUMENT

**I.  The Court should deny the plaintiffs' motion to compel where the information sought is not relevant, overly broad, unduly burdensome, unrelated to the limited scope of discovery, and not properly limited in time.**

### a. The Court should not compel a response to the plaintiffs' interrogatories where they are not relevant.

Federal Rule of Civil Procedure 26(b)(1) allows the discovery regarding any matter, not privileged, as long as that discovery is relevant to the subject matter involved in the pending action. S*ee Conboy v. Edward D. Jones & Co.*, No. Civ. A. 303CV2352P, 2004 WL 1792372 *4 (N.D. Tex. August 10, 2004) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..."); Evidence is relevant when it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Therefore, as a threshold consideration, the plaintiffs must show that the requested materials: (1) have some tendency to make the existence of any fact that is of consequence to the determination more or less probable and (2) are not privileged.

The information sought by the plaintiffs' interrogatories is not relevant and the reasons given for obtaining the information is insincere. The alleged reason for responding to the interrogatory requests is to prove Livingston had knowledge of heat related injuries in the TDCJ prison system. (D.E. 32 at 5). This is a not a fact in dispute. Livingston stated in his interrogatory response the plaintiffs are seeking to discredit that he was unaware of the specifics of any one inmate's heat related injuries. (D.E. 32 at 5). Obtaining a list of every employee and inmate who suffered heat related injuries or death will do nothing to discredit this assertion. Livingston did not state he was unaware there had been heat related injuries in the TDCJ prison system. A more credible reason for the plaintiffs' counsel seeking information about all heat related injuries and death in the TDCJ prison system over the past 23 years is to build a

6

potential client list to bring additional wrongful death suits. In any event, the information sought by the plaintiffs is wholly irrelevant to whether Livingston was aware of the specifics of any single inmate's heat related injuries.

### b. The plaintiffs' discovery requests are overly broad, unduly burdensome, and not limited in time and scope.

A party properly objects to interrogatories and requests for production that are unduly burdensome, vague, seek information equally available to the requesting party, unrelated to the limited scope of discovery, are not properly limited in time, or are otherwise overbroad. FED. R. CIV. P. 26(b)(2)(c).

The plaintiffs' request for information on all heat related injuries of prison employees is overly broad and unduly burdensome. Each month hundreds of TDCJ employees report workplace injuries.[1] In the past year alone there were 4,642 reported employee injuries. *Id.* There are approximately 133,000 inmates housed in a TDCJ prison facility.[2] TDCJ is responsible for more than a hundred different facilities.[3] The plaintiffs are requesting 23 years of statistics on reported heat related injuries by employees. This task would likely require TDCJ to review more than a hundred thousand reports of employee injury reports. The task of potentially culling through over a million inmates who've spent time in TDCJ over the past 23 years to determine which ones died from heat related causes is similarly daunting. The plaintiffs are asking TDCJ to perform this enormous task to accomplish something Livingston is willing to stipulate, that he was aware there are heat related injuries and deaths in the TDCJ prison system, although he is not aware of the specifics of any of these cases. The Court should deny the plaintiffs' motion to compel where the request is overly broad and

---

[1] http://www.tdcj.state.tx.us/divisions/arrm/arrm_rev_stan_rm_statistics.html
[2] http://www.texastribune.org/library/data/texas-prisons/
[3] http://www.texastribune.org/library/data/texas-prisons/units/

7

unduly burdensome.

The plaintiffs' interrogatory requests are not limited in time and scope. Livingston assumed his position as TDCJ Executive Director on November 1, 2004. Information about the 14 years prior Livingston assuming his position does nothing to show he was aware of the specifics of any single inmate's heat related injury or death. TDCJ reasonably responded to the plaintiffs' request by disclosing the heat related inmate deaths and employee injuries since 2008 at the Hutchins State Jail. The Court should deny the plaintiffs motion to compel where the interrogatory requests are not reasonably limited in time and scope.

### c. The plaintiffs' have failed to perform the requirements necessary under HIPAA to obtain privileged health information.

HIPAA permits disclosures of private health information ("PHI") for "judicial.., proceedings... in response to a ...discovery request... if: ...the covered entity receives satisfactory assurance... from the party seeking the information that reasonable efforts have been made by such party to secure a *qualified protective order* that meets the requirements of paragraph (e)(1)(v) of this Section." 45 CFR § 164.512(e). A" *qualified protective order* means... an order of a court... that... Prohibits the parties from using or disclosing the protected health information for any purpose other than that litigation... and... requires the return to the covered entity... of the protected health information (including all copies made) at the end of the litigation...." *Id*. The Court should deny the plaintiffs motion to compel where they are not entitled to discover PHI when they have not complied with all the necessary HIPAA requirements.

### d. The Court should deny the plaintiffs' request for production where the defendants intend to supplement their responses with the requested documents.

8

The defendants intend to supplement their responses with the information requested. Kim Farguson stated during his deposition on February 26, 2013, that he reviewed documents showing the layout of the duct work at the Hutchins State Jail in preparation for his deposition. At that point, the defendants waived their objections to producing this information and, therefore, intend to supplement their responses as soon as they are able to enter into a protective order limiting review of the documents to plaintiffs' counsel and experts. The defendants indicated to plaintiffs' counsel during Farguson's deposition their willingness to produce the requested documents upon entering into an agreed protective order. The plaintiffs' counsel did not contact the defendants to discuss entering into a protective order prior to filing their motion to compel.

## PRAYER

The defendants pray that the Court deny the plaintiffs' motion to compel. The defendants further pray for all other relief to which they may be justly entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

      /S/Bruce R. Garcia
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No. 07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**
**TEXAS DEPARTMENT OF CRIMINAL**
**JUSTICE, BRAD LIVINGSTON AND**
**JEFF PRINGLE**

## NOTICE OF ELECTRONIC FILING

I, **BRUCE GARCIA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant's Response To Plaintiff's Motion to Compel Discovery Responses with Brief in Support** in accordance with the Electronic Case Files system of the Northern District of Texas, on this the 5TH day of April, 2013.

      /s/Bruce Garica
**BRUCE GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

On BRUCE GARCIA, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Livingston's Response to Plaintiff's Motion to Compel Discovery Responses with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on April 5, 2013 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

*S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General