IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN McCULLOM**, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| **BRAD LIVINGSTON**, *et al.*, | § | |
| *Defendants*. | § | |

**DEFENDANT UTMB'S ANSWER AND JURY DEMAND TO PLAINTIFFS'
FIRST AMENDED ORIGINAL COMPLAINT**

NOW COMES Defendant the University of Texas Medical Branch, by and through its Attorney, the Attorney General for the State of Texas, and submit this **Defendant's Original Answer and Jury Demand**. In support thereof, the Defendant respectfully offers the following:

**I.**

**ANSWER**

In response to each numbered paragraph, defendant says the following:

1. Unable to admit or deny.

2. Unable to admit or deny.

3. Unable to admit or deny.

4. Unable to admit or deny.

5. Deny.

6. Admit.

7. Admit.

8. Unable to admit or deny.

9. Unable to admit or deny.

10. Unable to admit or deny.

11. Unable to admit or deny.

12. Unable to admit or deny.

13. Unable to admit or deny.

14. Unable to admit or deny.

15. Unable to admit or deny.

16. Unable to admit or deny.

17. Unable to admit or deny.

18. Deny.

19. Unable to admit or deny.

20. Unable to admit or deny.

21. Unable to admit or deny.

22. Unable to admit or deny.

23. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

24. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

25. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

26. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

27. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

28. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

29. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

30. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

31. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

32. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

33. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

34. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

35. Unable to admit or deny.

36. Unable to admit or deny.

37. Unable to admit or deny.

38. Unable to admit or deny.

39. Unable to admit or deny.

40. Unable to admit or deny.

41. Unable to admit or deny.

42. Unable to admit or deny.

43. Unable to admit or deny.

44. Unable to admit or deny.

45. Unable to admit or deny.

46. Unable to admit or deny.

47. Unable to admit or deny.

48. Unable to admit or deny.

49. Unable to admit or deny.

50. Unable to admit or deny.

51. Unable to admit or deny.

52. Unable to admit or deny.

53. At this time, defendant lacks sufficient information to determine whether this statement relates to Mr. McCollum and this lawsuit, therefore, defendant is unable to admit or deny.

54. Deny.

55. Unable to admit or deny.

56. Unable to admit or deny.

57. Unable to admit or deny.

58. Unable to admit or deny.

59. Unable to admit or deny.

60. Unable to admit or deny.

61. Unable to admit or deny.

62. Unable to admit or deny.

63. Unable to admit or deny.

64. Unable to admit or deny.

65. Unable to admit or deny.

66. Unable to admit or deny.

67. Deny.

68. Unable to admit or deny.

69. Unable to admit or deny.

70. Unable to admit or deny.

71. Unable to admit or deny.

72. Deny.

73. Unable to admit or deny.

74. Unable to admit or deny.

75. Unable to admit or deny.

76. Unable to admit or deny.

77. Unable to admit or deny.

78. Unable to admit or deny.

79. Unable to admit or deny.

80. Unable to admit or deny.

81. Unable to admit or deny.

82. Unable to admit or deny.

83. Unable to admit or deny.

84. Unable to admit or deny.

85. Unable to admit or deny.

86. Unable to admit or deny.

87. Deny.

88. Deny.

89. Deny.

90. Unable to admit or deny.

91. Unable to admit or deny.

92. Admit that Babbili never saw the patient, and made no housing recommendations.

93. Unable to admit or deny.

94. Unable to admit or deny.

95. Unable to admit or deny.

96. Unable to admit or deny.

97. Unable to admit or deny.

98. Unable to admit or deny.

99. Unable to admit or deny.

100.	Unable to admit or deny.

101.	Unable to admit or deny.

102.	Unable to admit or deny.

103.	Unable to admit or deny.

104.	(a) Unable to admit or deny. (b) Unable to admit or deny.

105.	Deny.

106.	Deny.

107.	Deny.

108.	Unable to admit or deny.

109.	Unable to admit or deny.

110. Deny.

111. Not applicable to UTMB.

112. Not applicable to UTMB.

113. Not applicable to UTMB.

114. Not applicable to UTMB.

115. Admit.

116. Deny.

117. Unable to admit or deny.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. Not applicable to UTMB.

123. Not applicable to UTMB.

124. Not applicable to UTMB.

125. Not applicable to UTMB.

126. Deny.

127. Deny.

128. Unable to admit or deny.

129. Unable to admit or deny.

130. Deny.

## II.
## AFFIRMATIVE DEFENSES

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every

allegation contained in the Plaintiffs' Complaint except those expressly admitted herein.

2. The Plaintiffs have not stated a claim upon which relief can be granted under 42 U.S.C. §12131 or 29 U.S.C. §794 or under any other statute, constitutional theory, or legal authority.

3. The Defendant admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. §12131 or 29 U.S.C. §794 but denies that such circumstances are present in this case.

4. Defendant denies that Mr. McCollum was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

5. Defendant denies that the Plaintiffs are entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that the Plaintiffs are entitled to damages, attorney's fees, or costs in any amount whatsoever.

6. Defendant asserts sovereign immunity to any claims brought against it under the Constitution and laws of the State of Texas, except where that immunity has been waived.

7. Defendant denies that Plaintiffs allege the conditions precedent for a claim against Defendant under the Texas Tort Claims Act.

8. Defendant denies that it is a proper party to a claim brought under the Texas Survival Statute and asserts sovereign immunity from such claim.

9. Defendant states that Eleventh Amendment immunity and sovereign immunity bar all claims against it.

10. Defendant asserts that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

11. Defendant denies that the Plaintiffs were deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

12. Defendant denies that the Plaintiffs are entitled to injunctive, declaratory, or any other relief demanded in this complaint, and further deny that the Plaintiffs are entitled to damages, attorney's fees, or costs in any amount whatsoever.

## DEFENDANT'S JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendant respectfully demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant urges this Court to deny the Plaintiffs any and all relief demanded in their complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General
State Bar No. 00783867

9

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH**

## NOTICE OF ELECTRONIC FILING

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant UTMB's Answer and Jury Demand to Plaintiff's First Amended Original Complaint** to the Court, on May 7, 2013 in the Northern District of Texas, Dallas Division.

/s/ KIM COOGAN
**KIM COOGAN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant UTMB's Answer and Jury Demand to Plaintiff's First Amended Original Complaint** has been served by placing same in the United States Mail on this the 7th day of May, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
706 Guadalupe
Austin, Texas  78701

/s/KIM COOGAN
**KIM COOGAN**
Assistant Attorney General