IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants*. | § | |

**DEFENDANT TDCJ'S RESPONSE TO PLAINTIFFS' EMERGENCY SECOND MOTION TO COMPEL DISCOVERY RESPONSES WITH BRIEF IN SUPPORT**

Defendant the Texas Department of Criminal Justice (TDCJ) asks the Court to deny the plaintiffs' request to compel discovery responses. In support thereof, the defendant would respectfully show the following:

1. McCollum became ill at the Hutchins State Jail on July 22, 2011 and passed away approximately six days later. (D.E. 43 at 10).

2. Two offenders in TDCJ perished from heat-related causes between August 8, 2007, and Mr. McCollum's incident on July 22, 2011. (D.E. 50 at 5).

3. The defendant produced information about the previous deaths to the plaintiffs' counsel. (D.E. 50-3 at 5).

4. The plaintiffs' seek additional information about offenders in TDCJ who perished from hear-related causes *after* July 22, 2011, at *different* TDCJ Units. The earliest of these deaths took place on August 13, 2011. (D.E. 50 at 5).

5. Confusingly, the plaintiffs claim they seek this information to show the heat-related deaths occurring *after* July 22, 2011, put the defendants on notice of the existence of this danger *prior* to July 21, 2011. (D.E. 50 at 8-9).

6. The defendant objected to this request on the grounds the request was "over broad, irrelevant, not calculated to lead to the discovery of admissible evidence

1

and not reasonably limited in scope or time" because it sought information about deaths occurring after July 28, 2011. (D.E. 50-3 at 5).

7. The plaintiffs filed a motion to compel this information on May 15, 2012. (D.E. 50).

8. The information sought about heat-related deaths occurring *after* McCollum's death at *different* TDCJ Units is not relevant to proving the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that it drew that inference *bef0re* McCollum's death.

9. Similarly, the information sought about heat-related deaths occurring *after* McCollum's death and at *different* TDCJ Units is overly broad and not limited in scope or time to the claim the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that it drew that inference *bef0re* McCollum's death.

10. The defendant asks the Court to deny the motion to compel where the information sought is not relevant, is overly broad, and not limited in scope or time.

        Respectfully submitted,

        **GREG ABBOTT**
        Attorney General of Texas

        **DANIEL T. HODGE**
        First Assistant Attorney General

        **DAVID C. MATTAX**
        Deputy Attorney General for Defense Litigation

        **KAREN D. MATLOCK**
        Assistant Attorney General
        Chief, Law Enforcement Defense Division

       /S/Bruce R. Garcia
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND
JEFF PRINGLE**

## CERTIFICATE OF SERVICE

On May 28, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify  that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

       /S/Bruce R. Garcia
**BRUCE R. GARCIA**
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants.* | § | |

**BRIEF IN SUPPORT OF DEFENDANT TDCJ'S RESPONSE TO PLAINTIFFS' EMERGENCY SECOND MOTION TO COMPEL DISCOVERY RESPONSES**

Defendant the Texas Department of Criminal Justice ("TDCJ") asks the Court to deny the plaintiffs' request to compel discovery responses.

## STATEMENT OF THE CASE

The TDCJ is the agency operating the prison system for the State of Texas. (D.E. 43 at 2). The plaintiffs brought this suit against TDCJ under the Americans with Disabilities Act and the Rehabilitation Act. (D.E. 43 at 2). The plaintiffs allege McCollum had a disability because he suffered from hypertension, diabetes, and obesity. (D.E. 43 at 5-8). The plaintiffs further allege TDCJ failed to reasonably accommodate McCollum's disability by providing him with air conditioning. (D.E. 43 at 2). The plaintiffs seek declaratory relief, injunctive relief, compensatory damages, and nominal damages. (D.E. 43 at 1).

## LEGAL STANDARD

As the Fifth Circuit has repeatedly instructed, the district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The party

4

seeking discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* FED. R. CIV. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Knight*, 241 F.R.D. at 263. Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See Spiegelberg Mfg., Inc. v. Hancock*, 2007 U.S. Dist. LEXIS 88987, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007).

