UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**PLAINTIFFS' REPLY TO EMERGENCY SECOND MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiffs ask the Court to compel Defendant Texas Department of Criminal Justice to supplement its responses to one Request for Production, sent April 2, 2013.

ARGUMENT AND AUTHORITIES

I.   *Plaintiff's Requests are Relevant to Punitive Damage Claims*

Mr. McCollum's survivors allege Defendants acted in accordance with a system-wide policy or custom of failing to protect prisoners from extreme temperatures. The records they seek will confirm this theory – that system-wide policies and procedures cause the deaths of people vulnerable to heat stroke. When the deaths occurred does not matter – the records will show TDCJ officials followed the same dangerous pattern and practice each time a man died. The publicly available autopsy reports already suggest commonalities between the deaths. *See* Doc. 50, p. 4-5.

This type of evidence is relevant and admissible: "Evidence of … an organization's routine practice may be admitted to prove that on a particular occasion the … organization acted

1

in accordance with the habit or routine practice." FED. R. EVID. 406. This evidence is relevant precisely because it shows how men died at other prisons – that when the extreme temperatures TDCJ, Livingston and Eason tolerated at the Hutchins Unit killed Mr. McCollum it was not an isolated incident, but a predictable consequence of TDCJ's routine practice.

The Fifth Circuit ruled evidence like this was admissible at trial. *Shepherd v. Dallas Co.*, 591 F.3d 445, 457 (5th Cir. 2009). TDCJ's argument that this case is different because this Court admitted "a comprehensive report" instead of "individual data about [prisoners]" is unavailing. To Plaintiffs' knowledge, no comprehensive report exists here. Thus, Plaintiffs experts will need to review the underlying data itself. It does not make sense that a report compiling data would be admissible but the data underlying the report's conclusions are inadmissible and not discoverable. The death records Mr. McCollum's family seeks will be identical to the data underlying the Department of Justice report in *Shepherd*. When a man dies in TDCJ custody, officials "interview[] prison personnel, [and] review[] policies and procedures, incident reports, grievances, and medical records" in the same manner as the Department of Justice. *See* Doc. 53, Defendants' Response, p. 8. *Shepherd* is controlling – the Fifth Circuit approved admitting evidence of similar, contemporaneous civil rights violations, including violations after the prisoner's injury.

If Plaintiffs only sued officials at the Hutchins Unit, TDCJ's argument that incidents at other prisons are irrelevant would be more persuasive. But this case is not just about what happened at the Hutchins Unit. Mr. McCollum's survivors argue he died not only because Hutchins Unit officials failed to protect him from risk of serious harm, but that high-ranking TDCJ officials who oversee the entire prison system knew their facilities were dangerous during the summer and made deliberate choices to subject prisoners to extreme temperatures. Mr.

McCollum was the first prisoner to die from heat stroke in 2011 – that just made him the tip of the iceberg.

Finally, the documents from the death investigations are relevant to punitive damages against Eason. They will show that even after Mr. McCollum died, Eason made no changes at the prisons he supervises – he insists TDCJ was doing a "wonderful job" of preventing heat-related illness and death. Doc. 50, Ex. Q, Deposition of Eason, 339:21-340:1. In *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005), for example, this Court allowed race-discrimination plaintiffs to conduct "nationwide discovery" about other settlements involving discrimination against a national breakfast food chain even though such discovery could require production of "thousands of documents from 1400 nationwide Waffle House restaurants." *Id*. Mr. McCollum's family makes a much narrower, more targeted request. They have requested the records showing how 13 prisoners died, and can already prove the men perished under similar circumstances.

II.   *TDCJ Fails to Show How the Request is Burdensome*

Likewise, the request plainly does not unfairly burden TDCJ. TDCJ produces no evidence responding to the request would be burdensome – bald assertions of an unfair burden are not enough. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In *McLeod*, the Fifth Circuit found bare objections like "Overbroad; irrelevant; privileged. Propounded with the intent to harass, delay and abuse." were "egregious" abuses of discovery. *Id*. at 1484. This objection is virtually identical to TDCJ's spare objection: "overly broad, undue burden, irrelevant, not calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope." *See* Doc. 50, Ex. O. In fact, TDCJ's response is even more abusive, because in *McLeod* the responding party at least made "a general objection

of geographic inconvenience to all of the request" – TDCJ provides no rationale at all why the request is burdensome.

## CONCLUSION

Plaintiffs respectfully ask the Court to order TDCJ to produce the responsive documents.

DATED: May 31, 2013.

        Respectfully submitted,

        The Edwards Law Firm
        The Bremond Houston House
        706 Guadalupe
        Austin, Texas 78701
            Tel.   512-623-7727
            Fax.  512-623-7729

        By    /s/ Jeff Edwards
        JEFF EDWARDS
        State Bar No. 24014406
        Lead Counsel

        Scott Medlock
        State Bar No. 24044783
        Brian McGiverin
        State Bar No. 24067760
        James C. Harrington
        State Bar No. 09048500

        TEXAS CIVIL RIGHTS PROJECT
        1405 Montopolis Drive
        Austin, TX 78741
        (512) 474-5073 [phone]
        (512) 474-0726 [fax]

        Eliot Shavin
        State Bar No. 18138200
        2600 State Street
        Dallas, Texas 75204
        214-522-2010 (telephone)
        214-720-9594 (fax)
        Local Counsel

        ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.