IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHEN McCOLLUM, STEPHANIE
KINGREY, and SANDRA McCOLLUM,
individually and as heirs to the Estate of
LARRY GENE McCOLLUM,

      Plaintiffs,

v.                                                    Civil Action No. 3:12-CV-02037-L-BK

BRAD LIVINGSTON, JEFF PRINGLE,
RICHARD CLARK, KAREN TATE,
SANDREA SANDERS, ROBERT EASON,
the UNIVERSITY OF TEXAS MEDICAL
BRANCH and the TEXAS DEPARTMENT
OF CRIMINAL JUSTICE,

      Defendants,

## ORDER

Pursuant to the District Court's *Order of Reference* filed March 11, 2013 (Doc. 35), Plaintiffs' *Motion to Compel* (Doc. 34) has been referred to the undersigned for determination. Plaintiffs are seeking an order compelling Defendants to supplement their responses to Interrogatories No. 2 and No. 4, and Request for Production No. 9. Additionally, Plaintiffs' request an award of attorneys' fees incurred prosecuting this motion.

As a preliminary matter, the parties have represented that they are presently negotiating an agreement to produce the architectural documents requested in Plaintiffs' Request for Production No. 9. (Doc. 48 at n.1). In correspondence addressed to the Court on June 3, 2013, Plaintiffs' counsel confirmed that a protective order has been entered (Doc. 52) and an agreement has been reached to produce the responsive documents. Thus, Plaintiffs' motion to compel is **DENIED AS MOOT** as to Plaintiff's Request for Production No. 9.

The parties, however, have not reached an agreement as to Plaintiffs' Interrogatories Nos. 2 and 4.  Interrogatory No 2 requests Defendants to identify all heat-related deaths of inmates in Texas Department of Criminal Justice (TDCJ) facilities from January 1, 1990 to the present.  Interrogatory No. 4 requests the identification of prison employees who suffered on-the-job heat-related injuries.  For the reasons that follow, Plaintiffs' motion to compel more complete responses to Interrogatories Nos. 2 and 4 is **GRANTED IN PART.**

## BACKGROUND

Plaintiffs, the surviving wife and children of Larry Gene McCollum, seek declaratory, injunctive, and monetary relief from Defendants, TDCJ officials, for McCollum's death, which occurred at the Hutchins State Jail in Dallas, Texas.  (Doc. 43 at 1-2).  McCollum suffered from hypertension (high blood pressure) and was housed in an area of the Hutchins State Jail with no air-conditioning.  *Id*. at 5, 8.  On the day McCollum died, the Dallas area had endured 25 consecutive days of temperatures exceeding 100 degrees Fahrenheit.  *Id*. at 5.  An autopsy concluded that McCollum died of hyperthermia, due to housing "in a hot environment without air conditioning."  *Id*. at 13.  Plaintiffs' contend that when McCollum died, it was clear under the law that imprisonment in temperatures exceeding 90 degrees Fahrenheit constituted cruel and unusual punishment, thus creating unconstitutional conditions of confinement.  *Id*. at 21.

## ANALYSIS

Plaintiffs seek a list of all heat-related deaths, including fatalities where the cause of death is listed as hyperthermia, of inmates in TDCJ facilities between January 1, 1990 and the present.  (Doc. 34 at 2).  They contend, *inter alia*, the history of heat-related deaths in TDCJ is important to show that Defendants were on notice of the danger that that a non-air conditioned facility posed even prior to the start of construction on the Hutchins State Jail facility in the mid-

1990's.  (Doc. 34 at 6; Doc. 48 at 2-3).  Defendants argue that such information is irrelevant, not sufficiently limited in time or scope, overly broad, and unduly burdensome.  (Doc. 42 at 1).

