IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-02037 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
|     *Defendants*. | § | JURY DEMAND |

**DEFENDANTS LIVINGSTON, EASON, PRINGLE, CLARK,
TATE, SANDERS, AND TDCJ'S ANSWER AND JURY DEMAND
TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

NOW COMES Defendants Brad Livingston, Robert Eason, Jeff Pringle, Richard Clark, Karen Tate, Sandrea Sanders, and the Texas Department of Criminal Justice (TDCJ), by and through the Officer of the Attorney General, and submit this **Defendants Livingston, Eason, Pringle, Clark, Tate, Sanders, and TDCJ's Answer and Jury Demand to Plaintiffs' First Amended Original Complaint**. In support thereof, the defendants respectfully offer the following:

**STATEMENT OF THE CASE**

Plaintiffs' sue Defendants the University of Texas medical Branch (UTMB) and TDCJ for violations of the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, and the Rehabilitation Act for allegedly failing to provide reasonable accommodations to offender McCollum. (D.E. #43 at 22-23). Plaintiffs' sue Defendants Livingston, Eason, Clark, Tate, Sanders, and Pringle pursuant to 42 U.S.C. § 1983 for deliberate indifference to offender McCollum's serious medical needs. (D.E. #43 at 23-24).

On July 22, 2011, Offender McCollum allegedly died from hyperthermia. (D.E. 43 at 13). Plaintiffs' allege that McCollum had a disability because he was suffered from hypertension, was prescribed diuretic medication, and was obese. (D.E. #43 at 22). They allege the defendants failed to reasonably accommodate McCollum's alleged disability and were deliberately indifferent to his serious medical needs by failing to provide him with air conditioned housing, a plastic cup, and a personal fan. (D.E. #43 at 18-19). Plaintiffs seek declaratory relief, injunctive relief, compensatory damages, and nominal damages. (D.E. #43 at 24-5).

## ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to FED. R. CIV. P. 8(b), and for the express purpose of requiring the plaintiffs to meet their burden of proof herein, the defendants deny each and every allegation contained in **Plaintiffs' First Amended Complaint**, except those expressly admitted herein. (D.E. #43).

### Statement of Claims

1. Defendants admit Plaintiff Stephen McCollum brought a civil action in his capacity as heir at law to the Estate of Larry McCollum for declaratory, injunctive, and monetary relief.

2. Defendants admit Plaintiff Stephanie Kingrey brought a civil action in her capacity as heir at law to the Estate of Larry McCollum for declaratory, injunctive, and monetary relief.

3. Defendants admit Plaintiff Sandra McCollum brought a civil action in her capacity as heir at law to the Estate of Larry McCollum for declaratory, injunctive, and monetary relief.

4. Defendants Livingston, Eason, Clark, Tate, Sanders and Pringle deny all allegations contained in ¶ 4 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

5. Defendant TDCJ denies all allegations contained in ¶ 5 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

## Jurisdiction and Venue

6. Defendants admit the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, §1343, and § 2201.

7. Defendants admit venue is proper in this district pursuant to 24 U.S.C. § 1391(b), as the events complained of occurred in this district and division.

## Parties

8. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 8 through ¶ 11 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

9. Defendants admit Brad Livingston is the Executive Director of the TDCJ. Defendants admit Livingston is sued in his individual capacity and has appeared in this litigation. Defendants deny all remaining allegations contained in ¶ 12 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

10. Defendants admit Robert Eason is the Regional Director of the TDCJ. Defendants admit Eason is sued in his individual capacity and can be served with process at the address identified by the plaintiffs. Defendants deny all remaining allegations contained in ¶ 13 of **Plaintiffs' First

**Amended Complaint**. (D.E. #43).

11. Defendants admit Jeff Pringle was the Warden at the Hutchins State Jail. Defendants admit Pringle is sued in his individual capacity and can be served with process at the address identified by the plaintiffs. Defendants deny all remaining allegations contained in ¶ 14 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

12. Defendants admit the allegations contained in ¶ 15 through ¶ 17 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

13. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 18 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

14. Defendants admit that TDCJ is an agency of the State of Texas. Defendant TDCJ admits it operated the Hutchins State Jail Facility and receives Federal funds. Defendants are unable to admit or deny at this time what programs Plaintiff McCollum was "otherwise qualified for." Defendants deny all remaining allegations contained in ¶ 19 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

**Facts**[1]

15. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 20 through ¶ 21 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

16. Defendants deny the allegations contained in ¶ 22 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

---

[1] Defendants have denied the entirety of paragraphs in **Plaintiffs' First Amended Complaint** containing facts recited in such a hyperbolic and inflammatory manner as to render them specious.

17. Defendants admit McCollum was an overweight fifty-eight year old male diagnosed with hypertension. Defendants lack information sufficient to form a belief about the truth of the rest of the averments contained in ¶ 23 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

18. Defendants admit hypertension is a cardiovascular disease. Defendants lack information sufficient to form a belief about the truth of the rest of the averments contained in ¶ 24 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

19. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 25 through ¶ 27 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

20. Defendants deny all allegations contained in ¶ 28 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

21. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 29 through ¶ 33 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

22. Defendants lack information sufficient to form a belief about the truth of the averments related to statements by the American Diabetes Association. Defendants deny all of the rest of the allegations contained in ¶ 34 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

23. Defendants deny that McCollum's felony conviction was a minor property offense. Defendants admit McCollum was serving his sentence at the Hutchins State Jail, where he had previously served time for a prior conviction. Defendants deny all of the rest of the allegations contained in

¶ 35 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

24. Defendants lack sufficient information to form a belief about the truth of the averments contained in ¶ 36 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

25. Defendants deny the allegations contained in ¶ 37 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

26. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 38 through ¶ 42 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

27. Defendants admit that McCollum was housed in a dormitory that was not air-conditioned. Defendants lack information sufficient to form a belief about the truth of the rest of the averments contained in ¶ 43 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

28. Defendants deny the allegations contained in ¶ 44 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

29. Defendants admit the allegations contained in ¶ 45 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

30. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 46 through ¶ 47 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

31. Defendants admit the allegations contained in ¶ 48 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

32. Defendants deny all allegations contained in ¶ 49 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

33. Defendants admit the allegations contained in ¶ 50 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

34. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 51 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

35. Defendants deny all allegations contained in ¶ 52 through ¶ 53 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

36. Defendants admit the Hutchins Unit has no medical staff physical present at the facility after 6:00 p.m.  Defendants deny all other allegations contained in ¶ 54 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

37. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 55 through ¶ 56 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

38. Defendants admit Officer Clark responded to McCollum.  Defendants deny all other allegations contained in ¶ 57 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

39. Defendants deny all allegations contained in ¶ 58 through ¶ 59 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

40. Defendants admit the allegations contained in ¶ 60 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

41. Defendants deny all allegations contained in ¶ 61 through ¶ 64 of **Plaintiffs' First Amended Complaint**.  (D.E. #43).

42. Defendants lack information sufficient to form a belief about the truth of the averments contained in ¶ 65 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

43. Defendants deny all allegations contained in ¶ 66 through ¶ 67 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

44. Defendants are unable to admit or deny the allegations contained in ¶ 68 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

45. Defendants admit the allegations contained in ¶ 69 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

46. Defendants are unable to admit or deny the allegations contained in ¶ 70 through ¶ 72 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

47. Defendants deny all allegations contained in ¶ 73 through ¶ 84 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

48. Defendants are unable to admit or deny the allegations contained in ¶ 85 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

49. Defendants deny all allegations contained in ¶ 86 through ¶ 88 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

50. Defendants are unable to admit or deny the allegations contained in ¶ 89 through ¶ 92 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

51. Defendants deny all allegations contained in ¶ 93 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

52. Defendants admit the allegations contained in ¶ 94 through ¶ 97 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

53. Defendants deny all allegations contained in ¶ 98 through ¶ 101 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

54. Defendants admit the allegations contained in ¶ 102 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

55. Defendants deny all allegations contained in ¶ 103 through ¶ 110 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

## Causes of Action

56. Defendants are unable to admit or deny the allegations contained in ¶ 111 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

57. Defendants deny all allegations contained in ¶ 112 through ¶ 113 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

58. Defendants admit the plaintiffs bring suit under 42 U.S.C. § 1983.

59. Defendants admit the allegations contained in ¶ 115 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

60. Defendants admit the allegations contained in ¶ 116 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

61. Defendants deny all allegations contained in ¶ 117 through ¶ 125 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

## Damages

62. Defendants deny all allegations contained in ¶ 126 through ¶ 130 of **Plaintiffs' First Amended Complaint**. (D.E. #43).

**GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

1. Defendant TDCJ denies that it violated the rights of McCollum under the Constitution, the Americans with Disabilities Act, the Americans with Disabilities Act Amendment Act, the Rehabilitation Act, or any other law.

2. Defendant TDCJ admits offenders are entitled to basic constitutional rights including medical care. Defendant TDCJ contracts with Defendant University of Texas Medical Branch to provide medical care at the Hutchins State Jail. Defendant TDCJ denies that it has failed to comply with guidelines relating to inmate medical care. Further, such allegations, even if true, allege mere negligence, from which Defendant maintains sovereign immunity.

3. Defendant TDCJ denies that it failed to provide reasonable accommodations for McCollum as alleged. Defendant TDCJ states that no accommodations were requested. In the alternative defendants deny that the accommodations could have been reasonable or did not threaten the safety of the staff and the other offenders.

4. Defendants Livingston, Eason, Clark, Tate, Sanders, and Pringle assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. § 1983. Defendants further assert that any claim premised upon negligence will not support a claim under 42 U.S.C. § 1983.

5. Defendants deny that McCollum was deprived of any right, privilege, or immunity granted or secured by the Constitution, the laws of the United

States, and/or the laws of the State of Texas.

6. Defendants Livingston, Eason, Clark, Tate, Sanders, and Pringle deny that they were deliberately indifferent to plaintiff's health or safety. Defendants Livingston and Eason assert that they did not have personal involvement sufficient to establish liability regarding the events alleged in Plaintiffs' suit.

7. Defendants assert that at all times relevant to this suit, they acted with the good faith belief that their actions were proper under the Constitution and laws of the United States and the State of Texas. Defendants further assert that they acted, at all relevant times, in a manner both consistent with McCollum's clearly established constitutional rights and objectively reasonable in light of all surrounding circumstances. Defendants further assert that at all times relevant to this lawsuit, they performed discretionary acts in good faith and within the course and scope of their authority as public officers employed by the State of Texas. Finally, Defendants assert that any act or failure to act was not willful, wanton negligent, or performed with a conscious indifference or reckless disregard for the safety of Offender McCollum.

8. Defendants deny that either official or sovereign immunity has been waived under the Texas Human Resource Code, Chapter 121 for any purpose. Defendants hereby expressly assert that they are entitled to qualified, good-faith immunity from suit.

9. Defendants state that Plaintiffs have failed to fully exhaust administrative procedures as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Livingston, Eason, Clark, Tate, Sanders, Pringle, and TDCJ urge this Court to deny the plaintiffs any and all relief demanded in this complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

**JOHNATHAN STONE**
Assistant Attorney General
State Bar No. 24071779

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
LIVINGSTON, EASON, PRINGLE,
CLARK, TATE, SANDERS, AND TDCJ**

## CERTIFICATE OF SERVICE

On June 10, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

*/S/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General