**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCULLOM,** *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON,** *et al.*, | § | |
| *Defendants*. | § | |

**DEFENDANT UTMB'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT**
**UTMB'S MOTION TO DISMISS UNDER FRCP 12(c)**

NOW COMES Defendant the University of Texas Medical Branch (UTMB), by and through its Attorney, the Attorney General for the State of Texas, and submits this **Reply to Plaintiff's Response to Defendant UTMB's Motion To Dismiss Under FRCP 12(c)**. In support thereof, the Defendant respectfully offers the following:

1. The crux of Plaintiff's response to Defendant UTMB's Motion to Dismiss Under FRCP 12(c) is that UTMB should have accommodated McCollum by providing him safe housing. [Dkt. No. 65-1 at 7]. However, Plaintiff fails to allege what reasonable housing accommodation UTMB failed, or worse, refused, to make to McCollum. Defendant cannot respond to this allegation until it knows what reasonable accommodation McCollum sought from UTMB and was refused. Plaintiffs have not plead with specificity the *facts* made the basis of their lawsuit alleging the refusal of an accommodation.

2. Further, Plaintiffs failed to plead that McCollum was discriminated against in any way. Although Plaintiffs make the allegation that UTMB discriminated against McCollum by denying him an intake physical and placing him in unsafe housing conditions [Dkt. No.

65-1 at 7], Plaintiffs still fail to state how this amounts to discrimination. Plaintiffs fail to plead any facts that suggest McCollum was treated differently than other similarly situated inmates.  In fact, Plaintiffs concede in their First Amended Complaint that many inmates wait up to ten days to receive their intake physical. [Dkt. No. 43 at 17]. McCollum was at the Hutchins State Jail for approximately six days. [Dkt. No. 43 at 8]. Therefore, he was not treated differently than other inmates. Moreover, Plaintiffs fail to state any *facts* that suggest that McCollum was housed differently than other inmates or even housed differently than other inmates with the same disability.

3. Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (May 18, 2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. See also *Fowler v. UMPC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

4. The Supreme Court began its rejection of bare bones pleading in *Twombly,* holding that a pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Phillips*, 515 F.3d at 232. The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

2

5.  Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also *Fowler v. UMPC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

6.  *Iqbal* centered on a prison inmate's allegations that certain government defendants violated his constitutional rights by discriminating against him on the basis of his religion. The Supreme Court's opinion makes clear that the *Twombly* "facial plausibility" pleading requirement applies to all civil suits in the federal courts. After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See Id. at 1949-50; see also *Twombly*, 550 U.S. at 555, & n.3.

7.  In this case, plaintiff has alleged numerous facts regarding the TDCJ Hutchins facility. UTMB provides medical care to inmates at the Hutchins State Jail pursuant to state statue and contract. Tex. Gov't Code § 501.146, Tex. Gov't Code § 501.147.  UTMB does not own, operate, or control the Hutchins State Jail facility. Moreover, Plaintiffs have not alleged a single fact stating 1) how UTMB discriminated against McCollum by treating him any differently than any other inmates, or even other inmates with the same disabilities; 2) what accommodations, if any, the inmate sought from UTMB for his disability, but was refused or denied; 3) what accommodations, if any, UTMB should have been provided without a request, but were denied or refused; or 4) which facilities, programs or services should have been modified by UTMB. These facts are particularly important since defendant will not have an opportunity to depose the inmate about the facts of his disability or the accommodations denied.

8.  For these reasons and the reasons stated in Defendant UTMB's Motion to Dismiss Under FRCP 12(c), Defendant UTMB pleads that plaintiffs have failed to state a claim for which relief can be granted, and asks that the claims against it be dismissed.


WHEREFORE PREMISES CONSIDERED, Defendant UTMB prays that the claims

against it be dismissed with prejudice, and moves for judgment on the pleadings.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Erika D. Hime
**ERIKA D. HIME**
Assistant Attorney General
State Bar No. 24072899

/s/ Lacey E. Mase
**LACEY E. MASE**
Assistant Attorney General
State Bar No. 24074662

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-9139

**Attorneys for Defendant University of Texas
Medical Branch**

5

## NOTICE OF ELECTRONIC FILING

I, ERIKA D. HIME, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant UTMB's Reply to Plaintiff's Response to Defendant UTMB's Motion To Dismiss Under FRCP 12(c)** to the Court, on July 24**,** 2013, in the Northern District of Texas, Dallas Division.

/s/ Erika D. Hime<br>
<strong>ERIKA D. HIME</strong><br>
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, ERIKA D. HIME, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant UTMB's Reply to Plaintiff's Response to Defendant UTMB's Motion To Dismiss Under FRCP 12(c)** has been served by placing same in the United States Mail, postage prepaid on July 24, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin, TX 78702

/s/ Erika D. Hime<br>
<strong>ERIKA D. HIME</strong><br>
Assistant Attorney General