UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**PLAINTIFFS' BRIEF IN SUR-REPLY TO DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S MOTION TO DISMISS UNDER RULE 12(c)**

UTMB fundamentally misunderstands the Americans with Disabilities Act and Rehabilitation Act's definition of "discrimination." Despite UTMB's misguided belief, these statutes indisputably create an "affirmative obligation" that requires public entities, like UTMB, to accommodate people with disabilities – *not* simply treat people with disabilities the same as able-bodied people. *See*, *e.g.*, *Tennessee v. Lane*, 541 U.S. 509, 533 (2004).

Under Title II of the ADA and Rehabilitation Act, a public entity, like UTMB, discriminates against people with disabilities not only by invidiously treating them differently, but also by failing to accommodate their disabilities. "Recognizing that failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion, Congress required the States to take reasonable measures to remove architectural and other barriers to accessibility." *Lane*, 541 U.S. at 531. Though UTMB treated Mr. McCollum the same as able-bodied prisoners, it "outright excluded" him from programs and services at the prison by failing

to accommodate his disabilities, tragically causing his death. Title II creates a "duty to accommodate" – not just a duty to treat everyone equally. *Id*. at 532.

UTMB's interpretation of the statute essentially makes the ADA and Rehabilitation Act meaningless. If UTMB did not provide insulin to everyone, it would not need to provide it to diabetics. *See Rouse v. Plantier*, 997 F.Supp. 575, 582 (D. N.J. 1998) (denying prison's motion for summary judgment) (reversed on other grounds). If no one had access to wheelchair ramps, UTMB would not need to construct them for paraplegics using wheelchairs. *United States v. Georgia*, 546 U.S. 151, 154-55 (2006) (ADA requires removing architectural barriers for paraplegic prisoners). And if UTMB did not provide sign-language interpreters for every patient appointment, it would not need to provide them for the deaf. *See Clarkson v. Coughlin*, 898 F.Supp. 1019 (S.D.N.Y. 1995) (prison required to provide sign-language interpreters for deaf).

The ADA and Rehabilitation Act are different from other anti-discrimination statutes. Title VII of the Civil Rights Act, for example, prohibits employers from discriminating against people of color in hiring – employers must make color-blind hiring decisions. 42 U.S.C. § 2000e-2. But the ADA requires more. Employers are not only prohibited from making hiring decisions based solely on a person's disability, they must also make reasonable accommodations for employees with disabilities. 42 U.S.C. §12112(b)(5)(A). An employer, for example, could be required to purchase a document reader to assist a blind employee. *Rojek v. Cath. Charities of Jackson, Inc.*, 2010 U.S. Dist. LEXIS 5205, *40 (E.D. Mich. May 27, 2010).

The purpose of the ADA is to integrate people with disabilities into programs and services available to the able-bodied. *See* 42 U.S.C. § 12101(a)(1)-(8). Passively treating people with disabilities the same as able-bodied people is not enough – public entities must take affirmative steps to accommodate them.

For these reasons, and those contained in Plaintiffs' response, the Court should deny UTMB's motion to dismiss.

DATED: July 29, 2013.

                              Respectfully submitted,

                              The Edwards Law Firm
                              The Bremond Houston House
                              706 Guadalupe
                              Austin, Texas 78701
                                      Tel.    512-623-7727
                                      Fax.   512-623-7729

                              By     /s/ Jeff Edwards
                              JEFF EDWARDS
                              State Bar No. 24014406
                              Lead Counsel

                              Scott Medlock
                              State Bar No. 24044783
                              Brian McGiverin
                              State Bar No. 24067760
                              James C. Harrington
                              State Bar No. 09048500

                              TEXAS CIVIL RIGHTS PROJECT
                              1405 Montopolis Drive
                              Austin, TX 78741
                              (512) 474-5073 [phone]
                              (512) 474-0726 [fax]

                              Eliot Shavin
                              State Bar No. 18138200
                              2600 State Street
                              Dallas, Texas 75204
                              214-522-2010 (telephone)
                              214-720-9594 (fax)
                              Local Counsel

                              ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

  By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

          By /s/ Jeff Edwards
          JEFF EDWARDS