# EXHIBIT 1

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN  DISTRICT OF TEXAS
DALLAS DIVISION

STEPHEN McCOLLUM, STEPHANIE    *
KINGREY, and SANDRA            *
McCOLLUM, individually and as  *
heirs at law to the Estate of  *
LARRY GENE McCOLLUM,           *
                               *
         PLAINTIFFS            *
                               *
vs.                            *    CIVIL ACTION NO.
                               *      3:12-CV-02037
                               *
BRAD LIVINGSTON, JEFF PRINGLE,*
RICHARD CLARK, KAREN TATE,     *
SANDREA SANDERS, ROBERT EASON,*
the UNIVERSITY OF TEXAS        *
BRANCH and the TEXAS           *
DEPARTMENT OF CRIMINAL JUSTICE*
                               *
         DEFENDANTS            *

ORAL VIDEOTAPED 30(B)6 DEPOSITION OF JEFF PRINGLE

August 12th, 2013

ORAL VIDEOTAPED 30(B)6 DEPOSITION OF JEFF

PRINGLE, produced as a witness at the instance of the

Plaintiffs and duly sworn, was taken in the above-styled

and numbered cause on the 12th day of August, 2013, from

10:33 a.m. to 1:33 p.m., before Curtis High, Certified

Shorthand Reporter in and for the State of Texas,

reported by computerized stenotype machine at the

Hutchins Unit of the Texas Department of Criminal

Justice, 1500 E. Langdon Road, Dallas, Texas 75241,

pursuant to the Federal Rules of Civil Procedure and the

provisions stated on the record or attached hereto.

Stephen McCollum, et al                        Jeff Pringle
Brad Livingston, Jeff Pringle, et al           August 12, 2013

1              MR. GARCIA:  Objection.

2              MR. EDWARDS:  We talked about that in the

3   last deposition.

4              MR. GARCIA:  Exactly.  Asked and answered.

5       Q    (By Mr. Edwards) Okay.  As you testify here

6   today you don't think it's important for you to know

7   what the warning signs of heat stroke are?

8       A    I do not recall what they are.

9       Q    I know you don't recall what they are.  My

10  question is don't you think it's important that you do

11  know that?

12      A    No, I do not.

13      Q    Don't you think it's really important that your

14  correctional officers know that?

15      A    I do not know what is important that they need

16  to know.

17      Q    Aren't you their supervisor?

18      A    I am the highest ranking security supervisor on

19  the Hutchins Unit.

20      Q    Do you take no responsibility for what your

21  officers ought to know relating to warning signs of heat

22  stroke?

23      A    No, I do not.

24      Q    Okay.  Just so I am clear because I think that

25  question may be -- I want to make perfectly clear.  Sir,

Stephen McCollum, et al                                    Jeff Pringle
Brad Livingston, Jeff Pringle, et al                       August 12, 2013

1    is it your testimony that you take absolutely no

2    responsibility for your officers knowing what the

3    warning signs are for heat stroke?

4         A    That would be true.

5         Q    Okay.  Do you find that to be a dangerous

6    viewpoint for the senior supervisor of the Hutchins Unit

7    to have?

8         A    No, I do not.

9         Q    Okay.  Do you know if Director Eason knows that

10   that's your opinion?

11                   MR. GARCIA:  Objection, speculation.

12                   THE WITNESS:  I do not know.

13        Q    (By Mr. Edwards) Okay.  You haven't discussed

14   that opinion with him?

15        A    No, I have not.

16        Q    Okay.  Do you know if Mr. Thaler, Mr. Stephens

17   or Mr.Livingston know that that's your opinion?

18                   MR. GARCIA:  Objection, speculation.

19                   MR. EDWARDS:  It's not speculation.

20        Q    (By Mr. Edwards) Do you know, sir?

21        A    I do not.

22        Q    Okay.  And again, you haven't had any

23   conversations with those gentlemen about what we are

24   talking about?

25        A    Correct.

Stephen McCollum, et al                                    Jeff Pringle
Brad Livingston, Jeff Pringle, et al                    August 12, 2013

1      Q     Okay.  Prior to Mr. McCollum's death had the

2   Texas Department of Criminal Justice ever received any

3   complaints about the heat in the Hutchins Unit?

4      A     I have been made aware that they have.

5      Q     Okay.  Those complaints have come from

6   employees as well as inmates, correct?

7      A     I do not know the exact locations.

8      Q     Do you know if employees have made complaints

9   about the heat in the Hutchins Unit during the summer?

10      A     Yes, they have.

11      Q     Okay.  Do you know if inmates have made

12   complaints about the heat in the Hutchins Unit during

13   the summer?

14      A     Yes, they have.

15      Q     Both of those -- they occurred before

16   Mr. McCollum's death, correct?

17      A     I do not recall.

18      Q     On behalf of TDCJ you just have no idea before

19   Mr. McCollum's death there were complaints about the

20   heat in the Hutchins Unit from inmates or employees.  Is

21   that your testimony?

22      A     Correct.

23      Q     Okay.  How would I find that out then, sir, if

24   you are not capable of testifying -- helping me?

25      A     We have -- offenders have a grievance

Stephen McCollum, et al                                    Jeff Pringle
Brad Livingston, Jeff Pringle, et al                    August 12, 2013

1   Ms. Gilford or Ms. Brady, to make sure that they put a

2   request in for him to be transferred to a facility that

3   can provide that care.

4        Q     So just to be crystal clear.   If UTMB made a

5   decision look, this person's health requires him to be

6   in an air conditioned unit for let's say two months of

7   the year, you guys would do what you can to make that

8   happen, fair?

9        A     We would make sure that the request only by

10  asking medical if they submitted the request in.   UTMB

11  has to make the request.

12       Q     If UTMB made that request then steps would be

13  taken to get the individual to an air conditioned unit,

14  correct?

15       A     That would be the process.

16            MR. EDWARDS:   Thank you very much.   I will

17  just hand that over to the court reporter, please.

18  Thank you.

19            MS. COOGAN:   That's it.   Just for the

20  record I guess Exhibit 37 was also the number for

21  Eason's depo notice.

22            MR. GARCIA:   36A.

23            MR. EDWARDS:   That's fine.   36A.   Let's

24  call it 36A.   Just for the record this will be

25  renumbered 36A for everyone.

Stephen McCollum, et al                                    Jeff Pringle
Brad Livingston, Jeff Pringle, et al                       August 12, 2013

1  STATE OF TEXAS

2  COUNTY OF DALLAS

3                      REPORTER'S CERTIFICATE

4     ORAL VIDEOTAPED 30(B)6 DEPOSITION OF JEFF PRINGLE

5                       August 12th, 2013

6

7          I, the undersigned Certified Shorthand Reporter

8  in and for the State of Texas, certify that the facts

9  stated in the foregoing pages are true and correct.

10         Signature of the witness was not requested by

11  the witness or any party before the completion of the

12  deposition.

13         I further certify that I am neither attorney or

14  counsel for, related to, nor employed by any parties to

15  the action in which this testimony is taken and,

16  further, that I am not a relative or employee of any

17  counsel employed by the parties hereto or financially

18  interested in the action.

19         SUBSCRIBED AND SWORN TO under my hand and seal

20  of office on this the 21st day of August, 2013.

21

22                        CURTIS HIGH, CSR NO. 484
                          Expiration Date:  12/31/14
23                        Wright Watson & Associates
                          Firm Registration No. 225
24                        3307 Northland Drive
                          Suite 185
25                        Austin, Texas 78731