| CORRECTIONAL MANAGED HEALTH CARE POLICY MANUAL | Effective Date: 04/07 | NUMBER: A-08.4 |
|---|---|---|
| | Replaces: 08/97 | |
| | Formulated: 8/87 | Page 1 of 2 |
| | Reviewed: 04/11 | |

**OFFENDER MEDICAL AND MENTAL HEALTH CLASSIFICATION**

**PURPOSE:** To provide a standardized system of classifying medical and/or mental health limitations for the offender population incarcerated within the Texas Department of Criminal Justice (TDCJ).

**POLICY:** Offenders incarcerated within TDCJ will be assessed for medical and/or mental impairments by qualified healthcare personnel (see Attachment A) who will assign each offender appropriate restrictions related to (1) housing, (2) physical activities and work, (3) disciplinary process, (4) individual treatment plan, and (5) transportation. Restrictions will be indicated on the Health Summary for Classification (HSM-18).

**PROCESS:**

I. Each offender will undergo medical and mental health assessments by trained health services personnel during the intake process and appropriate limitations/restrictions will be assigned and entered on the Health Summary for Classification (HSM-18) screen.

II. The HSM-18 will be reviewed and, if indicated, updated whenever an offender is newly assigned to a facility or returns from an off-site specialty clinic, infirmary, or hospital.

III. Recognizing that an offender's condition may change and/or opinions may differ among health care professionals, an offender's HSM-18 may be reviewed and revised at the discretion of a physician, dentist, psychiatrist, mid-level provider, or Master's Level or higher Psychologist. HSM-18 review with appropriate updating is *required* whenever there is a *significant* change in the offender's medical or mental status.

IV. All changes in the Health Summary for Classification will include documentation of the reason(s) or rationale for the change. Changes may be based upon chart review alone but if challenged, an examination of the offender must be conducted. This examination/evaluation will be made at no charge to the offender. Pertinent findings (both positive and negative) to support the examiner's HSM-18 decision(s) will be documented in the medical record.

V. The final authority as to whether an offender's HSM-18 limitations/restrictions are correct will be the facility Medical Director or psychiatrist (as appropriate) at the offender's current facility of assignment. Higher level intervention (Regional/District/Division Medical Director) will occur only on a case by case basis in unusual or extraordinary situations.

VI. All limitations/restrictions regarding an offender's housing, work, disciplinary process, transportation, and individual treatment plan requirements will be documented in his/her medical record. Should discrepancies exist between the Health Summary for Classification



DEFENDANT'S EXHIBIT 7

| CORRECTIONAL MANAGED HEALTH CARE POLICY MANUAL | Effective Date: 04/07 | NUMBER: A-08.4 |
|---|---|---|
| | Replaces: 08/97 | |
| | Formulated: 8/87 | Page 2 of 2 |
| | Reviewed: 04/11 | |

**OFFENDER MEDICAL AND MENTAL HEALTH CLASSIFICATION**

(HSM-18) screen and the medical record, the medical record is the prevailing authority pending clarification from an appropriate healthcare provider.

VII. Medical and psychiatric diagnoses will be assigned appropriate Alert Codes and the Alert Codes entered into the TDCJ data processing system within 5 working days. (Reference: Health Services Data Processing Manual)

Reference: 2008 NCCHC Standard P-A-08, Communication on Patients' Health Needs (essential)
ACA Standard 4-4396 (Ref 3-4377)
ACA Standard 4-4399 (Ref 3-4369)

MCCOLLUM 051

A-08.4 Attachment A
Effective: 2-15-2011          Reviewed: 02/11

# GUIDELINES FOR COMPLETING THE HEALTH SUMMARY FOR CLASSIFICATION FORM

The purpose of the "Health Summary" form is to provide medical and mental health information for each offender to assist the classification committee in making appropriate assignments. Facility housing, work and transportation restrictions must be based upon orders by a physician, mid-level provider, dentist, or psychiatrist and are entered into the HSM-18 computer program. Disciplinary and ITP restrictions may be based upon recommendation of a qualified mental health provider, nurse, physician or mid-level provider. Reference the HSM-18 users guide for data entry instructions.

The specific information to be placed in each item of the form is described below:

I. **Facility Assignment** -- The following facility assignments are requested by E-form through the office of the TDCJ Health Services Liaison.
   A. **No Restrictions** -- In terms of health consideration, the offender can be placed on any facility in the system. (This is the default selection).
   B. **Barrier-Free Facility** -- This category is intended for wheelchair bound out-patient offenders and must be approved by the Clinical Director of Assistive Disability Services (ADS).
   C. **Single Level Facility** -- This category is for offenders who are physically unable to climb stairs and are therefore unable to access approved programs on a multi-level facility.

II. **Housing Assignments** - Information to complete these categories should be obtained from the physical exam, doctor's orders, and/or the Individualized Treatment Plan.
   A. **Basic Housing**
      1. **No restrictions** -- This means that from a health standpoint, the offender can be assigned to any available housing.
      2. **Single Cell Only** -- The following types of offenders must be single celled:
         a. physically handicapped offenders as recommended by their Individualized Treatment Plan;
         b. mental health patients at the recommendation of the treating psychiatrist or psychiatric mid-level provider.
      3. **Special Housing** -- (Housing with patient with like medical condition). See Infection Control Manual. This designation must be entered on all patients who meet the criteria contained in the Infection Control Manual. This is not a housing type (cell block vs. dorm) instruction to classification. This notifies unit classification that if for security reasons an offender must be housed on a cell block and he/she meets specific classification guidelines, that a suitable housing partner must be located by communicating with Health Services.
      4. **Cell Block Only** -- For offenders who are psychiatrically inappropriate for dormitory housing.
   B. **Bunk Assignment**
      1. **No Restrictions** -- This means the offender can be assigned either the upper or lower bunk.
      2. **Lower Only** -- This category should be used for anyone whose medical condition creates major difficulties with climbing into an upper bunk. Examples include anyone who is feeble or infirm due to age, conditions such as disabling arthritis, amputation, paraplegia, epilepsy, sensory disturbances, morbid obesity, or significant back pathology (e.g. grade 2 or > spondylolisthesis), significant CV or Respiratory Disease, etc. (This restriction impacts heavily on facility operations and should be used judiciously).

1

MCCOLLUM 052

A-08.4 Attachment A
Effective: 2-15-2011          Reviewed: 02/11

- C. **Row Assignments**
  1. **No Restrictions** -- This means the offender can be placed on any row.
  2. **Ground Floor Only** -- This category should be used for individuals whose medical or mental health (secondary to heat) condition contraindicates climbing stairs or living on a higher row. Examples include offenders whose condition requires a wheelchair (Omitted space between "wheel" and "chair), walker, or two crutches; bilateral lower extremity prostheses; severe lower extremity instability without prescription brace; severe CHF and/or CAD with moderate to severe angina; and/or severe COPD (requires respiratory consultation).
- D. **Wheelchair Use** – Please mark appropriately:
  1. **No restriction:** Check this box for offenders who are not wheelchair dependent.
  2. **Provider ordered:** Check this box for offenders who have been approved for wheelchair use by the Clinical Director of Assistive Disability Services; or indicate number of days wheelchair pass is issued to offenders who are temporarily wheelchair dependent (i.e. post-operative conditions)
  3. **Utility Use:** Check this box for offenders who the provider feels are appropriate for minimal wheelchair use on the unit only. (i.e. offenders who experience weakness or are unable to walk long distances) due to a temporary condition. The provider should indicate the number of days for which the wheelchair pass is issued.

## III. Work Assignment/Restrictions
  A. These categories are intended to reflect restrictions of six days or longer.
  B. Indicate all of the following work restrictions that apply:
  1. **Medically Unassigned** - This means the offender should not be given a regular work assignment due to a medical condition. (Offender may attend school or pre-release programs if approved by HSL.)
  2. **Psychiatrically Unassigned** - This means the offender should not be given a regular work assignment due to mental illness. (Offender may attend school or programs).
  3. **Sedentary Work Only** - Assign to work that is limited to a seating position and that does not require strenuous activity.
  4. **Four Hour Work Restriction** - May be assigned to any job commensurate with HSM-18 work restrictions for four hours only.
  6. **Excuse From School/Programming** - May not attend regular schooling due to medical or mental health conditions
  7. **Limited Standing** – Assign to work where offender may elevate lower extremities for 10 minutes each hour. If this is too restrictive, consider "Sedentary Work Only".
  8. **No Walking > ____ yards** – Indicate general distances (50, 100, 1000, etc.) which an offender should not exceed on the job due to physical limitations. This number should not be less than the distance required to sustain activities of daily living (distance to chow hall, shower, medical department.)
  9. **No Lifting > ____ lbs.** – Indicate the number of pounds the offender can safely lift in light of an existing impairment.
  10. **No Repetitive Bending at Waist** - Assign to work not requiring repetitive or frequent bending at waist. This applies to individuals with severe obesity, back problems, vertigo, etc
  11. **No Repetitive Squatting** - Assign to work not requiring *repetitive* or frequent bending of the knees. This applies to individuals with moderate to severe lower extremity arthritis, internal derangements of the knee, etc.

2

A-08.4 Attachment A
Effective: 2-15-2011      Reviewed: 02/11

12. **No Climbing** - Assign to work not requiring the use of ladders and/or scaffolding. This applies to individuals with unstable cardiovascular or pulmonary disease, severe joint problems, seizure disorders, etc. If lower row housing is medically necessary as indicated under II.C. #2 Ground Floor Only, then work assignment should also exclude jobs requiring the use of stairs, step stools, and/or steep inclines.
13. **Limited Sitting** - Assign to work where prolonged sitting is not required or where standing for at least 10 minutes every hour is allowed. This applies to individuals with severe hemorrhoidal disease, fractured coccyx, etc.
14. **No Reaching Over Shoulders** - This applies to individuals with shoulder functional restrictions.
15. **No Food Service** - This applies to individuals with diseases that could be transmitted via food products. See Infection Control Manual. Consult the office of Preventive Medicine as needed.
16. **No Repetitive Use of Hands** - Restrict from work requiring hand dexterity or grip strength and/or work, which causes or aggravates cumulative trauma syndromes of the hand. This applies to individuals with thumb or multiple finger amputations, carpal tunnel syndrome, severe hand or wrist joint problems, etc.
17. **No Walking on Wet, Uneven Surfaces** - Restrict from work routinely or frequently requiring walking on slippery, sticky, or uneven surfaces.
18. **Do Not Assign to Medical** - This applies to individuals who could be compromised by working around medically contaminated matter.
19. **No Work in Direct Sunlight** - This applies to individuals with conditions significantly aggravated by exposure to direct sunlight for which sunscreen and/or other protective clothing or equipment is inadequate. Also included are individuals on medications that predispose to serious sunlight reactions.
20. **No Temperature Extremes** - This applies to individuals with a history of heat stroke, Reynaud's Phenomenon, medication sensitivities, etc.
21. **No Humidity Extremes** - Restrict from work requiring exposure to very dry or very moist air. This applies to individuals with moderate to severe asthma. See Infection Control Manual.
22. **No Exposure to Environmental Pollutants** - Restrict from work in areas of high concentrations of pollen or dust. This applies to individuals with severe allergic rhinitis with recurrent sinusitis or conjunctivitis and/or moderate to severe reactive airway disease. This restriction is to be individualized and is not intended for all asthmatics or individuals with allergic rhinitis. See Infection Control Manual.
23. **No Work With Chemicals or Irritants** - Restrict from work exposure to identified irritants such as poison ivy, detergents and irritating fumes, smoke or chemicals. (Water is considered an irritant if prolonged exposure produces extreme skin reaction or disease.)
24. **No Work Requiring Safety Boots.**
25. **No Work Around Machines With Moving Parts** - This applies to individuals with seizure disorder or any condition (disease or pharmaceutically induced), which could impair alertness.
26. **No Work Exposure to Loud Noises** - This applies to individuals who require strict hearing conservation measures, individuals with severe anxiety disorders, etc.

IV. **Disciplinary Process:**
   A. **No restrictions** - This means that no special consideration needs to be made for health reasons prior to a disciplinary action being taken.
   B. **Consult representative of mental health department before taking disciplinary action** - This category should be checked for diagnosed psychiatric patients, mentally retarded offenders and for

3

A-08.4 Attachment A
Effective: 2-15-2011          Reviewed: 02/11

    individuals with certain psychological problems such as suicidal offenders at the discretion of the mental health team.
    C. **Consult representative of the medical department before taking disciplinary action.** Certain medical conditions (e.g. patients on dialysis, mobility impairments) may require special consideration prior to disciplinary actions. In these cases, the physician must note this in the health record.

V. **Individualized Treatment Plan** - This is the classification committee process which identifies areas of treatment, schooling, vocational training and job plan best suited to the individual rehabilitative effort. This treatment plan can be greatly impacted for offenders with significant physical or mental limitations (e.g., mobility, endurance, environmental or cognitive impairments).
    A. **No Restriction** - having no medical or mental health conditions requiring planning input.
    B. **Medical Representative Required** - due to significant medical restrictions, input is required.
    C. **Mental Health Representative Required** - due to significant mental illness, input is required.

VI. **Routine Transportation Restrictions**
    A. **No Restriction** - In terms of physical limitations, the offender may be transported routinely.
    B. **EMS Ambulance** - This applies to offenders with chronic medical/physical conditions that require skilled medical attendants during routine transport. This does not apply to all infirmary patients.
    C. **Wheelchair Van** - This applies to offenders who are wheelchair confined and can sit up unattended during routine transfers.
    D. **Multi-Patient Vehicle (MPV)** – The offender is not medically appropriate for chain bus, ambulance, unit van or wheelchair van. (MPV transportation is scheduled by UTMB clerical staff contacting UTMB Patient Evacuation Command Center.)

4

MCCOLLUM 055