UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 3:12-cv-02037 |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § | |

**PLAINTIFFS' REPLY TO MOTION TO COMPEL DEPOSITION OF UNIVERSITY OF TEXAS MEDICAL BRANCH**

The Court should grant Plaintiffs' motion to compel depositions of the University of Texas Medical Branch and Dr. Owen Murray.

UTMB and Murray are fact witnesses. But UTMB and Murray's primary argument is they should not be required to give depositions until their motions to dismiss are resolved. Even in the unlikely event the Court grants the motions to dismiss, Plaintiffs will still need to take these depositions. As the medical providers at the Hutchins State Jail, UTMB and Murray have important knowledge relevant to Plaintiffs' claims. For example, in their response, UTMB and Murray concede prisoners typically do not receive an intake physical until they have been in the prison for seven days. Critically, as UTMB now admits, the HSM-18 form which recommends housing for prisoners is not completed before the intake physical. Until this housing form is completed, prisoners with disabilities do not receive housing accommodations. For Mr. McCollum, that delay was fatal.

Moreover, UTMB and Murray's response illustrates exactly why these depositions are necessary. UTMB alleges its Exhibit 6 shows McCollum never received his medication at the Hutchins State Jail. First, the document does not say this. The document appears to be a blank form – even the "patient name" field is blank. Plaintiffs will need to depose a representative of UTMB, or Murray, to learn how this document shows McCollum did or did not receive his medication. Likewise, UTMB and Murray now contest McCollum suffered from diabetes. As UTMB's own forms[1] show McCollum told UTMB staff at the Hutchins State Jail he was diabetic, Plaintiffs need to depose someone to learn the basis for this argument.

Finally, to obstruct a deposition, UTMB and Murray need to show "extraordinary circumstances" justify denying Plaintiffs' access to proof. *See E.E.O.C. v. Greater Metroplex Interiors, Inc,* 2009 WL 412934*1 (N.D. Tex. 2009) (Kaplan, J.) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). UTMB and Murray fail to allege even ordinary circumstances that would justify quashing the depositions. In fact, UTMB's counsel previously represented she would produce these witnesses, and dates/locations were being negotiated.[2] Pending motions to dismiss do not justify delaying depositions of fact witnesses.

Date: September 24, 2013.

                Respectfully submitted,

                The Edwards Law Firm
                The Haehnel Building
                1101 East 11th Street
                Austin, TX 78702
                      Tel.   512-623-7727
                      Fax.   512-623-7729

                By    /s/ Jeff Edwards
                JEFF EDWARDS
                State Bar No. 24014406

---

[1] Exhibit 1, Correctional Managed Care Intake History and Health Screening for Larry McCollum.
[2] Exhibit 2, Email from Counsel for UTMB.

Lead Counsel

Scott Medlock
State Bar No. 24044783
Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Court's electronic filing system.

Bruce Garcia
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Kim Coogan
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Demetri Anastasiadis
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

                        By    /s/ Jeff Edwards
                        JEFF EDWARDS