IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE MCCOLLUM, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:12-CV-02037-L-BK |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
|     Defendants. | § | |

### ORDER

Pursuant to the District Court's *Order of Referral* (Doc. 76), this case is before the Court on Plaintiffs' *Motion to Compel* the depositions of non-parties, the University of Texas Medical Branch ("UTMB") and Owen Murray, M.D. (Doc. 75). As an initial matter, the filing of the motion to compel strongly suggests no agreement by Defendants to produce Dr. Murray for deposition. Absent service upon him of a subpoena as required by Rule 45(b) of the Federal Rules of Civil Procedure, the Court lacks authority to compel his appearance. Thus, Plaintiffs' motion to compel is **DENIED** as to Dr. Murray. Nothing in this Order precludes Plaintiffs from seeking Court intervention in the future, however, should Dr. Murray fail to comply with a properly-served subpoena.[1] To the extent set forth below, Plaintiffs' *Motion to Compel* is otherwise **GRANTED** for the reasons that follow.

UTMB argues that it should not have to provide a Rule 30(b)(6) witness until the Court rules on its pending Rule 12(c) motion to dismiss. (Doc. 86 at 4). It has pointed to no supporting

---

[1] Insofar as Plaintiffs contend that Dr. Murray should be UTMB's designated Rule 30(b) witness, Plaintiffs are not in a position to insist that Dr. Murray be designated as such. Rule 30(b)(6) provides that when a party names an entity as a deponent, "the named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . ." Plaintiffs can only advise the "nonparty organization of its duty to make this designation." FED. R. CIV. P. 30(b)(6).

legal authority, however, and the Court can conceive of no valid basis for postponing a deposition for that reason. Discovery is set to close on December 2, 2013, (Doc. 82), and there is no guarantee that a ruling will issue on UTMB's dispositive motion before that time. UTMB classifies its "primary" objection to the noticed deposition as the fact that it has not been told the basis for some of Plaintiffs' claims. (Doc. 86 at 4). Again, UTMB does not cite to any authority suggesting that it, as a non-party, has a right to know the "basis" for Plaintiffs' claims before responding to a discovery request. UTMB's duty in responding to Plaintiffs' Rule 30(b)(6) subpoena is limited to designating and producing a representative who will testify to the matters set forth in Plaintiffs' notice of deposition. FED. R. CIV. P. 30(b)(6).

Thus, UTMB is **ORDERED** to provide a corporate representative for deposition at such other time as UTMB and the parties may mutually agree, but no later than **November 5, 2013.**

Finally, UTMB requests that the Court rule on the objections it made to certain topics listed in Plaintiffs' Rule 30(b)(6) deposition notice. *Id.* (citing Doc. 64). Upon review, UTMB's objections to Topics 2, 5, 7, 13, 15, and 21 are overruled. UTMB's objection to Topic 11 is granted only to the extent that it is limited to complaints and grievances made to UTMD related to heat, extreme temperatures, heat-related illnesses, and air conditioning at TDCJ units at which UTMB provided medical care during the dates listed. UTMB's objections to Topics 23, 24, and 25 are granted to the extent that UTMB is not required to designate a medical expert to provide an expert opinion, but need only produce a corporate representative who can "testify about information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6).

Because the Court has concluded that UTMB's position was not wholly without merit, Plaintiffs' request for $1,425.00 in attorneys' fees associated with the filing of this motion is

**DENIED**.  FED. R. CIV. P. 37(a)(5)(C).

**SO ORDERED** on October 15, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE