# Exhibit 1

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION

STEPHEN McCOLLUM,                §
STEPHANIE KINGREY, AND           §
SANDRA McCOLLU,                  §
INDIVIDUALLY AND AS              §
HEIRS AT LAW TO THE              §
ESTATE OF LARRY GENE             §
McCOLLUM,                        § CIVIL ACTION NO.
        Plaintiffs,              § 3:12-CV-02037
                                 §
VS.                              §
                                 §
BRAD LIVINGSTON, JEFF            §
PRINGLE, RICHARD CLARK,          §
KAREN TATE, SANDREA              §
SANDERS, ROBERT EASON,           §
THE UNIVERSITY OF TEXAS          §
MEDICAL BRANCH AND THE           §
TEXAS DEPARTMENT OF              §
CRIMINAL JUSTICE,                §
        Defendants.              §
```

* * * * * * * * * * * * * * * * *

ORAL AND VIDEOTAPED DEPOSITION OF
RICHARD C. THALER
VOLUME 1

October 18, 2013

* * * * * * * * * * * * * * * * *

ORAL AND VIDEOTAPED DEPOSITION OF RICHARD C. THALER, produced as a witness at the instance of the PLAINTIFFS, and duly sworn, was taken in the above-styled and numbered cause on October 18, 2013, from 9:00 a.m. to 4:35 p.m., before Brenda J. Wright, RPR, CSR in and for the State of Texas, reported by machine shorthand, at the Office of the Attorney General, 300 West 15th Street, Suite 1200, Austin,

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 3 of 12   54

Stephen McCollum, et al. v.                        Richard C. Thaler
Brad Livingston, et al.                            October 18, 2013

1   A.   Yes, sir.
2   Q.   They work hand in hand, to your knowledge?
3   A.   As all division directors do, yes, sir.
4   Q.   Did Mr. Stephens function kind of as your
5   chief of staff in a way?
6   A.   I wouldn't say that. All three deputy
7   directors carried on different responsibilities and
8   covered different components of the Correctional
9   Institutions Division, so Mr. Stephens surely had his
10  portion of that.
11  Q.   Each of them collectively functioned as
12  essentially a chief of staff for you?
13  A.   Yes.
14  Q.   Fair?
15  A.   They reported -- I relied on them to -- to
16  bring issues to my attention that needed to be
17  addressed, yes, sir.
18  Q.   Okay. When a policy is finally made, is
19  Director Livingston -- does it require his approval?
20  A.   In -- there is different signatures, but in
21  most cases an administrative directive would be signed
22  by Mr. Livingston. There are some administrative
23  directives that would be signed by the executive
24  deputy director.
25  Q.   Would he be involved at all in -- did you

Case 4:14-cv-03253 Document 103-3 Filed on 12/04/13 in TXSD Page 4 of 12   55

Stephen McCollum, et al. v.                    Richard C. Thaler
Brad Livingston, et al.                        October 18, 2013

1  ever -- I mean, did you have personal conversations
2  with Director Livingston about the extreme heat inside
3  the Texas prison system, generally?
4       A.   In general, particularly in -- as we went
5  into each seasonal year, we surely generated the
6  initial notification to all staff.  There, I'm sure,
7  were conversations that we had as we were going into
8  each seasonal period where I would assure
9  Mr. Livingston that directions were put out to the
10 field and training was being conducted.  As we had the
11 incidents occur in 2011, I would have surely discussed
12 with Mr. Livingston the subject matter of the
13 incidents that were occurring and steps that were
14 being taken to address the issue.
15      Q.   Okay.  So the individuals that died in --
16 well, when did you take over your job as --
17      A.   2009.
18      Q.   2009.  Okay.  So any offender death that was
19 linked to hyperthermia, you would have discussed that
20 with Director Livingston?
21      A.   I can't say that I discussed specific
22 individual incidents with Mr. Livingston in all cases.
23 In some cases, the cause of death wasn't identified
24 until sometime after -- after the incident.  But the
25 general subject matter about, as Health Services

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 5 of 12   56

Stephen McCollum, et al. v.                    Richard C. Thaler
Brad Livingston, et al.                         October 18, 2013

1  Division provided information that we were dealing
2  with deaths as a result of hyperthermia, the general
3  subject matter surely would have been discussed with
4  Mr. Livingston.
5      Q.   Okay.  And even before you discussed deaths
6  due to hyperthermia with Mr. Livingston, do you know
7  if he was knowledgeable about the dangers extreme heat
8  posed to inmates in the Texas prison system?
9      A.   I can't speak for Mr. Livingston.
10     Q.   Would you expect him to be knowledgeable
11 about the dangers of extreme heat in the Texas prison
12 system?
13     A.   I would expect that Mr. Livingston is
14 knowledgeable about many things, but I can't speak to
15 what his knowledge level was in any particular area.
16     Q.   Well, you train all of your officers, from
17 the lowest correctional officer up until yourself,
18 heading the Correctional Institutional Division --
19     A.   Right.
20     Q.   -- about the dangers of extreme heat in the
21 prison system.  Right?
22     A.   Yes, sir.
23     Q.   Wouldn't you expect the executive director
24 of the prison system to be equally knowledgeable about
25 those policies and problems?

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 6 of 12   84

Stephen McCollum, et al. v.  Richard C. Thaler
Brad Livingston, et al.  October 18, 2013

1  A. I believe it's a million dollars. I believe
2  it's a million dollars.
3  Q. As -- anything under a million dollars,
4  Director Livingston, yourself, the
5  Facilities Division, you guys have the power to make
6  that happen without Board approval?
7        MS. COOGAN: Objection. Incomplete
8  hypothetical.
9  Q. (BY MR. EDWARDS) Is that true?
10        MS. COOGAN: Objection. Incomplete
11  hypothetical.
12  A. I believe so.
13  Q. (BY MR. EDWARDS) All right. And somewhat
14  above a million dollars, you believe the board -- the
15  Board of Corrections would need to approve that.
16  Correct?
17  A. Correct.
18  Q. Okay. Other than the extra step of Board of
19  Corrections approval, assuming that we're above the
20  million dollar mark, are there any other steps that
21  need to happen at the -- at the below-board approval
22  for a million dollar-plus expenditure?
23  A. When you say "other steps," are you talking
24  about steps within the divisions or approval --
25  Q. You rolled through kind of like how the

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 7 of 12   175

Stephen McCollum, et al. v.                    Richard C. Thaler
Brad Livingston, et al.                        October 18, 2013

1  Executive Director.
2      Q.  And it is my understanding that you wrote
3  this letter.
4      A.  No, sir, I did not.
5      Q.  Okay. Did Mr. Livingston write this letter,
6  then, to the best of your knowledge?
7      A.  I could not speak to who wrote this letter.
8      Q.  Is that his signature?
9      A.  I would assume it's his signature.
10     Q.  Have you ever seen his signature before?
11     A.  I have, but to be honest with you, I don't
12 recall what it looks like.
13     Q.  All right. Okay. Well, at least in this
14 letter it looks like Mr. Livingston is talking about
15 system-wide protocols and what the -- the system is
16 doing to protect inmates from the dangers of heat. Is
17 that your -- is that a fair reading of this document?
18     A.  I'm reading over it.
19         That appears to be what is being
20 addressed.
21     Q.  Since you did not author this, I guess would
22 it be better for us to ask questions of Director
23 Livingston about this letter?
24     A.  I don't know who would be better to offer --
25 to ask the questions of, but I can't tell you who

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 8 of 12

Stephen McCollum, et al. v.                                Richard C. Thaler
Brad Livingston, et al.                                    October 18, 2013

1   A.   Again, I would --

2   Q.   (BY MR. EDWARDS)  In your opinion?

3   A.   I would assume that Mr. Livingston had continued conversations with the legislative officials and wouldn't assume that this is the only discussion that he had.

7   Q.   All right. Well, that's a good point. Based on your knowledge of Director Livingston and policy making functioning at the department, with the legislature, fair to say that this is not the -- this is not the only discussion that Director Livingston and his staff would have had with members of the legislature about heat-related issues?

14              MR. GARCIA:  Objection. Speculation.

15  A.   Again, I would --

16  Q.   (BY MR. EDWARDS) Based on your knowledge?

17  A.   I would be speculating. I don't know of any specific other discussion that any individual had, but I would presume that there might have been some.

20  Q.   You would expect there to be continuing discussion about this issue because of its import?

22              MR. GARCIA:  Objection. Speculation.

23  A.   Again, that would have to be an assumption.

24  Q.   (BY MR. EDWARDS) Okay. Did you have ongoing conversations with members of the legislature

WRIGHT WATSON & ASSOCIATES
(800) 375-4363   3307 Northland Dr., Ste. 185  Austin, TX 78731-4946   (512) 474-4363
e4b80f89-fea3-48f6-8dfc-0e54f7ce7f83

183

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 9 of 12   268

Stephen McCollum, et al. v.                    Richard C. Thaler
Brad Livingston, et al.                         October 18, 2013

```
 1            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
 2                     DALLAS DIVISION

 3   STEPHEN McCOLLUM,           §
     STEPHANIE KINGREY, AND      §
 4   SANDRA McCOLLU,             §
     INDIVIDUALLY AND AS         §
 5   HEIRS AT LAW TO THE         §
     ESTATE OF LARRY GENE        §
 6   McCOLLUM,                   § CIVIL ACTION NO.
            Plaintiffs,          § 3:12-CV-02037
 7                               §
     VS.                         §
 8                               §
     BRAD LIVINGSTON, JEFF       §
 9   PRINGLE, RICHARD CLARK,     §
     KAREN TATE, SANDREA         §
10   SANDERS, ROBERT EASON,      §
     THE UNIVERSITY OF TEXAS     §
11   MEDICAL BRANCH AND THE      §
     TEXAS DEPARTMENT OF         §
12   CRIMINAL JUSTICE,           §
            Defendants.          §
13
     *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
14                 REPORTER'S CERTIFICATION
            ORAL AND VIDEOTAPED DEPOSITION OF
15                   RICHARD C. THALER
                        VOLUME 1
16                   October 18, 2013
     *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
17         I, BRENDA J. WRIGHT, Certified Shorthand

18   Reporter in and for the State of Texas, hereby certify

19   to the following:

20         That the witness, RICHARD C. THALER, was duly

21   sworn by the officer and that the transcript of the

22   oral deposition is a true record of the testimony

23   given by the witness;

24         I further certify that pursuant to Federal

25   Rules of Civil Procedure, Rule 30(e)(1)(A) and (B) as
```

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 10 of 12   269

Stephen McCollum, et al. v.                    Richard C. Thaler
Brad Livingston, et al.                         October 18, 2013

well as Rule 30(e)(2) that the signature of the deponent:

__X__ was requested by the deponent and/or a party before completion of the deposition and is to be returned within 30 days from date of receipt of the transcript. If returned, the attached Changes and Corrections and Signature pages contain any changes and the reasons therefor;

____ was not requested by the deponent and/or a party before the completion of the deposition.

That $_____ is the deposition officer's charges for preparing the original deposition transcript and any copies of exhibits, charged to PLAINTIFFS;

That pursuant to information given to the deposition officer at the time said testimony as taken, the following includes all parties of record:

For the Plaintiffs:
    Mr. Jeff Edwards
    THE EDWARDS LAW FIRM
    The Haehnel Building
    1101 East 11th Street
    Austin, Texas 78702
    512-623-7727/512-623-7729 (fax)
    jeff@edwards-law.com
        -and-
    Mr. Scott Medlock
    TEXAS CIVIL RIGHTS PROJECT
    1405 Montopolis Drive
    Austin, Texas 78741
    512-474-5073/512-474-0726 (fax)

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 11 of 12   270

Stephen McCollum, et al. v.                    Richard C. Thaler
Brad Livingston, et al.                        October 18, 2013

| | |
|---|---|
| 1 | For the Defendants Jeff Pringle, Richard Clark, Karen Tate, Sandrea Sanders, Robert Eason and Texas |
| 2 | Department of Criminal Justice: |
| |     Mr. Bruce R. Garcia |
| 3 |     Assistant Attorney General |
| |     OFFICE OF THE ATTORNEY GENERAL OF TEXAS |
| 4 |     Law Enforcement Defense Division 012 |
| |     Post Office Box 12548 |
| 5 |     300 West 15th Street |
| |     Austin, Texas 78711-2548 |
| 6 |     512-463-2080/512-495-9139 (fax) |
| |     bruce.garcia@texasattorneygeneral.gov |
| 7 | |
| | For the Defendants Brad Livingston, William Stephens |
| 8 | and Richard Thaler: |
| |     Mr. Demetri Anastasidis |
| 9 |     Assistant Attorney General |
| |     OFFICE OF THE ATTORNEY GENERAL OF TEXAS |
| 10 |     Law Enforcement Defense Division 012 |
| |     Post Office Box 12548 |
| 11 |     300 West 15th Street |
| |     Austin, Texas 78711-2548 |
| 12 |     512-463-2153/ 512-495-9139 (fax) |
| |     demitri.anastasidis@texasattorneygeneral.gov |
| 13 | |
| | For the Defendant University of Texas Medical Branch: |
| 14 |     Ms. Kim Coogan |
| |     Assistant Attorney General |
| 15 |     OFFICE OF THE ATTORNEY GENERAL OF TEXAS |
| |     Law Enforcement Defense Division |
| 16 |     Post Office Box 12548 |
| |     Austin, Texas 78711-2548 |
| 17 |     512-463-2080/512-495-9139 (fax) |
| |     kim.coogan@texasattorneygeneral.gov |
| 18 | |
| 19 |     I further certify that I am neither attorney |
| 20 | nor counsel for nor related to nor employed by any of |
| 21 | the parties to the action in which this deposition is |
| 22 | taken; |
| 23 |     Further, I am not a relative nor an employee of |
| 24 | any attorney of record in this cause, nor am I |
| 25 | financially or otherwise interested in the outcome of |

Case 4:14-cv-03253   Document 103-3   Filed on 12/04/13 in TXSD   Page 12 of 12   271

Stephen McCollum, et al. v.                    Richard C. Thaler
Brad Livingston, et al.                        October 18, 2013

```
 1  the action.
 2          Certified to by me this 29TH day of OCTOBER,
 3  2013.                    [signature: Brenda J. Wright]
 4                           _____
                             BRENDA J. WRIGHT, Texas CSR No. 1780
 5                           Expiration Date:  12-31-14
                             WRIGHT WATSON & ASSOCIATES
 6                           Firm Registration No. 225
                             Expiration Date:  12-31-13
 7                           3307 Northland Drive
                             Suite 185
 8                           Austin, Texas  78731
                             512-474-4363/51-474-8802 (fax)
 9                           www.wrightwatson.com
    JOB NO. 131018BJW
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```