# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Stephanie McCollum, *et al.*, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02037 |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | JURY DEMAND |

### DEFENDANT BRAD LIVINGSTON'S RESPONSES TO PLAINTIFF SANDRA McCOLLUM'S FIRST SET OF REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION AND INTERROGATORIES

TO: Jeff Edwards, The Edward Law Firm, The Bremond Houston House, 706 Guadalupe, Austin, Texas 78701; Scott Medlock, Brian McGiverin, James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Eliot Shavin, 2600 State Street, Dallas, Texas 75204

COMES NOW the Defendant, Brad Livingston, by and through counsel, the Texas Attorney General's Office, and offers the following **Defendant Brad Livingston's Responses to Plaintiff Sandra McCollum's First Set of Requests for Admission, Requests for Production and Interrogatories**.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ B. R. G.
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No. 07631060

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON AND JEFF PRINGLE**

## CERTIFICATE OF SERVICE

I, BRUCE R. GARCIA, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Brad Livingston's Responses to Plaintiff Sandra McCollum's First Set of Requests for Admission, Requests for Production and Interrogatories** has been served by placing same in the United States Mail, postage prepaid, on March 25, 2013 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

/s/ B. R. G.
**BRUCE R. GARCIA**
Assistant Attorney General

## FIRST SET OF INTERROGATORIES

1.  Identify all steps you took to protect inmates in TDCJ facilities from heat indexes above 90 degrees from January 1, 2007 to present.

**RESPONSE:** OBJECTION, Over broad and not reasonably limited in scope or time. For steps taken to protect inmates at the Hutchins State Jail from heat indexes above 90 degrees from January 1, 2009 to present see documents previously produced in accordance with Plaintiffs' previous requests for production and deposition testimony of Warden Jeff Pringle.

See also heat safety training and circulars produced in response to Plaintiff Stephen McCollum's First Request for Production to TDCJ, numbers 3-5.

Subject to the previous answers and without waiving all previous objections,

The Agency takes the following measures. Each year in April, the Agency has mandatory heat precaution training for all staff and offenders. Each shift supervisor was instructed to discuss heat awareness and warning signs at shift turn outs during the summer months. Heat awareness, warning signs, and hydration memos were placed throughout the facility for staff and offenders. Shower temperatures were lowered and showers times were extended. Water coolers with ice were place in the dorms during summer months. Water is made available during meal times. Staff was instructed that offenders identified or requested relief from the heat were allowed to sit in cooler areas. Work shifts are reduced or cancelled and offenders are allowed to wear less clothing in the housing areas. Allowing fans in all custody levels, permitting offenders to purchase a fan if they do not have one, and ensuring a program is in place allowing the permanent issue of a fan to an offender who is indigent with priority to offenders with significant medical needs that are negatively impacted by the heat. Air flow and fresh air exchange is increased to assist in the movement of air. The procedures are reviewed continually by TDCJ staff.

2.  Identify all people you discussed heat, high temperatures, heat indexes, or air conditioning in inmate housing areas in TDCJ facilities with from January 1, 2007 to the present.

**RESPONSE:** Objection, over broad as to time. From 2009 to present I have had periodic discussions concerning high temperatures in inmate housing areas in TDCJ facilities with Jeff Baldwin, Rick Thaler, Jerry McGinty, Jackie Edwards, Oscar Mendoza, Dr. Lanette Linthicum and Bryan Collier.

3.  Identify all people you consulted or conferred with before writing your August 16, 2011 letter to Rep. Sylvester Turner (Plaintiffs' Bates Nos. 000026-27). If you did not write the letter, please identify who did.

**RESPONSE:** The letter was drafted by Jeff Baldwin, with assistance from Jerry McGinty and Rick Thaler.

4. Identify all people who authored, developed, consulted on, conferred about or otherwise contributed to drafting Administrative Directive AD-10.64 (rev. 5) (Sept. 19, 2006): Temperature Extremes in the TDCJ Workplace (Bates Nos. TDCJ – RFP #3 – 6-13).

**RESPONSE:** I have no personal knowledge of who authored, developed, consulted on, conferred about or contributed to drafting Administrative Directive AD-10.64 (rev. 5). The Administrative Directive would have been proposed by a division and staffed through all TDCJ division heads in accordance with Executive Directive 01.21 (rev. 4) April 19, 2002, entitled "TDCJ Policies and Procedures System." After review, and resolution of any concerns from division heads, the Administrative Directive would have been staffed through the Deputy Director at the time, Ed Owens, for his or my signature.

5. Identify all people who authored, developed, consulted on, conferred about or otherwise contributed to drafting Correctional Managed Health Care Policy Manual B-15.2 (Revised 11/07).

**RESPONSE:** I have no personal knowledge of who drafted Correctional Managed Health Care Policy Manual B-15.2 (Revised 11/07).

6. Describe in detail the process for making capital improvements at prisons (including installation of air conditioning). A response to this interrogatory requires a detailed description of how capital improvements are approved, including whose approval is required before capital improvements are made.

For purposes of this interrogatory, "capital improvements" includes any new construction, and any additions to existing structures beyond normal maintenance and repair.

**RESPONSE:** Objection, over broad in scope. See attached Executive Directive 10.06 (rev. 4), February 27, 2004, entitled, "Construction, Maintenance, Renovation, or Alteration of TDCJ Facilities."

7. Describe in detail any process for making sure conditions in TDCJ facilities satisfy constitutional minimums.

**RESPONSE:** Objection overbroad and undue burden, vague as to the term "constitutional minimums," not reasonably limited in scope or time, and not calculated to lead to the discovery of admissible evidence. Without further clarification from plaintiff regarding what "conditions" they are referring to, defendant cannot answer this interrogatory.