UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-02037 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN RESPONSE TO LIVINGSTON'S MOTION TO DISMISS**

Plaintiffs advise the Court of persuasive authority supporting their response to Defendant Brad Livingston's motion to dismiss Plaintiffs' complaint (Doc. 85).

On December 19, 2013, Judge Brian A. Jackson of the Middle District of Louisiana granted injunctive relief to prisoners on Louisiana's Death Row who were routinely exposed to high indoor heat indexes because the prison did not have air conditioning. Judge Jackson ordered the Louisiana prison system to "immediately lower and maintain the heat index in the [prison] at or below 88 degrees Fahrenheit" and maintain temperatures below 88 from April 1 to October 1 each year. *Bell v. LeBlanc*, No. 3:13-cv-00368-BAJ, Doc. 87 (M.D. La. Dec. 13, 2013).

Notably, though Mr. McCollum suffered from the same medical conditions as the Louisiana prisoners, the heat indexes at issue here are much higher. *See e.g., id.*, p. 18. In

*Bell*, the court was (correctly) concerned that indoor heat indexes exceeded 104. *Id.*, p. 25 ("on every single day during the collection period, inmates housed in [the prison] were subjected to heat indices in the National Oceanic and Atmospheric Administration's National Weather Service's 'extreme caution' zone or higher"). But here the Amended Complaint alleges heat indexes inside the Hutchins Unit exceeded 120 – NOAA's danger and *extreme danger* zones – and that prison authorities recorded heat indexes as high as 150. (Amd. Complaint, Doc. 43, ¶ 44).[1]

The order discusses numerous previous decisions making it clear that this is not a novel theory, and that many other courts have entered similar remedial orders. *Bell*, p. 79-82.

Moreover, Judge Jackson made it very clear the prison's "purported financial hardships can never be an adequate justification for depriving any person of his constitutional rights." *Id.*, p. 95 (citing *Udey v. Kastner*, 805 F.2d 1218, 1220 (5th Cir. 1986)).

Thus, Plaintiffs request this Court follow Judge Jackson and deny Livingston's motion to dismiss Plaintiff's §1983 claims.

---

[1] Though Judge Jackson dismissed the Louisiana plaintiffs' Americans with Disabilities Act and Rehabilitation Act claims, he did so only because they did not present evidence of their impairments at trial – "While the Court has no doubt that such diseases may limit one or more of Plaintiff's major life activities, the record is void of any *evidence* to support such a conclusion." *Bell*, p. 92.  Here, Plaintiffs have alleged Plaintiffs' disabilities impacted major life activities and Defendants UTMB and TDCJ correctly do not challenge that McCollum was a qualified individual with a disability under the Acts.

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
    Tel.   512-623-7727
    Fax.  512-623-7729

By    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.