UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, | § § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-cv-02037 |
| | § | |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § | |
| DEFENDANTS | | |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND
MOTION TO QUASH UNAUTHORIZED DEPOSITIONS**

Defendant UTMB recently served deposition notices on Plaintiffs Stephen McCollum and Stephanie Kingrey, children of the deceased. Both Mr. McCollum and Ms. Kingrey have been deposed before, but UTMB never sought the Court's leave to depose them a second time. Plaintiffs respectfully ask the Court to grant a protective order terminating these depositions, and to quash the attached *subpoenas duces tecum*.

FACTS

Stephen McCollum and Stephanie Kingrey are the adult children of the decedent Larry McCollum, who died from extreme heat in the Hutchins State Jail. They were both deposed on November 22, 2013: Stephen for 1 hour, 47 minutes[1] and Stephanie for 1 hours and 57 minutes.[2] Defendant UTMB's counsel was among three defense attorneys who examined Mr. McCollum and Ms. Kingrey.

---

[1] *See* Exhibit 1, Deposition of Stephen McCollum.
[2] *See* Exhibit 2, Deposition of Stephanie Kingrey.

On January 22, 2014, Defendant UTMB sent new Notices of Deposition to Mr. McCollum and Ms. Kingrey, ordering them to appear for depositions on February 10,[3] at 1:00 pm and 3:00 pm, respectively.[4]   *Subpoenas Duces Tecum* were attached, demanding the Plaintiffs' produce:

1. Birth certificates
2. Diaries
3. Medical records
4. Grievances, letters, and other communications
5. Photographs, videotapes and audiotapes that "accurately reflect [Larry McCollum's] life or personality."
6. Correspondence
7. Releases to the Social Security Administration for disability earnings
8. Releases to the Social Security Administration for social security records.

Defendant UTMB did not first seek the Court's leave to perform these additional depositions.

<u>ARGUMENT</u>

<u>Defendant Did Not Seek Leave from the Court</u>

"A party *must* obtain leave of court" to depose a person who has already been deposed once in that case. Fed. R. Civ. Proc. 30(a)(2)(ii) (emphasis added).  A party may only depose a person more than once if the Court finds:

- it would be not be unreasonably cumulative or duplicative;
- the information sought cannot be obtained from other, more convenient sources;
- the party requesting the deposition did not have ample opportunity to obtain the information already; and
- the burden and expense do not outweigh the likely benefit.

---

[3] Even leaving aside the propriety of the proposed depositions, Plaintiffs' counsel is unavailable on this date UTMB selected. Lead counsel will be travelling to San Francisco for a dispositive motion hearing on February 11, 2014 in the class action *Opperman v. Path, Inc.*, 13-cv-00453-JST (N.D. Cal.). Plaintiffs' co-counsel is set for a hearing in *Tidwell v. City of Round Rock*, 1:13-cv-00965-LY (W.D. Tex.) on February 10, 2014.

[4] Exhibit 3, Notice of Deposition of Stephen McCollum; Exhibit 4, Notice of Deposition of Stephanie Kingrey.

Fed. R. Civ. Proc. 26(b)(2). *Kleppinger v. Texas Dept. of Transp.*, 283 F.R.D. 330, 332 (S.D.Tex. 2012); *see also Byers v. Navarro County*, 2011 WL 4367773 *1 (N.D.Tex. 2011).  Moreover, to take a second deposition, the movant must also typically show the witness was "inhibited from providing full information at the first deposition" or new information has come to light since the deposition for the first time in the litigation.  *Kleppinger*, 283 F.R.D. at 333.

It is significant that the party seeking the Court's leave has burden to make this showing. The burden was placed on movants by the 1993 Amendments to the Rules. *Id.* at 332.  Prior to the 1993, it was the respondent's duty to show "good cause" to prevent a second deposition. *Id*. at 332 n.2. The choice to saddle a party with the burden, in any given context, is a policy decision. *See Keyes v. School Dist. No. 1, Denver, Colo*., 413 U.S. 189, 209 (1973); *see also Texas Dept. of Community Affairs v. Burdine*, 450 US 248, 253 (1981). The Advisory Committee has decided it is more reasonable for the party seeking extra depositions to bear the burden of nonpersuasion.

### Defendant is Unlikely to Satisfy Its Burden

Even if Defendant UTMB had properly sought leave to take additional depositions of Mr. McCollum and Ms. Kingrey, it is unlikely it could have satisfied its burden under 26(b)(2). Defendant voluntarily limited itself to just a few dozen minutes of examination in the first depositions.  If it wished to learn more, it voluntarily relinquished its opportunity.  The Rules do not permit Defendant to cavalierly pursue burdensome, duplicative deposition testimony at a whim.

### CONCLUSION

For these reasons, the Court should issue a protective order, terminating the noticed depositions.

Dated: February 3, 2014

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
  Tel. 512-623-7727
  Fax. 512-623-7729

By  /s/ Jeff Edwards     
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
c/o TRLA 4920 N. I-35
Austin, TX 78751
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS


CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

<u>CERTIFICATE OF CONFERENCE</u>

By my signature above, I certify that I conferred with counsel for UTMB in a good faith effort to resolve this dispute without the court's intervention. UTMB's counsel could not produce any authority showing a second deposition was proper in these circumstances, necessitating the motion for protective order.