IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN McCULLOM, *et al.*, § | |
| *Plaintiffs*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, § | |
| *Defendants*. § | |

**DEFENDANT UTMB'S AMENDED MOTION TO DISMISS UNDER FRCP 12(c)**

NOW COMES Defendant the University of Texas Medical Branch (UTMB), by and through its Attorney, the Attorney General for the State of Texas, and submits this **Defendant UTMB's Amended Motion To Dismiss Under FRCP 12(c)**. In support thereof, the Defendant respectfully offers the following:

Plaintiffs filed their original complaint against defendant Texas Department of Criminal Justice on June 26, 2012. Plaintiffs filed their Second Amended Complaint against UTMB on January 31, 2013.

In their Second Amended Complaint, plaintiffs allege that defendants UTMB and TDCJ "housed Mr. McCollum in a brutally hot prison cell, causing him to suffer a fatal heat stroke, and failed to contact 911 for 54 minutes as he lay dying before them". Plaintiffs' Amended Complaint at page 1. Regarding defendant UTMB, plaintiffs allege that McCollum arrived at the TDCJ Hutchins unit on July 12, 2011. D.E. 119. They allege that he was triaged by a nurse, and his medical file was sent to UTMB physician Babbili who, without seeing the patient, prescribed medication. Plaintiffs allege that approximately one week later, the temperatures in the prison,

1

along with the effects of the medication, caused Mr. McCollum's death. Plaintiffs' only allegations against UTMB are under the Americans With Disabilities Act and Federal Rehabilitation Act. Plaintiffs seek against UTMB declaratory, compensatory and nominal relief under federal law. D.E. 119 at ¶160.

Title II of the ADA provides that "no otherwise qualified individual with a disability in the United States, as defined in section [29 USCS § 705(20)], shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." "[Q]ualified individual with a disability'" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2).

In their Amended Complaint, plaintiffs fail to allege that McCollum was denied the benefit of any identified program, service or benefit which had been provided to other prisoners but not to him, or to otherwise allege discrimination based *solely* on his asserted disability. Without deciding whether McCollums's medical condition actually constituted a disability under law, which defendant denies, plaintiffs have failed to plead that McCollum was discriminated against in any way, that he was housed differently from other inmates, or even housed differently than other inmates with the same or similar medical conditions. Plaintiffs have failed to plead that any UTMB employee established a physician-patient relationship with McCollum, or to identify any UTMB employee whom they claim *intentionally discriminated* against McCollum,

2

as required in order to receive an award of compensatory damages. *Guardians Assoc. v. Civil Service Comm.*, 463 U.S. 582 (1983).

In addition, plaintiffs seek declaratory relief, but do not allege that any specific policy of UTMB is unconstitutional or in violation of the ADA or Rehabilitation Act. Without identifying a specific policy, the Court cannot grant plaintiffs the request they seek, and they do not make a proper claim.

For these reasons, defendant UTMB pleads that plaintiffs have failed to state a claim under the ADA for which relief can be granted, and ask that the claims against it be dismissed.

WHEREFORE PREMISES CONSIDERED, defendant UTMB prays that the claims against it be dismissed with prejudice, and moves for judgment on the pleadings.

> Respectfully submitted,
>
> GREG ABBOTT
> Attorney General of Texas
>
> DANIEL T. HODGE
> First Assistant Attorney General
>
> DAVID C. MATTAX
> Deputy Attorney General for Defense Litigation
>
> KAREN D. MATLOCK
> Assistant Attorney General
> Chief, Law Enforcement Defense Division
>
> /s/KIM COOGAN
> KIM COOGAN
> Assistant Attorney General
> State Bar No. 00783867
> P. O. Box 12548, Capitol Station
> Austin, Texas  78711
> (512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT**
**UNIVERSITY OF TEXAS MEDICAL BRANCH**

## NOTICE OF ELECTRONIC FILING

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant UTMB's Amended Motion to Dismiss Under FRCP 12(c)** to the Court, on February 6, 2014 in the Northern District of Texas, Dallas Division.

/s/ KIM COOGAN
**KIM COOGAN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant UTMB's Amended Motion to Dismiss Under FRCP 12(c)** has been served by placing same in the United States Mail on this the 6th day of February, 2014, addressed to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Bruce R. Garcia                              *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

Johnathan Stone                              *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

4

5

Demetri Anastasiadis	*Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General