UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, <br>         PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br>         DEFENDANTS | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 <br> JURY DEMAND |

**PLAINTIFFS' EMERGENCY OPPOSED MOTION TO DEPOSE UNIVERSITY OF TEXAS MEDICAL BRANCH'S EXPERT WITNESS, GLENDA ADAMS, OR TO EXCLUDE ADAMS' EXPERT TESTIMONY**

  Plaintiffs' respectfully request the Court order the University of Texas Medical Branch's to produce its expert witness, Dr. Glenda Adams, M.D. for deposition, because Defendant's counsel has refused to do so until ordered by the Court. In the alternative, Plaintiffs ask the Court to exclude Adams' expert testimony. UMTB is opposed to this motion.

SUMMARY OF THE MOTION

  Defendant UTMB refuses to produce its expert witness for deposition unless ordered to do so by this Court, and proposes the expert be paid $700/hour for testimony. Because Plaintiffs have not taken the expert's deposition before (as she was previously only designated as a Rule 30(b)(6) representative), leave should not be required. But, if

the Court believes leave is required, it should be granted to Plaintiffs because to deny them the opportunity to depose UTMB's expert would thwart the purposes of discovery and encourage gamesmanship.

Furthermore, UTMB no claims to require Dr. Adams be paid $700 per hour before it will produce her for deposition, even though Dr. Adams is a UTMB employee. Under these circumstances, because Dr. Adams is serving as UTMB's "own expert," payment should not be required.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs are the surviving family of Larry McCollum. McCollum died of heat stroke while imprisoned in the Texas Department of Criminal Justice's Hutchins State Jail due to the extreme temperatures prisoners are routinely subjected to during the hot Texas summer. Plaintiffs have sued UTMB because it is the medical provider at the prison, and failed to accommodate McCollum's disabilities to protect him from harm.

On November 19, 2013, Plaintiffs took the deposition of UTMB's designated Rule 30(b)(6) representative, Dr. Glenda Adams. *See* Exhibit 1. On January 15, 2014, UTMB designated Dr. Adams as its expert witness. *See* Doc. 114. Though Dr. Adams was deposed as UTMB's representative, not as an expert witness, UTMB now refuses to produce her for deposition without Plaintiffs obtaining leave of the Court pursuant to Rule 30(a)(2)(A)(ii), claiming Dr. Adams has "already been deposed" within the meaning of the rule. *See* Exhibit 2, Correspondence with UTMB's Counsel.

During the Rule 30(b)(6) deposition, UTMB's counsel objected multiple times claiming that Dr. Adams had not been produced as an expert witness, and instructed her not to answer questions about the matters she will now testify about as an expert. *See*

Exhibit 1, 17:11-13 ("She's not here to testify as an expert on the effects of these medical conditions. That's not why she's here, and so she won't be doing that."); 43:23-44:19: (Instructing witness not to answer and asserting "she is not here in any capacity to be an expert on medical issues for you. She is here pursuant to a 30(b)(6) … and that's what she's going to testify about, and all she's going to testify about.")

Furthermore, Dr. Adams is a salaried UTMB employee. But her attorneys now claim she is being paid $700/hour to testify as an expert witness in this case. UTMB did not disclose this (or any other) rate in Dr. Adams' expert designation. The rate is also far higher than other experts in correctional medicine reasonably charge.

Rather than move for protection from the Court, UTMB has refused to produce Dr. Adams for deposition on February 26, 2014 (a date available to the parties) unless Plaintiffs obtain leave of the Court. The discovery deadline in this case is March 3, 2014, and the deadline to file *Daubert* motions is March 17, 2014. The case is set for trial the first week of August 2014.

Accordingly, out of an abundance of caution, Plaintiff asks the Court to order Dr. Adams to appear for deposition, or be excluded from testifying at trial in this case as an expert. Plaintiffs also seek attorneys' fees and costs associated with filing this motion.

ARGUMENT

*1.    Plaintiffs are Entitled to Take Dr. Adams' Expert Deposition*

A Rule 30(b)(6) deposition does not mean a witness has "already been deposed" when the same witness is asked to testify in a different capacity. *See In re C.R. Bard, Inc. Pelvic Repair Systems Product Liability Litigation*, 2013 WL 1722998, *1 (S.D. W.Va. April 22, 2013). "A Rule 30(b)(6) designee speaks as the corporation and testifies

3

regarding the knowledge, perceptions, and opinions of the corporation. However, when the same deponent testifies in his individual capacity, he provides only his personal knowledge, perceptions, and opinions." *Id*. (citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996)). "[C]ourts have consistently held that the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same—or another—individual as a corporate representative to give a Rule 30(b)(6) deposition. Indeed, Rule 30(b)(6) itself contemplates both individual and corporate depositions, stating '[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.'" *In re Motor Fuel Temperature Sales Practices Litig.*, 2009 WL 5064441, *2 (D. Kan. Dec. 16, 2009). In short, Plaintiffs have not previously deposed Dr. Adams, they have deposed UTMB.

Thus, Plaintiffs are entitled to take Dr. Adams' expert deposition pursuant to Rule 30(b)(1) "even if [her] depositions would be repetitive, [because her] testimony was not in the same capacity with regard to the 30(b)(6) deposition." *See Issaquena and Warren Counties Land Co., LLC v. Warren Co.*, 2011 WL 6092450, *4 (S.D. Miss. Dec. 7, 2011).[1]

Furthermore, Rule 26(b)(4)(A) states expert depositions "may be conducted only after the [expert] report is provided." As Dr. Adams' report was not produced until well after her deposition, the Rules prohibited Plaintiffs from deposing her as an expert at that time.

Therefore, UTMB should be required to produce Dr. Adams for her expert deposition, or Dr. Adams should be excluded as an expert.

---

[1] Of course, Plaintiffs have no desire to take cumulative depositions, but only seek to discover Dr. Adams' expert opinions that they were precluded from exploring at the Rule 30(b)(6) deposition.

  *2.*  *To the Extent Leave is Required, it Should be Granted*

If, in the alternative, the Court does believe leave is required, Plaintiffs should still be allowed to take Dr. Adams' expert deposition. A party may depose a person more than once if the Court finds:

- it would be not be unreasonably cumulative or duplicative;

- the information sought cannot be obtained from other, more convenient sources;

- the party requesting the deposition did not have ample opportunity to obtain the information already; and

- the burden and expense do not outweigh the likely benefit.

Fed. R. Civ. Proc. 26(b)(2). *Kleppinger v. Texas Dept. of Transp.*, 283 F.R.D. 330, 332 (S.D.Tex. 2012); *see also Byers v. Navarro County*, 2011 WL 4367773, *1 (N.D. Tex. 2011). To take a second deposition, the movant must also typically show the witness was "inhibited from providing full information at the first deposition" or new information has come to light since the deposition for the first time in the litigation. *Kleppinger*, 283 F.R.D. at 333.

If leave is required, and it is not, Plaintiffs meet Rule 26(b)(2)'s requirements. Plaintiffs originally deposed Dr. Adams only on matters covered by the Rule 30(b)(6) designation. Developing her expert opinions cannot be accomplished through a less burdensome discovery mechanism – indeed, exploring the opinions stated in her expert report is the purpose of an expert deposition. And Plaintiffs did not have an opportunity to question Dr. Adams about her expert opinions at the 30(b)(6) depositions for two reasons. First, they had not received her expert report, and thus did not know what her opinions were. Second, UTMB's counsel instructed her not to answer any questions that

5

required an expert opinion. Thus, even if Dr. Adams had "already been deposed" within the meaning of the Rules, an additional deposition is proper.

If the Court were to hold otherwise, it would reward UTMB for gameplaying and defeat the purpose of the discovery rules – "to allow a broad search for facts … or any other matters which may aid a party in the preparation or presentation of his case." Fed. R. Civ. Proc., Notes of 1946 Advisory Committee, Subdivision (b). Accepting UTMB's tactics would encourage parties to always designate witnesses who have already been deposed as experts, obscuring their additional opinions until trial. The Rules plainly do not support this result.

3. *The Court Should Not Require Payment for Dr. Adams' Deposition*

Dr. Adams, a UTMB employee, should not be paid for testifying as UTMB's expert. "To require that a party serving as his own expert be paid for being deposed would be unfair to the party taking the deposition." *Krepps v. NIIT (USA), Inc.*, 2013 WL 6139621, *2 (N.D. Ill. Nov. 22, 2013). The purpose of Rule 26(b)(4)(E)(i) is to "ensure that a party seeking discovery in the form of a deposition ... does not obtain for free what the other party has paid for." *Id*. (citing *Se-Kure Controls, Inc. v. Vanguard Prods. Group*, 873 F.Supp.2d 939, 959 (N.D. Ill. 2012). Requiring payment of expert fees in this situation is unjust as "[when] a party is serving as his own expert, there is no outlay of money to a third person and the party taking the deposition is not obtaining without cost that which is opponent has had to pay for." *Id*. Thus, because Dr. Adams, a UTMB employee, is serving as UTMB's own expert, and is not charging her employer anything, she is not entitled to any expert witness fees.

ATTORNEYS' FEES

As counsel conferred with UTMB before filing this motion and informed them that their refusal to provide deponents relevant and necessary to Plaintiffs' case lacked legal justification, Plaintiffs request the Court also order UTMB to pay the attorneys' fees that were incurred to draft it. Fed. R. Civ. Proc. 37(a)(5). Those fees are as follows:

| | | |
|---|---|---|
| Scott Medlock | 4 hours x $350/hour = | $1,400.00 |
| Jeff Edwards | .5 hours x $450/hour = | $225.00 |

CONCLUSION

The Court should grant Plaintiffs' motion for leave and allow an expert deposition of Dr. Glenda Adams without charge, or, in the alternative, exclude her expert testimony at trial.

Dated: February 12, 2014

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
    Tel.  512-623-7727
    Fax.  512-623-7729

By  /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
c/o TRLA 4920 N. I-35
Austin, TX 78751
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

## CERTIFICATE OF CONFERENCE

By my signature above, I certify that I conferred with counsel for UTMB in a good faith effort to resolve this dispute without the court's intervention. UTMB's counsel stated she will not produce Dr. Adams without a court order.