# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHEN McCOLLUM, STEPHANIE
KINGREY, and SANDRA McCOLLUM,
individually and as heirs
at law in the Estate of
LARRY GENE McCOLLUM,
          Plaintiffs,

VS.                                    CIVIL ACTION NO.

                                       3:12-cv-02037

BRAD LIVINGSTON, JEFF PRINGLE,
RICHARD CLARK, KAREN TATE,
SANDREA SANDERS, ROBERT EASON,
THE UNIVERSITY OF TEXAS
MEDICAL BRANCH and the TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
          Defendants.

ORAL AND VIDEOTAPED DEPOSITION OF
THE DESIGNATED REPRESENTATIVE OF
THE UNIVERSITY OF TEXAS MEDICAL BRANCH
BY AND THROUGH
GLENDA ADAMS, M.D.

NOVEMBER 19, 2013

          ORAL AND VIDEOTAPED DEPOSITION OF THE DESIGNATED REPRESENTATIVE OF THE UNIVERSITY OF TEXAS MEDICAL BRANCH BY AND THROUGH GLENDA ADAMS, M.D., produced as a witness at the instance of the Plaintiffs, and duly sworn, was taken in the above-styled and numbered cause on Tuesday, November 19, 2013, from 11:11 a.m. to 6:03 p.m., before Mary C. Dopico, Certified Shorthand Reporter No. 463 and Notary Public in and for the State of Texas, reported by machine shorthand and audio/video recording at the offices of Rebecca Sealy Hospital, 404 8th Street, Room, 4.204, Galveston, Houston, Texas, pursuant to Notice and the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

1    MS. COOGAN: You filed a motion -- You
2  filed this, you served this, I filed objections. You
3  find a motion to compel. The Court granted your motion
4  to compel except for with regard to 23, 24, 25. She
5  granted my objections on the basis that this witness is
6  here to testify about the things on this list except 23,
7  24 and 25.
8            MR. EDWARDS: Okay. Well, if you're --
9            MS. COOGAN: Hang on. Let me just make
10 my record.
11           She's not here to testify as an expert on
12 the effects of these medical conditions. That's not why
13 she's here, and so she won't be doing that.
14           MR. EDWARDS: Okay. Well, I just asked
15 if you have a copy of the order, since we're in the UTMB
16 law department. I'd appreciate seeing it just to --
17 just to verify that. But if --
18           MS. COOGAN: Maybe your office can fax
19 you a copy. I don't have a copy with me.
20           MR. EDWARDS: Again, I mean -- Okay. If
21 you're -- Okay. That's fine.
22           MS. COOGAN: Or if somebody else has one,
23 or maybe we can get one at the break or whatever, but...
24           MR. EDWARDS: I'm just asking.
25           MS. COOGAN: Okay.

1      Go ahead.
2      A.  The autopsy report states that he died of
3 hyperthermia.
4      Q.  (By Mr. Edwards)  What is that?
5      A.  Generally the definition of "hyperthermia"
6 requires a body temperature -- different definitions
7 give different ones -- somewhere between 103 and 105
8 degrees, with neurological deficits.  You may have other
9 findings such as DIC.
10      Q.  What do you --  What does UTMB contract
11 hyperthermia?  You were the director, right, for medical
12 care?
13          MS. COOGAN:  Objection, she is not here
14 to give you medical opinions, and she's not going to do
15 it pursuant to the Court's order.
16      Q.  (By Mr. Edwards)  Well, that's -- that's
17 inaccurate.  Okay?
18          Because the question was:  Why did he
19 die?
20          You said:  He died from hyperthermia.
21          And I'm asking you what you consider
22 hyperthermia to be?
23          MS. COOGAN:  I'm going to ask you not to
24 answer that question.
25          MR. EDWARDS:  You're instructing --

```
 1              MS. COOGAN:  I'm going to tell you
 2   again --
 3              MR. EDWARDS:  -- Dr. Adams not to answer
 4   the question of -- the question of what the definition
 5   of hyperthermia is, according to UTMB?
 6              MS. COOGAN:  Let me tell you one more
 7   time.  And we can argue about it or we can not argue
 8   about it.
 9              MR. EDWARDS:  Okay.
10              MS. COOGAN:  We can go to the Court or we
11   can not go to the Court.
12              MR. EDWARDS:  Okay.
13              MS. COOGAN:  She is not here in any
14   capacity to be an expert on medical issues for you.  She
15   is here pursuant to a 30(b)(6) --
16              MR. EDWARDS:  Right.
17              MS. COOGAN:  -- and that's what she's
18   going to testify about, and all she's going to testify
19   about.
20              MR. EDWARDS:  Okay.
21              MS. COOGAN:  So you can ask her if you
22   would like, and I'm going to continue to instruct.
23              MR. EDWARDS:  All right.  Well, that's
24   fine.
25         Q.   (By Mr. Edwards)  Why, according to the
```

| Stephen McCollum, et al v. | Glenda Adams, M.D. |
|---|---|
| Brad Livingston, et al | November 19, 2013 |

1   I, GLENDA ADAMS, M.D., have read the foregoing
2   deposition and hereby affix my signature that same is
3   true and correct, except as noted above.
4
5   _____
6   GLENDA ADAMS, M.D.
7
8   THE STATE OF _Texas_ :
9   COUNTY OF _Montomery_ :
10
11   Before me, _Phoebe M Langley_,
12   on this day personally appeared GLENDA ADAMS, M.D.,
13   known to me or proved to me on the oath of
14   _____ or through _____
15   (description of identity card or other document) to be
16   the person whose name is subscribed to the foregoing
17   instrument and acknowledged to me that he\she executed
18   the same for the purpose and consideration therein
19   expressed.
20        Given under my hand and seal of office on this
21   _30th_ day of _December_, _2013_.
22
23   _____
      NOTARY PUBLIC IN AND FOR
24   THE STATE OF _Texas_
25   My Commission Expires: _12-30-15_

PHOEBE M. LANGLEY
Notary Public, State of Texas
My Commission Expires
December 30, 2015

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
 2                       DALLAS DIVISION

 3   ........................................................

 4   STEPHEN McCOLLUM, STEPHANIE      :
     KINGREY, and SANDRA McCOLLUM,    :
 5   individually and as heirs        :
     at law in the Estate of          :
 6   LARRY GENE McCOLLUM,             :
                  Plaintiffs,         :
 7                                    :   CIVIL ACTION NO.
     VS.                              :
 8                                    :   3:12-cv-02037
     BRAD LIVINGSTON, JEFF PRINGLE,   :
 9   RICHARD CLARK, KAREN TATE,       :
     SANDREA SANDERS, ROBERT EASON,   :
10   THE UNIVERSITY OF TEXAS          :
     MEDICAL BRANCH and the TEXAS     :
11   DEPARTMENT OF CRIMINAL JUSTICE,  :
                  Defendants.         :
12                                    :
     ........................................................
13
                    REPORTER'S CERTIFICATION
14                          TO THE
             ORAL AND VIDEOTAPED DEPOSITION OF
15            THE DESIGNATED REPRESENTATIVE OF
           THE UNIVERSITY OF TEXAS MEDICAL BRANCH
16                       BY AND THROUGH
                      GLENDA ADAMS, M.D.
17                    NOVEMBER 19, 2013

18
     ........................................................
19        I, Mary C. Dopico, Certified Shorthand Reporter
     in and for the State of Texas, do hereby certify that
20   the facts stated by me in the caption hereto are true;
     that the foregoing deposition of THE DESIGNATED
21   REPRESENTATIVE OF THE UNIVERSITY OF TEXAS MEDICAL BRANCH
     BY AND THROUGH GLENDA ADAMS, M.D., the witness
22   hereinbefore named, was taken by me in machine
     shorthand, the said witness having been by me first duly
23   cautioned and sworn to tell the truth, the whole truth,
     and nothing but the truth, and later transcribed from my
24   machine shorthand notes to typewritten form by me.

25        I further certify that the above and foregoing
```

```
 1  deposition, as set forth in typewriting, is a full, true
    and correct transcript of the proceedings had at the
 2  time of taking said deposition.

 3        I further certify that pursuant to FRCP Rule
    30(f)(1) that the signature of the deponent was
 4  requested by the deponent or a party before the
    completion of the deposition and returned within 30 days
 5  from date of receipt of the transcript.  If returned,
    the attached Changes and Signature Pages contain any
 6  changes and the reasons therefor;

 7  _____ was not requested by the deponent or a party
    before the completion of the deposition.
 8
          I further certify that I am neither attorney or
 9  counsel for, nor related to or employed by any of the
    parties to the action in which this deposition is taken,
10  and further that I am not a relative or employee of any
    attorney or counsel employed by the parties hereto, or
11  financially interested in the action.

12        I further certify that charges for the preparation
    of the foregoing completed deposition were $ 1745.45
13  for the original thereof, charged to Attorney(s) for
    Plaintiffs.
14
          GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 3rd
15  day of December, 2013.

16        [Notary Seal: MARY C DOPICO
17         My Commission Expires
           January 31, 2017]         Mary C. Dopico
18                                   _____
                                     Mary C. Dopico, CSR, RPR, CRR
19                                   CSR No. 463, Exp. 12-31-2014
                                     Notary Public, State of Texas
                                     Commission Expires 1-31-2017
20  Independent Contractor To:
    Wright, Watson & Associates
21  Firm Registration No. 225
    Expires 12-31-2013
22  3307 Northland Drive, Suite 185
    Austin, Texas  78731
23  512/474-4363   Fax 512/474-8802

24

25
```