IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3:12-CV-02037 |
| § | | |
| BRAD LIVINGSTON, et al., § | | |
| Defendants. § | | |

**DEFENDANT UTMB'S RESPONSE TO PLAINTIFFS'
MOTION TO DEPOSE WITNESS**

NOW COMES Defendant, the University of Texas Medical Branch (UTMB), by and through its Attorney, the Attorney General for the State of Texas, and submits this Defendant UTMB's Response to Plaintiffs' Motion to Depose Witness. In support thereof, the Defendant respectfully offers the following:

**I.**

**THE RE-DEPOSITION**

Mr. Larry McCollum suffered a heat stroke while incarcerated at the TDCJ Hutchins unit, having lived there less than a week. Plaintiffs sued UTMB under the Americans With Disabilities Act and Rehabilitation Act. Plaintiffs did not sue any UTMB medical providers under 42 U.S.C. §1983 or any other law. Therefore, the only issue for the jury, as to UTMB, will be whether UTMB discriminated against him under the ADA or RA.

Because of his recent arrival on the unit, Mr. McCollum had not yet received his intake physical from the unit provider, Mr. Andy Babbili, Physician's Assistant. However, when McCollum arrived at Hutchins, he was on a blood pressure medication prescribed for him at the McLennan county jail. Babbili changed McCollum's medication from one not on the UTMB

1

formulary to one available on the UTMB formulary so that McCollum would not miss any doses while awaiting his intake physical. Because McCollum died prior to receiving his intake physical Mr. Babbili never saw or treated McCollum, and had no personal knowledge of McCollum other than changing his medication. Nevertheless, on February 7, 2013, plaintiffs deposed Mr. Babbili, a UTMB employee, for three hours on the issue of McCollum's medical condition and medication. See Exhibit A, court reporter's certificate.

On June 18, 2013, plaintiffs sent UTMB a notice of deposition for a 30(b)(6) witness to include the topic of "all medical care provided to Larry Gene McCollum at the Hutchins Unit or any other care provided by UTMB." The notice also included 25 additional topics. Also included was an exhaustive subpoena duces tecum, clearly intended by the sender for an expert's deposition. See attached as Exhibit B, plaintiffs' notice of deposition. Defendant objected that Mr. Babbili was the person best able to give such testimony, and that he had already been deposed. D.E. 64. Magistrate Toliver overruled defendant's objection at D.E. 95.

Defendant *informally* advised opposing counsel that Dr. Adams would appear as the 30(b)(6) witness but that she would also be acting as its expert, and later would be producing a report. Defendant urged counsel to wait to take Dr. Adams' deposition until her report had been tendered, but counsel declined. In November 2013, plaintiffs proceeded to depose Dr. Adams for *seven* hours. See court reporter's certificate, attached as Exhibit C. Most of the seven hours included *questions and answers* of Dr. Adams in her capacity as an expert medical doctor. For example, at Dr. Adams' deposition page 44/line 25[1]:

> Q: (By Mr. Edwards) Why, according to the autopsy, did Mr. Hutchins [die] from hyperthermia?

---

[1] Only portions of Dr. Adams' deposition are attached, but the deposition is offered in its entirety and incorporated herein for all purposes. The entire deposition of 302 pages will be provided to the court upon request.

A: I don't think the autopsy report can tell you why he died from hyperthermia. It said possibly due to exposure to a high heat environment.

See deposition of Dr. Glenda Adams at page 88/lines 8-15:

Q: (By Mr. Edwards) Okay. And in this particular case, I assume you would tell me it was appropriate to make the change to HCTZ to clonidine; correct?

A: Correct.

Q: Okay. Now, in a consequence of—of using HCTZ is that it impacts the abilities body to hydrate [sic]?

A: DHTZ can cause some mild dehydration.

These are two examples out of many, where Dr. Adams is clearly being asked and answering questions about McCollum's cause of death, medical condition and medications opinions made only in her expert capacity.

Plaintiffs contend that Dr. Adams was instructed not to answer questions because she was not presented "as an expert". This representation is misleading. When plaintiffs sent their 30(b)(6) notice, it included a request for a UTMB witness to testify about the effects of heat on patient with diabetes, hypertension and the medication hydrochlothiazide. See Exhibit B, ¶23-25. Obviously, such testimony can only come from an expert. Defendant objected to producing an expert as a 30(b)(6) witness on a topic for which the plaintiffs have the burden of proof. See D.E. 64, ¶8-11. Magistrate Toliver sustained defendant's objections, and Dr. Adams was not required to give expert opinions on those issues. Defendant's objection was not so much that Dr. Adams was a 30(b)(6) witness, but that plaintiffs should not be able to subpoena a witness from defendant to provide expert testimony on a fact question on which plaintiffs have the burden of proof. Defendant actually contests whether McCollum even suffered from diabetes or hypertension, and deny that the medication hydrochlothiazide had any relationship to

McCollum's death. During the deposition, counsel for UTMB did, in fact, object to questions posed to Dr. Adams on the prohibited subjects, and referred counsel to the court's order. Noticeably absent from Dr. Adams' expert report are any opinions about the effects of heat on patients with diabetes, hypertension and the medication hydrochlothiazide, those topics on which Judge Toliver sustained defendant's objections. Defendant is *not* now trying to offer expert opinions on those topics made the subject of prior objections.

In short, plaintiffs have failed to identify a single subject on which they seek to re-depose Dr. Adams, on which she was not previously deposed. When Dr. Adams' expert report is compared to her deposition testimony given in November, it is clear that each topic in her report was also discussed in her deposition. And, except for Exhibit 10 to her report, statistical information provided by a third party, all exhibits to her report were also produced at or before her deposition, including her entire "expert file". Exhibit 10 to her deposition is attached here as Exhibit D. In short, there are no new facts or opinions on which to depose Dr. Adams a second time, and a second deposition would be duplicative, repetitive, harassing, and in violation of FRCP 30(d)(1) which provides that a deposition of a witness be limited to one day of seven hours.

In the event the court grants plaintiffs' motion to re-depose Dr. Adams, defendant prays that the scope and time of the deposition be reasonably limited to 2 hours, and that no repetitive or duplicate questions be asked.

## II.   EXPERT FEES

Plaintiffs contend that UTMB's expert "should not be paid for testifying as UTMB's expert". D.E. 123 at page 6. FRCP 26(4)(E)(i) provides that "unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for

4

time spent in responding to discovery under Rule 26(b)(4)(A) or (D)". The rule does not except from its application Dr. Adams, or any other expert. Plaintiffs cite no rule or authority as to why Dr. Adams time and expertise should be valued by a different standard than their own experts or any other expert under the rules. Employees of state agencies and hospitals who provide expert testimony are routinely paid expert fees, although the individual witness is not allowed to keep the fee. Instead, expert fees are deposited in a fund designated for that purpose.

Plaintiffs contend that Dr. Adams' fee is "far higher than other experts in correctional medicine reasonably charge". D.E. 123 at page 3. Ironically, Dr. Adams' fee is exactly the same as the fee pf plaintiffs' physician expert, Dr. Susi Vassallo - $700.00 per hour. See Exhibit E, attached. Adding insult to injury, counsel for plaintiffs demanded that the fee, based on an hourly rate, to be calculated and pain *prior to the deposition*, and therefore, prior to knowing the final amount of the fee. See attached Exhibit F.

Defendant prays that all expert fees be paid by the parties after the depositions of the experts, so that the amount of the fees may be properly calculated.

WHEREFORE PREMISES CONSIDERED, Defendant prays that Plaintiffs' Emergency Motion to Depose University of Texas Medical Branch's Expert Witness, Glenda Adams, or to

To Exclude Adams' Expert Testimony be denied, or in the alternative, that the deposition be limited to two hours and that no repetitive or duplicate questions be asked. Defendant also prays that all expert deposition fees be paid by the parties after the incurrence of those fees, that is, after the depositions have taken place.

                                                                Respectfully submitted,

                                                                GREG ABBOTT
                                                                Attorney General of Texas

        DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH**

### NOTICE OF ELECTRONIC FILING

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant UTMB's Response to Plaintiffs' Motion to Depose Witness** to the Court, on February 13, 2014 in the Northern District of Texas, Dallas Division.

/s/ KIM COOGAN
**KIM COOGAN**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant UTMB's Response to Plaintiffs' Motion to Depose Witness** has been served by placing same in the United States Mail on this the 13th day of February, 2014, addressed to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Bruce R. Garcia                              *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

Johnathan Stone                           *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

Demetri Anastasiadis                    *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

      /s/KIM COOGAN
      KIM COOGAN
      Assistant Attorney General