UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM,<br>　　　　　　　　　　　PLAINTIFFS<br><br>v.<br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br>　　　　　　　　　　　DEFENDANTS | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br>3:12-cv-02037<br>JURY DEMAND |

**PLAINTIFFS' REPLY TO EMERGENCY OPPOSED MOTION TO DEPOSE UNIVERSITY OF TEXAS MEDICAL BRANCH'S EXPERT WITNESS, GLENDA ADAMS, OR TO EXCLUDE ADAMS' EXPERT TESTIMONY**

Plaintiffs' respectfully request the Court order the University of Texas Medical Branch to produce its expert witness, Dr. Glenda Adams, for deposition.

**I.    Plaintiffs Are Entitled to Depose Dr. Adams as an Expert**

Plaintiffs' argument is simple – in this case, UTMB decided Dr. Adams will wear two hats. She will be its designated corporate representative for the purposes of Rule 30(b)(6), and she will be its expert. Thus, she must be deposed twice. UTMB cites no authority suggesting an expert deposition is inappropriate.

Regardless of what questions Adams may have answered as UTMB's Rule 30(b)(6) deposition, she has now been designated as UTMB's expert witness. Her expert report states she will testify to matters Plaintiffs did not have the opportunity to explore at

the Rule 30(b)(6) deposition – such as "what are the effects of heat on patients with diabetes?" (Exhibit 3, Deposition of UTMB, 16:5-6, Adams instructed not to answer); and "what do you consider hyperthermia to be?" (*Id*. 43:21-22, Adams instructed not to answer). She also intends to testify that McCollum did not exhibit "a physical or mental impairment that substantially limited one or more of his daily life activities" (Exhibit 4, Adams' Expert Report, p. 4), that his lab results were not "significant" (*Id*., p. 4), that (based on the autopsy) his hypertension was not "significant" (*Id*., p. 5), that (based on the autopsy) he was not diabetic (*Id*., p. 5), and will testify about data Plaintiffs requested before the deposition but was not provided until it was disclosed with Adams' expert report[1] (*Id*., p. 7-8, and 10 statistics regarding number of prisoners with heat-sensitive medical conditions and number of available air-conditioned beds).[2]

Moreover, to the extent Magistrate Toliver limited the Rule 30(b)(6) deposition, she held UTMB was "not required to designate a medical expert to provide an expert opinion, but need only produce a corporate representative who can testify about information known or reasonably available to the organization." Doc. 95. The Magistrate's previous order makes it clear that a deposition of Adams as UTMB's expert is appropriate.

---

[1] This "statistical information" was not "provided by a third party" as UTMB alleges – it was created by a UTMB employee, Earl King. *See* Doc 124.6. Plaintiffs requested this information in discovery but UTMB objected the information was "unknown to this defendant." Ex. 5, UTMB's Responses to Plaintiffs' Discovery, Interrogatories No. 10-18.

[2] UTMB's protestation that Adams' report does not discuss "the medication hydrochlorothiazide" is plainly untrue. She postulates in her report that, though UTMB's own policies identify hydrochlorothiazide as a drug that can have negative consequences when combined with extreme temperatures, its effects "could have been corrected with adequate oral hydration." (Ex. 4, p. 6).

2

**II.     Adams is Not Entitled to a Fee Because She is UTMB's Own Expert**

UTMB cites no authority a party is entitled to an expert witness fee when they are testifying as their own expert. In fact, all available authority goes the other way. *See Krepps v. NIIT (USA), Inc.*, 2013 WL 6139621, *2 (N.D. Ill. Nov. 22, 2013).

If Adams is entitled to a fee (though as UTMB's own expert she is not), a reasonable fee would be the rate necessary to compensate the State for her time. (UTMB's response, without citing any authority, concedes Adams would not receive the fee herself, but that "expert fees are deposited in a fund"). Adams state salary is $240,625.[3] Assuming a forty-hour work week, and fifty-week work year, she is paid $120.31 per hour. If she is entitled to anything, $120.31 is a "reasonable" fee for her services.[4]

Finally, it is not harassment to question an "expert" about opinions in her report. While Plaintiffs counsel does not anticipate taking a long deposition, the Rules clearly allow for seven hour depositions. Fed. R. Civ. Proc. 30(d)(1). Plaintiffs should be permitted to explore the basis of Adams' opinions.

CONCLUSION

Plaintiffs respectfully ask the Court to order UTMB to produce Dr. Adams as an expert for deposition without charge, or, in the alternative, exclude her expert testimony at trial.

Dated: February 14, 2014

---

[3] Glenda M. Adams: Government Employee Salaries, *The Texas Tribune*, http://www.texastribune.org/library/data/government-employee-salaries/university-of-texas-medical-branch/glenda-m-adams/905998/ (last updated Feb. 6, 2012).

[4] Plaintiffs' expert, on the other hand, is actually being compensated at a far higher rate.

3

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
    Tel.    512-623-7727
    Fax.    512-623-7729

By    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
c/o TRLA 4920 N. I-35
Austin, TX 78751
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

**4**