# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM,<br>*Plaintiffs*,<br><br>v.<br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br>*Defendants.* | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-02037 |

## DEFENDANT UTMB'S RESPONSES TO PLAINTIFF SANDRA MCCOLLUM'S EIGHTH [SIC] [SECOND] SET OF INTERROGATORIES

TO: Sandra McCollum, through her attorneys of record, Jeff Edwards and Scott Medlock, The Edwards Law Firm, 1101 E. 11th Street, Austin, Texas 78702; and Wayne Krause-Yang and Brian McGiverin, Texas Civil Rights Project, 1405 Montopolis, Austin, Texas 78741.

The University of Texas Medical Branch, Defendant in the above-styled and numbered cause, offers the following **Responses to Plaintiff Sandra McCollum's Eighth [sic] [Second] Requests of Interrogatories**.

Respectfully submitted,

          GREG ABBOTT
          Attorney General of Texas

          DANIEL T. HODGE
          First Assistant Attorney General

          DAVID C. MATTAX
          Deputy Attorney General for
          Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT**
**UNIVERSITY OF TEXAS MEDICAL BRANCH**

## CERTIFICATE OF SERVICE

I, KIM J. COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch Responses to Plaintiff McCollum's Eighth [sic] [Second] Set of Requests for Interrogatories** has been served by placing the same in the United States Postal Service, postage prepaid, certified return receipt requested, on **December 2, 2013**, addressed to:

| | |
|---|---|
| Jeff Edwards<br>Scott Medlock<br>The Edwards Law Firm<br>1101 E. 11th Street<br>Austin TX 78702 | **CMRRR 7007 3020 0000 0972 5574** |
| Brian McGiverin<br>Wayne Krause-Yang<br>Texas Civil Rights Project<br>1405 Montopolis Drive<br>Austin TX 78741 | **CMRRR 7007 3020 0000 0972 5581** |
| Bruce Garcia<br>Rachael Airen<br>Assistant Attorney General<br>Office of the Attorney General<br>P. O. Box 12548<br>Austin TX 78711 | **Via Hand Delivery** |
| Demetri Anastasiadis<br>Assistant Attorney General<br>Office of the Attorney General<br>P. O. Box 12548<br>Austin TX 78711 | **Via Hand Delivery** |

/s/ Kim Coogan
KIM J. COOGAN
Assistant Attorney General

## RESPONSES TO INTERROGATORIES

1. Identify the average number of prisoners diagnosed with hypertension at the Hutchins Unit on any given day.

   **ANSWER:** **OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

2. Identify the average number of prisoners diagnosed with diabetes at the Hutchins Unit on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

3. Identify the average number of prisoners prescribed psychiatric drugs at the Hutchins Unit on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

4. Identify the average number of prisoners diagnosed with depression and prescribed an antipsychotic drug at the Hutchins Unit on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

5. Identify the average number of prisoners over the age of 40 at the Hutchins Unit on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

6. Identify the average number of prisoners over the age of 50 at the Hutchins Unit on any given day.

**ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

7. Identify the average number of prisoners over the age of 60 at the Hutchins Unit on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

8. Identify the average number of prisoners prescribed a diuretic medication at the Hutchins Unit on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

9. Identify the average number of prisoners at the Hutchins Unit placed on heat restrictions on any given day between May 31 and September 1.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Further, defendant does not place inmates on heat restrictions. Unknown to this defendant.**

10. Identify the average number of prisoners diagnosed with hypertension in the TDCJ institutional division on any given day.

    **ANSWER: OBJECTION. Over broad, calls for speculation, vague, unknown to this defendant. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

11. Identify the average number of prisoners diagnosed with diabetes in the TDCJ institutional division on any given day.

    **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

12. Identify the average number of prisoners prescribed psychiatric drugs in the TDCJ institutional division on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

13. Identify the average number of prisoners diagnosed with depression and prescribed an antipsychotic drug in the TDCJ institutional division on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

14. Identify the average number of prisoners over the age of 40 in the TDCJ institutional division on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

15. Identify the average number of prisoners over the age of 50 in the TDCJ institutional division on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

16. Identify the average number of prisoners over the age of 60 in the TDCJ institutional division on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

17. Identify the average number of prisoners prescribed a diuretic medication in the TDCJ institutional division on any given day.

   **ANSWER: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant.**

18. Identify the average number of prisoners in the TDCJ institutional division placed on heat restrictions on any given day between May 31 and September 1.

**ANSWER**: OBJECTION. Over broad, calls for speculation, vague. Further, this request seeks information which is irrelevant to any material issue in this case and not likely to lead to the discovery of admissible evidence. Unknown to this defendant. Further, this defendant does not place inmates on heat restrictions.