IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, et al., § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. 3:12-CV-02037 | |
| BRAD LIVINGSTON, et al., § | | |
|     Defendants. § | | |

**DEFENDANT UTMB'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH**

**AND DEFENDANT'S MOTION TO COMPEL DEPOSITIONS**

NOW COMES Defendant, the University Of Texas Medical Branch (UTMB), by and through its Attorney, the Attorney General for the State of Texas, and submits this Defendant UTMB's Response to Plaintiffs' Motion to Quash and Defendant's Motion To Compel. In support thereof, the Defendant respectfully offers the following:

### I.  FACTS

Mr. Larry McCollum suffered a heat stroke while incarcerated at the TDCJ Hutchins unit, after living there less than a week. Plaintiffs sued UTMB under the Americans With Disabilities Act and Rehabilitation Act. Plaintiffs did not sue any UTMB medical providers under 42 U.S.C. §1983 or any other law. Therefore, the only issue for the jury, as to UTMB, will be whether UTMB discriminated against him under the ADA or RA.

ADA Title II provides:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of

the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. 12132. First, to meet their burden of proof, plaintiffs must establish that Mr. McCollum had a "qualified disability." Plaintiffs initially alleged that McCollum's disabilities were diabetes and hypertension. Plaintiffs were granted leave to amend their complaint on January 31, 2014 to add obesity as a disability. See D.E. 119.

## II. DISCOVERY

After reviewing Mr. McCollum's medical records for the time while he was incarcerated, UTMB questions whether Mr. McCollum actually suffered from those conditions. Mr. McCollum is deceased, and therefore unable to answer any questions about his medical history. Further, none of the plaintiffs could answer interrogatory answers about the identities of Mr. McCollum's treating physicians, so defendant was unable to secure any medical records of Mr. McCollum which might confirm that he did or did not suffer from diabetes or hypertension.

UTMB then tried a second attempt to discern whether Mr. McCollum suffered from diabetes and hypertension. UTMB deposed the plaintiffs. The depositions were very short, less than 2 hours each, and were limited to specific questions drafted to elicit specific bits of information. Each plaintiff was asked whether Mr. McCollum suffered from diabetes and hypertension, and whether each considered Mr. McCollum to be disabled. In short, none of the plaintiffs had any personal knowledge about whether Mr. McCollum had those diagnoses, and none had seen him take any medication for any of the conditions Stephanie Kingrey, Mr. McCollum's adult daughter testified she did not consider Mr. McCollum to be disabled, and Stephen McCollum, his adult son, testified that he believed his father to be disabled due to being in a prior automobile accident and because of his obesity. See Exhibit A, 7/10-12; 10/14-17;

35/13-23, deposition of Stephen McCollum and Exhibit B, 29/2-8; 30/10-15; 54/25-55/1, deposition of Stephanie Kingrey.

### III. ERATA SHEETS

Despite this testimony, both Stephen McCollum and Stephanie Kingrey used the errata sheet to change their testimony. Stephen McCollum added "I also know he was diagnosed with diabetes and hypertension". See errata sheet attached as Exhibit C. Stephanie Kingrey added "(b)ut I knew he had difficulty walking because of his leg, that he had been diagnosed with diabetes and hypertension and that he was obese." See Exhibit D, Clearly, plaintiffs have now changed their testimony on the primary issue in the case for UTMB – was McCollum disabled within the meaning of the ADA and RA. Because plaintiffs have amended their complaint to add obesity as a disability, and because plaintiffs have changed their testimony with regard to the existence of a disability, and because defendant has no less intrusive means to lean the information, defendant requests permission to re-depose plaintiffs Stephen McCollum and Stephanie Kingrey. Fed. R. Civ. Proc. 30(a) (2)(ii).

WHEREFORE PREMISES CONSIDERED, Defendant prays that Plaintiffs' Motion For Protective Order and Motion to Quash Unauthorized Depositions be denied. Defendant also prays that Defendant's Motion To Compel Depositions be granted.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    DAVID C. MATTAX
    Deputy Attorney General for Defense Litigation

        KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080/Fax (512) 495-9139

ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH

## NOTICE OF ELECTRONIC FILING

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing Defendant UTMB's Response to Plaintiffs' Motion to Quash and Defendant's Motion To Compel, on February 14, 2014 in the Northern District of Texas, Dallas Division.

/s/ KIM COOGAN
KIM COOGAN
Assistant Attorney General

CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Defendant UTMB's Response to Plaintiffs' Motion to Quash and Defendant's Motion To Compel has been served by placing same in the United States Mail on this the 14th day of February, 2014, addressed to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702


| | |
|---|---|
| Bruce R. Garcia<br>Office of the Attorney General<br>P. O. Box 12548, Capitol Station<br>Austin, Texas  78711 | Via Hand-Delivery |
| Johnathan Stone<br>Office of the Attorney General<br>P. O. Box 12548, Capitol Station<br>Austin, Texas  78711 | Via Hand-Delivery |
| Demetri Anastasiadis<br>Office of the Attorney General<br>P. O. Box 12548, Capitol Station<br>Austin, Texas  78711 | Via Hand-Delivery |

/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General