IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:12-CV-02037 | |
| § | | |
| BRAD LIVINGSTON, *et al.*, § | | |
| *Defendants*. § | JURY | |

**DEFENDANT BRAD LIVINGSTON'S
DESIGNATION OF EXPERT WITNESSES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendant, Brad Livingston, in the above entitled and numbered cause, files his Designation of Expert Witnesses, pursuant to the PARTIES Rule 11 agreement made by email, the Court's order and discovery requesting identification of experts.

**I.**

Subject to any further discovery which may ensue in this case, Defendant reserves the right to supplement any reports made by Defendant's experts.

**II.**

Defendant reserves the right to call as an expert any of the expert witnesses designated by the Plaintiff in this matter.

**III.**

In addition, Defendant hereby incorporates any and all expert witnesses named, called, retained, hired and/or utilized by any other party to this cause of action and incorporates all reports given or to be given by any of the persons listed above as well as all exhibits they intend to rely upon, including but not limited to the anticipated designation by co-defendants, the Texas Department of Criminal Justice, Robert Eason, Jeff Pringle, Sandrea Sanders, Karen Tate, Richard Clark, and co-defendant the University of Texas

1

Medical Branch.

## IV.

Defendant incorporates all deposition testimony given in this or a related case. Additionally, Defendant supplements this designation by adopting and incorporating all deposition testimony that has been given and/or will be given in this matter.

## V.

Defendant herein reserves the right to amend or supplement their designation with additional experts in response to or for rebuttal purposes after those designated by Plaintiff's experts are deposed, should those depositions elicit testimony beyond what has been described in their respective designations.

## VI.

Defendant further reserves the right to elicit, by way of direct, cross- examination or rebuttal, any testimony from any designated experts or witnesses called by either the Plaintiff in this action and/or co-defendants.

## VII.

Furthermore, Defendant considers this designation and any further supplementation of any applicable discovery request, including but not limited to his response to Initial Disclosure, supplemental disclosures, answers to Interrogatories, and/or response to Request for Production.

## VIII.

Defendant Livingston designates the following expert witnesses:

1. Oscar Mendoza
   Administrative Review and Risk Management

      Texas Department of Criminal Justice
      P.O. box 99, 1060 State Hwy 190E
      Huntsville, Texas 77342-0099
      (936)437-4839

      Mr. Mendoza is the Director of Administrative Review and Risk Management and is a non-retained expert. He will testify regarding the Texas Department of Criminal Justice policies and procedures in place at the Hutchins Unit in July of 2011. Specifically he will testify on TDCJ policies regarding heat illnesses, training of employees and notification of offenders on heat related issues.

      He will testify that the policies and procedures in place at the Hutchins facility did not contribute to the death of Mr. McCollum. He will further testify regarding the correctional officers training in regards to medical conditions. He will further testify that TDCJ and UTMB policies were/are appropriate at the Hutchins facility to address extreme temperatures necessary to protect and safely house heat-sensitive prisoners. He will testify regarding the national accreditation standards for prisons and that the Hutchins state jail in July, 2011 met the minimum standards for prison facilities for environmental conditions, staffing, reception/intake, classification and training. Mr. Mendoza's CV is attached. Report will be provided to counsel.

2. Benjamin Leeah, M.D. Northern Regional Medical Director
   Texas Tech -Correctional Managed Care
   Correctional Managed Health Care Parkwest Building
   3601 4th St
   Lubbock, Texas 79430-0001
   Tel: (806) 743-1000

   He is a non-retained witness who will testify about the medical care provided to Mr. McCollum at the Hutchins Unit, McClennan County and Parkland Hospital. In addition he will testify regarding McCollum's medical care during his previous incarceration. In addition he will testify regarding the Texas Department of Criminal Justice Policies and procedures as they relate to heat related illnesses and issues. Specifically he will testify that these policies did not contribute to the death of offender McCollum. He will further testify that in July, 2011 TDCJ and UTMB policies were/are appropriate at the Hutchins facility to address extreme temperatures necessary to protect and safely house heat-sensitive prisoners. Dr. Leeah's CV is attached. Report will be provided to counsel.

3. Keith Pinckard, M.D.
   Former Medical Examiner at Southwestern Institute of Forensic Sciences
   Current Professor at University of New Mexico
   1101 Camino de Salud
   Albuquerque, NM 87102
   (505) 272-4814

   Dr. Keith Pinckard performed the autopsy of Mr. McCollum. He will testify regarding his examination, his findings and the conclusions in his report. Dr. Pinckard is a retained expert witness in this lawsuit. Based on his examination of Larry Gene McCollum, review of any medical and other related records of Mr. McCollum, Dr. Pinckard will offer testimony and testify regarding his opinions as to the autopsy performed. Dr. Pinckard's deposition has not been conducted. Dr. Pinckard's CV is attached. His report has been provided to counsel and disclosed through discovery proceedings. If any amendments are made, they will be supplemented.

4. Frank Traknyak
   Trak Engineering, Inc.
   1806 Snake River Road, Suite D
   Katy, Texas 77449
   (832) 864-0210

   Mr. Traknyak will testify regarding his review of the current unit climate control system at the Hutchins unit. Specifically he will assess the facility and will testify regarding is analysis and review of the current system and if there is any feasibility of installing and maintaining cooling systems, which will include a review of any physical modifications needed to implement these changes, if needed. Frank Traknyak is a retained expert witness in this lawsuit. Based on his review and investigation, this witness will testify on his opinion and report conducted and how they apply to the Hutchins State Jail Facility for the Texas Department of Criminal Justice. Mr. Traknyak's CV is attached. Mr. Traknyal's report will be provided to counsel and disclosed through discovery proceedings. If any amendments are made, they will be supplemented.

5. Robert Eason
   Former TDCJ Region Director
   Current Deputy Director of TDCJ-CID
   P O Box 99
   Huntsville Texas

He will testify that the policies and procedures in place in July, 2011 at the Hutchins facility did not contribute to the death of Mr. McCollum. He will further testify regarding the correctional officers training in regards to offender medical conditions. He will further testify that TDCJ and UTMB policies were/are appropriate at the Hutchins facility to address extreme temperatures necessary to protect and safely house heat-sensitive prisoners. In addition, he may testify regarding matters discussed in his deposition.

6. Kim Farguson – Maintenance Supervisor III
   TDCJ-Facilities Division??
   P O Box 4011
   Huntsville Texas 77340

   Kim Farguson is a non-retained expert witness in this lawsuit. Based on a review of the pleadings, discovery, investigative reports, depositions, TDCJ policies and procedures and any other records reviewed regarding Larry Gene McCollum, this witness will testify concerning the design, construction, HVAC and administration of the air cooling methods in the Hutchins State Jail Facility for the Texas Department of Criminal Justice. Additionally, this witness will testify regarding the absence of electrical outlets in the individual cells of the Hutchins unit without which a personal electric fan is not usable and TDCJ policies and practices designed to mitigate the unavailablity of personal electric fans at TDCJ units so designed. CV will be provided and a report if necessary will be provided to all counsel of record. If any amendments are made, they will be supplemented.

   Respectfully submitted,

   GREG ABBOTT
   Attorney General of Texas

   C. ANDREW WEBER
   First Assistant Attorney General

   DAVID S. MORALES
   Deputy Attorney General for Litigation

   DAVID A. TALBOT, JR.
   Assistant Attorney General
   Chief, Law Enforcement Defense Division

s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney in Charge
State Bar No. 01164480

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
(512) 495-9139 (FAX)

**ATTORNEYS FOR**
**BRAD LIVINGSTON**

## NOTICE OF ELECTRONIC FILING

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above an foregoing in accordance with the Electronic Case Files System of the Northern District of Texas, on the 19th day of February, 2014.

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Brad Livingston's Designation of Expert Witnesses** was served by United States postal service, certified, return receipt requested on the 19th day of February, 2014, addressed to:

Jeff Edwards                             **Via Certified Mail No.** 7008 0500 0001 5048 9706
Scott Medlock
Edwards Law Firm
1101 E. 11th Street
Austin TX 78702
*Attorneys for Plaintiffs*

Kim Coogan, Assistant Attorney General    **Via Inter Agency Mail**
Law Enforcement Defense Division
P O Box 12548
Austin TX 78711
*Attorney for Defendant UTMB*


/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General