UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, <br>       PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br>       DEFENDANTS | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 <br> JURY DEMAND |

**PLAINTIFFS' REPLY TO MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH UNAUTHORIZED DEPOSITIONS**

UTMB seeks to depose the Plaintiffs for a second time, presumably to discuss topics covered at their first depositions. Because the Rules do not allow a second deposition without a showing the depositions would not be "unreasonably cumulative," the motion should be granted.

UTMB seeks to re-depose Plaintiffs Stephen McCollum and Stephanie Kingrey because they made changes in the errata sheets of their depositions pursuant to Federal Rule of Civil Procedure 30(e). The only changes Stephen McCollum and Stephanie Kingrey made to their depositions were to clarify answers to a question that called for a legal conclusion. Defense counsel, without defining the term, asked Plaintiffs if they thought their father was "disabled." Ex. 5, 55:25-56:1; Ex. 6, 35:17-18. The Americans with Disabilities Act and Rehabilitation Act have specific definitions of "disability" that

differ from the common usage. *Compare* 28 U.S.C. § 12102(1) ("physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment") [1] *with* Merriam Webster Dictionary ([www.meriam-webster.com](www.meriam-webster.com)) ("incapacitated by illness or injury"). Thus, Plaintiffs clarified their answers to show that, for purposes of the ADA and Rehabilitation Act, their father was "disabled" due to his obesity, hypertension, and diabetes.

This should not have been surprising to UTMB. Plaintiffs testified McCollum suffered from diabetes at the depositions. *See* Exhibit 5, Deposition of Stephanie Kingrey 29:7-8 ("He told me … that he was a diabetic"); Exhibit 6, Deposition of Stephen McCollum 7:25-8:3 ("whenever he went to jail … he was told that he had diabetes, because his blood sugar and his heart – blood pressure"). Stephen McCollum testified he learned his father had hypertension at the Parkland Hospital emergency room. Ex. 6, 47:21-24.[2] They both also testified he was overweight. Ex. 5, 22:8-9; Ex. 6, 11:7, 36:7, 43:23-44:2. And, contrary to UTMB's assertion, McCollum's medical records show he told UTMB's nurses he was diabetic and hypertensive, and he was obviously obese. Ex. 7, UTMB Intake History and Health Screening.

Allowing a second deposition of the Plaintiffs would be "unreasonably cumulative or duplicative" and UTMB had "ample opportunity to obtain the information already." Fed. R. Civ. Proc. 26(b)(2). UTMB already questioned Plaintiffs about the

---

[1] The statute also defines the terms "major life activities" and "major bodily functions." 28 U.S.C. § 12102(2).

[2] Ms. Kingrey was never asked about hypertension.

**2**

matters contained in the errata sheet, or had ample opportunity to do so.[3] Thus, Plaintiffs' motion should be granted and the deposition notices should be quashed.[4]

Dated: February 20, 2014.

                                  Respectfully submitted,

                                  The Edwards Law Firm
                                  The Haehnel Building
                                  1101 East 11th Street
                                  Austin, TX 78702
                                        Tel.   512-623-7727
                                        Fax.   512-623-7729

                                  By     /s/ Jeff Edwards
                                  JEFF EDWARDS
                                  State Bar No. 24014406
                                  Scott Medlock
                                  State Bar No. 24044783
                                  Lead Counsel

                                  Brian McGiverin
                                  State Bar No. 24067760
                                  James C. Harrington
                                  State Bar No. 09048500

                                  TEXAS CIVIL RIGHTS PROJECT
                                  c/o TRLA 4920 N. I-35
                                  Austin, TX 78751
                                  (512) 474-5073 [phone]
                                  (512) 474-0726 [fax]

---

[3] As shown above, McCollum's obesity was discussed multiple times during the deposition. Though the complaint was amended after the depositions, this was not an issue UTMB was unaware of when Plaintiffs were deposed.

[4] In the alternative, Plaintiffs respectfully request any additional depositions be limited to the topic of McCollum's obesity and disabilities, and limited to a reasonable time period.

        Eliot Shavin
        State Bar No. 18138200
        2600 State Street
        Dallas, Texas 75204
        214-522-2010 (telephone)
        214-720-9594 (fax)
        Local Counsel

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

**4**