UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, <br>             PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br>             DEFENDANTS | § § § § § § § § § § § § § § § § § §  <br><br> CIVIL ACTION NO. <br> 3:12-cv-02037 <br> JURY DEMAND |

**PLAINTIFFS' RESPONSE TO DEFENDANT LIVINGSTON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT ON THE BASIS OF QUALIFIED IMMUNITY**

Plaintiffs respectfully ask the Court to deny Defendant Brad Livingston's Motion to Dismiss the Second Amended Complaint on the Basis of Qualified Immunity, and argue:

1. Livingston's motion should be denied because the pleadings allege with sufficient factual detail he was deliberately indifferent to the deadly conditions at the Hutchins State jail.

    a. Plaintiff's complaint alleges Livingston violated the Eighth Amendment. There are two elements to show prison conditions violated the Eighth Amendment: objective danger, and the defendant's subjective awareness of the danger. *Blackmon v. Garza*, 484 Fed.Appx. 866, 869 (5th Cir. 2012) (unpublished).

    b. The objective danger of 120+ degree temperatures is indisputable. And Plaintiffs' complaint describes Livingston's subjective awareness in detail,

      satisfying controlling case law on deliberate indifference in the Fifth Circuit. *See Blackmon*, 484 Fed.Appx. at 873.

    c. The pleadings robustly allege Livingston's personal actions as the executive director of TDCJ condoned and approved conditions that directly lead to McCollum's death. These conditions violated the Eighth Amendment.

2. Livingston is not entitled to qualified immunity.

    a. By raising qualified immunity in a 12(b)(6) motion, Defendant contends the pleadings do not allege a violation of the constitution and/or the constitutional right was not clearly established when McCollum died. *See Bishop v. Arcuri*, 674 F.3d 456, 460-61 (5th Cir. 2012).

    b. But it is beyond question that when McCollum died the courts had established, without any ambiguity, that putting a prisoner in temperatures threatening heat stroke was unconstitutional. *Blackmon*, 484 Fed.Appx. at 873.

    c. Livingston's conscious disregard for the suffering in the prisons he supervises is more than mere negligence – it is deliberate indifference that violates the Eighth Amendment of the Constitution.

For these reasons, and those more fully developed in the attached Brief in Support, Defendant's motion should be denied.

DATED: February 21, 2014.

                            Respectfully submitted,

                            The Edwards Law Firm
                            The Haehnel Building
                            1101 East 11th Street
                            Austin, TX 78702
                                    Tel.    512-623-7727
                                    Fax.   512-623-7729

                            By     /s/ Jeff Edwards
                            JEFF EDWARDS
                            State Bar No. 24014406
                            Lead Counsel
                            Scott Medlock
                            State Bar No. 24044783

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.