# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**PLAINTIFF'S FIRST AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF DR. OWEN MURRAY AND SUBPEONA DUCES TECUM**

TO:   DR. OWEN MURRAY, by and through his attorney of record, Kim Coogan, Assistant Attorney General, P.O. Box 12548, Capitol Station Austin, Texas 78711.

Please take notice that on November 20, 2013, and thereafter from day to day until completed, Plaintiffs will take the oral deposition of Dr. Owen Murray, before a court reporter, videographer, and notary public for the State of Texas pursuant to Rule 30 of the Federal Rules of Civil Procedure.

The deposition is for the purpose of discovering, securing, and completing testimony of Defendant. The deposition will be taken at the Rebecca Sealy Hospital, 404th 8th Street, Room 4.204, Galveston, TX, Galveston 77555, on November 20, 2013, beginning at 9:00 a.m. and will continue thereafter from day to day until completed. The deposition will be recorded stenographically and on videotape.

In accordance with Rule 30 of the Federal Rules of Civil Procedure, the deponent is

directed to produce at the time and place of his deposition the following documents and/or tangible things to wit: All documents an/or tangible things responsive to the request as set out in Exhibit "A", attached hereto.

For the purpose of this notice, the following terms are assigned the below meanings:

1. "HUTCHINS UNIT" - refers to the Texas Department of Criminal Justice facility located at 1500 East Langdon Road, Dallas, TX 75241.

2. "STATE JAIL" – refers to a facility designated to house inmates per Texas Penal Code § 12.35.

3. "AND," "OR," "ANY," and "ALL" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

Dated: March 10, 2014.

        Respectfully submitted,

        The Edwards Law Firm
        The Haehnel Building
        1101 East 11th Street
        Austin, Texas 78702
            Tel.   512-623-7727
            Fax.  512-623-7729

        By    /s/ Scott Medlock
        JEFF EDWARDS
        State Bar No. 24014406
        Scott Medlock
        State Bar No. 24044783
        Lead Counsel

        Brian McGiverin
        State Bar No. 24067760
        James C. Harrington
        State Bar No. 09048500

        TEXAS CIVIL RIGHTS PROJECT
        1405 Montopolis Drive
        Austin, TX 78741

(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that the foregoing document has been served on all counsel of record **via fax,** as follows:

Bruce R. Garcia
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Kim Coogan
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Demetri Anastasiadis
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Brian McGiverin
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-0726

By     /s/ Scott Medlock
Scott Medlock

**DEFINITIONS**

The terms **DOCUMENTS** and **WRITINGS** are used herein in their most comprehensive sense and include, but are not limited to, notes, letters, reports, memoranda, diaries, bulletins, circulars, instructions, work assignments, advertising literature, notebooks, tapes, discs, or other sound recordings, films, drafts, worksheets, calendars, appointment books, estimates, ledgers, opinions, instructional manuals, memoranda or notes relating to telephone or other conversations, excerpts, summaries and other **WRITINGS** of any nature whatsoever, including copies of mechanical or photostatic reproductions of any and all the foregoing items that are in the custody or subject to your control or known by you or Plaintiff to exist.

# EXHIBIT "A"

1. All DOCUMENTS and tangible things, including all tangible reports, exhibits, physical models, compilations of data and other material prepared by or for you for use in this case.

2. All DOCUMENTS and tangible things which relate to or form the basis of the mental impressions and opinions held by you with respect to the incident made the basis of this lawsuit and its consequences.

3. All files, WRITINGS or other documentation, photographs, motion pictures, video, television records, maps, drawings, charts, diagrams, measurements, surveys and reference items reviewed, consulted, copied, compared to or taken by yourself which relate to the incident made the basis of this lawsuit or its consequence or similar incidents used for forming the basis of your opinion with respect to matters in this suit.

4. All material DOCUMENTS and tangible things prepared by any other person or entity, including consulting expert(s), which relate to or form a basis (either in whole or in part) or the mental impressions and opinions held by yourself with respect to the incident made the basis of this lawsuit and its consequences.

5. All DOCUMENTS and tangible things in the actual or constructive possession, custody or control of yourself which relates to the incident made the basis of this lawsuit.

6. Your entire file pertaining to this litigation.

7. All depositions or transcripts of trial testimony previously given by you.

8. All models, charts, diagrams and other demonstrative aids that you will refer to, rely on or discuss with the jury during the trial of this case.

9. Copies of all articles, texts, treatises or other publications established, or to be established, as a reliable authority by your testimony.

5

10. All DOCUMENTS reviewed by you or furbished to you for review in connection with this case.

11. All articles, texts, treatises or other publications used, consulted or relied on by you in connection with your work on this case.

12. Copies of any article, texts, treatises or other publications authorized in whole or in part by you which relate or bear on the issues involved in this case.

13. All contracts, agreements, correspondence – and other DOCUMENTS pertaining to or reflecting any involvement, employment, listing, membership, affiliation, understanding or agreement of you with any expert witness referral service, listing service, directory, or any person or entity involved in locating or referring expert witnesses or consultations for legal matters.

14. All advertisements, brochures, circulars, or other DOCUMENTS used by or on behalf to advertise, promote, publicize or describe the availability of your services in the past ten years.

15. All DOCUMENTS reflecting the amount of time spent by you in connection with this case.

16. All DOCUMENTS including proposals, estimates, contracts of employment, invoices, etc. reflecting or pertaining to charges or billings for your services in connection with this case.

17. Copies of any articles, texts, treatises or other publications on which you have been or will be asked to express an opinion concerning authority, reliability or agreement with any statement in the work.

18. All written statements, video, and/or voice recordings of any witnesses to the incident made the basis of this lawsuit.