# Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**PLAINTIFF'S FIRST AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF UNIVERSITY OF TEXAS MEDICAL BRANCH AND SUBPEONA DUCES TECUM**

TO:   DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH, by and through its attorney of record, Kim Coogan, Assistant Attorney General, P.O. Box 12548, Capitol Station Austin, Texas 78711.

Please take notice that on November 19, 2013, and thereafter from day to day until completed, Plaintiffs will take the oral deposition of Defendant University of Texas Medical Branch, before a court reporter, videographer, and notary public for the State of Texas pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

The deposition will cover the following topics:

1. The death of Larry Gene McCollum at the TDCJ Hutchins Unit;

2. All medical care provided to Larry Gene McCollum at the Hutchins Unit, or any other care provided by UTMB;

3. UTMB policies and practices regarding temperature, heat, and related conditions at the Hutchins Unit and in TDCJ generally between June 1, 2011 and September 1, 2011;

4. Creation and enforcement of UTMB policies related to temperature, heat, and inmate

   health and welfare in TDCJ;

5. Training for UTMB and TDCJ employees on policies related to temperature, heat, and inmate health and welfare;

6. UTMB policies, procedures, customs, and practices regarding prevention of heat related illnesses at the Hutchins Unit and in TDCJ generally between June 1, 2011 and September 1, 2011 (including, but not limited to, air conditioning, provision of water to inmates, inmate showering, ventilation, dress codes, work assignments, housing assignments, and fans);

7. Staffing levels the Hutchins Unit between June 1, 2011 and September 1, 2011;

8. UTMB policies and procedures regarding intake of new inmates at TDCJ transfer facilities between June 1, 2011 and September 1, 2011 (including, but not limited to, triage, intake physicals, housing restrictions for new inmates, and housing assignments);

9. The people and procedures composing chain of command related to enforcement of UTMB policies related to heat, extreme temperatures, and heat-related illnesses at the Hutchins Unit and in TDCJ generally between June 1, 2011 and September 1, 2011;

10. Training for UTMB staff related to heat, extreme temperatures, and heat-related illnesses at the Hutchins Unit and in TDCJ generally between June 1, 2011 and September 1, 2011;

11. Complaints (including, but not limited to, inmate grievances) made to UTMB related to heat, extreme temperatures, heat-related illnesses, and air conditioning at the Hutchins Unit and in TDCJ facilities generally between June 1, 2011 and September 1, 2011;

12. UTMB's role in creating housing assignments for TDCJ prisoners, including assignments for prisoners with disabilities and/or medical conditions;

13. Financial costs, if any, of providing medical treatment to prisoners diagnosed with heat-related illnesses (including cost of treatment for Larry Gene McCollum);

14. Supervision of programs and procedures related to heat, temperature, or prevention of heat-related illness at the Hutchins Unit between June 1, 2011 and September 1, 2011;

15. UTMB policies, practices and procedures regarding creation of lists of prisoners with medical conditions affected by heat, high temperature, or high heat indexes;

16. UTMB policies, practices and procedures regarding providing emergency medical care for prisoners in TDCJ facilities, including at the Hutchins Unit;

17. UTMB polices, practice and procedures regarding providing medical care for prisoners at TDCJ facilities where infirmaries or clinics are not staffed on-site 24-hours-a-day;

18. UTMB policies, practices and procedures for identifying heat-related illnesses or injuries at TDCJ facilities;

2

19. UTMB policies, practices and procedures for contacting an ambulance at TDCJ facilities;

20. UTMB policies, practices and procedures for providing accommodations to prisoners with heat-sensitive disabilities (including, but not limited to, hypertension and diabetes);

21. Any decisions to provide less than 24-hour-a-day on-site medical care at the Hutchins Unit;

22. Any policies, practices and procedures for tracking illnesses and/or deaths to any person treated by UTMB staff at TDCJ facilities;

23. Effects of heat on patients with diabetes;

24. Effects of heat on patients with hypertension;

25. Effects of hydrochlorthiazide on patients;

26. Any changes made to UTMB policies, procedures or practices following heat-related injuries or deaths at TDCJ facilities.

The deposition is for the purpose of discovering, securing, and completing testimony of Defendant. The deposition will be taken at the Rebecca Sealy Hospital, 404th 8th Street, Room 4.204, Galveston, TX, Galveston 77555, on November 19, 2013, beginning at 11:00 a.m. and will continue thereafter from day to day until completed. The deposition will be recorded stenographically and on videotape.

In accordance with Rule 30 of the Federal Rules of Civil Procedure, the deponent is directed to produce at the time and place of his deposition the following documents and/or tangible things to wit: All documents an/or tangible things responsive to the request as set out in Exhibit "A", attached hereto.

For the purpose of this notice, the following terms are assigned the below meanings:

1. "HUTCHINS UNIT" - refers to the Texas Department of Criminal Justice facility located at 1500 East Langdon Road, Dallas, TX 75241.

2. "STATE JAIL" – refers to a facility designated to house inmates per Texas Penal Code §

3

    12.35.

3. "AND," "OR," "ANY," and "ALL" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

Dated: March 10, 2014.

                        Respectfully submitted,

                        The Edwards Law Firm
                        The Haehnel Building
                        1101 East 11th Street
                        Austin, Texas 78702
                              Tel.   512-623-7727
                              Fax.  512-623-7729

                        By    /s/ Scott Medlock
                        JEFF EDWARDS
                        State Bar No. 24014406
                        Scott Medlock
                        State Bar No. 24044783
                        Lead Counsel

                        Brian McGiverin
                        State Bar No. 24067760
                        James C. Harrington
                        State Bar No. 09048500

                        TEXAS CIVIL RIGHTS PROJECT
                        1405 Montopolis Drive
                        Austin, TX 78741
                        (512) 474-5073 [phone]
                        (512) 474-0726 [fax]

                        Eliot Shavin
                        State Bar No. 18138200
                        2600 State Street
                        Dallas, Texas 75204
                        214-522-2010 (telephone)
                        214-720-9594 (fax)
                        Local Counsel

                        ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      By my signature above, I hereby certify that the foregoing document has been served on all counsel of record **via fax,** as follows:

Bruce R. Garcia
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Kim Coogan
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Demetri Anastasiadis
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Brian McGiverin
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-0726


                                    By      /s/ Scott Medlock
                                    Scott Medlock

## DEFINITIONS

The terms **DOCUMENTS** and **WRITINGS** are used herein in their most comprehensive sense and include, but are not limited to, notes, letters, reports, memoranda, diaries, bulletins, circulars, instructions, work assignments, advertising literature, notebooks, tapes, discs, or other sound recordings, films, drafts, worksheets, calendars, appointment books, estimates, ledgers, opinions, instructional manuals, memoranda or notes relating to telephone or other conversations, excerpts, summaries and other **WRITINGS** of any nature whatsoever, including copies of mechanical or photostatic reproductions of any and all the foregoing items that are in the custody or subject to your control or known by you or Plaintiff to exist.

# EXHIBIT "A"

1. All DOCUMENTS and tangible things, including all tangible reports, exhibits, physical models, compilations of data and other material prepared by or for you for use in this case.

2. All DOCUMENTS and tangible things which relate to or form the basis of the mental impressions and opinions held by you with respect to the incident made the basis of this lawsuit and its consequences.

3. All files, WRITINGS or other documentation, photographs, motion pictures, video, television records, maps, drawings, charts, diagrams, measurements, surveys and reference items reviewed, consulted, copied, compared to or taken by yourself which relate to the incident made the basis of this lawsuit or its consequence or similar incidents used for forming the basis of your opinion with respect to matters in this suit.

4. All material DOCUMENTS and tangible things prepared by any other person or entity, including consulting expert(s), which relate to or form a basis (either in whole or in part) or the mental impressions and opinions held by yourself with respect to the incident made the basis of this lawsuit and its consequences.

5. All DOCUMENTS and tangible things in the actual or constructive possession, custody or control of yourself which relates to the incident made the basis of this lawsuit.

6. Your entire file pertaining to this litigation.

7. All depositions or transcripts of trial testimony previously given by you.

8. All models, charts, diagrams and other demonstrative aids that you will refer to, rely on or discuss with the jury during the trial of this case.

9. Copies of all articles, texts, treatises or other publications established, or to be established, as a reliable authority by your testimony.

10. All DOCUMENTS reviewed by you or furbished to you for review in connection with this case.

11. All articles, texts, treatises or other publications used, consulted or relied on by you in connection with your work on this case.

12. Copies of any article, texts, treatises or other publications authorized in whole or in part by you which relate or bear on the issues involved in this case.

13. All contracts, agreements, correspondence – and other DOCUMENTS pertaining to or reflecting any involvement, employment, listing, membership, affiliation, understanding or agreement of you with any expert witness referral service, listing service, directory, or any person or entity involved in locating or referring expert witnesses or consultations for legal matters.

14. All advertisements, brochures, circulars, or other DOCUMENTS used by or on behalf to advertise, promote, publicize or describe the availability of your services in the past ten years.

15. All DOCUMENTS reflecting the amount of time spent by you in connection with this case.

16. All DOCUMENTS including proposals, estimates, contracts of employment, invoices, etc. reflecting or pertaining to charges or billings for your services in connection with this case.

17. Copies of any articles, texts, treatises or other publications on which you have been or will be asked to express an opinion concerning authority, reliability or agreement with any statement in the work.

18. All written statements, video, and/or voice recordings of any witnesses to the incident made the basis of this lawsuit.