# Exhibit 6

# THE EDWARDS LAW FIRM

**JEFF EDWARDS**
BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
JEFF@EDWARDS-LAW.COM

**THE HAEHNEL BUILDING**
1101 EAST 11TH STREET
AUSTIN, TX 78702
TEL: 512-623-7727
FAX: 512-623-7729

**SCOTT MEDLOCK**

SCOTT@EDWARDS-LAW.COM

February 13, 2014

*Via fax*: (512) 495-9139

Kim Coogan
Assistant Attorney General
P. O. Box 12548,
Capitol Station
Austin, Texas 78711

Re:   *Stephen McCollum, Stephanie Kingrey, and Sandra McCollum, individually and as heirs at law to the estate of Larry Gene McCollum v. Brad Livingston, Jeff Pringle, and Texas Department of Criminal Justice;*
In the United States District Court, Northern District of Texas – Dallas Division

Dear Ms. Coogan,

I hope you are well. I am writing about your discovery responses in this case. You have raised several objections in discovery which I believe were improper, and ask that you fully respond to my clients' discovery requests.

Please respond to each section of this letter by February 21, 2014. Otherwise, I will assume you are opposed to my requests, and I will seek relief from the Court.

### A. Materials Withheld Pursuant to HIPAA

You have refused to respond to several discovery requests, including the following, citing the requirements of HIPPA:

UTMB's Responses to Sandra McCollum (August 2, 2013)

- Interrogatory 10

UTMB's Responses to Sandra McCollum (December 2, 2013)

- Requests for Production 1-5
- Requests for Admission 1-30, 33-106

As I am sure you are aware, HIPPA includes provisions which permit disclosure of documents during litigation. Code of Federal Regulations, Title 45, section 164.512 (e)(ii)(B) will allow UTMB to produce responsive documents if the parties enter a

"qualified protective order." That means we must simply enter a protective order requiring the parties to affirm they will not use or disclose protected materials for any reason except the litigation, and will destroy the materials after the litigation ended. 45 C.F.R. § 164.512(e)(1)(v).

Please let me know if you will agree to a protective order. If not, my recourse will be to petition the Court to issue one, which is an equally-applicable exception to HIPAA's Privacy Rule. 45 C.F.R. § 164.512(e)(1)(iv)(A). As the Court has already ruled that other heat-related deaths and injuries are relevant in this case, I am confident the Court will issue a protective order as to these documents and responses.

I am especially certain the Court will grant a protective order for autopsies since any member of the public can request autopsies through the Public Information Act. *See* Informal Letter Ruling, Tex. Atty. Gen. Op. OR2012-18759, 2012 WL 6066852 *2 (Nov. 20, 2012) (*citing* Open Records Decision No. 681 (2004)).

### B. State Privileges Are Not a Basis to Withhold Documents

You have refused to respond to several discovery requests, including the following, citing various privileges created by state statutes:

UTMB's Responses to Sandra McCollum (August 2, 2013)

- Interrogatory 2
- Request for Production 7

But privileges created by state statute are irrelevant to federal claims brought in federal court. *See In In re Avantel, S.A*., 343 F.3d 311, 323 (5th Cir. 2003) (citing Fed. R. Evid. 501). They are not a basis for a legitimate objection.

Further, even if you made one or more valid assertions, you never produced a privilege log. By failing to provide a privilege log identifying the documents you are withholding and identifying which privilege you are asserting for each, you waived any privilege you could have asserted.. *See Nance v. Thompson Medical Co*., 173 F.R.D. 178, 182 (E.D.Tex.1997) (citing Fed. R. Civ. Proc. 26(b)(5)); *see also John B. v. Goetz*, 879 F.Supp.2d 787, 890 (M.D.Tenn. 2010) (collecting cases); *Smith v. James C. Hormel School of Virginia, et al*, 2010 WL 3702528 *4 (W.D. Va. 2010) (collecting cases).

Please let me know when you will produce the documents you have withheld.

### C. You Must Produce Expert Reports

Finally, in January 15, 2014 you designated seven expert witnesses, but you only supplied one expert report. You are obligated to supply an expert report for each of the witness you have designated to give opinion testimony.[1]

---

[1] Excluding Dr. Keith Pinckard, who we will stipulate is a non-interested third party.

2

A witness designated as an expert must prepare a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. Proc. 26(a)(2). Each of your witnesses clearly falls into at least one of the two categories.

First, it is clear the following witnesses' jobs "regularly involve giving expert testimony":

- Dr. Owen Murray, UTMB Vice President For Offender Health Services
- Dr. Lannette Linthicum, TDCJ Division Director for Health Services

Second, even if they did not, Dr. Murray and Dr. Linthicum are among the remainder of your experts, each of whom have been "retained" within the meaning of the rule.  It is of no consequence that witnesses are salaried employees.[2] The majority of courts take the view that "whenever an employee of a party gives expert testimony, even if outside the normal scope of his or her employment, the producing party must provide an expert report." *Amtrak v. Ry. Express, LLC*, 268 F.R.D. 211, 215 (D.Md 2010).

"Even if the [employee] witnesses are not directly compensated for their testimony, their 'assignment' as experts by their employer qualifies them as experts subject to the Rule 26 disclosure requirement."  *Desrosiers v. Giddings & Lewis Mach. Tools LLC*, 2009 WL 4406149 at *5 (D.Md 2009) *rev'd in part on other grounds*, 2010 WL 213286 (D.Md. May 25, 2010); *accord McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004) (finding employees designated as experts must provide expert reports). Thus, I ask you to please produce reports for these expert witnesses.

### D.  Judicial Relief

I hope we can find an informal resolution.  If not, I intend to file a motion to compel, and to seek attorney's fees under Federal Rule of Civil Procedure 37(a)(5).

Thank you for your attention to this matter.

Sincerely,

Jeff Edwards

---

[2] Nor does it matter that UTMB and TDCJ are nominally separate entities. *C.f. Meza v. Livingston*, 623 F. Supp. 2d 782, 785 n. 7 (W.D.Tex. 2009) ("The Board [of Pardons and Paroles] and [Texas] Department [of Criminal Justice] attempt to distinguish their responsibilities, and indeed, the agencies perform separate functions. However, the Department and the Board are Texas state agencies that work closely together. In the final analysis, Meza's conditions are imposed and implemented by the State of Texas. The Court considers all of Meza's allegations to be against the state").  The TDCJ employees on your list were clearly directed by their employer, your co-defendant, to testify in this case.