IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, Individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br><br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-02037 |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
RESPONSES TO REQUESTS FOR PRODUCTION
AND DEPOSITION TESTIMONY**

Defendant University of Texas Medical Branch (UTMB) submits this response to Plaintiffs' motion to compel responses to requests for production and deposition testimony. D.E. 144. As the lack of a certificate of conference in Plaintiffs' motion reveals, despite the requirement of Local Rule 7.1(h), Plaintiffs' counsel did not confer with UTMB's counsel prior to filing the motion to compel. Had they done so, many of the mistaken assumptions and arguments made in Plaintiffs' motion could have been avoided.

First, UTMB does not possess or maintain custody or control of the Correctional Managed Health Care Committee's Joint Morbidity and Mortality Committee records. The Texas Department of Criminal Justice maintains these records. Therefore, UTMB cannot produce the requested documents. Any request for such documents should be directed to the

1

proper custodian of records. Moreover, Texas statutory law directs that the medical peer review committee records are privileged and protected from discovery without a court order, issued only after a preliminary judicial determination of relevance, directing disclosure. Texas law also dictates that nursing peer review records are privileged and confidential and not subject to discovery in any civil matter. Accordingly, UTMB's objections to the production of peer review records based upon Texas statutory privileges were reasonable and substantially justified because disclosing these privileged documents without the protection of a court order requiring such disclosure amounts to violations of Texas statutory law.

## I.
## Summary of Lawsuit

Plaintiffs sue UTMB for alleged violations of Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act. D.E. 119, p. 2. Specifically, Plaintiffs contend UTMB intentionally discriminated against Larry McCollum, who was an inmate at TDCJ's Hutchins Unit in July 2011, and failed to make reasonable accommodations for McCollum's alleged heat-sensitive disabilities. Id. According to Plaintiffs, McCollum's morbid obesity required that he be assigned a bottom bunk and his obesity, alleged hypertension and alleged diabetes required that he be assigned to air-conditioned housing. Id. at 7-10. Plaintiffs contend that UTMB's purported failure to assign McCollum to a bottom bunk or prescribe him air-conditioned housing caused McCollum to die of a heat stroke. Id. at 1.

## II.
## Response to Plaintiffs' Arguments in Support of Motion to Compel

**A.    UTMB does not maintain custody or control over the CMHCC's Joint Morbidity and Mortality Review Committee's proceedings.**

Plaintiffs seek copies of documents related to the Correctional Managed Health Care Committee's (CMHCC) Joint Morbidity and Mortality Committee (Joint M&M Committee). Plaintiffs operate under the mistaken assumption that UTMB is the custodian of the Joint M&M Committee records. The Texas Department of Criminal Justice (TDCJ) is the custodian of this committee's records. Exhibit A, p. 3.

In 1993, the Texas Legislature created the CMHCC. Exhibit A, p. 2. The CMHCC is composed of nine voting members and one non-voting member: (1) one member employed full-time by TDCJ ("the department") and appointed by the executive director of TDCJ; (2) one member that is a physician and employed full-time by UTMB that is appointed by the president of UTMB; (3) one member that is a physician and employed full-time by the Texas Tech University Health Sciences Center (TTUHSC) that is appointed by the president of the university; (4) two members that are physicians, each of which is employed full-time by a medical school other than UTMB at Galveston or TTUHSC, both of which are appointed by the governor; (5) two members that are licensed mental health professionals that are both appointed by the governor; (6) two members of the public that are not affiliated with TDCJ, UTMB, or TTUHSC (at least one of which is licensed to practice medicine in the State of Texas) that are appointed by the governor; and (7) the Texas Medicaid director or a person employed full-time by the Texas Department of Health and Human Services Commission, who is appointed by the Medicaid director to serve ex-officio as a non-voting member. Id.; TEX. GOV'T CODE § 501.133.

3

The CMHCC has established a procedure for monitoring the quality of care delivered by health care providers to TDCJ inmates. TEX. GOV'T CODE § 501.150(a). Under the established procedure, TDCJ monitors the quality of care delivered by health care providers, which includes investigating grievances, ensuring access to medical care, and conducting periodic operational reviews of medical care provided at TDCJ units. Id. TDCJ and the contracting health care providers (UTMB and TTUHSC) cooperate in monitoring quality of care and communicate monitoring results to CMHCC. Id.; Ex. A, p.3.

To monitor the quality of care, the CMHCC utilizes several joint committees. Ex. A, p. 3. One of the joint CMHCC committees is the Joint M&M Committee, which reviews the records and circumstances related to TDCJ offender deaths. Id. The Joint M&M Committee is composed of staff and health care providers from TDCJ, UTMB, and TTUHSC. Id. The Joint M&M Committee can recommend that an offender death be further reviewed by a peer review committee of the contracting university health care providers (UTMB or TTUHSC). Id.

UTMB does not maintain custody or control of the CMHCC's Joint M&M Committee records. TDCJ maintains these records as directed by the CMHCC. Id. Pursuant to Texas statutory law, this committee's proceedings are confidential and privileged and are not subject to court subpoena. TEX. HEALTH & SAFETY CODE § 161.032. Accordingly, UTMB cannot produce Joint M&M Committee records because it does not possess them. Furthermore, Texas statutory law prevents UTMB from discussing Joint M&M Committee proceedings without the protection of court order finding the Texas statutory privilege to be inapplicable in the case at issue and directing UTMB to provide testimony regarding any knowledge it may possess regarding such proceedings.

**B.      Texas statutory law prohibits UTMB from disclosing medical peer review committee records and nursing peer review records without a court order.**

The CMHCC also utilizes Joint Peer Review Committees for physicians, nurses, dentists, and mental health providers. Exhibit A, p. 3. Joint Peer Reviews are conducted pursuant to state law and the contracts between TDCJ and the university health care providers (UTMB and TTUHSC). The CMHCC, TDCJ Health Services Director, UTMB Medical Director, or TTUHSC Medical Director can request a joint peer review. Id. If a joint peer review is requested, health care staff from one of the contracting university health care providers (UTMB or TTUHSC) conducts the peer review along with a TDCJ representative, who serves on the joint peer review committee as an ad hoc member. Id. Documentation regarding joint peer review committee proceedings is forwarded to the CMHCC through TDCJ. While the contracting university medical providers (UTMB or TTUHSC) may possess copies of joint peer review committee records, TDCJ also maintains the records and may be the proper custodian of records on behalf of the CMHCC. Exhibit A, p. 3.

Pursuant to Texas statutory law, medical peer review committee records, such as the records of the CMHCC's Joint Peer Review Committee, are confidential and privileged. TEX. OCC. CODE § 160.007(a). Accordingly, these records cannot be released unless and until a judge makes a preliminary finding that the medical peer review committee's proceedings, records, or communications are relevant to a civil rights action brought under 42 U.S.C. § 1983. TEX. OCC. CODE § 160.007(b). Moreover, Texas statutory law declares nursing peer review records to be privileged and confidential and not subject to subpoena or discovery in any civil matter. TEX. OCC. CODE § 303.006(a)-(e). This law prevents UTMB from disclosing such peer review documents without the protection of a court order finding that the state law privilege, which states that such records are not subject to discovery in any civil matter and are not admissible as

5

evidence in a judicial proceeding, does not apply and that the records must be disclosed pursuant to the court's authority. Without the requisite order, UTMB's disclosure of the privileged documents would amount to violations of Texas statutory law.

As it relates to Mr. McCollum, on or about August 26, 2011, TDCJ Health Services Division asked UTMB to conduct an administrative review of the nursing care. Exhibit A, p. 4. Pursuant to TDCJ Health Services Division's request, UTMB conducted a review along with a TDCJ representative. Both UTMB and TDCJ maintain records related to the request for an administrative review of the nursing care related to Mr. McCollum. Id. As already explained, Texas law protects nursing peer review records from discovery in any civil matter. Thus, Texas law prohibits UTMB and TDCJ from disclosing these records without a court order finding the statutory privilege does not apply to the instant case and requiring disclosure pursuant to the court's authority.

On or about December 7, 2011, at the request of the CMHCC, the CMHCC's Joint M&M Committee met to review Mr. McCollum's death. Exhibit A, p. 4. As already explained, UTMB does not maintain custody or control of the Joint M&M Committee records, and it cannot disclose what it does not have. The Joint M&M Committee records are maintained by TDCJ on behalf of the CMHCC.

**C.     Plaintiffs' request for attorney's fees must be denied because UTMB's assertions of privilege are substantially justified.**

Federal Rule of Civil Procedure 34(b)(2)(B) allows a party to respond to request for productions by either: (1) stating that inspection and related activities will be permitted as requested; *or* (2) state an objection to the request, including the reasons. FED. R. CIV. P. 34(b)(2)(B) (emphasis added). Pursuant to Rule 34(b)(2)(B), UTMB properly objected to Plaintiffs' request for production and asserted the above-mentioned privileges. UTMB lodged

good faith objections to Plaintiffs' requests because the information sought by Plaintiffs is privileged under Texas law. For example, Texas Health and Safety Code §161.032 provides, "The records and proceedings of a medical committee are confidential and are not subject to court subpoena." TEX. HEALTH AND SAFETY CODE § 161.032(a). In addition, Texas Occupations Code § 160.007 states, "[E]ach proceeding or record of a medical peer review committee is confidential, and any communication made to a medical peer review committed is privileged." TEX. OCC. CODE § 160.007(a). Although the statute lists an exception when "the proceeding or record is relevant to an anti-competitive action or to civil rights proceeding brought under 42 U.S.C. Section 1983," the waiver of peer review privilege is not automatic. Id. Rather, the peer review privilege can *only* be waived *after* a judicial determination of relevance. See TEX. OCC. CODE § 160.007(b) (emphasis added). Finally, Texas Occupations Code § 303.006 dictates that "a nursing peer review committee proceeding is confidential and any communication made to a nursing peer review committee is privileged." TEX. OCC. CODE § 303.006(a). Information that is confidential under this chapter is not subject to subpoena or discovery in *any* civil matter. TEX. OCC. CODE § 303.006(e)(1) (emphasis added). These statutory laws make it clear that UTMB cannot disclose medical peer review committee records and nursing peer review committee records without the protection of a court order requiring such disclosure.

Moreover, the information sought by Plaintiffs involves the proceedings and/or records of the Correctional Managed Health Care Committee's ("CMHCC") Joint M&M Committee. Plaintiffs incorrectly identified the Joint M&M Committee as UTMB's medical committee. This simply is not true. As already explained, the Joint M&M Committee is a CMHCC sub-committee; and TDCJ maintains the records of the Joint M&M Committee on behalf of

7

CMHCC. Had Plaintiffs' counsel properly conferred with UTMB counsel prior to filing their motion to compel, this could have been explained and many of the incorrect assumptions and/or argument in Plaintiffs' motion could have been avoided.

Nevertheless, UTMB respectfully asserts that these documents qualify as records and proceedings of a medical committee and are confidential and not subject to court subpoena. *See* TEX. HEALTH AND SAFETY CODE § 161.032(a). Additionally, UTMB respectfully asserts that, because the Texas Health and Safety Code § 161.032 privilege related to these documents belongs to CMHCC, who requested the Joint M&M Committee's quality review, it does not have the authority to waive the statutory privilege related to the Joint M&M Committee records or provide testimony regarding the Joint M&M Committee proceedings without a court order. *See* Exhibit A, p. 4.

As to Plaintiffs' request for copies of medical peer review committee records and/or nursing peer review records, UTMB properly objected to the request and asserted the Texas statutory privileges. TEX. OCC. CODE § 160.007(a); TEX. OCC. CODE § 303.006(a). Texas statutory law finds information related to medical peer review committee proceedings to be privileged and confidential. TEX. OCC. CODE § 160.007(a). While an exception to the privilege may apply in § 1983 cases, that exception is not automatic. TEX. OCC. CODE § 160.007(b). Instead, a preliminary judicial determination of relevance is required before the exception applies. Id. Moreover, the statutory exception applies in § 1983 suits. Plaintiffs' claims against UTMB are brought under Title II of the ADA and/or the Rehabilitation Act, not § 1983. In addition, pursuant to Texas law, nursing peer review records are privileged and confidential and not subject to discovery in *any* civil matter. TEX. OCC. CODE § 303.006(a) (emphasis added). Thus, UTMB's objections to producing medical peer review committee

records and nursing peer review records were made in good-faith and based upon the dictates of Texas statutory law, which clearly prohibits the disclosure of peer review records without the protection of a court order finding the statutory privileges do not apply.

Should the court overrule UTMB's objections to Plaintiffs' discovery requests, Plaintiffs are not entitled to attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5). Federal Rule of Civil Procedure 37(a)(5) provides that:

> If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   i. the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   ii. the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   iii. other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5).

When responding to a motion to compel and a request for attorney's fees, the burden rests on the responding party to show that the responding party's position was *substantially justified* or that an award of attorney's fees would be unjust. *SEC v. Kiselak Capital Group, LLC,* No. 4:09-CV-256-A, 2012 U.S. Dist. LEXIS 13569, at *8 (N.D. Tex. Feb. 3, 2012)n (emphasis added). Under Rule 37, "a party's discovery conduct is found to be substantially

justified . . . if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."[1] *SEC,* 2012 U.S. Dist. LEXIS at *14.

As explained above, UTMB asserted good faith objections based on applicable law that governs it as a state agency. In fact, a genuine dispute regarding the applicability of state law privileges exists in this matter. Accordingly, UTMB's discovery conduct in response to this genuine dispute was substantially justified, and Plaintiffs' request for attorney's fees should be denied.

It is well-settled that sanctions are not automatic and can be denied even when a court must intervene in discovery disputes to resolve discovery objections. *Garcia v. Hous. Auth. Of New Orleans,* Civil Action No. 12-1863, 2013 U.S. Dist. LEXIS 129789, at *17 (E.D. La. Sept. 11, 2013) ("Having reviewed and evaluated the subject matter, the court finds that sanctions are not warranted."). Therefore, UTMB respectfully requests that this Court rule on its objections and, should the court overrule said objections, deny Plaintiffs' request for

---

[1] Examples of a party's failure to establish substantial justification involve a party not objecting to discovery or not responding to discovery requests at all. For example, in *Southern U.S. Trade Ass'n v. Unidentified Parties*, the court held that the defendant failed to provide the Court with a "substantial justification" for his failure to respond to the plaintiff's requests for production. *Southern U.S. Trade Ass'n v. Unidentified Parties,* Civil Action No. 10-1669, 2012 U.S. Dist. LEXIS 3796, at *7 (E.D. La. Jan. 11, 2012). In making this ruling, the court reasoned that not possessing responsive documents is not an excuse for failing to respond. *Id* at *18. Instead, the defendant should have either objected to the request or stated that the documents did not exist or that it would be overly burdensome for him to gain access to the documents through a third party or different source. *Id.* Based on these facts, the court awarded attorney's fees to the plaintiff. *Id.* These facts do not apply to the current matter. It is undisputed that UTMB properly objected to Plaintiffs' request. Another example of lack of substantial justification is in *Johnson-Richardson v. Tangipahoa Parish Sch. Bd.,* where the court found that an attorney's fees award was appropriate due to the failure of counsel to communicate with opposing counsel as required by Federal Rule of Civil Procedure 37(c). *Johnson-Richardson v. Tangipahoa Parish Sch. Bd*., Civil Action No 12-00140, 2013 U.S. Dist. LEXIS 126129, at *8 (E.D. La. Sept. 3, 2013). Specifically, the plaintiff's counsel failed to provide an adequate explanation as to why communication did not occur with opposing counsel and failed to provide an adequate explanation as to why initial disclosures were not timely. *Id. at *9.* Based on these facts, the court determined that his conduct was not substantially justified nor would an award of attorney fees be unjust. *Id.* Once again, the present matter is distinguishable from this case. To be clear, there is no evidence in the record that UTMB's counsel failed to provide adequate explanation or failed to timely respond to Plaintiffs' discovery requests.

attorney's fees as UTMB's objections and responses were reasonable and substantially justified both in fact and law. *See Surplus Source Group, LLC v. Mid Am. Engine, Inc.*, Case No. 4:08-cv-049, 2009 U.S. Dist. LEXIS 43422, at *2 (E.D. Tex. May 22, 2009)(finding the defendants' opposition substantially justified, the Court held: "[t]hat the court ultimately resolved the issue in the plaintiffs' favor does not render the Defendants' position not substantially justified.").

Because there are genuine issues of law related to UTMB's asserted privileges, UTMB's objections and response to Plaintiff's request for peer review documents were substantially justified and appropriate; and an award of attorneys' fees is not warranted. *See Johnson v. State Farm Fire & Casualty Co.,* Civil Action No. 13-2629, 2014 U.S. Dist. LEXIS 21877, at *6 (E.D. La. Feb. 21, 2014) ("Because the bulk of the underlying motion to compel was denied as moot or denied, the Court finds that an award of attorney's fees is inappropriate.").

### III.
### Conclusion

Because UTMB is not the custodian of the CMHCC's Joint M&M Committee records, UTMB asks that the court deny Plaintiffs' motion to compel such documents. Also, UTMB requests that the court rule on its objections to and assertions of privilege with respect to Plaintiffs' request for medical peer review and nursing peer review records. Finally, UTMB asks the court to deny Plaintiffs' request for attorney's fees as they are not warranted. UTMB's objections and assertions of privilege to Plaintiffs' request for documents and information privileged under Texas statutory law without a court order requiring such disclosure were made in good faith, substantially justified, and based upon genuine issues of law related to the asserted privileges.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Law Enforcement Defense Division Chief
KIM J. COOGAN
Assistant Attorney General
Attorney-in-Charge

*/s/* SHANNA ELIZABETH MOLINARE
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General
State Bar No. 24041506

P.O. Box 12548
Austin, Texas  78711-2548
(512) 463-2080
(512) 495-9139- facsimile

**ATTORNEYS FOR UTMB**

NOTICE OF ELECTRONIC FILING

I, SHANNA MOLINARE, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the Northern District of Texas, on April 2, 2014.

*/s/* SHANNA MOLINARE
**SHANNA MOLINARE**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, SHANNA MOLINARE, Assistant Attorney General of Texas, do hereby certify that a courtesy copy of the above and foregoing **Defendant University of Texas Medical Branch's Response to Plaintiffs' Motion to Compel Responses to Requests for Production and Deposition Testimony** has been served upon all counsel of record by electronic filing notification on April 2, 2014.  In addition, a courtesy copy has been sent to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 East 11th St.
Austin, TX 78702
*Attorney for Plaintiffs*

Brian McGiverin
Texas Civil Rights Project
c/o TRLA
4920 N IH35
Austin, TX  78751
*Attorney for Plaintiffs*

| | |
|---|---|
| Bruce Garcia | *via Intra-Departmental Mail* |
| Office of the Attorney General | |
| *Attorneys for Defendants TDCJ, Pringle, Clark, Tate, Sanders, and Eason* | |
| | |
| Demetri Anastasiadis | *via Intra-Departmental Mail* |
| Office of the Attorney General | |
| *Attorney for Livingston* | |

      /*s/* SHANNA MOLINARE
      **SHANNA MOLINARE**
      Assistant Attorney General