IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, Individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br><br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-02037 |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN McCULLOM, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> BRAD LIVINGSTON, *et al.*, <br> *Defendants*. | § <br> § <br> § <br> § <br> §     CIVIL ACTION NO. 3:12-CV-02037 <br> § <br> § <br> § |

## AFFIDAVIT OF OWEN MURRAY, D.O.

COMES NOW OWEN MURRAY, D.O., MBA, and upon oath and personal knowledge deposed, says thusly:

1. My name is Owen Murray, D.O., MBA. I am over eighteen years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am competent in all respects to make this affidavit. The facts stated herein are within my personal knowledge, based on information obtained from other persons, reasonable inquiry and the University of Texas Medical Branch at Galveston – Correctional Managed Care's business records, and are all true and correct.

2. I am Vice President, Offender Health Services at the University of Texas Medical Branch at Galveston – Correctional Managed Care ("UTMB-CMC"). I have held this position since June 1, 2009. As Vice President, Offender Health Services at UTMB-CMC, my job responsibilities include, among other things, overseeing the medical, mental health and dental services for more than 120,000 offenders within the Texas Department of Criminal Justice ("TDCJ").

3.  In 1993, the Texas Legislature created the Correctional Managed Health Care Committee ("CMHCC") to improve access to quality health care while containing cost by maximizing the use of the state's medical schools. The CMHCC consists of nine members appointed as follows:

(1) one member employed full-time by the department, appointed by the executive director;

(2) one member who is a physician and employed full-time by The University of Texas Medical Branch at Galveston, appointed by the president of the medical branch;

(3) one member who is a physician and employed full-time by the Texas Tech University Health Sciences Center, appointed by the president of the university;

(4) two members who are physicians, each of whom is employed full-time by a medical school other than The University of Texas Medical Branch at Galveston or the Texas Tech University Health Sciences Center, appointed by the governor;

(5) two members appointed by the governor who are licensed mental health professionals;

(6) two public members appointed by the governor who are not affiliated with the department or with any contracting entity, at least one of whom is licensed to practice medicine in this state; and

(7) the state Medicaid director or a person employed full-time by the Health and Human Services Commission and appointed by the Medicaid director, to serve ex officio as a nonvoting member.

Pursuant to Texas Government Code Section 501.150, the CMHCC has established a procedure for monitoring the quality of care delivered by the health care providers. Upon information and belief and pursuant to Texas Government Code Section 501.150, TDCJ monitors the quality of care delivered by the health care providers, including investigating medical grievances, ensuring access to medical care, and conducting periodic operational reviews of medical care provided at its units. Additionally, pursuant to Texas Government Code

Section 501.156, TDCJ and the medical care providers cooperate in monitoring quality of care and shall communicate the results of their monitoring activities to CMHCC.

4       Upon information and belief, CMHCC utilizes several joint committees, including a Joint Morbidity and Mortality Committee, which reviews the circumstances and records of offenders' deaths. The Joint Morbidity and Mortality Committee is composed of staff and health care providers from TDCJ, UTMB, and Texas Tech University. Additionally, the Joint Morbidity and Mortality Committee can make a determination as to whether or not a referral to a peer review committee is indicated.

5.      UTMB-CMC does not maintain the Joint Morbidity and Mortality Committee's records. Upon information and belief, TDCJ maintains the Joint Morbidity and Mortality Committee's records as directed by CMHCC. Pursuant to Texas Health and Safety Code Section 161.032, these records are privileged and confidential and are not subject to court subpoena.

6.      CMHCC also utilizes Joint Peer Review Committees for physicians, nursing, dental and mental health staff, which are conducted pursuant to state law and the contracts between TDCJ and the university health care providers, specifically UTMB-CMC and Texas Tech University. UTMB's or Texas Tech University's Medical Directors, TDCJ's Director for Health Services Division, or CMHCC can request a joint peer review. A TDCJ representative is appointed to Joint Peer Review Committees as an ad hoc member. Additionally, TDCJ's Director for Health Services Division is provided the documentation related to peer review matters.

7.      UTMB-CMC may maintain Joint Peer Review Committee records. However, upon information and belief, TDCJ also maintains the Joint Peer Review Committee records. Pursuant to Texas Occupation Code Section 160.007, these records are privileged and confidential and

cannot be disclosed unless a judge makes a preliminary finding of relevancy in an anticompetitive action or a 42 U.S.C. Section 1983 claim. Pursuant to Texas Occupation Code Section 303.006, nursing peer review records are privileged and confidential and are not subject to subpoena or discovery in any civil matter.

8. On or about August 26, 2011, TDCJ's Health Services Division requested that UTMB-CMC conduct an administrative review of the nursing care rendered to Larry McCollum. Pursuant to this request, UTMB-CMC conducted the review.

9. UTMB-CMC maintains records related to the August 26, 2011 request for an administrative review of the nursing care rendered to Larry McCollum. However, UTMB-CMC also sent a response to this request to TDCJ's Health Services Division. Upon information and belief, Texas Health and Safety Code Section 161.032 and Texas Occupation Code Section 303.006 privileges related to this response belong to CMHCC, who requested the Joint Morbidity and Mortality Committee's quality review. In the alternative, Texas Health and Safety Code Section 161.032 and Texas Occupation Code Section 303.006 privileges belong to both CMHCC and UTMB-CMC, who conducted the August 26, 2011 request.

10. On or about December 7, 2011, the Joint Morbidity and Mortality Committee met regarding Larry McCollum. UTMB-CMC does not maintain the Joint Morbidity and Mortality Committee's records regarding Larry McCollum. Upon information and belief, the Texas Health and Safety Code Section 161.032 privilege related to these records belongs to CMHCC, who requested the Joint Morbidity and Mortality Committee's quality review.

11. The Joint Morbidity and Mortality Committee requested that UTMB-CMC conduct a joint physicians' peer review regarding Larry McCollum. Pursuant to this request, UTMB-CMC conducted the joint physicians' peer review.

12. UTMB-CMC maintains records related to the December 8, 2011 request for physicians' joint peer review regarding Larry McCollum. However, UTMB-CMC also sent a response to this request to TDCJ's Health Services Division. Upon information and belief, Texas Health and Safety Code Section 161.032 and Texas Occupation Code Section 160.007 privileges related to this response belongs to CMHCC because the Morbidity and Mortality Committee requested the joint physicians' peer review. In the alternative, Texas Health and Safety Code Section 161.032 and Texas Occupation Code Section 160.007 privileges related to these documents belong to both CMHCC and UTMB-CMC, who conducted the joint physicians' peer review.

Owen Murray, D.O.

SWORN TO AND SUBSCRIBED before me on the 26th day March, 2014.

OLA A. PORTILLA
Notary Public, State of Texas
My Commission Expires
August 19, 2015

Ola A. Portilla
Notary Public in and for the State of Texas

5