# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **Stephanie McCollum,** *et al.***,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-02037** |
| | § | |
| **Brad Livingston,** *et al.***,** | § | |
| **Defendants.** | § | **JURY DEMAND** |

**DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S RESPONSES**
**TO PLAINTIFFS' REQUESTS FOR PRODUCTION AND INTERROGATORIES**

**TO:**   Jeff Edwards, The Edward Law Firm, The Bremond Houston House, 706 Guadalupe, Austin, Texas 78701; Scott Medlock, Brian McGiverin, James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Eliot Shavin, 2600 State Street, Dallas, Texas 75204

COMES NOW the Defendant, Texas Department of Criminal Justice, by and through counsel, the Texas Attorney General's Office, and offers the following **Defendant Texas Department of Criminal Justice's Responses to Plaintiffs' Requests for Production and Interrogatories.**

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*B— R. A*

**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060
So. Dist. Bar No. 18934

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND JEFF
PRINGLE**

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and foregoing **Defendant Texas Department of Criminal Justice's**

**Responses to Plaintiff's First Set of Requests for Production and Interrogatories** has been

served by courier service on this the 21st day of December 2012 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

*B—R. A*

**BRUCE R. GARCIA**
Assistant Attorney General

-2-

## FIRST SET OF INTERROGATORIES

1.      Identify all steps you took to protect Larry McCollum from heat index temperatures in the Hutchins Unit in excess of 90 degrees.

RESPONSE:    Each year in April the Agency has mandatory heat precaution training for all staff and offenders.   Each shift supervisor was instructed to discuss heat awareness and warning signs at shift turn outs during the summer months.  Heat awareness, warning signs, and hydration memos were placed throughout the facility for staff and offenders. Shower temperatures were lowered and showers times were extended. Water coolers with ice were place in the dorms during summer months. Staff was instructed that offenders identified or requested relief from the heat were allowed to sit in cooler areas.

See also attached heat safety training and circulars produced with Request for Production 3-5.

2.      Identify all heat-related injuries (including, but not limited to, fatalities, where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

RESPONSE  Objection, overly broad and unduly burdensome, not limited in time or scope, Defendant further objects to the extent this seeks medical information privileged under HIPAA.
Subject to and without waiving between fiscal year 2008 to present, there have been three offender heat-related injuries in the Hutchins State Jail.  The first was in June of 2009, the second in July of 2011 to Larry Gene McCollum, and the third was in June of 2012.

3.      Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

RESPONSE: See response to TDCJ Interrogatory No. 2

3.      Identify all heat-related injuries to inmates in the Hutchins Unit between January 1, 2002 to the present.

RESPONSE: See response to TDCj Interrogatory No. 2.

4. Identify all heat-related injuries to employees of the Texas Department of Criminal Justice working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, hut not limited to, injuries where employees filed workers compensation claims.

**RESPONSE**: Objection, overly broad, unduly burdensome and not reasonably limited in time or scope. Defendants also object to the extent Plaintiff's interrogatory seeks medical information protected by HIPPA. Subject to and without waiving:

From fiscal year 2008 to present there have been seven employee heat-related injuries at the Hutchins State Jail. Three occurred in 2009, two in 2010 and two in 2012, five filed workers' compensation claims.

5. Identify all heat-related injuries to employees of the Texas Department of Criminal Justice in the Hutchins Unit between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

**RESPONSE**: See TDCJ response to Interrogatory No. 4.

6. Describe in detail why all inmate housing areas at the Hutchins Unit are not air conditioned, identifying all people responsible for decisions not to air condition any part of the Hutchins Unit.

**RESPONSE**: Objection, overly broad, unduly burdensome and not calculated to lead to the discovery of relevant or admissible evidence. The Hutchins unit was constructed in the mid 1990's All decisions made regarding these issues were made in the 1990's, by former administrators.

7. Identify all persons who authorized Larry McCollum's placement in each housing area he spent time in during his 2011 incarceration at the Hutchins Unit and describe in detail the basis for each placement. A response to this interrogatory should identify each location Larry McCollum was housed, including building, bunk number, and whether he was assigned to an upper or lower bunk.

**RESPONSE**: Please see memo from P. Escobedo regarding housing and bunk assignments.

-4-

8.     Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge. A response to this interrogatory should include, but is not limited to, all prisoners housed in the dorm with Larry McCollum on July 22, 2011 and July 23, 2011.

**RESPONSE**: Please see Defendant's initial disclosure. In addition, Defendants have ordered and will supplement with the Office of Inspector General Investigation. See attached dorm roster for July 21, 2011, Hutchins State Jail shift rosters for June and July 2011, and the reports produced in response to Request for Production 22.

9.     If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**RESPONSE**: Unknown at this time, should another responsible party become apparent, Defendants will supplement.

10.    Please describe in detail all steps that you have taken to bring the Hutchins Unit into compliance with the Americans with Disabilities Act and the Rehabilitation Act. Please include information about what modifications (if any) have been made at the prison, whether a transition plan and self-evaluation have been completed (as those terms are used in the ADA), and what services and programs at the jail exist to accommodate inmates' disabilities.

**RESPONSE**: Objection, overly broad, unduly burdensome, not limited in time or scope and not reasonably calculated to lead to the discovery or admissible evidence. In addition this interrogatory is vague and overbroad as to the term "inmate disabilities". Subject to and without waiving, please see TDCJ's response to Request for Production No.25.

11.    Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

**RESPONSE**: Warden Jeff Pringle, Interrogatory 1, 7, 8, 12, 14,

-5-

Robert Warren, Risk Management Division, Interrogatories 2-5, 15,
Frank Inmon, Facilities Management, Interrogatory 13

12.    Please identify all persons employed at the Hutchins Unit whose duties included spending
       time in the dormitories during the summer of 2011, including, but not limited to, sworn
       law enforcement officers and non-sworn employees.

**RESPONSE**: Objection, overly broad - all employees except administrative duties may require
               some time in the dormitories.

13.    Please identify who was responsible for construction of the Hutchins Unit, including, but
       not limited to, the construction firm and any architects involved in the design of the
       Hutchins Unit. A response to this interrogatory should include information about the
       design of the ventilation system at the Hutchins Unit.

**RESPONSE**: Objection, overly broad, unduly burdensome, and vague and not calculated to lead
               to the discovery of admissible or relevant evidence.  Subject to and without
               waiving:
               Architects / Engineers:
               Aguirre Associates Inc. - Designed the Ventilation
               Latta Technical Services Inc.
               Mulhauser McCleary Associates Inc.
               HNTB Corporation

14.    Please describe why inmates at the Hutchins Unit were not permitted to use personal fans
       in 2011.

**RESPONSE**: The dormitories do not have electrical outlets.

15.    Please describe in detail "heat conditions" assigned to prisoners at the Hutchins Unit
       including, but not limited to, why prisoners are assigned these conditions and what action
       (if any) TDCJ takes when a prisoner is assigned "heat conditions."

**RESPONSE**: Objection, vague as to the term "heat conditions".  See response to TDCJ request
               for Production No. 3.

-6-

16.     Please describe in detail all TDCJ policies about what personal property prisoners at the Hutchins unit were allowed to possess in July 2011. A response to this interrogatory should include what items newly-arrived prisoners at the Hutchins Unit are issued on arrival, what items can be purchased from the prison commissary, and when newly-arrived prisoners can purchase items from the commissary.

        RESPONSE: See attached policies, AD 03.72 (rev. 5), "Offender Property," dated September 1, 2002, Offender Orientation Handbook, dated November 2004).

17.     Please identity all persons that Defendant expects to call to testify on Defendant's behalf at trial.

**RESPONSE**: Defendants have made no decisions at this time regarding trial testimony. Defendants will supplement per the Federal Rules of Civil Procedure and the scheduling order.

## REQUESTS FOR PRODUCTION

1.      Please produce all documents or other physical or tangible evidence related to, referred to,  identified in, or that formed the basis of any answer to the previous interrogatories, identifying the specific interrogatory to which that document or evidence is related.

**RESPONSE**: Objection, overly broad and unduly burdensome.  Please see specific responses for specific document references.

2.      Please produce all documents, including. but not limited to inmate grievances and correspondence from state officials, reviewed by Jeff Pringle or Brad Livingston prior to July 22, 2011 regarding heat and/or high temperatures in TDCJ facilities.

**RESPONSE**: Objection, overly broad and unduly burdensome, not reasonably limited in scope or time, and vague as to the term "state officials."  Subject to and without waiving please see grievances filed on the Hutchins Unit for July, 2010 to the present attached as TDCJ's response to request for production No.2.

3.    Please produce copies of all relevant policy documents governing procedures that were in place during 2011 at the Hutchins Unit related to heat, temperature, or heat index. The request includes any rules or policies governing acceptable temperatures in TDCJ inmate housing areas during the summer months or other periods of high temperatures.

**RESPONSE**: Objection, overly broad and unduly burdensome and this request may include documents protected by the attorney client privilege.  Subject to and without waiving, see responses attached as TDCJ's response to request for production No.3 and No.4.

4.    Please produce all documents that describe, or are used in, or are otherwise related to the training of officers at the Hutchins Unit related to high temperatures at the prison prior to July 22. 2011.

**RESPONSE**: Objection, overly broad and unduly burdensome and this request may include documents protected by the attorney client privilege.  Subject to and without waiving, see TDCJ's response to request for production No.3 and No.4

5.    Please produce all work orders for the repair of ice machines, fans, ventilation, sinks,  and showers for inmate housing areas at the Hutchins Unit, including, but not limited to, AD84 forms, created from January 1, 2011 to the present.

**RESPONSE**: Objection, overly broad and unduly burdensome.  Subject to and without waiving see TDCJ's response to Request for Production No.5.

6.    Please produce all current documents that describe, or are used in, or are otherwise related to the training of officers at the Hutchins Unit related to high temperatures at the prison.

**RESPONSE**: Objection, repetitive, unduly burdensome.  See TDCJ previous responses to Request  for production No. 3 and No. 4.

-8-

7.     Please produce all documents related to heat, high temperatures, or heat index related to any training Jeff Pringle or Brad Livingston received from TDCJ prior to July 22. 2011.

**RESPONSE**: Objection, repetitive, unduly burdensome.  Subject to and without waiving, please see TDCJ responses to Request  No. 3, No. 4. and No. 7.

8.     Please produce all documents Brad Livingston or Jeff Pringle reviewed at any time prior to July 22, 2011 showing any medical treatment any person (including inmates and TDCJ employees) received related to heat-related injuries.

**RESPONSE**: Objection, overly broad and unduly burdensome not limited in time or scope.  In addition security does not have access to offender medical records.  That information is kept by the medical providers.

9.     Please produce all documents, including any diagrams or pictures, related to the structure and function of any ventilation system (including, but not limited to, the air handlers, and fans) at the Hutchins Unit.

**RESPONSE**: Objection, overly broad and unduly burdensome and not limited in scope and calls for the creation of a document.

10.    Please produce a diagram of the Hutchins Unit, identifying which portions (if any) of the facility are air conditioned, and any locations where Larry McCollum was housed prior to his death.

**RESPONSE**: Objection, calls for the creation of a document. Subject to and without waiving, no such document as requested exists.

11.    Please produce a diagram of the dorm to which Larry McCollum was assigned on the date he died. The diagram must include notations of the length of all interior walls.

**RESPONSE**: Objection Plaintiff is asking for the creation of a document.

12.    Please provide a detailed and complete list of all areas in the Hutchins Unit that are air conditioned.

**RESPONSE**: Objection calls for the creation of a document.  Subject to and without waiving, no such list exists.

13.     Please provide a detailed and complete list of all areas in the Hutchins Unit that are NOT air conditioned.

**RESPONSE**: Objection, calls for the creation of a document.  Subject to and without waiving, no such list exists.

14.     Please provide a detailed and complete list of all TDCJ facilities where some or all inmate housing areas are air conditioned. indicating which portions of each facility are air conditioned.

**RESPONSE**: Objection, calls for creation of a document.  Subject to and without waiving, no such document as described or requested exists.

15.     Please provide all medical and infirmary records related to Larry McCollum, while he was incarcerated by TDCJ.

**RESPONSE**: Defendants have ordered all medical information from the contract medical care providers and will supplement.

16.     Please provide all grievances filed by prisoners at the Hutchins Unit related to heat, high temperature, or heat index from January 1. 2007 to the present.

**RESPONSE**: Objection overbroad and unduly burdensome, and repetitive.  Subject to and without waiving, See TDCJ's response to request for production No. 2.

17.     Please provide all grievances filed by prisoners in all TDCJ facilities related to heat. high temperature, or heat index from January 1, 2007 to the present.

**RESPONSE**: Objection, overly board and unduly burdensome, repetitive, not reasonably limited in time or scope, and not calculated to lead to the discovery of admissible

evidence.  Subject to and without waiving, see TDCJ's response to plaintiffs request for production No.2.

18.     Please produce all purchase orders for ice, ice machines, water, water bottles, water jugs, and fans from the Hutchins Unit from January 1, 2007 to the present.

**RESPONSE**:  Objection, overly board and unduly burdensome, not reasonably limited in time or scope.  Subject to and without waiving, defendant has ordered and will supplement if any documents are responsive.

19.     Please produce all documents related to ventilation design at the Hutchins Unit, including any documents related to ventilation, air conditioning, air flow, and fan placement in inmate housing areas.

**RESPONSE**:  Objection, overbroad and unduly burdensome, not reasonably limited in scope, and vague as to the terms "ventilation design", "air flow" and "fan placement". Subject to and without waiving defendants have ordered and if any documents are responsive, they will supplement.

20.     Please produce all documents related to any decision to not air condition any portion of the Hutchins Unit.

**RESPONSE**:  Objection, overbroad, not reasonably limited in scope or time. Subject to and without waiving, defendants have ordered and if any documents are responsive to this request, will supplement.

21.     Please produce all documents related to any additional water or ice provided to inmates in any location Larry McCollum was housed at the Hutchins Unit during his confinement there.

**RESPONSE**:  See TDCJ's response to request for production No.3.

22.  Please produce all documents related to any investigation conducted into Larry McCollum's death, including, but not limited to, any autopsy, investigation by the TDCJ Office of the Inspector General investigation conducted by any other law enforcement body (including, but not limited to the Texas Department of Public Safety) and/or any investigation or peer review conducted by the University of Texas Medical Branch (or any other entity providing medical care to Larry McCollum).

**RESPONSE**: Defendant has ordered and will supplement.  The OIG investigation is still open at this time.  Defendant objects to the extent this request seeks documents not in the Texas Department of Criminal Justice's care custody and control such as a peer review from the UTMB or any other entity providing medical care.

23.  Please produce all documents showing temperatures and heat indexes recorded at the Hutchins Unit from January 1, 2007 to the present.

**RESPONSE**: See TDCJ's response to request No.23.

24.  Please produce all documents presented to the Texas Board of Criminal Justice related to heat, temperature, heat index, or air conditioning at any TDCJ facility from January 1, 1990 to the present.

**RESPONSE**: Objection, overly broad and unduly burdensome, repetitive and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this request is not reasonably limited in scope or time.

25.  Please produce all accreditation reports generated by any accrediting bodies since January 1, 2007 pertaining to the Hutchins Unit.

**RESPONSE**: See attached TDCJ's response to request for production No. 25.

-12-

26.    Please produce and separately identify all records related to any disciplinary actions taken against TDCJ personnel since January 1, 2002 for failing to comply with TDCJ policies and/or procedures related to heat, temperature, and/or heat index at the Hutchins Unit.

**RESPONSE**: Objection, overly broad and unduly burdensome, not reasonably limited in scope or time. Subject to and without waiving, defendants are unaware of any disciplinary actions for failure of a staff member to comply with TDCJ policies regarding heat.

27.    Please produce all audio or video recordings of Larry McCollum.

**RESPONSE**: No such recordings exist.