# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| SHELLYE WRIGHT, § | |
| Plaintiff § | |
| § | |
| § | |
| v. § | Civil Action No. 7:13-cv-0116-O |
| § | |
| § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| Defendant § | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL AND
DEFENDANT TEXAS TECH'S OBJECTIONS TO DEPOSITION NOTICE**

On this 21st day of March, 2014 the Court took under consideration by telephone conference Plaintiff's Emergency Motion to Compel Responses to Requests for Production (Docket No. 37) and Defendant Texas Tech's Objections to Deposition Notice (Docket No. 33). The parties participated by and through their respective attorneys. After considering the parties' responses and the arguments of counsel, I find that Plaintiff's Motion should be granted and Defendants' Objection should be overruled.

The essence of Plaintiff's motion is to require the production of certain medical peer review documents relating to the referral or failure of referral of a mentally ill prisoner to a proper program within the scope of Defendant Texas Tech's duties under ADA. The Defendant Texas Tech objects to the production of the peer review documents on the grounds that they are privileged from production under certain Texas statutes, notably Texas Health & Safety Code § 161.0032 and Texas Occupations Code §160.007. Plaintiff brings this case under 42 U.S.C. §1983 against several individual defendants and under ADA against Texas Tech and TDCJ.  The weight of authority within the Fifth Circuit and among the other Circuits holds that there is no

federal privilege applying to medical peer review documents in §1983 or ADA cases so long as the documents or testimony concerning the medical per review(s) are relevant. See *ACLU v. Finch*, 638 F.2d 1336(5th Cir. 1981), *Guzman v. Mem'l Hermann Hosp.*, 2009 U.S.Dist. LEXIS 13336 (S.D.Tex 2008); and *Robertson v. Neuromedical Center*, 169 F.R.D. 80 9M.D. La. 1996). I decline to fashion any federal privilege applicable generally to medical peer review materials. Although the peer review materials sought by Plaintiff would be subject to privilege under the Texas statutes, I decline to apply the state privilege to this case which is brought under the two aforementioned federal statutes. Furthermore, I find that the materials sought to be produced are relevant to Plaintiff's ADA cause of action against Defendants Texas Tech and TDCJ and are relevant to Plaintiff's §1983 cause of action against the two individual defendants. Accordingly, I grant Plaintiff's Motion to Compel Responses to Plaintiff's Requests for Production and direct that as to the requested documents that have not heretofore been produced Defendant Texas Tech shall produce documents responsive to those requests on or before Wednesday, March 26, 2014.

Further, I overrule Defendant Texas Tech's Objections to Deposition Notice without prejudice to the making of proper objection(s) in proceedings at a later proper time.

Finding that Defendant Texas Tech's objections to production of the documents was made in a good faith belief that an exception existed on the basis of privilege, I decline to assess any monetary sanction for forcing the Plaintiff to pursue its motion to compel.

It is so ordered this 21st day of March, 2014.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE