# Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GWEN TOGONIDZE, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:14cv93 |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Gwen Togonidze, as the next friend of J.T., a minor child and heir-at-law to the Estate of Alexander Togonidze, Plaintiffs, filed the above-styled and numbered lawsuit pursuant to the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act ("ADA"), and the Americans with Disabilities Act Amendments ("ADAAA"), 42 U.S.C. § 13131, *et seq*.; and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The Plaintiffs have sued numerous people and entities, including TDCJ Executive Director Brad Livingston, TDCJ's Correctional Institutions Division Director Rick Thaler and TDCJ's Correctional Institutions Division Deputy Director William Stephens (hereinafter "Executive Defendants" for purposes of this Report and Recommendation). The present Report and Recommendation concerns the Executive Defendants' opposed motion to stay and objections to Plaintiffs' discovery (docket entry #29) and motion to dismiss on the basis of qualified immunity (docket entry #30).

Alexander Togonizde died from a heat stroke while confined at the Michael Unit. The present lawsuit is one of three cases pending before this Court involving heat related deaths in the Texas prison

1

system.   The other cases are *Webb v. Livingston*, No. 6:13cv711, and *Adams v. Livingston*, No. 6:13cv712.  These cases are similar in many respects.  On March 17, 2014, in *Webb*, the Court issued an order that fully discussed how the issue of qualified immunity with respect to the Executive Defendants should be developed.   The Court noted the approach outlined by the Fifth Circuit as follows:

> [A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.  After the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover those facts needed to rule on the immunity claim."

*Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).  If a District Court complies with those requirements, it may defer resolution of the issue of qualified immunity until after the appropriate, tailored and limited discovery has occurred.  Furthermore, upon such compliance by the District Court, the Fifth Circuit lacks jurisdiction to review interlocutory orders in qualified immunity cases.  *Id.* (citing *Edwards v. Cass County, Texas*, 919 F.2d 273, 275-76 (5th Cir. 1990)).   The Court found in *Webb* that *Backe* represents the proper approach that should be taken.

Shortly after the Court issued the March 17, 2014 order, the parties submitted a joint recommendation to consolidate *Webb*, *Adams* and *Togonidze* for purposes of discovery and scheduling. The motion was granted with *Webb* being the lead case.  A joint scheduling conference was conducted on April 7, 2014.  For purposes of clarity, the March 17, 2014 order issued in *Webb* should likewise be issued in this case.

2

<u>Recommendation</u>

It is recommended that the Executive Defendants' motion to dismiss on the basis of qualified immunity (docket entry #30) should be deferred and carried until the issue of qualified immunity may be decided.

It is further recommended that the Executive Defendants' motion to stay and objections to Plaintiffs' discovery (docket entry #29) should be granted, in part, and denied, in part, and that discovery strictly limited to the issue of qualified immunity should be allowed to proceed in this case.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 8th day of April, 2014.**


_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE