# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **KEVIN WEBB, individually and** | § | |
| **as representative of the Estate of** | § | |
| **ROBERT ALLEN WEBB, et al.** | § | |
| **Plaintiff** | § | **Civil Action No.  6:13cv711** |
| | § | **CONSOLIDATED WITH** |
| **vs.** | § | *Adams v. Livingston*, 6:13cv712 |
| | § | *Togonidze v. Livingston*, 6:14cv93 |
| **BRAD LIVINGSTON, et al.** | § | |
| **Defendants** | § | |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Came on for consideration, Defendants Livingston, Thaler and Stephens' Motion to Dismiss Plaintiffs' Second Amended Complaint (docket entry #92).  Also before the Court is Defendant Murray's Supplemental Motion to Dismiss (docket entry #80).  This case was assigned to the undersigned Magistrate Judge pursuant to General Order 13-15.  As yet, the parties have not consented to full jurisdiction under 28 U.S.C. § 636(c).  Accordingly, the Court issues this Report and Recommendation pursuant to the authority of 28 U.S.C. § 636(b).

I.       **BACKGROUND**

All four of the Defendants identified above previously moved to dismiss Plaintiffs' claims against them raised in the First Amended Complaint, contending that they are entitled to qualified immunity.  The undersigned issued a Report and Recommendation ("R&R") on those motions (separately filed motions by, collectively, Defendants Livingston, Thaler and Stephens and by Defendant Dr. Murray).  *See* docket entry #57.

1

On February 18, 2014, Defendant Dr. Murray then filed his Supplemental Motion to Dismiss the First Amended Complaint, on the basis that the R&R had not yet been adopted by the District Court and Dr. Murray's attempt to conform to the filing schedule established at that time.  Plaintiffs sought an extension of time in which to file a response, which the Court granted. On March 14, 2014, Plaintiffs filed their response and also filed their Second Amended Complaint, which included certain changes in the allegations against Defendant Dr. Murray but otherwise was generally unchanged with regard to Defendants Livingston, Thaler and Stephens.

On March 17, 2014, the District Court[1] issued an Order on the R&R, adopting it in part for the purpose of directing that discovery limited to the issue of qualified immunity as defined in that Order proceed, and rejecting it in part to the extent that the R&R recommended denying the motions to dismiss while conducting such limited discovery, but further directing that the undersigned defer and carry the issue of qualified immunity until it may be decided following the limited discovery, including on summary judgment as appropriate.  *See* docket entry #85.  The direction as to limited discovery on the issue of qualified immunity pertained to Defendants Livingston, Thaler, Stephens and Dr. Murray; it did not affect the conduct of discovery otherwise with regard to other Defendants in this case.[2]

A Scheduling Conference in the three consolidated cases was set for Monday, April 7, 2014, and was conducted on that date with the undersigned presiding.  Defendants Livingston, Thaler and Stephens filed their Motion to Dismiss Plaintiffs' Second Amended Complaint in the *Webb* case on Friday, April 4, 2014.

---

[1] Pursuant to the Eastern District of Texas' General Order 13-15, District Judge Michael H. Schneider was assigned at random to review the undersigned's R&R.  After having done so and issuing his Order thereon, Judge Schneider was again removed from the case and direct assignment returned to the undersigned.

[2] Subsequently, the instant *Webb* case was consolidated with *Adams v. Livingston*, 6:13cv712, and *Togonidze v. Livingston*, 6:14cv94, for the purpose of discovery and scheduling.  The motions to dismiss addressed in this Report and Recommendation pertain only to the *Webb* case.

## II.    DISCUSSION AND ANALYSIS

The Court previously discussed the standards for reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the standards governing claims of qualified immunity in its previous R&R (docket entry #57).  That discussion is hereby incorporated by reference and applies herein to the extent it is necessary to do so.  However, the specific discussion and recommendation in this instant R&R is straightforward.

First, Defendant Dr. Murray's Supplemental Motion to Dismiss referred to the First Amended Complaint, which was addressed by the prior R&R and the District Court's Order outlined above.  As counsel during the April 7, 2014, Scheduling Conference agreed, Dr. Murray will proceed with the limited discovery as directed and intends to file a motion for summary judgment at the appropriate time.  Accordingly, the Supplemental Motion to Dismiss on grounds of qualified immunity should be deferred and carried until such limited discovery is complete, pursuant to the District Court's Order.

Second, Defendants Livingston, Thaler and Stephens' Motion to Dismiss Plaintiffs' Second Amended Complaint is highly repetitive of their first motion to dismiss.  During the Scheduling Conference, counsel for these three Defendants stated that the instant motion to dismiss was filed because Plaintiffs filed their Second Amended Complaint.  Counsel took the position that because of the Second Amended Complaint, and the motion to dismiss it that his clients filed immediately before the Scheduling Conference, that the District Court's Order (docket entry #85) was therefore somehow inoperative.  However, the Second Amended Complaint itself changed little if anything of substance regarding these three Defendants.  Counsel admitted that the instant motion to dismiss also is unchanged from the three Defendants' first motion to dismiss (or, for that matter, from the similar motions to dismiss filed in other heat-

related cases in various United States District Courts in Texas).[3]   The Court's review also reveals

that the instant motion relies on the same basic arguments, authorities and allegations as directed

toward the First Amended Complaint; further, that there is no substantive difference between the

First and Second Amended Complaints with regard to these Defendants.  Counsel further stated

that these Defendants believe they are entitled to a ruling on the issue of qualified immunity as

expressed in the motion to dismiss, but that they also intended to proceed with the limited

discovery on that issue in compliance with the District Court's Order, and would similarly

comply with any new order on that subject issued following the Scheduling Conference.

In rendering the original Order, the District Court cited, *inter alia*, the United States

Court of Appeals for the Fifth Circuit's controlling decision in *Backe v. LeBlanc*, 691 F.3d 645

(5th Cir. 2012).  The Order stated:

> Pursuant to *Backe*, this Court hereby explicitly finds that these allegations, if true, are specific enough to allow the Court to draw the reasonable inference that Defendants would be liable for the harm alleged and that, if true, they would defeat a qualified immunity defense. *Backe*, 691 F.3d at 648.

> Additionally, however, there remain significant questions to be answered as to the details of the Defendants' knowledge, actions, omissions and/or policies, including at least when Defendants knew these facts regarding Mr. Webb and the Hodge Unit; as noted above, what medical advice they received with regard to either Mr. Webb or extreme temperature conditions at the Hodge Unit and whether it was followed; and what the specific policies are regarding extreme temperature management and amelioration for prisoner medical needs that were either established by or under which Defendants proceeded.   These are "particularly important when evaluating the second prong of the qualified immunity test-the reasonableness of [Defendants'] actions in light of the clearly established constitutional right," *Morgan*, 335 Fed. Appx. at 472, to be free from extreme temperatures. *Blackmon*, 484 Fed. Appx. at 869.  Until these questions are resolved, the Court is "unable to rule on the immunity defense without further clarification of the facts." *Backe*, 691 F.3d at 648.

---

[3] In response, Plaintiffs' counsel during the Scheduling Conference also contended that there was no difference between these Defendants' earlier motion to dismiss and the instant motion, arguing further that Plaintiffs should not have to respond to a motion that was virtually identical and which had already been ruled upon by the District Court.

Order (docket entry #85) at 13-14 (referring to *Morgan v. Hubert*, 335 Fed. Appx. 466 (5th Cir. 2009) (per curiam) and *Blackmon v. Garza*, 484 Fed. Appx. 866 (5th Cir. 2012) (per curiam)). Based on *Backe* and *Morgan*, the District Court issued its Order to defer and carry the issue of qualified immunity while conducting discovery limited to the issue of qualified immunity with regard to all four Defendants.  The Order defined the scope of limited discovery.

Because the Second Amended Complaint is essentially unchanged with regard to Defendants Livingston, Thaler and Stephens, and because their Motion to Dismiss Plaintiffs' Second Amended Complaint is duplicative of their first such motion regarding the First Amended Complaint, as counsel admitted, the instant motion to dismiss on the basis of qualified immunity should likewise be deferred and carried for the same reasons in the District Court's Order, above.  Therefore, the undersigned recommends that the District Court's Order, docket entry #85, be incorporated by reference and be made applicable to the Second Amended Complaint; Defendants Livingston, Thaler and Stephens' Motion to Dismiss the Second Amended Complaint; and, to the extent necessary, to Defendant Dr. Murray's Supplemental Motion to Dismiss.

## III.   RECOMMENDATION

It is accordingly recommended that the District Court **INCORPORATE BY REFERENCE** and **MAKE APPLICABLE** the Order issued at docket entry #85 to the Second Amended Complaint; Defendants Livingston, Thaler and Stephens' Motion to Dismiss the Second Amended Complaint; and, to the extent necessary, to Defendant Dr. Murray's Supplemental Motion to Dismiss and all other proceedings subsequent to the filing of the Second Amended Complaint.  It is further recommended that Defendants Livingston, Thaler and Stephens' Motion to Dismiss Plaintiffs' Second Amended Complaint (docket entry #92) be

**DEFERRED** and **CARRIED** and that discovery proceed with regard to these Defendants, limited to the subject of qualified immunity, with a determination on the issue of qualified immunity to be made upon completion of such discovery, consistent with *Backe*, 591 F.3d at 648-49 and the District Court's Order discussed above (docket entry #85).  To the extent that Defendant Dr. Murray's Supplemental Motion to Dismiss (docket entry #80) is not already specifically deferred and carried by virtue of the District Court's Order, it should be included on the same terms.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 8th day of April, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

6