# Exhibit 7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| KEVIN WEBB, individually and as representative of the Estate of ROBERT ALLEN WEBB, et al. § § § Plaintiff, § § VS. § § BRAD LIVINGSTON, et al. § Defendants. § § | CIVIL ACTION NO. 6:13cv711 CONSOLIDATED WITH ADAMS v. LIVINGSTON, 6:13cv712, AND TOGONIDZE v. LIVINGSTON, 6:14cv93 |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration, Defendants Livingston, Thaler and Stephens' motion to dismiss Togonidze's first amended complaint on the basis of qualified immunity (docket entry #97). The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Alexander Togonizde died from a heat stroke while confined at the Michael Unit. The *Togonidze* lawsuit is one of three cases pending before this Court involving heat related deaths in the Texas prison system. The other cases are *Webb v. Livingston*, No. 6:13cv711, and *Adams v. Livingston*, No. 6:13cv712. These cases are similar in many respects. On March 17, 2014, in *Webb*, the Court issued an order that fully discussed how the issue of qualified immunity with respect to the Executive Defendants (Livingston, Thaler and Stepehsn) should be developed. The Court noted the approach outlined by the Fifth Circuit as follows:

> [A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district

        court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover those facts needed to rule on the immunity claim."

*Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)). If a District Court complies with those requirements, it may defer resolution of the issue of qualified immunity until after the appropriate, tailored and limited discovery has occurred. Furthermore, upon such compliance by the District Court, the Fifth Circuit lacks jurisdiction to review interlocutory orders in qualified immunity cases. *Id.* (citing *Edwards v. Cass County, Texas*, 919 F.2d 273, 275-76 (5th Cir. 1990)). The Court found in *Webb* that *Backe* represents the proper approach that should be taken.

      Shortly after the Court issued the March 17, 2014 order, the parties submitted a joint recommendation to consolidate *Webb*, *Adams* and *Togonidze* for purposes of discovery and scheduling. The motion was granted with *Webb* being the lead case. A joint scheduling conference was conducted on April 7, 2014. The Court clearly and unequivocally specified that the March 17, 2014 order should govern the development of the consolidated cases. On April 8, 2014, a Report and Recommendation was issued in *Togonidze* memorializing the conclusion that the March 17, 2014 order issued in *Webb* should likewise govern *Togonidze*. On the following day, the Defendants filed the present motion with respect to the Plaintiffs' first amended complaint filed in *Togonidze*. Nonetheless, the Court's same basic conclusion remains the same. The March 17, 2014 order issued in *Webb* should govern the consolidated cases. The discussion in that order is incorporated by reference and applies herein to the extent necessary to do so. The filing of the Plaintiffs' first amended complaint does not change the basic operating premise of this case or the consolidated cases. The Court recognizes that the Defendants are taking steps to make sure that they have perfected the procedural aspects of their motion; nonetheless, the March 17, 2014 order issued in *Webb* should govern the consolidated cases.

2

Recommendation

It is recommended that Defendants Brad Livingston, Rick Tahler and William Stephens' motion to dismiss Togonidze's first amended complaint on the basis of qualified immunity (docket entry #97) should be deferred and carried until the issue of qualified immunity may be decided.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 11th day of April, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE