**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN MCCOLLUM,** *et al.,* | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:12-CV-02037-L-BK** |
| | § | |
| **BRAD LIVINGSTON,** *et al.,* | § | |
| *Defendants*. | § | |

## ORDER

Pursuant to the District Court's *Order of Referral* (Doc. 76), this case is before the Court on Plaintiffs' *Motion to Compel Responses to Requests for Production and Deposition Testimony from Defendant University of Texas Medical Branch* (Doc. 144). For the reasons that follow, the motion is **GRANTED**.

Plaintiffs, the surviving wife and children of Larry Gene McCollum, have sued various Texas Department of Criminal Justice ("TDCJ") officials and the University of Texas Medical Branch ("UTMB"), stemming from McCollum's death in July 2011 while he was housed in the Hutchins State Jail in Dallas, Texas. (Doc. 119 at 1-2). Plaintiffs claim that (1) TDCJ officials violated McCollum's Eighth and/or Fourteenth Amendment rights; and (2) both TDCJ and UTMB, which makes housing recommendations to TDCJ based on prisoners' medical conditions, violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. (Doc. 119 at 2).

Plaintiffs assert in their present motion that McCollum's death was one of ten heatstroke deaths during the summer of 2011 in TDCJ prisons where UTMB was responsible for health care. (Doc. 144 at 1). They contend that each of these deaths was reviewed by UTMB's mortality and morbidity review committee as well as peer-reviewed, but UTMB has refused to

provide the documents, and its executive director and Rule 30(b)(6) designee refused to answer questions about the investigations during their depositions.  (Doc. 1 at 1-4).  Accordingly, Plaintiffs move to compel production of the documents and testimony relating thereto, arguing that no "peer review" privilege exists in federal law.  (Doc. 144 at 5).  Plaintiffs also request that the Court award their attorneys' fees incurred in (1) filing this motion in the amount of $3,075.00; and (2) re-deposing the witnesses whom defense counsel instructed not to answer. (Doc. 144 at 7-8; Doc. 147 at 6).

UTMB argues that it does not have possession or control of the mortality and morbidity review committee notes, TDCJ does.  (Doc. 146 at 1, 3-4, 6-8).  UTMB acknowledges that it does maintain the peer review records Plaintiffs seek.  (Doc. 146 at 6).  UTMB argues, however, that all of the records are privileged under Texas state law, and its objections were substantially justified on that basis as it requires the protection of a court order directing disclosure.  (Doc. 146 at 2, 4-11) (citing TEX. HEALTH & SAFETY CODE § 161.032 & TEX. OCC. CODE §§ 160.007(b), 303.006(a)-(e)).[1]

In federal courts, federal privilege law applies where federal claims are the basis for the lawsuit.  *See* FED. R. EVID. 501, 1101; *Gilbreath v. Guadalupe Hosp. Found. Inc.*, 5 F.3d 785, 791 (5th Cir. 1993) (holding that medical records could not be withheld on the basis of a state physician-patient privilege because the case was brought in federal court under federal statutory authority).  Indeed, privileges "are strongly disfavored in federal practice." *Amer. Civil Lib. Union v. Finch*, 638 F.2d 1336, 1344 (5th Cir. 1981).  Federal courts are reluctant to create new privileges because doing so "contravene[s] the fundamental principle that the public . . . has a right to every man's evidence." *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990) (internal

---

[1] Section 161.032 is referred to as the medical committee privilege, section 160.007 as the medical peer review committee privilege, and section 303.006 as the nursing peer review committee privilege.  *In re Living Centers of Texas, Inc.*, 175 S.W. 3d 253, 256 (Tex. 2005).

quotations omitted) (declining to create a federal privilege against the disclosure of tenure-related peer review materials).  "The weight of the authority within the Fifth Circuit and among the other Circuits holds that there is no federal privilege applying to medical peer review documents in § 1983 or ADA cases."  *Wright v. Tex. Dep't of Criminal Justice*, No. 13-CV-0116-O, Doc. 43 at 1-2 (N.D. Tex. Mar. 21, 2014) (Roach, M.J.) (citing *Finch, 638 F.2d 1336* and *Guzman v. Mem'l Hermann Hosp.*, No. H-07-3973, 2009 WL 427268, at *3 (S.D. Tex. 2009)).  Thus, in *Wright*, the court declined to extend to a federal suit the privileges set forth in sections 160.007 and 161.032, two of the same provisions UTMB relies on here. *Wright*, No. 13-CV-0116-O, Doc. 43 at 1-2; *see also Poliner v. Tex. Health Sys.*, 201 F.R.D. 437, 438 (N.D. Tex. 2001) (Sanderson, M.J.) (noting that the medical peer review committee privilege provided in section 160.007 does not apply in federal court).

Upon consideration of the law and the parties' arguments, Plaintiffs' *Motion to Compel Responses to Requests for Production and Deposition Testimony* (Doc. 144) is **GRANTED**. Given that federal law clearly applies in this suit and that the great weight of authority holds that there is no federal privilege applicable to peer review documents, UTMB's reliance on Texas statutory privileges is misplaced.  Accordingly, within 10 days of the date of this order, UTMB and/or TDCJ are **ORDERED** to provide to Plaintiffs all peer review committee documents and all mortality and morbidity review committee documents pertaining to Larry McCollum.[2] Further, UTMB shall make itself, Dr. Murray, and Dr. Adams available for deposition within 21 days of the date of this order to answer questions about the peer review and mortality and morbidity review committee processes.  Nevertheless, although UTMB could have handled the

---

[2] In an abundance of caution, the Court is directing both UTMB and TDCJ to produce the documents given that it is not entirely clear which entity has custody, possession, or control over them.  The Court trusts that the appropriate party will furnish the documents to Plaintiffs as ordered.

situation differently, its position was not wholly without merit under the circumstances.  Thus, the Court declines to award Plaintiffs attorneys' fees.  FED. R. CIV. P. 37(a)(5)(A).

**SO ORDERED** on April 21, 2014.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE