IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN McCOLLUM,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. **3:12-CV-02037** |
| | § | |
| **BRAD LIVINGSTON,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is the Joint Opposed Emergency Motion to Extend Deadlines (Doc. 159), filed April 28, 2014, by Defendants the University of Texas Medical Branch ("UTMB") and the Texas Department of Criminal Justice ("TDCJ"); and Brad Livingston's Opposed Motion to Extend Summary Judgment Deadline (Doc. 157), filed April 22, 2014.  Defendant Brad Livingston seeks an extension of the May 2, 2014 dispositive motion deadline in light of his pending motion to dismiss based on qualified immunity.  UTMB and TDCJ seek to extend the discovery deadline, dispositive motion, and *Daubert* motion deadline because a number of depositions, including those of experts, remain to be taken.  Plaintiffs oppose the requested extensions.

The court **stays** all deadlines in this case, including any responses to pending motions and the trial of this case, which is currently scheduled for November 2014.  The court understands that this may not be what all parties desire; however, Supreme Court and Fifth Circuit precedent requires the court to decide the issue of qualified immunity as early as possible in the litigation, or else the defense is effectively lost.  The court intends to rule on Defendant Brad Livingston's Motion to Dismiss Second Amended Complaint on the Basis of Qualified Immunity (Doc. 121) within the next

thirty to forty-five days and apologizes for any delay. The Dallas Division is currently short one district judge and this court was recently assigned a number of complex cases, including several civil and criminal matters, that have consumed an inordinate amount of the court's scarce judicial resources and necessitated the hiring of an additional law clerk to assist in addressing the surge in litigation.

To ensure that no party is prejudiced, the court will extend, as necessary, the discovery and other deadlines after ruling on the motion to dismiss based on qualified immunity. Accordingly, in light of how the court has decided to proceed in this case, it **denies as moot** the Joint Opposed Emergency Motion to Extend Deadlines (Doc. 159) and Brad Livingston's Opposed Motion to Extend Summary Judgment Deadline (Doc. 157).

**It is so ordered** this 5th day of May, 2014.

Sam A. Lindsay
United States District Judge