# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **KEVIN WEBB, individually and** § | | |
| **as representative of the Estate of** § | | |
| § | | |
| **ROBERT ALLEN WEBB, et al.** § | | |
| Plaintiffs § | Civil Action No.  6:13cv711 | |
| § | CONSOLIDATED WITH | |
| vs. § | *Adams v. Livingston*, 6:13cv712 | |
| § | *Togonidze v. Livingston*, 6:14cv93 | |
| **BRAD LIVINGSTON, et al.** § | | |
| Defendants § | | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Kevin Webb, individually and as representative of the Estate of Robert Allen Webb, along with two daughters and the mother of decedent Webb, filed this lawsuit pursuant to the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 13131, *et seq.*; and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794.  The lawsuit was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (docket entry #98) concluding that the University of Texas Medical Branch's ("UTMB") Motion to Dismiss (docket entry #5) and Amended Motion to Dismiss (docket entry #78) under Fed. R. Civ. P. 12(b)(6) (docket entry #5) should be denied. UTMB has filed objections (docket entry #117).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted."  In the Fifth Circuit, "[a] motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498

(5th Cir. 2000) (quoting *Kaiser Aluminum & Chem Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  The court is required to construe the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge[] their claim across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  In other words, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A substantial portion of the objections focused on Magistrate Judge Love's reliance on *McCoy v. Texas Dep't of Criminal Justice*, No. C-05-370, 2006 WL 2331055 (S.D. Tex. Aug. 9, 2006).  In that case, the Hon. Janis Graham Jack, United States District Judge, discussed the elements of ADA and RA claims and denied the prison system's motion for summary judgment regarding the death of another prison inmate.  UTMB's objection refers to *McCoy* as "wrongly decided non-binding precedent."  That case, like the present case, involved allegations that an inmate with a disability was not accommodated and such failure led to his death.  The case involved many of the same parties and attorneys who are involved in this case.  The decision was not appealed; instead, the parties submitted a notice of settlement a month later on September 11, 2006.  The Court is of the opinion that *McCoy* is persuasive authority, which supports a conclusion that the Plaintiffs have pleaded enough facts to state a claim that is plausible on its face.

UTMB further objects because the Plaintiffs purportedly failed to identify an accommodation that should have been provided by UTMB.  The amended complaint, however,

2

discusses the dangerous nature of the high-heat environment on inmates in Mr. Webb's position and points out avenues that UTMB could have taken or advised, but did not. The Plaintiffs argued that no accommodations were made; thus, he died due to the heat. The pleadings were sufficient.

For purposes of Rule 12(b)(6) analysis, the Plaintiffs have alleged facts that satisfy the elements of ADA and RA claims. Their pleadings have nudged their claim across the line from conceivable to plausible.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by UTMB, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Report and Recommendation (docket entry #98) is **ADOPTED**. It is further

**ORDERED** that UTMB's Motion to Dismiss (docket entry #5) and Amended Motion to Dismiss (docket entry #78) under Fed. R. Civ. P. 12(b)(6) are **DENIED**.

**It is SO ORDERED**.

**SIGNED this 5th day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

3