UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 <br> JURY DEMAND |

**PLAINTIFFS' MOTION FOR SANCTIONS; REQUEST FOR SHOW CAUSE ORDER; AND MOTION TO COMPEL**

Plaintiffs have been the victims of Defendants' gamesmanship. After nearly two years of litigation and 14 depositions, Plaintiffs just learned that the Defendants have failed to disclose countless witnesses with knowledge that Defendants should have disclosed in their initial disclosures and/or interrogatory responses.

Further, Defendants have failed to produce an untold number of documents that Defendants should have produced with their initial disclosures or in response to requests for production. Most shockingly, only recently have Defendants even *begun* to identity what potentially relevant documents might exist and begun any meaningful process of searching for those documents—almost two years after this case was filed.

Defendants' failure to adhere to the basic rules of discovery has prejudiced Plaintiffs. In the course of this litigation, Plaintiffs revealed strategy and expended

hundreds of hours without access to key documents responsive to their claims—all due to Defendants' failure to comply with the Rules.  As a consequence, Plaintiffs have been forced to operate in the dark about what witnesses exist and what documents are relevant to this case.  At worst, Defendants intentionally withheld information and documents in an effort to prejudice Plaintiffs.  At best, Defendants have acted with a cavalier disregard of their discovery obligations.

Additionally, despite Plaintiffs' urgent and repeated requests that Defendants inform Plaintiffs whether relevant documents have been destroyed (either through document-retention policies or manual deletion), Defendants have made no such assurances and have resisted Plaintiffs' requests to depose knowledgeable IT personnel.  Nor have Defendants been willing to have a meaningful conversation about the adequacy and scope of the search Defendants are conducting.  Accordingly, so that Defendants do not benefit from their gamesmanship, to try to put Plaintiffs in the position they would have been in had Defendants complied with their obligations, and to deter such conduct going forward (from the State of Texas and the Executive Director of TDCJ, no less), Plaintiffs respectfully request the Court award appropriate sanctions against Defendants; that they be ordered to show cause why they should not be sanctioned; and that the Court compel Defendants to respond to discovery.

Dated: May 12, 2014.

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel.     512-623-7727
Fax.    512-623-7729

By      /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Sean Flammer
State Bar No. 24059754
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
c/o TRLA 4920 N. I-35
Austin, TX 78751
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

By my signature above, I certify that I had a phone conversation with counsel for all Defendants on Friday, May 2 to discuss these discovery issues. Counsel hung up the phone on us. Following that phone call, Plaintiffs sent numerous letters to Defendants' counsel regarding these issues. One letter requested another meeting but Defendants refused. We were not able to come to a resolution of these discovery issues.

By   /s/ Jeff Edwards
JEFF EDWARDS

**CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

By   /s/ Jeff Edwards
JEFF EDWARDS