# Exhibit 1

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

## DECLARATION OF JEFF EDWARDS

BEFORE ME, the undersigned authority, on this date personally appeared Jeff Edwards, who being by me first duly sworn, did depose on his oath and state as follows:

1. My name is Jeff Edwards. I am over the age of eighteen, of sound mind, and am in all ways competent to make this affidavit. The facts stated herein are based upon my personal knowledge and are true and correct.

2. I am attorney of record and owner of Edwards Law.

3. Along with my associates, Scott Medlock and Sean Flammer, and the Texas Civil Rights Project, I have prosecuted *Stephen McCollum, and Sandra McCollum, Individually, and Stephanie Kingrey, individually and as independent administrator of the Estate of Larry Gene McCollum v. Brad Livingston, Jeff Pringle, Richard Clark, Karen Tate, Sandrea Sanders, Robert Eason, the University of Texas Medical Branch and the Texas Department of Criminal Justice*, Civil Action No. 3:12-cv-02037, in this Court.

4. To date, Edwards Law has reasonably incurred more than $300,000 in attorneys' fees and expenses.

5. On several occasions, Bruce Garcia—counsel for TDCJ—told me and Scott Medlock that the TDCJ defendants did not communicate via e-mail and that there were not responsive e-mails.

6. When I expressed disbelief, Mr. Garcia reiterated to me and to Mr. Medlock that there were not responsive e-mails. I do not believe Mr. Garcia knew at the time he made these statements that they were false. I suspect TDCJ told Mr. Garcia that no emails exist and Mr. Garcia relayed that to me.

7. This Court has already found my hourly rate of $450 and of Scott Medlock's hourly rate of $350 to be reasonable. Sean Flammer recently joined my firm. His hourly rate is $350/hr. I believe this is a reasonable rate. Sean graduated with high honors from the University of Texas School of Law in 2007. He was on Law Review and graduated *Order of the Coif.* After law school, Sean did a federal appellate clerkship for a judge on the Eleventh Circuit Court of Appeals. Sean practiced trial and appellate law and Scott, Douglass & McConnico, LLP for 4-5 years before joining the Texas Attorney General's Office, where he continued to practice trial law for a little more than a year. He is a member of the Texas State Bar committee that considers revisions to the Texas Disciplinary Rules and is a director of the Austin Bar Association Civil Litigation

Section.  In the Fall 2013 semester, Sean taught a legal writing course at the University of Texas School of Law and he been published in the area of legal writing.  I am personally familiar with the Austin legal market and the hourly rates charged by lawyers with various qualifications and experience.  A rate of $350/hr. is a reasonable rate for a lawyer of Sean's qualifications and experience.

Further, Affiant sayeth not.

_____
Jeff Edwards

SUBSCRIBED and SWORN TO before me, by the said Jeff Edwards, on this the 12th day of ___May___, 2014, to certify which witness my hand and seal of office.

LINDSEY MARIE KNAPTON
Notary Public, State of Texas
My Commission Expires
July 19, 2017

_____
Notary Public in and for the State of Texas

My commission expires: 7/19/17

3

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| Stephanie McCollum, *et al.*, | § | |
| | § | |
| v. | § | **Civil Action No. 3:12-CV-02037** |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | **JURY DEMAND** |

## DEFENDANTS' INITIAL DISCLOSURE TO PLAINTIFF

**TO:**   Scott Medlock Texas Civil Rights Project 1405 Montopolis Drive Austin, Texas 78741

**NOW COME** Defendants,  Texas Department of Criminal Justice, Brad Livingston, and Jeff Pringle , by and through their attorney of record, the Attorney General for the State of Texas, submit the following disclosures to Plaintiff in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendant will immediately forward any other information required to be disclosed, should it be discovered.

**INITIAL DISCLOSURES**

(a.)   The name and, if known, the address and telephone number of each individual likely to have information that bears significantly on any claim or defense, identifying the subjects of the information, and a brief, fair summary of the substance of the information known by the person:

      (a)   Jeff Pringle
           c/o Bruce Garcia
           Assistant Attorney General

Jeff Pringle is the Defendant in this case.  He will testify as to the allegations concerning the incident which forms the basis of this case.  Specifically he may testify as to his role in this incident and TDCJ policy and procedures.

| | |
|---|---|
| (b) | COV Richard Clark |
| (c) | Sergeant Karen Tate |
| (d) | Lt Sandrea Sanders |
| (e) | Asst Warden Balden Polk |
| (f) | CO IV H Rayford |
| (g) | Officer T Bowser |
| | Hutchins unit |

The above TDCJ employees are witnesses in this case. They will testify as to the allegations concerning the incident which forms the basis of this case. Specifically they may testify as to thier role in this incident, and TDCJ policy and procedures.

| | |
|---|---|
| (h) | Dr. Charles Owens |
| | c/o Bruce Garcia |
| | Assistant Attorney General |

Dr Owens is a witness in this case. He will testify as to the allegations concerning the incident which forms the basis of this case. Specifically he may testify as to his role in this incident Mr. Mccollum's medical information.

| | |
|---|---|
| (i) | Michael Keck |
| | Office of the Inspector General |

Michael Keck is a witness in this case. He will testify as to the allegations concerning the incident which forms the basis of this case. Specifically he may testify as to his role in this incident and TDCJ policy and procedures.

| | |
|---|---|
| (j) | Keith Pinckard, M.D., Ph. D. |
| | Medical Examiner |

Dr. Pinckard is a witness in this case. He will testify as to the allegations concerning the incident which forms the basis of this case. Specifically he may testify as to his role in this incident and Mr. McCollum's medical information.

(b.)   A copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are likely to bear significantly on any claim or defense:

(a)   Texas Department of Criminal Justice, Medical records, regarding Larry McCollum TDCJ #1721640, from July 1, 2002 to January 15, 2004 and July 15, 2011 to July 28, 2011, with supporting affidavit (approx. 343 pgs).

(b)   Texas Department of Criminal Justice, Grievance records, regarding Larry McCollum TDCJ #1721640, for the period of July 5, 2011 to July 28, 2011, no record affidavit.

(c)   Texas Department of Criminal Justice, Updated EAC report, regarding Larry McCollum TDCJ #1721640, regarding his death July 2011, with supporting affidavit, 4 pgs.

Additional documents are being reviewed and will be supplemented upon completion.

(c.)   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Defendants has no information regarding this category.

(d.)   For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendants has no information regarding this category.

## (2)   DISCLOSURE OF EXPERT TESTIMONY

(a.)   The identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence:

None at this time

## (3)   PRETRIAL DISCLOSURES

(a.)   The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises:

See parts (1)(A) and (2) above.

(b.)   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

None at this time.

(c.)   An appropriate identification of each document or other exhibits, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

See part (1)(B) above.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

*Bruce Garcia by*
*Nadine Phillpotts,*

BRUCE R. GARCIA
Assistant Attorney General
State Bar No. 07631060

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-9139

## CERTIFICATION

I, BRUCE R. GARCIA, hereby certify that to the best of my knowledge, information and

belief, such disclosure is complete and correct as of this time.

*Bruce Garcia by*
*Nadine Phillpotts*

BRUCE R. GARCIA
Assistant Attorney General

## CERTIFICATION OF SERVICE

I, BRUCE R. GARCIA, Assistant Attorney General of Texas, do hereby certify that a true
and correct copy of the above and foregoing **Defendants' Initial Disclosure to Plaintiff** has
been 5th day of December, 2012, addressed to:

Jeff Edwards                                    (disclosure only)
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock                                   (with enclosures)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin                                    (disclosure only)
2600 State Street
Dallas, Texas 75204

BRUCE R. GARCIA
Assistant Attorney General

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Stephanie McCollum, *et al.*, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02037 |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | **JURY DEMAND** |

**DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S RESPONSES
TO PLAINTIFFS' REQUESTS FOR PRODUCTION AND INTERROGATORIES**

TO:   Jeff Edwards, The Edward Law Firm, The Bremond Houston House, 706 Guadalupe, Austin, Texas 78701; Scott Medlock, Brian McGiverin, James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Eliot Shavin, 2600 State Street, Dallas, Texas 75204

COMES NOW the Defendant, Texas Department of Criminal Justice, by and through counsel, the Texas Attorney General's Office, and offers the following **Defendant Texas Department of Criminal Justice's Responses to Plaintiffs' Requests for Production and Interrogatories**.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

11

**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060
So. Dist. Bar No. 18934

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND JEFF
PRINGLE**

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and foregoing **Defendant Texas Department of Criminal Justice's**

**Responses to Plaintiff's First Set of Requests for Production and Interrogatories** has been

served by courier service on this the 21st day of December 2012 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

**BRUCE R. GARCIA**
Assistant Attorney General

-2-

## FIRST SET OF INTERROGATORIES

1. Identify all steps you took to protect Larry McCollum from heat index temperatures in the Hutchins Unit in excess of 90 degrees.

RESPONSE: Each year in April the Agency has mandatory heat precaution training for all staff and offenders. Each shift supervisor was instructed to discuss heat awareness and warning signs at shift turn outs during the summer months. Heat awareness, warning signs, and hydration memos were placed throughout the facility for staff and offenders. Shower temperatures were lowered and showers times were extended. Water coolers with ice were place in the dorms during summer months. Staff was instructed that offenders identified or requested relief from the heat were allowed to sit in cooler areas.

See also attached heat safety training and circulars produced with Request for Production 3-5.

2. Identify all heat-related injuries (including, but not limited to, fatalities, where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

RESPONSE Objection, overly broad and unduly burdensome, not limited in time or scope, Defendant further objects to the extent this seeks medical information privileged under HIPAA.
Subject to and without waiving between fiscal year 2008 to present, there have been three offender heat-related injuries in the Hutchins State Jail. The first was in June of 2009, the second in July of 2011 to Larry Gene McCollum, and the third was in June of 2012.

3. Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

RESPONSE: See response to TDCJ Interrogatory No. 2

3. Identify all heat-related injuries to inmates in the Hutchins Unit between January 1, 2002 to the present.

RESPONSE: See response to TDCj Interrogatory No. 2.

-3-

13

4.      Identify all heat-related injuries to employees of the Texas Department of Criminal
        Justice working in Texas Department of Criminal Justice facilities between January 1,
        2002 to the present, including, but not limited to, injuries where employees filed workers
        compensation claims.

**RESPONSE**:  Objection, overly broad, unduly burdensome and not reasonably limited in time or
               scope.  Defendants also object to the extent Plaintiff's interrogatory seeks medical
               information protected by  HIPPA.  Subject to and without waiving:

               From fiscal year 2008 to present there have been seven employee heat-related
               injuries at the Hutchins State Jail.  Three occurred in 2009, two in 2010 and two
               in 2012, five filed workers' compensation claims.

5.      Identify all heat-related injuries to employees of the Texas Department of Criminal
        Justice in the Hutchins Unit between January 1, 2002 to the present, including, but not
        limited to,  injuries where employees filed workers compensation claims.

**RESPONSE**:  See TDCJ response to Interrogatory No. 4.

6.      Describe in detail why all inmate housing areas at the Hutchins Unit are not air
        conditioned,  identifying all people responsible for decisions not to air condition any part
        of the Hutchins Unit.

**RESPONSE**:  Objection, overly broad, unduly burdensome and not calculated to lead to the
               discovery of relevant or admissible evidence.  The Hutchins unit was constructed
               in the mid 1990's All decisions made regarding these issues were made in the
               1990's, by former administrators.

7.      Identify all persons who authorized Larry McCollum's placement in each housing area he
        spent time in during his 2011 incarceration at the Hutchins Unit and describe in detail the
        basis for each placement. A response to this interrogatory should identify each location
        Larry McCollum was housed, including building, bunk number, and whether he was
        assigned to an upper or lower bunk.

**RESPONSE**:  Please see memo from P. Escobedo regarding housing and bunk assignments.

-4-

14

8.  Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge. A response to this interrogatory should include, but is not limited to, all prisoners housed in the dorm with Larry McCollum on July 22, 2011 and July 23, 2011.

**RESPONSE:** Please see Defendant's initial disclosure. In addition, Defendants have ordered and will supplement with the Office of Inspector General Investigation. See attached dorm roster for July 21, 2011, Hutchins State Jail shift rosters for June and July 2011, and the reports produced in response to Request for Production 22.

9.  If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**RESPONSE:** Unknown at this time, should another responsible party become apparent, Defendants will supplement.

10. Please describe in detail all steps that you have taken to bring the Hutchins Unit into compliance with the Americans with Disabilities Act and the Rehabilitation Act. Please include information about what modifications (if any) have been made at the prison, whether a transition plan and self-evaluation have been completed (as those terms are used in the ADA), and what services and programs at the jail exist to accommodate inmates' disabilities.

**RESPONSE:** Objection, overly broad, unduly burdensome, not limited in time or scope and not reasonably calculated to lead to the discovery or admissible evidence. In addition this interrogatory is vague and overbroad as to the term "inmate disabilities". Subject to and without waiving, please see TDCJ's response to Request for Production No.25.

11. Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

RESPONSE:  Warden Jeff Pringle, Interrogatory 1, 7, 8, 12, 14,

-5-

15

16.     Please describe in detail all TDCJ policies about what personal property prisoners at the
        Hutchins unit were allowed to possess in July 2011. A response to this interrogatory
        should include what items newly-arrived prisoners at the Hutchins Unit are issued on
        arrival, what items can be purchased from the prison commissary, and when newly-
        arrived prisoners can purchase items from the commissary.

        RESPONSE: See attached policies, AD 03.72 (rev. 5), "Offender Property," dated
        September 1, 2002, Offender Orientation Handbook, dated November 2004).

17.     Please identity all persons that Defendant expects to call to testify on Defendant's behalf
        at trial.

**RESPONSE**: Defendants have made no decisions at this time regarding trial testimony.
             Defendants will supplement per the Federal Rules of Civil Procedure and the
             scheduling order.

## REQUESTS FOR PRODUCTION

1.      Please produce all documents or other physical or tangible evidence related to, referred
        to,  identified in, or that formed the basis of any answer to the previous interrogatories,
        identifying the specific interrogatory to which that document or evidence is related.

**RESPONSE**: Objection, overly broad and unduly burdensome.  Please see specific responses
             for specific document references.

2.      Please produce all documents, including, but not limited to inmate grievances and
        correspondence from state officials, reviewed by Jeff Pringle or Brad Livingston prior to
        July 22, 2011 regarding heat and/or high temperatures in TDCJ facilities.

-7-

16

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

Stephanie McCollum, *et al.* §
§      Civil Action No. 3:12-CV-02037
§
§
Brad Livingston, *et al.*, §
Defendants. §      **JURY DEMAND**

**DEFENDANT JEFF PRINGLE'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR
PRODUCTION AND INTERROGATORIES**

**TO:**   Jeff Edwards, The Edward Law Firm, The Bremond Houston House, 706 Guadalupe, Austin, Texas 78701; Scott Medlock, Brian McGiverin, James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Eliot Shavin, 2600 State Street, Dallas, Texas 75204

COMES NOW the Defendant, Jeff Pringle, by and through counsel, the Texas Attorney

General's Office, and offers the following **Defendant Jeff Pringle's Responses to Plaintiff's First**

**Set of Requests for Production and Interrogatories.**

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

_B— R. A_

**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060
So. Dist. Bar No. 18934

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS  TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, BRAD
LIVINGSTON AND JEFF PRINGLE**

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and foregoing **Defendant Jeff Pringle's Responses to Plaintiff's**

**First Set of Requests for Production and Interrogatories** has been served by courier service on

this the 21th day of December 2012 to addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

_B—R. A_

**BRUCE R. GARCIA**
Assistant Attorney General

-2-

## FIRST SET OF INTERROGATORIES

1.    Identify all steps you took to protect Larry McCollum from heat index temperatures in the Hutchins Unit in excess of 90 degrees.

**RESPONSE**:  Mr. McCollum was undergoing the classification process.   I had no personal knowledge regarding Mr. McCollum.

2.    Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities at any TDCJ unit where you were employed during the term of your employment.

**RESPONSE**:  Objection, overly broad and unduly burdensome, and not reasonably limited in scope or time. Subject to and without waiving, please see TDCJ's response to request for production #2.

3.    Identify all heat-related injuries to inmates in the Hutchins Unit during the term of your employment at the Hutchins Unit.

**RESPONSE**:  Objection, overly broad and unduly burdensome, and not reasonably limited in scope or time. Subject to and without waiving, please see TDCJ's response to request for production #2

4.    Identify all heat-related injuries to employees of the Texas Department of Criminal Justice working in Texas Department of Criminal Justice facilities at any TDCJ unit where you were employed during the term of your employment, including, but not limited to, injuries where employees filed workers compensation claims.

**RESPONSE**:  Objection, overly broad and unduly burdensome, and not reasonably limited in scope or time. Subject to and without waiving, please see TDCJ's response to request for production #2.

-3-

5.      Identify all training you received about beat safety during your employment at the Texas
        Department of Criminal Justice.

**RESPONSE**: I cannot recall all of the training I received during my employment with the Texas
        Department of Criminal Justice. Please see TDCJ's response to request for
        production #3 and #4.

6.      Identify how inmates were assigned housing at the Hutchins Unit in July 2011.

**RESPONSE**: Approximately two thousand, two hundred and twenty six offenders live on the
        facility. However the daily count fluctuates depending upon offender activity. As
        a result, I cannot give an accurate answer only an approximation.

7.      Identify all persons who you believe have knowledge of relevant facts and identify the issues
        upon which you believe they have knowledge. A response to this interrogatory should
        include, but is not limited to, all prisoners housed in the dorm with Larry McCollum on July
        22, 2011 and July 23, 2011.

**RESPONSE**: Defendant will supplement.

8.      If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff
        in this matter, identify that person or legal entity and describe in detail the basis of said
        liability.

**RESPONSE**: Unable to answer at this time.

9.      Identify what property inmates were issued upon arrival at the Hutchins Unit in July, 2011.
        A response to this interrogatory should include what property is issued to prisoners by the
        state upon their arrival, and when inmates are allowed to purchase property from the prison
        commissary.

**RESPONSE**: Please see attached TDCJ property policies.

-4-

21

15.  Please identify the names and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information-you may use to support your claims or defenses.

**RESPONSE**: Please see the OIG investigation, in addition, Defendant will supplement.

## REQUEST FOR PRODUCTION

1.  Please produce all documents or other physical or tangible evidence related to, referred to, identified in, or that formed the basis of any answer to the previous interrogatories, identifying the specific interrogatory to which that document or evidence is related.

**RESPONSE**: Objection, overly broad and unduly burdensome.

2.  Please produce all documents, including, but not limited to inmate grievances and correspondence from state officials. you reviewed prior to July 22, 2011 regarding heat and/or high temperatures in TDCJ facilities, including, but not limited to, inmate grievances regarding conditions at the Hutchins Unit.

**RESPONSE**: Objection, overly broad and unduly burdensome, not limited in scope or time. Subject to and without waiving, please see TDCJ response to request for production #2.

3.  Please produce all documents you intend to introduce as exhibits at trial.

**RESPONSE**: Defendant will supplement.

4.  Please produce a copy of all documents, electronically stored information, and tangible things that you have in your possession, custody, or control and may use to support your claims or defenses.

**RESPONSE**: Objection, overly broad, not limited in scope, time or particularity. Subject to and without waiving, please see all documents previously provided by defendants.

-6-

# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Stephanie McCollum, *et al.*, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02037 |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | **JURY DEMAND** |

**DEFENDANT BRAD LIVINGSTON'S RESPONSES TO PLAINTIFF
STEPHEN McCOLLUM'S FIRST SET OF REQUESTS FOR
PRODUCTION AND INTERROGATORIES**

**TO:**   Jeff Edwards, The Edward Law Firm, The Bremond Houston House, 706 Guadalupe, Austin, Texas 78701; Scott Medlock, Brian McGiverin, James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Eliot Shavin, 2600 State Street, Dallas, Texas 75204

COMES NOW the Defendant, Brad Livingston, by and through counsel, the Texas Attorney General's Office, and offers the following **Defendant Brad Livingston's Responses to Plaintiff Stephen McCollum's First Set of Requests for Production and Interrogatories.**

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060
So. Dist. Bar No. 18934

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, BRAD LIVINGSTON AND JEFF
PRINGLE**

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and foregoing **Defendant Brad Livingston's Responses to Plaintiff**

**Stephen McCollum's First Set of Requests for Production and Interrogatories** has been served

by courier services on this the 21st day of December, 2012 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

**BRUCE R. GARCIA**
Assistant Attorney General

-2-

## FIRST SET OF INTERROGATORIES

1.      Identify all steps you took to protect Larry McCollum from heat index temperatures in the
        Hutchins Unit in excess of 90 degrees.


**RESPONSE:** I did not know Larry McCollum.


2.      Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas
        Department of Criminal Justice facilities at any TDCJ unit you were aware of during your
        employment with TDCJ.


**RESPONSE:** Objection, overly broad and unduly burdensome, not limited in time or scope, seeks
            information that is privileged under HIPAA.  Subject to and without waiving, I am
            not personally aware of any specific offender's heat related injuries.


3.      Identify all heat-related injuries to employees of the Texas Department of Criminal Justice
        working in Texas Department of Criminal Justice facilities at any TDCJ unit during the term
        of your employment, including, but not limited to, injuries where employees filed workers
        compensation claims.


**RESPONSE:** Objection, overly broad and unduly burdensome, not limited in time or scope, seeks
            information that is privileged under HIPAA. Subject to and without waiving, I am not
            personally aware of any specific employee's heat related injuries.


4.      Identify all training you received about heat safety during your employment at the Texas
        Department of Criminal Justice.


**RESPONSE:** I have not received training about heat safety during my employment with Texas
            Department of Criminal Justice.


–3–


26

5.    Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge. A response to this interrogatory should include, but is not limited to, all prisoners housed in the dorm with Larry McCollum on July 22, 2011 and July 23, 2011.

**RESPONSE:** Please see the OIG Investigation Report. Hutchins State Jail Warden Jeff Pringle and TDCJ-CID Region II Director Robert Eason may have knowledge pertinent to this interrogatory. Defendant will supplement.

6.    If you contend that some other person or legal entity is in whole or in part liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**RESPONSE:** None at this time.

7.    Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

**RESPONSE:** My attorneys assisted me.

8.    Please identify all persons that Defendant expects to call to testify on Defendant's behalf at trial.

**RESPONSE:** Defendant will supplement.

9.    Please identify the names and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--you may use to support your claims or defenses.

**RESPONSE:** Defendant will supplement.

--4--

## **REQUESTS FOR PRODUCTION**

1.      Please produce all documents or other physical or tangible evidence related to, referred to, identified in,  or that formed the basis of any answer to the previous interrogatories, identifying the specific interrogatory to which that document or evidence is related.


**RESPONSE:** Objection, overly broad and unduly burdensome.  Subject to and without waiving, please see defendant's disclosures, and responses to plaintiff's requests for production.


2.      Please produce all documents, including but not limited to inmate grievances and correspondence from state officials, you reviewed prior to July 22, 2011 regarding heat and/or high temperatures in TDCJ facilities, including, but not limited to, inmate grievances regarding conditions at the Hutchins Unit.


**RESPONSE:** Objection, overly broad and unduly burdensome, not limited in scope or time. Subject to and without waiving, I do not review offender grievances.


3.      Please produce all documents you intend to introduce as exhibits at trial.


**RESPONSE:** Defendant will supplement per the Federal Rules of Civil Procedure and the scheduling order entered into by the parties in this matter.


4.      Please produce a copy of all documents, electronically stored information, and tangible things that you have in your possession, custody, or control and may use to support your claims or defenses.

**RESPONSE:** Objection, overly broad, not limited in scope, time or particularity.  Subject to and without waiving, Defendant will supplement per the Federal Rules of Civil Procedure and the scheduling order entered into by the parties in this matter.


--5--

## VERIFICATION

STATE OF TEXAS                              §
                                           §
COUNTY OF WALKER                           §

BEFORE ME, the undersigned authority, on this day personally appeared Brad Livingston, who, being personally known to me, after being duly sworn upon his oath deposed and stated that the foregoing responses to interrogatories in *McCollum v. Livingston*, Civil Action No. 3:12cv02037, are true, correct and complete to the best of his knowledge; and he is authorized to execute this verification.

Brad Livingston
Executive Director
Texas Department of Criminal Justice

BEFORE ME, the undersigned authority, on this day personally appeared Brad Livingston known personally to me to be the person subscribed in the foregoing instrument.

Given under my hand and seal of office on this 18th day of December, 2012.

Notary Public in and for the State of Texas

Angela Moore
Printed Name

My Commission Expires: July 23, 2013

ANGELA L MOORE
NOTARY PUBLIC - STATE OF TEXAS
MY COMMISSION EXPIRES
JULY 23, 2016

# Exhibit 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Stephanie McCollum, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02037 |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | **JURY DEMAND** |

### DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S RESPONSES TO PLAINTIFF STEPHEN McCOLLUM'S SECOND SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES AND FIRST SET OF REQUESTS FOR ADMISSIONS

**TO:** Jeff Edwards, The Edward Law Firm, The Bremond Houston House, 706 Guadalupe, Austin, Texas 78701; Scott Medlock, Brian McGiverin, James C. Harrington, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741; and Eliot Shavin, 2600 State Street, Dallas, Texas 75204

COMES NOW the Defendant, Texas Department of Criminal Justice, by and through counsel, the Texas Attorney General's Office, and offers the following **Defendant Texas Department of Criminal Justice's Responses to Plaintiff Stephen McCollum's Second Set of Requests for Production and Interrogatories and First Set of Requests for Admissions.**

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*B—R.A*

**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No. 07631060
So. Dist. Bar No. 18934

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
BRAD LIVINGSTON AND JEFF PRINGLE**

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Texas Department of Criminal Justice's Responses to Plaintiff Stephen McCollum's Second Set of Requests for Production and Interrogatories and First Set of Requests for Admissions** has been served by placing same in the United States Mail, postage prepaid, on February 27, 2013 addressed to:

Jeff Edwards
The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Eliot Shavin
2600 State Street
Dallas, Texas 75204

*B—R.A*

**BRUCE R. GARCIA**
Assistant Attorney General

–2–

8.     Please produce all documents showing water was delivered to the C-7 dorm from July 1 – July 22, 2011, including how much water.

**RESPONSE:  See attached no records affidavit and unit policy regarding use of 10 gallon water coolers previously provided.**

9.     Please produce all documents related to the inmate heat injury in 2009.

**RESPONSE: OBJECTION Plaintiff seeks documents that contain "individually identifiable health information" as defined by the Health Insurance Portability and Accountability Act of 1996 or HIPAA.  Defendants cannot release these documents without the permission of the individuals identified.  Subject to and without waiving said objections, see attached documents bate stamps 01-27 with proper redaction of "individually identifiable health information" as required by HIPAA provided in response to Request No. 9.**

10.     Please produce all documents related to the three employee heat-related injuries in 2009.

**RESPONSE: OBJECTION Plaintiff seeks documents that contain "individually identifiable health information" as defined by the Health Insurance Portability and Accountability Act of 1996 or HIPAA.  Defendants cannot release these documents without the permission of the individuals identified.  Subject to and without waiving said objections, see attached documents with bate stamps 01-27 with proper redaction of "individually identifiable health information" as required by HIPAA provided in response to Request No. 10.**

11.     Please produce all documents related to the two employee heat-related injuries in 2010.

**RESPONSE: OBJECTION Plaintiff seeks documents that contain "individually identifiable health information" as defined by the Health Insurance Portability and Accountability Act of 1996 or HIPAA.  Defendants cannot release these documents without the permission of the individuals identified.  Subject to and without waiving said objections, see attached documents with bate stamps 01-27 with proper redaction of "individually identifiable health information" as required by HIPAA provided in response to Request No. 11.**

12.     Please produce all documents related to the inmate heat injury in 2012.

**RESPONSE: OBJECTION RESPONSE OBJECTION Plaintiff seeks documents that contain "individually identifiable health information" as defined by the Health Insurance Portability and Accountability Act of 1996 or HIPAA.  Defendants cannot release these documents without the permission of the individuals identified.  Subject to and without waiving said objections, see attached documents with bate stamps 01-27 with proper redaction of "individually identifiable health information" as required by HIPAA provided in response to Requests No. 12.**

–7–

# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
| Defendants. | § | |

## DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S INITIAL DISCLOSURES TO PLAINTIFF

**TO: Plaintiff Stephen McCollum, by and through his attorneys of record, Jeff Edwards and Scott Medlock, The Edwards Law Firm, 1101 E. 11th Street, Austin, Texas 78702-1908 and Brian McGiverin, Texas Civil Rights Project, c/o TRLA, 4920 N IH-35, Austin, TX 78751**

Defendants University of Texas Medical Branch, through the Attorney General of the State of Texas, makes these **initial disclosures** to Plaintiffs, pursuant to FED. R. CIV. P. 26. Defendants will supplement this disclosure if additional information subject to Rule 26 becomes available.

**I.**

FED. R. CIV. P. 26 (a)(1)(A)(i): The name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

1. **Dr. Owen Murray**
   **University of Texas Medical Branch, Galveston**
   **Vice President For Offender Health Services**
   **936-494-4171 (office)**

Dr. Murray is a physician and Vice President for Offender Services at UTMB. He is a non-retained witness who may testify about services provided by UTMB Correctional Managed Care and policies of the Correctional Managed Health Care Committee, particularly as they relate to the providing of medical care to inmates incarcerated at TDCJ. Dr. Murray may testify about the contract between UTMB and Correctional Managed Health Care Committee. He may also testify about those matters discussed during his deposition.

57. **Custodian of Records Heart of Texas MHMR**
    **P.O. Box 890**
    **110 S 12th St.**
    **Waco, TX 76703**

58. **Custodian of Records for McLennan County Jail**
    **301 E. State Hwy 6**
    **Waco, TX 76705**

59. **Custodian of Records for TDCJ**
    **P.O. Box 99**
    **Hunstville, TX 77342-0099**

## II.

FED. R. CIV. P. 26 (a)(1)(A)(ii): A copy of or a description by category and location of, all documents, data compilations, compilations, and tangible things in the possession, custody, or control of the disclosing party that are relevant to disputed facts alleged with particularity in the pleadings.

The following documents are provided to Plaintiffs:

1. TDCJ Commissary No Records Affidavit, Bates numbers 75-76;
2. TDCJ Grievance No Records Affidavit, Bates number 77;
3. TDCJ Disciplinary No Records Affidavit, Bates number 78;
4. Patient Liaison Records from Office of Professional Standards, Bates numbers 79-82;
5. UTMB Medical records No Records Affidavit, Bates number 83;
6. TDCJ Archive Medical Records, Bates numbers 84-527;
7. Medication Compliance Records, Bates numbers 528-637;
8. Visitor Logs No Records Affidavit, Bates number 658;
9. Hutchins Unit EMS Records, Bates numbers 660-665;
10. UTMB Mental Health On-Call Schedule, July 2011, Bates numbers 666-672;
11. UTMB Mental Health On-Call Schedule, August 2011, Bates numbers 673-675;
12. Heart of Texas – MHMR Records for Larry McCollum;
13. McLennan County Jail Records for Larry McCollum.

## III.

FED. R. CIV. P. 26 (a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Defendants are not claiming damages.

## IV.

FED. R. CIV. P. 26 (a)(1)(A)(iv): For inspection and copying under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Defendants have no information regarding this category.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

Lacey Mase
Assistant Attorney General
State Bar No. 24074662
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080/Fax (512) 495-9139

Page 17 of 18

**ATTORNEYS FOR DEFENDANTS**
**UNIVERSITY OF TEXAS MEDICAL BRANCH**

## CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, certify that a true and correct copy of **Defendants UTMB's Initial Disclosures** has been served by placing same in the United States Mail on **April 15, 2014**, addressed to:

| | |
|---|---|
| **Jeff Edwards**<br>**Scott Medlock**<br>**The Edwards Law Firm**<br>**1101 E. 11th Street**<br>**Austin, Texas  78702-1908** | CM/RRR 7008 0500 0001 5046 8169 |
| **Brian McGiverin**<br>**Wayne Krause-Yang**<br>**Texas Civil Rights Project**<br>**c/o TRLA 4920 N IH-35**<br>**Austin, TX  78751** | CM/RRR 7008 0500 0001 5046 8176 |
| **Bruce Garcia**<br>**Office of the Attorney General**<br>**P.O. Box 12548**<br>**Austin, TX 78711-2548** | Via Intra-Office Mail |
| **Demetri Anastasiadis**<br>**Office of the Attorney General**<br>**P.O. Box 12548**<br>**Austin, TX 78711-2548** | Via Intra-Office Mail |

*Lacey G. Mase*
Lacey Mase
Assistant Attorney General

Page 18 of 18

# Exhibit 8

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
| Defendants. | § | |

### DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S RESPONSES TO
### PLAINTIFF SANDRA McCOLLUM'S FIRST REQUESTS FOR PRODUCTION

TO:  Sandra McCollum, by and through her attorney of record, Jeff Edwards, The Edwards Law Firm, 1101 E. 11th Street, Austin, Texas 78702 and Scott Medlock, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741.

The University of Texas Medical Branch, Defendant in the above-styled and numbered cause, offers the following Responses to Plaintiff's First Requests for Production.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas  78711

1

(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH**

**CERTIFICATE OF SERVICE**

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Responses to Plaintiff Sandra McCollum's First Requests for Production** has been served by placing same in the United States Mail on this the 2nd day of August, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas  78741

Bruce Garcia                    (Via Hand Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711

KIM COOGAN
Assistant Attorney General

2

41

**RESPONSE:    See attached medical records (bates 1-23) related to the 2011 incarceration.**

6. Please produce all documents concerning when rounds, welfare checks, or other observations (medical or otherwise) were performed to check on Larry McCollum while he was in the Hutchins Unit.

**RESPONSE:    See attached medical records (bates 1-23) related to the 2011 incarceration. Other than these, none.**

7. Please produce all documents related to any investigation conducted into Larry McCollum's death, including, but not limited to, any autopsy, investigation by the TDCJ Office of the Inspector General, investigations conducted by any other law enforcement body (including, but not limited to the Texas Department of Public Safety) and/or any investigation or peer review conducted by the University of Texas Medical Branch (or any other entity providing medical care to Larry McCollum).

**RESPONSE:    OBJECTION. Defendant objects to the extent this request seeks information protected by the V.T.C.A. Health and Safety Code §161.032, V.T.C.A. Occupations Code §160.007, or §303.006. Defendant does not have care, custody or control of investigations, if any, created by law enforcement or other entities. Subject to these objections, UTMB has no responsive documents.**

8. Please produce the autopsies of all inmates who have died in the Hutchins Unit since January 1, 2001.

**RESPONSE:    OBJECTION. This request is overbroad in both scope and time, and seeks information not reasonably related to any material issue in this case. Further, UTMB does not keep records by this type of category. UTMB does not request autopsies, TDCJ does this. Medical records maintained by UTMB in the regular course of business are only medical records maintained by patient. UTMB does not create or keep records by death or existence of autopsy.**

9. Please produce all documents related to the inmate heat injury in any TDCJ facility where UTMB provides medical care between 2007 and 2012.

**RESPONSE:    OVERBROAD. This request is over broad in both scope and time. This request is vague as to "the heat injury". This request is vague as to the documents it seeks. UTMB is not in the care, custody or control of records created by law enforcement, TDCJ or other entities. Therefore, UTMB has no records responsive to this request.**

10. Please produce all documents showing temperatures and heat indexes recorded at the Hutchins Unit from January 1, 2007 to the present.

**RESPONSE:    None.**

11. Please produce all documents presented to the University of Texas Medical Branch related to heat, temperature, heat index, or air conditioning at any TDCJ facility from January 1, 1993 to the present.

4

# Exhibit 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*,<br>     *Plaintiffs*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*,<br>     *Defendants*. | §<br>§ | |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S AMENDED
ANSWERS TO PLAINTIFF SANDRA McCOLLUM'S
FIRST SET OF INTERROGATORIES**

TO:   Sandra McCollum, by and through her attorneys of record, Jeff Edwards, The Edwards Law Firm, 1101 E. 11th Street, Austin, Texas 78702 and Scott Medlock, Texas Civil Rights Project, 4920 N. IH-35, Austin, Texas 78751.

The University of Texas Medical Branch, Defendant in the above-styled and numbered cause, offers the following Amended Answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station

1

44

Austin, Texas  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT**
**UNIVERSITY OF TEXAS MEDICAL BRANCH**

**CERTIFICATE OF SERVICE**

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and

correct copy of the above and foregoing **Defendant University of Texas Medical Branch's**

**Amended Answers to Plaintiff Sandra McCollum's First Set of Interrogatories** has been

served by placing same in the United States Mail on this the 20th day of March, 2014, addressed to:

Jeff Edwards                                    **CMRRR 7008 0500 0001 5047 6348**
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Brian McGivern                                  **CMRRR 7008 0500 0001 5047 6331**
Wayne Krause-Yang
Texas Civil Rights Project
4920 N. IH-35
Austin, Texas  78751

Bruce Garcia                  (Via Hand Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711

Demetri Anastasiadis          (Via Hand-Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711

KIM COOGAN
Assistant Attorney General

2

45

## FIRST SET OF INTERROGATORIES

1. Identify all steps UTMB took to protect Larry McCollum from heat index temperatures in the Hutchins Unit in excess of 90 degrees.

   **ANSWER: At the time Mr. McCollum died, he had not yet been seen by a UTMB medical provider, and accommodations had not yet been requested by McCollum nor provided by UTMB. Further, UTMB does not monitor or control the indoor temperatures at the Hutchins unit.**

2. Identify all heat-related deaths (including, but not limited to, fatalities where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities in which UTMB provided medical care between January 1, 1993 to the present.

   **ANSWER:  UTMB is unable to answer this question. UTMB does not create, keep or maintain records of inmate deaths by the category "cause of death" or "hyperthermia". Nor does it maintain a list or record of inmate deaths in the usual course of business.**

3. Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities in which UTMB provided medical care between January 1, 1993 to the present.

   **ANSWER: OBJECTION. This request is overbroad in scope and time. UTMB is unable to answer this question. UTMB does not keep or maintain records, other than individual medical records, which reflect "heat-related injuries" as defined in paragraph R. A review of the individual medical records of all 150,000 inmates, system wide, for a 20 year period would create an undue burden and hardship on defendant. Even a review of records of any inmate who has served time in the Hutchins unit would cause an undue burden and hardship. Further, defendant TDCJ has already provided records of those inmates, system wide, who allegedly died from a heat related illness or injury. Finally, the requested information is irrelevant to any material issue in this case and unlikely to lead to the discovery of admissible evidence in this disability discrimination case.**

4. Identify all heat-related injuries to inmates in the Hutchins Unit between January 1, 2002 and the present.

   **ANSWER: OBJECTION. This request is overbroad in scope and time. UTMB is unable to answer this question. UTMB does not keep or maintain records, other than individual medical records, which reflect "heat-related injuries" as defined in paragraph R. A review of the individual medical records of all 150,000 inmates, system wide, for a 20 year period would create an undue burden and hardship on defendant. Even a review of records of any inmate who has served time in the Hutchins unit would cause an undue burden and hardship. Further, defendant TDCJ has already provided records of those inmates, system wide, who allegedly died from a heat related illness or injury. Finally, the requested information is irrelevant to any material issue in this case and unlikely to lead to the discovery of admissible evidence in this disability discrimination case.**

5. Identify all heat-related injuries to employees of the University of Texas Medical Branch working in Texas Department of Criminal Justice facilities between January 1, 2002 to the

3

present, including, but not limited to, injuries where employees filed workers compensation claims.

**ANSWER: OBJECTION. This request is overbroad in scope and time, and is an impermissible fishing expedition. This request seeks information irrelevant to any material issue in this case, and unlikely to lead to the discovery of admissible evidence as medical personnel and inmates are not similarly situated.**

6. Identify all heat-related injuries to employees of the University of Texas Medical Branch in the Hutchins Unit between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

**ANSWER: OBJECTION. This request is overbroad in scope and time, and is an impermissible fishing expedition. This request seeks information irrelevant to any material issue in this case, and unlikely to lead to the discovery of admissible evidence as medical personnel and inmates are not similarly situated.**

7. Identify all persons who authorized Larry McCollum's placement in each housing area he spent time in during his 2011 incarceration at the Hutchins Unit and describe in detail the basis for each placement. A response to this interrogatory should identify each location Larry McCollum was housed, including building, bunk number, whether he was assigned to an upper or lower bunk, and a description of any recommendations UTMB employees made that contributed to that placement.

**ANSWER: Unknown to this defendant. UTMB does not assign offender housing.**

8. Please describe in detail all steps that you have taken to bring your programs at the Hutchins Unit into compliance with the Americans with Disabilities Act and the Rehabilitation Act. Please include information about what modifications (if any) have been made at the prison, whether a transition plan and self-evaluation have been completed (as those terms are used in the ADA), and what services and programs at the jail exist to accommodate inmates' disabilities.

**ANSWER: OBJECTION. This request is vague, overly broad, unduly burdensome, ambiguous, not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the ADA was passed in 1990, and modifications to physical units and policies have been made which are too varied and numerous to list. All policies related to the claims made in this lawsuit have been produced.**

9. Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

**ANSWER: Dr. Glenda Adams, along with counsel.**

10. Please identify all prisoners in the Hutchins Unit who have, at any time, been given "heat restrictions" (see Definition S), or otherwise had any prison activities limited due to medical conditions adversely effected by heat or high temperatures, since January 1, 2011, and the time frames in which the prisoners had those restrictions.

4

# Exhibit 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCULLOM**, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON**, *et al.*, | § | |
| *Defendants.* | § | |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S
AMENDED RESPONSES TO PLAINTIFF SANDRA McCOLLUM'S
FIRST REQUESTS FOR PRODUCTION**

TO:    Sandra McCollum, by and through her attorney of record, Jeff Edwards, The Edwards Law Firm, 1101 E. 11th Street, Austin, Texas 78702 and Scott Medlock, Texas Civil Rights Project, 4920N. IH-35, Austin, Texas 78751.

The University of Texas Medical Branch, Defendant in the above-styled and numbered

cause, offers the following Amended Responses to Plaintiff's First Requests for Production.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

*Kim Coogan*

KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station

1

49

Austin, Texas  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH**

### CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Amended Responses to Plaintiff Sandra McCollum's First Requests for Production** has been served by placing same in the United States Mail on this the 20th day of March, 2014, addressed to:

Jeff Edwards                    **CMRRR 7008 0500 0001 5047 6348**
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Brian McGiverin                 **CMRRR 7008 0500 0001 5047 6331**
Wayne Krause-Yang
Texas Civil Rights Project
4920 N. IH-35
Austin, Texas  78751

Bruce Garcia                    (Via Hand Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711

Demetri Anastasiadis            (Via Hand Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711

2

KIM COOGAN
Assistant Attorney General

**3**

## REQUESTS FOR PRODUCTION

1. Please produce all documents or other physical or tangible evidence related to, referred to, identified in, or that formed the basis of any answer to the previous interrogatories, identifying the specific interrogatory to which that document or evidence is related.

**RESPONSE:** **See attached medical records (bates 1-23); medication compliance report (bates 24-25); CMC Policy "Health Appraisal of Incoming Offenders E-34.1" (bates 26); CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

2. Please produce copies of all relevant policy documents governing procedures that were in place during 2011 at the Hutchins Unit related to heat, temperature, or heat index. The request includes any rules of policies governing acceptable temperatures in TDCJ inmate housing areas during the summer months or other periods of high temperatures.

**RESPONSE:** **See attached CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

3. Please produce all documents that describe, or are used in, or are otherwise related to the training of UTMB employees at the Hutchins Unit related to high temperatures at the prison prior to July 22, 2011.

**RESPONSE:** **See attached CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

4. Please produce all current documents that describe, or are used in, or are otherwise related to the training of UTMB employees at the Hutchins Unit related to high temperatures in the prison.

**RESPONSE:** **See attached CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

5. Please provide all medical and infirmary records related to Larry McCollum, while he was incarcerated by TDCJ.

4

52

**RESPONSE:** **See attached medical records (bates 1-23) related to the 2011 incarceration. See Medication Administration Record [Bates 659] related to the 2011 incarceration.**

6. Please produce all documents concerning when rounds, welfare checks, or other observations (medical or otherwise) were performed to check on Larry McCollum while he was in the Hutchins Unit.

**RESPONSE:** **See attached medical records (bates 1-23) related to the 2011 incarceration. Other than these, none.**

7. Please produce all documents related to any investigation conducted into Larry McCollum's death, including, but not limited to, any autopsy, investigation by the TDCJ Office of the Inspector General, investigations conducted by any other law enforcement body (including, but not limited to the Texas Department of Public Safety) and/or any investigation or peer review conducted by the University of Texas Medical Branch (or any other entity providing medical care to Larry McCollum).

**RESPONSE:** **OBJECTION. Defendant objects to the extent this request seeks information protected by the V.T.C.A. Health and Safety Code §161.032, V.T.C.A. Occupations Code §160.007, or §303.006. Subject to these objections, UTMB has no responsive documents.**

**UTMB is not the custodian of records made or maintained by the Correctional Managed Health Care Committee.**

**The medical records and autopsy have already been produced.**

**Defendant does not have care, custody or control of investigations, if any, created by law enforcement or other entities.**

8. Please produce the autopsies of all inmates who have died in the Hutchins Unit since January 1, 2001.

**RESPONSE:** **OBJECTION. This request is overbroad in both scope and time, and seeks information not reasonably related to any material issue in this case. Further, UTMB does not keep records by this type of category. UTMB does not request autopsies, TDCJ does this. Medical records maintained by UTMB in the regular course of business are only medical records maintained by patient. UTMB does not create or keep records by death or existence of autopsy.**

9. Please produce all documents related to the inmate heat injury in any TDCJ facility where UTMB provides medical care between 2007 and 2012.

**RESPONSE:** **OVERBROAD. This request is over broad in both scope and time. This request is vague as to "the heat injury". This request is vague as to the documents it seeks. UTMB is not in the care, custody or control of records created by law enforcement, TDCJ or other entities. Therefore, UTMB has no records responsive to this request.**

5

# Exhibit 11

| | |
|---|---|
| **From:** | Robison, Jerri D. |
| **Sent:** | Thursday, April 10, 2014 8:47 PM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: Heat Ad Seg offenders |

FYI

Denee` Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

***Employee Advisory Council - UTMB CMC Representative***
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form



Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

**From:** Eubank, Gary J.
**Sent:** Monday, August 09, 2010 2:40 PM
**To:** Robison, Jerri D.; Abbott, Kirk D.; Robison, Justin R.; Saenz, Hilario; Davis, Mark A.; Warren, Carol J.; Brown, Paul V.; Upshaw, Judy C.
**Subject:** Fwd: Heat Ad Seg offenders

Sent from my Verizon Wireless Phone

----- Forwarded message -----
From: "george.crippen@tdcj.state.tx.us" <george.crippen@tdcj.state.tx.us>
Date: Mon, Aug 9, 2010 2:37 pm
Subject: Heat Ad Seg offenders
To: "Eubank, Gary J." <gjeubank@UTMB.EDU>, "mike.jones@tdcj.state.tx.us" <mike.jones@tdcj.state.tx.us>
Cc: "Robert Williams" <robert.williams@tdcj.state.tx.us>

Mr Thayler wants health services to pay closer attention to ad seg
offenders on psychotropic meds due to them being more at risk

55

# Exhibit 12

**From:** Robison, Jerri D.
**Sent:** Thursday, April 10, 2014 8:48 PM
**To:** Osteen, Jennifer K.
**Subject:** FW: heat incident
**Attachments:** Heat Related Incidents 081310.xls

I show that I forwarded the email on same date at 3:10.

Denee' Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

*Employee Advisory Council - UTMB CMC Representative*
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form

 Health

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

**From:** Knight, Tina
**Sent:** Friday, August 13, 2010 3:06 PM
**To:** phyllis.mcwhorter@tdcj.state.tx.us; Robison, Jerri D.
**Cc:** Bouchard, Grizelda R.
**Subject:** heat incident

Tina Knight, RN, MSN, MHA
UTMB-CMC
Ramsey Cluster Nurse Manager
(281) 595-3491 x1311

1

# Exhibit 13

| | |
|---|---|
| **From:** | Robison, Jerri D. |
| **Sent:** | Thursday, April 10, 2014 10:01 PM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: heat-related illness |

!
!
Denee` Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

***Employee Advisory Council - UTMB CMC Representative***
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form

 Health

Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

!

**From:** McLearen, Kimberly S.
**Sent:** Monday, June 25, 2012 4:17 PM
**To:** Brandon, George R.; Brysch, Rachel C.; Davis, Mark A.; Easter, Vicky; Fread, Brenda K.; Gilford, Yonette E.; Hankins, Gregory D.; Iredell, Debra L.; Johnson, Martha F.; Kempsky, Paul E.; McGowan, Rebecca; Moon, Lisa G.; Outlaw, Patricia A.; Pratt, Deanna; Quiroz, Jolly R.; Smith, Teri B.; Staples, Relda A.; Swanson, David A.; Turner, Darlene B.; Webb, Lucinda L.; White, Alice F.
**Cc:** Saenz, Hilario; Robison, Justin R.; Robison, Jerri D.; Brown, Paul V.
**Subject:** FW: heat-related illness

I wanted to remind everyone about the below email. I should be receiving an email about all offenders with heat related illness with the below information. I have only been receiving from a couple of units. I keep a database that is sent in to senior leadership at the end of each month.

Thanks,
Kim

**From:** Abbott, Kirk D.
**Sent:** Wednesday, August 17, 2011 12:12 PM
**To:** Brown, Christopher M.; Brysch, Rachel C.; Colbert, Vickie K.; Davis, Mark A.; Easter, Vicky; Gilford, Yonette E.; Goodwin, David; Greff, Edward T.; Iredell, Debra L.; James, George F.; Johnson, Martha F.; Kempsky, Paul E.; McGowan, Rebecca; Moon, Lisa G.; Outlaw, Patricia A.; Pratt, Deanna; Quiroz, Jolly R.; Saenz, Hilario; Staples, Relda A.; Swanson, David A.; Turner, Darlene B.; Webb, Lucinda L.; White, Alice F.
**Cc:** McLearen, Kimberly S.
**Subject:** FW: heat-related illness

1

# Exhibit 14

| | |
|---|---|
| **From:** | Brown, Paul V. |
| **Sent:** | Friday, April 11, 2014 11:45 AM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: Heat-Related Illness Reports with Discrepancies |
| **Attachments:** | UTMB Heat 6-26-13.xls |

**From:** Brown, Paul V.
**Sent:** Wednesday, January 29, 2014 6:52 AM
**To:** Abbott, Kirk D.
**Subject:** FW: Heat-Related Illness Reports with Discrepancies

See below

**From:** Brown, Paul V.
**Sent:** Sunday, June 30, 2013 7:48 AM
**To:** Austin, Paulette D.; Bellanger, Jeanne A.; Bowden, Trina S.; Foxworth, Connie L.; Genin, Marisol C.; Harris, Cristi R.; Mason, Norma F.; Roberts, Margaret E.; Stake, Jacqueline; Wallace, Carla D.; Young, Wanda R.
**Cc:** Roberts, Margaret E.
**Subject:** FW: Heat-Related Illness Reports with Discrepancies

Please review below and attached very carefully. I believe that we established quite some time back that Eileen is to receive copies of the heat related notification emails, please ensure that we follow this process. Also, I'd like for all nursing staff to be inserviced on the heat related complaints Standing Delegated Order located at http://cmcweb.utmb.edu/Standing_Delegated_Orders/D-27.5%20Att%20L%20-%20Heat%20Related%20Complaints.pdf

As the summer grows hotter we will need to be more mindful of complaints related to the heat. Reinforce the importance of drinking water to the patients and the officers.

Connie and Wanda, really press this point in orientation – heat precautions will be a major concern over the months ahead.

Let's stay on this.

Paul

**From:** Robison, Justin R.
**Sent:** Friday, June 28, 2013 11:16 AM
**To:** Robison, Jerri D.; Brown, Paul V.; Saenz, Hilario
**Cc:** Eubank, Gary J.
**Subject:** FW: Heat-Related Illness Reports with Discrepancies

DONs,

1

61

Phyllis has shared concerns with me and Gary about the heat-related illness reports she receives (attachment).   Some of the issues are nursing and some appear to be provider.

From my below email:
- On #1, I guess the report should be held until free world ER records are obtained so that the correct DX can be placed on the reporting form.
- On #2, I have relayed to Dr. G. and D. Adams
- On #3, I have relayed to Dr. G. and D. Adams for comment.
- On #4 below, the heat related reports require a provider diagnosis so the nurse must contact a provider.  The 3 instances in the attached report occurred at Telford, Halbert, and Ramsey.


Thanks,

Justin Robison, MSN, RN
Director of Nursing, In-Patient Services
Correctional Managed Care
University of Texas Medical Branch
Cell 806-535-1150

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

**From:** Robison, Justin R.
**Sent:** Thursday, June 27, 2013 1:15 PM
**To:** 'Phyllis.Mcwhorter@tdcj.state.tx.us'; Eubank, Gary J.
**Cc:** george.crippen@tdcj.state.tx.us
**Subject:** RE: Heat-Related Illness Reports with Discrepancies

**I have reviewed many of these records and agree with the following issues:**
1. When the patient is sent off-site to the ER, the ER diagnosis should be documented on the reporting form.  Unfortunately obtaining FW records in a timely manner is difficult.
   - It took 16 days to obtain the ER documentation on the first person from your list.  I'm glad a report was submitted and the facility did not forget since it took so long to receive the FW records.
   - The ER left the diagnosis blank on the second patient on the list that went to the ER but did give "Heat Related Illness" discharge instructions.
2. Provider fails to document a diagnosis when physically seeing the patient.
3. A diagnosis is not obtained when a nurse sees a patient and then contacts a provider for orders.   In my experience when contacting a provider via telephone, the provider will give orders to the treat the patient but I do not recall a provider ever diagnosing the patient over the phone and then as the nurse documenting it in the providers orders….
4. Nurse did not contact a provider.   One instance the LVN consulted with the RN.  One instance the RN cosigned the note.  One instance the LVN failed to consult anyone.

The 3 instances a provider was not notified will be addressed.  I will share concerns regarding the provider not documenting a diagnosis or giving a diagnosis over the phone with the medical directors.  Issues with FW documentation has historically been challenging but will attempt to ensure DX are obtained and correlate with the DX on the reporting form.

Thanks,

Justin Robison, MSN, RN
Director of Nursing, In-Patient Services

2

Correctional Managed Care
University of Texas Medical Branch
Cell 806-535-1150

Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

**From:** Phyllis.Mcwhorter@tdcj.state.tx.us [mailto:Phyllis.Mcwhorter@tdcj.state.tx.us]
**Sent:** Wednesday, June 26, 2013 4:14 PM
**To:** Eubank, Gary J.; Robison, Justin R.
**Cc:** george.crippen@tdcj.state.tx.us
**Subject:** Heat-Related Illness Reports with Discrepancies


Good afternoon Gary and Justin:

Please see the attached report that outlines discrepancies in heat-related illnesses reported to HSL so far this year. When we began using the "Heat-Related Illness Reporting Form" the intention was to make it a more accurate reporting system than that which was used in the past. Unfortunately, an audit of the cases reported so far in 2013 shows that more than 65 percent include significant errors. The errors fall into four main categories:

1. An inconsistency between the provider's documented diagnosis and that which was recorded on the reporting form;
2. A lack of a provider's diagnosis in the EMR, but a provider's diagnosis listed on the reporting form;
3. Reporting when not required (i.e., reported as "heat exhaustion" or "cramps" but treated for heat rash or dehydration); and,
4. Patients treated by nursing staff with no documentation to reflect that nursing collaborated with a provider.

Please ask nursing staff to:
1. Only report cases of heat cramps, heat exhaustion, heat stroke and neuroleptic malignant syndrome;
2. If the offender is not being seen by a provider ask for a diagnosis that can be recorded along with the orders and transfer it to the reporting form;
3. Document provider collaboration in care given; and,
4. Have notes sent to provider for co-signature when appropriate.

Thank you for your help. If there's anything I can do to facilitate please let me know.




**Phyllis McWhorter, RN**

Manager IV
Health Services Liaison
936-437-3589/FAX: 437-3599

Note: Protected Health Information (PHI) is personal and sensitive information related to a person's health care. It is being sent after appropriate authorization from the patient or under circumstances that do not require patient authorization. You, the recipient are obliged to maintain it in a safe, secure and confidential manner. Re-disclosure without additional patient consent or as permitted by law is prohibited. Unauthorized re-disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law. **Important warning:** This message is intended for the use of the person or entity to which it is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information is strictly prohibited. If you have received this message by error, please notify the sender immediately to arrange for return or destruction of these documents.

3

# Exhibit 15

| From: | Robison, Jerri D. |
|---|---|
| **Sent:** | Thursday, April 10, 2014 8:55 PM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: Heat-Related Illnesses |

!
!
Denee` Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

***Employee Advisory Council - UTMB CMC Representative***
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form



Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

!

**From:** Robison, Jerri D.
**Sent:** Tuesday, June 28, 2011 1:07 PM
**To:** Cooling, Angela C.
**Subject:** FW: Heat-Related Illnesses

Hi Chrissy,

See below on who and how to report.

Denee' Robison, RN, BSN
Huntsville District DON
University of Texas Medical Branch-CMC
Mobile- 806-438-7966
Office- Shelia- 936-437-3128



Working together to work wonders."

Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

**From:** Robison, Justin R.
**Sent:** Thursday, June 09, 2011 8:47 PM
**To:** Abbott, Kirk D.; Brown, Paul V.; Davis, Mark A.; Knight, Tina; Robison, Jerri D.; Saenz, Hilario; Upshaw, Judy C.
**Subject:** FW: Heat-Related Illnesses

Justin Robison, MSN, RN
Assistant Director of Nursing, In-Patient Services - Correctional Managed Care
University of Texas Medical Branch
Cell 806-535-1150

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

**From:** Eubank, Gary J.
**Sent:** Thursday, June 09, 2011 5:07 PM
**To:** Robison, Justin R.
**Subject:** FW: Heat-Related Illnesses

Gary J. Eubank, MSN, RN
Chief Nursing Officer
Correctional Managed Care
University of Texas Medical Branch
Ofc:  936-293-3653
Cell:  936-232-3685

**Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.**

**From:** Phyllis.Mcwhorter@tdcj.state.tx.us [mailto:Phyllis.Mcwhorter@tdcj.state.tx.us]
**Sent:** Thursday, June 09, 2011 4:30 PM
**To:** Eubank, Gary J.; kathy.cleere@tdcj.state.tx.us; michael.w.jones@ttuhsc.edu
**Cc:** george.crippen@tdcj.state.tx.us; Robert.Williams@tdcj.state.tx.us
**Subject:** Heat-Related Illnesses

Dr. Linthicum wants to be informed about all offenders who suffer heat-related illnesses. This information should be reported to the Office of Health Services Liaison and can be sent to me via EMR or TDCJ mainframe at e-mail address HSLIAISON. The report should include the following information:

Offender's name
TDCJ number
Unit of assignment
Date/time of incident
Offender's location at the time of the incident (i.e., job location, ODR, field, warehouse, housing, etc.)

2

Thank you.

*"I shall maintain the highest standards of honesty, integrity and impartiality." ~ TDCJ Code of Ethical Conduct*

**Phyllis McWhorter, RN**
Manager IV
Health Services Liaison
936-437-3589/FAX: 437-3599

Note: Protected Health Information (PHI) is personal and sensitive information related to a person's health care. It is being sent after appropriate authorization from the patient or under circumstances that do not require patient authorization. You, the recipient are obliged to maintain it in a safe, secure and confidential manner. Re-disclosure without additional patient consent or as permitted by law is prohibited. Unauthorized re-disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law. **Important warning:** This message is intended for the use of the person or entity to which it is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information is strictly prohibited. If you have received this message by error, please notify the sender immediately to arrange for return or destruction of these documents.

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1382 / Virus Database: 1513/3691 - Release Date: 06/09/11

# Exhibit 16

| | |
|---|---|
| **From:** | Robison, Jerri D. |
| **Sent:** | Thursday, April 10, 2014 9:19 PM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: Heat Related Problems |
| | |
| **Importance:** | High |

TDCJ was definitely aware of our concerns.  My email made it all the way to Mr. Stephens office which was the Deputy Director for CID at that time.   I'm not saying they weren't just as concerned as we were, but they certainly can't point the finger at us.  Truthfully, I believe there were good people on both sides trying to take care of people as best as we could with the resources we had in a bad situation.

Denee' Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

***Employee Advisory Council - UTMB CMC Representative***
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form

 Health

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

**From:** Pipkin, Mary B.
**Sent:** Wednesday, August 10, 2011 10:37 AM
**To:** Robison, Jerri D.
**Subject:** FW: Heat Related Problems
**Importance:** High


*Beth Pipkin,RN,BSN*
*Nurse Manager*
*Huntsville and Eastham Facilities*
*936-437-1683 (HV)*
*936-636-7321 ext.7348 (EA)*
*936-437-1673 (fax)*

1

**Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.**

**From:** Phyllis.Mcwhorter@tdcj.state.tx.us [Phyllis.Mcwhorter@tdcj.state.tx.us]
**Sent:** Wednesday, August 10, 2011 10:01 AM
**To:** Pipkin, Mary B.
**Subject:** Fw: Heat Related Problems

Please remember to report these incidents to HSL. You can send them via EMR e-mail. There's only been three reported from the Walls all summer (the two who died and one other in July). We're trying to track all of them for administration.

We need to know:

Offender name/number
Date of incident:
Offender's location when they became ill (inside/outside and housing, rec, chow hall, work)

Thanks.

*"I shall provide and support the provision of humane custody, supervision and care of offenders." ~ TDCJ Code of Ethical Conduct*

**Phyllis McWhorter, RN**
Manager IV
Health Services Liaison
936-437-3589/FAX: 437-3599

Note: Protected Health Information (PHI) is personal and sensitive information related to a person's health care. It is being sent after appropriate authorization from the patient or under circumstances that do not require patient authorization. You, the recipient are obliged to maintain it in a safe, secure and confidential manner. Re-disclosure without additional patient consent or as permitted by law is prohibited.  Unauthorized re-disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law.  **Important warning:** This message is intended for the use of the person or entity to which it is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information is strictly prohibited. If you have received this message by error, please notify the sender immediately to arrange for return or destruction of these documents.

----- Forwarded by Phyllis Mcwhorter/Health_Services/TDCJ on 08/10/2011 09:59 AM -----

| | |
|---|---|
| From: | George Crippen/Health_Services/TDCJ |
| To: | William Stephens/Institutional/TDCJ |
| Cc: | Robert Williams/Health_Services/TDCJ@TDCJ, Phyllis Mcwhorter/Health_Services/TDCJ@TDCJ |
| Date: | 08/10/2011 09:52 AM |
| Subject: | Fw: Heat Related Problems |

Mr. Stephens:
Please see the email below about the HV Unit and heat related issues.
Thanks

George Crippen, RN, MSN, PhDc
Chief Nursing Officer/Director, Clinical Administration
Texas Department of Criminal Justice
email: george.crippen@tdcj.state.tx.us
936-437-3595 (Office)
936-437-3591 (Fax)

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information.  Any other interception or use of these materials is strictly prohibited.  If you have received these materials in error, please notify me immediately by telephone and destroy all electronic information received. Thank you.

----- Forwarded by George Crippen/Health_Services/TDCJ on 08/10/2011 09:51 AM -----

| | |
|---|---|
| From: | "Eubank, Gary J." <gjeubank@UTMB.EDU> |
| To: | "'george.crippen@tdcj.state.tx.us'" <george.crippen@tdcj.state.tx.us> |
| Date: | 08/10/2011 09:00 AM |
| Subject: | FW: Heat Related Problems |

George,
See below.

Gary J. Eubank, MSN, RN
Chief Nursing Officer
Correctional Managed Care
University of Texas Medical Branch
Ofc:  936-293-3653
Cell:  936-232-3685

Confidentiality Notice:  This email transmission contains confidential or legally
privileged information that is intended for the individual party or entity named in the
email address.  If you are not the intended recipient, you are hereby notified that any
disclosure, copying, distribution or reliance upon the contents of this email is strictly
prohibited.  If you have received this email transmission in error, please reply to the
sender and delete the message from your system.  Thank you.

-----Original Message-----
From: Robison, Jerri D.
Sent: Tuesday, August 09, 2011 7:36 PM
To: Eubank, Gary J.
Subject: Heat Related Problems

Hi Gary,

HV Unit nursing staff saw 5 patients that were treated for heat related illnesses
today.  There were 3 others that were sent off the unit that could possibly be due to
heat.

Really concerned about the offenders remaining hydrated; especially with the forecast and
no relief for several days.

Beth spoke to Warden Jones and he states they are only being able to pass out ice water
once daily and sometimes twice. This is due to ice machines being broke and others not
keeping up with demand.

If this is happening at HV, I'm sure it's a problem on many of these type facilities.

Denee'
806-438-7966

# Exhibit 17

**From:** Saenz, Hilario
**Sent:** Friday, April 11, 2014 2:25 PM
**To:** Osteen, Jennifer K.
**Subject:** FW: Temperature Extremes

**From:** Staples, Relda A.
**Sent:** Wednesday, June 26, 2013 7:01 PM
**To:** Saenz, Hilario
**Subject:** Temperature Extremes

Larry,

FYI - We had a visit from two TDCJ auditors on the Unit today checking our process for Heat Related Precautions & they specifically wanted to know what we had established.  I explained we were identifying those pt's we receive either from Intake or from the chain in by the medication they were on which qualifies them for Heat Related Precautions.  We document this & send a copy to classification daily.  We are also documenting the outgoing chain pt's who need to be monitored & give a copy to Classification as well as the chain boss.   We will start keeping a log on the Documentation we turn in.

They seemed satisfied with our process & left Medical with no  other questions.  I was unaware we would be audited on this & was wondering if you had heard anything about this audit.  You may want to send something  to those Units who  have not yet been audited to ensure they are ready for this.

Thanks

# Exhibit 18

**From:** Saenz, Hilario
**Sent:** Friday, April 11, 2014 2:12 PM
**To:** Osteen, Jennifer K.
**Subject:** FW: Heat Related Concerns
**Attachments:** image001.png

-----Original Message-----
From: Jarrett, W. E.
Sent: Thursday, August 16, 2012 2:50 AM
To: Stokes, Corrine B.; McLearen, Kimberly S.
Cc: Tribble, Curtis; Stewart, Jeanette F.; Easter, Vicky; McGowan, Rebecca; Outlaw, Patricia A.; Iredell, Debra L.; Buro, Angie M.; Turner, Darlene B.; Gloor, Debra L.; Mott, Khari S.; Martisek, Rudy A.; Stokes, Corrine B.; Sauceda, Denise I.; Freeman, Jackie D.; Saulter, Julia E.; McLearen, Kimberly S.; Davis, Nedra; Brady, Pamella J.; Ogden, Paula M.; Romine, Rachel B.; Pollard, Valencia A.; Stalinsky, Drew E.; Robison, Justin R.; Saenz, Hilario; Simental, Joe A.; Robison, Jerri D.; Brown, Paul V.; Reinecke, Scott E.; Morris, Susan M.
Subject: FW: Heat Related Concerns

ms Stokes,
ms mclearen,

as you can see below, dr adams requested a report from the each region about how we provide ice and water to offenders.  he will provide the report to dr linthicum & dr williams. i'm asking each unit to send info about the subject to be compiled and submitted.

i must admit i am unaware that medical got involved and maybe we're not other than reporting, but we need to respond.  dr adams indicated he thinks two to three times a day is insuffcant. i'm asking the units to advise about the operation at their location.

also asking units to respond asap to Ms. Stokes.

W. EARL JARRETT
Region 1, Operations Manager
University of Texas Medical Branch
(512) 268-0079 X135
wejarret@utmb.edu

---

From: Adams, Charles D.
Sent: Wednesday, August 15, 2012 3:37 PM
To: Vincent, Bobby M.; Morris, Susan M.; Jarrett, W. E.; Dalecki, Robert E.
Cc: Thompson, Jill A.; Adams, Glenda M.
Subject: FW: Heat Related Concerns

Please review the report compiled by Jason Chavers for Region 3. I believe that it is excellent and I am going to share this with TDCJ senior medical leadership. It is my opinion that passing out ice 2-3 times a day is insufficient. I would appreciate a similar report for each region.

1

Thank you,
Danny

Charles D. (Danny) Adams, MD, MPH
Senior Medical Director- Outpatient Division UTMB-CMC

_____

From: Adams, Charles D.
Sent: Wednesday, August 15, 2012 3:33 PM
To: Moultrie, Jane M.
Subject: RE: Heat Related Concerns


Thank you Jane. I intend to forward this to Drs. Linthicum and Williams and ask the other regions to send in a similar summary for their region. Personally, I don't believe that passing out ice twice a day is sufficient.

Charles D. (Danny) Adams, MD, MPH
Senior Medical Director- Outpatient Division UTMB-CMC

_____

From: Moultrie, Jane M.
Sent: Wednesday, August 15, 2012 2:17 PM
To: Adams, Charles D.
Subject: FW: Heat Related Concerns


fyi for region III


Jane Murray Moultrie, MD
UTMB-Correctional Managed Care
Medical Director, Pam Lychner and Joe Kegans State Jails Region 3 Medical Director Mobile 281.543.5263 Office 281.454.5036 ext. 6237

_____

From: Chavers, Jason L.
Sent: Wednesday, August 15, 2012 1:48 PM
To: Moultrie, Jane M.
Subject: FW: Heat Related Concerns

Follow-up on this topic

Jason Chavers
Region III Operations Manager
(281) 454-5036 x 6254

From: Patel, Pinkee
Sent: Wednesday, August 15, 2012 11:39 AM

To: Chavers, Jason L.
Subject: RE: Heat Related Concerns

Summaries as follows:

Pack/Luther/Hamilton - For Pack, Luther and Hamilton, the trend I see is at Pack.  One offender states he is having heat related illness and then a couple more jump in.  I also see that TDCJ staff is trying to ensure the offender is ok so they error on the side of caution and bring the offender in just to be safe.

Lychner/Kegan - We have had nothing out of the ordinary regarding heat related concerns.  Medical is not issuing Ice and water at this time, but TDCJ facility leadership providing access to water/ice.  Mcwhorter did not hear back from Tucker, but found out they are taking care of business pushing water and ice, just not sure what times of the day they are doing it.

Ramsey/Stringfellow/Terrell - So far the Ramsey Complex has not had any major issues to report. I have not had any Offenders write I-60's or Grievances complaining about not getting enough ice and water.

J1/J2/J3 - Ms. Rogers sends in all needed reports for heat related illnesses.  We have had guys come into Medical to cool off, but have NOT sent anyone off-site because of it.

Plane/Henley/Hightower - Offenders have running water in all 8 sinks within their dorm as well as water coolers that security staff are to ensure cool water is placed in them throughout the day.   The coolers are filled with ice twice a day, at 0900 hours and 1300 hours.   The offenders are also allowed to take as many showers as they wish from the hours of 0700 hours-1300 hours and then from 1300 hours until rack time. They are also provided drink with meal times.

Stiles/Gist/Leblanc - At the Beaumont Complex our heat related injuries have been extremely low. At all units we have the Heat Injury Sign posted. Ice and water is available in the common areas of the buildings, showers are available during most of the daylight hours. A/C units are operational in several buildings and fans are being utilized in the other buildings. Gist and LeBlanc Units are basically following the same protocol of having ice/water in common areas and showers are allowed for an extended period during the daylight hours. Most of these buildings have a/c and fans are used in those areas that do not have A/C. Warden Alford told me the Wardens have been directed to  brief their staff on the signs of heat related injuries so that the offender can get help quickly.

Clemens:
Ice water is being passed out to offenders 3 times a day.

There have been 3 heat related emergencies:
8/1/12 ███████████████        Muscle cramps (send out via EMS to BMH)
8/7/12 ███████████        Muscle leg cramps
8/7/12 ███████████████        Dizziness & nausea/vomiting

Darrington Unit:
Ice water is being passed out to offenders 2 times a day.

There have been two heat related emergencies:

08/12/21 - ████████████████ Patient complained of Heat and was found sitting on the floor in K-Lines. He was transported to Medical on a stretcher. He was hydrated with an ice cold water. Patient stated that he feels better after drinking water and was checked out and told to drink at least two gallons of water per day.

08/10/12 - ████████Patient reported Heat Exhaustion – was provided ice cold water, hydrated and released. Patient also stated that he needs a fan and was advised to contact security staff for fans.

Scott Unit:

Ice water is being passed out to offenders 3 times a day.

There was one offender with heat related emergency:

08/09/12 - ████████████8-9-12,was working in fields and started having chest pain radiating down arm. Inmate took shower first and then ambulated to Medical by field boss. He was diagnosed with heat exhaustion and IV was started.

From: Chavers, Jason L.
Sent: Monday, August 13, 2012 12:59 PM
To: Abke, Sarah J.; Dostal, Susan; Mcwhorter, William B.; Noor, Naushad; Patel, Pinkee; Reed, Denise J.; Roberts, Margaret E.; Strunk, Paul E.; Oaks, Terry; Williams, Larry W.
Cc: Moultrie, Jane M.
Subject: Heat Related Concerns

How are things going out at our units in relation to heat related issues and/or offenders getting access to ICE and water? Have not heard anything out of the ordinary but would like to know if we are monitoring.

I know we posted signs but what are your units doing in relation to providing ice to the offenders during times of extreme heat?

Please reply back to Pinkee Patel for all of your units so I can update Dr. Moultrie and Dr. Adams.  Please respond to this request by COB Wednesday, August 15th.

Thanks

Jason

Jason L. Chavers
Regional Operations Manager
Region 3

4 Jester Road, Richmond, Texas 77406
P (281) 277-3700 x 4288
C (936) 577-1035

Lychner State Jail, Atascocita, Texas 77396 P (281)-454-5036 x 6254

[UTMB_Health_tag_PMS_rgb.png]

Employee Advisory Council
http://blog.utmb.edu/EAC/

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email in error, please reply to the sender and delete the message from your system.  Thank you.

# Exhibit 19

| | |
|---|---|
| **From:** | Robison, Jerri D. |
| **Sent:** | Thursday, April 10, 2014 9:25 PM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: HEAT |

!

!

Denee' Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

***Employee Advisory Council - UTMB CMC Representative***
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form

 Health

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

!

**From:** Robison, Jerri D.
**Sent:** Thursday, August 11, 2011 7:50 PM
**To:** Patton, Tara
**Subject:** Fwd: HEAT

FYI

Denee'
806-438-7966

Begin forwarded message:

> **From:** "Adams, Charles D." <cdadams@utmb.edu>
> **Date:** August 11, 2011 7:41:51 PM CDT
> **To:** "Robison, Jerri D." <jdrobiso@UTMB.EDU>, "Adams, Glenda M." <gmadams@utmb.edu>
> **Subject:** Re: Fwd: HEAT
>
> I like the gator aide. I don't know about the salt.... I would say no. Actually, they need cooling, water and electrolytes. We should also have a couple of liters of Ringer's Lactate in each unit's medical department refrigerator, some IV tubing at hand, and at least an 18 ga. butterfly. Ice would be nice to, while waiting for EMS, in very serious cases.

**From:** Robison, Jerri D.
**To:** Adams, Charles D.; Adams, Glenda M.
**Sent:** Thu Aug 11 19:29:59 2011
**Subject:** Fwd: HEAT

See below. I think it is something to consider and wonder what you both think.

Denee'
806-438-7966

Begin forwarded message:

> **From:** "Patton, Tara" <tapatton@UTMB.EDU>
> **Date:** August 11, 2011 7:26:08 PM CDT
> **To:** "Robison, Jerri D." <jdrobiso@UTMB.EDU>
> **Subject: HEAT**
>
> Denee,
>
>
> Pam Pace and I have coordinated with the Michael Unit Commissary
> to obtain some cases of "Sport Drink Mix with Electrolytes" packets.
> We discussed this with Dr. Wright, and are going to mix this in water
> to give to conscious patients coming in to the clinic for heat related
> illnesses.
>
>
> I am wondering about another thought that I had. Our ER has been
> inundated with heat related issues, and most patients understand to
> hydrate with water; however the majority of the patients who have
> been transferred 911 have been hyponatremic with other electrolyte
> imbalances as well. I was wondering if any thought had been given to
> the provision of salt tablets, 2 at each meal for the population (or
> however appropriate). This would be an inexpensive means of
> preventing emergencies due to insensible fluid electrolyte loss from
> sweating.
>
>
> The U.S. Military uses this tactic with servicemen/women who are in
> areas of extreme heat up to 130 degrees. It is not a cure-all as fragile
> patients will be sensitive to heat extremes regardless; however, it
> might be less expensive than paying for the multitude of civilian
> healthcare costs that we are incurring.
>
>
> It is just a thought and I wanted to throw it out there.

2

Tara

**Tara A. Patton, RN, BSN**
**Facility Nurse Manager**
**The University of Texas Medical Branch**
**TDCJ Michael Unit**
**903-928-2311 X 1300**
**tapatton@utmb.edu**

**Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.**

3

# Exhibit 20

**From:**              Robison, Jerri D.
**Sent:**             Thursday, April 10, 2014 9:23 PM
**To:**                 Osteen, Jennifer K.
**Subject:**        FW: heat related illness

!
!
Denee' Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

*Employee Advisory Council - UTMB CMC Representative*
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form

 Health

Working together to work wonders."

Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

!

**From:** Robison, Jerri D.
**Sent:** Thursday, August 11, 2011 9:53 AM
**To:** Robison, Justin R.
**Subject:** FW: heat related illness

See below!  See, this is what I mean by why can't security be allowed to take temps?  They know how to do it and this scares the hell out of me.
This guy could have died if security had not iced him down and got his temp down to a 100 by the time the nurse made it to the unit.  Seems like a simple measure to save a life.

Denee' Robison, RN, BSN
Huntsville District DON
University of Texas Medical Branch-CMC
Mobile- 806-438-7966
Office- Shelia- 936-437-3128

 Health

Working together to work wonders."

Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

**From:** Pipkin, Mary B.
**Sent:** Thursday, August 11, 2011 9:39 AM
**To:** Robison, Jerri D.
**Subject:** RE: heat related illness

I have looked at the vitals machine to see if they did indeed take his temp and at
 0232 the temp was 103.1
 0233 the temp was 102.9

Thanks
*Beth Pipkin, RN, BSN*
*Nurse Manager*
*Huntsville and Eastham Facilities*
*936-437-1683 (HV)*
*936-636-7321 ext.7348 (EA)*
*936-437-1673 (fax)*

**Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.**

**From:** Robison, Jerri D.
**Sent:** Thursday, August 11, 2011 9:29 AM
**To:** Pipkin, Mary B.
**Subject:** RE: heat related illness

Sent to Justin to address.  I will let you know the outcome.  Are you saying that Ms. Connell knew the temp because security took a temp for her?

Denee' Robison, RN, BSN
Huntsville District DON
University of Texas Medical Branch-CMC
Mobile- 806-438-7966
Office- Shelia- 936-437-3128

 Health

Working together to work wonders."

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

**From:** Pipkin, Mary B.
**Sent:** Thursday, August 11, 2011 9:07 AM
**To:** Robison, Jerri D.
**Subject:** heat related illness

**Here is another patient seen after hours by RMF per security he had 103t emp not fore sure if correct  (RMF did not note vitals taken )  psych patient from Jester 4 leaving today. When Ms. Franks**

arrive his temp was 100.9 Should they not take them to Estelle or send them out  if they are hot to touch instead of letting security take care of them .

I know we should arrive soon but there is always what if something happens to the nurse .Like today Ms. Franks did not arrive until 0330 .I was aware of her running late but I was unaware that security was taking care of a patient for us .


Date:  08/11/2011 02:52
From:  KATHERINE CONNELL
To:  HV MENTAL HEALTH GROUP(E); HV NURSING GROUP(E); HV PROVIDER GROUP(E); HV CLERICAL GROUP(E);
Subject:  Pt seen on DMS
Re: ████████████████

1337813

Pt seen on DMS, per Sgt Simington, pt was walking unsteadily to chow and lowered himself to the floor, sgt states pt feels really hot. Seen on DMS, pt speech is difficult to understand, according to his med . records this is normal for him, but he does know he is going home and going to stay with someone when he leaves. @ 0245 Inst Sg to give pt  cool packs and allow him to stay in the cool aire until medical comes. Inst if pt has any additional problems to call me back. PLEASE follow this on u p this morning, Thanks, KCRN


*Beth Pipkin,RN,BSN*
*Nurse Manager*
*Huntsville and Eastham Facilities*
*936-437-1683 (HV)*
*936-636-7321 ext.7348 (EA)*
*936-437-1673 (fax)*
Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

---
No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1392 / Virus Database: 1520/3826 - Release Date: 08/10/11

---
No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1392 / Virus Database: 1520/3826 - Release Date: 08/10/11

3

# Exhibit 21

| | |
|---|---|
| **From:** | Robison, Justin R. |
| **Sent:** | Monday, August 08, 2011 4:15 PM |
| **To:** | Eubank, Gary J. |
| **Subject:** | Hodge - Patient deaths |
| **Attachments:** | ███████████Webb #1569761.pdf |

**Importance:**     High

Gary,

I am very concerned about patients at the Hodge facility.  There have been (3) deaths within the past 6 days with the most recent occurring this am at 0335.  I have received and attached two of the nursing death reviews with the third to follow.   All (3) patients were prescribed medications associated with heat stress.  Axillary temperatures on two of the patients were recorded at 105.4 and 107.9 F.  Below is a timeline of events since the first emergency response by nursing staff and efforts made by nursing, admin and the DDP program director.

- Tuesday - 8/2/11 – 0550 – Medical responded to a 41 y/o unresponsive patient at Hodge (███████ ███████).  Axillary temp 105.4 F.  Patient prescribed Cogentin and Risperdal.  Patient diagnosed with left sided pneumonia, probable aspiration; respiratory failure, developing ARDS and expired at ETMC ICU on 8/3/11.

- Thursday – 8/4/11 – 0330 – Medical responded to a 50 y/o unresponsive patient at Hodge (Webb #1569761).  CPR was initiated by Security personnel and continued by nursing staff until EMS arrived at 0340.  EMS later called the code at 0355.  The patient was prescribed Thorazine, however, neither nursing staff nor EMS took a temperature during the code.

- Thursday - 8/4/11 – Day Shift - Ms. Sadler and nursing staff went to all housing areas at Hodge and spoke with offenders about hydration, meds, etc.  Ms. Moore and Mr. Bass reviewed all offenders with a psych designator on PUHLES, looking at meds, including psych and b/p meds, age, and other medical conditions attempting to try and get these offenders relocated to the bottom rows of housing areas.

- Sunday – 8/7/11 - EMAIL from Ms. Sadler

  > **From:** Sadler, Brenda L.
  > **Sent:** Sunday, August 07, 2011 8:52 AM
  > **To:** Shelton, Billy W.; Robison, Justin R.
  > **Cc:** Bass, Val W.; Moore, Christina J.
  > **Subject:**
  >
  > The following are some issues brought to my attention while inservicing all HD offenders on the danger of heat/dehydration:
  > 1.  Items to drink out of were taken up on some wings due to saving seats in day room.  (cone cups put out for offenders)
  > 2.  Temperature checks per security not being done in the cells.  Only done in day room in the morning.  (this has been taken care of)
  > 3.  No air blowing out of the vents in our cells
  > 4.  Not being allowed to just wear t-shirt and shorts in day room.  This has been done in the past when the temperature was high.
  > 5.  Want to wear caps outside.
  > 6.  Water in the showers too hot.
  > 7.  Lights in the day room are being left on all night and this generates more heat.

1

89

8. Fans on J1 on the ceiling are not hooked up.
9. Bosses don't come around at night, they sit in the pickets.
10. Security won't allow anything extra to use for a wet rag while in day room.
11. Want to cover top of window where sun bears down to help with heat in cell.
12. Exhaust fans don't work on any building or they are being turned off at times by security.
13. Boiler room workers are on shift for 12 hrs with no break and temp is 115 degrees.
14. Ice only brought 2 times per day, and sometimes not then.
15. Only one 5 gallon water cooler per wing which is not enough for that many offenders.
16. Second shift takes away drink containers.
17. Panic buttons in cells either don't work, or aren't answered.
18. If on top row, top bunk, can mattress be placed on the floor to get some ventilation.
19. Not enough fans in day room.  (I observed one big fan per wing)
20. Not letting offenders out at night to get cool water.
21. Security not honoring heat restrictions.

This is just a few of them.  Offenders were let out to "rec" at 2 pm yesterday.  I'm not getting much if any cooperation from rank.  Was told no on getting more coolers, allowing them to shield windows in cell, decreasing amt of clothing in day room, etc.
Nursing has spoken with about 97% of the offenders on HD, listened to their concerns, gave handouts showing the dangers of heat, posted signs about drinking more water (hard to do if nothing to drink out of or not cool water in cooler), spoke with mental health staff about talking to offenders also.   Nursing has been told to address every offender complaint, and caution all they see about the dangers of heat.  Pill window is giving them cups to take to dorm.  (probably being taken up)
Mr. Bass and Ms. Moore have gone through list of offenders with psych designators, and have identified high risk due to the antipsychotic meds, comorbid conditions, and age.
I am very frustrated with the lack of cooperation from Warden Haynes.  HELP!!!!
Brenda
**Brenda Sadler, RN**
**Cluster Nurse Manager**
**Skyview/Hodge Complex - 903/683-5781, ext. 1268**

- Monday – 8/8/11 – 0300 – Medical responded to a 53 y/o unresponsive patient (███████████).  CPR initiated by nursing staff and continued until EMS arrival.  EMS called the code at 0335.  An axillary temperature of 107.9 F was taken 40 minutes after EMS called the code.  Patient was prescribed Tegretol and Thorazine.

Justin Robison, MSN, RN
Director of Nursing, In-Patient Services
Correctional Managed Care
University of Texas Medical Branch
Cell 806-535-1150

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

# Exhibit 22

| From: | Robison, Jerri D. |
|---|---|
| Sent: | Friday, April 11, 2014 7:35 AM |
| To: | Osteen, Jennifer K. |
| Subject: | FW: Building Heat |

!

!

Denee` Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

*Employee Advisory Council - UTMB CMC Representative*
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form

 Health

Confidentiality Notice: This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited. If you have received this email transmission in error, please reply to the sender and delete the message from your system. Thank you.

!

**From:** Jarrett, W. E.
**Sent:** Tuesday, July 03, 2012 7:58 AM
**To:** Smock, Stephen R.
**Cc:** Robison, Justin R.; Saenz, Hilario; Simental, Joe A.; Robison, Jerri D.; Brown, Paul V.; Reinecke, Scott E.; Morris, Susan M.
**Subject:** FW: Building Heat

Mr. Smock,

I spoke to with Ms. Kennedy (Region IV Warden) yesterday about the AC at Garza. She advised that all the portables are being used at various locations and one isn't available for Garza. However, the broken part was due yesterday with installation expected to be completed by COB tomorrow. The chain below reflects our correspondence and an e-mail in response to Ms. Webb, and finally her acknowledgement.

I failed to report my finding to you yesterday, but wanted to do so this a.m.

Also, Region 1 has AC problems at Torres and Segovia. Last I heard, Torres is the only unit currently using a portable AC unit.

Will continue to forward information deemed important.

W. EARL JARRETT
Region 1, Operations Manager
University of Texas Medical Branch

1

(512) 268-0079 X135
wejarret@utmb.edu

---

**From:** Webb, Lucinda L.
**Sent:** Tuesday, July 03, 2012 6:48 AM
**To:** Jarrett, W. E.
**Subject:** RE: Building Heat

Thanks for the information. It's more than what we have had. For nursing's part, I have purchased an electronic thermometer that also registers humidity, since that also affects how hot we feel. It is definitely cooler in here this AM; 78 degrees with 44% humidity. We will be keeping track of this daily, so that it can be reported as requested. Again, thanks for your information!

Lucinda Webb, RN
Garza/Stevenson Cluster Nurse Manager
361-358-9890, Ext. 2208

---

**From:** Jarrett, W. E.
**Sent:** Monday, July 02, 2012 2:53 PM
**To:** Webb, Lucinda L.
**Subject:** RE: Building Heat

Ms. Webb,

Like you, I can't provide an acceptable heat range either. In fact, I don't believe anyone can. It is probably a moving target depending on the individual.

However, I did contact Ms. Kennedy (Region IV, Regional Warden). We just had a second conversation in which she advised that the part is due today. Ms. Kennedy further expects the part to be installed and unit functional by Wednesday. As you know, there is no way for me to be 100% certain things will go as planned, but that is the plan as stated to me.

You may know that Garza's heat situation has reached the highest levels of TDCJ and CMC. New channels for getting that information to the top are explored, daily, so, please know that everyone is working to expedite the resolution of the issue.

W. EARL JARRETT
Region 1, Operations Manager
University of Texas Medical Branch
(512) 268-0079 X135
wejarret@utmb.edu

---

**From:** Webb, Lucinda L.
**Sent:** Saturday, June 30, 2012 5:16 AM
**To:** Jarrett, W. E.
**Subject:** RE: Building Heat

Good morning!
I just had to reply--the problem is NOT resolved. I understand about how the compressors are overloaded and automaticly shut off, but when they do, apparently every afternoon late, they have not cooled the building off, so when they shut down, it continues to get hotter and hotter in the building. Monday AM temperature in the nurses station was 90; Tuesday was 88. It is taking much of the day to experience any relief when the compressors are working, so by the time the building would begin to cool, we're leaving! Then it heats up all night, resulting in high temps when we come in at 0400. Mr Elliot did not have any idea of when the new compressor would be here and installed when I spoke with him on Wednesday morning.
One question I have, and have not been able to find an answer for, is--what is an acceptable temperature range in which we work? After all, if its 85 degrees, and TDCJ says that's acceptable, then there's no point in reporting! I would like to have someone give us an acceptable range, so that when we complain, its within reason.

Lucinda Webb, RN
Garza/Stevenson Cluster Nurse Manager
361-358-9890, Ext. 2208

---

**From:** Jarrett, W. E.
**Sent:** Friday, June 29, 2012 3:51 PM
**To:** Martisek, Rudy A.; Stokes, Corrine B.
**Cc:** Herrera, Maximiliano J.; Webb, Lucinda L.
**Subject:** RE: Building Heat

Thanks Rudy,

I saw this yesterday, but didn't understand that the problem was resolved.  From a re-read, it appears that the two units should keep the medical department cool so the staff can perform their functions?  If I'm correct, I would ask that should the situation change, that I be notified.  I much prefer hearing about the A/C outage from the unit rather than another regional teammate or Mr. Smock.

Thanks for the clarification and have a good weekend!

W. EARL JARRETT
Region 1, Operations Manager
University of Texas Medical Branch
(512) 268-0079 X135
wejarret@utmb.edu

---

**From:** Martisek, Rudy A.
**Sent:** Friday, June 29, 2012 3:31 PM
**To:** Jarrett, W. E.; Stokes, Corrine B.
**Cc:** Herrera, Maximiliano J.; Webb, Lucinda L.
**Subject:** FW: Building Heat


Rudy A. Martisek, Sr. Practice Manager

Garza Units
361-358-9890  X  2332

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

---

**From:** Martisek, Rudy A.
**Sent:** Thursday, June 28, 2012 11:29 AM
**To:** Gomez, Annette A.; Mendez, Avrian L.; Pinchback, Allan L.; Cardona, Arthur R.; Crites, Belinda; San Miguel, Betsy R.; Agyin, Christina; Rincon, Cenaida I.; Urban, Cindy A.; Cantero, Cynthia K.; Castro, Claudia; Keown, Connie; Garcia, Diana M.; Herschap, Donna R.; Murphy, Elizabeth L.; Perez, Evangelina M.; Sigman, Felisse M.; Bernal, Genoveva M.; Glew, Heather A.; Paiz, Josephine C.; Bernal, Jessica M.; Castillo, Jaime R.; Declet, Joseph R.; Dominguez, Salvador J.; Reyna, Lorraine L.; Webb, Lucinda L.; Longoria, Mary Alice; Mendoza, Marissa; Johnson, Maria C.; Martinez, Michael A.; Herrera, Maximiliano J.; Upton, Misty L.; Tamez, Melissa M.; Martisek, Rudy A.; Ferrell, Ronald D.; Martinez, Rosie A.; Gandy, Robin; Noble, Sheri A.; Harper, Sandra J.; West, Sharon J.; Preiss, Stacy; Harris, Suzy A.; Peters, Troy C.; Brannon, Tammy L.; Hall, Wanda L.; Lopez, Maria D.
**Subject:** Building Heat

All,

I talked to Mr. Elliot , the Garza Unit Maintenance Supervisor, about the heat in U-Building Medical.  He explanation of the problem was this:

 The medical department has 3 big air conditioners but one of them is broken and needs another compressor which is on order.  The other two units work during the day but will shut off late in the evening due to overheating their motors (from running all day).   If it is hot in the morning, someone from medical is to call maintenance **(ext. 2197)** and let them know so a crew from maintenance can come up the hill and reset them to come on.  If/when the third compressor is receivend and installed, the other two shuld not overheat and automically shut down - which is their built-in safety feature.

**So call ext. 2197**, Maintenance Office if it gets hot in medical since it may be a compressor has shut down and needs to be reset to come on.

Thanks,

Rudy A. Martisek, Sr. Practice Manager

Garza Units
361-358-9890  X  2332

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

# Exhibit 23

**From:** Saenz, Hilario
**Sent:** Friday, April 11, 2014 2:29 PM
**To:** Osteen, Jennifer K.
**Subject:** FW: Heat Related Illness-Report

**From:** McLearen, Kimberly S.
**Sent:** Wednesday, July 03, 2013 1:40 PM
**To:** Upchurch, Ray; Stalinsky, Drew E.; Webb, Lucinda L.; Stewart, Jeanette F.
**Cc:** Saenz, Hilario; Jarrett, W. E.; Holloway, Tracy D.
**Subject:** FW: Heat Related Illness-Report

Ms. Holloway has not received forms on the below heat related illnesses.

Thanks,
Kim McLearen

**From:** Holloway, Tracy D.
**Sent:** Wednesday, July 03, 2013 12:13 PM
**To:** McLearen, Kimberly S.
**Subject:** Heat Related Illness-Report

Kim,

Below are all of the Heat Related Illness Forms I have received.  By comparing the report you sent me
I still need forms from:

Lindsey-██████████████
Hobby-████████████
Hobby-████████████
McConnell-Heat Related death

| Name | TDCJ # | UOA | Date | Medication History | | Contributing Conditions |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Psychotropic Meds with Heat Precautions? | Other Meds with Heat Precautions? | |
| | | | | | | |

**REGION I**

1

97

| | | | | | |
|---|---|---|---|---|---|
| ███████████ | | Crain | 6/3/2013 | No | No | None |
| ███████████ | | Bartlett | 6/13/2013 | No | Yes | HTN |
| ███████████ | | Stevenson | 6/26/2013 | No | | COPD/Thyroid |
| ███████████ | | Torres | 6/18/2013 | No | No | COPD/Asthma |
| ███████████ | | Bridgeport | 6/29/2013 | No | No | None |
| ███████████ | | Lockhart | 6/28/2013 | No | No | None |
| ███████████ | | Lockhart | 6/28/2013 | No | Yes | None |
| ███████████ | | Kyle | 6/25/2013 | No | Yes | CAD |

Thanks,



Administrative Secretary
Department of Nursing
Correctional Managed Care (CMC)
email: tdgreen@utmb.edu

University of Texas Medical Branch
Phone: 936-293-3658  Fax: 936-436-1142

**utmb** Health

"Working together to work wonders."

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

# Exhibit 24

**Subject:** Our phone call

**Date:**   Friday, May 2, 2014 at 4:30:26 PM Central Daylight Time

**From:**   Jeff Edwards

**To:**   Garcia, Bruce, Coogan, Kim, Anastasiadis, Demetri

**CC:**   Sean Flammer, Scott Medlock

This confirms that we have attempted to conference with you regarding the outstanding discovery issues.

During our conversation, which unfortunately, ended when you chose to hang up the phone,  Bruce stated that he would not present Linnette Linthicum for her deposition on May 13, as previously agreed.   He stated that he would present her in the McCollum matter but only after her emails were reviewed and produced to us.  If this is incorrect in any fashion, please contact me immediately.

With regards to the pending motion to extend discovery and/or other deadlines, as agreed, we will respond by the end of next week, and depending on what information you provide to us next week, are likely to seek a status conference.

As you hung up the phone, we did not get to the issue of resuming Glenda Adams and Owen Murray's depositions. Kim, I would appreciate you contacting me by Monday about those as we are under a court order and will need to ask the Court to modify it.

By way of review, Kim stated that UTMB is filing their response concerning sanctions in the Eastern District matter today and that we will learn the identities of the custodians they are searching as well as the search terms.  While Kim expressed she had no independent knowledge of how the searches would be conducted, she directed us to the affidavit.  We will analyze the affidavit and speak to you about that once we have received it.

Kim has previously stated UTMB has told her that the searches and emails would take 6 to 8 weeks to complete. While he was not specific, Bruce said he believed TDCJ's  would be more quickly done.  When asked about specific individuals on TDCJ's side, he did not know but indicated it would be similar to UTMB's list and would include the executive defendants and Mr. Collier, among others.  It is important that we confer again about how the documents are produced to us so that we do not have to revisit this issue with your IT people or the Court later on.  Our goal is to avoid duplicative efforts and simply to speed the process.  I understand that this request requires conferring with your IT people but I hope that can be accomplished by the end of next week.

When asked specifically about litigation hold letters and document preservation requests, counsel for all defendants collectively chose not to answer only to state that they assumed their general counsel's office did what was necessary despite their lack of specific knowledge on this topic.   We reiterate our request for such letters.

Bruce also indicated that prior email searches have been done by TDCJ but gave no specifics as to custodians or search terms or, frankly, rationale for why next to no emails from Dr. Lithecum were produced by TDCJ.  We would like to know exactly what searches were done, and when they were done,  if at all, to evaluate them independently.

In any event, you need to know  I consider the failure to timely produce these documents to be a very serious matter and believe it has prejudiced my clients.   And while it is my hope to maintain a professional atmosphere going forward, I am growing tired of the insulting behavior from opposing counsel.   Among other things, this includes your tone with Mr. Flammer, interrupting with phrases like blah blah blah or bhp diddy bhp,  raising your voice and hanging up on us during what I consider an important conference.  I understand you feel I was lecturing you by discussing your discovery obligations, but given what has occurred,  I felt it important to make sure we view this issue from the same mindset.

Bruce, I just saw your email apology.  I appreciate it and accept it.  Although we  we have a significant disagreement about whether your clients acted within the rules, I have little doubt we can maintain a professional tone and

demeanor in the future.

I will respond to your specific email regarding Dr. Lithicum separately.    You can call my cell this weekend if you need a more immediate response.

In light of the fact that UTMB is filing an affidavit pertinent to the issues of spoliation and discovery sanctions today, and in light of our agreement to respond to the motion concerning deadlines by next Friday, we will hold off filing a specific motion concerning discovery in the McCollum matter until next week.


Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

# Exhibit 25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, individually and as representative of the Estate of ROBERT ALLEN WEBB, et al., *Plaintiff,*<br><br>v.<br><br>BRAD LIVINGSTON, et al *Defendants.* | § § § § § § § § § | Civil Action No. 6:13-cv-711<br><br>CONSOLIDATED ACTIONS |
| ASHLEY ADAMS, individually and as the representative of the Estate of RODNEY GERALD ADAMS, and WANDA ADAMS, individually, et al., *Plaintiffs,*<br><br>v.<br><br>Brad Livingston, et al *Defendants.* | § § § § § § § § § § § § | Civil Action No. 6:13-cv-712 |
| GWEN TOGONIDZE, as the next friend of J.T., a minor child and heir-at-law to the ESTATE OF ALEXANDER TOGONIDZE, *Plaintiff,*<br><br>v.<br><br>BRAD LIVINGSTON, et al *Defendants.* | § § § § § § § § § § § | Civil Action No. 6:14-cv-00093 |

**PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS**

103

Plaintiffs seek discovery sanctions against Defendant University of Texas Medical Branch for false representations made to the Court, and in response to Plaintiffs' discovery requests.[1] Plaintiffs requested documents routinely reviewed by the Texas Department of Criminal Justice and University of Texas Medical Branch following a prisoner's death. While litigating a motion to compel the production of these documents, UTMB made false statements about the existence of the documents to Plaintiffs' counsel and the Court. Plaintiffs ask the Court award discovery sanctions.

## I.    HISTORY OF THE DOCUMENT REQUEST

At first, UTMB asserted the documents were privileged, and refused to produce them. Ex. 1, UTMB's Original Responses to Plaintiffs' Requests for Production, No. 25. Because the documents are not privileged in federal litigation, Plaintiffs filed a motion to compel. Doc. 87.

Then, as the motion to compel was filed, UTMB told the parties and the Court the documents did not exist. Ex. 2, UTMB's Amended Responses to Plaintiffs' Requests for Production, No. 25. *See also* Doc. 89, UTMB's Response to Plaintiffs' Motion to Compel, p. 3.

In fact, during a hearing before Magistrate Judge John Love on April 7, 2014, UTMB misrepresented to the Court that no responsive documents existed. *See* Doc. 95 ("Defendant UTMB asserted in its response that it had produced all documentation in its control with regard to the first request for production; and that with regard to the second request for production, it had 'None.' Expanding those answers, UTMB further stated

---

[1] This motion was originally filed as part of Plaintiffs' response to UTMB's motion for *in camera* review of the disputed documents. (Doc. 104). To comply with Local Rule CV-7(a), Plaintiffs file this document separately.

2

that no peer review was requested of UTMB and, therefore, none was conducted from which any documents existed.") (internal citations omitted).

And now, after the issue has been briefed, after the parties travelled to Tyler for a hearing, and after TDCJ produced documents in its possession to the Court for review, UTMB has now mysteriously found responsive documents that it would now also like reviewed *in camera*. Doc. 102, p. 2.

## II.    UTMB SHOULD BE SANCTIONED

UTMB's flagrant abuse of discovery should be sanctioned.[2] At this time, however, because Plaintiffs do not know what information is in the withheld documents, they cannot assess what a proper sanction would be. Thus, at this juncture, Plaintiffs only request a show cause order explaining why UTMB made flagrant misrepresentations to the parties and the Court, and the attorneys' fees necessary to brief this issue. After production of the documents, Plaintiffs request the opportunity to evaluate the documents and then determine what additional sanction, if any, they wish to request.

### A.    A Show Cause Order Should be Issued

At a minimum, a show cause order is needed here as Plaintiffs no longer have any confidence in UTMB's ability to identify and produce documents in discovery. This is not the only request where UTMB says its responsive documents are "none." For example, UTMB has produced no emails, internal correspondence, or inmate grievances regarding heat or high temperatures in TDCJ facilities. *See* Ex. 2, p. 4 (RFP No. 2).

---

[2] After discussions with counsel for the Defendants, Plaintiffs believe that UTMB's counsel's misrepresentations to the Court were not knowing or willful, and that UTMB withheld information from her. Plaintiffs do not seek sanctions against her, personally. UTMB, however, has been, at best, obstinate and incompetent, both with Plaintiffs and its own lawyer. At worst, it has willfully withheld documents from its own attorney.

3

UTMB represents it has no documents Defendant Owen Murray reviewed about heat-related injuries. *Id.*, p. 5 (RFP No. 7). UTMB claims it has no logs showing heat indexes or temperatures recorded at the Hodge Unit when Mr. Webb died. *Id.*, p. 6 (RFP No. 13). UTMB claims it has no documents presented to the Correctional Managed Healthcare Committee related to high temperatures or heat indexes. *Id.*, p. 6-7 (RFP No. 14). Plaintiffs simply cannot take it on faith any more that there are no documents responsive to Plaintiffs' requests.[3]

Before Plaintiffs can even decide what sanction to ask for, UTMB should be ordered to make a correct representation about what documents exist, what search criteria – if any – it utilized, and who conducted these searches for each of Plaintiffs' discovery requests. Plaintiffs should not be forced to litigate this case in the dark – especially as UTMB has now made false representations in open court.

B.      *Plaintiffs are Entitled to Attorneys' Fees*

As part of the underlying Motion to Compel (Doc. 87), Plaintiffs' counsel requested attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5). The Court "must" award fees, unless (1) the movant failed to confer in good faith before filing the motion, (2) the opposing party's legal position was "substantially justified," or (3) "other circumstances" make awarding fees unjust. *See id.*

---

[3] This is also not the first time UTMB found documents in its possession after first telling a court it did not have any responsive documents. In a related case filed in the Southern District of Texas, *Hinojosa v. Livingston*, 2:13-CV-319 (S.D. Tex.), UTMB filed a motion for a protective order asserting that it did not have custody of autopsy reports the plaintiff requested. *Hinojosa*, Doc. 32, p. 4. Then, five days later, UTMB was forced to file an amended motion stating that it did have custody of the documents, but that the autopsies were not relevant. Counsel for the parties are the same in this case and in *Hinojosa*.

4

Here, the only issue is whether UTMB's position was "substantially justified."[4] Regardless of the justification for originally withholding the documents, falsely claiming documents do not exist and making false representations to the Court can never be justified *at all*, much less "substantially" justified. These misrepresentations have actually prejudiced Plaintiffs by requiring their counsel to brief and argue these issues. Furthermore, Plaintiffs have had to delay conducting depositions (including the depositions limited to qualified immunity of Owen Murray, UTMB's director of correctional health care) while fighting for these documents. UTMB's obstinacy is actually delaying the resolution of this case, and forcing Plaintiffs' counsel to expend scarce resources fighting this discovery battle.

Thus, Plaintiffs are entitled to an award of attorneys' fees for the time spent preparing the original motion, the reply, and this response.[5]

Plaintiffs attorneys' fees are as follows:

*Original Motion* (Doc. 87)

| Scott Medlock | 2 hours | $350/hour | = | $700 |
| Jeff Edwards | 0.5 hours | $450/hour | = | $225 |

---

[4] Plaintiffs' conferred with UTMB's counsel prior to filing the underlying motion to compel. *See* Doc. 87, Ex. 5. And here the "other circumstances" – UTMB's blatant misrepresentations – make an award of fees necessary, not "unjust."

[5] In a related case where UTMB's discovery tactics were sanctioned, the Northern District of Texas awarded Plaintiffs counsel $450 an hour for Jeff Edwards, and $350 an hour for Scott Medlock. *See McCollum v. Livingston*, Civil Action No. 3:12-cv-02037, Doc. 137, p. 9 (N.D. Tex. – Dallas, Feb. 24, 2014) (Tolliver, Mag. J.).

5

*Reply* (Doc. 91)[6]

| Scott Medlock | 2.5 hours | $350/hour | = | $875 |
| Jeff Edwards | 1 hour | $450/hour | = | $450 |

*Preparation for Hearing on Motion to Compel*

| Jeff Edwards | 3.5 hours | $450/hour | = | $1,575[7] |

*Response to Motion for In Camera Review and Motion for Sanctions*

| Scott Medlock | 3.5 hours | $350/hour | = | $1,225 |
| Jeff Edwards | 1.5 hours | $450/hour | = | $765 |

Thus, Plaintiffs request an award of $5,815 for the time and expense spent litigating this issue.

## CONCLUSION

Plaintiffs request the Court deny the motion for *in camera* review, order the immediate production of the documents, issue a show cause order requiring UTMB to explain how these false representations were made to the parties and the Court, and award attorneys' fees to Plaintiffs.

Dated: April 17, 2014.

---

[6] The time required to brief the Reply is especially egregious because UTMB's Response (Doc. 89, p. 4) argued that it could not produce the documents because it did not have custody of them. While the issue of whether a federal peer review privilege exists had already been researched and briefed, the bulk of the time drafting the response was focused on whether UTMB had "control" of the documents sufficient to require their production. *See* Doc. 91, pp. 4-5.

[7] This does not include any time spent traveling 4 hours each way to Tyler for the hearing because the scheduling conference was held at the same time.

6

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
      Tel.   512-623-7727
      Fax.  512-623-7729

By    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
c/o TRLA 4920 N. I-35
Austin, TX 78751
(512) 474-5073 [phone]
(512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Eastern District of Texas.

By    /s/ Jeff Edwards
JEFF EDWARDS

7

# Exhibit 26

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:13-cv-711 |
| BRAD LIVINGSTON, *et al.*, | § | CONSOLIDATED WITH |
| Defendants. | § | *Adams v. Livingston*, 6:13-cv-712 |
| | § | *Togonidze v. Livingston*, 6:14-cv-93 |

## AFFIDAVIT OF ROBERT SHAFFER

COMES NOW Robert Shaffer, and upon oath and personal knowledge deposed, says thusly:

1.      My name is Robert Shaffer.  I am over eighteen years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am competent in all respects to make this affidavit.  The facts stated herein are within my personal knowledge, based on information obtained from other persons, reasonable inquiry and the University of Texas Medical Branch at Galveston – Correctional Managed Care's business records, and are all true and correct.

2.      I am the Director of Information Security for The University of Texas Medical Branch at Galveston's Department of Information Services.  I have held this position since 2006.  As the Director of Information Security, my job responsibilities include the development and enforcement of policies, procedures and practices; maintaining an up-to-date information security program for UTMB; ensuring the confidentiality and integrity of all information resources; and overseeing the collection of electronically stored information for litigation purposes and Public Information Act requests.

1

3.     A search is currently being conducted of all identified UTMB-CMC administration employees and unit employees emails for the following search terms:  "Heat, heat stress, heat exhaustion, heat illness, heat-related illness, heat cramps, heat stroke, heat death, hyperthermia, hot temperatures, air conditioning, AC, heat restrictions, Larry McCollum, Douglas Hudson, Robert Webb, Alexander Togonidze, Michael Martone, Kenneth James, Rodney Adams, Albert Hinojosa."

4.     This will involve searching the identified terms against each individual's Exchange email account and any Personal Storage Table (.pst) folders located on the network drive and their assigned computer.  Due to the slow connection speed to the TDCJ Units and facilities, it is anticipated that this search will take approximately 90 days to complete.



Robert V. Shaffer Jr.

SWORN TO AND SUBSCRIBED before me on the _/5+_ day ~~April~~ May, 2014.

Notary Public in and for the State of Texas

MELISSA E CURTICE
My Commission Expires
January 25, 2015

2

112

# Exhibit 27

**Friday, May 9, 2014 9:50:05 AM Central Daylight Time**

**Subject:** UTMB emails
**Date:** Tuesday, April 29, 2014 4:27:44 PM Central Daylight Time
**From:** Coogan, Kim
**To:** jeff@edwards-law.com, Scott Medlock (scott@edwards-law.com)
**CC:** Molinare, Shanna, Garcia, Bruce, Anastasiadis, Demetri

Hi guys,
UTMB says the new search for emails may take 6-8 weeks to complete.
I wanted to let you know in case it affects your trial calendars, prep, etc.
I will let you know if this changes.

Kim Coogan
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711
512-463-2080
512-495-9139 fax
Kim.coogan@texasattorneygeneral.gov
*Board Certified, Personal Injury Trial Law*

# Exhibit 28

**Friday, May 9, 2014 9:50:45 AM Central Daylight Time**

**Subject:** RE: Lithicum and Leah
**Date:** Monday, May 5, 2014 11:07:45 AM Central Daylight Time
**From:** Garcia, Bruce
**To:** Jeff Edwards

Jeff,
I am supposed to have new dates today.  We may end up postponing the depositions we currently have
scheduled for the end of May in Webb, Adams and Togonidze.

I should have the emails from Dr. Linthicum by the end of the week.

Here are the search terms provided to IT for the emails  we have added Dr. Buskirk to the account holders,
she is on Dr. Linthicum's staff, and she helps with heat issues.

## Account Holders:

1. Brad Livingston
2. William Stephens
3. Rick Thaler
4. Robert Eason
5. Lannette Linthicum

## Topics and Keywords/Phrases:

1. Hyperthermia
2. Heat Stroke
3. Heat-Related Injury or Heat Related Injury
4. Heat-Related Death or Heat Related Death
5. Heat-Related Illness or Heat Related Illness
6. Air Condition
7. Heat Index
8. High Temperatures
9. Larry Gene McCollum
10. Robert Allen Webb
11. Rodney Adams
12. Alexander Togonidze
13. Michael Martone
14. Albert Hinojosa
15. Kenneth Wayne James
16. Douglas Hudson

.

Bruce

**From:** Jeff Edwards [mailto:jeff@edwards-law.com]
**Sent:** Monday, May 05, 2014 9:42 AM
**To:** Garcia, Bruce
**Subject:** Lithicum and Leah

In light of UTMB's sj motion, I cannot leave Lithicum's repo hanging out there.  I know you don't want it to go

forward on May 13 but I need some dates soon.  Please get back to me as soon as you can.

We also have to depose Leah in another case.  I just as soon do them the same day.  Do you haver any objection?

Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

# Exhibit 29



**EDWARDS LAW**

JEFF EDWARDS
BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
jeff@edwards-law.com

SCOTT MEDLOCK
scott@edwards-law.com

SEAN FLAMMER
sean@edwards-law.com

**VIA EMAIL**

May 2, 2014

Bruce Garcia
Kim Coogan
Demetri Anastasiadis
Erika Hime
Jonathan Stone
Lawrence Wells
Lacey Mase
Matthew Greer
Calysta Lantiegne
Shanna Molinare
Seth Dennis
Karen Matlock

Law Enforcement Defense Division
Office of Attorney General
P.O. Box 12548
Austin, TX 78711

Re:     *Civil Action No. 6:13-cv-711; Webb, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:13-cv-712; Adams, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:14-cv-00093; Togonidze vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*CONSOLIDATED ACTIONS*

*Civil Action No. 3:12-cv-02037; McCollum, et al. v. Livingston, et al.;* In the United States District Court, Northern District of Texas – Dallas Division

*Civil Action No. 4:13-cv-03369; Martone v. Livingston, et al.; In the United States District Court, Southern District of Texas, Houston Division;*

---

*Civil Action No.* 2:13-cv-319; *Hinojosa v. Livingston, et al.; In the United States District Court, Southern District of Texas, Corpus Christi Division;*

Dear Counsel:

As you know, we are litigating multiple cases wherein you represent TDCJ, UTMB, and/or senior leadership within those organizations.

We have repeatedly asked for confirmation that all potentially relevant electronically stored information has been preserved. We have received no confirmation from you. Please confirm that you have taken affirmative steps to preserve all electronically stored information that may be relevant to the above cases. Please confirm that your clients are preserving this information.

This duty to preserve includes the halting of any routine destruction (in accordance with record retention policies or otherwise) of records, emails, databases, memorandums, internal and external correspondence, meeting minutes, training materials, voicemails, or text messages that may be relevant to this litigation. *See Tantivy Communications, Inc. v. Lucent Technologies, Inc.*, 2005 WL 2860976 *2 (E.D. Tex. November 1, 2005) ("a party in litigation must suspend its routine document retention/destruction policy and establish a 'litigation hold' to ensure the preservation of relevant documents."). Your duties include the obligation to "ensure that (1) all sources of relevant information are discovered, (2) relevant information is retained on a continuing basis, and (3) relevant non-privileged material is produced to the opposing party." *Id.* We know your clients have not complied with the third obligation; please at least confirm that you and your clients know what potentially relevant information exists and that you have protected it from deletion.

Please confirm that your clients have done the above by the close of business today. Please call me with any questions.

Sincerely,

Jeff Edwards

Page 2 of 2

# Exhibit 30

Friday, May 9, 2014 1:11:43 PM Central Daylight Time

**Subject:** CORRECTION (added phrase in bold below) RE: Friday, May 2, 2014 2:30PM conference

**Date:** Sunday, May 4, 2014 1:41:36 PM Central Daylight Time

**From:** Anastasiadis, Demetri

**To:** Jeff Edwards (jeff@edwards-law.com), Scott Medlock (scott@edwards-law.com)

**CC:** Matlock, Karen, Garcia, Bruce, sharon.howell@tdcj.state.tx.us, jessica.marsh@tdcj.state.tx.us, Wells, Lawrence, Mase, Lacey, Coogan, Kim, Dennis, Seth, Lantiegne, Calysta, Molinare, Shanna, Haney, Lee, Woltersdorf, Deborah, Anastasiadis, Demetri

Jeff,

One other item occurred to me relevant to your deeming defendants' silence *as refusal* on Friday, May 2, 2014, when you loudly demanded that they provide proof to you that they took steps to preserve evidence. My email response (below) to your original email request for this information did ask for an extension of time within which to provide this information to you, if this information is indeed required to be given to you by applicable authority. Have you ruled on defendants' request for extension of time, as requested below. I am sure none of the defendants would want to be held in contempt of Jeff for not complying with your demand that such information be provided to you by the close of business on the date of your demand.

Thank you for your consideration of this matter.

Demetri Anastasiadis
Assistant Attorney General
Attorney for Brad Livingston, William Stephens and Rick Thaler

**From:** Anastasiadis, Demetri
**Sent:** Sunday, May 04, 2014 11:34 AM
**To:** Jeff Edwards (jeff@edwards-law.com); Scott Medlock (scott@edwards-law.com)
**Cc:** Matlock, Karen; Garcia, Bruce; sharon.howell@tdcj.state.tx.us; jessica.marsh@tdcj.state.tx.us; Wells, Lawrence; Mase, Lacey; Coogan, Kim; Dennis, Seth; calysta.Lantiengne@texasattorneygeneral.gov; Molinare, Shanna; Matlock, Karen; Haney, Lee; Anastasiadis, Demetri; Woltersdorf, Deborah
**Subject:** Friday, May 2, 2014 2:30PM conference

Jeff,

Thank you for providing us the opportunity to confer with you on discovery matters at 2:30PM on Friday, May 2, 2014. I am responding to your email memorialization of the discussion by addressing a query directed to you to which you have remained silent. I suppose I could put a spin on your silence similar to the spin you put on a moment of rare silence during our Friday conference, but I decline to do so.

 In your Friday email, you state that you asked for proof of the defendants' efforts to preserve evidence in this case and you state that defendants remained silent when you made this query, which you interpreted as a refusal. I disagree with that characterization and state that the ball is in your court. Defendants, by their silence are still waiting for you to respond to the email below that has asked you to provide citation to applicable authority that defendants have a duty, upon your verbal insistence and letter demand, to provide you such proof. I do not think it likely that, should you produce such authority, any defendant will refuse to comply with what the law requires.

To simplify this issue somewhat, I ask that you do one of the following:

1. Provide authority that holds that your verbal and letter demands for such information is required by applicable law.

2. Cease making requests that have no support in the law.

These are just suggestions.  You may, of course, continue to demand and give deadlines for compliance for items to which you are not entitled and that you have no authority for demanding. However, please note that defendants' silence is simply defendants waiting for you to respond to their request for applicable authority supporting your demands.

I suspect that defendants would attempt to provide you to any item for which you can show, by applicable authority, that you are entitled to. My research, unfortunately, has not turned up such authority for this latest demand. I  continue to await your further guidance and rely on your legal research skills to provide to us a case, rule or statute that holds that that a party, may, by letter or by demanding in a loud, agitated tone at a conference, create a duty in another party, that it produce documents showing evidence preservation efforts.

Please take as much time as you need to adequately research this issue. You do not have to report to me by 5:00PM today or any other day.

Respectfully,

Demetri Anastasiadis
Assistant Attorney General
Attorney for Brad Livingston, William Stephens and Rick Thaler

---

**From:** Anastasiadis, Demetri
**Sent:** Friday, May 02, 2014 11:43 AM
**To:** Jeff Edwards (jeff@edwards-law.com); Scott Medlock (scott@edwards-law.com)
**Cc:** Matlock, Karen; Garcia, Bruce; sharon.howell@tdcj.state.tx.us; jessica.marsh@tdcj.state.tx.us; Anastasiadis, Demetri; Wells, Lawrence; Mase, Lacey; Coogan, Kim; Dennis, Seth; calysta.Lantiengne@texasattorneygeneral.gov; Molinare, Shanna; Anastasiadis, Demetri
**Subject:** Attached letter.

**Jeff,**

**Thank you so much for your kind letter attempting to educate us on our discovery duties as set forth in Tantivy Communications, Inc. v. Lucent Technologies, Inc., 2005 WL 2860976 *2 (E.D. Tex. 2005). While that case does discuss a party's obligation to preserve relevant evidence, I was unable to find anything in that case that suggests that in addition to preserving evidence, a party also has a duty to comply with a demand by an opposing party "by the close of business today." , providing proof to such opposing party that is has taken steps to preserve evidence.**

**If you would be so helpful as to direct me to any authority that holds that upon demand by one party, the party upon whom a demand has been made "by the close of business today", shall satisfy the demanding party that is has taken steps to comply with the Tantivy requirements and shall provide such proof to the demanding party, it would be appreciated.  I have set aside some time today to be further educated on the proper way to conduct discovery and I am interested in further reading to enhance my knowledge in this area. When it is convenient, please refer me to the statutory or case law authority that requires a party to produce proof that it has preserved evidence in accordance with Tantivy upon an opposing party's demand.  Also, if there is such a duty, would it be possible to get an extension of time within which to furnish such proof to you or does precedent also hold that I must seek an extension within which to comply with your demand from the Court?**

**Thank you for your guidance in this area.**

**Demetri Anastasiadis**
**Assistant Attorney General**
**Attorney for Brad Livingston, William Stephens and Rick Thaler.**

---

**From:** Lindsey Knapton [mailto:lindsey@edwards-law.com]
**Sent:** Friday, May 02, 2014 10:25 AM
**To:** Garcia, Bruce; Coogan, Kim; Anastasiadis, Demetri; Lantiegne, Calysta; Mase, Lacey; Wells, Lawrence; Molinare, Shanna; Hime, Erika; Stone, Johnathan; Greer, Matthew; Dennis, Seth; Matlock, Karen
**Cc:** Jeff Edwards; Scott Medlock; Sean Flammer
**Subject:** Heat Cases

Dear Counsel:

Please find a letter dated May 2, 2014 from Jeff.

Thank you for your attention to this matter.

Sincerely,


Lindsey Knapton
Legal Assistant
lindsey@edwards-law.com

The Edwards Law Firm
1101 E. 11th Street
Austin, TX  78702
512-623-7727
512-623-7729 (fax)

# Exhibit 31



JEFF EDWARDS
BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
jeff@edwards-law.com

SCOTT MEDLOCK
scott@edwards-law.com

SEAN FLAMMER
sean@edwards-law.com

**VIA FAX 512-495-9139**

May 7, 2014

Bruce Garcia
Kim Coogan
Demetri Anastasiadis
Erika Hime
Jonathan Stone
Lawrence Wells
Lacey Mase
Matthew Greer
Calysta Lantiegne
Shanna Molinare
Seth Dennis
Karen Matlock

Law Enforcement Defense Division
Office of Attorney General
P.O. Box 12548
Austin, TX 78711

Re:   *Civil Action No. 6:13-cv-711; Webb, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:13-cv-712; Adams, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:14-cv-00093; Togonidze vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*CONSOLIDATED ACTIONS*

*Civil Action No. 3:12-cv-02037; McCollum, et al. v. Livingston, et al.; In the United States District Court, Northern District of Texas – Dallas Division*

*Civil Action No. 4:13-cv-03369; Martone v. Livingston, et al.; In the United States District Court, Southern District of Texas, Houston Division;*

The Haehnel Building | 1101 East 11th Street | Austin, TX 78702
Edwards-law.com | Toll free (888) 325-5677 | Tel. (512) 623-7727 | Fax (512) 623-7729

126

*Civil Action No.* 2:13-cv-319; *Hinojosa v. Livingston, et al.; In the United States District Court, Southern District of Texas, Corpus Christi Division;*

Dear Counsel:

      The purpose of this letter is to reiterate our request to dialogue with you about the searches UTMB and TDCJ are conducting to find and produce electronically stored information that is responsive to our discovery requests and that is a supplement to your initial disclosures. We have made this request on at least two other occasions but you have not indicated a willingness to do so. We believe a meeting about these issues would be most efficient for all involved—especially your clients who are doing the searches.

      As you know, we are litigating multiple cases wherein you represent TDCJ, UTMB, and/or senior leadership within those organizations. To date, both TDCJ and UTMB have produced minimal electronically stored information. We are told that both parties are right now searching for documents. We, however, do not know the full extent of the search at either TDCJ or UTMB. UTMB stated on our May 2 phone call that it did not know the details of the search but would be filing an affidavit in the *Webb* matter later that day of UTMB's IT person that explained the extent of the search, including custodians and search terms. TDCJ indicated that its search would encompass the same individual custodians with some additions; TDCJ, however, did not indicate exactly who those additional people were and did not address which terms would be searched.

      Later that day, UTMB filed the affidavit of Robert Shaffer. Paragraph 3 of this affidavit states that "A search is currently being conducted of all identified UTMB-CMC administration employees and unit employees emails for the following search terms…" The affidavit then lists several search terms including, heat, heat stress, heat exhaustion, heat illness, heat-related illness, Larry McCollum, etc. Paragraph 4 then indicates that the search will be against each individual's Exchange email account and any .pst folders located either on the network drive or their assigned computers. We agree that this is a good start, but we have some concerns.

      While this affidavit provides some information about the search UTMB is conducting, several important questions are unanswered. For example

    1. What is being done to capture electronically stored information that is not emails, such as the "databases" that track heat-related illnesses that were sent to "senior leadership" at least since 2010? What about memos, meeting minutes, etc. that were also stored electronically?

    2. Who are the "identified UTMB-CMC administration employees and unit employees"?

    3. Will the search for "Larry McCollum," for example, include the string, "Larry Gene McCollum"? Or will the search for "Kenneth James" include "Kenneth Wayne James"? Perhaps an additional search will be

Page 2 of 4

127

for those individuals' TDCJ numbers.  Further, we are concerned that the list of names only includes our clients—not everyone who we know of that died due to heat.  We are happy to provide some assurances if you have HIPAA-related concerns.

4. Is the search case sensitive?

5. Will the search for "heat illness" capture "heat-illness"?  Or will the search for "air conditioning" capture "air-conditioning"?

6. Are there other places besides each individual's Exchange email account or .pst folders on the network or on an individual's computer that may contain electronically stored information that is potentially relevant?  Have these individuals been asked that question?

7. Are the searches capturing all areas of the email accounts, including sent and deleted messages?

8. If UTMB has reason to believe that at least some potentially discoverable information may have been deleted (either manually or purged consistent with routine document retention policies or otherwise), what steps is UTMB taking to ensure that those files are being produced, if that is even possible?

9. What is the back-up tape architecture and are those back-up tapes being searched? If not, why?

10. What metadata are you capturing?  We will need, for example, the md5 hash-tag to be included so that we can de-duplicate, if necessary, if the volume of the production is large enough to warrant a load file, as opposed to a CD or box of documents.

11. We also have other search terms we would like included.

12. Why is UTMB's estimate 90 days? What is the volume of documents captured?

With respect to TDCJ, we have many of the same concerns and questions.  After our May 2 call, TDCJ has indicated it is searching the emails of 5 custodians—Livingston, Stephens, Thaler, Eason, and Linthicum.  But the Defendants have identified others who are relevant as well.  For example, Livingston responded in an interrogatory response in March of 2013 that he also conversed with Jeff Baldwin, Jerry McGinty, Jackie Edwards, Oscar Mendoza, and Bryan Collier about the heat conditions as well.  Are these custodians being searched?  What about wardens, regional directors, etc.? All other Defendants such as Dennis Miller, Reginald Goings, Jeff Pringle, Todd Foxworth, Tommie Haynes, Ernest Guterrez, James Jones, Richard Alford, Kerry Collard, and

Eileen Kennedy should be included.  What about those individuals identified in the various initial disclosures or otherwise identified as persons with knowledge in the various cases? These custodians should be searched too. Frankly, it may make sense to do a broad search of a specific set of custodians and a narrow search system-wide.  This may make sense for both TDCJ and UTMB.

Also, are the individual defendants conducting any searches or will TDCJ and UTMB capture all discoverable information?

The point is that we need to have a conversation with you about these topics.  It makes no sense for your clients to conduct a search, we object, and your clients potentially be forced to conduct another search—all because we didn't talk about the searches before they were conducted.  We respectfully request that we work together to be efficient.  In our mind, that's the right thing to do and it's also what the Court expects of us.

We invite you to our office for a meeting about these issues on Thursday, Friday, or Monday (perhaps at 3 p.m. on Monday following the *Hinojosa* telephonic hearing?).  We can also meet at your office if you prefer.  Alternatively, if you wish to do this over the phone, we can do that too.

We do not pretend that we are tech experts.  We aren't. We understand if you aren't either.  Therefore, you may wish to have your tech people at this meeting.  In our experience with other litigation where we have done this, we have found it helpful for the people who are most knowledgeable about tech issues to be present.  If those tech people cannot attend, we can conference-call them in. If we meet in person and you need to consult with the IT people, we can walk outside the room so you can talk.  If we do this meeting over the phone and during the call you need to confer with your IT people, you can put us on "mute."  If you have alternative ideas for ways to get this meeting done, we are all-ears. The important thing is that we meet and that we meet soon.

If we do not hear from you by Friday at noon, we will interpret your silence as an indication that you are not interested in meeting with us and we will be forced to seek relief from the Court.  We hope to avoid doing so.

Please let me know when you would like to meet and/or how.  Please call me or Sean Flammer with any questions, as Sean will be point on this issue.

Sincerely,

Jeff Edwards

Page 4 of 4

# Exhibit 32

Friday, May 9, 2014 9:48:43 AM Central Daylight Time

**Subject:** Letter of May 6
**Date:** Thursday, May 8, 2014 4:11:07 PM Central Daylight Time
**From:** Dennis, Seth
**To:** jeff@edwards-law.com
**CC:** Coogan, Kim, Molinare, Shanna, Garcia, Bruce, Anastasiadis, Demetri

Jeff,

Bruce and I are in receipt of your letter of May 6th. We have been informed that TDCJ has completed the email search for the employees in question and the emails should be in our office by next week. At that time we will review them and provide them to you.

If necessary, we can revisit any further searches we determine to be necessary. We believe any discovery of IT procedures at this time to be premature. Bruce will call you Friday morning to elaborate.

Thank you and have a nice evening.

Seth

**Friday, May 9, 2014 9:47:27 AM Central Daylight Time**

**Subject:** Response to May 6 and May 7, 2014 Letters

**Date:** Thursday, May 8, 2014 5:15:16 PM Central Daylight Time

**From:** Molinare, Shanna

**To:** sean@edwards-law.com, jeff@edwards-law.com

**CC:** scott@edwards-law.com, Coogan, Kim, Garcia, Bruce, Dennis, Seth, Anastasiadis, Demetri

I have received your letter dated May 6, 2014 regarding discovery requests related to the processes being utilized to conduct ESI searches.  An affidavit explaining the searches currently being conducted has already been filed with the court.

Sincerely,
Shanna

# Exhibit 33

STATE OF TEXAS           §
                         §
COUNTY OF TRAVIS         §

## DECLARATION OF SCOTT MEDLOCK

BEFORE ME, the undersigned authority, on this date personally appeared Scott Medlock, who being by me first duly sworn, did depose on his oath and state as follows:

1. My name is Scott Medlock. I am over the age of eighteen, of sound mind, and am in all ways competent to make this affidavit. The facts stated herein are based upon my personal knowledge and are true and correct.

2. On several occasions, Bruce Garcia—counsel for TDCJ—told me and Jeff Edwards that the TDCJ defendants did not communicate via e-mail and that there were not responsive e-mails.

3. When Mr. Edwards expressed disbelief, Mr. Garcia reiterated to me and to Mr. Edwards that there were not responsive e-mails. I do not believe Mr. Garcia knew at the time he made these statements that they were false. I suspect TDCJ told Mr. Garcia that no emails exist and Mr. Garcia relayed that to me.

Further, Affiant sayeth not.

_____
Scott Medlock

SUBSCRIBED and SWORN TO before me, by the said Scott Medlock, on this the **9th** day of **May**, 2014, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

My commission expires: **07/19/17**

LINDSEY MARIE KNAPTON
Notary Public, State of Texas
My Commission Expires
July 19, 2017