UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, <br>       PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br>       DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:12-cv-02037 |

**ORDER**

  After considering Plaintiffs' motion, any responses, replies, any arguments of counsel, and all applicable law, the Court GRANTS Plaintiffs' Motion for Sanctions and Motion to Compel. The Court ORDERS as follows:

1. Defendants' counsel is ordered to meet with Plaintiffs' counsel at a mutually convenient time and place within the next 10 days to discuss ESI search protocols. The parties shall attempt to agree on an ESI protocol ("the ESI Protocol"). If the parties cannot agree, the Court appoints _____ to act as a Special Master at the rate of _____/hr. Defendants are jointly and severally liable for all fees and costs associated with the Special Master's resolution of any dispute related to the ESI Protocol. Defendants are ORDERED to produce documents retrieved pursuant to the ESI Protocol within 30 days of this order in a format selected by Plaintiffs.

2. Defendant UTMB is ORDERED to use a vendor selected by Plaintiffs to utilize the ESI Protocol to search and retrieve for responsive documents. All costs associated with the vendor's search and retrieval of those documents is assessed against UTMB.

3. UTMB and TDCJ shall present for deposition, within the next 14 days, corporate representatives knowledgeable about Defendants' preservation and retrieval of electronically stored information. UTMB and TDCJ are jointly and severally liable for all costs associated with these depositions, including reasonable

attorneys' fees.  The Court finds the cost associated with these depositions is $10,000.

4. Defendants are ORDERED to produce any preservation letters, litigation holds, etc. that Defendants' counsel sent to Defendants or that were sent internally at TDCJ and UTMB.

5. Each Defendant is ORDERED to answer the following interrogatories and file their answers with the Court within 7 days:

    i. Explain all steps you took to preserve and retrieve electronically stored information that may be relevant to this case.  Include the date you took any such action.  (The answer would include, at a minimum, the date and scope of any "litigation hold"; who was notified to preserve documents; what efforts were made to identify "key players" in this case; what was done to ensure all potentially relevant electronically stored information was preserved and when such acts occurred).

    ii. Explain the efforts that were taken or could be taken to obtain any potentially relevant electronically stored information that was either manually deleted by any computer user or that was purged consistent with any document retention policy.  The answer would include, at a minimum, what efforts were taken—and could be taken—to obtain any emails, databases, or other files deleted by a user or purged in accordance with a records retention policy.

    iii. If any potentially electronically stored information that may have been relevant to this case is irretrievable, identify it to the best of your ability and explain why it cannot be retrieved.

    iv. Explain the extent to which you have back-up tapes and what information is on those back-up tapes.  If any back-up tapes no longer contain electronically stored information from 2009-2012, provide the date that it was lost.

6. Plaintiffs may re-open any previously-taken deposition for an additional 3 hours each.  All costs associated with preparing for and taking these depositions (including expenses and travel costs) are to be assessed against Defendants, jointly and severally.

7. To the extent Plaintiffs' experts update their reports or incur additional fees for reviewing any documents produced after May 12, 2014, Defendants are jointly and severally liable for those fees.

8. The Court ORDERS a status conference on _____ to discuss a discovery deadline Plaintiffs believe necessary.

9. Defendants are jointly and severally liable to pay reasonable attorneys' fees and costs associated with Plaintiffs' motion in the amount of $28,550.

10. Defendants are ordered to appear on _____ to show cause as to why they should not be sanctioned further.

11. UTMB is ordered to pay Plaintiffs _____ as an appropriate sanction.

12. TDCJ is ordered to pay Plaintiffs_____ as an appropriate sanction.

Date: _____, 2014.

                                                                          Sam Lindsey
                                                                          United States District Judge