IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHEN McCULLOM, et al.,                §
      Plaintiffs,                            §
                                         §
                                         §
v.                                       §
                                         §   CIVIL ACTION NO. 3:12-CV-02037
BRAD LIVINGSTON, et al.,                 §
      Defendants.                            §


**APPENDIX**


EXHIBIT 1      Discovery Log

EXHIBIT 2      Affidavit of Gary Eubank, R.N., M.S.N.

EXHIBIT 3      Affidavit of Robert Shaffer

EXHIBIT 4      April 23, 2014 Letter Regarding Email Production

EXHIBIT 5      UTMB's Initial Disclosure

EXHIBIT 6      Email Correspondence Between Counsel

EXHIBIT 7      May 23, 2014 Letter from Plaintiffs' Counsel

EXHIBIT 8      Order Regarding E-Discovery

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCULLOM, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON, et al.,** | § | |
| **Defendants.** | § | |

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*,<br>     *Plaintiffs*,<br><br>v.<br><br>BRAD LIVINGSTON, *et al.*,<br>     *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:12-CV-02037 |

**DISCOVERY LOG**

| DATE RECEIVED /SENT | DISCOVERY DOCUMENT | RECORDS DISCLOSED & BATES NUMBERS |
|---|---|---|
| 6-18-13 | Plaintiffs' First Request for Production, Request for Admission and First Set of Interrogatories to UTMB | n/a |
| 8-2-13 | UTMB's Responses to Plaintiffs' First Requests for Production, Request for Admission and First Set of Interrogatories | Patient Liaison Records from Office of Professional Standards (Bates 1-2)<br><br>TDCJ Medical Archive Records from 07/15/11 to 07/22/12 (Bates 3-23)<br><br>UTMB No Records Affidavit (Bates 24-25)<br><br>CMHC Policy E-34.1 Health Appraisal of Incoming Offenders (Bates 26)<br><br>CMHC Policy B-15.2 Heat Stress (Bates 27-34)<br><br>TDCJ AD-10.64 (rev. 6) Temperature Extremes in the TDCJ Workplace (bates 35-46)<br><br>CMHC Policy A-08.4 Offender Medical and Mental Classification (Bates 47-51)<br><br>TDCJ Risk Management Hutchins Unit 5-11-11 Monthly In-Service Safety Training re Hot Temps AD-10.64, with training circular and attendance sheets (Bates 52-57)<br><br>TDCJ Risk Management Hutchins Unit 5-9-13 In-Service Training re Hot Temps AD-10.64, with attendance sheets (Bates 58-63)<br>5-2-13 Email from TDCJ Warden Jeff Pringle to other TDCJ employees regarding Heat Precautions 2013 (Bates 64-67) |

| DATE RECEIVED /SENT | DISCOVERY DOCUMENT | RECORDS DISCLOSED & BATES NUMBERS |
|---|---|---|
| | | 5-2-13 Email from Kimberly Weaver to other TDCJ employees regarding Heat Precautions 2013 (Bates 68-70) <br><br> 5-3-13 Email from Kimberly Weaver to other TDCJ employees regarding Heat-Related Illnesses (Bates 71-72) <br><br> Texas Corrections Association and Commission on Accreditation for Corrections Accreditations for TDCJ Hutchins Unit 2010-2013 (Bates 73) <br><br> Texas Corrections Association and Commission on Accreditation for Corrections Accreditations for TDCJ Hutchins Unit 2013-2016 (Bates 74) |
| 10-16-13 | UTMB's First Supplemental Response to Plaintiff s' First Request for Production | Medication Administration Record (Bates 659) |
| 10-31-13 | Plaintiffs' Eighth [sic] 2nd Request for Production, Request for Admissions, and 2nd Set of Interrogatories to UTMB | n/a |
| 12-2-13 | UTMB's Responses to Plaintiffs' Eighth [sic] 2nd Request for Production, Request for Admissions, and 2nd Set of Interrogatories | n/a |
| 1-30-14 | Plaintiffs' 3rd Request for Production, Admissions and 3rd Set of Interrogatories to UTMB | n/a |
| 3-6-14 | UTMB's Responses to Plaintiffs' 3rd Request for Production,  Admissions and 3rd Set of Interrogatories | Hutchins Unit EMS Records (Bates 660-65) <br> Utilization Management Report (Bates 666-69) |
| 3-20-14 | UTMB's Amended Responses to Plaintiffs' Eighth [sic] 2nd Request for Production; UTMB's Amended Responses to Plaintiff 's First Request for Production and First Set of Interrogatories | n/a |
| 4-15-14 | UTMB's Initial Rule 26 Disclosures | Commissary No Records Affidavit (Bates 75-76) <br> Grievance No Records Affidavit (Bates 77) <br> Disciplinary Logs No Records Affidavit (Bates 78) |

| DATE RECEIVED /SENT | DISCOVERY DOCUMENT | RECORDS DISCLOSED & BATES NUMBERS |
|---|---|---|
| | | Patient Liaison Records (Bates 79-82) |
| | | UTMB Medical No Records Affidavit (bates 83) |
| | | TDCJ Health Services Medical Records for Larry McCollum (Bates 84-527) |
| | | UTMB Medication Compliance Records for Larry McCollum (Bates 528-637) |
| | | Pen Packet for Larry McCollum (Bates 638-657) |
| | | TDCJ Visitor's Log No Records Affidavit (Bates 658) |
| | | Medication Administration Record for Larry McCollum (Bates 659) |
| | | Hutchins Unit EMS Records (Bates 660-665) |
| | | July Medical Provider On-Call Schedule (Bates 666-672) |
| | | August Medical Provider On-Call Schedule (Bates 673-675) |
| | | Heart of Texas MHMR Records (No Bates) |
| | | McClennan County Jail Records for Larry McCollum (No Bates) |
| 4-21-14 | UTMB's Supplemental Response to Plaintiff's Eighth [sic] 2nd Set of Request for Production; UTMB's 1st Supplemental Responses to Plaintiff's First Request for Production | UTMB Peer Review Reports (Bates 676-683) UTMB Administrative Review Reports (Bates 684-685) Autopsy Reports (Bates 686-708) |
| 4-23-14 | UTMB's Amended Responses to Plaintiffs' First Request for Production | n/a |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, et al., | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, et al., | § | |
|   Defendants. | § | |

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

KEVIN WEBB, *et al.,*                          §
      *Plaintiffs,*                            §
                                                §
v.                                             §
                                                §    **CIVIL ACTION NO. 6:13-cv-711**
BRAD LIVINGSTON, *et al.,*                      §    **CONSOLIDATED WITH**
      *Defendants.*                            §    *Adams v. Livingston,* 6:13-cv-712
                                                §    *Togonidze v. Livingston,* 6:14-cv-93

## AFFIDAVIT OF GARY EUBANK, R.N., M.S.N.

BEFORE ME, the undersigned authority, personally appeared Gary Eubank, who, being duly sworn by me, deposed as follows:

1.     My name is Gary Eubank, R.N., M.S.N. I am over eighteen years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and I am competent in all respects to make this affidavit. The facts stated in this affidavit are based upon my personal knowledge, information obtained from other persons, reasonable inquiry, and the University of Texas Medical Branch at Galveston – Correctional Managed Care's business records—all of which are true and correct.

2.     I am the Associate Chief Nursing Officer/Director of Nursing at the University of Texas Medical Branch at Galveston – Correctional Managed Care ("UTMB-CMC"). I have held this position since September 2005. As Associate Chief Nursing Officer/Director of Nursing at UTMB-CMC, my job responsibilities include, among other things, overseeing the nursing care provided for more than 120,000 offenders within the Texas Department of Criminal Justice ("TDCJ").

3.     On or about October 10, 2013, UTMB's Legal Affairs Office contacted me regarding discovery requests and asked if there were medical or nursing peer reviews, medical committee reviews, or investigations conducted regarding the following offenders:

| | | |
|---|---|---|
| A. | James Shriver | (D.O.D. August 8, 2007) |
| B. | Dionicia Robles | (D.O.D. August 13, 2007) |
| C. | Kelly Marcus | (D.O.D. August 12, 2011) TDCJ#1128380 |
| D. | Alexander Togonidze | (D.O.D. August 8, 2011) TDCJ#1578039 |
| E. | Charles Cook | (D.O.D. August 8, 2011) TDCJ#1457546 |
| F. | Michael Martone | (D.O.D. August 8, 2011) TDCJ# 1395315 |
| G. | Robert Webb | (D.O.D. August 4, 2011)TDCJ#1569761 |
| H. | Thomas Meyers | (D.O.D. August 3, 2011) TDCJ#680515 |
| I. | Kenneth Wayne James | (D.O.D. August 13, 2011) TDCJ#1726849 |
| J. | Douglas Hudson | (D.O.D. July 25, 2011) TDCJ#1722504 |
| K. | Daniel Alvarado | (D.O.D. August 20, 2011) TDCJ#1517660 |
| L. | Rodney Adams | (D.O.D. August 3, 2012) TDCJ#1797921 |
| M. | Albert Hinojosa | (D.O.D. August 27, 2012). |

4.     I researched the inquiry and confirmed that there were no nursing peer review documents on the individuals listed above.  My response was limited to nursing peer review documents because, as the Chief Nursing Director, I only manage documents related to nursing peer reviews.  I do not maintain documents related to medical peer reviews (physician peer reviews). Because no nursing peer reviews were conducted on any of the above-listed individuals, I informed Legal Affairs that Nursing did not have any responsive documents.

2

5.      Thereafter, on Monday, April 7, 2014, Legal Affairs contacted me again regarding another discovery request and informed me that UTMB had been asked to produce all documentation and correspondence related to peer reviews, M&M reviews, administrative reviews, quality reviews, or any type of investigation related to the injuries or deaths of any TDCJ prisoners receiving medical care from UTMB where the cause of death or injury was determined to be related to heat, high temperatures, lack of air conditioning, heat stroke, hyperthermia, heat exhaustion, or any other heat related cause. It was my understanding that this request was not limited to the individuals listed in the previous request, but instead sought the requested documentation on any patient known to die of heat-related cause(s).

6.      On Wednesday, April 9, 2014, while I was researching this inquiry, the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management were identified as potentially responsive to the first and second discovery requests.

7.      When responding to the first discovery request, I did not characterize the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management as responsive documents because the documents are not nursing peer reviews.   As a result, at that time, I did not identify these documents as potentially responsive documents to Legal Affairs. The subsequent search, in response to the second discovery request, identified the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management documents as potentially responsive because they are medical committee documents that could be liberally construed to be "investigations" into the offenders' deaths.

8.      According to this characterization of the documents, on April 9, 2014, I requested a search be conducted for all the Facility Quality Death Reviews for Nursing/Facility Quality

3

Death Reviews for Total Quality Management and any other responsive documentation related to the first and second discovery requests. On Thursday, April 10, 2014, a conference call was held with the relevant UTMB-CMC employees involved in this litigation. At this time, the Quality Improvement Program Meeting Minutes were also identified as potentially responsive documents; and a search for these documents was conducted. On Friday, April 11, 2014, the search for all the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes was completed and all responsive documents were produced to Legal Affairs.

9.      The inadvertent delay in the production of documents (the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes) was neither willful nor intentional. Moreover, the inadvertent delay in production was neither intended to prejudice Plaintiffs nor cause them harm in this litigation. Rather, the delay was due to the fact that I mischaracterized the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes as non-responsive to the first request because these documents are not peer review documents. I limited the focus of my search, unfortunately incorrectly, to nursing peer review documents. I did not include medical committee review documents, such as the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes, despite the language in the first request. It was merely an oversight and misinterpretation of what documents the first request sought. Once the second request came in and I realized the scope of that request was much broader than the first, I identified the Facility

4

Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes as potentially responsive and immediately informed Legal Affairs.


_Gary Eubank, R.N., M.S.N._

SWORN TO AND SUBSCRIBED before me on the 30th day April, 2014.

> PHOEBE M. LANGLEY
> Notary Public, State of Texas
> My Commission Expires
> December 30, 2015

Notary Public in and for the State of Texas

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCULLOM, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON, et al.,** | § | |
| **Defendants.** | § | |

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

KEVIN WEBB, *et al.*,    §
  Plaintiffs,    §
    §
v.    §
    § **CIVIL ACTION NO. 6:13-cv-711**
BRAD LIVINGSTON, *et al.*,    § **CONSOLIDATED WITH**
  Defendants.    § *Adams v. Livingston*, 6:13-cv-712
    § *Togonidze v. Livingston*, 6:14-cv-93

### AFFIDAVIT OF ROBERT SHAFFER

  COMES NOW Robert Shaffer, and upon oath and personal knowledge deposed, says thusly:

1. My name is Robert Shaffer. I am over eighteen years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am competent in all respects to make this affidavit. The facts stated herein are within my personal knowledge, based on information obtained from other persons, reasonable inquiry and the University of Texas Medical Branch at Galveston – Correctional Managed Care's business records, and are all true and correct.

2. I am the Director of Information Security for The University of Texas Medical Branch at Galveston's Department of Information Services. I have held this position since 2006. As the Director of Information Security, my job responsibilities include the development and enforcement of policies, procedures and practices; maintaining an up-to date information security program for UTMB; ensuring the confidentiality and integrity of all information resources; and overseeing the collection of electronically stored information for litigation purposes and Public Information Act requests.

1

3.     A search is currently being conducted of all identified UTMB-CMC administration employees and unit employees emails for the following search terms:  "Heat, heat stress, heat exhaustion, heat illness, heat-related illness, heat cramps, heat stroke, heat death, hyperthermia, hot temperatures, air conditioning, AC, heat restrictions, Larry McCollum, Douglas Hudson, Robert Webb, Alexander Togonidze, Michael Martone, Kenneth James, Rodney Adams, Albert Hinojosa."

4.     This will involve searching the identified terms against each individual's Exchange email account and any Personal Storage Table (.pst) folders located on the network drive and their assigned computer.  Due to the slow connection speed to the TDCJ Units and facilities, it is anticipated that this search will take approximately 90 days to complete.


                                                    Robert V. Shaffer Jr.


SWORN TO AND SUBSCRIBED before me on the ___1st___ day ~~April~~ May, 2014.

                                                    Notary Public in and for the State of Texas

MELISSA E CURTICE
My Commission Expires
January 25, 2015

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCULLOM, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON, et al.,** | § | |
| **Defendants.** | § | |

# EXHIBIT 4



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

April 23, 2014

Jeff Edwards
Scott Medlock
1101 E. 11th Street
Austin, Texas  78702-1908

Brian McGiverin
Wayne Krause-Yang
4920 N. IH-35
Austin, Texas  78751

Gentlemen,

Pursuant to our phone call, enclosed is a compact disc containing emails between UTMB-CMC employees and some TDCJ Health Services employees. We will also supplement a bates stamped hard copy. These were very recently discovered. In light of this discovery, UTMB has instituted a very comprehensive search to determine if there are additional emails in existence. As we discussed, we will provide UTMB's protocol for the discovery of the new emails once we have it.

It is our intent that these documents are being produced in each of the heat related cases identified below, and we do not intend to re-produce the documents in each case. Similarly, we will not object to the use of these documents in each case.

*Stephen McCullom, et al. v. Brad Livingston*, et al.; Civil Action No. 3:12-CV-02037;

*Kevin Webb, et al. v. Brad Livingston, et al.*; Civil Action No. 3:13-CV-218; USDCSD (consolidated);

*Roxanne Martone v. Brad Livingston, et al.*; Civil Action No. 4:13-cv-3369; and

*Ramona Hinojosa, et al. v. Brad Livingston, et al.*; Civil Action No. 2:13-CV-319

Similarly, we ask that the Protective Order signed in the Webb case also be honored by the parties in the above cases, rather than seeking a protective order in each case.

April 23, 2014
Page 2


       Finally, we intend to file a motion to extend deadlines in the McCollum case. You have indicated that you are opposed to any extensions which might affect the trial date. After you have had an opportunity to review these documents, please let us know if you have changed your mind regarding an extension of the deadlines.

Sincerely,



Kim Coogan
Assistant Attorney General
Law Enforcement Defense Division
(512) 463-2080 / (512) 495-9139 Fax

KC/de
Encl.

c:     File

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, individually and as representative of the Estate of ROBERT ALLEN WEBB, et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 6:13cv711 |
| | § § | CONSOLIDATED WITH |
| vs. | § § | *Adams v. Livingston*, 6:13cv712 |
| | § § | *Togonidze v. Livingston*, 6:14cv93 |
| | § § | |
| BRAD LIVINGSTON, et al., | § § | |
| Defendants. | § | |

## ACKNOWLEDGEMENT OF RECEIPT

By signature below, the undersigned acknowledges that he/she personally received copies of the following documents on Friday, April 25, 2014 via hand-delivery:

1. Defendants UTMB and Murray's First Supplemental Disclosure;

2. Defendant UTMB's First Supplement to Amended Response to Plaintiff Kevin Webb's First Request for Production; and

3. PDF Copies of emails on CD (previously disclosed on a disc that was hand-delivered on April 23, 2014).

Received by:

Date: 4-25-14

Printed name: Scott Medlock          Signature: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCULLOM, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON, et al.,** | § | |
| **Defendants.** | § | |

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCOLLUM**, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON**, *et al.*, | § | |
| *Defendants*. | § | |

<u>**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S INITIAL
DISCLOSURES TO PLAINTIFF**</u>

**TO: Plaintiff Stephen McCollum, by and through his attorneys of record, Jeff Edwards
and Scott Medlock, The Edwards Law Firm, 1101 E. 11th Street, Austin, Texas 78702-1908
and Brian McGiverin, Texas Civil Rights Project, c/o TRLA, 4920 N IH-35, Austin, TX
78751**

Defendants University of Texas Medical Branch, through the Attorney General of the
State of Texas, makes these **initial disclosures** to Plaintiffs, pursuant to FED. R. CIV. P. 26.
Defendants will supplement this disclosure if additional information subject to Rule 26 becomes
available.

**I.**

FED. R. CIV. P. 26 (a)(1)(A)(i): The name, and if known, the address and telephone
number of each individual likely to have discoverable information – along with the subjects of
that information that the disclosing party may use to support its claims or defenses, unless the
use would be solely for impeachment:

1. **Dr. Owen Murray**
   **University of Texas Medical Branch, Galveston**
   **Vice President For Offender Health Services**
   **936-494-4171 (office)**

Dr. Murray is a physician and Vice President for Offender Services at UTMB. He is a non-
retained witness who may testify about services provided by UTMB Correctional Managed Care
and policies of the Correctional Managed Health Care Committee, particularly as they relate to
the providing of medical care to inmates incarcerated at TDCJ. Dr. Murray may testify about the
contract between UTMB and Correctional Managed Health Care Committee. He may also testify
about those matters discussed during his deposition.

    **2.  Lannette Linthicum, M.D.**
      **TDCJ Division Director for Health Services**
      **Two Financial Plaza, Suite 625**
      **Huntsville, Texas 77340**
      **936-473-3535**

Dr. Linthicum is a physician and TDCJ Division Director for Health Services. She a non-retained, non-party witness who may testify about the policies of the Correctional Managed Health Care Committee, particularly as they relate to the providing of medical care to inmates incarcerated at TDCJ. She may testify about the contract between UTMB and Correctional Managed Health Care Committee. She may also talk about the duties of the TDCJ Health Services Division.

    **3.  Phyllis McWorter, R.N.**
      **TDCJ Health Services Liasion**
      **Two Financial Plaza, Suite 625**
      **Huntsville, Texas 77340**
      **936-473-3589**

Ms. McWorter is a non-party, non-retained witness who may testify about the policies of the TDCJ Heath Services Division as they relate to the housing placement of offenders in response to their disabilities or special needs.

    **4.  Glenda Adams, M.D.,**
      **Sr. Medical Director Impatient Services**
      **200 River Pointe**
      **Suite 200**
      **Conroe, Texas  77304**
      **512-475-2335**
      **c/o Kim Coogan**

Dr. Adams will testify about the medical treatment provided to Mr. McCollum, policies and procedures of UTMB Correctional Managed Care, activities of the Correctional Managed Care committee. She will testify regarding those issues discussed in her deposition and expert report, attached.

    **5.  Ananda D. Babbili, PA**
      **Hutchins State Jail**
      **1500 E. Langdon Rd.**
      **Dallas, Texas  75241**
      **972-225-1304 x 6266**

Mr. Babbili will testify about the medical care provided to Mr. McCollum at the Hutchins Unit as well as a review of the records from McLennan County.

6. **Tito Orig, M.D.**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Dr. Orig may testify about the medical care provided to Mr. McCollum at the Hutchins Unit as well as a review of the records from McLennan County.

7. **Keith Pinckard, M.D.,**
   **Medical Examiner**
   **Southwestern Institute of Forensic Sciences**
   **2355 North Stemmons Freeway**
   **Dallas, Texas 75207**
   **214-920-5900**

Dr. Pinckard performed the autopsy of Mr. McCollum.

8. **Stephen McCollum**
   **c/o Jeff Edwards**
   **Scott Medlock**
   **The Edwards Law Firm**
   **The Haehnel Building**
   **1101 E. 11th St.**
   **Austin TX 78702**
   **512-623-7727**
   **Fax: 512-623-7729**

Mr. McCollum is a plaintiff in this case and has personal knowledge of the allegations contained in this complaint.

9. **Stephanie Kingrey**
   **c/o Jeff Edwards**
   **Scott Medlock**
   **The Edwards Law Firm**
   **The Haehnel Building**
   **1101 E. 11th St.**
   **Austin TX 78702**
   **512-623-7727**
   **Fax: 512-623-7729**

Ms. Kingrey is a plaintiff in this case and has personal knowledge of the allegations contained in this complaint.

    10. **Sandra McCollum**
        **C/o Jeff Edwards**
        **Scott Medlock**
        **The Edwards Law Firm**
        **The Haehnel Building**
        **1101 E. 11th St.**
        **Austin TX 78702**
        **512-623-7727**
        **Fax: 512-623-7729**

Mrs. McCollum is a plaintiff in this case and has personal knowledge of the allegations contained in this complaint.

    11. **Jeff Pringle**
        **Warden, Hutchins Unit**
        **c/o Bruce Garcia, AAG**
        **Office of the Attorney General**
        **PO Box 12548**
        **Austin, TX 78711-2548**
        **512-463-2080**

Jeff Pringle is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

    12. **Karen Sue Tate**
        **c/o Bruce Garcia, AAG**
        **Office of the Attorney General**
        **PO Box 12548**
        **Austin, TX 78711-2548**
        **512-463-2080**

Karen Tate is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

    13. **Kim Farguson**
        **Texas Department of Criminal Justice**
        **P.O. Box 99**
        **Huntsville, TX 77342-0099**
        **936-295-6371**

Kim Farguson is a non-party witness who may testify about his knowledge regarding the construction and design of the Hutchins State Jail, and the unit's ventilation and heating & air-conditioning system. He may also testify to TDCJ policies and procedures.

**14. Richard J. Clark**
   **c/o Bruce Garcia, AAG**
   **Office of the Attorney General**
   **PO Box 12548**
   **Austin, TX 78711-2548**
   **512-463-2080**

Richard Clark is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

**15. Thomas L. Vian**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas 75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Thomas Vian is a non-party witness in this case and the Director of Maintenance for TDCJ. He may testify to his personal knowledge and about TDCJ policies and procedures pertaining to costs of maintenance, operation and installation of air-conditioning and heating units within TDCJ.

**16. William Stephens**
   **c/o Demetri Anastasiadis**
   **Office of the Attorney General**
   **PO Box 12548**
   **Austin, TX 78711-2548**
   **512-463-2080**

Williams Stephens is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

**17. Richard Thaler**
   **c/o Demetri Anastasiadis**
   **Office of the Attorney General**
   **PO Box 12548**
   **Austin, TX 78711-2548**
   **512-463-2080**

Richard Thaler is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

**18. Brad Livingston**
   **c/o Demetri Anastasiadis**
   **Office of the Attorney General**
   **PO Box 12548**
   **Austin, TX 78711-2548**
   **512-463-2080**

Brad Livingston is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

**19. Robert Eason**
   **c/o Bruce Garcia, AAG**
   **Office of the Attorney General**
   **PO Box 12548**
   **Austin, TX 78711-2548**
   **512-463-2080**

Robert Eason is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

**20. Earl King**
   **University of Texas Medical Branch**
   **200 River Pointe**
   **Suite 200**
   **Conroe, Texas  77304**
   **936-747-8738**

Earl King is a non-party, non-retained witness in this case. Mr. King is an employee of UTMB who may testify about statistics relating to the number of inmates in certain programs, as reflected in Dr. Adams' report. He may also testify to UTMB policies and procedures.

**21. Michael Keck**
   **Office of the Inspector General**
   **Texas Department of Criminal Justice**
   **P.O. Box 99**
   **Hunstville, TX 77342-0099**
   **936-295-6371**

Mr. Keck is a non-party witness who was an investigator with the Office of the Inspector General during the relevant time period. Mr. Keck conducted the investigation into the events surrounding Mr. McCollum's death. He may testify to his personal knowledge of the events surrounding Mr. McCollum's death and the contents of his investigation. He may also testify to TDCJ policies and procedures.

**22. Adeotun Jolayemi**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Adeotun Jolayemi is a non-party witness who was a correctional officer at the Hutchins Unit during the relevant time period. On July 22, 2011, Ms. Jolayemi was notified by Officer Richard Clark that Mr. McCollum needed medical assistance, and she called for additional staff, a supervisor and a video camera. Ms. Jolayemi may testify to her personal knowledge of the events occurring prior to Mr. McCollum's death. She may also testify about TDCJ policies and procedures.

**23. Sandrea Sanders**
   **c/o Bruce Garcia**
   **Office of the Attorney General**
   **PO Box 12548**
   **Austin, TX 78711-2548**
   **512-463-2080**

Sandrea Sanders is a defendant in this case who may have knowledge or information regarding the issues raised and allegations made in Plaintiffs' complaint.

**24. T. Cain**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

T. Cain is a non-party witness who was a correctional officer for TDCJ during the relevant time period. On July 22, 2011, T. Cain served as a transport officer when Mr. McCollum was transported via ambulance to Parkland Hospital. T. Cain may testify as to his/her personal knowledge of the events occurring prior to Mr. McCollum's death and about TDCJ policies and procedures.

**25. T. Innis**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

T. Innis is a non-party witness who was a correctional officer for TDCJ during the relevant time period. On July 22, 2011, T. Innis served as a transport officer when Mr. McCollum was transported via ambulance to Parkland Hospital. T. Cain may testify as to his/her

personal knowledge of the events occurring prior to Mr. McCollum's death and about TDCJ policies and procedures.

**26. H. Rayford**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

H. Rayford is a non-party witness who was a correctional officer for TDCJ during the relevant time period. Based on information and belief, Officer Rayford was present in Mr. McCollum's Parkland Hospital room when he was pronounced dead. Officer Rayford may testify to his/her personal knowledge of the events occurring before and after the death of Mr. McCollum and about TDCJ policies and procedures.

**27. Tashawna Bowser**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Ms. Bowser is a non-party witness who was a correctional officer for TDCJ during the relevant time period. Based on information and belief, Ms. Bowser was present in Mr. McCollum's Parkland Hospital room when he was pronounced dead. Officer Bowser may testify to her personal knowledge of the events occurring before and after the death of Mr. McCollum and about TDCJ policies and procedures.

**28. Terry May**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Terry May is a non-party witness who was a major at the Hutchins Unit during the relevant time period. On July 28, 2011, Mr. May was the duty warden at the Hutchins Unit and was present at Parkland Hospital and in Mr. McCollum's hospital room some time at or near the time of Mr. McCollum's death. He may testify to his personal knowledge of the events occurring before and after the death of Mr. McCollum and about TDCJ policies and procedures.

**29. Sheila Smith**
   **McLennan County Sheriff's Office – Health Services Division**
   **3201 E State Highway 6**
   **Waco, Texas 76705**
   **254-757-5110**

Sheila Smith is a non-party witness who was an LVN at the McLennan County Jail on July 15, 2011. Upon information and belief, Ms. Smith completed Mr. McCollum's "Texas Uniform Health Status Update" at the McLennan County Jail on July 15, 2011, prior to his transfer to TDCJ's Hutchins Unit. Ms. Smith may testify about her personal knowledge of Mr. McCollum's medical conditions.

**30. V. McRinney**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Ms. McRinney is a non-party witness who as an LVN at the Hutchins Unit on July 15, 2011. On July 15, 2011, Ms. McRinney completed Mr. McCollum's "CID Intake Interview" upon his arrival to the Hutchins Unit. She may testify about the intake interview, her personal knowledge of Mr. McCollum's medical conditions, and about UTMB policies and procedures.

**31. Gina Stokes**
   **University of Texas Medical Branch**
   **301 University Blvd.**
   **Galveston, TX 77555-0171**
   **936-747-2600**

Ms. Stokes is a non-party witness. On July 22, 2011, Ms. Stokes sent a message from the Crain Triage to the Hutchins Nursing Staff and Providers to notify them that Mr. McCollum was sent to the emergency room at Parkland Hospital due to a seizure. She may testify about her role in the triage of Mr. McCollum, her personal knowledge of Mr. McCollum's medical condition, and about UTMB policies and procedures.

**32. Nurse Haywood**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Nurse Haywood is a non-party witness who was a registered nurse at the Hutchins Unit on July 15, 2011. On July 15, 2011, Ms. Haywood performed Mr. McCollum's "Intake History and Health Screening."  She may testify about the intake screening, her personal knowledge of Mr. McCollum's medical conditions, and about UTMB policies and procedures.

**33. I. Smith**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**

**972-225-8355 (fax)**

Smith is a non-party witness who was a mental health clinician at the Hutchins Unit during the relevant time period. On July 19, 2011, I. Smith conducted Mr. McCollum's "Psychological Screening Interview." She may testify about the screening interview, her personal knowledge of Mr. McCollum's mental health and medical conditions, and about UTMB policies and procedures.

**34. Roy Storie**
   **Hutchins State Jail**
   **1500 E. Langdon Rd.**
   **Dallas, Texas  75241**
   **972-225-1304 x 6266**
   **972-225-8355 (fax)**

Mr. Storie is a non-party witness who was a risk manager at the Hutchins State Jail during the relevant time period. Mr. Storie may testify about his role in measuring air temperatures at the Hutchins State Jail, how the temperatures are measured, to whom the information is disseminated, and the purpose for which the information is used. He may also testify about TDCJ policies and procedures.

**35. Susi Vasallo**
   **C/o Jeff Edwards**
   **Scott Medlock**
   **The Edwards Law Firm**
   **The Haehnel Building**
   **1101 E. 11th St.**
   **Austin TX 78702**
   **512-623-7727**
   **Fax: 512-623-7729**

Dr. Vasallo is Plaintiffs' expert witness.

**36. James Basalmo, Jr.**
   **C/o Jeff Edwards**
   **Scott Medlock**
   **The Edwards Law Firm**
   **The Haehnel Building**
   **1101 E. 11th St.**
   **Austin TX 78702**
   **512-623-7727**
   **Fax: 512-623-7729**

Dr. Balsamo is Plaintiffs' expert witness.

**37. William P. Harvill**
   **Hutchins Fire Department-EMS**

**321 North Main Street**
**Hutchins, Texas 75141**
**(912)-225-9137**

William Harvill is a non-party witness. Mr. Harvill was one of the emergency medical technicians who transported Mr. McCollum to Parkland Hospital on July 22, 2011. He may testify about his personal knowledge of Mr. McCollum's medical conditions and his personal involvement, if any, in the medical treatment of Mr. McCollum.

**38. Terry D. Pressler**
**Hutchins Fire Department-EMS**
**321 North Main Street**
**Hutchins, Texas 75141**
**912-225-9137**

Terry Pressler is a non-party witness. Mr. Pressler was one of the emergency medical technicians who transported Mr. McCollum to Parkland Hospital on July 22, 2011. He may testify about his personal knowledge of Mr. McCollum's medical conditions and his personal involvement, if any, in the medical treatment of Mr. McCollum.

**39. John Wells, MD**
**McLennan County Sheriff's Office – Health Services Division**
**3201 E State Highway 6**
**Waco, Texas 76705**
**254-757-5110**

John Wells is a non-party, non-retained witness. He may testify to his personal knowledge of Mr. McCollum's medical conditions and treatment while he was confined in the McLennan County Jail.

**40. J. Byrd**
**McLennan County Sheriff's Office – Health Services Division**
**3201 E State Highway 6**
**Waco, Texas 76705**
**254-757-5110**

J. Byrd is a non-party, non-retained witness. J. Byrd may testify to his/her personal knowledge of Mr. McCollum's medical conditions and treatment while he was confined in the McLennan County Jail.

**41. Holli Lehman**
**McLennan County Sheriff's Office – Health Services Division**
**3201 E State Highway 6**
**Waco, Texas 76705**
**254-757-5110**

Holli Lehman is a non-party, non-retained witness. Ms. Lehman may testify to her personal knowledge of Mr. McCollum's medical conditions and treatment while he was confined in the McLennan County Jail.

**42. Sharla Griggs**
**Address and phone number unknown at this time** – This information will be supplemented if and when it is obtained.

Sharla Griggs is a non-party witness. Upon information and belief, Ms. Griggs provided services to Mr. McCollum through the Heart of Texas MHMR Center. Ms. Griggs may testify to her personal knowledge of Mr. McCollum's mental health conditions and treatment.

**43. Lyndsay Freeman**
**Address and phone number unknown at this time** – This information will be supplemented if and when it is obtained.

Lyndsay Freeman is a non-party witness. Upon information and belief, Ms. Freeman provided services to Mr. McCollum through the Heart of Texas MHMR Center. Ms. Freeman may testify to her personal knowledge of Mr. McCollum's mental health conditions and treatment.

**44. Sue Anne Mathis**
**Address and phone number unknown at this time** – This information will be supplemented if and when it is obtained.

Sue Anne Mathis is a non-party witness. Upon information and belief, Ms. Mathis provided services to Mr. McCollum through the Heart of Texas MHMR Center. Ms. Mathis may testify to her personal knowledge of Mr. McCollum's mental health conditions and treatment.

**45. Gary Eubank, RN, MSN, Director of Nursing Inpatient Services,**
**UTMB**
**301 University Blvd.**
**Galveston, TX 77555**
**936-293-3653**

Gary Eubank may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

**47. Jerri Denee' Robison, Region 2 Nurse Manager**
**UTMB**
**301 University Blvd.**
**Galveston, TX 77555**
**(512) 926-4482**

Jerri Denee' Robison may testify regarding her personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. She may also testify to any personal knowledge she has about

UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

**48. Kathy Cleere**
   **Texas Department of Criminal Justice**
   **P.O. Box 99**
   **Huntsville, TX 77342-0099**
   **(936) 295-6371**

Kathy Cleere may testify regarding her personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. She may also testify to any personal knowledge she has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

**49. Michael Jones, RN, BS, MBA, Director of Utilization Management,**
   **Texas Tech University Health Science Center**
   **3223 S Loop 289**
   **Lubbock, TX 79423-1337**
   **(806) 791-4433**

Michael Jones may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

**50. George Crippen**
   **Texas Department of Criminal Justice**
   **P.O. Box 99**
   **Huntsville, TX 77342-0099**
   **(936) 295-6371**

George Crippen may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

**51. Robert Williams**
   **Texas Department of Criminal Justice**
   **P.O. Box 99**
   **Huntsville, TX 77342-0099**
   **(936) 295-6371**

Robert Williams may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

52. **Anthony Williams, MBA, Associate Vice President, Inpatient Services**
    **UTMB**
    **301 University Blvd.**
    **Galveston, TX 77555**
    **(936) 293-3656**

Anthony Williams may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

53. **Steve Smock, MBA, Associate Vice President, Outpatient Services**
    **UTMB**
    **301 University Blvd.**
    **Galveston, TX 77555**
    **(281) 269-6700**

Steve Smock may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

54. **Gary Tonniges, MHA, FACP, CCHP, Director of Field Operations**
    **Texas Tech University Health Science Center**
    **3223 S Loop 289**
    **Lubbock, TX 79423-1337**
    **(806) 791-4433**

Gary Tonniges may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

55. **Bobby Lumpkin, Deputy Director of Operations, Private Facility, CMOD**
    **Texas Department of Criminal Justice**
    **P.O. Box 99**
    **Huntsville, TX 77342-0099**
    **(936) 295-6371**

Bobby Lumpkin may testify regarding his personal knowledge, if any, of the facts alleged in Plaintiffs' complaint. He may also testify to any personal knowledge he has about UTMB, Texas Tech University Health Science Center, and/or TDCJ Health Services policies and procedures as they relate to Plaintiffs' allegations.

56. **Custodian of Records for UTMB**
    **301 University Blvd.**
    **Galveston, TX 77555**

57. **Custodian of Records Heart of Texas MHMR**
    **P.O. Box 890**
    **110 S 12th St.**
    **Waco, TX 76703**

58. **Custodian of Records for McLennan County Jail**
    **301 E. State Hwy 6**
    **Waco, TX 76705**

59. **Custodian of Records for TDCJ**
    **P.O. Box 99**
    **Hunstville, TX 77342-0099**

## II.

FED. R. CIV. P. 26 (a)(1)(A)(ii): A copy of or a description by category and location of, all documents, data compilations, compilations, and tangible things in the possession, custody, or control of the disclosing party that are relevant to disputed facts alleged with particularity in the pleadings.

The following documents are provided to Plaintiffs:

1. TDCJ Commissary No Records Affidavit, Bates numbers 75-76;
2. TDCJ Grievance No Records Affidavit, Bates number 77;
3. TDCJ Disciplinary No Records Affidavit, Bates number 78;
4. Patient Liaison Records from Office of Professional Standards, Bates numbers 79-82;
5. UTMB Medical records No Records Affidavit, Bates number 83;
6. TDCJ Archive Medical Records, Bates numbers 84-527;
7. Medication Compliance Records, Bates numbers 528-637;
8. Visitor Logs No Records Affidavit, Bates number 658;
9. Hutchins Unit EMS Records, Bates numbers 660-665;
10. UTMB Mental Health On-Call Schedule, July 2011, Bates numbers 666-672;
11. UTMB Mental Health On-Call Schedule, August 2011, Bates numbers 673-675;
12. Heart of Texas – MHMR Records for Larry McCollum;
13. McLennan County Jail Records for Larry McCollum.

The following documents have been previously provided to Plaintiff:

1. Patient Liaison Records from Office of Professional Standards, Bates numbers 1-2, UTMB's First Response to Plaintiff's First Request for Production;

2. TDCJ Archive Medical Records from July 15, 2011 – July 22, 2012, Bates numbers 3-23, UTMB's First Response to Plaintiff's First Request for Production;

3. UTMB No Records Affidavit, Bates numbers 24-25; UTMB's First Response to Plaintiff's First Request for Production;

4. CMHC Policy E-34.1 Health Appraisal of Incoming Offenders; Bates number 26; UTMB's First Response to Plaintiff's First Request for Production;

5. CMHC Policy B-15.2 Heat Stress; Bates numbers 27-34; UTMB's First Response to Plaintiff's First Request for Production;

6. TDCJ AD-10.64 (rev. 6) Temperature Extremes in the TDCJ Workplace; Bates numbers 35-46; UTMB's First Response to Plaintiff's First Request for Production;

7. CMHC Policy A-08.4 Offender Medical and Mental Classification, Bates numbers 47-51; UTMB's First Response to Plaintiff's First Request for Production;

8. TDCJ Risk Management Hutchins Unit 5-11-11 Monthly In-Service Safety Training re Hot Temps AD-10.64, with training circular and attendance sheets, Bates numbers 52-57; UTMB's First Response to Plaintiff's First Request for Production;

9. TDCJ Risk Management Hutchins Unit 5-9-13 In-Service Training re Hot Temps AD-10.64, with attendance sheets, Bates numbers 58-63, UTMB's First Response to Plaintiff's First Request for Production;

10. 5-2-13 Email from TDCJ Warden Jeff Pringle to other TDCJ employees regarding Heat Precautions 2013, Bates numbers 64-67, UTMB's First Response to Plaintiff's First Request for Production;

11. 5-2-13 Email from Kimberly Weaver to other TDCJ employees regarding Heat, Bates numbers 68-70, UTMB's First Response to Plaintiff's First Request for Production;

12. 5-3-13 Email from Kimberly Weaver to other TDCJ employees regarding Heat-Related Illnesses, Bates numbers 71-72, UTMB's First Response to Plaintiff's First Request for Production;

13. Texas Corrections Association and Commission on Accreditation for Corrections Accreditation for TDCJ Hutchins Unit 2010 – 2013, Bates number 73, UTMB's First Response to Plaintiff's First Request for Production;

14. Texas Corrections Association and Commission on Accreditation for Corrections Accreditation for TDCJ Hutchins Unit 2013 – 2016, Bates number 74, UTMB's First Response to Plaintiff's First Request for Production;

15. Medication Administration Record, Bates number 659, UTMB's First Supplemental Response to Plaintiff's First Request for Production.

## III.

FED. R. CIV. P. 26 (a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Defendants are not claiming damages.

## IV.

FED. R. CIV. P. 26 (a)(1)(A)(iv): For inspection and copying under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Defendants have no information regarding this category.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____

**Lacey Mase**
Assistant Attorney General
State Bar No. 24074662
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
UNIVERSITY OF TEXAS MEDICAL BRANCH**

<u>**CERTIFICATE OF SERVICE**</u>

      I, KIM COOGAN, Assistant Attorney General of Texas, certify that a true and correct copy of **Defendants UTMB's Initial Disclosures** has been served by placing same in the United States Mail on **April 15, 2014**, addressed to:

| | |
|---|---|
| **Jeff Edwards**<br>**Scott Medlock**<br>**The Edwards Law Firm**<br>**1101 E. 11th Street**<br>**Austin, Texas  78702-1908** | **CM/RRR 7008 0500 0001 5046 8169** |
| **Brian McGiverin**<br>**Wayne Krause-Yang**<br>**Texas Civil Rights Project**<br>**c/o TRLA 4920 N IH-35**<br>**Austin, TX  78751** | **CM/RRR 7008 0500 0001 5046 8176** |
| **Bruce Garcia**<br>**Office of the Attorney General**<br>**P.O. Box 12548**<br>**Austin, TX 78711-2548** | **Via Intra-Office Mail** |
| **Demetri Anastasiadis**<br>**Office of the Attorney General**<br>**P.O. Box 12548**<br>**Austin, TX 78711-2548** | **Via Intra-Office Mail** |

 

                    _____
                    **Lacey Mase**
                    Assistant Attorney General

Death Reviews for Total Quality Management and any other responsive documentation related to the first and second discovery requests.  On Thursday, April 10, 2014, a conference call was held with the relevant UTMB-CMC employees involved in this litigation.  At this time, the Quality Improvement Program Meeting Minutes were also identified as potentially responsive documents; and a search for these documents was conducted.  On Friday, April 11, 2014, the search for all the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes was completed and all responsive documents were produced to Legal Affairs.

9.      The inadvertent delay in the production of documents (the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes) was neither willful nor intentional.  Moreover, the inadvertent delay in production was neither intended to prejudice Plaintiffs nor cause them harm in this litigation.  Rather, the delay was due to the fact that I mischaracterized the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes as non-responsive to the first request because these documents are not peer review documents.  I limited the focus of my search, unfortunately incorrectly, to nursing peer review documents.  I did not include medical committee review documents, such as the Facility Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes, despite the language in the first request.  It was merely an oversight and misinterpretation of what documents the first request sought.  Once the second request came in and I realized the scope of that request was much broader than the first, I identified the Facility

4

Quality Death Reviews for Nursing/Facility Quality Death Reviews for Total Quality Management and Quality Improvement Program Meeting Minutes as potentially responsive and immediately informed Legal Affairs.

Gary Eubank, R.N., M.S.N.

SWORN TO AND SUBSCRIBED before me on the 30th day April, 2014.

PHOEBE M. LANGLEY
Notary Public, State of Texas
My Commission Expires
December 30, 2015

Notary Public in and for the State of Texas

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN McCULLOM, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-02037** |
| **BRAD LIVINGSTON, et al.,** | § | |
| **Defendants.** | § | |

# EXHIBIT 6

**Coogan, Kim**

| | |
|---|---|
| **From:** | Jeff Edwards <jeff@edwards-law.com> |
| **Sent:** | Thursday, May 01, 2014 10:26 AM |
| **To:** | Coogan, Kim; Scott Medlock (scott@edwards-law.com) |
| **Cc:** | Molinare, Shanna; Garcia, Bruce; Anastasiadis, Demetri |
| **Subject:** | Re: UTMB emails |

With regards to the motion to extend the deadlines, I suggest we get on the phone today with whomever is available to try to work something out.  Kim and I have discussed possible approaches but I want to make sure that we will have documents in time to meet deadlines.


Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**From:** "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov>
**Date:** Tuesday, April 29, 2014 4:27 PM
**To:** Jeff Edwards <jeff@edwards-law.com>, "Scott Medlock (scott@edwards-law.com)" <scott@edwards-law.com>
**Cc:** "Molinare, Shanna" <shanna.molinare@texasattorneygeneral.gov>, "Garcia, Bruce" <Bruce.Garcia@texasattorneygeneral.gov>, "Anastasiadis, Demetri" <demetri.anastasiadis@texasattorneygeneral.gov>
**Subject:** UTMB emails

Hi guys,
UTMB says the new search for emails may take 6-8 weeks to complete.
I wanted to let you know in case it affects your trial calendars, prep, etc.
I will let you know if this changes.

Kim Coogan
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711
512-463-2080
512-495-9139 fax
Kim.coogan@texasattorneygeneral.gov
*Board Certified, Personal Injury Trial Law*

1

refused to do (by email from Shanna Molinare and email from Seth Dennis).  I don't know if Demitri has taken a position one way or the other but we assume he is in line with TDCJ.

Again, we will be in touch tomorrow on this.


Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

---

**From:** "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov>
**Date:** Monday, May 19, 2014 3:03 PM
**To:** "Scott Medlock (scott@edwards-law.com)" <scott@edwards-law.com>, Jeff Edwards <jeff@edwards-law.com>
**Cc:** "Garcia, Bruce" <Bruce.Garcia@texasattorneygeneral.gov>, "Anastasiadis, Demetri" <demetri.anastasiadis@texasattorneygeneral.gov>
**Subject:** Webb ESI

Hi guys,
It is our intent to comply with the court's orders on e-discovery [45-46]. I intend to ask the court in McCollum to adopt the same orders. Are you opposed?

Kim Coogan
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711
512-463-2080
512-495-9139 fax
Kim.coogan@texasattorneygeneral.gov
*Board Certified, Personal Injury Trial Law*

**Coogan, Kim**

| | |
|---|---|
| **From:** | Jeff Edwards <jeff@edwards-law.com> |
| **Sent:** | Monday, May 19, 2014 4:12 PM |
| **To:** | Coogan, Kim; Scott Medlock (scott@edwards-law.com); Sean Flammer |
| **Cc:** | Garcia, Bruce; Anastasiadis, Demetri; Molinare, Shanna |
| **Subject:** | Re: Webb ESI |

5

Kim,

You really should talk to Shanna Molinare, who represents UTMB along with you.  In reference to our letters requesting that we confer, She sent us an email stating you saw no need to confer and would not be conferring on the electronic searches you are conducting.   As referenced in Seth Dennis' email, TDCJ has also chosen  not  to confer.

Has UTMB changed its position and is now willing to meet with Plaintiffs' counsel to go over the search protocols and terms?

Jeff

Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

---

**From:** "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov>
**Date:** Monday, May 19, 2014 3:56 PM
**To:** Jeff Edwards <jeff@edwards-law.com>, "Scott Medlock (scott@edwards-law.com)" <scott@edwards-law.com>, Sean Flammer <sean@edwards-law.com>
**Cc:** "Garcia, Bruce" <Bruce.Garcia@texasattorneygeneral.gov>, "Anastasiadis, Demetri" <demetri.anastasiadis@texasattorneygeneral.gov>
**Subject:** RE: Webb ESI

4

Jeff,
I have conferred, have tried to confer and am still willing to confer. Just because you disagree with me does not mean I have refused to confer. I have never refused to confer and your representations to the court are untrue and improper.

---

**From:** Jeff Edwards [mailto:jeff@edwards-law.com]
**Sent:** Monday, May 19, 2014 3:47 PM
**To:** Coogan, Kim; Scott Medlock (scott@edwards-law.com); Sean Flammer
**Cc:** Garcia, Bruce; Anastasiadis, Demetri
**Subject:** Re: Webb ESI

3

Sean is out of the office and he is handling the ESI issues.  I will get with him tonight and get back to you tomorrow.  I assume you know that the orders you reference require the parties to confer, which is something UTMB and TDCJ have thus far

<karen.matlock@texasattorneygeneral.gov>, "Dennis, Seth" <seth.dennis@texasattorneygeneral.gov>
**Subject:** RE: Letter to Counsel and Response to May 19 email from K Coogan

As part of the conferring, please tell me why you are unwilling to see what the new search reveals. I am unavailable for a conference to be scolded about "we remain concerned the protocols initiated by UTMB and TDCJ are insufficient and are equally concerned that you believe a meeting is only necessary after the fact and after you have conducted the searches you have selected." See below. Or about why this conference was not held at the time of the FRCP 16 conference.

However, given those limitations, I am available for a conference. How about today after lunch?

**From:** Anastasiadis, Demetri
**Sent:** Monday, May 19, 2014 5:18 PM
**To:** Jeff Edwards; Coogan, Kim; Garcia, Bruce; Molinare, Shanna; Haney, Lee
**Cc:** Sean Flammer; Scott Medlock; Matlock, Karen; Dennis, Seth
**Subject:** Letter to Counsel and Response to May 19 email from K Coogan

To: Jeff Edwards

Please take notice that defendants Livingston, Thaler and Stephens, through their attorney, agree to have a meeting in person or by telephone regarding the "protocols initiated by UTMB and TDCJ" as often as it would take so as to cause Jeff Edwards to cease claiming, if such claim is being considered or made, that they refuse to discuss this issue.  Counsel for these defendants agrees to confer with Jeff Edwards every day, if necessary and is free on the following dates for such a conference:

May 19, 20, 21, 22, 23

May 27, 28, 29, 30.

If necessary,  the undersigned agrees to confer with Jeff Edwards twice a day on each of the above dates.

**From:** Jeff Edwards [mailto:jeff@edwards-law.com]
**Sent:** Monday, May 19, 2014 5:06 PM
**To:** Coogan, Kim; Garcia, Bruce; Anastasiadis, Demetri; Molinare, Shanna
**Cc:** Sean Flammer; Scott Medlock
**Subject:** FW: Letter to Counsel and Response to May 19 email from K Coogan

Everyone:

With regard to your May 19 email, I must reiterate that we continue to have issues with the ESI protocols you have chosen to adopt.  They lacked input from Plaintiffs and, as laid out in the attached letter, we have concerns about the scope of the searches.

We remain concerned  the protocols initiated by UTMB and TDCJ are insufficient and are equally concerned that you believe a meeting is only necessary after the fact and after you have conducted the searches you have selected.   Accordingly, we renew our request for a meeting and a conference for the reasons discussed in the attached letter.

Once you have reviewed the letter again, I would suggest we choose a time to meet and confer in person about these issues.

I look forward to your response.

Jeff

**Cc:** Sean Flammer <sean@edwards-law.com>, Scott Medlock <scott@edwards-law.com>, "Matlock, Karen"
<karen.matlock@texasattorneygeneral.gov>, "Dennis, Seth" <seth.dennis@texasattorneygeneral.gov>
**Subject:** RE: Letter to Counsel and Response to May 19 email from K Coogan

I cannot promise to have IT people on the phone today. Is that what you want? I did not understand that part.
That is different, but I believe I can do that. When will Sean be available? Is an hour enough time? It will have
to be over the phone.

**From:** Jeff Edwards [mailto:jeff@edwards-law.com]
**Sent:** Tuesday, May 20, 2014 10:03 AM
**To:** Coogan, Kim; Anastasiadis, Demetri; Garcia, Bruce; Molinare, Shanna; Haney, Lee
**Cc:** Sean Flammer; Scott Medlock; Matlock, Karen; Dennis, Seth
**Subject:** Re: Letter to Counsel and Response to May 19 email from K Coogan

Sean is not here today, and as I have said, he will be handling the ESI for our group.  I am not unwilling to see what your
searches reveal.  I think we should have input on the search terms, make sure that all persons with knowledge of relevant
facts are indeed being searched, and make sure exactly what you are searching and determine the appropriate method of
production so that we can be confident that the search is appropriately exhaustive and can determine whether documents
were destroyed.

As to our concerns, how you swish to interpret them is ultimately your decision.  I hope what has occurred here in this cases is
as troubling to you as it is to me.

As to why it was not discussed at the Rule 16 conference, I trust you recall that it was discussed and we wee simply told rest
assured the parties will comply with their discovery obligations.  I am happy to talk further with you regarding this at the
conference, as well as whether appropriate follow through occurred.

To make the ESI discussion productive, is it fair for us to assume that the people there will be knowledgable about the
technology issues.  It won't be particularly helpful if people claim they don't understand those issues, as unfortunately
happened in the past.

I will get dates for our discussion later today and I am pleased we are engaging in a dialogue.  Hopefully,  this will lead to
better, more professional communication.


Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**From:** "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov>
**Date:** Tuesday, May 20, 2014 9:43 AM
**To:** "Anastasiadis, Demetri" <demetri.anastasiadis@texasattorneygeneral.gov>, Jeff Edwards <jeff@edwards-law.com>,
"Garcia, Bruce" <Bruce.Garcia@texasattorneygeneral.gov>, "Molinare, Shanna"
<shanna.molinare@texasattorneygeneral.gov>, "Haney, Lee" <lee.haney@texasattorneygeneral.gov>
**Cc:** Sean Flammer <sean@edwards-law.com>, Scott Medlock <scott@edwards-law.com>, "Matlock, Karen"

3

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

---

**From:** "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov>
**Date:** Tuesday, May 20, 2014 11:37 AM
**To:** Jeff Edwards <jeff@edwards-law.com>, "Anastasiadis, Demetri" <demetri.anastasiadis@texasattorneygeneral.gov>, "Garcia, Bruce" <Bruce.Garcia@texasattorneygeneral.gov>, "Molinare, Shanna" <shanna.molinare@texasattorneygeneral.gov>, "Haney, Lee" <lee.haney@texasattorneygeneral.gov>
**Cc:** Sean Flammer <sean@edwards-law.com>, Scott Medlock <scott@edwards-law.com>, "Matlock, Karen" <karen.matlock@texasattorneygeneral.gov>, "Dennis, Seth" <seth.dennis@texasattorneygeneral.gov>
**Subject:** RE: Letter to Counsel and Response to May 19 email from K Coogan

Also, I am not available on Friday.

---

**From:** Jeff Edwards [mailto:jeff@edwards-law.com]
**Sent:** Tuesday, May 20, 2014 10:37 AM
**To:** Coogan, Kim; Anastasiadis, Demetri; Garcia, Bruce; Molinare, Shanna; Haney, Lee
**Cc:** Sean Flammer; Scott Medlock; Matlock, Karen; Dennis, Seth
**Subject:** Re: Letter to Counsel and Response to May 19 email from K Coogan

Today will not work.  We should probably do Friday but again, Sean is traveling today, and I hope to have a more definitive time.  IT people or people that can discuss the protocol from a technological standpoint need to be at the conference, which can be by phone if you like.  The reason for this is that it will not be productive unless someone from each of the defendant groups, UTMB, the TDCJ Executives, and TDCJ can explain — at least to you — whist is being done, what can be done, and what should be done (which will be your call or our call jointly).  I want to avoid the prior situation where people said they didn't understand the technology.  Someone on your sidess obviously does, and they need to prep you or be available so that questions can be answered.

Again, I will get back to you with some times.

Finally, I understand all of the people's roles on this email except Lee Haney's.  Who is she representing?

Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

---

**From:** "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov>
**Date:** Tuesday, May 20, 2014 10:08 AM
**To:** Jeff Edwards <jeff@edwards-law.com>, "Anastasiadis, Demetri" <demetri.anastasiadis@texasattorneygeneral.gov>, "Garcia, Bruce" <Bruce.Garcia@texasattorneygeneral.gov>, "Molinare, Shanna" <shanna.molinare@texasattorneygeneral.gov>, "Haney, Lee" <lee.haney@texasattorneygeneral.gov>

2

**Coogan, Kim**

| | |
|---|---|
| **From:** | Jeff Edwards <jeff@edwards-law.com> |
| **Sent:** | Tuesday, May 20, 2014 2:21 PM |
| **To:** | Coogan, Kim; Anastasiadis, Demetri; Garcia, Bruce; Molinare, Shanna; Haney, Lee |
| **Cc:** | Sean Flammer; Scott Medlock; Matlock, Karen; Dennis, Seth |
| **Subject:** | Re: Letter to Counsel and Response to May 19 email from K Coogan |

*14.*

Kim,

Sean is traveling today.  We will prepare a letter to you tomorrow and are happy to schedule a call as well.

Jeff


Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**From:** "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov>
**Date:** Tuesday, May 20, 2014 11:50 AM
**To:** Jeff Edwards <jeff@edwards-law.com>, "Anastasiadis, Demetri" <demetri.anastasiadis@texasattorneygeneral.gov>,
"Garcia, Bruce" <Bruce.Garcia@texasattorneygeneral.gov>, "Molinare, Shanna"
<shanna.molinare@texasattorneygeneral.gov>, "Haney, Lee" <lee.haney@texasattorneygeneral.gov>
**Cc:** Sean Flammer <sean@edwards-law.com>, Scott Medlock <scott@edwards-law.com>, "Matlock, Karen"
<karen.matlock@texasattorneygeneral.gov>, "Dennis, Seth" <seth.dennis@texasattorneygeneral.gov>
**Subject:** RE: Letter to Counsel and Response to May 19 email from K Coogan

I'm not.
To speed things up, can you tell me what you need?

*13*

**From:** Jeff Edwards [mailto:jeff@edwards-law.com]
**Sent:** Tuesday, May 20, 2014 11:48 AM
**To:** Coogan, Kim; Anastasiadis, Demetri; Garcia, Bruce; Molinare, Shanna; Haney, Lee
**Cc:** Sean Flammer; Scott Medlock; Matlock, Karen; Dennis, Seth
**Subject:** Re: Letter to Counsel and Response to May 19 email from K Coogan

Are you available Thursday?
Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

 **EDWARDS LAW**

**JEFF EDWARDS**
BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
jeff@edwards-law.com

**SCOTT MEDLOCK**
ATTORNEY AT LAW
scott@edwards-law.com

**SEAN FLAMMER**
ATTORNEY AT LAW
sean@edwards-law.com

**VIA EMAIL**

May 21, 2014

15

Kim Coogan
Law Enforcement Defense Division
Office of Attorney General
P.O. Box 12548
Austin, TX 78711

Re:     *Civil Action No. 6:13-cv-711; Webb, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:13-cv-712; Adams, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:14-cv-00093; Togonidze vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*CONSOLIDATED ACTIONS*

*Civil Action No. 3:12-cv-02037; McCollum, et al. v. Livingston, et al.; In the United States District Court, Northern District of Texas – Dallas Division*

*Civil Action No. 4:13-cv-03369; Martone v. Livingston, et al.; In the United States District Court, Southern District of Texas, Houston Division;*

*Civil Action No. 2:13-cv-319; Hinojosa v. Livingston, et al.; In the United States District Court, Southern District of Texas, Corpus Christi Division;*

Dear Kim:

This letter follows our conference call on May 2, our letter of May 7, and several emails over the past few days. The purpose of this letter is to respond to your request to tell you what information we would like to discuss at a meeting on ESI protocols.

Before I address that specific question, it is important to set the context of this letter.[1]  As you know, we are litigating multiple cases wherein you represent UTMB and individuals employed by UTMB.  Shortly after we learned that UTMB did, in fact, have relevant emails when they were produced on April 25, we had a phone conference on May 2 to discuss the searches UTMB was running to produce relevant electronically stored information.  On that call, UTMB indicated that it did not know many of the answers to the questions we asked and said that it didn't understand the technology.  UTMB said that it was filing an affidavit of an IT person later that day in the *Webb* matter and we should review that affidavit because it was a better source of information.

We reviewed that affidavit and we were (and remain) concerned about the scope of the search UTMB is conducting.  On May 7 we sent a letter expressing our concern and requested a meeting to discuss ESI-protocol issues.  We identified several topics of conversation that we reiterate here.  We offered to have that meeting at your office, at our office, or over the phone.  We suggested that you have IT people with you in the room and that we would excuse ourselves from the room (or—if we had a phone call— that you could put us on "mute") if you wanted to confer with those IT people outside our presence before answering a question.  You were not willing to meet with us.  Now, you indicate that you are willing to meet with us.  We are confused, though, because you also say that you don't want to discuss ESI search-protocol issues until after you produce what you estimate to be roughly 45,000 documents at some unknown date.  You ask us to tell you what, specifically, we want to discuss with you.

UTMB has directed us to the affidavit of Robert Shaffer that UTMB filed in the *Webb* matter.  Paragraph 3 of this affidavit states that "A search is currently being conducted of all identified UTMB-CMC administration employees and unit employees emails for the following search terms..."  The affidavit then lists several search terms including, heat, heat stress, heat exhaustion, heat illness, heat-related illness, Larry McCollum, etc.     Paragraph 4 then indicates that the search will be against each individual's Exchange email account and any .pst folders located either on the network drive or their assigned computers.  It is not clear who the "identified UTMB-CMC administration employees and unit employees" are.  Our concern is that we want to make sure all relevant people are having their emails searched.  We would like for you to tell us whose emails are being searched.  We want to confer with you to make sure responsive documents are being produced.

We would also like additional search terms like, "hypnotremia," "misters," "swamp cooler," "psychotropic," and "fan"—along with others.  We are happy to provide a list of terms, but before we do so we need the following questions answered:

1.  Is the search case sensitive?

---

[1] If I've misstated anything or misunderstood anything, please let me know.

2. Will the search for "heat illness" capture "heat-illness"? Will the search for "air conditioning" capture "air-conditioning"?

3. Will the search for "Larry McCollum," for example, include the string, "Larry Gene McCollum"? Or will the search for "Kenneth James" include "Kenneth Wayne James"? We need to know how the program running the search works.

We would also appreciate your input on terms that UTMB used to discuss heat-related issues. Perhaps, for example, key individuals at UTMB used the phrase "heat issue" to refer to heat-related deaths. If that's the case, we'll want a search to include that phrase.

Moreover, are the searches capturing all areas of the email accounts, including sent and deleted messages? Are there other places besides each individual's Exchange email account or .pst folders on the network or on an individual's computer that may contain electronically stored information that is potentially relevant? Have these individuals been asked that question?

How long is the process going to take? What is the format with which you intend to produce documents? What metadata are you capturing? We will need, for example, the md5 hash-tag to be included so that we can de-duplicate, if necessary, if the volume of the production is large enough to warrant a load file, as opposed to a CD or box of documents.

Further, Mr. Shaffer's affidavit only discusses emails. What is being done to capture electronically stored information that is not emails, such as the "databases" that track heat-related illnesses that were sent to "senior leadership" at least since 2010? What documents exist? What about memos, meeting minutes, etc. that were also stored electronically?

We are also concerned about documents that may have been purged consistent with a document retention policy or manually deleted. What is being done to determine if documents have been lost? If documents were purged or manually deleted, what steps are being taken and can be taken to retrieve them?

TDCJ met with us this morning. We, again, reiterate our request to meet with you about these issues. You've already indicated you cannot do Thursday or Friday of this week. Monday is Memorial Day. What about Tuesday? If not, please propose some days and times that work for you.

Sincerely,
/s Sean Flammer

**Coogan, Kim**

| | |
|---|---|
| **From:** | Jeff Edwards <jeff@edwards-law.com> |
| **Sent:** | Thursday, May 22, 2014 2:03 PM |
| **To:** | Coogan, Kim |
| **Cc:** | Sean Flammer |
| **Subject:** | Re: McCollum |

17

We will do our best.  Please make sure Ben Raimer is also being searched.  The basis of our sanctions motion is clearly laid out in the motion.

Sent from my iPhone

On May 22, 2014, at 1:50 PM, "Coogan, Kim" <kim.coogan@texasattorneygeneral.gov> wrote:

> Jeff,
> Please see the email that I sent earlier today answering many of the questions.
>
> I just had an hour long conversation with Mr. Flammer and answered many questions, please speak with him.
>
> You have filed a motion for sanctions based, in part, on our alleged unwillingness to confer about search terms. Now you say you don't know any? The search cannot continue until we know which terms you wish to include. Given the apparent urgency of the matter, I ask for the terms by tomorrow.
>
> Kim

---

**From:** Jeff Edwards [mailto:jeff@edwards-law.com]
**Sent:** Thursday, May 22, 2014 1:45 PM
**To:** Coogan, Kim
**Subject:** McCollum

16

Kim,

With regard to your request to have the Court in McCollum issue the same orders as Judge Love did in the Webb case, we are opposed.  Judge Love's order is an appropriate starting point for cases that are in their beginning stages, but not for McCollum.  We are two nearly two years into that case and operating under the Northern District's rules, not the Eastern District's.  In light of the non production of documents that are plainly responsive and should have been produced long before we deposed UTMB 30(b)(6) witnesses and experts, we cannot agree to merely recommend the adoption of Judge Love's orders now.  In particular, with the potential issue of spoliation clearly present now, Plaintiffs believe metadata from the responsive documents must be included.

In addition, we have yet to be told the type of system that UTMB employees utilize and that is being searched.  While the IT depos will obviously provide this, it would be helpful to know prior to then, especially as I have been told you intend to move to quash that deposition.

We also still have received no indication as to when UTMB and its employees were instructed to preserve documents responsive to the case and discovery requests.  Obviously, this is an important issue going forward.

Nevertheless, I look forward to working with you or with the King and Spalding lawyers UTMB has apparently retained to assist the AG's office with this matter.

Finally, as far as search terms go, I have a deposition at 2:30 today followed by a wake and Scott Medlock is in depos out of town.  We will try to get you additional terms by close of business tomorrow or Tuesday at the latest.   As a courtesy, I would ask that you respond to the many issues we asked you to address in the letters we sent.  Thank you.



Jeff


Jeff Edwards
Edwards Law
The Haehnel Building
1101 East 11th
Austin TX 78702

512-623-7727 (phone)
512-623-7729 (fax)

BOARD CERTIFIED – PERSONAL INJURY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, et al., | § | |
|     Defendants. | § | |

# EXHIBIT 7

 **EDWARDS LAW**

| | | |
|---|---|---|
| **JEFF EDWARDS** | **SCOTT MEDLOCK** | **SEAN FLAMMER** |
| Board Certified – Personal Injury Trial Law | Attorney at Law | Attorney at Law |
| Texas Board of Legal Specialization | scott@edwards-law.com | sean@edwards-law.com |
| jeff@edwards-law.com | | |

**VIA EMAIL**

May 23, 2014

Bruce Garcia
Kim Coogan
Demetri Anastasiadis
Jonathan Stone
Lawrence Wells
Lacey Mase
Matthew Greer
Calysta Lantiegne
Shanna Molinare
Seth Dennis
Karen Matlock

Law Enforcement Defense Division
Office of Attorney General
P.O. Box 12548
Austin, TX 78711

Re:  *Civil Action No. 6:13-cv-711; Webb, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:13-cv-712; Adams, et al. vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*Civil Action No. 6:14-cv-00093; Togonidze vs. Livingston, et al.; In the United States District Court, Eastern District of Texas, Tyler Division;*

*CONSOLIDATED ACTIONS*

*Civil Action No. 3:12-cv-02037; McCollum, et al. v. Livingston, et al.; In the United States District Court, Northern District of Texas – Dallas Division*

*Civil Action No. 4:13-cv-03369; Martone v. Livingston, et al.; In the United States District Court, Southern District of Texas, Houston Division;*

*Civil Action No.* 2:13-cv-319; *Hinojosa v. Livingston, et al.; In the United States District Court, Southern District of Texas, Corpus Christi Division.*

Dear Counsel,

Enclosed is a list of proposed search terms. This list is provided with certain understandings as to TDCJ's and UTMB's search capabilities. To the extent we misunderstand the search capabilities, please let us know so we can alter the enclosed list. We have the following understandings:

(1) the term "heat" would capture any word that has the four characters "heat". Thus, "heater" would be captured. TDCJ has indicated that this is the way it works on its system. Similarly, "heat stroke" will match to both "heat stroke" and "heat strokes". This understanding is important because we have not provided every variant of a root phrase.

TDCJ asked that we come up with other terms besides just "heat" so that words like "Heaton" are not captured. From our conversation with UTMB we are confused because we hear that UTMB's search captures "heater" but not "theater". We cannot reconcile that discrepancy. UTMB's cooperation in helping us figure this out before running the search would be helpful.

(2) It is our understanding that both UTMB's and TDCJ's searches are not case-sensitive. Thus, the term "heat" would also come up if it is typed in an email as "HEAT" or "Heat".

(3) A search for "(water or ice) and (heat or temps or temperature)" would yield any document that has (1) the word "water" and (2) either the word "heat", "temps", or "temperature." Further, the search would also yield any document that has (1) the word "ice" and (2) either the word "heat", "temps", or "temperature".

(4) It is our understanding that a search for "temp!" would yield documents with the words "temperature", "temperatures", or "temps".

If you have any concerns about any of these particular terms, please let us know. All parties are united in that we want the terms to provide responsive documents and not a substantial number of unresponsive documents. We are willing to work with you to make the search efficient.

Both UTMB and TDCJ have asked us to identify additional custodians to search. We agree that this should be a joint process. But we are at a disadvantage because we don't know who at UTMB or TDCJ has relevant documents. For example, at TDCJ, do people in the Internal Audit Division have responsive documents? What about the Facilities Division or the Business and Finance Division? We find it almost impossible that they would not. But we don't know *who* within those divisions have responsive documents.

We need TDCJ to identify those individuals consistent with our interrogatories and the Rule 26 disclosures of people with relevant knowledge.

That said, and with the understanding that we need more information from TDCJ to suggest a complete list, we think the group of custodians that should be added to TDCJ's search are the following:

1. For the Hodge, Hutchins, Huntsville, Gurney, Michael, and Garza West units: the risk managers, regional risk managers, regional directors, and wardens (including assistant or senior wardens). This list is intended to include the chain of command from the risk manager up to the Executive Director. If there are others in the chain of command, please let us know and include those.

2. For all other units, any emails **from** risk managers, regional risk managers, regional directors, and wardens (including assistant or senior wardens) **to** Brad Livingston, Rick Thaler, William Stephens, Bryan Collier, Lanette Linthicum, George Crippen, Phyllis McWhorter, Robert Williams, HSLiason, Robert Eason, Michael Upshaw, Oscar Mendoza, Jason Clark, Richard Alford, Eileen Kennedy, Thomas Vian, Kim Farguson, Kathryn Buskirk, Owen Murray, Ben Raimer, Charles Adams, Glenda Adams, Joseph Penn, Stephanie Zepeda, and Gary Eubank.

3. Jason Clark, Richard Alford, Eileen Kennedy, Thomas Vian, Kim Farguson.

4. All members of the Texas Board of Criminal Justice from 2008 onward.

With respect to UTMB, we believe the following custodians should be included in the list being searched, with the understanding that we may request more as you produce documents and disclose witnesses:

1. Ben Raimer
2. Donna Sulzenberger
3. Gerald Campbell
4. David H. Walker
5. Judith Aronson
6. Bill Rampy
7. Bryan Schneider
8. Earl King
9. Susan Morris
10. Kimberly McLearen
11. Kirk Abbott
12. All medical staff at the Hodge, Hutchins, Huntsville, Gurney, Michael, and Garza West units.

With respect to the individual defendants represented by Mr. Anastasiadis, are independent searches being run? We reiterate this request from our May 7 letter.

Page 3 of 4

Please let us know if you have any questions. I wish you a wonderful weekend.

Sincerely,

Jeff Edwards

Hyperthermia
Hyponatremia
Heat-related injury or heat related injury
Heat-related death or heat related death
Heat-related illness or heat related illness
Heat related or heat-related
Heat index or heat-index
High temperatures
High temperature
High temps
(Heat or hot or high) and acclimat!
Temperature related incident or temperature-related incident
Temperature related injur! or temperature-related injur!
Heat-related incident or heat related incident
Temps
Temp! and (extreme or condition)
Temperature log
Heat injuries
Heat injury
Hot
Heat.
Heat,
Heat;
Heat!
Shade
Air movement
Heat stress
Heat exhaustion
Heat illness
Heat cramp
Heat death
Heat stroke
heatstroke
Air condition or air-condition
AC
A/C
Heat restriction
Heat precaution
Swamp-cooler or swamp cooler
Mister
(Water or ice) and (heat or temps or temperature or ice or precaution or cool or hot)
Cool
Evaporate cool
Cooler
Cooling

psychotropic
fans
fan
foggers
water mist
(hot or temps or heat) and (seizure or heart or sweat or cramps or breath! or skin or responsive or unresponsive)
heat vulnerable or heat-vulnerable
heat sensitive or heat-sensitive
heat and susceptible
diabetes and (heat or temps or temperature or ice or precaution or restriction or cool or hot)
hypertension and (heat or temps or temperature or ice or precaution or restriction or cool or hot)
obes! and (heat or temps or temperature or ice or precaution or restriction or cool or hot)
Blackmon
Heat issue
Pigs
Hogs
Swine
Overheat!
10.64
air handler
Extreme heat precautions
NYT and heat
New York Times and heat
Houston Chronicle (and heat)
Chronicle and (heat)
Dallas Morning News and heat
DMN and heat
Medlock
Jim Harrington
Texas Civil Rights Project
Civil rights project
TCRP
Lance Lowery
Lowery and (heat or hot or temp! or death or injury or injuries)
American Federation of State, County and Municipal Employees and (heat or hot or temps or temperature or death or injur!)
AFSCME and (heat or hot or temps or temperature or death or injur!)
Labored breathing
Degrees (and temperature or heat or hot or temps or precaution or restriction or cool)
(Shorts or t-shirt or tshirt) and dayroom
Tempered air

NOAA
(Heat or humidity) and matrix
deadly heat
90+
95+
100+
105+
110+
115+
120+
Fahrenheit
Thermometer
Diuretic and (drugs or meds or medication or heat or dehydrat! or precaution or restriction)
heat and (sun-light or sunlight)
Archie and White
Anselmo and Lopez
James and Moore
John and Cardwell
Ricky and Robertson
James and Shriver
Dionicia and Robles
Douglas and Hudson
McCollum
Thomas and Meyers
Robert and Webb
Togonidze
Charles and Cook
Martone
Kelly and Marcus
Kenneth and James
Daniel and Alvarado
Rodney and Adams
Albert and Hinojosa
"temperature extremes"
AD-10.64 or AD 10.64 or AD 1064 or AD 10-64
"extreme temperature"
"heat and humidity matrix" or "heat matrix" or "heat index matrix"
"cool area"
1578039 (Togonidze's inmate number)
1569761 (Webb's inmate number)
1443175 (Robles inmate number)
390315 (Shriver's inmate number)
1722504 (Hudson's inmate number)
1726849 (James' inmate number)
1797921 (Adams' inmate number)

1517660 (Alvarado's inmate number)
1457546 (Cook's inmate number)
1082681 (Hinojosa inmate number)
1128380 (Marcus inmate number)
1395315 (Martone inmate number)
680515 (Meyers' inmate number)
1041651 (Cardwell inmate number)
1172218 (Robertson inmate number)
"no work in direct sunlight"
"no temperature extremes"
"no humidity extremes"
anticonvulsant! and (heat or temp! or cool)
anticholinergic! and (heat or temp! or cool)
antihistamine! and (heat or temp! or cool)
antipsychotic! and (heat or temp! or cool)
antidepressant! and (heat or temp! or cool)
beta blocker! and (heat or temp! or cool)
diuretic! and (heat or temp! or cool)
(benztropine or Cogentin) and (heat or temp! or cool)
(biperiden or Akineton) and (heat or temp! or cool)
(hyoscyamine or Levbid) and (heat or temp! or cool)
(cyproheptadine or Perlactin) and (heat or temp! or cool)
(diphenhydramine or Benadryl) and (heat or temp! or cool)
(hydroxyzine or Atarax) and (heat or temp! or cool)
(promethazine or phenergen) and (heat or temp! or cool)
(clomipramine or Anafrail) and (heat or temp! or cool)
(desipramine or Norpramin) and (heat or temp! or cool)
(doxepin or sinequan) and (heat or temp! or cool)
(imiprimine or tofranil) and (heat or temp! or cool)
(nortriptyline or pamelor) and (heat or temp! or cool)
(atenolol or Tenormin) and (heat or temp! or cool)
(metoprotol or Lopressor) and (heat or temp! or cool)
(propranolol or Inderal) and (heat or temp! or cool)
(furosemide or Lasix) and (heat or temp! or cool)
(hydrochlorothiazide or HCTZ or HCT or HZT) and (heat or temp! or cool)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCULLOM, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, et al., | § | |
|     Defendants. | § | |

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| **KEVIN WEBB, individually and** | § | |
| **as representative of the Estate of** | § | |
| **ROBERT ALLEN WEBB, et al** | § | |
| *Plaintiff,* | § | |
|  | § | **Civil Action No. 6:13-cv-711** |
| **v.** | § | **Jury** |
|  | § | |
| **BRAD LIVINGSTON, et al** | § | |
| *Defendants.* | § | |

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to only ESI production:

A. **General Document Image Format**. Each electronic document shall be produced in single-page standard ("PDF") format. PDF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the PDF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number or Bates numbering system used by the attorney of record for this lawsuit.

D. **Redactions**. Each document containing redacted information shall be in accordance with the Court's redaction rules and as determined by the party of record producing such document.

E. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format if deemed necessary and does not go outside the Court's redaction rules or any attorney-client privilege made by the party producing the document.

F. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

G. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests tailored to the subject matter of the lawsuit.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the five most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

requesting party shall limit its e-mail production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Additionally, narrowing search criteria should be done sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 6th day of November, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE