UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, <br><br>           PLAINTIFFS <br><br>v. <br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br>           DEFENDANTS | <br><br><br><br><br><br><br>CIVIL ACTION NO.<br>3:12-cv-02037<br>JURY DEMAND |

**PLAINTIFFS' RESPONSE TO DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S EMERGENCY MOTION TO QUASH DEPOSITION**

In light of the discovery issues raised in Plaintiff's previously-filed Motion for Sanctions and Motion to Show Cause (Doc. 164), Plaintiffs are concerned that UTMB has not adequately preserved and retrieved electronically stored information such as emails, memos, and minutes. Plaintiffs are most concerned that UTMB has deleted information or may be continuing to delete information through its document retention policies. For these reasons, Plaintiffs believe it is important that the deposition of UTMB's 30(b)(6) witness on IT issues take place quickly.

Plaintiffs sent a letter to UTMB on May 6 requesting availability for a deposition of UTMB's IT director and included May 28 as a possible date. *See* **Exhibit 1.** UTMB did not directly respond. *See* **Exhibit 2.**

Plaintiffs then noticed a 30(b)(6) witness on May 14 for a May 28 deposition. *See*

**Exhibit 3**.  Plaintiffs offered to reschedule if May 28 did not work, so long as the deposition could be rescheduled to a date close to May 28.  *See* **Exhibit 4.**  Today, UTMB suggested we reschedule for next week, the week of June 2.  *See* **Exhibit 5.**  Plaintiffs spoke with UTMB's counsel about dates and locations for the deposition next week, only to learn that UTMB had changed its mind and would *not* present the witness until June 16 and would not do it in Austin where all the lawyers are. Instead UTMB would only present the witness in Galveston, thereby increasing the fees and costs for all parties.  *See* **Exhibit 6.**   Further, taking Defense counsel at her word that she is no longer available tomorrow—a fact nowhere mentioned in her correspondence today—UTMB has multiple attorneys in Austin defending this case that could defend this deposition.  Finally, as no affidavit was attached to UTMB's motion, it is unclear why Mr. Shaffer cannot appear for the deposition tomorrow and why there are no other witnesses at UTMB that could testify on the noticed topics.

For the foregoing reasons, Plaintiffs request that the deposition not be quashed and that the Court deny Defendant's motion.  In the alternative, Plaintiffs respectfully request that the Court order UTMB's 30(b)(6) witness to appear on June 2 or June 3 in Austin, where all the lawyers are located, or in Galveston at UTMB's cost, including reasonable and necessary attorneys' fees incurred to travel to Galveston.

DATED: May 27, 2014.

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Tel.    512-623-7727
Fax.   512-623-7729

By    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

**CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.