UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, <br> Plaintiffs, | § <br> § <br> § | |
| v. | § <br> § | No. 3:12-cv-02037 |
| BRAD LIVINGSTON, *et al.*, <br> Defendants. | § <br> § <br> § | |

# EXHIBIT 1 TO RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

## Declaration of Bruce R. Garcia

**STATE OF TEXAS**

**COUNTY OF TRAVIS**

## DECLARATION OF BRUCE R. GARCIA

Before me, the undersigned authority, on this date personally appeared Bruce Garcia, who, being by me first duty sworn, did depose on his oath and state as follows:

1. My name is Bruce R. Garcia, I am over 18 years of age and competent to make this affidavit. The facts stated herein are based upon my personal knowledge and are true and correct.

2. I am an Assistant Attorney General in the Law Enforcement Defense Division. In August of 2012 I was assigned the representation of the Texas Department of Criminal Justice, Warden Jeff Pringle and Executive Director Brad Livingston in the lawsuit styed *McCollum v. Livingston et al*.

3. In November of 2012, I was served with discovery requests in this matter. As was my practice and is the standard practice within the law enforcement defense division forwarded the discovery to the Texas Department of Criminal Justice-Office of General Counsel for the substantive responses. After the answers are provided, I reviewed them for completeness, signed and forwarded the responses to opposing counsel. This was my standard practice; if there was confusion or problems with an interrogatory, I would discuss the issue with the OGC rep and the answer would be amended by the responsible witness or party.

4. When responding to requests for production I would follow the same procedures. After receiving the requests, I would add in objections, and then forward to OGC for forwarding to the proper individuals for document production. In this matter, I followed that procedure for all document requests.

5. In regards to allegations regarding the emails of the executive defendants and other TDCJ officials, I was questioned regarding this specific matter by plaintiff's counsel. I spoke with OGC and expressed plaintiff's concerns. I was told that a search of the individual inboxes had been performed and no responsive emails had been obtained. Since I had represented several of these individuals in previous matters and I had never communicated by email with them, this did not strike me as particularly unusual. In my experience, the telephone was the preferred means of communication with staff because of the direct exchange of information. In addition, during my reviews of the documents obtained by the requests for production, I did not see any documents that indicated otherwise.

6. As a result, after Robert Eason became a defendant, I did not request any emails from him or his office. I believed they had been previously searched when looking for communications among the Executive Defendants. It is my understanding that Mr. Eason has produced a hard copy of his

Page **1** of **2**

working file. This file contains all the emails he received and kept regarding these matters. This has been turned over to opposing counsel.

7. In August 2013, Demetri Anastasiadis of LEDD was assigned to represent Livingston and newly added defendants William Stephens and R. C. Thaler. At no time prior to that date was I aware of the existence of any more responsive correspondence or emails subject to discovery.

8. In addition at no time was I informed of the involvement of Texas Department of Criminal Justice-Health Services Division, or its employees in this matter. On April 16, 2014, I was assigned to represent Dr. Lannette Linthicum, the Director of TDCJ Health Services in *Martone v. Livingston et al.*, United States District Court, Southern District of Texas, Houston Division. *Martone* is another of the wrongful death claims brought by counsel for *McCollum* alleging excessive heat in the Texas prisons.

9. On May 1, 2014, I traveled to Huntsville to meet with Dr. Linthicum. In that meeting I learned the role of TDCJ Health Services Division and of its roles within the prison system. I also learned of documents responsive to some of plaintiff's requests that had not been produced. I requested copies of the documents since I needed to turn those over as soon as possible. Upon exiting the meeting, I called opposing counsel and informed him of the substance of my meetings. I told him that we were in the process of obtaining those records and that we would need to postpone Dr. Linthicum's deposition for a later date after he reviewed the newly discovered information.

10. I was told that we could discuss the postponement of Dr. Linthicum's deposition at a later time.

11. Plaintiff references this discussion in his certificate of conference attached to the instant motion. Plaintiff alleges that the parties were discussing the motion currently on file as docket entry No. 164 and that we were discussing the motion for sanctions when I terminated the call. Undersigned counsel represents that a motion for sanctions was never mentioned in this call.

_____
BRUCE R. GARCIA

SUBSCRIBED and SWORN to before me on this the 30 day of May, 2014.

_____
NOTARY PUBLIC, in and for the STATE OF TEXAS

_____
Notary's Printed Name
My commission expires: _____

TRINA L. KATZ
Notary Public
STATE OF TEXAS
Commission Exp. 03-19-2016
Notary without Bond

Page 2 of 2