UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:12-cv-02037 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| Defendants. | § | |

# EXHIBIT 2 TO RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

## Declaration of Cynthia N. Milne

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Stephen McCollum**, *et al.*, | § | |
| Plaintiffs. | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02037 |
| | § | |
| **Brad Livingston**, *et al.*, | § | |
| Defendants. | § | **JURY DEMAND** |

**STATE OF TEXAS**

**COUNTY OF TRAVIS**

### DECLARATION OF CYNTHIA N. MILNE

Before me the undersigned authority, on this date personally appeared Cynthia N. Milne, who being by me first duly sworn, did depose on her oath and state as follows:

1. My name is Cynthia N. Milne. I am over 18 years of age and competent to make this affidavit. The facts stated herein are based upon my personal knowledge and are true and correct.

2. I am the Director of Litigation Support for the Office of General Counsel (OGC) of the Texas Department of Criminal Justice.

3. The duties of the Litigation Support section of OGC are to provide support for the attorneys of Law Enforcement Defense Division of the Office of the Attorney General regarding litigation in which an Assistant Attorney General (AAG) represents the agency.

4. My duties include writing policies for the Litigation Support section to be approved and signed by the General Counsel. I also train and manage four Assistant General Counsels who are assigned to cases for which support is provided to LEDD.

5. Because of limited resources, the OGC provides full support services only in regard to cases identified as having the potential to impact significantly on the agency. A copy of OGC Policy 06.09 (rev. 1) Lawsuit Evaluation Procedures. Attachment E Tracked Cases Criteria sets out the type of cases in which OGC provides full support to LEDD. The present case is tracked.

6. There is no written OGC policy regarding OGC participation in responding to discovery in tracked cases. Assistant Attorney General Bruce Garcia has described the process followed by LEDD and OGC regarding discovery. The procedure followed by an AGC is to forward the discovery to the parties to whom the discovery is addressed or who are most likely to have responsive documents or information.

7. It is unclear at this time exactly what documents are in existence among the defendants which may be responsive to disclosure obligations or to discovery already propounded but which has not been provided to plaintiffs. The attached chart indicates that there have been 2565 requests for production in the six heat related cases filed by the law firm representing plaintiffs, including plaintiffs in this case, and a total of 93 discrete discovery requests in these cases. Thousands of pages of documents have been provided in McCollum alone. OGC and defendants, with the assistance of the AGCs, have done their best to identify and disclose all responsive documents. Currently a new search has been instituted for Electronically Stored Information (ESI) that was or might have been overlooked in previous disclosures, with the assistance of defendants and TDCJ's Information Technology Division.

8. The agency has 17 departments and 128 supervisors of individual sections listed on our directory. There are over 100 prison units. The challenge to any attorney representing TDCJ, whether in LEDD or OGC, is to have a working knowledge of the agency's operations so that relevant players and information can be identified. OGC did not inform the LEDD attorneys of Health Service's information because we did not know about it.

9. OGC had not informed Mr. Garcia that Health Services maintained documentation regarding heat related offender issues because we were unaware of it ourselves. Mr. Garcia has described how he learned for the first time of the role of TDCJ's Health Services Division within the prison system. He met with Dr. Lannette Linthicum, Director of Health Services, on May 1, 2014. Mr. Garcia immediately notified Plaintiff's attorney that there might be responsive information which had not been disclosed. On May 2, 2014, OGC implemented a procedure to capture any information from Health Service and from defendants that had not been identified and retrieved.

10. Remedial measures have been taken and others will be put in effect as soon as possible. OGC 06.09 (rev. 1) Paragraph II.E sets out the procedures for distributing Notices to Retain (NTRs) for anyone identified as relevant to the facts of the case. The version of Attachment F in effect at the time NTRs were sent in this case did not include individual defendants in a case nor did it include Health Services. Only medical records (a separate source and information base from Health Services) were placed on a litigation hold in cases involving offender injuries. In response to the concerns discussed

above, Attachment F has been revised to include a specific NTR to defendants in tracked cases. In addition, Health Services will receive an NTR in tracked cases for which they may have responsive documents.

11. Our records show that NTRs in the McCollum case NTRs were sent on July 11, 2012 to the Hutchins State Jail Warden, Warden secretary, law librarian, safety officer, EAC, Serious Incident Review and Administrative review.

12. OGC 06.02 Agency Lawsuit Notification Procedure sets out the process for notifying agency management and staff of all lawsuits filed against the agency or staff. This policy and attachments will be revised to include a Notice to Retain in order to include coverage of more individuals who may have responsive information, both documentary and electronic. Finally, an OGC policy on retaining, indentifying and disclosing ESI in connection with litigation will be created.

13. OGC and defendants are cooperating fully LEDD attorneys to identify any information responsive to the Motion for Sanctions which has not been provided.

_____
Cynthia N. Milne

**SWORN TO AND SUBSCRIBED BEFORE ME** by the said Cynthia N. Milne on this the 30th day of May, 2014, to certify which witness my hand and seal of office.

MARIE FREELAND
Notary Public, State of Texas
My Commission Expires
08/23/2017
Notary Without Bond

_____
NOTARY PUBLIC in and for the STATE of TEXAS

MARIE FREELAND
Notary's Printed Name

My Commission Expires:
08-23-2017

| Date of Request | Case | Number of Individual Sets |
| --- | --- | --- |
| 11/18/2012 | McCollum v. Livingston | 1 |
| 1/23/2013 | McCollum v. Livingston | 1 |
| 2/21/2013 | McCollum v. Livingston | 2 |
| 4/2/2013 | McCollum v. Livingston | 3 |
| 6/18/2013 | McCollum v. Livingston | 7 |
| 9/27/2013 | Webb v. Livingston | 6 |
| 9/27/2013 | Togonidze v. Livingston | 6 |
| 10/2/2013 | Adams v. Livingston | 13 |
| 10/4/2013 | McCollum v. Livingston | 1 |
| 10/31/2013 | McCollum v. Livingston | 1 |
| 1/13/2014 | Hinojosa v. Livingston | 5 |
| 1/20/2014 | Martone v. Livingston | 8 |
| 1/27/2014 | McCollum v. Livingston | 1 |
| 1/31/2014 | McCollum v. Livingston | 1 |
| 4/4/2014 | Webb v. Livingston (consolidated) | 3 |
| 4/7/2014 | McCollum v. Livingston | 1 |
| 4/9/2014 | Webb v. Livingston (consolidated) | 1 |
| 5/14/2014 | Martone v. Livingston | 8 |
| 5/14/2014 | Hinojosa v. Livingston | 3 |
| 5/14/2014 | Webb v. Livingston (consolidated) | 14 |
| 5/14/2014 | McCollum v. Livingston | 7 |