UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | CIVIL ACTION NO. 3:12-cv-02037 JURY DEMAND |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | |
| DEFENDANTS | § | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS; REQUEST FOR SHOW CAUSE ORDER; AND MOTION TO COMPEL AGAINST DEFENDANT UTMB**

**APPENDIX OF EXHIBITS**

| | |
|---|---|
| **Exhibit 1** | Excerpts from Status Hearing in Webb, et al. vs. Livingston, et al. |
| **Exhibit 2** | Plaintiffs' Motion for Sanctions in Webb, et al. vs. Livingston, et al. |
| **Exhibit 3** | Defendant UTMB Responses to Plaintiff Sandra McCollum's First Request for Production |
| **Exhibit 4** | Email from Osteen concerning litigation hold |
| **Exhibit 5** | Declaration of Sean Flammer |
| **Exhibit 6** | Defendant UTMB Answers to Plaintiff Sandra McCollum's First Set of Interrogatories |
| **Exhibit 7** | Email regarding Kimberly McLearen |
| **Exhibit 8** | Email from Jerri Robison |
| **Exhibit 9** | Plaintiffs' Notice of Intention to Take the Deposition of Glenda Adams, M.D. |
| **Exhibit 10** | Defendant UTMB Motion for a Protective Order |
| **Exhibit 11** | Defendant UTMB Amended Motion for a Protective Order |
| **Exhibit 12** | Declaration of Jeff Edwards |
| **Exhibit 13** | Declaration of Scott Medlock |
| **Exhibit 14** | Declaration of Robert Shaffer |
| **Exhibit 15** | Email from Shanna Molinare |

# Exhibit 1

1

1           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF TEXAS
2                 TYLER DIVISION

3    EDNA WEBB, ET AL         |  DOCKET 6:13CV711
                              |
4                             |  APRIL 7, 2014
     VS.                      |
5                             |  1:31 P.M.
                              |
6    BRAD LIVINGSTON, ET AL   |  TYLER, TEXAS

7    -----------------------------------------------

8         VOLUME 1 OF 1, PAGES 1 THROUGH 69

9       REPORTER'S TRANSCRIPT OF STATUS CONFERENCE

10        BEFORE THE HONORABLE JOHN LOVE
          UNITED STATES MAGISTRATE JUDGE
11
     -----------------------------------------------
12

13   FOR THE PLAINTIFFS:   JEFFREY SCOTT EDWARDS
                           EDWARDS LAW
14                         THE HAEHNEL BUILDING
                           1101 EAST 11TH STREET
15                         AUSTIN, TEXAS 78702

16

17   FOR THE TDCJ UNIT DEFENDANTS UP TO THE REGIONAL DIRECTOR
     AND THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE:
18
                           BRUCE RUSSELL GARCIA
19                         OFFICE OF THE ATTORNEY GENERAL
                           DEFENSE DIVISION
20                         300 W 15TH STREET, 7TH FLOOR
                           AUSTIN, TEXAS 78701
21

22
     FOR THE DEFENDANTS DIRECTOR LIVINGSTON, STEPHENS
23   AND THALER:
                           MAURICE LAWRENCE WELLS
24                         OFFICE OF THE ATTORNEY GENERAL
                           LAW ENFORCEMENT DEFENSE DIVISION
25                         POST OFFICE BOX 12548
                           AUSTIN, TEXAS 78711-2548

53

1  relevant to the deaths at issue in these cases."

2          And now that these cases have been

3  consolidated -- and the significant fact about Mr. Adams'

4  case, Mr. Adams died of heat stroke in 2012 after ten

5  people died the summer of 2011.  So, the studies and what

6  they do and how they review them, they're very important

7  to the case.

8          THE COURT:  Okay.  All right.  I've got your

9  position.

10          MR. EDWARDS:  Okay.

11          THE COURT:  Let me hear from Ms. Coogan.  I

12  think you responded.  So, your response?

13          MS. COOGAN:  Yes, your Honor.  As to the peer

14  review documents, there were no peer reviewed -- these

15  cases were not peer reviewed; and, so, we don't have any

16  documents to produce.

17          As to the M and M, what are called "mortality

18  and morbidity," we have attached sworn testimony, unlike

19  Mr. Edwards, as to how these records are kept and who

20  reviews them.  In short, TDCJ has a committee and there

21  are different people on it -- some people from UTMB, some

22  people from Texas Tech, some people that the governor

23  appoints -- and they review all the deaths.  Those are

24  the records that he's asked for.  We physically do not

25  have them, and we are also physically not the custodian

1 of them.  That is attached as an affidavit.

2            THE COURT:  And the custodian and who has

3 possession of them is?

4            MS. COOGAN:  We believe -- because it isn't

5 us; we can only swear to ourselves -- that it's TDCJ.

6            THE COURT:  Mr. Garcia raised his hand; so,

7 I'm presuming that's -- okay.  Well, let me stop you

8 there.

9            Mr. Garcia, if you're in possession of these,

10 they sound relevant to me.  They should be produced.

11 What's TDCJ's position?

12            MR. GARCIA:  Well, the TDCJ position is that

13 these are actually documents that are in our care,

14 custody, and control because we have the employee who

15 gathers them and has access to them.  Mr. Edwards is

16 right.  This is a committee that is made up -- it is the

17 Correctional Managed Health Care Committee.  It is made

18 up of officials from UTMB, TDCJ, Tech, and some governor

19 appointed officials.

20            The problem is that this committee only

21 answers to the governor and the legislature.  They don't

22 actually answer to UTMB or TDCJ or to anybody else; so,

23 they are kind of this super-different committee that --

24 honestly, in my experience I've never dealt with them.

25            Now getting to the issue, they do mortality

April 7, 2014, Status Conference

69

1          MS. COOGAN:  No, your Honor.

2          THE COURT:  All right.  Thank you very much

3    for your time.  We're adjourned.

4          (Proceedings concluded, 2:59 p.m.)

5    COURT REPORTER'S CERTIFICATION

6          I, court approved transcriber, hereby certify

7    on this date, May 21, 2014, that the foregoing is a

8    correct transcript from the official electronic sound

9    recording of the proceedings in the above-entitled

10   matter.

11   _Christina Bickham_____

     CHRISTINA L. BICKHAM,     CRR,     RMR

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, individually and<br>as representative of the Estate<br>of ROBERT ALLEN WEBB, et al.,<br> *Plaintiff*, | § § § § § | |
| | § | Civil Action No. 6:13-cv-711 |
| v. | § § | CONSOLIDATED ACTIONS |
| BRAD LIVINGSTON, et al<br> *Defendants*. | § § | |

---

| | | |
|---|---|---|
| ASHLEY ADAMS, individually and as<br>the representative of the Estate of<br>RODNEY GERALD ADAMS, and<br>WANDA ADAMS, individually, et al.,<br> *Plaintiffs*, | § § § § § § § | |
| v. | § § § | Civil Action No. 6:13-cv-712 |
| Brad Livingston, et al<br> *Defendants*. | § § | |

---

| | | |
|---|---|---|
| GWEN TOGONIDZE, as the next friend<br>of J.T., a minor child and heir-at-law to<br>the ESTATE OF ALEXANDER<br>TOGONIDZE,<br> *Plaintiff*, | § § § § § § | |
| | § | Civil Action No. 6:14-cv-00093 |
| v. | § § | |
| BRAD LIVINGSTON, et al<br> *Defendants*. | § § | |

---

**PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS**

Plaintiffs seek discovery sanctions against Defendant University of Texas Medical Branch for false representations made to the Court, and in response to Plaintiffs' discovery requests.[1] Plaintiffs requested documents routinely reviewed by the Texas Department of Criminal Justice and University of Texas Medical Branch following a prisoner's death. While litigating a motion to compel the production of these documents, UTMB made false statements about the existence of the documents to Plaintiffs' counsel and the Court. Plaintiffs ask the Court award discovery sanctions.

## I.    HISTORY OF THE DOCUMENT REQUEST

At first, UTMB asserted the documents were privileged, and refused to produce them. Ex. 1, UTMB's Original Responses to Plaintiffs' Requests for Production, No. 25. Because the documents are not privileged in federal litigation, Plaintiffs filed a motion to compel. Doc. 87.

Then, as the motion to compel was filed, UTMB told the parties and the Court the documents did not exist. Ex. 2, UTMB's Amended Responses to Plaintiffs' Requests for Production, No. 25. *See also* Doc. 89, UTMB's Response to Plaintiffs' Motion to Compel, p. 3.

In fact, during a hearing before Magistrate Judge John Love on April 7, 2014, UTMB misrepresented to the Court that no responsive documents existed. *See* Doc. 95 ("Defendant UTMB asserted in its response that it had produced all documentation in its control with regard to the first request for production; and that with regard to the second request for production, it had 'None.' Expanding those answers, UTMB further stated

---

[1] This motion was originally filed as part of Plaintiffs' response to UTMB's motion for *in camera* review of the disputed documents. (Doc. 104). To comply with Local Rule CV-7(a), Plaintiffs file this document separately.

that no peer review was requested of UTMB and, therefore, none was conducted from which any documents existed.") (internal citations omitted).

And now, after the issue has been briefed, after the parties travelled to Tyler for a hearing, and after TDCJ produced documents in its possession to the Court for review, UTMB has now mysteriously found responsive documents that it would now also like reviewed *in camera*. Doc. 102, p. 2.

## II.    UTMB SHOULD BE SANCTIONED

UTMB's flagrant abuse of discovery should be sanctioned.[2] At this time, however, because Plaintiffs do not know what information is in the withheld documents, they cannot assess what a proper sanction would be. Thus, at this juncture, Plaintiffs only request a show cause order explaining why UTMB made flagrant misrepresentations to the parties and the Court, and the attorneys' fees necessary to brief this issue. After production of the documents, Plaintiffs request the opportunity to evaluate the documents and then determine what additional sanction, if any, they wish to request.

### A.    A Show Cause Order Should be Issued

At a minimum, a show cause order is needed here as Plaintiffs no longer have any confidence in UTMB's ability to identify and produce documents in discovery. This is not the only request where UTMB says its responsive documents are "none." For example, UTMB has produced no emails, internal correspondence, or inmate grievances regarding heat or high temperatures in TDCJ facilities. *See* Ex. 2, p. 4 (RFP No. 2).

---

[2] After discussions with counsel for the Defendants, Plaintiffs believe that UTMB's counsel's misrepresentations to the Court were not knowing or willful, and that UTMB withheld information from her. Plaintiffs do not seek sanctions against her, personally. UTMB, however, has been, at best, obstinate and incompetent, both with Plaintiffs and its own lawyer. At worst, it has willfully withheld documents from its own attorney.

UTMB represents it has no documents Defendant Owen Murray reviewed about heat-related injuries. *Id.*, p. 5 (RFP No. 7). UTMB claims it has no logs showing heat indexes or temperatures recorded at the Hodge Unit when Mr. Webb died. *Id.*, p. 6 (RFP No. 13). UTMB claims it has no documents presented to the Correctional Managed Healthcare Committee related to high temperatures or heat indexes. *Id.*, p. 6-7 (RFP No. 14). Plaintiffs simply cannot take it on faith any more that there are no documents responsive to Plaintiffs' requests.[3]

Before Plaintiffs can even decide what sanction to ask for, UTMB should be ordered to make a correct representation about what documents exist, what search criteria – if any – it utilized, and who conducted these searches for each of Plaintiffs' discovery requests. Plaintiffs should not be forced to litigate this case in the dark – especially as UTMB has now made false representations in open court.

B.    *Plaintiffs are Entitled to Attorneys' Fees*

As part of the underlying Motion to Compel (Doc. 87), Plaintiffs' counsel requested attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5). The Court "must" award fees, unless (1) the movant failed to confer in good faith before filing the motion, (2) the opposing party's legal position was "substantially justified," or (3) "other circumstances" make awarding fees unjust. *See id*.

---

[3] This is also not the first time UTMB found documents in its possession after first telling a court it did not have any responsive documents. In a related case filed in the Southern District of Texas, *Hinojosa v. Livingston*, 2:13-CV-319 (S.D. Tex.), UTMB filed a motion for a protective order asserting that it did not have custody of autopsy reports the plaintiff requested. *Hinojosa*, Doc. 32, p. 4. Then, five days later, UTMB was forced to file an amended motion stating that it did have custody of the documents, but that the autopsies were not relevant. Counsel for the parties are the same in this case and in *Hinojosa*.

Here, the only issue is whether UTMB's position was "substantially justified."[4] Regardless of the justification for originally withholding the documents, falsely claiming documents do not exist and making false representations to the Court can never be justified *at all*, much less "substantially" justified. These misrepresentations have actually prejudiced Plaintiffs by requiring their counsel to brief and argue these issues. Furthermore, Plaintiffs have had to delay conducting depositions (including the depositions limited to qualified immunity of Owen Murray, UTMB's director of correctional health care) while fighting for these documents. UTMB's obstinacy is actually delaying the resolution of this case, and forcing Plaintiffs' counsel to expend scarce resources fighting this discovery battle.

Thus, Plaintiffs are entitled to an award of attorneys' fees for the time spent preparing the original motion, the reply, and this response.[5]

Plaintiffs attorneys' fees are as follows:

*Original Motion* (Doc. 87)

| | | | | |
|---|---|---|---|---|
| Scott Medlock | 2 hours | $350/hour | = | $700 |
| Jeff Edwards | 0.5 hours | $450/hour | = | $225 |

---

[4] Plaintiffs' conferred with UTMB's counsel prior to filing the underlying motion to compel. *See* Doc. 87, Ex. 5. And here the "other circumstances" – UTMB's blatant misrepresentations – make an award of fees necessary, not "unjust."

[5] In a related case where UTMB's discovery tactics were sanctioned, the Northern District of Texas awarded Plaintiffs counsel $450 an hour for Jeff Edwards, and $350 an hour for Scott Medlock. *See McCollum v. Livingston*, Civil Action No. 3:12-cv-02037, Doc. 137, p. 9 (N.D. Tex. – Dallas, Feb. 24, 2014) (Tolliver, Mag. J.).

*Reply* (Doc. 91)[6]

| | | | | |
|---|---|---|---|---|
| Scott Medlock | 2.5 hours | $350/hour | = | $875 |
| Jeff Edwards | 1 hour | $450/hour | = | $450 |

*Preparation for Hearing on Motion to Compel*

| | | | | |
|---|---|---|---|---|
| Jeff Edwards | 3.5 hours | $450/hour | = | $1,575[7] |

*Response to Motion for In Camera Review and Motion for Sanctions*

| | | | | |
|---|---|---|---|---|
| Scott Medlock | 3.5 hours | $350/hour | = | $1,225 |
| Jeff Edwards | 1.5 hours | $450/hour | = | $765 |

Thus, Plaintiffs request an award of $5,815 for the time and expense spent litigating this issue.

## CONCLUSION

Plaintiffs request the Court deny the motion for *in camera* review, order the immediate production of the documents, issue a show cause order requiring UTMB to explain how these false representations were made to the parties and the Court, and award attorneys' fees to Plaintiffs.

Dated: April 17, 2014.

---

[6] The time required to brief the Reply is especially egregious because UTMB's Response (Doc. 89, p. 4) argued that it could not produce the documents because it did not have custody of them. While the issue of whether a federal peer review privilege exists had already been researched and briefed, the bulk of the time drafting the response was focused on whether UTMB had "control" of the documents sufficient to require their production. *See* Doc. 91, pp. 4-5.

[7] This does not include any time spent traveling 4 hours each way to Tyler for the hearing because the scheduling conference was held at the same time.

6

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
      Tel.    512-623-7727
      Fax.    512-623-7729


By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
c/o TRLA 4920 N. I-35
Austin, TX 78751
(512) 474-5073 [phone]
(512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFFS


CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Eastern District of Texas.

By     /s/ Jeff Edwards
JEFF EDWARDS

7

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
| *Defendants.* | § | |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S RESPONSES TO
PLAINTIFF SANDRA McCOLLUM'S FIRST REQUESTS FOR PRODUCTION**

TO:   Sandra McCollum, by and through her attorney of record, Jeff Edwards, The Edwards
Law Firm, 1101 E. 11th Street, Austin, Texas 78702 and Scott Medlock, Texas Civil
Rights Project, 1405 Montopolis Drive, Austin, Texas 78741.

The University of Texas Medical Branch, Defendant in the above-styled and numbered

cause, offers the following Responses to Plaintiff's First Requests for Production.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas  78711

1

(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH**

**CERTIFICATE OF SERVICE**

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Responses to Plaintiff Sandra McCollum's First Requests for Production** has been served by placing same in the United States Mail on this the 2nd day of August, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas  78741

Bruce Garcia                    (Via Hand Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711


KIM COOGAN
Assistant Attorney General

## REQUESTS FOR PRODUCTION

1. Please produce all documents or other physical or tangible evidence related to, referred to, identified in, or that formed the basis of any answer to the previous interrogatories, identifying the specific interrogatory to which that document or evidence is related.

**RESPONSE:** **See attached medical records (bates 1-23); medication compliance report (bates 24-25); CMC Policy "Health Appraisal of Incoming Offenders E-34.1" (bates 26); CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

2. Please produce copies of all relevant policy documents governing procedures that were in place during 2011 at the Hutchins Unit related to heat, temperature, or heat index. The request includes any rules of policies governing acceptable temperatures in TDCJ inmate housing areas during the summer months or other periods of high temperatures.

**RESPONSE:** **See attached CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

3. Please produce all documents that describe, or are used in, or are otherwise related to the training of UTMB employees at the Hutchins Unit related to high temperatures at the prison prior to July 22, 2011.

**RESPONSE:** **See attached CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

4. Please produce all current documents that describe, or are used in, or are otherwise related to the training of UTMB employees at the Hutchins Unit related to high temperatures in the prison.

**RESPONSE:** **See attached CMC Policy "Heat Stress B-15.2(bates 27-34); Administrative Directive 10.64 "Temperature Extreme in the TDCJ Workplace" (bates 35-45); CMC Policy "Offender Medical and Mental Health Classification and Guidelines AD-08.4 (bates 46-51); heat training documents (bates 52-72); Accreditation Certification certificates 2010-2016 (bates 73-74).**

5. Please provide all medical and infirmary records related to Larry McCollum, while he was incarcerated by TDCJ.

3

**RESPONSE:**   See attached medical records (bates 1-23) related to the 2011 incarceration.

6.  Please produce all documents concerning when rounds, welfare checks, or other observations (medical or otherwise) were performed to check on Larry McCollum while he was in the Hutchins Unit.

**RESPONSE:**   See attached medical records (bates 1-23) related to the 2011 incarceration. Other than these, none.

7.  Please produce all documents related to any investigation conducted into Larry McCollum's death, including, but not limited to, any autopsy, investigation by the TDCJ Office of the Inspector General, investigations conducted by any other law enforcement body (including, but not limited to the Texas Department of Public Safety) and/or any investigation or peer review conducted by the University of Texas Medical Branch (or any other entity providing medical care to Larry McCollum).

**RESPONSE:**   OBJECTION. Defendant objects to the extent this request seeks information protected by the V.T.C.A. Health and Safety Code §161.032, V.T.C.A. Occupations Code §160.007, or §303.006. Defendant does not have care, custody or control of investigations, if any, created by law enforcement or other entities. Subject to these objections, UTMB has no responsive documents.

8.  Please produce the autopsies of all inmates who have died in the Hutchins Unit since January 1, 2001.

**RESPONSE:**   OBJECTION. This request is overbroad in both scope and time, and seeks information not reasonably related to any material issue in this case. Further, UTMB does not keep records by this type of category. UTMB does not request autopsies, TDCJ does this. Medical records maintained by UTMB in the regular course of business are only medical records maintained by patient. UTMB does not create or keep records by death or existence of autopsy.

9.  Please produce all documents related to the inmate heat injury in any TDCJ facility where UTMB provides medical care between 2007 and 2012.

**RESPONSE:**   OVERBROAD. This request is over broad in both scope and time. This request is vague as to "the heat injury". This request is vague as to the documents it seeks. UTMB is not in the care, custody or control of records created by law enforcement, TDCJ or other entities. Therefore, UTMB has no records responsive to this request.

10. Please produce all documents showing temperatures and heat indexes recorded at the Hutchins Unit from January 1, 2007 to the present.

**RESPONSE:**   None.

11. Please produce all documents presented to the University of Texas Medical Branch related to heat, temperature, heat index, or air conditioning at any TDCJ facility from January 1, 1993 to the present.

**RESPONSE:** **OBJECTION VAGUE. Subject to this objection, none. UTMB does not have heat logs, if any, generated by TDCJ, NOAA or any other source.**

12. Please produce all accreditation reports generated by any accrediting bodies since January 1, 2007 pertaining to the Hutchins Unit.

**RESPONSE:** **OBJECTION. This request seeks information irrelevant to any material issue in this case an unlikely to lead to the discovery of admissible evidence. However, UTMB was accredited in 2010 and is to this day. Copies of the accreditation certificates are attached as Accreditation Certification certificates 2010-2016 (bates 73-74).**

13. Please produce all audio or video recordings of Larry McCollum.

**RESPONSE:** **None.**

5

# Exhibit 4

## Osteen, Jennifer K.

| | |
|---|---|
| **From:** | Osteen, Jennifer K. |
| **Sent:** | Tuesday, May 13, 2014 2:48 PM |
| **To:** | Osteen, Jennifer K. |
| **Cc:** | Bremond, Carolanda; King, Carolee A. (Legal); Murray, Owen J.; Shaffer, Robert V.; Perrin, Louis E. |
| **Subject:** | Litigation Hold |
| **Attachments:** | Document Preservation Notice.pdf; ESI Questionaire.pdf |

**CONFIDENTIAL: ATTORNEY/CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT**

Per our legal counsel and as an agent of this department, please note the following:

As a result of a potential claim against the University of Texas Medical Branch at Galveston ("UTMB") by **_Rodney Adams, Douglas Hudson, Albert Hinojosa, Kenneth James, Michael Martone, Larry McCollum, Alexander Togonidze, and Robert Webb_**, UTMB and/or its employees must preserve all documents and electronically stored information ("ESI") that may be relevant to the claims in this potential matter regardless of UTMB's document retention policies. This email is being addressed to you because you may have documents and ESI (electronically stored information) related to these claims. Thus, attached for your review is a Document Preservation Notice and ESI Questionnaire. Please comply with this Document Preservation Notice, acknowledge receipt of the Document Preservation Notice, and return to Scott Martindale at psmartin@UTMB.EDU **within five (5) business days.** Additionally, please complete the ESI Questionnaire and return to Scott Martindale, Louis Perrin, and Cheryl Welch within five (5) business days. If you do not have any relevant materials, please indicate on the Document Preservation Notice and ESI Questionnaire.

Please remember that UTMB maintains a Non-Retaliation Policy – IHOP Policy 6.1.2, and all supervisors are responsible for enforcing the policy. **Finally, please do not discuss the claims at issue or the contents of this email with anyone without first discussing them with UTMB's Department of Legal Affairs.**

If you have any questions or concerns regarding this request, please do not hesitate to contact me.

Thank you in advance for your assistance with this matter.

**Jennifer K. Osteen**
Litigation Support Manager
UTMB Department of Legal Affairs

301 University Blvd., Galveston, TX 77555-0171
(409)747-8725 Direct  (409)-747-8741 FAX

 Health

Working together to work wonders.™

The information contained in this e-mail constitutes attorney work product and is a confidential communication made for the purpose of facilitating the retention of professional legal services to the client. If you have

received this information in error, please immediately notify the sender to arrange for the return of the information. Thank you.

| **IMPORTANT DOCUMENT PRESERVATION NOTICE** | **PRIVILEGED & CONFIDENTIAL ATTORNEY/CLIENT COMMUNICATION ATTORNEY WORK PRODUCT** |
|---|---|

**PLEASE READ THOROUGHLY AND ACKNOWLEDGE RECEIPT IMMEDIATELY**

| **TO** | Distribution List | **DATE** | May 13, 2014 |
|---|---|---|---|
| **FROM** | UTMB's Department of Legal Affairs | | |

The University of Texas Medical Branch at Galveston ("UTMB") is aware of a pending litigation matter (the "Matter"). UTMB is legally required to preserve all electronic and tangible documents, data or things ("Material") relevant to the currently apparent scope of the Matter, and to cease destruction, whether manual or automated, of such Material.

Materials subject to this request include correspondence, memoranda, notes, e-mails and attachments, electronic or computerized data compilations, spreadsheets, photographs, diaries, files, minutes, work papers, telephone or sound recordings, voice mails, instant messages, personal digital assistant data found on Blackberry, Palm Pilot or similar devices, cell phone and text or image files. Documents may be stored on your work computer or laptop hard drive, Blackberry, home computer, servers, thumb drives, flash memory cards, CDs, DVDs, or other media.

Your failure to heed carefully to this Document Preservation Notice may expose UTMB to adverse consequences including monetary sanctions and criminal charges of obstruction of justice, and could expose employees to disciplinary action up to and including termination.

If you are aware of someone within UTMB who may possess relevant Material, but did not receive this Document Preservation Notice, or if you observe responsive Materials being destroyed or discarded, please notify the Contact Person listed below.

This notice takes precedence over UTMB's document retention schedules until further written notice. Questions may be addressed to the below designated contact person.

| **NAME OF MATTER AND COURT/AGENCY** | Civil Action No. 6:13-cv-712; *Ashley Adams v. Livingston, et al*; in the Tyler Division in the Eastern District of Texas

Civil Action No. 2:13-cv-00319; *Ramona Hinojosa v. Livingston, et al.;* in the Corpus Christi Division in the Southern District of Texas

Civil Action No. 4:13-cv-03369; *Roxanne Martone v. Livingston, et al.;* in the Houston Division in the Southern District of Texas

Civil Action No. 3:12-cv-02037L; *Stephen McCollum v. Livingston, et al.;* in the Dallas Division in the Northern District of Texas

Civil Action No. 6:14-cv-00093; *Gwen Togonidze v. Livingston, et al*; in the Tyler Division in the Eastern District of Texas

Civil Action No. 6:13-cv-711; *Kevin Webb v. Livingston, et al*; in the Tyler Division in the Eastern District of Texas |
|---|---|
| **NATURE AND SCOPE OF MATTER** | In these actions, the plaintiffs allege UTMB violated the Americans with Disabilities Act of 1967 and the Rehabilitation Act of 1973 by failing to accommodate the plaintiffs' alleged disabilities, namely medical conditions that made them susceptible to heat-related illnesses. Specifically, the plaintiffs assert that UTMB should have modified or restricted their housing assignments and provided them protection from the extreme heat. Additionally, the plaintiffs have filed 42 U.S.C. § 1983 claims against some UTMB employees for alleged deliberate |

indifference to their serious medical needs.

| | |
|---|---|
| **TYPES OF MATERIAL TO BE PRESERVED** | All documents, whether printed or electronic, concerning Rodney Adams, Douglas Hudson, Albert Hinojosa, Kenneth James, Michael Martone, Larry McCollum, Alexander Togonidze, and Robert Webb. All documents, whether printed or electronic, concerning heat, heat stress, heat exhaustion, heat illness, heat-related illness, heat cramps, heat stroke, heat death, hyperthermia, hot temperatures, air conditioning, AC, and/or heat restrictions. All documents, whether printed or electronic, concerning complaints, grievances, reports, investigations, peer reviews, administrative reviews, medical committee reviews, or quality reviews involving offender illnesses and/or deaths as a result of a heat-related illness. |
| **TIME PERIOD AND SCOPE** | Documents dated from _**January 2007**_ to the present should be preserved, including all documents created or prepared during that time period or hereafter, or referring or relating to that period, regardless of when the document was created or prepared. |
| **METHOD OF PRESERVATION** | Preserve Materials within your possession or control to ensure they are not inadvertently deleted but do not take any other further action at this time, such as copying or forwarding Materials to the UTMB's Department of Legal Affairs.  These Materials should remain where they are kept in the usual course of business until further notice.  You may receive additional communications about what you should do with your preserved Materials. |
| **COMMUNICATIONS WITH LEGAL SERVICES** | Attorneys from UTMB and/or the Attorney General's Office may contact you to discuss the Matter and the specific categories of Materials.  Please cooperate fully with UTMB's Department of Legal Affairs and/or the Attorney General's Office.  Your communications with UTMB's lawyers generally are privileged and confidential as to the Organization.  Therefore, please do not discuss the nature or substance of these conversations with others outside the Institution.  If you are contacted by anyone who is not affiliated with UTMB or with the Attorney General's Office, please do not discuss the Matter and contact Carolanda Bremond. |
| **DESIGNATED CONTACT PERSON** | Carolanda Bremond<br>Senior Legal Officer<br>Phone: (409) 747-8750<br>E-mail:  cabremon@UTMB.EDU<br><br>Jennifer Osteen<br>Litigation Support Manager<br>Phone:  (409) 747-8725<br>E-mail:  josteen@UTMB.EDU<br><br>Scott Martindale<br>Clerk III<br>Phone:  (409) 747-8755<br>E:-Mail:  psmartin@UTMB.EDU |

You must acknowledge receipt of this Document Preservation Notice.

☐ I have relevant paper or tangible Material      ☐ I have relevant electronic Material      ☐ I have no relevant Material

_____        _____

Signature                                                     Printed Name                                     25

_Privileged and Confidential:  Attorney Client and Attorney Work-Product Privileges Apply_

**CONFIDENTIAL:  ATTORNEY - CLIENT COMMUNICATION AND ATTORNEY WORK PRODUCT**
**ELECTRONICALLY STORED INFORMATION QUESTIONNAIRE**

To assist in identifying electronically stored information (ESI) as part of managing the pending claims/lawsuits in the <u>May 13, 2014 Document Preservation Notice</u>, please complete the following questionnaire.  <u>If you are certain a named electronic device or component contains no information related to the claim or lawsuit at issue, answer "no" to the Relevant Data questions.</u>

_____     _____
(Print Name)                                     (Date)

_____     _____
(Signature)                                     (Phone)

                                                 _____
                                                   (Email)

## ELECTRONICALLY STORED INFORMATION

**ELECTRONIC DEVICES.**  Provide information for each type of computer, personal digital assistants (PDAs) or other electronic device that you use.  If you have multiple devices, identify them under "Other."

| DEVICES USED | PERSONAL, WORK, OR BOTH? | RELEVANT DATA? |
|---|---|---|
| ☐ Desktop | _____ | ☐ Yes  ☐ No |
|     If "Yes," what is the name/location of the folder it is in: _____ | | |
| ☐ Laptop/Notebook | _____ | ☐ Yes  ☐ No |
|     If "Yes," what is the name/location of the folder it is in: _____ | | |
| ☐ PDA | _____ | ☐ Yes  ☐ No |
| ☐ Digital Camera | _____ | ☐ Yes  ☐ No |
| ☐ Cell Phones | _____ | ☐ Yes  ☐ No |
| ☐ Answering Machine | _____ | ☐ Yes  ☐ No |
| ☐ Other (Specify) _____ | _____ | ☐ Yes  ☐ No |

_____

    If "Yes," what is the name/location of the folder it is in: _____

**DATA STORAGE.**  List other places where you store electronic data.  If you have multiple devices, identify them under "Other."

| DEVICES USED | PERSONAL, WORK, OR BOTH? | RELEVANT DATA? |
|---|---|---|
| ☐ Network/Server | _____ | ☐ Yes  ☐ No |
| ☐ Filenet | _____ | ☐ Yes  ☐ No |
| ☐ Worksite | _____ | ☐ Yes  ☐ No |
| ☐ External Hard Drive | _____ | ☐ Yes  ☐ No |
| ☐ Thumb Drive | _____ | ☐ Yes  ☐ No |
| ☐ Flash Drive | _____ | ☐ Yes  ☐ No |
| ☐ CD | _____ | ☐ Yes  ☐ No |
| ☐ DVD | _____ | ☐ Yes  ☐ No |
| ☐ Tape | _____ | ☐ Yes  ☐ No |
| ☐ Diskette | _____ | ☐ Yes  ☐ No |
| ☐ Floppy Disks | _____ | ☐ Yes  ☐ No |
| ☐ Voicemail | _____ | ☐ Yes  ☐ No |
| ☐ SharePoint/other protected sites | _____ | ☐ Yes  ☐ No |
| ☐ Databases | _____ | ☐ Yes  ☐ No |

☐ **Record Software** _____     ☐ Yes   ☐ No
☐ **Other Storage Devices** _____     ☐ Yes   ☐ No
**(Specify)** _____     _____     ☐ Yes   ☐ No
_____     _____     ☐ Yes   ☐ No

If you circled "Yes" above, please identify the device and the name/location of the folder the relevant data is in, if you know:

**Device** _____     **File Location** _____
**Device** _____     **File Location** _____
**Device** _____     **File Location** _____
**Device** _____     **File Location** _____

**MAIL SERVICE.** List the e-mail services that you use entirely or in-part for work, including departmental or shared mailboxes(i.e. Outlook, Yahoo, AOL, Gmail).

| TYPE | PERSONAL OR SHARED? | RELEVANT DATA |
|------|---------------------|---------------|
| _____ | _____ | ☐ Yes   ☐ No |
| _____ | _____ | ☐ Yes   ☐ No |
| _____ | _____ | ☐ Yes   ☐ No |

If you circled "Yes" above, please identify the name/location of the folder it is in, if you know:

**Device** _____     **File Location** _____
**Device** _____     **File Location** _____
**Device** _____     **File Location** _____

**IDENTIFY ENCRYPTED OR PASSWORD PROTECTED FILES OR DOCUMENTS:**
_____
_____
_____

**IDENTIFY ESI SUBJECT TO THIS LITIGATION HOLD THAT YOU BELIEVE TO BE CONFIDENTIAL UNDER ANY STATUE, POLICY OR PROCEDURES:**
_____
_____
_____

**PLEASE RETURN THIS COMPLETED FORM TO: Scott Martindale, Clerk III, at 4.254 Rebecca Sealy, Mail Route 0171, Telephone:  (409) 747-8755, Email:  psmartin@UTMB.EDU within five (5) working days of receipt _and_ send a completed copy to the following:**

Louis Perrin                          Cheryl Welch
Senior Security Analyst               Employee Records Manager
4.440 Administration Building         2.216 Administration Building
Mail Route 0113                       Mail Route 0143
Telephone:  (409) 772-3852            Telephone:  (409) 747-7988
Email: leperrin@utmb.edu              Email: crwelch@utmb.edu

**An IT Representative will contact you in order to preserve or collect any relevant ESI that you have identified in this questionnaire.**

27

_Privileged and Confidential:  Attorney Client and Attorney Work-Product Privileges Apply_

# Exhibit 5

STATE OF TEXAS            §
                         §
COUNTY OF TRAVIS          §

## DECLARATION OF SEAN FLAMMER

BEFORE ME, the undersigned authority, on this date personally appeared Sean Flammer, who being by me first duly sworn, did depose on his oath and state as follows:

1. My name is Sean Flammer. I am over the age of eighteen, of sound mind, and am in all ways competent to make this affidavit. The facts stated herein are based upon my personal knowledge and are true and correct.

2. I am an attorney at Edwards Law. Jeff Edwards and Scott Medlock are the two other attorneys at Edwards Law.

3. I deposed an agency representative on May 30, 2014 following the Court's May 29th hearing setting the deposition. UTMB presented Robert Shaffer. The notice of that deposition is attached as **Exhibit A**. The notice sought an agency representative on 14 specific topics. The witness indicated that he was not UTMB's witness on at least 6 of the 14 topics (topics, 1, 2, 3, 6, 13, and 14). No other representative was presented at the deposition. One of the topics was

> The date and scope of any litigation holds, preservation letters, etc. that were sent from outside counsel to UTMB and/or that were communicated internally within UTMB regarding any litigation regarding the heat conditions in Texas prisons.

4. The witness supplied a few documents in response to a subpoena for documents. One of those documents was the May 13, 2014 litigation hold email that is exhibit 4 to Plaintiffs' *Reply*. When asked about this email, the witness did not know who received the litigation hold except those names listed on the face of the email.

5. On May 22, I called UTMB counsel, Kim Coogan, to discuss the search for documents UTMB is conducting. On that phone call, Ms. Coogan told me for the first time that King & Spalding was involved in UTMB's document retrieval and/or production. This was the first I learned of King & Spalding's involvement. I relayed this to both Jeff Edwards and Scott Medlock, both of whom told me that they had not heard of King & Spalding's involvement before that date.

6. I spent 16.6 hours researching, drafting, and revising the reply to UTMB's response to the motion for sanctions.

Further, Affiant sayeth not.



Sean Flammer

SUBSCRIBED and SWORN TO before me, by the said Sean Flammer, on this the 2nd day of June, 2014, to certify which witness my hand and seal of office.

Notary Public in and for the State of Texas

My commission expires: 7|19|17

LINDSEY MARIE KNAPTON
Notary Public, State of Texas
My Commission Expires
July 19, 2017

30

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, | § § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | CIVIL ACTION NO. 3:12-cv-02037 |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | |
| DEFENDANTS | § | |

**PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF RULE 30(b)(6) WITNESS(ES) AND SUBPOENA DUCES TECUM**

TO:   UTMB, by and through its attorney, Kim Coogan, Office of the Attorney General, P.O. Box 12548, Austin, TX 78711-2548, (512) 495-9139 (fax).

PLEASE TAKE NOTICE that Plaintiffs will take the oral deposition of Rule 30(b)(6) witness(es) knowledgeable about the topics identified in **Exhibit A** before a court reporter and notary public for the State of Texas, pursuant to Federal Rule of Civil Procedure 30.

The deposition will be taken at 300 West 15th Street, 7th Floor, Austin, Texas 78701, on May 28, 2013 at 9:00 AM and continuing thereafter until completed. The deposition will be recorded stenographically and/or on video. The deposition is for the purpose of discovering, securing, and completing testimony of Defendant UTMB.

In accordance with Rule 30, the deponent(s) is/are directed to produce at the time of the deposition the documents identified in **Exhibit B**.

1

Dated:  May 14, 2014.

                                        Respectfully submitted,


                                        _____
                                        Jeff Edwards
                                        State Bar No. 24014406
                                        Scott Medlock
                                        State Bar No. 24044783
                                        Sean Flammer
                                        Sta te Bar No. 24059754

                                        The Edwards Law Firm
                                        The Haehnel Building
                                        1101 East 11th Street
                                        Austin, TX 78702
                                        Tel.    512-623-7727
                                        Fax.    512-623-7729
                                        Lead Counsel


                                        Brian McGiverin
                                        State Bar No. 24067760
                                        James C. Harrington
                                        State Bar No. 09048500

                                        TEXAS CIVIL RIGHTS PROJECT
                                        1405 Montopolis Drive
                                        Austin, TX 78741
                                        (512) 474-5073 [phone]
                                        (512) 474-0726 [fax]


                                        Eliot Shavin
                                        State Bar No. 18138200
                                        2600 State Street
                                        Dallas, Texas 75204
                                        214-522-2010 (telephone)
                                        214-720-9594 (fax)
                                        Local Counsel

                                        ATTORNEYS FOR PLAINTIFFS


                                        2

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was hand-delivered on May 14, 2014 to the following:

Bruce R. Garcia
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
*Facsimile: (512) 495-9139*

Kim Coogan
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
*Facsimile: (512) 495-9139*

Demetri Anastasiadis
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
*Facsimile: (512) 495-9139*

Jeff Edwards

3

34

## EXHIBIT A

1. UTMB's document retention policies.

2. The date and scope of any litigation holds, preservation letters, etc. that were sent from outside counsel to UTMB and/or that were communicated internally within UTMB regarding any litigation regarding the heat conditions in Texas prisons.

3. The date and scope of any litigation holds, preservation letters, etc. that were sent from outside counsel to UTMB and/or that were communicated internally within UTMB regarding any litigation regarding this case.

4. All steps taken by UTMB to preserve and retrieve electronically stored information that may be relevant to this litigation.

5. The back-up tape architecture at UTMB, including what is backed up, when it is backed up, how long those back-up tapes are retained, and how long information that is backed up is retained on back-up tapes.

6. What efforts were made to determine who the "key players" are in this case and what was done to preserve and retrieve electronically stored information in their possession, custody, or control.

7. The efforts that have been taken and can be taken to obtain any potentially relevant electronically stored information that was either manually deleted or that was purged through automatic document retention policies.

8. Whether any electronically stored information that may be relevant to this case has been deleted.

9. Whether any electronically stored information that may be relevant to this case is irretrievable.

10. What efforts can be taken to obtain any electronically stored information that has been deleted.

11. The identity of any electronically stored information that has been deleted or that is irretrievable.

12. The physical location of electronically stored information that may be relevant to this case.

13. All efforts taken concerning the preservation of electronically stored information related to heat-related illnesses of inmates in TDCJ prison facilities where inmates are housed in non air-conditioned areas.

35

14. All efforts taken concerning the preservation of electronically stored information related to incidents where inmates have died from heat-related causes in TDCJ prison facilities where inmates are housed in non air-conditioned areas.

## <u>EXHIBIT B</u>

1.  All documents you have reviewed in preparation for your deposition.

2.  All documents concerning any document preservation efforts (including the preservation of electronically stored information) related to this litigation.

3.  All documents concerning document retrieval (including the retrieval of electronically stored information) related to this litigation.

4.  All documents concerning the preservation and/or retrieval of electronically stored information related to this case.

5.  All documents concerning the preservation and retrieval of electronically stored information related to heat-related illnesses of inmates in TDCJ prison facilities where inmates are housed in non air-conditioned areas.

6.  All documents concerning the preservation and retrieval of electronically stored information related to incidents where inmates have died from heat related causes in TDCJ prison facilities where inmates are housed in non air-conditioned areas.

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| STEPHEN McCULLOM, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, | § | |
| *Defendants*. | § | |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S ANSWERS TO
PLAINTIFF SANDRA McCOLLUM'S FIRST SET OF INTERROGATORIES**

TO:    Sandra McCollum, by and through her attorneys of record, Jeff Edwards, The Edwards
       Law Firm, 1101 E. 11th Street, Austin, Texas 78702 and Scott Medlock, Texas Civil
       Rights Project, 1405 Montopolis, Austin, Texas 78741.

       The University of Texas Medical Branch, Defendant in the above-styled and numbered

cause, offers the following Answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas  78711

1

(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH**

**CERTIFICATE OF SERVICE**

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Answers to Plaintiff Sandra McCollum's First Set of Interrogatories** has been served by placing same in the United States Mail on this the 2nd day of August, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas  78741

Bruce Garcia                          (Via Hand Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711

KIM COOGAN
Assistant Attorney General

2

40

## FIRST SET OF INTERROGATORIES

1. Identify all steps UTMB took to protect Larry McCollum from heat index temperatures in the Hutchins Unit in excess of 90 degrees.

   **ANSWER: At the time Mr. McCollum died, he had not yet been seen by a UTMB medical provider, and accommodations had not yet been requested by McCollum nor provided by UTMB. Further, UTMB does not monitor or control the indoor temperatures at the Hutchins unit.**

2. Identify all heat-related deaths (including, but not limited to, fatalities where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities in which UTMB provided medical care between January 1, 1993 to the present.

   **ANSWER: UTMB is unable to answer this question. UTMB does not create, keep or maintain records of inmate deaths by the category "cause of death" or "hyperthermia". Nor does it maintain a list or record of inmate deaths in the usual course of business. Further, Defendant objects to this interrogatory as privileged to the extent it seeks information protected by V.T.C.A. Health and Safety Code §161.032, V.T.C.A. Occupations Code §160.007, or §303.006."**

3. Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities in which UTMB provided medical care between January 1, 1993 to the present.

   **ANSWER: OBJECTION. This request is overbroad in scope and time. UTMB is unable to answer this question. UTMB does not keep or maintain records, other than individual medical records, which reflect "heat-related injuries" as defined in paragraph R. A review of the individual medical records of all 150,000 inmates, system wide, for a 20 year period would create an undue burden and hardship on defendant. Even a review of records of any inmate who has served time in the Hutchins unit would cause an undue burden and hardship. Further, defendant TDCJ has already provided records of those inmates, system wide, who allegedly died from a heat related illness or injury. Finally, the requested information is irrelevant to any material issue in this case and unlikely to lead to the discovery of admissible evidence in this disability discrimination case.**

4. Identify all heat-related injuries to inmates in the Hutchins Unit between January 1, 2002 and the present.

   **ANSWER: OBJECTION. This request is overbroad in scope and time. UTMB is unable to answer this question. UTMB does not keep or maintain records, other than individual medical records, which reflect "heat-related injuries" as defined in paragraph R. A review of the individual medical records of all 150,000 inmates, system wide, for a 20 year period would create an undue burden and hardship on defendant. Even a review of records of any inmate who has served time in the Hutchins unit would cause an undue burden and hardship. Further, defendant TDCJ has already provided records of those inmates, system wide, who allegedly died from a heat related illness or injury. Finally, the**

3

**requested information is irrelevant to any material issue in this case and unlikely to lead to the discovery of admissible evidence in this disability discrimination case.**

5. Identify all heat-related injuries to employees of the University of Texas Medical Branch working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

   **ANSWER: OBJECTION. This request is overbroad in scope and time, and is an impermissible fishing expedition. This request seeks information irrelevant to any material issue in this case, and unlikely to lead to the discovery of admissible evidence as medical personnel and inmates are not similarly situated.**

6. Identify all heat-related injuries to employees of the University of Texas Medical Branch in the Hutchins Unit between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

   **ANSWER: OBJECTION. This request is overbroad in scope and time, and is an impermissible fishing expedition. This request seeks information irrelevant to any material issue in this case, and unlikely to lead to the discovery of admissible evidence as medical personnel and inmates are not similarly situated.**

7. Identify all persons who authorized Larry McCollum's placement in each housing area he spent time in during his 2011 incarceration at the Hutchins Unit and describe in detail the basis for each placement. A response to this interrogatory should identify each location Larry McCollum was housed, including building, bunk number, whether he was assigned to an upper or lower bunk, and a description of any recommendations UTMB employees made that contributed to that placement.

   **ANSWER: Unknown to this defendant. UTMB does not assign offender housing.**

8. Please describe in detail all steps that you have taken to bring your programs at the Hutchins Unit into compliance with the Americans with Disabilities Act and the Rehabilitation Act. Please include information about what modifications (if any) have been made at the prison, whether a transition plan and self-evaluation have been completed (as those terms are used in the ADA), and what services and programs at the jail exist to accommodate inmates' disabilities.

   **ANSWER: OBJECTION. This request is vague, overly broad, unduly burdensome, ambiguous, not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the ADA was passed in 1990, and modifications to physical units and policies have been made which are too varied and numerous to list. All policies related to the claims made in this lawsuit have been produced.**

9. Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

   **ANSWER: Dr. Glenda Adams, along with counsel.**

10. Please identify all prisoners in the Hutchins Unit who have, at any time, been given "heat restrictions" (see Definition S), or otherwise had any prison activities limited due to medical conditions adversely effected by heat or high temperatures, since January 1, 2011, and the time frames in which the prisoners had those restrictions.

**ANSWER: Defendant objects to this interrogatory as being vague, overly broad, unduly burdensome, ambiguous, not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information which unreasonably invades the privacy of individuals who are not parties to this lawsuit and to the extent that it seeks information protected by the Health Insurance Portability and Accountability Act of 1996. Subject thereto and without waiving said objections, Defendant states said information is not categorically tracked by Defendant. Defendant does not create or maintain a record which would provide the requested information.**

11. Please describe in detail "heat restrictions" assigned to prisoners at the Hutchins Unit, including, but not limited to, why prisoners are assigned these conditions and what action (if any) UTMB takes when a prisoner is assigned "heat conditions."

**ANSWER: OBJECTION. This request is vague as to the person or entity assigning the "heat restriction", or why they are assigned. UTMB has no knowledge of restrictions placed on inmates by TDCJ, if any. With regard to UTMB, please see CMC policy B-15.2 for the most comprehensive explanation of guidelines to assist prison facility administration in the determination of safe and healthful work conditions. Please also see TDCJ policy AD-10.64 for guidelines to assist unit administration in adapting offender work assignments to temperatures in the work environment that cannot be controlled by TDCJ or UTMB. Please see CMC policy A-08.4 for information regarding medical and or mental health limitations for the offender population. All of these policies have previously been produced, but are produced again herein.**

12. Please describe in detail when and why UTMB stopped providing 24-hour medical care at the Hutchins Unit and who made the decision to end 24-hour care at the Hutchins Unit.

**ANSWER: Hutchins has never operated a 24 hour care facility.**

13. Please describe the amount of time that passes between the moment a new inmate arrived at the Hutchins Unit in 2011 and the time when he received his intake physical. A response to this interrogatory should include the average amount of time that elapses from when the prisoner physically arrives at the unit to when he sees a doctor (or physician's assistant) who performs a physical examination.

**ANSWER: OBJECTION. This request is vague and overbroad. Each inmate has different medical conditions which may affect when he is seen and for what purpose. Further, new offenders are screened upon arrival to TDCJ for urgent or emergent conditions requiring immediate attention. If immediate attention is needed, a new arrival is seen immediately. A complete healthcare appraisement of new, non-emergency offenders is subsequently scheduled and consists of obtaining personal and medical baseline data; medical, mental health and dental histories; physical, dental and mental health**

assessments; and diagnostic procedures as needed. Offenders are screened for communicable diseases and pregnancy; and provided with appropriate inoculations. Offenders' health records are requested from free-world physicians and/or hospitals as needed. In addition, offenders are provided orientation and a handbook on how to access health care.

Offenders identified as requiring a mental health assessment are interviewed, tested and evaluated by a qualified mental health professional. The automated "Health Summary for Classification" screen is completed or updated as needed. Medications, appointments, and referrals are scheduled as appropriate based upon the results of the health appraisal. Every effort is made to complete the comprehensive health appraisal within seven days.

More specifically, for these reasons, defendant is unable to provide "the amount of time that passes between the moment a new inmate arrives at the Hutchins Unit in 2011 and the time when he received his intake physical".

6

## VERIFICATION

THE STATE OF TEXAS                          *
                                            *
COUNTY OF _Walker_                          *

BEFORE ME, the undersigned notary, on this day personally appeared Dr. Glenda Adams, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Dr. Glenda Adams, I am capable of making this verification. I read Defendant's Answers to Plaintiff's Interrogatories Nos. 1, 2, 3, 4, 7, 8, 10, 11, 12, and 13. The facts stated in it are within my personal knowledge and are true and correct.

_____
Affiant

SIGNED AND SWORN TO before me on this _31st_ day of _July_ 2013, to certify which witness my hand and seal of office.

PHOEBE M. LANGLEY
Notary Public, State of Texas
My Commission Expires
December 30, 2015

_____
Notary Public, In and for the
State of Texas

45

# Exhibit 7

| | |
|---|---|
| **From:** | Robison, Jerri D. |
| **Sent:** | Thursday, April 10, 2014 10:01 PM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: heat-related illness |

!
!
Denee' Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

***Employee Advisory Council - UTMB CMC Representative***
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form



Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

!

**From:** McLearen, Kimberly S.
**Sent:** Monday, June 25, 2012 4:17 PM
**To:** Brandon, George R.; Brysch, Rachel C.; Davis, Mark A.; Easter, Vicky; Fread, Brenda K.; Gilford, Yonette E.; Hankins, Gregory D.; Iredell, Debra L.; Johnson, Martha F.; Kempsky, Paul E.; McGowan, Rebecca; Moon, Lisa G.; Outlaw, Patricia A.; Pratt, Deanna; Quiroz, Jolly R.; Smith, Teri B.; Staples, Relda A.; Swanson, David A.; Turner, Darlene B.; Webb, Lucinda L.; White, Alice F.
**Cc:** Saenz, Hilario; Robison, Justin R.; Robison, Jerri D.; Brown, Paul V.
**Subject:** FW: heat-related illness

I wanted to remind everyone about the below email.  I should be receiving an email about all offenders with heat related illness with the below information.  I have only been receiving from a couple of units.  I keep a database that is sent in to senior leadership at the end of each month.

Thanks,
Kim

**From:** Abbott, Kirk D.
**Sent:** Wednesday, August 17, 2011 12:12 PM
**To:** Brown, Christopher M.; Brysch, Rachel C.; Colbert, Vickie K.; Davis, Mark A.; Easter, Vicky; Gilford, Yonette E.; Goodwin, David; Greff, Edward T.; Iredell, Debra L.; James, George F.; Johnson, Martha F.; Kempsky, Paul E.; McGowan, Rebecca; Moon, Lisa G.; Outlaw, Patricia A.; Pratt, Deanna; Quiroz, Jolly R.; Saenz, Hilario; Staples, Relda A.; Swanson, David A.; Turner, Darlene B.; Webb, Lucinda L.; White, Alice F.
**Cc:** McLearen, Kimberly S.
**Subject:** FW: heat-related illness

1

Per string of emails below - please ensure when submitting heat related illness information that we follow Dr. Linthicum's request that all notifications of heat-related illnesses be stratified by the specific type (i.e., heat cramp, heat exhaustion, heat stroke or heat-related mortality). The information should also include:

- Offenders name
- TDCJ number
- Unit of Assignment
- Date/time of incident
- Offender's location at the time of the incident (inside/outside, housing, work, recreation, chow hall, other (specify)
- Specific type (i.e., heat cramp, heat exhaustion, heat stroked or heat-related mortality)

Please send by email to HS LIAISON, Kirk Abbott, Gary Eubank and Kim McLearen and also, please make sure that Phyllis Mcwhorter RN receives all notifications of heat-related morbidity and mortality.

Thank you.

Kirk Abbott, RN, BSN, CCHP
Regional Director of Nursing, Region 1
UTMB - Correctional Managed Care
Office 409-724-1515 ext 4197
Cell 409-718-6349

kdabbott@utmb.edu

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

-----Original Message-----
From: Eubank, Gary J.
Sent: Tuesday, August 16, 2011 10:04 AM
To: Biscoe, Paul I.; Chavers, Jason L.; Jarrett, W. E.; Smock, Stephen R.; Williams, Anthony K.; Adams, Charles D.; Adams, Glenda M.; Abbott, Kirk D.; Brown, Paul V.; Robison, Jerri D.; Robison, Justin R.
Subject: FW: heat-related illness

Everyone,
Please see email below.  Please communicate this request to your staff sending me this information.

Thanks,

Gary J. Eubank, MSN, RN
Chief Nursing Officer
Correctional Managed Care
University of Texas Medical Branch
Ofc:  936-293-3653
Cell:  936-232-3685

Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

-----Original Message-----
From: Kathryn.Buskirk@tdcj.state.tx.us [mailto:Kathryn.Buskirk@tdcj.state.tx.us]
Sent: Tuesday, August 16, 2011 9:42 AM
To: Eubank, Gary J.
Cc: lannette.linthicum@tdcj.state.tx.us
Subject: heat-related illness

Dr. Linthicum is requesting that all notifications of heat-related illnesses be stratified by the specific type (i.e., heat cramp, heat exhaustion, heat stroke or heat-related mortality).

Also, please make sure that Phyllis Mcwhorter RN receives all notifications of heat-related morbidity and mortality.

Thank you for your help with this issue.


----Original Message----
From: Roberts, Margaret E.
Sent: Monday, August 15, 2011 7:13 AM
To: Mason, Norma F.; Harris, Cristi R.; Wood, Lisa G.; Bellanger, Jeanne A.; Dupre, Jogayle D.; Rogers, Marilyn R.; Bowden, Trina S.; Stake, Jacqueline; David, Laura D.; Lawrence, Sharon A.
Cc: Knight, Tina; Brown, Paul V.
Subject: FW: Heat Related Illnesses

Please reference below string of emails.  If you have sent any emails this summer to Health Services Liaison regarding offenders who suffered heat-related illnesses please forward copies to me.  From this point forward please ensure I get copied on any future emails regarding this.


Eileen Roberts
Administrative Secretary
Beaumont District Office - Nursing
936/967-8082  Ext 8432
From: Brown, Paul V.
Sent: Friday, August 12, 2011 12:21 PM
To: Roberts, Margaret E.
Subject: FW: Heat Related Illnesses

Get with the NMs and have send you copies of the FORVUS emails or the relevant data so that you can forward to the folks outlined below with a CC to me.

From: Smock, Stephen R.
Sent: Friday, August 12, 2011 7:50 AM
To: Strunk, Paul E.; Dostal, Susan; Tribble, Curtis; Jarrett, W. E.; Pollard, Valencia A.; Biscoe, Paul I.; Dalecki, Robert E.; Williams, Larry W.; Abbott, Kirk D.; Brown, Paul V.; Robison, Jerri D.
Cc: Eubank, Gary J.; Adams, Charles D.; Adams, Glenda M.; Williams, Anthony K.
Subject: FW: Heat Related Illnesses

All
Please see below, ensure any report forwarded to TDCJ HS is also provided to Mr Eubank, Dr Adams', Tony and I, as a cc.

thanks

Stephen R. Smock, MBA
Associate Vice President
UTMB-CMC Outpatient Services
Office 281-269-6700
Fax   281-265-5159

From: george.crippen@tdcj.state.tx.us [george.crippen@tdcj.state.tx.us]
Sent: Thursday, August 11, 2011 4:30 PM
To: denise.deshields@ttuhsc.edu; michael.w.jones@ttuhsc.edu; Murray, Owen J.; Eubank, Gary J.; Smock, Stephen R.; Williams, Anthony K.
Cc: Marsha.Brumley@tdcj.state.tx.us; Phyllis.Mcwhorter@tdcj.state.tx.us
Subject: Heat Related Illnesses

Good Afternoon:

Dr. Linthicum must be informed about all offenders who suffer heat-related illnesses. This information should be reported to the Office of Health Services Liaison and can be sent via EMR or TDCJ mainframe at e-mail address HSLIAISON. The report must include the following information:

Offenders name
TDCJ number
Unit of Assignment
Date/time of incident
Offender's location at the time of the incident (inside/outside, housing, work, recreation, chow hall, other (specify)

Thank you.


George Crippen, RN, MSN, PhDc
Chief Nursing Officer/Director, Clinical Administration
Texas Department of Criminal Justice
email: george.crippen@tdcj.state.tx.us
936-437-3595 (Office)
936-437-3591 (Fax)


The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information.  Any other interception or use of these materials is strictly prohibited.  If you have received these materials in error, please notify me immediately by telephone and destroy all electronic information received. Thank you.

# Exhibit 8

| | |
|---|---|
| **From:** | Robison, Jerri D. |
| **Sent:** | Thursday, April 10, 2014 9:51 PM |
| **To:** | Osteen, Jennifer K. |
| **Subject:** | FW: Heat Related Illness |

Denee' Robison, RN, BSN
Region 2 DON UTMB/CMC
Shelia-936-437-1439
Cell Phone-806-438-7966

*Employee Advisory Council - UTMB CMC Representative*
http://blog.utmb.edu/EAC/

Employee Advisory Council
Employee Advisory Council Contact Form



Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

**From:** Robison, Jerri D.
**Sent:** Monday, June 04, 2012 11:33 AM
**To:** Roberts, Margaret E.; McLearen, Kimberly S.; Curry, Shelia G.; Holloway, Tracy D.
**Cc:** Brown, Paul V.; Saenz, Hilario; Robison, Justin R.
**Subject:** RE: Heat Related Illness

Send them to your Regional DON.  Would like to have them by the 5th of each month for the month preceding. We will send them on to the Senior Leadership.

Thanks!

Denee' Robison, RN, BSN
Region 2 DON
University of Texas Medical Branch-CMC
Mobile- 806-438-7966
Office- Shelia- 936-437-1439



Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the

1

52

contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

---

**From:** Roberts, Margaret E.
**Sent:** Monday, June 04, 2012 11:30 AM
**To:** Robison, Jerri D.
**Subject:** RE: Heat Related Illness

Are we supposed to automatically send a monthly report and if so to who?

*Eileen Roberts*

UTMB CMC ACA Coordinator
Administrative Secretary
Region 3 - Beaumont/Houston
936-967-8082  Ext 8330
936-967-8082  Ext 8262  Fax
**marobert@utmb.edu**



---

**From:** Robison, Jerri D.
**Sent:** Monday, June 04, 2012 11:29 AM
**To:** Adams, Charles D.
**Cc:** Smock, Stephen R.; Eubank, Gary J.; Adams, Glenda M.; Williams, Anthony K.; McLearen, Kimberly S.; Curry, Shelia G.; Roberts, Margaret E.
**Subject:** RE: Heat Related Illness

The Nursing Regional Secretaries will keep a database.  You will receive a monthly report also.

Denee' Robison, RN, BSN
Region 2 DON
University of Texas Medical Branch-CMC
Mobile- 806-438-7966
Office- Shelia- 936-437-1439



Confidentiality Notice:  This email transmission contains confidential or legally privileged information that is intended for the individual party or entity named in the email address.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the contents of this email is strictly prohibited.  If you have received this email transmission in error, please reply to the sender and delete the message from your system.  Thank you.

---

**From:** Adams, Charles D.
**Sent:** Monday, June 04, 2012 11:27 AM
**To:** Easter, Vicky; Smock, Stephen R.; Eubank, Gary J.; Adams, Glenda M.; Williams, Anthony K.; McLearen, Kimberly S.; Robison, Jerri D.
**Subject:** RE: Heat Related Illness

Who (name or office) is collecting all of this data ?

Charles D. (Danny) Adams, MD, MPH
Senior Medical Director- Outpatient Division
UTMB-CMC

---

**From:** Easter, Vicky
**Sent:** Monday, June 04, 2012 11:16 AM
**To:** Smock, Stephen R.; Eubank, Gary J.; Adams, Charles D.; Adams, Glenda M.; Williams, Anthony K.; McLearen, Kimberly S.; Robison, Jerri D.
**Subject:** Heat Related Illness

Notice of offender heat related illness:

Offender Name:  ███████████
TDCJ #:  ████████
Unit of assignment:  Lindsey
Date/Time of Illness: 6/2/2012 15:54
Offender's location:  outside/recreation yard
Severity of Illness:  Heat Exhaustion
Current Medications:  Fluoxetine HCL, Ibuprofen, Trazodone


*Vicky Easter* RN, FNM, CA
LINDSEY STATE JAIL
FACILITY NURSE MANAGER
1620 FM 3344
JACKSBORO, TX 76458
940-567-2272 EXT. 262

# Exhibit 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | CIVIL ACTION NO. 3:12-cv-02037 JURY DEMAND |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | |
| DEFENDANTS | § | |

**PLAINTIFF'S SECOND AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF GLENDA ADAMS, M.D. AND SUBPEONA DUCES TECUM**

TO:   Glenda Adams, by and through her attorney of record, Kim Coogan, Assistant Attorney General, P.O. Box 12548, Capitol Station Austin, Texas 78711.

Please take notice that on March 7, 2014, and thereafter from day to day until completed, Plaintiffs will take the oral deposition of Glenda Adams, M.D., before a court reporter, videographer, and notary public for the State of Texas pursuant to Rule 30 of the Federal Rules of Civil Procedure.

The deposition is for the purpose of discovering, securing, and completing testimony of Defendant. The deposition will be taken at the offices of Glenda Adams, M.D., 200 River Pointe, Suite 200  Conroe, Texas 77304, on March 7, 2014, beginning at 10:00 a.m. and will continue thereafter from day to day until completed. The deposition will be recorded stenographically and on videotape.

In accordance with Rule 30 of the Federal Rules of Civil Procedure, the deponent is directed to produce at the time and place of his deposition the following documents and/or tangible things to wit: All documents an/or tangible things responsive to the request as set out in Exhibit "A", attached hereto.

For the purpose of this notice, the following terms are assigned the below meanings:

1. "HUTCINS UNIT" - refers to the Texas Department of Criminal Justice facility located at 1500 East Langdon Road, Dallas, TX 75241.

2. "AND," "OR," "ANY," and "ALL" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

Dated: February 25, 2014.

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
        Tel.   512-623-7727
        Fax.   512-623-7729

By    /s/ Scott Medlock
JEFF EDWARDS
State Bar No. 24014406
SCOTT MEDLOCK
State Bar No. 24044783
Lead Counsel

2

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

3

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that the foregoing document has been served on all counsel of record **via fax,** as follows:

Bruce R. Garcia
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Kim Coogan
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Demetri Anastasiadis
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 495-9139

Brian McGiverin
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-0726

By    /s/ Scott Medlock
        Scott Medlock

4

## DEFINITIONS

The terms **DOCUMENTS** and **WRITINGS** are used herein in their most comprehensive sense and include, but are not limited to, notes, letters, reports, memoranda, diaries, bulletins, circulars, instructions, work assignments, advertising literature, notebooks, tapes, discs, or other sound recordings, films, drafts, worksheets, calendars, appointment books, estimates, ledgers, opinions, instructional manuals, memoranda or notes relating to telephone or other conversations, excerpts, summaries and other **WRITINGS** of any nature whatsoever, including copies of mechanical or photostatic reproductions of any and all the foregoing items that are in the custody or subject to your control or known by you or Plaintiff to exist.

# EXHIBIT "A"

1. All DOCUMENTS and tangible things, including all tangible reports, exhibits, physical models, compilations of data and other material prepared by or for you for use in this case.

2. All DOCUMENTS and tangible things which relate to or form the basis of the mental impressions and opinions held by you with respect to the incident made the basis of this lawsuit and its consequences.

3. All files, WRITINGS or other documentation, photographs, motion pictures, video, television records, maps, drawings, charts, diagrams, measurements, surveys and reference items reviewed, consulted, copied, compared to or taken by yourself which relate to the incident made the basis of this lawsuit or its consequence or similar incidents used for forming the basis of your opinion with respect to matters in this suit.

4. All material DOCUMENTS and tangible things prepared by any other person or entity, including consulting expert(s), which relate to or form a basis (either in whole or in part) or the mental impressions and opinions held by yourself with respect to the incident made the basis of this lawsuit and its consequences.

5. All DOCUMENTS and tangible things in the actual or constructive possession, custody or control of yourself which relates to the incident made the basis of this lawsuit.

6. Your entire file pertaining to this litigation.

7. All depositions or transcripts of trial testimony previously given by you.

8. All models, charts, diagrams and other demonstrative aids that you will refer to, rely on or discuss with the jury during the trial of this case.

5

9. Copies of all articles, texts, treatises or other publications established, or to be established, as a reliable authority by your testimony.

10. All DOCUMENTS reviewed by you or furbished to you for review in connection with this case.

11. All articles, texts, treatises or other publications used, consulted or relied on by you in connection with your work on this case.

12. Copies of any article, texts, treatises or other publications authorized in whole or in part by you which relate or bear on the issues involved in this case.

13. All contracts, agreements, correspondence – and other DOCUMENTS pertaining to or reflecting any involvement, employment, listing, membership, affiliation, understanding or agreement of you with any expert witness referral service, listing service, directory, or any person or entity involved in locating or referring expert witnesses or consultations for legal matters.

14. All advertisements, brochures, circulars, or other DOCUMENTS used by or on behalf to advertise, promote, publicize or describe the availability of your services in the past ten years.

15. All DOCUMENTS reflecting the amount of time spent by you in connection with this case.

16. All DOCUMENTS including proposals, estimates, contracts of employment, invoices, etc. reflecting or pertaining to charges or billings for your services in connection with this case.

17. Copies of any articles, texts, treatises or other publications on which you have been or will be asked to express an opinion concerning authority, reliability or agreement with any statement in the work.

18. All written statements, video, and/or voice recordings of any witnesses to the incident made the basis of this lawsuit.

19. All DOCUMENTS you have reviewed relating to temperatures inside Texas Department of Criminal Justice prisons, including, but not limited to, any email or other electronically stored information you have reviewed.

20. All DOCUMENTS you have reviewed relating to medical conditions prisoners inside Texas Department of Criminal Justice prisons suffer from, including, but not limited to, statistical compilations showing medical conditions prisoners suffer from, statistics describing the number of prisoners diagnosed with hypertension, diabetes, obesity, and any other medical condition you know places

6

prisoners at increased risk for heat-related injury, including, but not limited to, any electronically stored information you have reviewed.

21. All correspondence (including emails) between you and counsel for UTMB or TDCJ or Brad Livingston or Linette Lithicum concerning your testimony or the dangers of extreme heat;

22. All correspondence (including e-mails) between you and Correctional Managed Care concerning your testimony of the dangers of extreme heat.

23. All drafts of any expert reports submitted in this case.

24. To the extent not otherwise requested, all documents you reviewed in preparation for your deposition.

7

# Exhibit 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RAMONA HINOJOSA, individually as a wrongful §
death beneficiary and as the heir to the ESTATE OF §
ALBERT HINOJOSA, §
                   §
           PLAINTIFF §      CIVIL ACTION NO. 2:13-CV-319
                   §      JURY DEMANDED
v. §
                   §
BRAD LIVINGSTON, RICK THALER, §
WILLIAM STEPHENS, EILEEN KENNEDY, §
ERNEST GUTERREZ, JR., AND OWEN §
MURRAY in their individual capacities, the §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, and the UNIVERSITY OF §
TEXAS MEDICAL BRANCH. §
                   §
          DEFENDANTS §

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S
MOTION FOR PROTECTIVE ORDER**

## I.       STATEMENT OF THE CASE

Albert Hinojosa died while incarcerated at the Texas Department of Criminal Justice's ("TDCJ") Garza West Unit in Beeville, Texas. Plaintiff Ramona Hinojosa is his mother. Plaintiff alleges that Albert Hinojosa died due to exposure to excessive heat at the Garza West Unit. Plaintiff alleges that the University of Texas Medical Branch (UTMB), which provides medical care to offenders at the Garza West Unit, violated Hinojosa's rights under the Americans With Disabilities Act and the Rehabilitation Act.

On February 19, 2014, Plaintiff served her Second Request for Production on Defendant UTMB. See attached as Exhibit A. Plaintiff requests the autopsies of ninety (90) offenders who died of various causes at various TDCJ prison units between August 9, 2011 and September 29, 2013. Mr. Hinojosa dies on August 27, 2012. For the reasons below, Defendant UTMB moves

for a protective order, because the request is overly burdensome, overbroad in time, seeks documents for which UTMB is not the creator or custodian, and is not reasonably calculated to lead to the discovery of admissible evidence.

## II.        MOTION FOR PROTECTIVE ORDER

### 1. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence.

The Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden. FRCP 26(c).  Although the scope of discovery is broad, Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Martin v. Allstate Insurance Company*, 292 F.R.D. 362, 367 (N.D. Tex. 2013); *Murphy v. Deloitte & Touche Group Ins.*, 619 F.3d 1151, 1163 (5th Cir.2010); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").  Rule 26 permits discovery only of "[r]elevant information" and the discovery must "appear reasonably calculated to lead to the discovery of admissible evidence." Discovery may be denied where it is unlikely to produce the facts required to withstand a motion for summary judgment or in order to protect the defendant from harassment and fishing expeditions. *Mills v. Damson Oil Corp.,* 931 F.2d 346, 350 (5th Cir. 1991).

Plaintiff's discovery request for UTMB to produce the autopsies of ninety (90) offenders is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and amounts to nothing more than an impermissible fishing expedition. This is not a class action. This case is solely about the death of Albert Hinojosa and the circumstances related to his death. The allegations raised in this case do not involve the circumstances of ninety other offenders at various prison units across the state of Texas. The

findings of the autopsies will not lead to the discovery of evidence of whether UTMB discriminated against Mr. Hinojosa under the ADA or Rehab Act.

**2. Plaintiff already knows the identities of inmates who died of heat related deaths in the TDCJ system.**

Co-defendant TDCJ has already produced the TDCJ Emergency Action Center internal investigations of all offenders in TDCJ facilities who died of heat related deaths from 2001-2013. That information was produced by TDCJ in the case *McCollum v. Livingston* et al., 3:12-cv-2037, pending in the Northern District of Texas, Dallas Division. See attached Exhibit B. Exhibit B identifies 16 people, many of whom are already plaintiffs in lawsuits against TDCJ and UTMB. None of the 16 inmates listed on Exhibit B are on plaintiff's list of requested autopsies. The autopsies requested are for inmates unrelated to this litigation in scope and time because they ask for autopsies who died on units other than Garza West, and both before and after Hinojosa's death.

**3. Plaintiff already knows the causes of death of the 90 inmates.**

In addition, plaintiff acquired, through an open records or other request, a list of all inmates who died in TDCJ custody, from any cause and on any unit, from 2007-June 2012. The TDCJ document is attached as Exhibit C. Exhibit C reflects the date of each offenders' death, his or her name and TDCJ number, unit of assignment, manner of death, immediate cause of death, underlying cause of death, associated cause of death, other cause of death, whether an autopsy was done and age of the inmate. Again, this document was created by co-defendant TDCJ, and reflects documents in their custody or control.

This list includes the above information on every inmate listed in plaintiff's Second Request For Production To UTMB. For example, plaintiff asked UTMB for the autopsy of

Simon Jesus Salinas. Page 1346 of Exhibit C reflects that on 8/9/11 Simon Salinas was assigned to the Clements unit and died of a cardiovascular problem, specifically arteriosclerotic heart disease. He was 56 years old, and TDCJ apparently has a copy of the autopsy. Notably, UTMB does not even provide medical services at the Clements unit, as that unit is serviced by Texas Tech Correctional Managed Care. Clearly, plaintiff already knows that Mr. Salinas, according to his autopsy, died of heart disease, not hyperthermia or heat stroke. Similarly, Curtis Jackson died on 8/20/11 at the Estelle unit also of cardiovascular disease, specifically Wolff Parkinson White syndrome and Kallman syndrome. An autopsy was performed and he was 38 years old. Jeffery Jones died of scaroidsis of the heart, Vivian Ingram died of non-insulin dependent diabetes, and Emma Johnson died of arteriosclerotic heart disease. There are 85 more people on the list in plaintiff's request. By contrast, Mr. Hinojosa' autopsy states that he died of "environmental hyperthermia due to pre-existing natural disease and likely suffered a seizure followed by fatal cardiac arrhythmia". See plaintiff's complaint [D.E. 1] at page 31. Presumably, plaintiff hopes to search the autopsies to find that each pathologist missed something or made a mistake. This is the epitome of a fishing expedition. It is even more of a fishing expedition because the causes of death are already known to plaintiff. Plaintiff's request should be denied.

### 4.   UTMB is not the custodian of these records.

UTMB contracts to provide medical care at some TDCJ units. If an offender dies while incarcerated, the TDCJ warden, not UTMB, may order that an autopsy be performed. See Correctional Managed Health Care Policy No. A-11.1 attached as Exhibit F. If an autopsy is performed, TDCJ may receive a copy, and may provide a copy to UTMB to include as part of the medical record. Clearly, plaintiffs are aware of this practice pursuant to discovery already

conducted. Even on those occasions when UTMB's Hospital in Galveston is asked to perform an autopsy, it does so at the request of Galveston county, not correctional managed care.

In her request for production, plaintiff specifies that"identical copies of [autopsies]" must be produced. See page 5 of Exhibit A. UTMB cannot guarantee that the copies of autopsies it receives from TDCJ are final, complete, or identical copies of official autopsies. As a result, the production of autopsies, if any, should come from the Medical Examiner of the county of death, or from TDCJ.

### 5.  Plaintiff's request is duplicative of her Public Information Act Request.

Plaintiff's request for UTMB to produce the autopsies of 90 offenders is duplicative of Plaintiff's prior Public Information Request made to UTMB in Galveston. Exhibit D. On February 4, 2014, Plaintiff requested the same 90 offender autopsies through Section 552.221 of the Texas Government Code. The propriety of Plaintiff's public information request is currently pending before the appropriate section of the Office of the Attorney General. Exhibit E.

### III.    CONCLUSION

Defendant UTMB prays that the Court grant this motion for protective order and order that UTMB is not required to answer Plaintiff's Second Request for Discovery.   In the alternative, if Defendant's Motion for Protective Order is denied, Defendant UTMB requests an additional fourteen (14) days to respond to Plaintiff's request due to the volume of the information requested by Plaintiff.

Respectfully submitted,
GREG ABBOTT
Attorney General of Texas

68

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas  78711

**ATTORNEYS FOR DEFENDANT**
**UNIVERSITY OF TEXAS MEDICAL BRANCH**


<u>**CERTIFICATE OF CONFERENCE**</u>

      I certify that I conferred with counsel for Plaintiff by email, and Plaintiff is opposed to

this motion.

/s/ KIM COOGAN
**KIM COOGAN**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant University of Texas Medical Branch's Motion for Protective Order** to the Court, on March 21, 2014 in the Southern District of Texas, Corpus Christi Division.

<u>/s/ KIM COOGAN</u>
**KIM COOGAN**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Motion for Protective Order** has been served by placing same in the United States Mail on this on March 21, 2014, addressed to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Bruce R. Garcia                           *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

Demetri Anastasiadis                      *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

<u>/s/KIM COOGAN</u>
KIM COOGAN
Assistant Attorney General

# Exhibit 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAMONA HINOJOSA, individually as a wrongful death beneficiary and as the heir to the ESTATE OF ALBERT HINOJOSA, | § § § § | |
| PLAINTIFF | § § | CIVIL ACTION NO. 2:13-CV-319 JURY DEMANDED |
| v. | § § | |
| BRAD LIVINGSTON, RICK THALER, WILLIAM STEPHENS, EILEEN KENNEDY, ERNEST GUTERREZ, JR., AND OWEN MURRAY in their individual capacities, the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and the UNIVERSITY OF TEXAS MEDICAL BRANCH. | § § § § § § § § § | |
| DEFENDANTS | § | |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S
AMENDED MOTION FOR PROTECTIVE ORDER**

## I.     STATEMENT OF THE CASE

Albert Hinojosa died while incarcerated at the Texas Department of Criminal Justice's (TDCJ) Garza West Unit in Beeville, Texas.  Plaintiff Ramona Hinojosa is his mother Plaintiff alleges that Albert Hinojosa died due to exposure to excessive heat at the Garza West Unit. Plaintiff alleges that the University of Texas Medical Branch (UTMB), which provides medical care to offenders at the Garza West Unit, violated Hinojosa's rights under the Americans with Disabilities Act and the Rehabilitation Act.

On February 19, 2014, Plaintiff served her Second Request for Production on Defendant UTMB. Exhibit A. Plaintiff requests the autopsies of ninety (90) offenders who died of various causes at various TDCJ prisons between August 9, 2011 and September 29, 2013. Mr. Hinojosa died on August 27, 2012. For the reasons below, Defendant UTMB moves for a protective order

1

because the request is overly burdensome, overbroad in time, and is not reasonably calculated to lead to the discovery of admissible evidence.

## II.    MOTION FOR PROTECTIVE ORDER

### 1. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence.

The Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden.  FED. R. CIV. PRO. 26(c).  Although the scope of discovery is broad, Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Martin v. Allstate Insurance Company*, 292 F.R.D. 362, 367 (N.D. Tex. 2013); *Murphy v. Deloitte & Touche Group Ins.*, 619 F.3d 1151, 1163 (5th Cir.2010); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").  Rule 26 permits discovery only of "[r]elevant information" and the discovery must "appear reasonably calculated to lead to the discovery of admissible evidence."  Discovery may be denied where it is unlikely to produce the facts required to withstand a motion for summary judgment or in order to protect the defendant from harassment and fishing expeditions.  *Mills v. Damson Oil Corp.,* 931 F.2d 346, 350 (5th Cir. 1991).

Plaintiff's discovery request for UTMB to produce the autopsies of ninety (90) offenders is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and amounts to nothing more than an impermissible fishing expedition. This is not a class action. This case is solely about the death of Albert Hinojosa and the circumstances related to his death. The allegations raised in this case do not involve the circumstances of ninety other offenders at various prison units across the state of Texas. The

findings of the autopsies will not lead to the discovery of evidence of whether UTMB discriminated against Mr. Hinojosa under the ADA or Rehab Act.

**2. Plaintiff already knows the identities of inmates who died of heat related deaths in the TDCJ system.**

Co-defendant TDCJ has already produced the TDCJ Emergency Action Center internal investigations of all offenders in TDCJ facilities who died of heat related deaths from 2001-2013. That information was produced by TDCJ in *McCollum v. Livingston* et al., 3:12-cv-2037, pending in the Northern District of Texas, Dallas Division. Exhibit B. Exhibit B identifies 16 people, many of whom are already plaintiffs in lawsuits against TDCJ and UTMB. None of the 16 inmates listed on Exhibit B are on Plaintiff's list of requested autopsies. The autopsies requested are for inmates unrelated to this litigation in scope and time because they ask for autopsies of inmates that died on units other than Garza West both before and after Hinojosa's death.

**3. Plaintiff already knows the causes of death of the 90 inmates.**

In addition, Plaintiff already possesses a list of all inmates that died in TDCJ custody, from any cause and on any unit, from 2007 through June 2012. Exhibit C. The list reflects the date of each offender's death, his or her name and TDCJ number, unit of assignment, manner of death, immediate cause of death, underlying cause of death, associated cause of death, other cause of death, whether an autopsy was done, and age of the inmate. This document was created by co-defendant TDCJ Executive Services.

This list includes the above-cited information, including the cause(s) of death cited in the autopsies, regarding the 90 inmates listed Plaintiff's Second Request for Production to UTMB. For example, Plaintiff asks UTMB for the autopsy of Simon Jesus Salinas. Id. at p. 1346. On

3

August 9, 2011, Simon Salinas was assigned to the Clements Unit, where he died of a cardiovascular problem, specifically arteriosclerotic heart disease.  Id.  Notably, UTMB does not even provide medical services at the Clements Unit; that unit is serviced by Texas Tech University, Correctional Managed Care.  Accordingly, Plaintiff already knows that Mr. Salinas, according to his autopsy, died of heart disease, not hyperthermia or heat stroke.

Other examples of inmate deaths listed are: Curtis Jackson, who died on August 20, 2011 at the Estelle Unit of cardiovascular disease, specifically Wolff Parkinson White syndrome and Kallman syndrome; Jeffery Jones, who died of scaroidsis of the heart; Vivian Ingram, who died of non-insulin dependent diabetes; and Emma Johnson, who died of arteriosclerotic heart disease. These examples highlight only five of the eighty-five inmate autopsies requested by Plaintiff.

Unlike the inmate autopsies requested in Plaintiff's request for production, in this case, according to Plaintiff's complaint, Mr. Hinojosa's died of "environmental hyperthermia due to pre-existing natural disease and likely suffered a seizure followed by fatal cardiac arrhythmia".  D.E. 1 at p. 31.  Presumably, Plaintiff seeks copies of 90 inmate autopsies that are in no way related to the circumstances surrounding Mr. Hinojosa's death to find that each pathologist missed something or made a mistake in determining the cause(s) of death.  This is the epitome of a fishing expedition, especially when Plaintiff already knows the causes of death determined by medical examiners for each of the 90 inmates listed in the request for production.

    **4.**    **Plaintiff's request is duplicative of her Public Information Act Request.**

Plaintiff's request for UTMB to produce the autopsies of 90 offenders is duplicative of Plaintiff's prior Public Information Request made to UTMB in Galveston.  Exhibit D. On February 4, 2014, Plaintiff requested the same 90 offender autopsies through Section 552.221 of

the Texas Government Code. The propriety of Plaintiff's public information request is currently

pending before the appropriate section of the Office of the Attorney General.  Exhibit E.

### III.    CONCLUSION

Defendant UTMB prays that the Court grant this motion for protective order and order

that UTMB is not required to provide Plaintiff copies of the autopsies of 90 inmates requested in

Plaintiff's Second Request for Production because the request is wholly unrelated to Plaintiff's

claims and is nothing more than an impermissible fishing expedition.

Should this motion be denied, Defendant UTMB requests an additional fourteen (14)

days to respond to Plaintiff's request due to the volume of the information requested

Respectfully submitted,
GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas  78711

**ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH**

5

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Plaintiff by email, and Plaintiff is opposed to this motion.

/s/ KIM COOGAN
**KIM COOGAN**
Assistant Attorney General

## **NOTICE OF ELECTRONIC FILING**

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant University of Texas Medical Branch's Amended Motion for Protective Order** to the Court, on March 26, 2014 in the Southern District of Texas, Corpus Christi Division.

/s/ KIM COOGAN
**KIM COOGAN**
Assistant Attorney General

6

## CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Amended Motion for Protective Order** has been served by placing same in the United States Mail on this on March 26, 2014, addressed to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

Bruce R. Garcia                    *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

Demetri Anastasiadis               *Via Hand-Delivery*
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas  78711

/s/KIM COOGAN
KIM COOGAN
Assistant Attorney General

.

7

Exhibit 12

STATE OF TEXAS      §
                            §
COUNTY OF TRAVIS    §

### DECLARATION OF JEFF EDWARDS

BEFORE ME, the undersigned authority, on this date personally appeared Jeff Edwards, who being by me first duly sworn, did depose on his oath and state as follows:

1. My name is Jeff Edwards.  I am over the age of eighteen, of sound mind, and am in all ways competent to make this affidavit.  The facts stated herein are based upon my personal knowledge and are true and correct.

2. I am an attorney and owner of Edwards Law. Scott Medlock and Sean Flammer are the two other attorneys at Edwards Law.

3. I spent 17.5 hours researching, drafting, and revising the reply to UTMB's response to the motion for sanctions.

4. On May 22, 2014, Sean Flammer told me that UTMB had hired King & Spalding to help UTMB with its discovery.  I had no knowledge that UTMB had hired King & Spalding until that date.

Further, Affiant sayeth not.

_____
Jeff Edwards

SUBSCRIBED and SWORN TO before me, by the said Jeff Edwards, on this the 2nd day of June, 2014, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

My commission expires: 7/19/17

LINDSEY MARIE KNAPTON
Notary Public, State of Texas
My Commission Expires
July 19, 2017

# Exhibit 13

STATE OF TEXAS         §
                              §

COUNTY OF TRAVIS    §

## DECLARATION OF SCOTT MEDLOCK

BEFORE ME, the undersigned authority, on this date personally appeared Scott Medlock, who being by me first duly sworn, did depose on his oath and state as follows:

1. My name is Scott Medlock. I am over the age of eighteen, of sound mind, and am in all ways competent to make this affidavit. The facts stated herein are based upon my personal knowledge and are true and correct.

2. I am an attorney at Edwards Law. Jeff Edwards and Sean Flammer are the two other attorneys at Edwards Law. I reviewed a memo Mr. Flammer wrote to the file on May 23, 2014 stating that UTMB had hired King & Spalding to help UTMB with its discovery. I did not know that UTMB had hired King & Spalding until I saw the memo on May 23.

3. I spent 16.0 hours researching, drafting, and revising the reply to UTMB's response to the motion for sanctions.

Further, Affiant sayeth not.

Scott Medlock

SUBSCRIBED and SWORN TO before me, by the said Scott Medlock, on this the 2nd day of June, 2014, to certify which witness my hand and seal of office.

Notary Public in and for the State of Texas

My commission expires: 7/19/17

LINDSEY MARIE KNAPTON
Notary Public, State of Texas
My Commission Expires
July 19, 2017

82

Exhibit 14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **KEVIN WEBB**, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. 6:13-cv-711** |
| **BRAD LIVINGSTON**, *et al.*, | § | **CONSOLIDATED WITH** |
| *Defendants.* | § | *Adams v. Livingston,* 6:13-cv-712 |
| | § | *Togonidze v. Livingston,* 6:14-cv-93 |

## AFFIDAVIT OF ROBERT SHAFFER

COMES NOW Robert Shaffer, and upon oath and personal knowledge deposed, says thusly:

1.     My name is Robert Shaffer. I am over eighteen years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am competent in all respects to make this affidavit. The facts stated herein are within my personal knowledge, based on information obtained from other persons, reasonable inquiry and the University of Texas Medical Branch at Galveston -- Correctional Managed Care's business records, and are all true and correct.

2.     I am the Director of Information Security for The University of Texas Medical Branch at Galveston's Department of Information Services. I have held this position since 2006. As the Director of Information Security, my job responsibilities include the development and enforcement of policies, procedures and practices; maintaining an up-to date information security program for UTMB; ensuring the confidentiality and integrity of all information resources; and overseeing the collection of electronically stored information for litigation purposes and Public Information Act requests.

1

3.     A search is currently being conducted of all identified UTMB-CMC administration employees and unit employees emails for the following search terms:  "Heat, heat stress, heat exhaustion, heat illness, heat-related illness, heat cramps, heat stroke, heat death, hyperthermia, hot temperatures, air conditioning, AC, heat restrictions, Larry McCollum, Douglas Hudson, Robert Webb, Alexander Togonidze, Michael Martone, Kenneth James, Rodney Adams, Albert Hinojosa."

4.     This will involve searching the identified terms against each individual's Exchange email account and any Personal Storage Table (.pst) folders located on the network drive and their assigned computer.  Due to the slow connection speed to the TDCJ Units and facilities, it is anticipated that this search will take approximately 90 days to complete.

Robert V. Shaffer Jr.

SWORN TO AND SUBSCRIBED before me on the _1st_ day May April, 2014.

Notary Public in and for the State of Texas

MELISSA E CURTICE
My Commission Expires
January 25, 2015

2

# Exhibit 15

**Friday, May 30, 2014 at 9:34:45 AM Central Daylight Time**

**Subject:** Response to May 6 and May 7, 2014 Letters

**Date:** Thursday, May 8, 2014 at 5:15:16 PM Central Daylight Time

**From:** Molinare, Shanna

**To:** sean@edwards-law.com, jeff@edwards-law.com

**CC:** scott@edwards-law.com, Coogan, Kim, Garcia, Bruce, Dennis, Seth, Anastasiadis, Demetri

I have received your letter dated May 6, 2014 regarding discovery requests related to the processes being utilized to conduct ESI searches.  An affidavit explaining the searches currently being conducted has already been filed with the court.

Sincerely,
Shanna