IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:12-cv-02037 | |
| § | | |
| BRAD LIVINGSTON, *et al.*, § | | |
| *Defendants*. § | | |

**DEFENDANT BRAD LIVINGSTON'S
MOTION TO STAY, MOTION FOR A PROTECTIVE ORDER,
OBJECTIONS, AND MOTION TO QUASH DISCOVERY**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES Defendant, Brad Livingston, the Director of the Texas Department of Criminal Justice (TDCJ), herein referred to as Livingston, and files this Motion To Stay, Motion for a Protective Order, Objections, and Motion to Quash to Plaintiff, Stephanie Kingrey's Discovery propounded to Defendant Livingston on May 14, 2014, as follows:

I.

On May 14, 2014, Stephanie Kingrey, (referred to as Plaintiff, herein), an alleged heir of Larry Gene McCollum, and a Plaintiff in the case at bar, submitted six (6) Interrogatories and sixty-six (66) Requests for Production to Livingston to which Livingston objects. See, **Ex. A**.[1]

Three (3) heat related cases, *Kevin Webb, et al. v Brad Livingston, et al*; CA# 3:13-cv-00711, *Ashley Adams & Carlette H. James, et al. v Brad Livingston, et al;* CA# 6:13-cv-00712 and *Gwen Togonidze v Brad Livingston, et al;* CA# 3:13-cv-00229, filed in the Eastern District of Texas have been consolidated by agreement, except for trial purposes, under cause no. 3:13-cv-00711.

---

[1] An Unopposed Motion to Amend/Correct Scheduling Order filed by Plaintiffs on May 6, 2014 in *Webb v. Livingston*, *supra*, **D.E. 146,** which will continue the discovery deadlines if granted.

1.	A Notice of Appeal in *Webb v. Livingston*, *supra,* has been filed with the Fifth Circuit Court of Appeals.  (**D.E. 143**).   On May 12, 2014, the Court stayed all proceedings in *Webb v. Livingston, supra*, **D.E. 158**, pending resolution of interlocutory appeal filed by Defendants.

2.	Livingston objects to the May 14, 2014, discovery, as well as any other discovery requests, until, at least, the Court has ruled on his pending Motion to Dismiss based on qualified immunity.

3.	The allegations against Livingston in this, and the other alleged heat related, cases are basically the same and the same discovery may be utilized.[2]

4.	Livingston will not list, herein, the numerous motions and objections to the continuing discovery in this, and the other, heat related cases that have been filed by Livingston and other Defendants.  Livingston also objects to the discovery submitted to him on May 14, 2014. The Supreme Court has held that "*Until this threshold immunity [qualified] question is resolved, discovery should not be allowed." Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2748 (1982) and "*...if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.*" *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 1596-7 (1998); *Elliot v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985).  Plaintiffs, including Ms. Kingrey, have conducted and obtained more than sufficient discovery, in the alleged heat related death cases beginning with this case in 2012, that exceed any discovery necessary to determine the issue of qualified immunity even considering the subsequent decision in *Backe v. LeBlanc*, 691 F.3d. 645, 648 (5th Cir. 2012).  **Ex. B.**

---

[2]	The parties have agreed that any discovery produced in any of the heat cases, respectively, may be referred to and used interchangeably.

5. Plaintiffs in this case have conducted the depositions of William L. Stephens, the current Director of the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ-CID), the prison division of TDCJ and Rick Thaler, the former Director of TDCJ-CID, both of whom are Defendants in the other heat related cases. Depositions of various other Defendants and witnesses in this, and the other, alleged heat related cases have been, and are being conducted. Additionally, Livingston, and other Defendants, have submitted responses to interrogatories, responses to a multitude of requests for admissions, and thousands of pages of documents. **Ex. B.**

6. Plaintiff has filed this 42 U.S.C. §1983 suit alleging that Livingston, in his individual capacity, as the Director, and senior security official, of TDCJ was responsible for the death of Stephen Gene McCollum, who was incarcerated in the CID Hutchins Unit in the summer of 2011. Plaintiff's allegations against Livingston can be summarzied as Livingston, and others, in general, allegedly failed to develop or enforce effective policies and procedures for TDCJ-CID units that would have prevented, or minimized, the risk of death to Mr. McCollum in the summer of 2011.

7. Livingston objects to, and alleges that, the discovery submitted on May 14, 2014, exceeds the scope of discovery allowed by the FED. R. CIV. P. 26(b)(1), and is not relevant to any discovery relating to Defendant's entitlement to qualified immunity.

8. Plaintiff has submitted six (6) Interrogatories to Livingston. The initial four (4) Interrogatories relate to electronically stored information which is being addressed separately by the parties, and is also the basis for an Unopposed Motion to Amend/Correct Scheduling Order filed by Plaintiffs on May 6, 2014 in *Webb v. Livingston*, *supra*, **D.E. 146**. Livingston objects to Interrogatory No. 5 as not being relevant to Livingston's plea of qualified immunity requesting Livingston to, "*Identify all persons…., including all persons who have knowledge of any facts*

3

*concerning extreme heat at any TDCJ prison facility....".* This Interrogatory is not limited in time, scope, or relevancy to the issue of Livingston's qualified immunity. Livingston also objects to Interrogatory No. 6 that requests Livingston to *"Identify the date upon which you anticipated litigation over the death of Larry Gene McCollum."* This may invade the attorney-client relationship, requests the mental impressions and thought processes of Livingston for him to remember a specific date on which a mental event may or may not have occurred in the past concerning the possibility of a future event, and again is not relevant to the issue of qualified immunity and Livingston's personal involvement in the circumstances of Mr. McCollum's death.

9.  Plaintiff has also submitted some sixty-six (66) Requests for Production to Livingston. Livingston objects as the material requested is not relevant to, and is not calculated to lead to discoverable evidence on, the issue of qualified immunity or has already been produced in the voluminous responses that Plaintiffs have received in this, and the other, heat related cases, as stated, *supra*. Neither are the requests relevant to any policies or procedures that Livingston allegedly enacted, or failed to enact, that *"caused"* or were the *"moving force"* in causing the death of Mr. McCollum. See, *Monell v. Department of Social Services*, 436 U.S. 658, 692, 694, 98 S. Ct. 2018 (1978); *Vela v. White*, 703 F.2d 147, 153 (5th Cir. 1983). As Plaintiff well knows, the conduct of one defendant may not be attributed to another defendant absent allegations of specific personal involvement as to each defendant. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000). Allegations of the personal involvement of Livingston, as well as each of the other Defendants, in any alleged violation of the constitutional rights of Mr. McCollum, is still necessary to be pled in order to overcome qualified immunity. *Ashcroft v. Iqbal,* 556 U.S.662*,* 676-7, 129 S. Ct. 1938, 1948-50 (2009); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Jacquez v. Procunier*, 801 F.2nd 789 (5th Cir. 1986); *Murphy v. Kellar*, 950 F.2d. 290, 292 (5th Cir. 1992); *Jolly v. Klein*, 923 F.Supp.931, 943

(S.D. Tex. 1996). Plaintiffs are also aware that allegations of personal involvement that sound in vicarious liability or *respondeat superior* are insufficient to overcome qualified immunity unless it is shown that the particular supervisory official is shown to have either, *"....(1)....personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."* Thompkins v. Belt, 828 F.2d 298, 303-304 (5th Cir. 1987). Plaintiff has not alleged what Livingston's role is in the making of policy, and only broad general terms of what policy that he enacted that was inadequate, or what policy he should have enacted. Plaintiff only makes the classic *respondeat superior* allegation that because he is the Director of TDCJ, arguably the largest prison system in the world, he must be liable.

10.   Again, these discovery requests are not relevant to Livingston's plea of qualified immunity as they for the most part allegedly establish that it was well known that the summer of 2011 was extremely hot, and inmates such as Mr. McCollum, who had allegedly heat sensitive medical problems, died of allegedly heat related causes in a Texas prison, and thus Livingston is liable, after the fact, because he, as Director of TDCJ, allegedly did not take any measures to counteract the heat in the Hutchins Unit where Mr. McCollum was incarcerated. These allegations are non-specific and in the generalist of terms, and which Livingston has denied.

## II.
## CONCLUSION

Defendant Livingston objects to any discovery, at least, until the Court has issued a ruling on his Motion to Dismiss determining his entitlement to qualified immunity. Defendant Livingston also alleges that Plaintiffs, including Ms. Kingrey, have been provided sufficient discovery as referenced *supra,* that far exceed discovery needed to determine any issue of qualified immunity. Additionally, Livingston alleges that the Plaintiff's request for discovery, *supra*, is not limited, nor

relevant to, and not calculated to lead to the discovery of admissible evidence of Defendant Livingston's plea of qualified immunity and personal involvement, if any, in the tragic death of Mr. McCollum at the Hutchins Unit on July 28, 2011.

ACCORDINGLY, TDCJ Director Brad Livingston, TDCJ - CID respectfully objects to Plaintiffs' conducting any further discovery including the discovery propounded to Defendant Livingston on May 14, 2014, and pray this Honorable Court grant Defendant Livingston's Motion to Stay Discovery and Motion for Protective Order denying any further discovery and that the Court quash the Plaintiff's discovery propounded to Livingston on May 14, 2014.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ DEMETRI ANASTASIADIS
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney-In-Charge
State Bar No. 01164480
Southern District of Texas Fed. I.D. No. 65833

Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 495-9139 (Fax)

**ATTORNEYS FOR DEFENDANT
BRAD LIVINGSTON**

## NOTICE OF ELECTRONIC FILING

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Brad Livingston's Objections To Discovery and Motion For A Protective Order and Motion To Quash Discovery** in accordance with the Electronic Case Files system for the Northern District of Texas, on the 12th day of June, 2014.

/s/ DEMETRI ANASTASIADIS
DEMETRI ANASTASIADIS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Brad Livingston's Objections To Discovery and Motion For A Protective Order and Motion To Quash Discovery** has been electronically served on all counsel of record via the Electronic Case Files system of the Northern District of Texas on this on this the 12th day of June, 2014.

/s/ DEMETRI ANASTASIADIS
DEMETRI ANASTASIADIS
Assistant Attorney General