BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE TEXAS PRISON HEAT LITIGATION | § § § § | MDL Docket No._____ Civil Action No. 3:13-cv-283 (S.D. Tex.) |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR TRANSFER
OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

The Texas Department of Criminal Justice, Brad Livingston, Rick Thaler, Eileen Kennedy, Ernest Gutierrez, Jr., Richard Alford, Jeff Pringle, Richard Clark, Karen Tate, Sandrea Sanders, Robert Eason, Tommie Haynes, Robert Leonard, Brandon Matthews, Debra Gilmore, Sarah Raines, Revoyda Dodd, Dennis Miller, Reginald Goings, Todd Foxworth, Lannette Linthicum, Kerry Collard, Matthew Seda, Tully Flowers, Doris Edwards, James Jones and Roberto Herrera ("TDCJ Defendants"), through the Attorney General of Texas, submit this memorandum pursuant to 28 U.S.C. § 1407 in support of their motion to centralize and consolidate all pending and future related actions to the Southern District of Texas with *Roxanne Martone, Individually as Representative of the Estate of Michael Martone v. Brad Livingston, et al.*, No. 4:13-cv-3369, filed Aug. 7, 2013.[1]

**I. BACKGROUND**

This motion concerns several independent but substantively identical conditions-of-confinement actions alleging, through 42 U.S.C. § 1983, violation of the Eighth Amendment, as well as violations of the Americans with Disabilities Act and the Rehabilitation Act. The independent actions were filed in the Northern, Southern and Eastern Districts of Texas on behalf of the heirs and estates of eight deceased offenders of the Texas Department of Criminal

---

[1] Representation of the various defendants is split within the Office of the Attorney General into claims against the TDCJ Defendants—centering on prison safety and security issues—and the UTMB Defendants—centering on medical and other healthcare-related issues. The UTMB Defendants do not oppose the TDCJ Defendants' motion to centralize and consolidate.

1

Justice who died in custody in the summer of 2011 and 2012, allegedly from excessive heat. In addition to the independent actions, a proposed class action has been filed in the Southern District of Texas on behalf of three offenders now incarcerated in TDCJ facilities seeking injunctive relief for alleged violations of the Eighth and Fourteenth Amendments, as well as relief under the Americans with Disabilities Act and the Rehabilitation Act. The lead counsel for every Plaintiff in all of these actions has publically indicated he is considering bringing a class action on behalf of offenders incarcerated in every one of Texas' more than 100 prisons and detention facilities.

Although three of the cases—*Webb*, *Togonidze* and *Adams*—were consolidated in the Eastern District in March 2014,[2] three other independent cases are not consolidated and one proposed class action has been filed in the Southern District with more likely to follow in other districts. The TDCJ Defendants have vigorously contested much of the discovery requested by Plaintiffs and have appealed the trial court's denial of motions to dismiss based on qualified immunity and court-ordered discovery that arguably exceeds the scope of discovery required to determine qualified immunity. The trial courts' decisions are being appealed to the U.S. Court of Appeals to the Fifth Circuit and discovery has been stayed in those cases. Where the trial court has not made a determination on qualified immunity, however, discovery has not been stayed and the parties continue to litigate discovery issues. In addition, Plaintiffs have sought an emergency lifting of the stay on discovery in the *Webb* consolidated matter and a hearing is set for Aug. 12 on their motion.

Transfer of all of the cases involving death and injury of Texas prison inmates allegedly due to high temperatures, and all future independent or class actions in the same judicial district

---

[2] *See* D.E. 88, *Webb, et al. v. Livingston, et al.*, No. 6:13-cv-711-JDL (E.D. Texas)

is appropriate. The actions involve common factual questions and identical legal questions, and transfer will promote the convenience of the parties and witnesses and further the just and efficient conduct of the actions.

## II. ARGUMENT

**A.     Consolidation and transfer of these cases in a single court is appropriate and necessary.**

The Judicial Panel on Multidistrict Litigation is authorized by 28 U.S.C. § 1407(a) to consolidate and transfer two or more civil cases that are pending in different judicial districts where (1) the cases involve "one or more common questions of fact," (2) such consolidation and transfer "will be for the convenience of the parties and witnesses" and (3) such consolidation and transfer "will promote the just and efficient conduct of such actions." The purpose of the statute is to conserve judicial resources, avoid duplicative discovery and inconsistent discovery rulings and schedules, and reduce litigation time and costs.[3] All of these considerations are present in the actions for which consolidation and transfer are sought here.

### 1.     All of the actions are based on the same factual and legal questions.

Other than the identities of the individual decedents in the individual cases and the specifics of their circumstances and locations, the actions at issue are based on the same questions of law and fact.[4] While the civil actions have been filed in different districts, they allege similar facts giving rise to virtually identical claims based on federal constitutional and statutory law, namely that the Texas Department of Criminal Justice violated constitutional prohibitions against cruel and unusual punishment by housing offenders in hot prison conditions and by violating the ADA and RA by failing to accommodate offenders who allegedly were—or are, in the case of the proposed class action—more susceptible than others to the effects of heat.

---

[3] MANUAL ON COMPLEX LITIGATION, FOURTH ¶ 20.13 at 220 (2004).
[4] *See* Declaration of Cynthia L. Burton, Exs. 2, 4, 6, 8, 10, 12, 14.

Among the common questions of law and fact shared among all of the cases at issue here are:

1. The constitutional sufficiency of TDCJ's policies relating to housing of offenders during hot weather;

2. Whether TDCJ's policies were followed with regard to the deceased offenders and whether TDCJ's policies are being followed with regard to the living offenders who seek injunctive relief;

3. Whether TDCJ's acts or omissions proximately caused any harm to the deceased offenders or whether they are causing any harm to the living offenders who seek injunctive relief;

4. Whether any of the TDCJ Defendants had knowledge sufficient to alert them to the need to provide additional protection to the deceased offenders and to the living offenders who seek injunctive relief;

5. Whether the Eighth Amendment mandates air-conditioning in prisons;

6. Whether any of the deceased offenders or the living offenders seeking injunctive relief are "disabled" within the scope of the Americans with Disabilities Act or the Rehabilitation Act; and

7. Whether the Americans with Disabilities Act or the Rehabilitation Act apply in the circumstances of these cases.

These common issues support consolidation and transfer to the Southern District of Texas.

**2. Consolidation and transfer in the Southern District of Texas would be more convenient for the parties and witnesses.**

Consolidation and transfer would also convenience the parties and witnesses in these cases because it would result in significant time and cost savings in pretrial proceedings, including discovery, class certification and other pretrial motion practice, as well as trial if it should be necessary.[5] The Southern District of Texas is an extremely convenient location in

---

[5] *See In re Polychlorophrene Rubber Antitrust Litig*., 360 F.Supp.2d 1348, 1350-51 (JPML 2005) (recognizing efficiencies and convenience of consolidation and transfer to parties and witnesses, as well as judicial economy and

which to try the consolidated case. The majority of testamentary and documentary evidence, relating to TDCJ is located in Huntsville, Texas, a 69-mile drive north from Houston on an Interstate Highway. The majority of evidence relating to UTMB is located in Galveston, Texas, a 51-mile drive south on the same highway. The Northern District, in Dallas, is far from the headquarters of the agency Defendants, and the Eastern District, located in Tyler, Texas, is a drive of roughly 130 miles from Huntsville on secondary roads. Because a significant portion of the relevant evidence and witnesses are located within 100 miles of Houston, the convenience of all parties will benefit from transfer and consolidation in the Southern District of Texas.

### 3. Consolidation and transfer in the Southern District of Texas would promote the just and efficient conduct of these actions.

Finally, consolidation and transfer will also serve the interest of both judicial economy and consistency. Consolidation and transfer will mean that only one judge will need to oversee the proceedings. Assigning a single judge will ensure that the legal issues raised in this case, such as class certification and the application of constitutional law relating to prisoners' rights, will be addressed in a consistent manner.[6]

### B. The Southern District of Texas is the most appropriate transferee forum for these cases.

The Panel considers various factors in selecting the most appropriate transferee forum, including whether the district has a significant nexus to the litigation,[7] the district in which the

---

consistency of rulings that benefit parties, witnesses and the courts, in litigation with multiple defendants); *accord In re Publication Paper Antitrust Litig.*, 346 F.Supp.2d 1370, 1372 (JPML 2004).

[6] *See In re Air West, Inc. Secs. Litig.*, 384 F.Supp. 609, 611 (JPML 1974) ("transfer will eliminate any possibility of inconsistent determinations."); *In re Publication Paper*, 346 F.Supp.2d at 1372; *see also In re Humana Inc. Managed Care Litig.*, 2000 WL 1925080 at *3 (JPML 2000) (recognizing that even where there are factual differences among claims against different defendants, consolidation and transfer to a single judge is still appropriate when there are overarching claims against defendants that involve significantly similar factual bases).

[7] *See, e.g., In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 403 F.Supp.2d 1358 (JPML 2005).

5

first case was filed,[8] the district where the most cases have been filed,[9] the convenience of the district to the parties[10] and witnesses and the condition of the district's court dockets.[11] On balance, these factors favor assignment of the pending and future Texas prison heat cases to the Southern District of Texas.

The Southern District is the center of gravity of these lawsuits. The headquarters of the Texas Department of Criminal Justice is located in Walker County, within the geographic region encompassed by the Southern District. The relevant records are housed within at TDCJ headquarters in Walker County in the Southern District. A majority of witnesses and parties live and work in the Southern District. Significant discovery would occur in Huntsville or Galveston, both in the Southern District. Three of the cases, including the first class action, are filed in the Southern District.

The first suit at issue here, the *McCollum* Action, was filed in Dallas, in the Northern District of Texas. The *McCollum* Action is the only case filed to date in the Northern District, and consolidation and transfer to the Northern District would be most inconvenient for the parties and witnesses. The *Hinojosa*, *Martone* and class action cases are filed in the Southern District—*Martone* and the class action before the same judge—and the *Adams*, *Webb* and *Togonidze* cases are filed in the Eastern District, all consolidated before the same judge. But, as described above, it is significantly easier for counsel, parties and witnesses to travel by car or air to Houston, the fourth-largest city in the nation, than it is to travel to Tyler, a city of little more than 100,000. Although TDCJ operates prison facilities in the Eastern District, its administrative offices, as well as its managers and executives, are located in the Southern District.

---

[8] *See, e.g., In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litig.*, 398 F.Supp.2d 1365 (JPML 2005).
[9] *See, e.g., In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 296 F.Supp.2d 1370-71 (JPML 2003).
[10] *See, e.g., In re Polychlorophrene Rubber*, 3560F.Supp.2d at 1350.
[11] *See., e.g. In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F.Supp.2d 1374, 1376 (JPML 2003).

The Panel has indicated that the condition of the dockets in the various districts is an important factor in determining the most appropriate transferee court because it is important that districts not be overburdened with litigation that could prevent them from effectively handling the litigation before them.[12]

A review of Federal Court Management Statistics further supports consolidation and transfer to the Southern District. The Eastern District of Texas—widely recognized as the busiest patent court in the country[13]—has eight judges, each of whom has an average of 510 cases on his or her docket.[14] Eastern District judges also maintain an average of 147 prisoner petitions each and about 27 civil-rights cases on their dockets.[15] In contrast, the Southern District has 19 judges who average 312 civil matters each, of which 66 are prisoner petitions and just over 29 are civil-rights matters.[16] The median time from filing to disposition of cases filed in the Eastern District is 8.9 months; the median filing-to-disposition time in the Southern District is 6.8 months. Although the judges in the Eastern District are unquestionably capable of adjudicating a consolidated civil-rights proceeding of this type, docket conditions in the Southern District are materially comparable or more favorable to those in the Eastern District.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Panel to centralize and consolidate all pending and future Actions in the Southern District of Texas relating to the death or injury of Texas prison inmates allegedly due to excessive heat.

---

[12] *See In re Pressure Sensitive Labelstock*, 290 F.SDupp.2d at 1376; *In re Pilgrim's Pride Fair Labor Standards Act Litig.*, 489 F.Supp.2d 1381, 1382 (JPML 2007).
[13] *See* http://ftijournal.com/article/inside-the-busiest-patent-court-in-america
[14] *See* Declaration of Cynthia L. Burton, Ex. 16.
[15] *Id.*
[16] *Id.*

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24057611
cynthia.burton@texasattorneygeneral.gov

**ATTORNEYS FOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON, RICK THALER, EILEEN KENNEDY, ERNEST GUTIERREZ, JR., RICHARD ALFORD, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, TOMMIE HAYNES, ROBERT LEONARD, BRANDON MATTHEWS, DEBRA GILMORE, SARAH RAINES, REVOYDA DODD, DENNIS MILLER, REGINALD GOINGS, TODD FOXWORTH, LANNETTE LINTHICUM, KERRY COLLARD, MATTHEW SEDA, TULLY FLOWERS, DORIS EDWARDS, JAMES JONES and ROBERTO HERRERA**