UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM,<br><br>      PLAINTIFFS<br><br>v.<br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br><br>      DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br>3:12-cv-02037<br>JURY DEMAND |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

  Plaintiff respectfully opposes the Motions to Intervene filed by Jorge Jones, Tony Ray Mitchell, Charles Taylor, and Merrill Haskell, Docs. 200, 202-204.

  **I.**  **SUMMARY OF THE RESPONSE**

  This case is currently the subject of a multi-district litigation panel decision. The panel will meet on October 2, 2014 to determine if it should consolidate this case and others challenging the constitutionality of Defendants' policy of subjecting prisoners to extremely hot indoor temperatures. Plaintiffs believe any decision on intervention before the MDL panel decision is premature as the MDL panel may grant the putative Intervenors essentially the relief they seek.

  Assuming the Court wishes to rule on this intervention motion before the MDL panel rules, however, the Court should deny the motion.  The proposed interveners are

*pro se* inmates at the Hutchins Unit. While Plaintiff is sympathetic and respectful of their claims, permitting them to intervene in this case would unduly delay this litigation. It is not clear whether they seek injunctive relief or damages. This case, however, is about one former prisoner's death from the heat at Hutchins and Defendants' deliberate indifference to the conditions that caused his death. Litigating their claims separately from this litigation will not prejudice Intervenors' rights.

## II.    ARGUMENT AND AUTHORITIES

Larry Gene McCollum died from the extreme heat at the Hutchins State Jail in Dallas. Intervenors are current inmates housed at Hutchins. It is unclear whether they seek damages or injunctive relief.

Federal Rule of Civil Procedure 24 governs interventions. A putative party must be allowed to intervene if they "are given an unconditional right to intervene by a federal statute," or they "claim an interest to the property or transaction that is the subject of the action." *See* FED. R. CIV. PROC. 24(a). Intervenors do not allege any federal statute mandates they be allowed to intervene, nor do they claim an interest in any "property or transaction" that requires intervention.

Thus, Intervenors can only seek to intervene pursuant to Rule 24(b), the "permissive intervention" rule. The trial court has discretion to permit intervention, unless "the intervention would unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. PROC. 24(b)(3); *see In re Deepwater Horizon*, 546 Fed. Appx. 502, 506 (5th Cir. Nov. 11, 2013). The Fifth Circuit rarely, if ever, reverses a district court's decision denying permissive intervention. *Kneeland v. Nat'l Collegiate Athletic Ass'n.*, 806 F.2d 1285, 1290 (5th Cir. 1987).

Here, permitting intervention would simply unduly delay this litigation and significantly increase costs. While Intervenors are also undoubtedly subjected to high indoor apparent temperatures, their intervention would make this litigation "unnecessarily more complex." *Aransas Project v. Shaw*, 404 Fed. Appx. 937, 942 (5th Cir. Dec. 22, 2010) (affirming denial of motion to intervene).

Presently, this case seeks damages for the death of McCollum and injunctive relief. Though TDCJ's unconstitutional policy subjects prisoners to extreme indoor temperatures, should the Court allow intervention, Defendants will focus on the unknown health status of Intervenors and how they have been affected by the heat, substantially increasing Plaintiffs' costs and delaying resolution of this case. At this late stage, allowing the proposed interventions would fundamentally change the nature of this case. Further, it is unclear whether Intervenors seek damages or injunctive relief. The court should decline to allow interveners when intervention would "needlessly increase costs and delay disposition of the litigation." *Hopwood v. State of Tex.*, 21 F.3d 603, 606 (5th Cir. 1994).

Moreover, because Intervenors' rights will not be prejudiced in this case, they can pursue their claims separately.

Intervenors' frustration is understandable – Plaintiff agrees that Intervenors and all other similarly-situated prisoners are subjected to unconstitutional conditions at non-air conditioned TDCJ facilities such as Hutchins. But this case arising from McCollum's death and Defendants' deliberate indifference is simply not the proper vehicle to advance Intervenors' case.  They should advance that case separately.  Doing otherwise would prejudice Plaintiffs' rights to a speedy trial, increase their costs, and unnecessarily

complicate this litigation.

**III.    CONCLUSION**

  This Court should deny the motions to intervene.

Dated: September 16, 2014.

          Respectfully submitted,

          Edwards Law
          The Haehnel Building
          1101 East 11th Street
          Austin, TX 78702
          Tel.  512-623-7727
          Fax.  512-623-7729

          By  /s/ Jeff Edwards
          JEFF EDWARDS
          State Bar No. 24014406
          Scott Medlock
          State Bar No. 24044783
          Sean Flammer
          State Bar No. 24059754
          Lead Counsel

          Brian McGiverin
          State Bar No. 24067760
          James C. Harrington
          State Bar No. 09048500

          TEXAS CIVIL RIGHTS PROJECT
          1405 Montopolis Dr.
          Austin, TX 78741
          (512) 474-5073 [phone]
          512 474-0726 [fax]

          Eliot Shavin
          State Bar No. 18138200
          2600 State Street
          Dallas, Texas 75204
          214-522-2010 (telephone)
          214-720-9594 (fax)
          Local Counsel

          ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas. Additionally, I have served the following *pro se* parties via mail:

Jorge G. Jones #1934436
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

Tony Ray Mitchell #1875728
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

Charles Curtis Taylor #01347697
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

Merrill Haskell #1918463
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

By      /s/ Jeff Edwards
JEFF EDWARDS