# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| Stephen McCollum, *et al.*, | § | |
| Plaintiffs | § | |
| v. | § | Civil Action No. 3:12-CV-02037 L |
| | § | |
| Brad Livingston, *et al.*, | § | |
| Defendants. | § | |

## OPPOSITION TO PETITIONS TO INTERVENE

NOW COME the Defendants in the above-captioned matter, through the Attorney General of Texas, and oppose petitions to intervene filed by Jorge Jones and Tony Ray Mitchell and the motions to adjoin filed by Charles Curtiss Taylor, Jr. and Merrill Haskell.[1]

## I.  RELEVANT PROCEDURAL BACKGROUND

The purported intervenors seek to intervene in an action filed on behalf of Stephen McCollum, Stephanie Kingrey and Sandra McCollum, individually and as heirs at law on behalf of the Estate of Larry Gene McCollum an offender who passed away at the Hutchins Unit in July of 2011.[2]

## II.  ARGUMENT AND AUTHORITIES

Plaintiffs are the alleged heirs at law to the Estate of Larry Gene McCollum, a deceased offender, who claim Mr. McCollum died of a heat-related illness while incarcerated at the Texas Department of Criminal Justice's Hutchins Unit, in Dallas, Texas. Their lawsuit concerns the alleged heat related death of Larry Gene McCollum. It is personal to the alleged heirs at law of the McCollum family.

---

[1] D.E. 200, 202, 203, and 204.
[2] D.E. 43 at 1.

Intervenors do not have standing to intervene in this case. Their rights will not be prejudiced because they can pursue their own claims in the Northern District of Texas.[3]

Federal Rule of Civil Procedure 24 governs interventions. A putative party must be allowed to intervene if they "are given an unconditional right to intervene by a federal statute," or they "claim an interest to the property or transaction that is the subject of the action."[4] Intervenors do not allege any federal statute that mandates they be allowed to intervene, nor do they claim an interest in any "property or transaction" that requires their intervention. Thus, intervenors can only seek to intervene pursuant to Rule 24(b), the "permissive intervention" rule.

Permissive intervention may be allowed on a timely motion by anyone who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.[5] The trial court has discretion to permit intervention, unless "the intervention would unduly delay or prejudice the adjudication of the original parties' rights."[6] The Fifth Circuit rarely, if ever, reverses a district court's decision denying permissive intervention.[7] None of the prerequisites for permissive intervention exist in this case.

Permitting intervention in the procedural posture of this case would unduly delay this litigation. While intervenors may claim to be subjected to high indoor apparent temperatures in prison, their intervention would make this litigation "unnecessarily more complex," and, in all

---

[3] Furthermore, it appears that Jones and Haskell are improperly engaging in forum shopping. They filed similar motions in the Southern District of Texas in *Bailey v. Livingston*, No. 4:14-cv-1698, D.E. 49 & 57.

[4] FED. R. CIV. P. 24(a).

[5] FED. R. CIV. P. 24(b)(1).

[6] FED. R. CIV. P. 24(b)(3). *See In re Deepwater Horizon*, 546 Fed. Appx. 502, 506 (5th Cir. 2013).

[7] *Kneeland v. Nat'l Collegiate Athletic Ass'n.*, 806 F.2d 1285, 1290 (5th Cir. 1987).

likelihood, delay discovery and trial.[8] In its current configuration, this civil action is about the alleged heat related death of Larry Gene McCollum. Intervenors cannot join in this action because they lack standing to assert a claim to the estate of Larry Gene McCollum.

Adding additional litigants, with no claims or causes of action arising out of the circumstances of Mr. McCollum's death, would substantially increase Defendants' burden by requiring additional discovery, expense and use of limited state resource, to defend claims that have no bearing on Mr. McCollum's lawsuit. Thus, involving inmates who's rights will not be impacted by the adjudication of Mr. McCollum's case and who have no claim on his estate and no factual or legal connection to this lawsuit would unnecessarily and needless complicate this litigation. Where it is well-settled that the court should decline to allow intervenors when intervention would "needlessly increase costs and delay disposition of the litigation," these factors weigh against intervention.[9] Thus, the Court should deny intervention in this specific instance under these circumstances.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request Jones, Mitchell, Taylor, Jr. and Haskell's motions to intervene and adjoin be denied.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

---

[8] *Aransas Project v. Shaw*, 404 Fed. Appx. 937, 942 (5th Cir. 2010) (affirming denial of motion to intervene).
[9] *Hopwood v. State of Tex.*, 21 F.3d 603, 606 (5th Cir. 1994).

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation


**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
cynthia.burton@texasattorneygeneral.gov

**ATTORNEYS FOR DEFENDANTS**


**NOTICE OF ELECTRONIC FILING**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Northern District of Texas on Sept. 26, 2014.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General


**CERTIFICATE OF SERVICE**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have served all counsel or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5(b)(2) with a true and correct copy of the foregoing on Sept. 26, 2014, as follows:

Jorge Jones, No. 1934436
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

Tony Ray Mitchell, No. 1875728
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

Charles Curtiss Taylor, Jr., No. 01347697
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

Merrill Haskell, No. 1918463
Hutchins State Jail
1500 E. Langdon Rd.
Dallas, TX 75241

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General