IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN McCOLLUM,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-02037** |
| | § | |
| **BRAD LIVINGSTON,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court are the Motions to Intervene (Docs. 200, 202, 203, 204), filed by Jorge G. Jones, Tony Ray Mitchell, Charles Curtiss Taylor, Jr., and Merrill Haskell ("Movants") on September 3, 5, and 10, 2014. Also before the court is the Motion for Leave to Respond to Motions to Intervene (Doc. 205), filed September 16, 2014, by Plaintiffs, who oppose the Motions to Intervene. In their proposed response in opposition, Plaintiffs contend the requested intervention will unduly delay the litigation of their claims and the relief sought by them. Plaintiffs therefore request the court to deny the Motions to Intervene.[*]

A party may intervene in a lawsuit as a matter of right if the motion for intervention is timely and there exists an unconditional right to intervene by federal statute. Fed. R. Civ. P. 24(a)(1). A party may also intervene in a lawsuit as a matter of right upon timely motion if (1) the party has an interest in the subject matter of the action; (2) the disposition of the case may impair or impede the party's ability to protect that interest; and (4) the party is not adequately represented by the existing

---

[*] Alternatively, Plaintiffs requested the court to delay ruling on the Motions to Intervene until after the Multidistrict Litigation Panel ("MDL panel") rules on Defendants' motion to transfer; however, this ground is moot, as the MDL panel denied the motion to transfer.

**Order - Page 1**

parties. Fed. R. Civ. P. 24(a)(2). Even if a party is not entitled to intervene as a matter of right, the court may permit a party to intervene, upon timely motion, if the party has a conditional right to intervene under a federal statute or a claim "that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Permissive intervention is a matter wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Staley v. Harris Cnty. Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam) (quoting *New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984)) (internal quotation marks omitted). In exercising its discretion, the court considers whether and to what extent the requested intervention will delay or prejudice the adjudication of the original parties' rights. *See id.* at 412-14; *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970) ("[T]he timely application requirement under Rule 24 . . . was designed to insure that the original parties should not be prejudiced by the intervener's failure to apply sooner.").

Movants do not set forth a basis for intervening as a matter of right. The court therefore assumes that they seek to intervene under Rule 24(b)(2), which is applicable to permissive intervention. This action was originally filed by Plaintiffs more than two years age, on June 26, 2012. Movants do not explain their delay in seeking to intervene. Further, while Movants contend that they are "similarly situated" because they are facing possible death as a result of deadly heat exposure in the Texas Department of Criminal Justice, it is unclear from the *bare-bones* Motions to Intervene whether the facts that form the basis of Movants' claims are sufficiently similar to those alleged by Plaintiffs in this case, which deals with former prisoner Stephen McCollum's alleged heat-related death at the Texas Hutchins Unit state jail and Defendants' alleged deliberate

indifference to the conditions that caused his death.  Given the age of this case, the court further determines that the requested intervention would unnecessarily delay the adjudication of Plaintiffs' claims, whereas Movants will not suffer any legal prejudice if required to file separate actions to litigate their claims.  The court therefore **denies without prejudice** the Motions to Intervene (Docs. 200, 202, 203, 204) and **denies as moot** Plaintiffs' Motion for Leave to Respond to Motions to Intervene (Doc. 205).

      **It is so ordered** this 10th day of November, 2014.

                                      _____
                                      Sam A. Lindsay
                                      United States District Judge