UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROXANNE MARTONE, individually and as heir-at-law to the ESTATE OF MICHAEL MARTONE,<br>    Plaintiff,<br><br>v.<br><br>BRAD LIVINGSTON, et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:13-CV-03369 |
| STEPHEN McCOLLUM and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the ESTATE OF LARRY GENE McCOLLUM,<br>    Plaintiffs,<br><br>v.<br><br>BRAD LIVINGSTON, et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:14-cv-03253 |
| KEVIN WEBB, individually and as representative of the ESTATE OF ROBERT ALLEN WEBB, et al.,<br>    Plaintiffs,<br><br>v.<br><br>BRAD LIVINGSTON, et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:14-CV-03302 |

| | | |
|---|---|---|
| RENE ARTURO HINOJOSA, as representative of the ESTATE OF RAMONA HINOJOSA and the ESTATE OF ALBERT HINOJOSA,<br>    Plaintiff,<br><br>v.<br><br>BRAD LIVINGSTON, et al.,<br>    Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:14-CV-03311 |

_____

| | | |
|---|---|---|
| GWEN TOGONIDZE, as the next friend of J.T., a minor child and heir-at-law to the ESTATE OF ALEXANDER TOGONIDZE,<br>    Plaintiff,<br><br>v.<br><br>BRAD LIVINGSTON, et al.,<br>    Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:14-CV-03324 |

| | | |
|---|---|---|
| ASHLEY ADAMS, individually and as representative of the ESTATE OF RODNEY GERALD ADAMS, and WANDA ADAMS, individually, et al.,<br>    Plaintiffs,<br><br>v.<br><br>BRAD LIVINGSTON, et al.,<br>    Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:14-CV-03326 |

_____

| | § | |
|---|---|---|
| BRADLEY CADDELL, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-3323 |
| | § | |
| BRAD LIVINGSTON, et al., | § | |
|     Defendants. | § | |

## UTMB AND TDCJ DEFENDANTS' STATEMENT ON CASE STATUS

The University of Texas Medical Branch at Galveston, Nancy Betts, Steven Fields, Peggy McCleskey, Linda McKnight, Owen Murray, Joe Oliver, Patricia Rye, and Danny Washington (collectively the "UTMB Defendants") and the Texas Department of Criminal Justice (TDCJ), Brad Livingston, Rick Thaler, William Stephens, Robert Eason, Tommie Haynes, Robert Leonard, Brandon Mathews, Debra Gilmore, Sarah Raines, Matthew Seda, Tully Flowers, Doris Edwards, Revoyda Dodd, Dennis Miller, Reginald Goings, Phyllis McWhorter, Lannette Linthicum, Kathryn Buskirk, Todd Foxworth, Richard Alford, James Jones, Kerry Collard, Eileen Kennedy, Ernest Guterrez Jr., Roberto Herrera (official capacity), Jeff Pringle, Balden Polk, Louis Williams, Richard Clark, Karen Tate, Sandrea Sanders, Roger Pawelek, Ronald Givens, Ruben Villegas, and Eismael Ruiz (collectively the "TDCJ Defendants") submit the following statement on the status of the above-captioned litigation, in response to the Court's November 25, 2014 request. The above-captioned cases have not been consolidated, nor has any party moved for consolidation. The UTMB Defendants and the TDCJ Defendants are submitting this one response in all cases as opposed to separate submissions in each case for the Court's convenience.

**A. Case Status**

The *Webb* consolidated cases, which include *Webb, Togonidze, Adams*, and *Hinojosa* are stayed pending appeals of the District Courts' denial of the TDCJ Executive Defendants' motions to dismiss on grounds of qualified immunity. *McCollum* was stayed by Judge Lindsey pending a ruling on the TDCJ Executive Defendants' motion to dismiss on qualified immunity grounds. There is no stay or scheduling order in *Martone*, but for the sake of efficiency, the UTMB and TDCJ Defendants recommend that all of the cases be held in abeyance until the appeals are decided. Accordingly, there are no pressing issues that require the Court's immediate attention.

There is a motion for sanctions pending in the District Court for the Northern District of Texas in the *McCollum* case. That motion was severed from the *McCollum* action pending in this Court, and it was not transferred. The resolution of that motion by the Northern District Court may resolve discovery disputes now pending before this Court in the *Webb* case. Judge Toliver ordered the parties to file a joint status report on the discovery dispute by January 6, 2015, and the parties expect a ruling shortly thereafter. Counsel for the plaintiffs has stated that they would prefer to wait for that motion to be decided before taking further action in this litigation and UTMB and TDCJ do not oppose this request.

The UTMB and TDCJ defendants expect to produce a substantial number of documents in the next few weeks, which the parties will begin to review while the cases are stayed. Because many of the issues in this litigation apply to each of the cases, the parties may be able to reach an agreement that a deposition taken in one case is deemed taken in all cases, and a document produced in one case is deemed produced in all cases (without waiving objections to the admissibility of any piece of evidence). Such an agreement will help to streamline the discovery

process going forward, and cut down on duplicative work for all of the parties. For example, when the parties take expert depositions, it may make sense to depose an expert on his or her general opinions that apply to all of the cases, and then on his or her opinions on each case, instead of deposing the expert on the same general opinions six different times. The parties will work diligently to reach such an agreement as part of our meeting and conferring on the pending discovery issues.

Because the seven cases involve slightly different parties, and are at different places in their motion practice and the discovery process, each case is addressed in turn below. The description of the cases and the schedules proposed below were presented to Plaintiffs for their consideration. Counsel for the UTMB Defendants and counsel for the TDCJ Defendants conferred with counsel for the Plaintiffs, and counsel for Plaintiffs stated that Plaintiffs intended to file their own letter with the Court setting forth their positions. The UTMB Defendants and the TDCJ Defendants have not seen and do not know the positions that will be set forth in Plaintiffs' filing. The UTMB Defendants and the TDCJ Defendants reserve their right to set forth any disagreements they may have with Plaintiffs' positions and/ or to discuss these differences with the Court at any upcoming pre-trial conference.

1. *Martone*, Cause No. 4:13-cv-03369

The *Martone* case has been brought against twelve Defendants. There are no motions pending.

Fact discovery is at the very earliest stages. Plaintiff has taken two depositions, and the Defendants have not taken any. There are no deposition notices pending. Once the requested stay is lifted, the UTMB and TDCJ Defendants anticipate needing approximately six months to complete fact discovery. Expert discovery has not begun.

Given the number of witnesses and parties involved in this litigation, and the state of discovery, UTMB and TDCJ make the following scheduling recommendations:

| | |
|---|---|
| Deadline for fact discovery: | 9 months after the stay has been lifted |
| Deadline for amending pleadings: | The same date as the deadline for serving initial expert reports |
| Deadline for serving initial expert reports, pursuant to Fed. R. Civ. P. 26(a)(2), by the party bearing the burden of proof on a particular issue: | 6 weeks after the close of fact discovery |
| Deadline for serving responsive expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 6 weeks after the deadline for service of initial expert reports |
| Deadline for serving rebuttal expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 4 weeks after the deadline for service of responsive expert reports |
| Deadline for expert discovery: | 6 weeks after the deadline for service of responsive expert reports |
| Deadline for filing dispositive and *Daubert* motions: | 4 weeks after the close of expert discovery |
| Joinder deadline: | 6 months prior to trial |

**2.** *McCollum*, **4:14-cv-3253**

The *McCollum* case has been brought by three plaintiffs against eight defendants. Procedurally, the *McCollum* case is the most advanced among the cases before the Court. Currently pending motions include Plaintiffs' Motion for Sanctions (pending in the Northern District, as discussed above). Upon transfer to this Court, UTMB's and TDCJ's pending dispositive motions were terminated. UTMB and TDCJ will file appropriate motions upon the issuance of a new scheduling order.

The parties have engaged in a substantial amount of fact discovery. Plaintiffs have taken seventeen fact witness depositions. Defendants have taken three fact witness depositions. Once the stay is lifted, the UTMB and TDCJ Defendants anticipate needing an additional four months to complete fact discovery, primarily to clean up any remaining issues that may arise with the upcoming production of additional documents and perhaps to take a limited number of depositions.

Expert discovery is in the early stages. Plaintiffs designated eight experts in the areas of prison conditions and procedures, heat dissipation, construction, and damages. Plaintiffs also designated a number of non-retained experts including relevant physicians and the president of the Texas Department of Criminal Justice's correctional officers' union. The UTMB Defendants designated four medical experts. Likewise, the TDCJ Defendants designated seven experts to testify regarding administration and maintenance, among other subjects. Plaintiffs have deposed one expert, and the Defendants have deposed two experts. Once the stay is lifted and upon completion of fact discovery, the UTMB and TDCJ Defendants anticipate needing an additional six months to complete expert discovery.

Given the number of witnesses and parties involved in this litigation, and the state of discovery, UTMB and TDCJ make the following scheduling recommendations:

| | |
|---|---|
| Deadline for fact discovery: | 4 months after the stay has been lifted |
| Deadline for amending pleadings: | The same date as the deadline for serving initial expert reports |
| Deadline for serving initial expert reports, pursuant to Fed. R. Civ. P. 26(a)(2), by the party bearing the burden of proof on a particular issue: | 6 weeks after the close of fact discovery |
| Deadline for serving responsive expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 6 weeks after the deadline for service of initial expert reports |
| Deadline for serving rebuttal expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 4 weeks after the deadline for service of responsive expert reports |
| Deadline for expert discovery: | 6 weeks after the deadline for service of responsive expert reports |
| Deadline for filing dispositive and *Daubert* motions: | 4 weeks after the close of expert discovery |
| Joinder deadline: | 6 months prior to trial |

### 3. *Webb*, Cause No. 4:14-cv-03302

*Webb* has been brought by four plaintiffs against eight Defendants. Pending motions include four Rule 12(b)(6) motions to dismiss and Plaintiffs' motion for discovery sanctions. *Webb* is currently consolidated with *Adams* and *Togonidze* for purposes of discovery and scheduling.

Fact discovery is partially complete. Plaintiffs have taken six fact witness depositions and noticed another eight depositions of individual Defendants, which have yet to occur. Defendants have not taken any depositions and plan to depose at least the four Plaintiffs and

perhaps other fact witnesses. Once the stay is lifted, the UTMB and TDCJ Defendants anticipate needing an additional six months to complete fact discovery. Expert discovery has not begun.

Given the number of witnesses and parties involved in this litigation, and the state of discovery, UTMB and TDCJ make the following scheduling recommendations:

| | |
|---|---|
| Deadline for fact discovery: | 6 months after the stay has been lifted |
| Deadline for amending pleadings: | The same date as the deadline for serving initial expert reports |
| Deadline for serving initial expert reports, pursuant to Fed. R. Civ. P. 26(a)(2), by the party bearing the burden of proof on a particular issue: | 6 weeks after the close of fact discovery |
| Deadline for serving responsive expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 6 weeks after the deadline for service of initial expert reports |
| Deadline for serving rebuttal expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 4 weeks after the deadline for service of responsive expert reports |
| Deadline for expert discovery: | 6 weeks after the deadline for service of responsive expert reports |
| Deadline for filing dispositive and *Daubert* motions: | 4 weeks after the close of expert discovery |
| Joinder deadline: | 6 months prior to trial |

### 4. *Hinojosa*, Cause No. 4:14-cv-03311

The *Hinojosa* case has been brought against thirteen Defendants. Plaintiff recently amended his Complaint to substitute the named Plaintiff. The UTMB Defendants have a pending 12(b)(1) motion to dismiss. The TDCJ Defendants filed a Rule 12(b)(1) motion to dismiss earlier this week. The UTMB and TDCJ Defendants anticipate further motion practice on the amended pleading.

Discovery is in the very beginning stages. Plaintiff has taken two depositions, and Defendants have not taken any depositions. There are no deposition notices pending. Once the stay is lifted, the UTMB and TDCJ Defendants anticipate needing an additional seven months to complete fact discovery. Expert discovery has not begun.

Given the number of witnesses and parties involved in this litigation, and the state of discovery, UTMB and TDCJ make the following scheduling recommendations:

| | |
|---|---|
| Deadline for fact discovery: | 7 months after the stay has been lifted |
| Deadline for amending pleadings: | The same date as the deadline for serving initial expert reports |
| Deadline for serving initial expert reports, pursuant to Fed. R. Civ. P. 26(a)(2), by the party bearing the burden of proof on a particular issue: | 6 weeks after the close of fact discovery |
| Deadline for serving responsive expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 6 weeks after the deadline for service of initial expert reports |
| Deadline for serving rebuttal expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 4 weeks after the deadline for service of responsive expert reports |
| Deadline for expert discovery: | 6 weeks after the deadline for service of responsive expert reports |
| Deadline for filing dispositive and *Daubert* motions: | 4 weeks after the close of expert discovery |
| Joinder deadline: | 6 months prior to trial |

### 5. *Togonidze*, Cause No. 4:14-cv-03324

The *Togonidze* case has been brought against eight Defendants. *Togonidze* is currently consolidated with *Webb* and *Adams* for purposes of discovery and scheduling. There are no pending motions.

Fact discovery is in the beginning stages. Plaintiffs have taken six fact witness depositions and noticed another eight depositions of individual Defendants, which have yet to occur. The Defendants have not taken any depositions and plan to at least depose the Plaintiff and perhaps other fact witnesses. Once the stay is lifted, the UTMB and TDCJ Defendants anticipate needing an additional seven months to complete fact discovery. Expert discovery has not begun.

Given the number of witnesses and parties involved in this litigation, and the state of discovery, UTMB and TDCJ make the following scheduling recommendations:

| Deadline for fact discovery: | 7 months after the stay has been lifted |
|---|---|
| Deadline for amending pleadings: | The same date as the deadline for serving initial expert reports |
| Deadline for serving initial expert reports, pursuant to Fed. R. Civ. P. 26(a)(2), by the party bearing the burden of proof on a particular issue: | 6 weeks after the close of fact discovery |
| Deadline for serving responsive expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 6 weeks after the deadline for service of initial expert reports |
| Deadline for serving rebuttal expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 4 weeks after the deadline for service of responsive expert reports |
| Deadline for expert discovery: | 6 weeks after the deadline for service of responsive expert reports |
| Deadline for filing dispositive and *Daubert* motions: | 4 weeks after the close of expert discovery |
| Joinder deadline: | 6 months prior to trial |

6. *Adams*, Cause No. 4:14-cv-03326

The *Adams* case involves the deaths of three inmates: Rodney Adams in 2012 and Douglas Hudson and Kenneth Wayne James in 2011. This case is brought by twelve Plaintiffs

against twenty-five Defendants; there are by far more parties involved in this case than in any of the other related cases. There are six Rule 12(b)(6) motions to dismiss pending. *Adams* is currently consolidated with *Webb* and *Togonidze* for purposes of discovery and scheduling.

The TDCJ Defendants intend to sever these claims so that they may be tried separately.

Fact discovery is in the early stages. Plaintiffs have taken six fact witness depositions and noticed another eight depositions of individual defendants, which have yet to occur. The Defendants have not taken any depositions and plan to depose at least the twelve Plaintiffs as well as other fact witnesses. Once the stay is lifted, the UTMB and TDCJ Defendants anticipate needing an additional nine months to complete fact discovery. Expert discovery has not begun.

Given the number of witnesses and parties involved in this litigation, and the state of discovery, UTMB and TDCJ make the following scheduling recommendations:

| | |
|---|---|
| Deadline for fact discovery: | 9 months after the stay has been lifted |
| Deadline for amending pleadings: | The same date as the deadline for serving initial expert reports |
| Deadline for serving initial expert reports, pursuant to Fed. R. Civ. P. 26(a)(2), by the party bearing the burden of proof on a particular issue: | 6 weeks after the close of fact discovery |
| Deadline for serving responsive expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 6 weeks after the deadline for service of initial expert reports |
| Deadline for serving rebuttal expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 4 weeks after the deadline for service of responsive expert reports |
| Deadline for expert discovery: | 6 weeks after the deadline for service of responsive expert reports |
| Deadline for filing dispositive and *Daubert* motions: | 4 weeks after the close of expert discovery |
| Joinder deadline: | 6 months prior to trial |

The UTMB and TDCJ Defendants suggest that the Court hold a status conference after the pending appeals are decided to set the schedules for the cases and to determine the order in which the cases will be tried.

### 7. *Caddell*, Cause No. 4:14-cv-3323

*Caddell* has been brought by one plaintiffs against ten Defendants. TDCJ Defendants have a pending motion to dismiss for failure to exhaust.

Except for Initial Disclosure, fact discovery has not started and no depositions have been taken. Based upon the prior Joint Scheduling Proposal which was stayed while the MDL motion was pending, TDCJ Defendants anticipate the same amount of time to complete fact discovery. Expert discovery has not begun.

Given the number of witnesses and parties involved in this litigation, and the state of discovery, TDCJ makes the following scheduling recommendations:

| | |
|---|---|
| Deadline for fact discovery: | Ten Months |
| Deadline for amending pleadings: | The same date as the deadline for serving initial expert reports |
| Deadline for serving initial expert reports, pursuant to Fed. R. Civ. P. 26(a)(2), by the party bearing the burden of proof on a particular issue: | 6 weeks after the close of fact discovery |
| Deadline for serving responsive expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 6 weeks after the deadline for service of initial expert reports |
| Deadline for serving rebuttal expert reports, pursuant to Fed. R. Civ. P. 26(a)(2): | 4 weeks after the deadline for service of responsive expert reports |
| Deadline for expert discovery: | 6 weeks after the deadline for service of responsive expert reports |
| Deadline for filing dispositive and *Daubert* motions: | 4 weeks after the close of expert discovery |

| Joinder deadline: | 6 months prior to trial |

**B. Additional Email Addresses**

The UTMB Defendants would like to add Alistair Dawson (adawson@beckredden.com), Kate Skagerberg (kskagerberg@beckredden.com), Leslie Tronche (ltronche@beckredden.com), and Deborah Woltersdorf (deborah.woltersdorf@texasattorneygeneral.gov to the Court's distribution list for subsequent "transferred cases" emails from the Court.

The TDCJ Defendants would like to add Cynthia Burton (cynthia.burton@texasattorneygeneral.gov), Bruce Garcia (bruce.garcia@texasattorneygeneral.gov), Matthew Greer  (matthew.greer@texasattorneygeneral.gov), James Rheams (james.rheams@texasattorneygeneral.gov), and Margaret Espino (margaret.espino@texasattorneygeneral.gov)  to the Court's distribution list for subsequent "transferred cases" emails from the Court.

    Respectfully submitted,

    **GREG ABBOTT**
    Attorney General of Texas

    **DANIEL T. HODGE**
    First Assistant Attorney General

    **DAVID MATTAX**
    Deputy Attorney General for Defense Litigation

    **KAREN D. MATLOCK**
    Assistant Attorney General
    Chief, Law Enforcement Defense Division

    /s/ J. Lee Haney
    **J. LEE HANEY**
    Assistant Attorney General
    State Bar No. 00784203
    Southern District No. 18544

**SHANNA MOLINARE**
Assistant Attorney General

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080/(512) 495-9139 Fax
lee.haney@texasattorneygeneral.gov


**BECK | REDDEN LLP**

Alistair B. Dawson
Federal I.D. No. 12864
Kate Skagerberg
Federal I.D. No. 1121430
Leslie Tronche
Federal I.D. No. 1725410
1221 McKinney St., Suite 4500
Houston, TX 77010-2010
Telephone:713.951.3700
Facsimile: 713.951.3720
Email:  adawson@beckreedden.com
         kskagerberg@beckredden.com
         ltronche@beckredden.com

**ATTORNEYS FOR THE UTMB DEFENDANTS**


**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District ID No. 35273
cynthia.burton@texasattorneygeneral.gov

**BRUCE R. GARCIA**
Assistant Attorney General
Co-Counsel
Texas Bar No. 07631060
Southern District ID No. 18934
bruce.garcia@texasattorneygeneral.gov

>MATTHEW J. GREER
>Assistant Attorney General
>Co-Counsel
>Texas Bar No. 24069825
>Southern District ID No. 1171775
>matthew.greer@texasattorneygenreal.gov

**ATTORNEYS FOR THE TDCJ DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **J. LEE HANEY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on Dec. 18, 2014.

>/s/ J. Lee Haney
>**J. LEE HANEY**
>Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **J. LEE HANEY**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served by electronic mail on Dec. 18, 2014, as authorized by FED. R. CIV. P. 5(b)(2) and in accordance with the electronic case filing procedures of the United States District Court for the Southern District of Texas on the following:

| | |
|---|---|
| Jeff Edwards<br>Scott Medlock<br>The Edwards Law Firm<br>1101 E. 11th St.<br>Austin TX 78702 | *Counsel for Plaintiffs* |
| Brian McGiverin<br>Wayne Krause-Yang<br>Texas Civil Rights Project<br>4920 N. IH 35<br>Austin TX  78751-2716 | *Counsel for Plaintiffs* |

| | |
|---|---|
| Cynthia Burton<br>Bruce Garcia<br>Matthew Greer<br>Office of the Attorney General<br>300 West 15th St., 7th Floor<br>Austin TX  78701 | ***Counsel for TDCJ Defendants*** |
| | /s/ J. Lee Haney<br>**J. LEE HANEY**<br>Assistant Attorney General |