# Exhibit B

From +1.512.474.0726
RECEIVED 06/18/2013 17:54
Tue 18 Jun 2013 06:56:43 PM EDT
ID #2661937 Page 18 of 67

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, STEPHANIE KINGREY, and SANDRA McCOLLUM, individually and as heirs at law to the Estate of LARRY GENE McCOLLUM, PLAINTIFFS | § § § § § § § | |
| v. | § § § | CIVIL ACTION NO. 3:12-cv-02037 |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. DEFENDANTS | § § § § § § § § | |

**PLAINTIFF SANDRA McCOLLUM'S FIRST SET OF REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS AND INTERROGATORIES TO DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH**

TO:   **DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH**, by and through its attorney of record, Kim Coogan, Assistant Attorney General, P.O. Box 12548, Capitol Station Austin, Texas 78711.

COME NOW, **Sandra McCollum, Plaintiff** in the above styled and numbered cause, and pursuant to and in compliance with Rules 26(b), 33, 34 and 36 of the Federal Rules of Civil Procedure, submits this First Set of Requests for Production, Interrogatories, and Requests for Admissions, to **Defendant University of Texas Medical Branch**, and formally requests the Defendant to produce accurate and legible copies of the following documents and things and to organize and label such documents to correspond with the numerical categories in this Request, and to serve said responses on Attorneys for Plaintiff on or before thirty (30) days after the service hereof, at the offices of The Edwards Law Firm, 706 Guadalupe, Austin, TX 78701.

From +1.512.474.0726          RECEIVED 06/18/2013 17:54
                              Tue 18 Jun 2013 06:56:43 PM EDT        ID #2661937 Page 19 of 67

## TABLE OF DEFINITIONS/ABBREVIATIONS

The following definitions and abbreviations are set forth for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (a) to help you fully and accurately understand the objectives of this discovery effort and (b) to simplify and assist you in your efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by the Plaintiffs that an affirmative response on your part will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on you.

A. "You" and "your" refers to **the University of Texas Medical Branch.**

B. "Defendant" refers to **University of Texas Medical Branch.**

C. "Plaintiffs" means **Stephen McCollum, Sandra McCollum, and Stephanie Kingrey.**

D. "Statement" includes any written or graphic statement, signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

E. "Occurrence" refers to the incident described in Plaintiff's Original Complaint and all amended versions thereof.

F. "Document," "Documents," or "Documentation" includes any item whether printed or recorded or reproduced by any other electronic or mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, electronic mail, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, videos, audio or audio recordings, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disks, data sheets or data processing cards, any marginal comments appearing on any document or thing, or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorney will have or have had access.

In the event any item requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

G. "Person" is defined as any natural person or business, legal or governmental entity or association."

2

H.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

I.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

J.      "Inmate" or "Inmates" refer to detainees, prisoners, institutionalized person, and any other person held inside the Hutchins Unit.

K.      "Hutchins Unit" refers to the Texas Department of Criminal Justice facility located at 1500 East Langdon Road, Dallas, TX 75241.

L.      The terms "AND," "OR," "ANY," and "ALL" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

M.      "DESCRIBE IN DETAIL" and "STATE IN DETAIL" mean to give a complete and full description concerning the matter about which the inquiry is made, including to identify the person involved, along with dates, times, places, amounts, and other particulars that make the answer to the request for admission fair and meaningful.

N.      "RELATED TO," "RELATE TO," and "RELATING TO" mean constituting, defining, containing, embodying, reflecting, identifying, discussing, concerning, stating, referring to, involving, evidencing, evaluation, criticizing, substantiating, dealing with, mentioning, or in any way pertaining to.

O.      "ADA" means the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq, and its implementing regulations, 49 C.F.R. Part 37, and 36 C.F.R. Part 1192.

P.      "Identify" when referring:

(1)     to a natural person, means to state his or her full name and present or last known residential address and the present or last known place of employment; Local Rule CV-26(b)(3);

(2)     to a firm, company, business, trust, corporation, partnership, association, governmental agency, governmental unit, or other organization and/or entity, means to state its full name and present or last known business address and phone number;

(3)     to a statement and/or admission, means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who has present possession custody or control thereof and/or who last had possession, custody, or control thereof;

(4)     to tangible things, recordings, photographs, videotapes, motion pictures, x-

3

From +1.512.474.0726          Tue 18 Jun 2013 06:56:43 PM EDT          RECEIVED 06/18/2013 17:54
ID #2661937 Page 21 of 67

rays, and/or radiographic films means to give a reasonably detailed description thereof, including, if applicable, when, where, and how made; to identify who made it, and who has present possession, custody or control thereof, and/or who last had possession, custody or control thereof;

(5) to any contribution, indemnification, reimbursement, and/or insurance agreement or policy means to set forth the policy or agreement holder, all additional insureds, the policy or agreement number, the identity of the person, company, or entity issuing the policy or agreement, the anniversary dates of the policy or agreement, the inclusive dates of coverage, and the type of coverage (whether claims made, occurrence, or other).

Q.    "TDCJ" or "Texas Department of Criminal Justice" means the Texas state prison system, as described Tex. Gov't Code Chp. 491, et. seq.

R.    "Heat-related injuries" is any physical injury to a person caused by high temperatures, heat indexes, or heat. It includes, but is not limited to, heat exhaustion, heat stroke, and hyperthermia.

S.    "Heat restrictions" are any limitations on movement, housing, recreation, work conditions, job assignments, medical attention, or other forms of classification given prisoners who have medical conditions affected by heat or high temperature or who otherwise warrant special attention regarding exposure to high temperature, as identified by employees of the state (including, but not limited to, employees of TDCJ or UTMB).

## INSTRUCTIONS - INTERROGATORIES

1.    All Interrogatories must be answered fully in writing in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure, and the Northern District of Texas Civil Rules.

2.    All answers to Interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to Interrogatories, the attorney may file the Interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to Interrogatories will be filed within twenty (20) days. Such time may be extended by order of the Court.

3.    In the event any question cannot be fully answered after the exercise of reasonable diligence, the party shall furnish as completed an answer as he can and explain in detail the reasons why he cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when he will be in that position.

In the event a party opponent fails to answer an Interrogatory fully and offers an explanation therefore, the opposing party shall respond to said explanation within ten (10) days after its receipt if he disagrees with the same.

4.    If there is more than one Plaintiff or more than one Defendant in a case, each Interrogatory must be answered separately for each unless the answer is the same for all.

From +1.512.474.0726
RECEIVED 06/18/2013 17:54
Tue 18 Jun 2013 06:56:43 PM EDT    ID #2661937 Page 22 of 67

5.  Each Interrogatory shall be set forth immediately prior to the answer hereto.

6.  If you believe that any written discovery is requesting privileged information, pursuant to Fed.R.Civ.Proc. 26(b)(5), the party must state (1) that the information or material responsive to request has been withheld, (2) the request to which the information or material relates, (3) the privilege or privileges asserted, and (4) a description of the documents, communications, or tangible things not being disclosed.

### INSTRUCTIONS--REQUESTS FOR PRODUCTION

All Requests for Production are subject to the following Instructions:

1.  The Requests for Production shall be deemed to call for identical copies of documents. However, document with handwritten notes, editing marks, or any other mark that differentiates the document shall not be deemed identical to one without such modifications, additions or deletions.

2.  Each document produced pursuant to this Request for Production is to be identified in such production by the specific number of the Request for Production with respect to which it is produced.

3.  This Request for Production is a continuing document request. If, any time after your response and production pursuant to this Request, you learn of, or otherwise come into possession, custody or control of, additional documents called for by this Request, such documents are to be produced, and identified as set out in the preceding paragraph.

4.  None of the requests for production, interrogatories, or requests for admission seeks disclosure of matters protected by attorney-client privilege or Defendants' attorneys' work product.

5.  Documents that are regularly maintained stapled, clipped, or otherwise physically attached to other documents are to be produced in their stapled, clipped or otherwise physically attached form.

6.  As used herein, the singular includes the plural number, and vice versa. The past tense includes the present tense, and vice versa, where the clear meaning is not distorted by change of tense.

7.  If an objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

8.  None of the requests for production seek disclosure of matters protected by attorney-client privilege or Defendants' attorneys' work product. If you believe that any written discovery is requesting privileged information, pursuant to Fed.R.Civ.Proc. 26(b)(5), the party must state (1) that the information or material responsive to request has been withheld, (2) the request to which the information or material relates, (3) the privilege or privileges asserted, and (4) a description of the documents, communications, or tangible things not being disclosed.

From +1.512.474.0726

RECEIVED 06/18/2013 17:54
Tue 18 Jun 2013 06:56:43 PM EDT   ID #2661937 Page 23 of 67

## INSTRUCTIONS – REQUEST FOR ADMISSIONS

1. If objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

2. Each answer to each Request shall deny specifically the matter or set forth in detail the reason(s) why the answering party cannot truthfully admit or deny the matter.

3. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

4. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that a reasonable inquiry has been made and that the information known or readily obtainable by the party is insufficient to allow an admission or denial.

5. None of the requests for admission seek disclosure of matters protected by attorney-client privilege or Defendants' attorney work product.

Respectfully submitted,

The Edwards Law Firm
The Bremond Houston House
706 Guadalupe
Austin, Texas 78701
    Tel.  512-623-7727
    Fax.  512-623-7729

By   /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Lead Counsel

Scott Medlock
State Bar No. 24044783
Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

From +1.512.474.0726

RECEIVED  06/18/2013  17:54
Tue 18 Jun 2013 06:56:43 PM EDT           ID #2661937 Page 24 of 67

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

By my signature above, I hereby certify that the foregoing document has been served on all counsel of record **via fax (512) 495-9139**, June 18, 2013, as follows:

| | |
|---|---|
| Kim Coogan<br>Assistant Attorney General<br>State Bar No. 07631060<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711 | *Via fax* 512-495-9139 |
| Bruce R. Garcia<br>Assistant Attorney General<br>State Bar No. 07631060<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711 | *Via fax* 512-495-9139 |

7

RECEIVED 06/18/2013 17:54
From +1.512.474.0726          Tue 18 Jun 2013 06:56:43 PM EDT          ID #2661937 Page 25 of 67

## REQUESTS FOR PRODUCTION

1. Please produce all documents or other physical or tangible evidence related to, referred to, identified in, or that formed the basis of any answer to the previous interrogatories, identifying the specific interrogatory to which that document or evidence is related.

   **RESPONSE**

2. Please produce copies of all relevant policy documents governing procedures that were in place during 2011 at the Hutchins Unit related to heat, temperature, or heat index. The request includes any rules or policies governing acceptable temperatures in TDCJ inmate housing areas during the summer months or other periods of high temperatures.

   **RESPONSE**

3. Please produce all documents that describe, or are used in, or are otherwise related to the training of UTMB employees at the Hutchins Unit related to high temperatures at the prison prior to July 22, 2011.

   **RESPONSE**

4. Please produce all current documents that describe, or are used in, or are otherwise related to the training of UTBM employees at the Hutchins Unit related to high temperatures at the prison.

   **RESPONSE**

5. Please provide all medical and infirmary records related to Larry McCollum, while he was incarcerated by TDCJ.

   **RESPONSE**

6. Please produce all documents concerning when rounds, welfare checks, or other observations (medical or otherwise) were performed to check on Larry McCollum while he was in the Hutchins Unit.

   **RESPONSE**

7. Please produce all documents related to any investigation conducted into Larry McCollum's death, including, but not limited to, any autopsy, investigation by the TDCJ Office of the Inspector General, investigation conducted by any other law enforcement body (including, but not limited to the Texas Department of Public Safety) and/or any investigation or peer review conducted by the University of Texas Medical Branch (or any other entity providing medical care to Larry McCollum).

   **RESPONSE**

8. Please produce the autopsies of all inmates who have died in the Hutchins Unit since

From +1.512.474.0726          RECEIVED  06/18/2013  17:54
                    Tue 18 Jun 2013 06:56:43 PM EDT       ID #2661937 Page 26 of 67

January 1, 2001

**RESPONSE**

9. Please produce all documents related to the inmate heat injury in any TDCJ facility where UTMB provides medical care between 2007 and 2012.

**RESPONSE**

10. Please produce all documents showing temperatures and heat indexes recorded at the Hutchins Unit from January 1, 2007 to the present.

**RESPONSE**

11. Please produce all documents presented to the University of Texas Medical Branch related to heat, temperature, heat index, or air conditioning at any TDCJ facility from January 1, 1993 to the present.

**RESPONSE**

12. Please produce all accreditation reports generated by any accrediting bodies since January 1, 2007 pertaining to the Hutchins Unit.

**RESPONSE**

13. Please produce all audio or video recordings of Larry McCollum.

**RESPONSE**

From +1.512.474.0726          RECEIVED 06/18/2013 17:54
                               Tue 18 Jun 2013 06:56:43 PM EDT          ID #2661937 Page 27 of 67

## FIRST SET OF INTERROGATORIES

1. Identify all steps UTMB took to protect Larry McCollum from heat index temperatures in the Hutchins Unit in excess of 90 degrees.

    **RESPONSE**

2. Identify all heat-related deaths (including, but not limited to, fatalities where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities in which UTMB provided medical care between January 1, 1993 to the present.

    **RESPONSE**

3. Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities in which UTMB provided medical care between January 1, 1993 to the present.

    **RESPONSE**

4. Identify all heat-related injuries to inmates in the Hutchins Unit between January 1, 2002 and the present.

    **RESPONSE**

5. Identify all heat-related injuries to employees of the University of Texas Medical Branch working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

    **RESPONSE**

6. Identify all heat-related injuries to employees of the University of Texas Medical Branch in the Hutchins Unit between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

    **RESPONSE**

7. Identify all persons who authorized Larry McCollum's placement in each housing area he spent time in during his 2011 incarceration at the Hutchins Unit and describe in detail the basis for each placement. A response to this interrogatory should identify each location Larry McCollum was housed, including building, bunk number, whether he was assigned to an upper or lower bunk, and a description of any recommendations UTMB employees made that contributed to that placement.

    **RESPONSE**

8. Please describe in detail all steps that you have taken to bring your programs at the Hutchins Unit into compliance with the Americans with Disabilities Act and the

Rehabilitation Act. Please include information about what modifications (if any) have been made at the prison, whether a transition plan and self-evaluation have been completed (as those terms are used in the ADA), and what services and programs at the jail exist to accommodate inmates' disabilities.

**RESPONSE**

9. Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

**RESPONSE**

10. Please identify all prisoners in the Hutchins Unit who have, at any time, been given "heat restrictions" (see Definition S), or otherwise had any prison activities limited due to medical conditions adversely effected by heat or high temperatures, since January 1, 2011, and the time frames in which the prisoners had those restrictions.

**RESPONSE**

11. Please describe in detail "heat restrictions" assigned to prisoners at the Hutchins Unit, including, but not limited to, why prisoners are assigned these conditions and what action (if any) UTMB takes when a prisoner is assigned "heat conditions."

**RESPONSE**

12. Please describe in detail when and why UTMB stopped providing 24-hour medical care at the Hutchins Unit and who made the decision to end 24-hour care at the Hutchins Unit.

**RESPONSE**

13. Please describe the amount of time that passes between the moment a new inmate arrived at the Hutchins Unit in 2011 and the time when he received his intake physical. A response to this interrogatory should include the average amount of time that elapses from when the prisoner physically arrives at the unit to when he sees a doctor (or physician's assistant) who performs a physical examination.

**RESPONSE**

From +1.512.474.0726        RECEIVED  06/18/2013  17:54
Tue 18 Jun 2013 06:56:43 PM EDT        ID #2661937 Page 29 of 67

## REQUESTS FOR ADMISSION

1. Prisons are constitutionally required to protect prisoners from extreme temperatures.

    **RESPONSE**

2. You are responsible were medical care at the Hutchins Unit in 2011.

    **RESPONSE**

3. You are responsible for medical care at the Hutchins Unit today.

    **RESPONSE**

4. UTMB knew TDCJ housed prisoners in buildings that were not air conditioned in the summer of 2011.

    **RESPONSE**

5. UTMB knew TDCJ housed prisoners in buildings that were not air conditioned at the Hutchins Unit in the summer of 2011.

    **RESPONSE**

6. In the summer of 2011, during prolonged heat waves, the risk of heat-related illnesses increases.

    **RESPONSE**

7. In the summer of 2011, during prolonged heat waves, increase the risk of heat-related death.

    **RESPONSE**

8. High temperatures can cause death.

    **RESPONSE**

9. Certain medical conditions increase a person's risk of suffering heat-related illnesses.

    **RESPONSE**

10. Certain medical conditions increase a person's risk of heat-related death.

    **RESPONSE**

11. Prisoners in TDCJ custody at the Hutchins Unit in July 2011 had hypertension.

### RESPONSE

12. Prisoners in TDCJ custody at the Hutchins Unit in July 2011 had diabetes.

### RESPONSE

13. UTMB had no written policy in July 2011 regarding housing prisoners during periods of extreme temperatures.

### RESPONSE

14. Temperatures in Dallas, Texas routinely exceeded 100 degrees Fahrenheit in the summer of 2011.

### RESPONSE

15. UTMB accepts federal funds.

### RESPONSE

16. Admit UTMB did not, before Mr. McCollum's death, distribute lists of prisoners with heat-related medical conditions to the corrections officers who monitored the dorms in the Hutchins Unit.

### RESPONSE

17. Admit lists of prisoners with heat-related medical conditions that UTMB distributed to the corrections officers who personally monitored the dorms in the Hutchins Unit at any time before Mr. McCollum's death have been destroyed, lost, or no longer exist.

### RESPONSE

18. Admit UTMB staff at the Hutchins Unit did not provide lists of prisoners with heat-related medical conditions to TDCJ correctional officers at the Hutchins Unit before Mr. McCollum's death.

### RESPONSE

19. Admit UTMB did not, before Mr. McCollum's death, distribute lists of prisoners susceptible to heat-related injuries to the corrections officers who monitored the dorms in the Hutchins Unit.

### RESPONSE

20. Admit lists of prisoners susceptible to heat-related injuries that UTMB distributed to corrections officers who personally monitored the dorms in the Hutchins Unit at any time before Mr. McCollum's death have been destroyed, lost, or no longer exist.

From +1.512.474.0726         RECEIVED  06/18/2013  17:54
                      Tue 18 Jun 2013 06:56:43 PM EDT      ID #2661937 Page 31 of 67

**RESPONSE**

21. Admit UTMB staff at the Hutchins Unit did not provide lists of prisoners susceptible to heat-related injuries to TDCJ correctional officers at the Hutchins Unit before Mr. McCollum's death.

**RESPONSE**

22. Admit UTMB did not, before Mr. McCollum's death, distribute lists of prisoners with heat-restrictions to the corrections officers who monitored the dorms in the Hutchins Unit.

**RESPONSE**

23. Admit lists of prisoners with heat-restrictions that UTMB distributed to the corrections officers who personally monitored the dorms in the Hutchins Unit at any time before Mr. McCollum's death have been destroyed, lost, or no longer exist.

**RESPONSE**

24. Admit UTMB staff at the Hutchins Unit did not provide lists of prisoners with heat-restrictions to TDCJ correctional officers at the Hutchins Unit before Mr. McCollum's death.

**RESPONSE**