Exhibit C 3

D394856      1278.013-P

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN McCULLOM, *et al.*, § | |
| *Plaintiffs*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:12-CV-02037 |
| BRAD LIVINGSTON, *et al.*, § | |
| *Defendants*. § | |

### DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S RESPONSES TO PLAINTIFF SANDRA McCOLLUM'S FIRST REQUESTS FOR ADMISSION

**TO:** Sandra McCollum, by and through her attorney of record, Jeff Edwards, The Edwards Law Firm, 1101 E. 11th Street, Austin, Texas 78702 and Scott Medlock, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741.

The University of Texas Medical Branch, Defendant in the above-styled and numbered cause, offers the following Responses to Plaintiff's First Requests for Admission.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Kim Coogan*
KIM COOGAN
Assistant Attorney General
State Bar No. 00783867
P. O. Box 12548, Capitol Station
Austin, Texas 78711

Page 1 of 5

(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANT
UNIVERSITY OF TEXAS MEDICAL BRANCH**

## CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Responses to Plaintiff Sandra McCollum's First Requests for Admission** has been served by placing same in the United States Mail on August 2, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin TX 78702

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741

Bruce Garcia           (Via Hand Delivery)
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas 78711

_____
KIM COOGAN
Assistant Attorney General

## REQUESTS FOR ADMISSION

1. Prisons are constitutionally required to protect prisoners from extreme temperatures.

**RESPONSE: OBJECTION: Calls for a legal conclusion.**

2. You are responsible were [sic] medical care at the Hutchins Unit in 2011.

**RESPONSE: Defendant admits that, pursuant to statute, it was contracted to provide medical care to TDCJ prisoners at the Hutchins Unit in 2011.**

3. You are responsible for medical care at the Hutchins Unit today.

**RESPONSE: Defendant admits that, pursuant to statute, it was contracted to provide medical care to TDCJ prisoners at the Hutchins Unit as of the date of the filing of these responses.**

4. UTMB knew TDCJ housed prisoners in buildings that were not air conditioned in the summer of 2011.

**RESPONSE: Admit.**

5. UTMB knew TDCJ housed prisoners in buildings that were not air conditioned at the Hutchins Unit in the summer of 2011.

**RESPONSE: Admit.**

6. In the summer of 2011, during prolonged heat waves, the risk of heat-related illnesses increase[s].

**RESPONSE: Admit.**

7. In the summer of 2011, during prolonged heat waves, [sic] increase the risk of heat-related death.

**RESPONSE: OBJECTION. Defendant objects to this request as vague and incomprehensible.**

8. High temperatures can cause death.

**RESPONSE: OBJECTION. The phrase "high temperatures" is vague and the entire request is ambiguous. Specifically, it is unclear whether the request contemplates high body temperature, high air temperature, high water temperature, etc. Therefore, defendant can neither admit nor deny.**

9. Certain medical conditions increase a person's risk of suffering heat-related illnesses.

**RESPONSE: Admit.**

10. Certain medical conditions increase a person's risk of heat-related death.

**RESPONSE: Admit.**

11. Prisoners in TDCJ custody at the Hutchins Unit in July 2011 had hypertension.

**RESPONSE: Defendant admits that in July 2011, some prisoners in TDCJ custody at the Hutchins Unit may have had hypertension.**

12. Prisoners in TDCJ custody at the Hutchins Unit in July 2011 had diabetes.

**RESPONSE: Defendant admits that in July 2011, some prisoners in TDCJ custody at the Hutchins Unit may have had diabetes.**

13. UTMB had no written policy in July 2011 regarding housing prisoners during periods of extreme temperatures.

**RESPONSE: Admit.**

14. Temperatures in Dallas, Texas routinely exceeded 100 degrees Fahrenheit in the summer of 2011.

**RESPONSE: Admit.**

15. UTMB accepts federal funds.

**RESPONSE: Admit.**

16. Admit UTMB did not, before Mr. McCollum's death, distribute lists of prisoners with heat-related medical conditions to the corrections officers who monitored the dorms in the Hutchins Unit.

**RESPONSE: Admit.**

17. Admit lists of prisoners with heat-related medical conditions that UTMB distributed to the corrections officers who personally monitored the dorms in the Hutchins Unit at any time before Mr. McCollum's death have been destroyed, lost, or no longer exist.

**RESPONSE: Deny.**

18. Admit UTMB staff at the Hutchins Unit did not provide lists of prisoners with heat-related medical conditions to TDCJ correctional officers at the Hutchins Unit before Mr. McCollum's death.

**RESPONSE: Admit.**

19. Admit UTMB did not, before Mr. McCollum's death, distribute lists of prisoners susceptible to heat-related injuries to the corrections officer who monitored the dorms in the Hutchins Unit.

**RESPONSE: Admit.**

20. Admit lists of prisoners susceptible to heat-related injuries that UTMB distributed to corrections officers who personally monitored the dorms in the Hutchins Unit at any time before Mr. McCollum's death have been destroyed, lost, or no longer exist.

**RESPONSE: Deny.**

21. Admit UTMB staff at the Hutchins Unit did not provide lists of prisoners susceptible to heat-related injuries to TDCJ correctional officers at the Hutchins Unit before Mr. McCollum's death.

**RESPONSE: Admit.**

22. Admit UTMB did not, before Mr. McCollum's death, distribute lists of prisoners with heat-restrictions to the corrections officers who monitored the dorms in the Hutchins Unit.

**RESPONSE: Admit.**

23. Admit lists of prisoners with heat-restrictions that UTMB distributed to the corrections officers who personally monitored the dorms in the Hutchins Unit at any time before Mr. McCollum's death have been destroyed, lost, or no longer exist.

**RESPONSE: Deny.**

24. Admit UTMB staff at the Hutchins Unit did not provide lists of prisoners with heat-restrictions to TDCJ correctional officers at the Hutchins Unit before Mr. McCollum's death.

**RESPONSE: Admit.**