UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHEN MCCOLLUM,** *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **CIVIL NO. 4:14-CV-3253** |
| | § | |
| | § | |
| **BRAD LIVINGSTON,** *et al.*, | § | |
| *Defendants.* | § | |

**ADVISORY TO THE COURT**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN MCCOLLUM, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL NO. 3:12-CV-2037-L-BK |
| | § | |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| *Defendants*. | § | |

**DEFENDANTS LIVINGSTON, EASON, PRINGLE, CLARK, TATE, SANDERS, AND TDCJ'S OBJECTIONS TO THE MAGISTRATE JUDGE TOLIVER'S ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS**

**NOW COME** Brad Livingston, Robert Eason, Jeff Pringle, Richard Clark, Karen Tate, Sandrea Sanders, and the Texas Department of Criminal Justice ("TDCJ"), through the office of the Attorney General of Texas, join in the University of Texas Medical Branch ("UTMB") Objections at Dkt. No. 224, pages 7-14, paragraphs B, D, and E. Defendants submit as follows:

**II.**
**DEFENDANTS LIVINGSTON, EASON, PRINGLE, CLARK, TATE, SANDERS, AND TDCJ'S JOIN IN DEFENDANT UTBM'S OBJECTIONS IN DOCKET No. 224, P. 7 (Para. B, D, & E)**

TDCJ defendants oppose the Court's Order granting in part Plaintiffs' Motion for Sanctions, Motion for Order to Show Cause and Motion to Compel ( Dkt. No. 219) and join in the University of Texas Medical Branch's ("UTMB") Legal Standard statement and their Objections to the Order (Dkt. No. 224) at pages 7-14, paragraphs B, D, and E.  Defendants agree with UTMB's objections in these paragraphs and assert them herein.  TDCJ defendants also assert that as set forth in their status report (Dkt. No. 222), incorporated by this reference, that they have been working diligently to provide Plaintiffs with all relevant responsive documents and supplemental discovery responses by conducting unprecedented and expensive ESI searches. Even if TDCJ produced documents earlier, Plaintiffs

1

approach to this case would not have significantly changed and they would have spent approximately the same amount of time reviewing documents and preparing for depositions as they will now that the stay is lifted in this case. Discovery is ongoing in all of the pending heat cases. At this time, none of the cases have a trial date. This case will soon receive a new scheduling order and trial date. Plaintiffs will receive ample time to examine the newly-produced documents and take depositions before trial, and any prejudice is "negligible." *See Tex. A&M Research*, 338 F.3d at 402. Further as UTMB correctly points out, there has been no prejudice to Plaintiffs' ability to prepare their case because they will have had ample time to review documents. TDCJ is a large state agency and a vast amount of discovery has been requested, produced, and is in the process of being produced. All the experts, including the Defendants' experts, will have to update their reports as discovery progresses. This case has been transferred to Judge Ellison along with the other heat-related litigation filed by Plaintiffs' attorneys. TDCJ contends it sought the transfer to one venue in an effort to streamline discovery that is related to all the pending cases---there are hundreds of discovery requests. TDCJ's counsel took immediate steps to remedy the discovery issues once it became apparent the discovery had become much broader than a single wrongful death case. As other cases were filed by Plaintiffs' counsel, Plaintiffs sought discovery that overlaps with the discovery sought in this case. Sanctions simply are not warranted under the circumstances of this complex, ongoing litigation. In light of TDCJ defendants' due diligence to provide the requested documents, the objections noted by UTMB and joined by TDCJ, the TDCJ's willingness to reopen depositions, the complex nature of the multiple cases, the stays, appeals, and myriad types of documents to be found in a large state agency, the extent of sanctions imposed is unjust for the reasons set forth by UTMB.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS**

3

## NOTICE OF ELECTRONIC FILING

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Northern District of Texas on February 9, 2015.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have served all counsel or *pro se* parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General