UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM,<br>           PLAINTIFFS<br><br>v.<br><br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br>           DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>4:14-cv-3253<br>JURY DEMAND |

**PLAINTIFFS' MOTION TO STRIKE *DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S OBJECTIONS TO MAGISTRATE JUDGE TOLIVER'S ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS*[1] AND REQUEST FOR EXPEDITED RULING**

Plaintiffs file this motion[2] because Defendant UTMB is blatantly disregarding a

court order and UTMB's prior agreement in open court.   Despite a court order

maintaining jurisdiction in the Northern District of Texas and an agreement amongst the

---

[1] This pleading is not a *Response* to UTMB's *Objections*. Should the Court not strike UTMB's *Objections* before the deadline for Plaintiffs to respond to the substance of the *Objections*, Plaintiffs will file such a response.  Plaintiffs will seek fees for the time spent drafting any response to UTMB's improperly-filed *Objections*.

[2] Plaintiffs request expedited relief because UTMB purposefully filed its objections in the wrong court. Plaintiffs will have to respond to the *Objections* to Judge Toliver's rulings by February 23.  The drafting of Plaintiffs' response will result in additional attorneys' fees being sought by Plaintiffs.  In an effort to avoid a future dispute about these attorneys' fees, Plaintiffs seek an expedited ruling so that they do not have to incur those fees in the first place.

parties that the resolution of a sanctions motion would stay in the Northern District, UTMB filed its objections to Magistrate Judge Toliver's rulings in this Court.  Plaintiffs ask that, in accordance with Rule 12(a)(4)(f), the Court strike *Defendant UTMB's Objections to Magistrate Judge Toliver's Order on Plaintiffs' Motion for Sanctions*.

## I.     BACKGROUND

This case was pending in the Northern District of Texas before Judge Lindsay until the Court transferred this case to Judge Ellison in the Southern District of Texas on November 11, 2014.  Doc. 215, **Exhibit A**.  The transfer was the result of an agreement amongst the parties that the case would be transferred in its entirety except for a pending motion for sanctions, which Plaintiffs filed in May 2014 and which Judge Lindsay had previously assigned to Magistrate Judge Toliver.  In the Court's order transferring the case, the Court wrote, "the court directs the clerk of court to sever from this action all matters herein, except for the pending motion for sanctions (Document 164)…"  *See* **Exhibit A.**  Thus, by the language of the Court's order, the motion for sanctions stayed in the Northern District of Texas.

Further, this was the agreement of the parties and the understanding of all involved was that any objections to Judge Toliver's ruling would be heard in the Northern District by Judge Lindsay.  During a status conference with the Court discussing the transfer of the case to Judge Ellison but keeping the sanctions motion in the Northern District, this very issue was discussed among the parties and the Court. UTMB counsel specifically asked whether objections to Judge Toliver's sanctions order would be appealable to Judge Lindsay in the Northern District or Judge Ellison in the Southern District.  The Court responded, "It is my understanding that it would stay with

me." **Exhibit B**, p.7-8.  The Court continued that under 28 USC § 636 and Rule 72, "[I]t is fairly clear to me that the objections and response to any objections would be with the Court that has jurisdiction over that."  **Exhibit B**, p. 8.  The Court also stated that if Judge Ellison were to be reviewing any objections to the sanctions motion, there was no point in keeping that motion in the Northern District.   **Exhibit B**, p. 8.

UTMB counsel then stated, "And Your Honor, if this would ease matters for the Court, I mean, we will withdraw our objection in light of your clarification of that point, if we would still have that portion of a de novo review with *your* court, then we are amenable to the 1404(a) with the sanctions still being held in the Northern District." (emphasis added).  **Exhibit B**, p. 8.

The Court then re-stated what its order was going to be and asked whether the parties agreed.  **Exhibit B**, p. 9.  UTMB stated that it had "no objection" to the ruling. **Exhibit B**, p. 10.

On January 26, Judge Toliver, who presided over Defendants conduct for some time and who was familiar with all the briefing, issued an order ruling on the motion for sanctions. Doc. 219, **Exhibit C**.  The order stated that some of Defendants' arguments were "disingenuous" and called one of Defendants' assertions "ludicrous." Doc. 219, p. 20, **Exhibit C**.   The Court ordered that both UTMB and TDCJ pay Plaintiffs substantial attorneys' fees.  **Exhibit C**.

Two weeks later, on the deadline to object to Magistrate Toliver's order, in accordance with both the Court's transfer order (Doc. 215, **Exhibit A**) and the parties' agreement, TDCJ objected to Judge Toliver's ruling in the Northern District of Texas.

The next day, Judge Lindsey overruled those objections and affirmed Judge Toliver's order without any briefing from Plaintiffs. *See* Doc. 222, **Exhibit D**.

UTMB took a different approach. UTMB objected in the Southern District of Texas—despite the Court's order (Doc. 215, **Exhibit A**) keeping the sanctions motion in the Northern District of Texas and the parties' agreement on the record.

II.     ARGUMENT

A.      **UTMB's Decision to file its Objections in the Southern District of Texas Blatantly Disregards the Court's Order and the Agreement on the Record.**

UTMB filed its objections in a court that did not have jurisdiction over the objections.   The Northern District of Texas retained jurisdiction over the sanctions motion pursuant to the Court's order. Doc. 215.  *See Allied Elevator, Inc. v. East Texas State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992) (severance creates two separate suits and each stands as a discrete, independent action). This was the clear ruling from the Court and the agreement of the parties on the record before Judge Lindsay.  Accordingly, this Court should strike the Objections.[3]

B.      **UTMB's Decision to File its Objections in the Southern District was Not A Mistake.**

Plaintiffs' counsel phoned Defense counsel on February 11 to discuss this issue and Defense counsel made clear that they understood Plaintiffs' position and did not indicate UTMB had made an inadvertent mistake.   UTMB purposefully decided to disregard the Court's order, the agreement of the parties, and the agreement it made in open court.

---

[3] If UTMB seeks to re-file in the Northern District, such a filing would now be untimely.

## III.    CONCLUSION

In accordance with the foregoing, Plaintiffs ask that the Court strike UTMB's *Objections* filed with this Court.

Dated: February 13, 2015.

Respectfully submitted,

Edwards Law
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel.    512-623-7727
Fax.    512-623-7729

By      /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Sean Flammer
State Bar No. 24059754
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-5073 [phone]
512 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

5

<u>CERTIFICATE OF CONFERENCE</u>

I certify that on February 11 and 12, I spoke with both Ms. Haney and Mr. Dawson about this issue, that counsel was aware that Plaintiffs would present this issue to the Court, and UTMB did not withdraw UTMB's *Objections* and is opposed to this motion.

By     /s/ Jeff Edwards
JEFF EDWARDS

<u>CERTIFICATE OF SERVICE</u>

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

By     /s/ Jeff Edwards
JEFF EDWARDS

**6**