# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN McCOLLUM,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2037-L** |
| | § | |
| **BRAD LIVINGSTON,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

## ORDER

On November 10, 2014, the court held a conference call with counsel for the parties in this action to discuss a possible transfer of this action to the Southern District of Texas. This action raises similar issues that are raised in several cases pending before the **Honorable United States District Judge Keith Ellison** of the Southern District of Texas.

Last week, Judge Ellison informed the undersigned that Defendants were not opposed to a transfer to the Southern District of Texas, that Plaintiffs were not opposed to a transfer as long as the pending motion for sanctions remains with this court, and that he would be willing to accept the transfer if agreement could be reached and this court agreed.

The court discussed the matter with counsel, and all counsel agreed that it would be in the best interest of the parties if the action were transferred to the Southern District of Texas, save and except the pending motion for sanctions. The court agrees with the parties and expressly finds that such transfer (1) is for the convenience of the parties and witnesses, (2) is in the interest of justice, and (3) promotes judicial economy by trying actions with similar facts and issues of law in one forum before one judge.

**Order – Page 1**

For these reasons and those stated on the record, the court **directs** the clerk of court to **sever** from this action all matters herein, except for the pending motion for sanctions (Document No. 164), **assign** the severed portion a new case number, and **transfer** the new case to the Southern District of Texas, Houston Division, to be assigned to **United States District Judge Keith Ellison.**

Further, the court **lifts** the previous stay as to the motion for sanctions and **directs** the magistrate judge to proceed expeditiously in ruling on the motion.  Finally, the court determines that, with respect to the motion for sanctions, the parties do not relinquish any rights provided to them pursuant to 28 U.S.C. § 636 or Federal Rule of Civil Procedure 72.

**It is so ordered** this 10th day of November, 2014.


Sam A. Lindsay
United States District Judge


**Order – Page 2**