# Exhibit B

```
 1         IN THE UNITED STATES DISTRICT COURT FOR THE

 2                 NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
 3
   STEPHEN McCOLLUM, et al,       )
 4                                )
                                  )
 5             Plaintiffs,        )
   vs.                            )Case No. 3:12-CV-2037-L
 6                                )
   BRAD LIVINGSTON, et al,        )
 7                                )
               Defendants.        )
 8 _____
           REPORTER'S TRANSCRIPT OF PROCEEDINGS
 9         HAD ON MONDAY, NOVEMBER 10, 2014
                   TELEPHONE CONFERENCE
10    BEFORE THE HONORABLE SAM A. LINDSAY, JUDGE PRESIDING

11            **A  P  P  E  A  R  A  N  C  E  S**

12 MR. JEFF EDWARDS
   MR. SCOTT MEDLOCK
13 MR. SEAN PATRICK FLAMMER
   The Edwards Law Firm
14 1101 E. 11th Street
   Austin, TX 78702
15 (512)623-7727
   jeff@edwards-law.com, scott@edwards-law.com,
16 sean@edwards-law.com

17 COUNSEL FOR THE PLAINTIFFS

18 MR. BRUCE GARCIA
   MR. MATTHEW J. GREER
19 MS. JACQUELINE LEE HANEY
   MS. HEATHER K. RHEA
20 Office of the Texas Attorney General
   P.O. Box 12548
21 Capitol Station
   Austiin, TX 78711
22 (512)463-2080
   Bruce.Garcia@texasattorneygeneral.gov,
23 Matthew.Greer@texasattorneygeneral.gov,
   Lee.Haney@texasattorneygeneral.gov,
24 Heather.Rhea@texasattorneygeneral.gov

25 COUNSEL FOR THE DEFENDANTS
```

1                    **I   N   D   E   X**

2                                                    <u>**VOLUME**</u>    <u>**PAGE**</u>

3  **TELEPHONE CONFERENCE**                             I         3

4  REPORTER'S CERTIFICATE                               I         11

```
 1      (THE FOLLOWING PROCEEDINGS WERE HAD IN THE JUDGE'S
 2   CHAMBERS, WITH ALL COUNSEL PRESENT.)
 3              THE COURT:  All right, Counsel, this is Judge
 4   Lindsay.  This is civil action number 3:12-CV-2037-L,
 5   Stephen McCollum, et al, versus Brad Livingston, et al.
 6   Counsel, please identify yourself for the record.  This
 7   conference is being recorded by my court reporter
 8   Ms. Crawford.  Start with Plaintiffs' Counsel, please.
 9              MR. EDWARDS: This is Jeff Edwards, Scott
10   Medlock, and Sean Flammer for the Plaintiffs, Your Honor.
11              MS. HANEY: Yes, Your Honor.  Lee Haney and
12   Heather Rhea for the University of Texas Medical Branch.
13              MR. GARCIA:  Your Honor --
14              THE COURT: Go ahead.
15              MR. GARCIA:  This is Bruce Garcia and Matt Greer
16   for the TDCJ Defendants.
17              THE COURT:  Thank you, Mr. Garcia.  Anyone
18   else?
19              MS. HANEY: No, Your Honor.
20              THE COURT: All right, the reason I called this
21   telephonic conference is for information I received from
22   Judge Keith Ellison from the Southern District of Texas.
23   He called me over a week or so ago and discussed this
24   case briefly.  He has some similar cases down in the
25   Southern District of Texas, and he is aware, of course,
```

1  that the multi-district panel denied the motion to
2  transfer.
3      During the course of the conversation, he informed
4  me that the parties were not opposed to a transfer to the
5  Southern District of Texas with him being the judge.  I
6  told him at that time that I thought that the Plaintiffs
7  were opposed to the transfer, and at that time Judge
8  Ellison and his law clerk told me that the Plaintiffs
9  were not opposed to a transfer as long as the motion for
10 sanctions stayed here in the Northern District of Texas.
11     So the reason I called the conference is I want to
12 make certain that I correctly heard Judge Ellison, and I
13 want to hear the comments from the parties if that is not
14 true.  If the parties are in agreement and what Judge
15 Ellison says is correct, then I will make the transfer.
16 I will sever the main action out, send it to the Southern
17 District of Texas to Judge Ellison, and I will keep the
18 motion for sanctions here.
19     So let me hear from you first, Mr. Edwards?
20         MR. EDWARDS:  Well, I think that -- what Judge
21 Ellison conveyed was accurately conveyed what we had
22 informed the Court of and that would -- that is exactly
23 what we would like to have happen.  I guess the only
24 proviso is that we would ask that the motions for
25 sanctions once it is severed, that it be heard.  That is

```
 1  the point of keeping it in the Northern District from our
 2  perspective.  Otherwise, everything you relayed to us and
 3  apparently Judge Ellison relayed to you is accurate as
 4  far as we are concerned.
 5          THE COURT:  All right, the motion for sanctions
 6  has been referred to Judge Toliver; is that correct?
 7          MR. EDWARDS: Yes, sir.
 8          THE COURT: All right, Ms. Haney?
 9          MS. HANEY: Yes, Your Honor.  The University of
10  Texas Medical Branch is not opposed to having the case
11  transferred to Judge Ellison, but we would like the case
12  transferred as a whole and not to have the sanctions
13  motion carved out and severed out.
14          THE COURT: All right, I was under the impression
15  that only the -- I was just under the impression that
16  there was no objection to the Plaintiff's position, but
17  maybe I misunderstood Judge Ellison.  I do understand
18  your position, Ms. Haney.
19       Mr. Garcia?
20          MR. GARCIA:  Your Honor, the Texas Department of
21  Criminal Justice essentially agrees with what Mr. Edwards
22  says and with what Judge Ellison told you.  We
23  essentially agree that the motion for sanctions should
24  stay with the Dallas Court.
25          THE COURT: All right, I do not know exactly
```

1  where Judge Toliver is on sanctions, but I do know at one
2  point she was looking at that motion and that is
3  something I can find out.
4      Let me ask this question, Ms. Haney.  What legal
5  prejudice would your client suffer if the motion stays
6  here in the Northern District of Texas?
7          MS. HANEY: I don't know that there would be any
8  legal prejudice if the sanctions portion were to stay,
9  Your Honor.  I didn't know of any precedent for
10 transferring a case under 1404(a) and carving out a
11 discrete portion and -- I didn't know of any legal
12 precedent that would allow that.  I don't know of any
13 prejudice that would accrue, Your Honor, other than that
14 my client would simply prefer that the matter be moved in
15 toto to Judge Ellison.
16         THE COURT:  All right, Mr. Edwards, do you
17 foresee any problem if the motion does stay here from
18 logistics?
19         MR. EDWARDS: From a logistical standpoint or
20 legal perspective?
21         THE COURT:  Both.  In fact, I was thinking more
22 in terms of logistics.
23         MR. EDWARDS:  I do not see any logistical hurdle
24 to this provided that you and Judge Ellison are in
25 agreement with what would follow Judge Toliver -- any

1  ruling by Judge Toliver.  I think it would probably
2  benefit all the parties in this case for that to be
3  clearly spelled out in terms of what impact it would
4  have.
5       In terms of legally, you know, I think this is the
6  first that we have heard that UTMB wasn't in agreement,
7  but in terms of kind of the legal grounds, I think that
8  given what has gone on in the MDL and 1404 and
9  flexibility, I don't see any particular hurdles from our
10 standpoint.  I would ask that Judge Toliver report her
11 findings to both you and to Judge Ellison and that there
12 just be an understanding that any ruling by Judge Toliver
13 would apply to the McCollum case once it is transferred
14 to Judge Ellison in the Southern District, if you are
15 amenable to that.
16          MS. HANEY: Your Honor, may I ask a question?
17 This is Lee Haney for the UT Medical Branch.
18          THE COURT:  Yes, ma'am.
19          MS. HANEY: With respect to a ruling by Judge
20 Toliver since the parties have not consented to proceed
21 before the magistrate, my understanding under 28 U.S.C.
22 636(b) that we would still have a right if we had
23 appropriate objections to lodge with the district judge
24 for a de novo review at the district court level.  If you
25 are to retain the sanctions, would that de novo review

1  remain with you if Judge Toliver issued a report and
2  sanctions or would that be a matter that we need to
3  address with Judge Ellison as he would handling the
4  matter going forward?
5           THE COURT: It is my understanding that it would
6  stay with me.
7           MS. HANEY:  Thank you, Your Honor.
8           THE COURT: I am willing to hear from the other
9  side.  I think under Title 28 United States Code 636 as
10 well as Rule 72 of the Federal Rules of Civil Procedure,
11 it is fairly clear to me that the objections and response
12 to any objections would be with the court that has
13 jurisdiction over that.  In other words, if Judge
14 Ellison is going to -- if Judge Ellison is going to
15 review what Judge Toliver has done, there is no point in
16 my keeping the sanctions portion here.
17          MS. HANEY: And Your Honor, if this would ease
18 matters for the Court, I mean, we will withdraw our
19 objection in light of your clarification of that point,
20 if we would still have that portion of a de novo review
21 with your court, then we are amenable to the 1404(a) with
22 the sanctions still being held in the Northern District.
23          THE COURT: I appreciate that, Ms. Haney.
24 Basically, the rules and the statutes are set in stone,
25 and I have to follow those.  It is clear to me that a

1  party has a right to seek a de novo review with the
2  district court where the case matter is being heard.
3  Rule 72 allows that as well as Title 18 United States
4  Code Section 636 allows that.  So I don't think that I or
5  any other judge is in a position to stop a party from
6  seeking review as allowed by statute and the rules.
7        MS. HANEY:  Thank you for that clarification,
8  Your Honor.
9        THE COURT:  All right, based upon what I have
10 heard, I am inclined to transfer the main case or
11 everything except the motion for sanctions to the
12 Southern District of Texas.  I will specifically mention
13 Judge Ellison because he stated that he was willing to
14 take the case, and I will direct the clerk of the court
15 to assign the transferred case a new number and the case
16 up here, the sanctions motion will stay under the
17 currently designated case.
18     Now, there is one other thing I didn't mention, but
19 I will go ahead and bring it up now.  Four individuals
20 have sought to intervene, and based upon my review of the
21 case, the motions are pretty skimpy, and I do not believe
22 that the four persons seeking to intervene in this case
23 have shown that they are entitled to intervene as a
24 matter of right.  Really, what I am inclined to do even
25 before I transfer the case is to deny the motions without

1  prejudice.  I don't know how this would affect the
2  transfer, but I do not think they have satisfied Rule
3  24.  If the parties want to comment on that, I am willing
4  to listen to it.
5           MR. EDWARDS:  The Plaintiff has no objection to
6  that ruling preceding any transfer motion.  This is Jeff
7  Edwards for the Plaintiff.
8           THE COURT: Thank you, Mr. Edwards.
9           MS. HANEY: Your Honor, this is Lee Haney, I have
10 no objection to that ruling.  In fact, we are going to
11 oppose that they haven't met the criteria for this.  We
12 were waiting until the stay was lifted, so we have no
13 objection to that ruling.
14          THE COURT: Thank you, Ms. Haney.  Mr. Garcia?
15          MR. GARCIA: TDCJ has no objection, Your Honor,
16 and joins in.
17          THE COURT: Thank you, Mr. Garcia.  Anything else
18 from Counsel on this matter?
19          MR. EDWARDS: No, Your Honor.  Your Honor, this
20 is Jeff Edwards of the Plaintiff.  The only thing we
21 would ask is that the stay that was in effect effectively
22 preventing Judge Toliver from issuing a ruling or holding
23 a hearing that that be lifted in light of the transfer
24 motion so that that we can proceed.  That would be only
25 other thing we ask, Your Honor.  Thank you.

1       THE COURT: Thank you.  That would necessarily
2  occur because, you know, if it stayed here, as it is
3  going, I would direct the magistrate judge to proceed
4  with the matter expeditiously.
5       MR. EDWARDS:  Thank you, Your Honor.
6       THE COURT:  Anything else, Counsel?
7       MR. GARCIA:  Nothing from TDCJ.  Thank you for
8  your time.
9       MS. HANEY:  Nothing from UTMB.  Thank you.
10       THE COURT: I thank you all for your time and
11  that concludes this hearing.  Good bye.

*I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that the transcript fees format comply with those prescribed by the court and the Judicial Conference of the United States.*

          *S/Charyse C. Crawford*            02-12-2015
Signature_____   Date:_____
          Charyse C. Crawford, CSR, RPR
          United States Court Reporter
          Northern District of Texas - Dallas Division

Charyse C. Crawford, CSR, RPR
1100 Commerce, Room 1544, Dallas, Texas 75242
(214)753-2373 Telephone
Charyse_Crawford@txnd.uscourts.gov or charysecrawford@gmail.com