UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, <br>          PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br>          DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 4:14-cv-3253 <br> JURY DEMAND |

**PLAINTIFFS' RESPONSE TO UTMB OBJECTIONS TO MAGISTRATE JUDGE TOLIVER'S ORDER ON MOTION FOR SANCTIONS**

Judge Lindsay in the Northern District of Texas already ruled on the merits of UTMB's objections. He did so within a day after they were filed and before any briefing from Plaintiffs. This Court should also overrule the objections.

In the alternative, consistent with the Plaintiffs *Unopposed Motion to Extend Time,* Plaintiffs request that the Court allow Plaintiffs 10 days following this Court's order on the *Motion to Strike* to supplement this pleading should the Court not strike UTMB's objections.

A.   JUDGE LINDSAY OVERRULED UTMB'S OBJECTIONS; THIS COURT SHOULD DO THE SAME.

The briefing relevant to UTMB's objections to Judge Toliver's order on the *Motion for Sanctions* involves two defendants—UTMB and TDCJ. UTMB filed its

1

objections on February 9 in this Court. *See* **Exhibit A**. TDCJ filed its objections on February 9 in the Northern District before Judge Lindsay. *See* **Exhibit B.** TDCJ's objections incorporated by reference UTMB's substantive arguments. *Id.* The next day, without any briefing from Plaintiffs, Judge Lindsay overruled UTMB's objections that were incorporated into TDCJ's pleading. See **Exhibit C**. For the reasons stated in Judge Linsday's order attached and incorporated by reference here, (and because everything in UTMB's objections was either known by the Court or argued by TDCJ), this Court should do the same and overrule UTMB's objections.

Further, UTMB objected to the Northern District of Texas having any jurisdiction over any future dispute. The Court in the Northern District severed the *Motion for Sanctions* from the case before transferring the rest of the case to this Court. *See* **Exhibit D**. As such, the Court in the Northern District of Texas retains jurisdiction over the sanctions motion pursuant to the Court's order. *See Allied Elevator, Inc. v. East Texas State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992) (severance creates two separate suits and each stands as a discrete, independent action). Because the Court in the Northern District retains jurisdiction until after a final judgment is entered in that case, it may sanction conduct it observes in its Court. *Id.*; *Wilson v. Novartis Pharmaceuticals Corp.*, 575 Fed. Appx. 296, 298 (5th Cir. 2014) (court may impose sanctions under its inherent authority). Nothing about a severance and transfer takes away that power.

B.   <u>IN THE ALTERNATIVE, PLAINTIFFS REQUEST AN OPPORTUNITY TO SUPPLEMENT THIS RESPONSE SHOULD THE COURT NOT GRANT PLAINTIFFS' MOTION TO STRIKE.</u>

UTMB filed objections to Judge Toliver's sanctions order in this Court. *See* **Exhibit A**. Plaintiffs filed a *Motion to Strike*, arguing that UTMB intentionally filed its

objections in the wrong court, as the sanctions motion remained pending in the Northern District when the court transferred the rest of the case to this Court.  *See* Doc. 226.  (UTMB does not oppose the *Motion to Strike* and, in fact, filed a response "agree[ing] that its Objections should be heard by Judge Lindsay of the Northern District of Texas."  *See* Doc. 227, p. 2.)  Because the Court has already awarded that UTMB pay Plaintiffs' attorneys' fees associated with the sanctions issue, Plaintiffs would be entitled to attorneys' fees on responding to UTMB's objections—the amount of which UTMB would almost certainly contest.  In an effort to avoid a future dispute regarding Plaintiffs' attorneys' fees, Plaintiffs filed an *Unopposed Motion to Extend Time*. *See* Doc. 228.  The Court has not ruled on that motion.  Plaintiffs ask that, in the alternative to overruling UTMB's objections as argued above, the Court grant the *Unopposed Motion to Extend Time* (Doc. 228) and allow Plaintiffs 10 days to supplement their response to UTMB's objections should the Court not grant the *Motion to Strike.*

    C.    C<small>ONCLUSION</small>

In accordance with the foregoing, Plaintiffs ask that the Court overrule Defendant UTMB's objections or, in the alternative, allow Plaintiffs 10 days following this Court's order on the *Motion to Strike* to supplement this pleading consistent with Plaintiffs' *Unopposed Motion to Extend Time* should the Court not strike UTMB's objections.

Dated: February 23, 2015.

Respectfully submitted,

Edwards Law
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel.    512-623-7727
Fax.    512-623-7729

By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Sean Flammer
State Bar No. 24059754
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-5073 [phone]
512 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel
ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

By     /s/ Jeff Edwards
JEFF EDWARDS