# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN McCOLLUM,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-02037** |
| | § | |
| **BRAD LIVINGSTON,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants Livingston, Eason, Pringle, Clark, Tate, Sanders, and TDCJ's Objections to Magistrate Judge Toliver's Order on Plaintiffs' Motion for Sanctions (Doc. 220), filed February 9, 2015.

A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. Unites States Gypsum Co.*, 333 U.S. 364, 395 (1948). As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions. [T]he abuse of

Order - Page 1

discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id*. at *2 (citations and internal quotations marks omitted).

Plaintiff's Motion for Sanctions pertains to discovery in this case. Discovery is clearly a pretrial matter, and magistrate judges thus have authority to order discovery sanctions pursuant to 28 U.S.C. § 636(b)(1)(A). After reviewing Plaintiffs' Motion for Sanctions, Defendants' response, Plaintiffs' reply, the parties' evidence, Defendants' objections, and the magistrate judge's order granting in part Plaintiffs' Motion for Sanctions, the court **concludes** the magistrate judge's order granting in part Plaintiffs' Motion for Sanctions is not clearly erroneous or contrary to law. Notwithstanding Defendants' assertions regarding their due diligence and willingness to reopen depositions, the record indicates that the need to reopen depositions is attributable to Defendants' conduct. It is therefore fair and just that they be required to bear the fees and costs ordered by the magistrate judge that were caused by their conduct. The court therefore **overrules** Defendants Livingston, Eason, Pringle, Clark, Tate, Sanders, and TDCJ's Objections to Magistrate Judge Toliver's Order on Plaintiffs' Motion for Sanctions (Doc. 220) and **affirms** the magistrate judge's order granting in part Plaintiffs' Motion for Sanctions (Doc. 219).

**It is so ordered** this 10th day of February, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order - Page 2