UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHEN MCCOLLUM,** *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL NO. 4:14-CV-3253** |
| | § | |
| | § | |
| **BRAD LIVINGSTON,** *et al.*, | § | |
| *Defendants*. | § | |

**DEFENDANT BRAD LIVINGSTON'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Brad Livingston notifies the Court of pertinent supplemental authority decided after briefing was completed on Defendant Livingston's Rule 12(b)(6) Motion to Dismiss which remains pending and undetermined. (Doc. Nos. 121, 136, and 141).  This case is stayed pending ruling on Defendant Livingston's Motion to Dismiss. (Doc. Nos. 162 and 192; also see UTMB's and TDCJ Defendants' Statement on Case Status at Doc. No. 222, p. 7-8) The Supreme Court's holding in *Taylor v. Barkes*, 575 U.S. ___, 2015 WL 2464055 (June 1, 2015) is applicable to Defendant Livingston's qualified immunity defense, and points toward a finding of qualified immunity for Defendant Livingston.  *Taylor* is applicable because it establishes that to find policy-makers liable, the clearly established law must not only define the right at issue, but must define the measures a policy-maker must implement before he/she could be held liable. Defendant Livingston brings this case to the Court's attention because there is no clearly established law that sets forth the specific procedures which would suffice in summer months for offenders with alleged heat sensitivities.

In *Taylor*, the Court reversed a denial of qualified immunity for Delaware prison administrators sued for their oversight over policy. *Id.*   A detainee committed suicide and his survivors filed suit under 42 U.S.C. § 1983 against the top executives of the prison system, and

1

the facility warden. *Id.* at *1. The plaintiffs alleged these officials failed to ensure that the medical provider conducted adequate suicide screening. *Id.* The provider had a system in place, but did not identify the decedent as a suicide risk. *Id.* In *Taylor*, the Supreme Court discussed whether there is a duty by top administrators to screen for pre-existing inmate vulnerabilities. *Id.* at *3. After finding no applicable law in its own precedent regarding the right to suicide screening, the Court examined the cases relied on by the Third Circuit. *Id.* The cases generally held that officials who know of an inmate's vulnerability to suicide must not be recklessly indifferent to it, but did not specify any minimum procedures that facilities must use. *Id.* at *3. In finding no clearly established law, the Court noted that: "The decision did not say, however, that detention facilities must implement procedures to identify such vulnerable inmates, let alone specify what procedures would suffice." *Id.* at *3. The Supreme Court, therefore, held that no existing precedent made clear to the administrators that they were overseeing a system that violated the Constitution. *Id.* at *4.

Defendant Livingston has argued *inter alia* that *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir.2004) established Constitutional minima entitling him to dismissal on the basis of qualified immunity. (Doc. Nos. 121 and 141) As in *Taylor*, there is no precedent clearly establishing a minimum duty by prison administrators to "implement procedures to identify such vulnerable inmates, let alone specify what procedures would suffice" with respect to heat vulnerability and whether air conditioned housing is required to meet Constitutional minima. *Id.* at *3. Defendant Livingston cannot be held to have contravened clearly established law, which did not "make clear to the [TDCJ] administrators that they were overseeing a system that violated the Constitution.'" *Taylor* at *4. Adherence to *Taylor* requires this Court to grant Defendant Livingston qualified immunity and dismiss him from this case.

2

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District No. 35273
cynthia.burton@texasattorneygeneral.gov

**BRUCE R. GARCIA**
Assistant Attorney General
Co-Counsel
Texas Bar No. 07631060
Southern District No. 18934
bruce.garcia@texasattorneygeneral.gov


/s/ *Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24069825
Southern District No. 1171775
matthew.greer@texasattorneygeneral.gov

**DANIEL C. NEUHOFF**
Assistant Attorney General
Co-Coumsel
Texas Bar No. 24088123
Southern District No. 2374885
daniel.neuhoff@texasattorneygeneral.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Southern District of Texas on June 19, 2015.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have served Plaintiffs' lead counsel of record in accordance with the Court's electronic filing system on June 19, 2015 with Defendants' Advisory to the Court.

| | |
|---|---|
| Jeff Edwards | jeff@edwards-law.com |
| Scott Medlock | scott@edwards-law.com |
| The Edwards Law Firm | |
| 1101 East 11th Street | |
| Austin, Texas 78702. | |

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

4