UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM,<br>PLAINTIFFS<br><br>v.<br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br>DEFENDANTS | CIVIL ACTION NO.<br>4:14-cv-3253<br>JURY DEMAND |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs file the following Notice of Supplemental Authority addressing Defendant Livingston's Motion to Dismiss (Doc. 121).

The Fifth Circuit recently squarely rejected Livingston's argument in a virtually identical case, *Webb v. Livingston*, No. 14-40579, p. 5 n. 3 (5th Cir. July 17, 2015) (per curiam, unpublished) ("All three complaints, signed by the same attorney, contain substantially similar factual allegations").

As here, the *Webb* plaintiffs complained that Livingston knew Texas Department of Criminal Justice prisons were dangerously hot, but failed to adequately protect inmates from this obvious hazard. Nonetheless, Livingston sought the protections of qualified immunity. The Fifth Circuit roundly rejected his claim: "[Plaintiffs'] allegations demonstrate that the decedents' exposure to extreme heat posed an objective and

substantial risk of serious harm." *Id*. at p. 9. "It is well established in this Circuit that exposure to extremely hot temperatures presents a substantial risk of serious harm to inmate safety." *Id*. (citing *Ball v. LeBlanc*, --- F.3d ---, 2015 WL 4114473, at *4 (5th Cir. July 8, 2015)). "[T]he open and obvious nature of the alleged conditions further supports the reasonable inference that [Livingston was] deliberately indifferent." *Id*. at p. 11.

The Circuit specifically rejected the same argument Livingston advances here – that he cannot be liable as the chief TDCJ administrator for events caused by the policies he implemented.

> Contrary to [Livingston's] suggestion, [Plaintiffs'] allegations that [Livingston] failed to promulgate adequate policies despite knowing the effect of extreme heat on heat-sensitive prisoners like the decedents, if true, could support the imposition of supervisory liability. *See Sanders v. Foti*, 281 F.3d 1279 (5th Cir. 2001) (per curiam) (unpublished) (holding that allegations that a state prison system's executive failed to establish a policy to prevent constitutional violations, which led to plaintiff's harm, were sufficient to establish supervisory liability); *Stitt v. Klevenhagen*, 50 F.3d 1032 (5th Cir. 1995) (per curiam) (unpublished) (concluding that supervisory liability could be established where complaint alleged that the supervisor was aware of a constitutional violation, failed to correct it, and the supervisor's failure caused the plaintiff's injury).

*Id*. at 11, n. 6.

Because the district court properly denied Livingston's qualified immunity motion to dismiss, the Circuit concluded it did not have jurisdiction to hear the *Webb* appeal, and dismissed it. *Id*. The Court should follow *Webb*, and deny Livingston's Motion to Dismiss.

Respectfully submitted,

EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Tel.   512-623-7727
Fax.   512-623-7729

By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-5073 [phone]
512 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.

3