UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHEN MCCOLLUM**, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL NO. 4:14-CV-3253 |
| | § | |
| | § | |
| **BRAD LIVINGSTON**, *et al.*, | § | |
| *Defendants*. | § | |

### DEFENDANT LIVINGSTON'S OPPOSED MOTION FOR EXTENSION OF SUMMARY JUDGMENT DEADLINE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Brad Livingston, by and through the Attorney General for the State of Texas, and files this Opposed Motion for an Extension of Summary Judgment Deadline. In support thereof, Defendant Livingston would respectfully show as follows:

This Court entered a scheduling order setting deadlines governing the litigation up to trial. (See D.E. 249) The current scheduling order calls for Director Livingston's motion for summary judgment based on qualified immunity to be filed on November 2, 2015. The remaining Defendants are to file their dispositive motions by March 7, 2016. (See D.E. 249) Defendants propose moving Director Livingston's motion for summary judgment to the same date as the remaining Defendants in this matter. This is for several reasons.

First, the qualified immunity issues surrounding Director Livingston are still on appeal in the related case *Hinojosa v. Livingston et al.*, Appeal No. 14-40459, pending before the Fifth Circuit. That appeal involves qualified immunity issues in a factually related matter. The panel's ruling, regardless of its outcome, will significantly inform the legal analysis at issue here. It is more economical to defer briefing these issues until after the *Hinojosa* panel has issued its ruling.

The Fifth Circuit recognized the same principle in the *Webb* appeal. Fifth Circuit Appeal No. 14-40579. Recognizing that with the *Hinojosa* appeal still pending, undersigned counsel filed a motion with the court to extend their time to file a petition for rehearing *en banc* until seven days after the *Hinojosa* panel issues its ruling because of the potential for a panel spit. Plaintiffs were unopposed to that motion, and it was granted by the Court.

Second, Defendant Livingston was deposed for two full days on October 1 & 2. During his deposition, he frequently referred to matters he discussed and delegated to his deputies, including Dr. Lannette Linthicum and William Stephens. These witnesses' testimony will bear on the qualified immunity issues with regard to Director Livingston's actions. Plaintiffs have requested depositions on these individuals, but despite the Defense proposing multiple dates for Mr. Stephens and Dr. Linthicum, Plaintiffs have failed to schedule their depositions. While the Defense could simply produce affidavits, the Plaintiffs would potentially have rights to delay their response as provided in FRCP 56(d). Further, should an interlocutory appeal occur, an appellate court would benefit from a more robust evidentiary record.

Third, Defendant Livingston has not completed his errata sheet for his lengthy deposition. It is not due until November 16, after his dispositive motion would be due under the current deadline.

Fourth, judicial economy would be better served by briefing all of the defendants at the same time. If an interlocutory appeal follows, it would be most beneficial to have the matter brought before a single panel before the appellate court.

Fifth, moving the deadline to March 7 is appropriate given the status of *Bailey* class action, currently set for trial on February 22, 2016.[1]  In addition to the dispositive motion in *Bailey* due on November 13, the parties have no less than 10, and most likely more than 15 depositions to be scheduled and completed before trial, including several experts on both sides, several Rule 30(b)(6) witnesses, and several fact witnesses.  During the August 31 status conference, defense counsel noted that this deadline would fall directly in the middle of the *Bailey* class action class certification and dispositive motion briefing as well as depositions and trial preparation.

Defendant Livingston respectfully requests this Court reset the deadline for filing his motion for summary judgment on the basis of qualified immunity until March 7, 2016.  The undersigned counsel contends that the need for this extension is not due to sloth or neglect, and is not requested for the purpose of delay.  Rather, an extension is requested so that counsel may await a ruling from the Fifth Circuit that will likely affect the applicable law, complete the evidentiary record, litigate the *Bailey* case through trial, review the cause thoroughly, file a thorough motion for summary judgment, and thereby preserve judicial economy.

Plaintiffs' counsel indicated that they are opposed to this motion.  Plaintiffs objected based of the length of the extension, but offered no explanation as to how or why briefing Defendant Livingston's motion at the same as the other defendants would prejudice the Plaintiffs.  Defendants are not aware of any such reason.

---

[1] Defendants intend to make every effort to complete these motions by the March 7 deadline.  Given the proximity to the *Bailey* trial, an additional, but modest extension may be appropriate should the trial extend longer than anticipated.

**WHEREFORE PREMISES CONSIDERED**, Defendant Livingston respectfully requests the Court grant this Opposed Motion for an Extension of Summary Judgment Deadline and reset Defendant Livingston's motion for summary judgment based on qualified immunity to March 7, 2016.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District No. 35273
Cynthia.Burton@texasattorneygeneral.gov

*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General
Texas Bar No. 24069825
Southern District No. 1171775
Matthew.Greer@texasattorneygeneral.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Livingston's Opposed Motion for Extension of Summary Judgment Deadline** in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 23rd day of October, 2015.

*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that on October 23, 2015, I conferred with Plaintiffs' lead counsel, Jeff Edwards, via email to discuss the above motion and the reasons for it. Plaintiffs' counsel indicated that he is opposed to the motion.

/s/ Matthew J. Greer
**MATTHEW J. GREER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Livingston's Opposed Motion for Extension of Summary Judgment Deadline** has been served to Plaintiffs' attorneys in accordance with the Court's electronic filing system on the 23rd day of October, 2015.

*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General