UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the ESTATE OF LARRY GENE McCOLLUM, Plaintiffs, | § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:14-cv-03253 |
| BRAD LIVINGSTON, et al., Defendants. | § § § | |

### DEFENDANTS' JOINT MOTION FOR CONTINUANCE AND REQUEST FOR STATUS CONFERENCE

The University of Texas Medical Branch at Galveston, the Texas Department of Criminal Justice, Brad Livingston, Robert Eason, Jeff Pringle, Richard Clark, Karen Tate, and Sandrea Sanders respectfully move this Court for a continuance of the current trial date in the above-captioned matter and request a status conference to address a later trial date and other deadlines.

### A. Case Status

The *McCollum* matter is currently set for trial on this Court's June 6, 2016 docket. *See* Dkt. No. 249. The discovery deadline is February 19, 2016. *Id.* Dispositive motions are currently due by March 7, 2016. *Id.* Defendants request a continuance of all deadlines of approximately four to five months. Defendants further request that the Court set a status conference to discuss a new trial date and modified deadlines.

1

**B. Discussion**

Prior to the June 6, 2016 trial setting, this case, along with the other individual heat litigation cases, was effectively stayed for period of time while the Fifth Circuit considered interlocutory appeals on qualified immunity in several of the cases. At the July 28, 2015 Status Conference ("Status Conference"), the parties agreed there was no longer a stay in place for all of the matters except one, and the parties agreed to proceed with discovery. *See* Exhibit 1, Jul. 28, 2015 Transcript at 39:8-21.

The Court ruled that discovery would be allowed in *McCollum*, but it indicated that because of Defendants' entitlement to qualified immunity, "[t]hat comes first." *See id. generally* at pp. 46-49. The Court further stated that there was no reason the parties could not "simultaneously be working on the expert testimony." *Id.* at 49:20-21. At that time, the Court also set a summary judgment deadline for dispositive motions, and it set the current June 6, 2016 trial date. *Id.* at 50:2-51:9; 88:15-20. The Court, however recognized that it was a date to "aim for" and "[i]t may not work out." *Id.* at 88:15-20.

At the Status Conference, the Court decided that the objections UTMB had filed with respect to plaintiffs' motion for sanctions (Dkt. 224 in this Court) would be transferred to Judge Lindsey of the Northern District of Texas, where the motion for sanctions was severed and remained after transfer of the remainder of the case to this Court. The Objections were transferred on July 31, 2015. The Northern District Court has not yet ruled on UTMB's Objections. Until a ruling is made clarifying the relief awarded, UTMB and Plaintiffs dispute several provisions of the original sanctions order. That dispute has impacted the scheduling of some depositions.

Substantial fact discovery has occurred. Limited fact discovery remains. At the Status Conference, Plaintiffs indicated needing five to six more depositions in the *McCollum* matter. *See* Exhibit 1 at 50:16-20. Defendants anticipate at least three additional depositions will be taken, including the depositions of several TDCJ witnesses that Plaintiffs have identified (including George Crippen, former Texas Department of Criminal Justice, Chief Nursing Officer/Director, Clinical Administration).[1] Other limited fact discovery could be necessary depending on the ruling on the Objections discussed above, including the depositions of several UTMB witnesses.[2]

Expert discovery remains incomplete. Although experts have been designated by all parties, Defendants believe some additional designation of experts is necessary. For example, Defendants desire to designate an additional expert on issues related to Plaintiffs' Americans with Disabilities Act claims. In addition, Defendants may designate an economics expert. Moreover, only three of the nineteen experts previously designated have been deposed. Therefore, multiple expert depositions remain as well as additional expert disclosures.

Likewise, UTMB and TDCJ plan to file appropriate dispositive motions. As part of this motion, they request new deadlines for filing dispositive motions.

Defendants believe that continuing the current discovery deadline, as well as continuing other deadlines and trial, by approximately four to five months, would allow sufficient time to complete outstanding discovery in this matter. Defendants have been diligent in working on

---

[1] Mr. Crippen's deposition has been noticed on one occasion over the past six weeks. However, it was cancelled/postponed.

[2] Plaintiffs previously requested the depositions of UTMB witnesses, Charles "Danny" Adams, M.D., Gary Eubank, and Denee' Robison. UTMB provided dates for these individuals, but notified Plaintiffs that it did not intend to pay deposition costs until such time as a ruling was made on its pending Objections. Plaintiffs have not noticed these depositions.

discovery matters in this case and the individual wrongful death cases. Discovery needs, briefing, and trial preparation in the *Bailey* matter (which involves the same plaintiff counsel, TDCJ, and Defendant Brad Livingston), took priority during the time since the Status Conference due to class certification and other briefing deadlines. Now that the *Bailey* matter will likely be stayed pending an appeal, Defendants believe that the parties can make effective use of this four to five month extension to complete necessary fact and expert discovery in advance of trial.

Defendants agree to the requested continuance and the extension of current deadlines. Each of their respective clients has consented to the requested continuance.

This Motion for Continuance is not sought for the purpose of delay but in order that justice may be done.

## PRAYER

For the above reasons, Defendants respectfully request that the Court grant this Joint Motion for Continuance, schedule a status conference to discuss and set deadlines, and make such other orders as the Court deems fair and just.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ J. Lee Haney
**J. LEE HANEY**
Assistant Attorney General
State Bar No. 00784203
Southern District No. 18544
lee.haney@texasattorneygeneral.gov

**SHANNA MOLINARE**
Assistant Attorney General
State Bar No. 24041506
Federal I.D. No. 38632

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (512) 495-9139 Fax


**FERNELIUS ALVAREZ SIMON PLLC**

**GRAIG J. ALVAREZ**
State Bar No. 24001647
Federal I.D. No. 22596

**KARA STAUFFER PHILBIN**
State Bar No. 24056373
Federal I.D. No. 685342

1221 McKinney Street, Suite 3200
Houston, Texas  77010
(713) 654-1200
(713) 654-4039 (Fax)

**ATTORNEYS FOR DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH**

5

        **CYNTHIA L. BURTON**
        Assistant Attorney General
        Attorney in Charge
        Texas Bar No. 24035455
        Southern District ID No. 35273
        cynthia.burton@texasattorneygeneral.gov

        **MATTHEW J. GREER**
        Assistant Attorney General
        Co-Counsel
        Texas Bar No. 24069825
        Southern District ID No. 1171775
        matthew.greer@texasattorneygenreal.gov

        **ATTORNEYS FOR THE TEXAS**
        **DEPARTMENT OF CRIMINAL JUSTICE**
        **DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I, **Graig J. Alvarez**, certify that on February 1, 2016, I conferred with counsel for the Plaintiffs with respect to this Motion. Jeff Edwards, counsel for Plaintiffs, indicated he was not opposed to a short continuance but opposed the time period proposed by Defendants herein.

        /s/ Graig J. Alvarez
        **Graig J. Alvarez**

## NOTICE OF ELECTRONIC FILING

I, **J. LEE HANEY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on February 9, 2016.

/s/ J. Lee Haney
**J. LEE HANEY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **J. LEE HANEY**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served by electronic mail on February 9, 2016, as authorized by FED. R. CIV. P. 5(b)(2) and in accordance with the electronic case filing procedures of the United States District Court for the Southern District of Texas on the following:

Jeff Edwards                             *Counsel for Plaintiffs*
Scott Medlock
The Edwards Law Firm
1101 E. 11th St.
Austin TX 78702


Cynthia Burton                           *Counsel for TDCJ Defendants*
Matthew Greer
Office of the Attorney General
300 West 15th St., 7th Floor
Austin TX  78701


/s/ J. Lee Haney
**J. LEE HANEY**
Assistant Attorney General

## VERIFICATION

## DEFENDANTS' JOINT MOTION FOR CONTINUANCE AND REQUEST FOR STATUS CONFERENCE

On this day, J. Lee Haney, the affiant, appeared in person before me, a notary public, who knows the affiant to be the person whose signature appears on this document. The affiant has read Defendants' Joint Motion for Continuance and Request for Status Conference and that based upon her own personal knowledge, and upon information provided by persons with knowledge, the factual allegations within such documents are true and correct.

By _____
J. Lee Haney, Assistant Attorney General

SUBSCRIBED AND SWORN TO before me on February 9, 2016.

_____
Notary Public

Sharon Hightower
Printed Name of Notary Public

SHARON HIGHTOWER
Notary Public
STATE OF TEXAS
Commission Exp. SEPT. 24, 2018
Notary without Bond

8

## VERIFICATION

## DEFENDANTS' JOINT MOTION FOR CONTINUANCE AND REQUEST FOR STATUS CONFERENCE

On this day, Cynthia Burton, the affiant, appeared in person before me, a notary public, who knows the affiant to be the person whose signature appears on this document. The affiant has read Defendants' Joint Motion for Continuance and Request for Status Conference and that based upon her own personal knowledge, and upon information provided by persons with knowledge, the factual allegations within such documents are true and correct.

By _____
Cynthia Burton, Assistant Attorney General

SUBSCRIBED AND SWORN TO before me on February 9, 2016.

SHARON HIGHTOWER
Notary Public
STATE OF TEXAS
Commission Exp. SEPT. 24, 2018
Notary without Bond

_____
Notary Public
Sharon Hightower
Printed Name of Notary Public