UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the ESTATE OF LARRY GENE McCOLLUM, <br> Plaintiffs, <br><br> v. <br><br> BRAD LIVINGSTON, et al., <br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:14-cv-03253 |

# EXHIBIT 1

**JOINT MOTION FOR CONTINUANCE AND REQUEST FOR STATUS CONFERENCE**

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION

STEPHEN MCCOLLUM, ET AL        )         No. 4:14-CV-3253
                               )
                               )
VS.                            )         Houston, Texas
                               )         2:31 p.m.
                               )
BRAD LIVINGSTON, ET AL         )         July 28, 2015



    **********************************************************

                           STATUS CONFERENCE

                BEFORE THE HONORABLE KEITH P. ELLISON

                    UNITED STATES DISTRICT JUDGE


    **********************************************************
APPEARANCES:

FOR THE PLAINTIFFS:

    Mr. Jeffrey S. Edwards
    Mr. Scott Charles Medlock
    The Edwards Law Firm
    1101 East 11th Street
    Austin, Texas  78702
    Tel:  512-623-7727

    Mr. Michael Singley
    The Singley Law Firm, PLLC
    4131 Spicewood Springs Road
    Suite O-3
    Austin, Texas  78759
    Tel:  512-917-7129
```

KATHLEEN MILLER, RMR, CRR  -  kathy@miller-reporting.com

```
 1  APPEARANCES: (CONTINUED)

 2  FOR THE DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE:

 3       Ms. Cynthia Burton
         Mr. Bruce R. Garcia
 4       Mr. Matthew J. Greer
         Office of the Attorney General
 5       PO Box 12548
         Austin, Texas  78711
 6       Tel:  713-463-2080

 7   FOR THE DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH:

 8       Mr. Stephen Michel Fernelius
         Mr. Graig J. Alvarez
 9       Ms. Kara Stauffer Philbin
         Fernelius Alvarez, PLLC
10       1221 McKinney, Suite 3200
         Houston, Texas  77010
11       Tel:  713-654-1200

12       Ms. J. Lee Haney
         Ms. Shanna Elizabeth Molinare
13       Office of Texas Attorney General
         PO Box 12548
14       Austin, Texas  78711
         Tel:  512-463-2080
15
    Also Present:
16
         Mr. Amin Alehashem
17
         Mr. David James
18
    Proceedings recorded by mechanical stenography.
19
    Transcript produced by computer-assisted transcription.
20

21

22

23

24

25

           KATHLEEN MILLER, RMR, CRR  -  kathy@miller-reporting.com
```

```
00:58:07

00:58:22

00:58:34

00:58:40

00:58:52
```

1  don't know about UTMB.  We don't know what the summary
2  judgment motions -- how those will be ruled on, what the
3  evidence will show right now as far as what we can include
4  in those summary judgment motions.  But I would answer that
5  if we disagreed with a ruling, for instance, on
6  Mr. Livingston's qualified immunity, that it would be
7  appealed at the summary judgment stage, yes, Your Honor.
8           MS. HANEY:  And, Your Honor, if I may respond
9  to that as well, but going back to your original question
10 on progress, I just want to seek clarification from the
11 Court.  As I understand it, it's the Court's ruling that
12 the stays are lifted in every one of the wrongful death
13 cases with the exception of Hinojosa; is that correct?
14          THE COURT:  That's what I meant to say, I
15 think.
16          MS. HANEY:  I just want to make sure.
17          THE COURT:  Do you disagree?
18          MS. HANEY:  No, no.  That was what I
19 understood, and I just wanted to make sure that that was --
20 I understood correctly.
21          THE COURT:  Yeah.  Yes.
22          MS. HANEY:  Okay.  And then with respect to
23 your question regarding any further interlocutory appeals,
24 I can foresee that, you know, we're going to have a number
25 of summary judgments with individuals with qualified

```
01:06:18


01:06:29



01:06:48




01:20:57



01:21:24
```

1  we can talk about this, but the issue of consolidation is
2  an important one.  There are five cases that are
3  consolidated at the current time.  All of them are not
4  consolidated.  I mean, if TDCJ or UTMB wishes them to be
5  consolidated, I mean, that's something that we could -- we
6  would consider, but that's not where the -- the current
7  posture is.  And so --
8              MS. BURTON:  Well, let's be careful.  They're
9  consolidated for purposes of discovery but not for trial,
10 and that's part of why we're in one courtroom is so that we
11 can work through all of the heat cases, including Bailey,
12 for purposes of discovery and dispositive motions in a
13 consolidated and organized manner.  That's exactly what
14 we're trying to accomplish.  But each case would still be
15 separately tried.
16             THE COURT:  We'll take a ten-minute break.
17          (Break taken from 3:38 to 3:52.)
18             THE COURT:  Okay.  My law clerk says I didn't
19 make one thing clear.  In McCollum, I am going to defer
20 ruling on qualified immunity and allow limited discovery.
21 On McCollum, defendants seem to think more discovery is
22 appropriate.  What -- what more does need to be done in
23 that case?
24             MR. GARCIA:  Your Honor, the plaintiffs'
25 experts need to be -- there's a couple of plaintiffs'

01:21:37

1 experts that need to be deposed. There are a couple of
2 defendants' experts that still need to be deposed. And in
3 addition, in light of the sanctions order from
4 Judge Toliver, there were other depositions ordered to be
5 reconvened with the new information that was given. And
6 there were approximately, I think, five or six that had to
7 be redone.

8         MR. EDWARDS: There were -- there were six --
9 up to six depositions at plaintiffs' discretion were
10 ordered to be retaken. And so everything Mr. Garcia told
11 you is accurate. The issue is, what comes about as a
12 result of the additional depositions that were the result
13 of sanctions.

14         So if it's new information and we all
15 should use this new information, then we would probably
16 have to set a plaintiffs' expert deadline and a defendants'
17 expert deadline. If, however, it's -- you're more of the
18 viewpoint that whatever conduct Judge Toliver found should
19 not be rewarded, then it's we would take the six
20 depositions, and then we would have a dispositive motion
21 hearing and set a trial date and come from -- from what
22 there.

23         We need -- I suppose we need your guidance
24 on that as to what you want to do so that we can
25 incorporate a schedule. But if -- if the --

```
01:22:49

01:22:57

01:23:16

01:23:29

01:23:43
```

 1              THE COURT:  Well, all I need is -- short-term,
 2  is for you to do enough discovery that would allow me to
 3  decide qualified immunity, right?
 4              MR. EDWARDS:  Yes, exactly.
 5              THE COURT:  Well, can we do that and give that
 6  priority and then --
 7              MR. GARCIA:  Yes, sir.
 8              THE COURT:  -- then --
 9              MS. BURTON:  Yes, Your Honor, subject to what
10  we were talking about with regard to Mr. Livingston and
11  Mr. Stephens.
12              THE COURT:  Well, don't let my availability
13  delay things.  I'll make myself available.  I really will.
14                   See, I thought one thing that plaintiffs
15  were saying was that McCollum was nearly done.  It doesn't
16  sound like it's all that close to being done.
17              MR. EDWARDS:  Plaintiffs' position is in light
18  of the sanctions order, we have additional discovery that
19  we can do.
20              THE COURT:  All right.
21              MR. EDWARDS:  But it is within four to six
22  months of being ready.  That's plaintiffs' position.
23              MR. GARCIA:  I would think that is a little
24  optimistic but probably dead-on, pretty close, with the
25  summary judgment deadline somewhere in those six months as

```
 1  well, Your Honor.
 2              MR. EDWARDS:  Absolutely.
 3              THE COURT:  Well, should we pick a summary
 4  judgment deadline right now?  I mean, are you close enough
 5  to the end that we can do that?
 6              MS. HANEY:  Well, I think, Your Honor --
 7              MR. EDWARDS:  Yes.
 8              MS. HANEY:  Well, Your Honor, I think UTMB
 9  would ask the Court for clarification on whether -- on just
10  how much discovery would be allowed in terms of -- I mean,
11  are we opening it for the limited purpose of qualified
12  immunity, or are we opening it for expert deadlines on
13  behalf of plaintiff and defendant and an opportunity to
14  depose those experts before the dispositive motion?
15              THE COURT:  Well, I think defendants are
16  entitled to a ruling on qualified immunity.  That comes
17  first.  The theory is that officials are to be spared not
18  just the trial but everything else.  So I'd like you-all to
19  tee that one up as quickly as possible.
20              Now, I don't see any reason that you can't
21  simultaneously be working on the expert testimony.  I mean,
22  am I missing something?
23              MS. HANEY:  No.  I just think that we would go
24  to the Court for new expert deadlines and as part of the
25  scheduling order and a close -- a definitive close date for
```

```
 1  discovery.
 2              THE COURT:  What if we set a summary judgment
 3  deadline for qualified immunity, just do that for starts?
 4              MS. BURTON:  Will it apply across all those
 5  cases?
 6              THE COURT:  No, no.
 7              MS. BURTON:  Just for McCollum?
 8              MS. HANEY:  Just McCollum, I think.
 9              MR. EDWARDS:  Three months?  I mean, I think
10  the fight is going to be the deposition of Mr. Livingston,
11  and do they want to do it over two days as to everyone.
12              THE COURT:  Yeah.  Yeah.
13              MR. EDWARDS:  But there's going to be a
14  separate issue there.
15              THE COURT:  Okay.
16              MR. EDWARDS:  But just so Your Honor knows,
17  we -- the time we would need would be to schedule five to
18  six depositions, take Brad Livingston, his deposition,
19  because he's the only one who really is -- is at issue for
20  qualified immunity.
21              Mr. Garcia or Ms. Burton, if you disagree
22  with that in that particular --
23              MR. GREER:  Yeah.  Yes.
24              MR. EDWARDS:  Okay.
25              MR. GREER:  I'll speak to that.  Yes.
```

```
 1              THE COURT:  Okay.  How about November 2nd
 2   as a -- as a summary judgment motion deadline, on at least
 3   qualified immunity?
 4              MR. EDWARDS:  That's fine with plaintiffs,
 5   Your Honor.
 6              MS. BURTON:  We will work towards that.  We
 7   have to check with Mr. Livingston for his schedule.
 8              THE COURT:  I understand.
 9              MS. BURTON:  Okay.
10              MR. GREER:  Not to muddy the waters, Your
11   Honor, but I'm just looking at my calendar, and what we've
12   seen already is that's going -- the class action will be
13   hot and heavy at that point.  The dispositive motion in the
14   class action is November 6th.  The -- October, I think,
15   is -- late September and October is class cert briefing, so
16   I -- some of that may get stacked up in terms of getting
17   that done while the Bailey litigation is going on as well.
18   So I think that's worth considering if we're setting it up.
19              THE COURT:  Well, of course, the other
20   deadlines might bend too.  So why don't we -- why don't we
21   keep marching as if November 2nd is going to be our
22   qualified immunity summary judgment deadline.
23                   Let's go back to what I was saying the
24   global issues were.  We've talked now about -- we've talked
25   about discovery progress, discovery stays.  We've talked a
```

```
 1  whatever briefing they need.
 2              THE COURT:  June or July is then assuming that
 3  there won't be an interlocutory appeal?
 4              MR. EDWARDS:  I think we can address -- I would
 5  think that the setting of June and July would be helpful to
 6  everyone, and then depending on what the defendants do with
 7  regards to interlocutory appeals, we could revisit the
 8  issue with another status conference.
 9              MS. BURTON:  I'm just -- I thought we were
10  working with McCollum solely on the limited issues of
11  qualified immunity, that we were starting with that.  I'm
12  not sure whether discovery is going to re-open then.
13  Because otherwise, we don't have a problem with a June or
14  July trial date, but there is other discovery to be done.
15              THE COURT:  Well, I guess -- I guess the issue
16  is whether it does us any good to set a trial date when we
17  don't have some of these other dates.  It wouldn't hurt
18  to -- let's get something on the record, and that way, we
19  can aim for that.  It may not work out.  Let's see what we
20  can do.
21              MS. HANEY:  That's what I was going to suggest,
22  Your Honor, is that I think we're fine with the June or
23  July date, provided we have these other deadlines, and we
24  can certainly be working with that.  We can always revisit
25  with the Court if we realize we need more time.
```

```
02:27:46

02:27:57
```

1    THE COURT:  Yeah, I don't care what date you
2 set for like close of discovery, as long as it doesn't
3 affect the trial date.  And normally, the dispositive
4 motion deadline is 90 days in advance of trial.  So other
5 than those dates, you can set what you want.
6         MS. HANEY:  I think it's fine, Your Honor.
7         THE COURT:  So what time?
8         MR. RIVERA:  Is June 6th available?
9         THE COURT:  June 6th of 1916 -- of 2016?
10        MS. HANEY:  I think that's fine, Your Honor.
11        THE COURT:  Okay.  Very good.  Thank you.
12             (Concluded at 4:59 p.m.)
13
14            COURT REPORTER'S CERTIFICATE
15
16    I, Kathleen K. Miller, certify that the foregoing is a
17 correct transcript from the record of proceedings in the
18 above-entitled matter.
19
20                /s/_____
                  Kathleen K. Miller, RPR, RMR, CRR
21
22
23
24
25