UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM,<br>    PLAINTIFFS<br><br>v.<br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br>    DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO.<br>§ 4:14-cv-3253<br>§ JURY DEMAND<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**JOINT MOTION FOR CONTINUANCE AND**
**REQUEST FOR STATUS CONFERENCE**

The Court should deny Defendants' Motion for Continuance for three reasons.

First, there is sufficient time to prepare the case for trial on June 6, 2016 and the McCollum family should not have to wait any longer than the nearly four years they have already waited for justice. Substantial discovery—including over twenty depositions—has already taken place.

Second, Defendants should not be permitted to designate new experts on ADA issues or economics. Plaintiffs designated experts on December 20, 2013. Defendants

designated experts on January 15, February 19.[1] Thus, it is long past the deadline to designate new experts—especially on claims or issues they have known about for years.

Third, much of UTMB's portion of the motion is premised on the fact that Judge Lindsey had not ruled on UTMB's objections to sanctions for its inappropriate discovery conduct. However, on February 10, 2015, Judge Lindsey overruled UTMB's objections and rejected its argument to limit the sanctions imposed.[2] Permitting UTMB to designate new experts now would effectively reward UTMB, and TDCJ for that matter, for engaging in discovery abuse. Indeed, the discovery period had already closed when Defendants' discovery abuse became apparent.

For the foregoing reasons, Plaintiffs respectfully urge the Court to deny Defendants' Joint Motion for Continuance and to deny any attempt by Defendants to designate new experts in the *McCollum, et al.* matter.

> Respectfully submitted,
>
> EDWARDS LAW
> The Haehnel Building
> 1101 East 11th Street
> Austin, Texas 78702
> Tel.   512-623-7727
> Fax.   512-623-7729
>
> By      /s/ Jeff Edwards
> JEFF EDWARDS
> State Bar No. 24014406
> Scott Medlock
> State Bar No. 24044783

---

[1] Copies of the respective scheduling orders and Defendants' designations are attached as Exhibit 1 (Doc. 99, Third Amended Scheduling Order), Exhibit 2 (Doc. 143, Fourth Amended Scheduling Order), Exhibit 3 (Doc. 114, Defendant UTMB's Designation of Experts), and Exhibit 4 (Doc. 131, Defendants' Designation of Experts).

[2] See Exhibit 5 (Doc. 219, Order Granting Motion for Sanctions), Exhibit 6 (Doc. 222, Order on TDCJ's Objections to Sanctions), Exhibit 7 (Doc. 227, Order on UTMB's Objections to Sanctions).

Lead Counsel

Brian McGiverin
State Bar No. 24067760
James C. Harrington
State Bar No. 09048500
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-5073 [phone]
512 474-0726 [fax]

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.