# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEPHEN McCOLLUM**, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-02037-L** |
| § | |
| **BRAD LIVINGSTON**, *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER

Before the court is Defendant University of Texas Medical Branch's Objections to Magistrate Judge Toliver's Order on Plaintiffs' Motion for Sanctions ("Objections") (Doc. 224), which were originally filed in the Southern District of Texas on February 9, 2015, and transferred to this court for consideration on August 11, 2015. Neither party has filed a motion to reopen this case. The court is aware that University of Texas Medical Branch ("UTMB") requested United States District Judge Keith Ellison ("Judge Ellison") in the Southern District of Texas, Houston Division to reopen this case, but, for obvious reasons, Judge Ellison cannot reopen a case that is not assigned to him. In accordance with the court's February 11, 2015 order administratively closing this case, the court *sua sponte* **reopens** it for the limited purpose of addressing the parties' contentions regarding UTMB's Objections.

As noted, UTMB initially filed its Objections in the Southern District of Texas on February 9, 2015. On November 10, 2014, before this case was transferred to Judge Ellison, the court conducted a telephonic hearing, regarding the parties' agreement to transfer the case to the Southern District of Texas, as long as Plaintiffs' pending motion for sanctions (Doc. 164) remained with this

Order - Page 1

court.  *See* Order, dated November 10, 2014 (Doc. 215).  Pursuant to that agreement and Judge Ellison's willingness to accept the transfer of the case if agreement was reached, the court entered an order on November 10, 2014, severing and transferring all pending matters in this case, *except Plaintiffs' Motion for Sanctions*, to Judge Ellison in the Southern District of Texas, Houston Division.  *See id.*  The court also lifted the stay as to Plaintiffs' Motion for Sanctions (Doc. 164) and directed United States Magistrate Judge Renée Harris Toliver to proceed expeditiously in ruling on the motion.  Finally, the court noted in its order, with respect to the Motion for Sanctions, that the parties do not relinquish any rights provided to them pursuant to 28 U.S.C. § 636 or Federal Rule of Civil Procedure 72.  Magistrate Judge Toliver entered an order granting in part and denying in part Plaintiffs' Motion for Sanctions on January 26, 2015.  *See* Order (Doc. 219).

Notwithstanding the court's order and the matters discussed in the November 10, 2014 hearing regarding the manner in which any objections would be handled, UTMB filed its Objections on February 9, 2015, to the magistrate judge's sanctions order in the Southern District of Texas, contending that Judge Ellison should decide its Objections, "as the Honorable Keith Ellison serves as the 'district judge in [this] case' as directed by Federal Rule of Civil Procedure 72(a)."  UTMB's Resp. to Pls.' Mot. to Strike 1 (Doc. 227, filed in *McCollum, et al. v. Livingston, et al.*, 4:14-CV-3253).  Plaintiffs responded and moved in the Southern District of Texas to strike the Objections on the ground that this court had retained jurisdiction over Plaintiffs' Motion for Sanctions.  Plaintiffs contended that UTMB intentionally filed its Objections in the wrong court.  For support, Plaintiffs attached a copy of the transcript of the telephonic hearing held on November 10, 2014.

In response to the motion to strike, UTMB asserted that it had filed its Objections "without the benefit of [the] transcript," and, after "carefully reviewing the transcript," it agreed that "its

Order - Page 2

Objections should be heard by Judge Lindsay of the Northern District of Texas." *Id.* at 2. UTMB, therefore, requested that Judge Ellison transfer its Objections to this court for consideration and reopen the case in the Northern District of Texas to facilitate the requested transfer and consideration of its Objections. Plaintiffs' Motion to Strike was denied as moot by Judge Ellison after UTMB's Objections were transferred to this court.

 The Objections that were filed February 9, 2015, in the Southern District of Texas, were transferred to this court and docketed on August 11, 2015, several months after the court had ruled on the objections filed by the other Defendants to the sanctions order and administratively closed the case. On August 26, 2015, Plaintiffs responded to the Objections, and UTMB filed a reply in support of its Objections on September 8, 2015. Given the parties' agreement regarding the handling of the motion for sanctions, the court's November 10, 2014 order memorializing that agreement, the attendance of UTMB's counsel at the telephonic hearing in which the issue was discussed, and the court's electronic filing records that show UTMB's counsel received a copy of the court's November 10, 2014 order, the court finds UTMB's explanation for filing its Objections to the magistrate judge's sanctions order in the Southern District of Texas to be disingenuous and indicative of an overall pattern of conduct by UTMB in this case. The court, nevertheless, determines that the Objections were timely filed even though filed in the wrong district. Because the court previously affirmed the magistrate judge's order before realizing that UTMB had filed its Objections in the Southern District of Texas, it considers again whether the sanctions order should be affirmed in light of UTMB's Objections and incorporates by reference its prior order (Doc. 222).

 A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a). This

highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. Unites States Gypsum Co.*, 333 U.S. 364, 395 (1948). As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id*. at *2 (citations and internal quotations marks omitted).

Plaintiff's Motion for Sanctions pertains to discovery in this case. Discovery is clearly a pretrial matter, and magistrate judges thus have authority to order discovery sanctions pursuant to 28 U.S.C. § 636(b)(1)(A). After reviewing Plaintiffs' Motion for Sanctions, the parties' briefs and evidence, UTMB's Objections, and the magistrate judge's order granting in part Plaintiffs' Motion for Sanctions, and having conducting a de novo review of that portion of the order to which objection was made, the court **concludes** the magistrate judge's order granting in part Plaintiffs' Motion for Sanctions is not clearly erroneous or contrary to law and is justified under the facts of this case. The court, however, **clarifies** that it only retains jurisdiction over this action to enforce, as necessary, this order, Magistrate Judge Toliver's sanctions order, and prior discovery orders entered

in this case before it was transferred to the Southern District of Texas.* The court, therefore, **overrules** UTMB's Objections to Magistrate Judge Toliver's Order on Plaintiffs' Motion for Sanctions (Doc. 224) and **affirms** the magistrate judge's order granting in part Plaintiffs' Motion for Sanctions (Doc. 219). After entering this order, the clerk of the court shall **administratively close** this case.

    **It is so ordered** this 9th day of February, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

\* This clarification pertains to the following statement in the sanctions order to which UTMB objected: "The Court has imposed substantial sanctions in this case and will consider additional sanctions should Defendants choose a similar course of action in the future." Order 24 (Doc. 219).

Order - Page 5