## ARGUMENTS

**I. The information sought about heat-related deaths occurring *after* McCollum's death at *different* TDCJ Units is not relevant to proving the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that it drew that inference *bef0re* McCollum's death.**

Federal Rule of Civil Procedure 26(b)(1) allows the discovery regarding any matter, not privileged, as long as that discovery is relevant to the subject matter involved in the pending action. S*ee Conboy v. Edward D. Jones & Co.*, No. Civ. A. 303CV2352P, 2004 WL 1792372 *4 (N.D. Tex. August 10, 2004). Evidence is relevant when it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

5

evidence." FED. R. EVID. 401.

The plaintiffs' have not and cannot show the information sought is relevant. In order to act with deliberate indifference, a prison official must "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" and then consciously disregard the risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The plaintiffs' allege the information sought is relevant because "the history of heat-deaths and injuries in TDCJ is important evidence Defendants were on notice of the danger that killed Mr. McCollum." (D.E. 50 at 8). The defendant complied with this request and produced the requested information for the two offenders who died from heat-related causes between August 8, 2007, and July 21, 2011. (D.E. 50-3 at 5). Information about offenders who died from heat-related causes at different TDCJ Units between August 13, 2011, and August 3, 2012, is not part of the chronology leading up to McCollum's death on July 28, 2011. (D.E. 50 at 5). The Court should deny the plaintiffs' motion to compel the production of this information where it is not relevant to the claims in this suit.

The plaintiffs' analogies to the *Waffle House* and *Quarles* cases are without merit. (D.E. 50 at 8). Those cases have nothing in common with the present case. In *Waffle House*, the Court held that confidential settlement information about the amounts paid to settle race discrimination lawsuits was relevant for the plaintiff's expert to compare with the amounts spent on employee anti-discrimination training to calculate punitive damages. *Merrill v. Waffle House, Inc.,* 227 F.R.D. 475, 478 (N.D. Tex. 2005).[1] In

---

[1] This Court found no reversible error in a Magistrate Judges order granting a motion to compel the production of information related to confidential settlement agreements for the purpose of calculating punitive damages. *Id.* The plaintiffs were former customers suing for racial discrimination pursuant to 42 U.S.C. § 1981 and §2000a after they were allegedly subjected to racial epithets and discriminatory service at Waffle House. *Id.* at 476. They sought the production of information related to confidential settlement agreements so their expert could compare the ratio between the amounts paid to settle race

*Quarles*, the Fifth Circuit stated that information about other lawsuits against attorneys was relevant evidence for a law firm seeking to establish their former client had a habit or routine practice of refusing to pay his legal fees. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. Tex. 1990).[2] Here, the plaintiffs' seek information about heat-related deaths occurring *after* McCollum's death at *different* TDCJ Units to demonstrate the defendant was on notice of facts from which the inference could be drawn that a substantial risk of serious harm existed to McCollum *prior* to his death. (D.E. 50 at 8). The Court should reject these analogies where the parties, claims, information sought, and purpose for seeking the information are completely different.[3]

Similarly, the *Payne* and *Shepherd* cases are not analogous to this case. The district court in *Payne* overruled a summary judgment objection to the relevance of an Operational Review Report that concluded the geographic housing policy and the high concentration of relatively inexperienced officers during the peak period of activity were contributing factors to weakening prison security. *Payne v. Collins*, 986 F. Supp. 1036, 1058 (E.D. Tex. 1997).[4] In *Shepherd*, the Fifth Circuit held that a trial judge did not

---

discrimination lawsuits with the amounts spent on employee anti-discrimination training to calculate punitive damages. *Id.* at 478. This Court rejected Waffle House's argument that Merrill should be required to make a particularized showing of relevance; instead, holding that the stated reason for seeking the information was sufficient to their warrant production regardless of whether or not the plaintiffs were required to make a particularized showing of relevance. *Id.*

[2] The Fifth Circuit found no reversible error in a default judgment entered as a sanction against a defendant who, among other discovery abuses, refused to produce documents related to lawsuits filed against other attorneys. *Id.* at 1483. In *Quarles*, a law firm sued their former client and his airline company for unpaid legal fees. *Id.* The court sanctioned the defendant with an entry of default judgment when he refused responded to requests for production with cursory objections and refused to produce any documents. *Id.* The Federal Rules of Civil Procedure state, "evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Civ. Pro. 406. The Fifth Circuit held that information related to lawsuits against other attorneys was relevant evidence for determining a habit or routine practice of refusing to pay legal fees. *Quarles*, 894 F.2d at 1484.

[3] Additionally, the information sought is admissible under any of the rules of evidence.

[4] Payne was an offender killed during a prison fight. *Id.* at 1050. An Operational Review Report was

abuse his discretion in overruling a relevance objection during trial to the admission of a Department of Justice Report critical of the medical care provided by the defendant and documenting numerous specific incidents of failing to provide adequate medical care occurring shortly before, during, and shortly after the plaintiff's detention. *Shepherd v. Dallas County*, 591 F.3d 445, 457 (5th Cir. Tex. 2009).[5] The governmental report and recommendations in *Payne* and *Shepherd* were produced after interviewing prison personnel, reviewing policies and procedures, incident reports, grievances, and medical records. *Id.*; *Payne*, 986 F.Supp. at 1058. Here, the plaintiffs are seeking individual data about offenders and not a comprehensive report and recommendation. (D.E. #50 at 5). Further, the report and recommendations in *Payne* and *Shepherd* involved the same units were the plaintiffs were housed; whereas, the plaintiffs in this case seek to compel the production of information about offenders located at *different* TDCJ Units around the state. (D.E. #50 at 5). Accordingly, the Court should deny the plaintiffs' motion to compel production where the information sought is not relevant because it occurred at *other* TDCJ Units *after* McCollum passed away.

---

produced several months after his death in response to an attack on several correctional officers by offenders and the discovery of a dead offender. *Id.* The plaintiffs' sought to use the Operational Review Report to show deliberate indifference on the part of the prison administration for failing to have adequate security in place to prevent Payne's death. *Id.* at 1059. Although it considered the Operational Review Report, the district court granted summary judgment in favor of the prison administration defendants, concluding that the their attitude reflected that of a prison official who "knew the underlying facts [engendering a substantial, even obvious, risk of harm] but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 1060.

[5] Shepherd was a pretrial detainee with hypertension who suffered a stroke after the defendant failed to provide his prescribed medication and treatment for weeks at a time. *Id.* at 449-50. The Department of Justice conducted on-site inspections and found "the jail regularly lost track of inmates with chronic illness and, overall, 'fails to provide adequate treatment for their needs.'" *Id.* at 451. *Id.* The Department of Justice Report identified numerous cases where inmates suffered or died because of inadequate treatment of chronic conditions between 2002 and 2006. *Id.* "It concluded that the jail was operating in violation of inmates' constitutional right to adequate medical care." *Id.* The jury found in favor of Shepherd. *Id.* The Fifth Circuit affirmed the jury's verdict and held that the trial court did not abuse its discretion in permitting the Department of Justice Report into evidence where the findings contained in the report was relevant and not unfairly prejudicial in terms of the weight that a jury would accord them. *Id.* at 457-58.

## II. The information sought about heat-related deaths occurring *after* McCollum's death is overly broad and not limited in scope or time to the claim the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that it drew that inference *bef0re* McCollum's death.

A party properly objects to interrogatories and requests for production that are unduly burdensome, vague, seek information equally available to the requesting party, unrelated to the limited scope of discovery, are not properly limited in time, or are otherwise overbroad. FED. R. CIV. P. 26(b)(2)(c).

The defendant properly objected that the information sought was overly broad and not limited in scope or time because it requested information that occurred outside the relevant time period. (D.E. 50-3 at 5). Information about heat-related deaths occurring at different units after July 28, 2011, is not relevant to show the defendant was on notice of the risk to McCullom. Information about the two offenders who died from heat-related causes between August 8, 2007, and July 28, 2011, was disclosed to the plaintiffs. (D.E. 50-3 at 5). The remaining information sought is overly broad because it occurred outside the relevant scope and time; therefore, the Court should deny the plaintiffs' motion to compel production.[6]

### PRAYER

The defendant prays that the Court deny the plaintiffs' motion to compel. The defendant further prays for all other relief to which it may be justly entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

---

[6] The defendants are entitled to pursue attorneys' fees in defending against frivolous motions; however, they have opted not to pursue such fees at this time.

9

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

 */S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND
JEFF PRINGLE**

## CERTIFICATE OF SERVICE

On May 28, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify  that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General