Federal Rule of Civil Procedure (FRCP) 26(b)(1) allows discovery of any matter, not privileged, as long as that discovery is relevant to the subject matter involved in the pending action.  FED. R. CIV. P. 26 (b)(1).  Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[1]  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

*Interrogatory No. 2*

Here, the Court concludes that the history of heat-related deaths in TDCJ is relevant to Plaintiffs' claims, specifically as to Defendants' prior knowledge, if any, of the potential danger being housed in extreme temperatures in non-air conditioned facilities posed to inmates such as McCollum.  Although the request spans 23 years, that time frame is sufficiently limited to encompass the period just prior to the production of the Hutchins State Jail facility as well as a reasonable period following McCollum's death, which the Court deems relevant to the issue of deliberate indifference.

Further, Defendants have failed to meet their burden to establish that the request is unduly burdensome.  *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D.Tex. 2005) (objecting party must "show specifically how... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive") (quoting *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990)).  Notably, Plaintiffs are not seeking information as to all heat-related injuries, but have limited their request to those injuries that resulted in death.  As Plaintiffs point out, and Defendants do not contest, it is not necessary for

---

[1]  Defendants erroneously rely on Rule 401 of the Federal Rules of Evidence for the definition of relevancy.  (Doc. 42 at 6 ). However, in the discovery context, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

3

Defendants to comb through data to comply with the request because TDCJ is required by law to file a report of the cause of death for every inmate who dies in custody. (Doc. 48 at 4). Moreover, Defendants have not averred that the number of heat-related deaths is so great as to necessitate the production of an inordinate amount of responsive data/documents or to cause them to incur extraordinary expense in the production. Indeed, Defendants have not offered any proof of the time or expense involved in fully responding to Plaintiffs' Interrogatory No. 2.

> A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection. Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.

*S.E.C. v. Brady*, 238 F.R.D. 429, 437-438 (N.D.Tex. 2006) (internal citations and quotation marks omitted).

Accordingly, Plaintiffs' motion to compel supplemental responses to their Interrogatory No. 2, specifically, the request for information identifying all heat-related deaths of inmates in TDCJ facilities from January 1, 1990 to the present, is **GRANTED**. Defendants are **ORDERED** to fully respond **on or before July 2, 2013**.

*Interrogatory No. 4*

The Court finds that information concerning employee heat-related injuries is also relevant and discoverable, however, not for the same reasons as information regarding the heat-related deaths of inmates, or for the purpose of proving Eight Amendment violations based on conditions of confinement. Information concerning employees' heat-related injuries is relevant to the more limited issue of the dangerous conditions at the institution where McCollum died. Plaintiffs contend that information regarding their heat-related injuries will "show [Defendant

4

Livingston] was on notice that extreme temperatures in <u>the</u> prison were lethal" (Doc. 34 at 6 – emphasis added), and have failed to establish why employee, heat-related injuries occurring outside of the Hutchins State Jail facilities are relevant to their claims. Moreover, the Court finds persuasive Defendants' argument that based on the fact that they administer more than 100 facilities, responding to Plaintiffs' Interrogatory No. 4, as propounded, would require the review of more than 100,000 reports of employee injury reports and be unduly burdensome. (Doc. 42 at 7). *See* FED. R. CIV. P. 26(b)(2)(C)(iii) ("the court must limit the … extent of discovery… if it determines that…the burden or expense of the proposed discovery outweighs its likely benefit"). The Court, thus, concludes that employee, heat-related injury reports from the Hutchins State Jail facility are sufficient under the facts and circumstances of this case. Accordingly, Plaintiffs' motion to compel a supplemental response to their Interrogatory No. 4 is **GRANTED ONLY IN PART**. Accordingly, to the extent they have not already done so, **no later than July 2, 2013**, Defendant is **ORDERED** to identify to Plaintiff all heat related injuries to employees of the Texas Department of Criminal Justice working in the Hutchins State Jail facility between January 2002, to the date of the filing of this lawsuit, including, but not limited to, injuries where employees filed workers compensation claims.

*Attorneys' Fees*

When a motion to compel is granted, FRCP 37(a)(5) requires the non-movant and/or his attorney to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37 (a)(5). However, attorneys' fees are not warranted if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Based on the Court's findings and determination of the relative merits of the parties' positions, the Court does not conclude that

Defendants' objections were substantially unjustified. Thus, Plaintiffs' request for attorneys' fees is **DENIED**.

SIGNED June 4, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE