UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | CIVIL ACTION NO. 4:14-cv-3253 JURY DEMAND |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | |
| DEFENDANTS | § | |

Plaintiffs' Consolidated Summary Judgment Response Appendix

# EXHIBIT 184

THE STATE OF TEXAS
COUNTY OF WALKER

BEFORE ME, the undersigned authority, personally appeared Martha Knickerbocker, known to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

My name is, Martha Knickerbocker, I am over twenty-one years of age, of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

I am employed as Secretary III for the Emergency Action Center of the Texas Department of Criminal Justice, Administrative Review & Risk Management Division and my office is located in Huntsville, Texas. I do hereby certify that I am the custodian of records maintained in the regular course of business of the Emergency Action Center of the Texas Department of Criminal Justice, Administrative Review & Risk Management Division. I have reviewed business records within the file on reports and/or documentation involving Finke Jr., Charles Edward TDCJ# 791418. I certify that the attached copies of Incident Number I-08587-08-99 from the Emergency Action Center are true, complete and correct copies of the original records now on file in my office and in my custody.

I further certify that the records attached hereto are maintained in the usual and regular course of business of the Emergency Action Center, of the Texas Department of Criminal Justice, Administrative Review & Risk Management Division, and that such records are maintained on each and every inmate confined here. All memoranda, reports, records or data compilations kept therein are made at or near the time by, or from information transmitted by, a person with knowledge of the events, acts, conditions, opinions, or diagnosis described. These records are kept in the course of regularly conducted business activity, and it is the regular practice of this institution to make such memoranda, report, records, or data compilations.

In witness whereof, I have hereto set my hand this 23rd day of May 2003.

BARBARA SAPP
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 12-18-200

_Martha Knickerbocker_
Martha Knickerbocker
Texas Department of Criminal Justice
Administrative Review & Risk Management

_Barbara Sapp_
Barbara Sapp

SWORN TO AND SUBSCRIBED BEFORE ME, by the said Martha Knickerbocker, on this the 23rd day of May, 2003, to certify which witness my hand and seal of office.

SEP 23 1999 16:46 FR HUNTSVILLE UNIT    469 295 6873 TO 4371512    P.01/01

**UTMB**

**University of Texas Medical Branch**

Galveston, Texas 77555-0543

(409) 772-1238

Fax (409) 772-5683

*Patient Account:* 20003386-909
*Med. Rec. No.:* (0150)9012314
*Patient Name:* FINKE JR., CHARLES EDWARD
*Age:* 38 YRS  *DOB:* ▓▓▓  *Sex:* M  *Race:* C
*Admitting Dr.:* ARONSON MD, JUDITH F
*Attending Dr.:*
*Date / Time Admitted :*  08/09/99  0827
*Copies to :*

**Pathology Report**

I-8587-08-99

### FINAL AUTOPSY REPORT

Autopsy Office (409)772-2858

Autopsy No.: AU-99-00224

**AUTOPSY INFORMATION:**

Occupation: INMATE       Birthplace: UNKNOWN        Residence: HUNTSVILLE UNIT
Date/Time of Death: 08/08/99  12:36  Date/Time of Autopsy: 08/09/99  11:00
Pathologist/Resident: ARONSON/HAO    .    Service: OUTSIDE TDCJ
Restriction: NONE

### FINAL AUTOPSY DIAGNOSIS

|   |   |   |   |
|---|---|---|---|
| I. | Body as a whole: History of hyperthermia and sudden unexpected death. | | C1 |
|   | A. Lungs, bilateral: Congestion, edema, and multifocal hemorrhage | | A1 |
|   | B. Heart, epicardium: Multiple petechiae | | A3 |
|   | C. Blood: Myoglobinemia, consistent with rhabdomyolysis | | A1 |
|   |   | 1. Kidneys: Pigmented tubular casts, consistent with acute tubular necrosis | A1 |
|   | D. Brain: Mild edema | | A2 |
|   | E. Brain: History of major depressive disorder, treated with phenothiazine and tricyclic antidepressants | | C3 |
| II. | Other findings: | | |
|   | A. Testis, right: Seminoma (3 x 2.5 cm) | | A5 |
|   | B. Kidney, right: Hydronephrosis, mild | | A5 |

CAUSE OF DEATH:  Heat stroke
MANNER OF DEATH:  Accident

#79 1418
W/M/38/M#

---

***TYPE:** Anatomic(A) or Clinical(C) Diagnosis.*
***IMPORTANCE:** 1-immediate cause of death (COD); 2-underlying COD;*
*3-contributory COD; 4-concomitant, significant; 5-incidental ***

*Patient Name:* **FINKE JR., CHARLES EDW.**
*Patient Location:* **AUTOPSY**
*Room/Bed:*  -
*Printed Date / Time:* 09/21/99 - 0930

*Page: 1*

Continued....



ADMINISTRATIVE INCIDENT REVIEW

*Incident Number:* **I-8587-08-99**

# *TEXAS DEPARTMENT OF CRIMINAL JUSTICE*
# *HUNTSVILLE UNIT*
## *August 12, 1999*

*To:* Emergency Action Center

*Thru:* Mr. L. Jenkins, Region I Director

*Subject:* Offender Death (August 8, 1999/ Offender Finke, Charles Edward Jr. #791418)

*Persons Involved:*

*Employee Witnesses:*

Lt. Dennis Maywald
Officer Tommie Johnson COIII
Officer L. Chenevert COIII
Officer Thomas Babcock COIII
Mary Page, R.N.

*Offender Witnesses:*

Davis, Campbell #822537
Spiller, Brian L. #877914
Hedt, Jeffrey #612376
McDonald, Cory #803796

*Offender:*

Offender Finke, Charles Edward Jr. TDCJ-ID #791418 was a thirty-eight year old white male serving a (5) five year for Theft over $1500 - $20,000 (1) one count from Travis Co. Offender Finke was transferred from the TDCJ-ID Montford Unit on August 5, 1999 to the TDCJ-ID Robertson Unit and then transferred to the TDCJ-ID Huntsville Unit on August 6, 1999 for Mandatory Supervision Release on August 9, 1999.

Administrative Incident Review
Huntsville Unit
Incident Number  I-8587-08-99
Page 2 of 3

Summary:

On August 8, 1999 at approximately 11:45 a.m. in 31A10, Officer Tommie Johnson COIII found a cell located in Five Building, a white male age thirty-eight years of age unresponsive in this cell. The offender was Finke, Charles Edward Jr. #791418. Officer Johnson stated he was getting the offenders ready for chow at approximately 11:30 a.m. and notified Offender Finke to get ready for chow. Officer Johnson stated Offender Finke sat up on his bed and began putting his clothes on. Officer Johnson stated he went back a few minutes later and found the offender laying on his back with his feet hanging off of the side of the bed. Officer Johnson instructed the offender to get up several times and there was no response. Officer Johnson looked at the offender and determined that medical personnel should be contacted. Medical personnel, Nurse Mary Page, R.N., arrived at 31A10 and found Offender Finke with no pulse and not breathing. Ms. Page instructed Lt. Dennis Maywald and Officer Tommie Johnson to remove the offender from the bed and place him on the floor outside of the cell (31A10) so that CPR could be initiated. Ms. Page and Lt. Maywald began CPR and continued it until additional help arrived to transport Offender Finke to the Huntsville Unit Infirmary. Offender Finke was taken into the infirmary, via gurney, at approximately 12:15 p.m. CPR was continued by medical staff in the infirmary and the Huntsville EMS was contacted by the use of 911. Huntsville EMS arrived at approximately 12:25 p.m. and assisted in performing CPR on the offender. CPR was continued on Offender Finke until approximately 12:35 p.m. at which time it was determined by Dr. Carolyn Galloway to cease CPR and the offender was pronounced dead at 12:36 p.m. by Dr. Galloway.

At approximately 1:15 p.m. Judge Amy Bradley arrived on the unit to perform the inquest on the offender. Mr. Mark Cole, IAD investigator, arrived on the unit at approximately 1:20 p.m. and conducted his investigation. Once Judge Bradley and Mr. Cole completed the investigations, the preliminary findings could not determine the cause of death. Judge Bradley and Mr. Cole determined that foul play was not present in the death of Offender Finke. The Huntsville Funeral Home was contacted and arrived and assumed custody of the body at approximately 3:10 p.m.

Chaplain Ken Houston (see attached) contacted offender Finke's family. Chaplain Houston contacted the offender's father, Charles Finke, who resides at ███████████████
The father did not confirm, at the time of notification, if he would claim the body or not.

At this time an autopsy is being conducted to determine the exact cause of death and the exact time of death. It should be noted that a air flow test was conducted on cell 31A10 to determine the exact amount of exhaust air flow (see attached). Also, a temperature check of the cell temperature was conducted for a (24) twenty-four hour period in cell 31A10 to determine the fluctuation of the cell temperature (see attached). The total exhaust air flow of cell 31A10 was 218 cubic feet per minute and the average temperature in the cell was 90 degrees. Due to the temperature of the cell and the amount of air flow, the medical examiner ruled out heat stroke as the cause of death. The final determination of the cause of death of Offender Finke has still not been determined as of this date. A complete autopsy report should be completed by August 16, 1999. A copy of the autopsy will be forwarded to your office along with the exact cause of death. All other documentation is attached.

Administrative Incident Review
Huntsville Unit
Incident Number I-8587-08-99
Offender Finke, Charles Edward Jr. #791418


Attachments:

IOC by Captain Kenneth Dean S-3 Supervisor
EAC message concerning offender death
Offender Death form
TDCJ Autopsy Order
TDCJ Transport Order Form
Order for Autopsy (Judge Bradley)
Copy of Infirmary LogBook (noting time of arrival in the infirmary)
Offender Death Notification Worksheet (3) submitted by Chaplain Houston
Witness Statements (9)
Air Flow Test Results of Cell 31A10 submitted by Doug Odom
Temperature Check Log of cell 31A10 submitted by Capt. Kenneth Dean


Employee Action/ Inaction:

At this time it has been determined that employee inaction did not contribute to the death of Offender Finke
and no corrective action is necessary.

Warden's/ Administrative Supervisor's Comments:

_____

_____

_____

_____

_____          August 13, 1999
Signature                                        Date


Regional Director's/ Assistant Director's Comments:

_____

_____

_____

_____          8-16-99
Signature                                        Date

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

**To** ___Warden J. Willett_____

**Date** ___August 8, 1999_____

**From** ___Capt. K Dean – Third Shift_____

**Subject** ___Offender Death  I-8587-08-99_____
RE:  Finke, Charles Edward Jr. #791418

On August 8, 1999 at approximately 11:45am offender Finke, Charles Edward Jr. #791418 was discovered in Five Bldg (31A10) unresponsive.  Medical personnel and supervisors were called to the location of the offender.  Upon arrival it was discovered that offender Finke did not have a pulse and was not breathing.  Ms. Page, R.N., instructed officer Babcock, officer Johnson and Lt. Maywald to remove the offender from his bunk and place him on a backboard so that CPR could be initiated.  Ms. Page started CPR and the offender was taken to the HUI via gurney as soon as it was practical.  The offender arrived in the infirmary at approximately 12:15pm and Walker Co. EMS was contacted.  Upon the arrival of EMS they began assisting the nursing staff with CPR on the offender.  The CPR on offender Finke was ceased at approximately 12:35pm when Dr. Carolyn Galloway pronounced the time of death.  The official time of death was 12:36 pm.  The preliminary cause of death could not be determined, an autopsy is pending this information.  Judge Amy Bradley arrived on the unit at approximately 1:15pm and performed the inquest on the offender.  Mr. Mark Cole, IAD investigator, arrived at approximately 1:20 pm and performed his duties.  Once the investigations were completed by Judge Bradley and Mr. Cole, the Huntsville Funeral Home was contacted at approximately 2:45 pm.  All documentation was completed and the funeral home departed the unit at approximately 3:10pm.  The offender's property was inventoried and placed in the Warden's Office.  Chaplain Houston contacted the offender's father at approximately 5:20pm and notified him concerning his son's death.  The final disposition of offender Finke's body has not yet been determined.  All other documentation is attached.

Cc: Warden Willett
Warden New
Shift Supervisors
Mrs. Griggs
Chaplain
File

```
*******************************************************************
*** REQUESTOR: KDE6234 - DEAN, KENNETH        HUNTSVILLE UNIT        ***
*******************************************************************
***            S Y S M   O U T B A S K E T   P R I N T              ***
```

MESSAGE ID: 693943      DATE: 08/08/99  TIME: 06:19pm  PRIORITY: 000

SUBJECT:   OFFENDER DEATH


ON AUGUST 8, 1999 AT APPROXIMATELY 11:45 A.M. OFFENDER FINKE,
CHARLES EDWARD JR. #791418 WAS DISCOVERED IN FIVE BLDG. (31A10)
UNRESPONSIVE.  MEDICAL PERSONNEL AND SUPERVISORS WERE CALLED TO
THE LOCATION OF THE OFFENDER.  UPON ARRIVAL IT WAS DISCOVERED
THAT OFFENDER FINKE DID NOT HAVE A PULSE AND WAS NOT BREATHING.
MS. PAGE, R.N., INSTRUCTED OFFICERS TO REMOVE THE OFFENDER FROM
HIS BUNK AND PLACE HIM ON A BACKBOARD SO THAT CPR COULD BE
INITIATED.  MS. PAGE STARTED CPR AND THE OFFENDER WAS TAKEN TO THE
HUI VIA GURNEY AS SOON AS IT WAS PRATICAL.  THE OFFENDER ARRIVED
IN THE INFIRMARY AT APPROXIMATELY 12:15 P.M. AND WALKER CO EMS
WAS CONTACTED.  UPON THE ARRIVAL OF EMS THEY BEGAN ASSISTING THE
NURSING STAFF WITH CPR ON THE OFFENDER.  THE CPR ON THE OFFENDER
WAS CEASED AT APPROXIMATELY 12:35 P.M. WHEN DR. CAROLYN GALLOWAY
PRONOUNCED THE TIME OF DEATH.  THE OFFICIAL TIME OF DEATH WAS
12:36 P.M.  THE PRELIMINARY CAUSE OF DEATH COULD NOT BE DETERMINED.
AN AUTOPSY IS PENDING THE EXACT CAUSE OF DEATH.  JUDGE AMY BRADLEY
ARRIVED ON THE UNIT AT APPROXIMATELY 1:15 P.M. AND PERFORMED THE
INQUEST ON THE OFFENDER.  IAD, MARK COLE, ARRIVED AT APPROXIMATELY
1:20 P.M. AND PERFORMED HIS DUTIES.  ONCE THE INVESTIGATIONS WERE
COMPLETED BY THE JUDGE AND IAD THE HUNTSVILLE FUNERAL HOME WAS
CONTACTED.  ALL DOCUMENTATION WAS COMPLETED AND THE HUNTSVILLE
FUNERAL HOME DEPARTED THE UNIT AT APPROXIMATELY 3:10 P.M. WITH
THE OFFENDER'S BODY.  THE OFFENDER'S FATHER, MR. CHARLES FINKE,
WAS NOTIFIED BY CHAPLAIN HOUSTON AT APPROXIMATELY 5:20 P.M. OF
THE OFFENDER'S DEATH.  THE FINAL DISPOSITION OF THE BODY HAS NOT
BE DETERMINED AT THIS TIME.


Sent to:   HQEAC01            EAC/USE OF FORCE          (to)
           JGR0110            GRIGGS, JANNA             (to)
           JWI7658            WILLETT, JIM W.           (to)
           TNE5412            NEW, TIMOTHY J.           (to)
           JWA7159            WARNER, JULIE             (to)
           LBR3466            BRILEY, LINDA             (to)



## OFFENDER DEATH

**FACILITY:** _Huntsville_     **Date:** _8-8-99_     **Time:** _12:58 P.M._

Deceased Offender's Name: _Finke, Charles E. Jr._   TDCJ #: _791418_

Custody: _SAT III MH_   Race: _White_   Sex M/F: _Male_

Date and time deceased was found: _August 8, 1999 — Approximately 11:45 A.M._

Location of deceased: _Five Building (31A10)_

Cause of Death: (Preliminary cause): _Unknown (Pending Autopsy)_

Was deceased receiving medical treatment at the time of death? Yes _____ No __X__
(e.g., cancer, in unit infirmary, etc.)

Name of doctor who pronounced offender dead: _Dr. Carolyn Galloway_

Official date and time pronounced dead by Doctor: _August 8, 1999 — 12:36 P.M._

Name of Justice of the Peace who ordered inquest: _Judge Amy Bradley_

Is foul play suspected in the death of the offender? Yes _____ No __X__

Has IAD investigator been notified? Yes __X__ No _____

Has family been notified? Yes __X__ No _____

Name of family member notified: _Charles Finke (Father)_

Has Huntsville Funeral Home been notified? Yes __X__ No _____

Has Classification and Treatment been notified? Yes __X__ No _____
[It is very important that Classification and Treatment be aware if the family has been notified (Classification and Treatment is responsible for sending a telegram to the family.)]


_Capt. Kenneth Dean_                  _Laurie Smart_
**Name of Person Reporting Incident**      **Person Notified in EAC/Switchboard**

Plaintiffs' MSJ Appx. 3075                    TDCJ 80703

AD-03.29 (rev. 3)
Attachment B
Page 12 of 20

# TDCJ AUTOPSY ORDER

In accordance with Section 501.055 of the Government Code, the following Order shall serve as authorization from the TDCJ ___Huntsville___ Facility, to perform an autopsy on the body of the Offender named below.
_____CHARLES EDWARD FINKE JR._____

Acting in my capacity as an authorized official of the Texas Department of Criminal Justice, I hereby order and decree that an autopsy be performed on the body of one ___CHARLES FINKE JR___, a ___WHITE / MALE___, approximately ___38___ Years of age, Date of Birth ████████. Said Autopsy should be performed to determine the cause of death of the offender who died of natural causes while attended by a physician or register nurse. The deceased was pronounced dead at _12:36_P.M. on this _8_ Day of ___AUGUST___ 19_99_.

Said autopsy should include a determination of the cause of death and toxicological examinations of the urine, blood and other bodily matter as deemed necessary to determine types and amounts of alcohol or drugs if any are present in h__ Body. I further order that said autopsy be performed by the UTMB Autopsy Service Physicians and/or associates.

Further, said body shall be transported to ___GALVESTON (UTMB)___ By a representative of ___HUNTSVILLE___ Funeral Home of ___HUNTSVILLE___, Texas, Phone Number _(409) 295-6363_, or an associate of said Funeral Home. Upon completion of the said autopsy, the body should be relinquished to a representative of ___HUNTSVILLE FUNERAL HOME___, for transportation back to said city.

It is understood that due care shall be taken to avoid unnecessary disfigurement of the body.

Please forward copy of preliminary findings and reports to:
TDCJ Death Records Technician, 3009 Hwy. 30 West, RM. 162, Huntsville, Texas  (409) 437-3631 and FAX (409) 437-3638
Date of Report: _8-8-99_   Time: _2:15 P.M._

Signed on this the _8th_ Day of _August_, 199_9_.

_____
Facility Warden/Administrator (or designee)

County _WALKER_
City _Huntsville_, Texas Zip Code _77340_

AD-03.29 (rev. 3)
Attachment A
Page 11 of 20

# TDCJ TRANSPORT ORDER FORM

The undersigned authorizes and directs Huntsville Funeral Home and/or its said agents or staff to make the removal of the said remains of _FINKE, CHARLES E. JR._ from _HUNTSVILLE UNIT_ (facility/location), who died on _8-8-99_, is to be held until further notification from the Warden/Facility Administrator of the facility with regards to the approval for an autopsy or the family refusal of an autopsy.

This policy applies to any TDCJ offender death which occurs and is determined to be from natural cause by a certified medical physician.


_____
Signature of Warden/Facility Administrator\Designee

_TIMOTHY J. NEW_
Printed Name

_R. PAGE RN._
Medical Physician's/Registered Nurse's Signature

_R. PAGE RN._
Printed Name

Address of Physician/Registered Nurse:

_P.O. BOX 99_

_HUNTSVILLE, TX_

_____



*Amy Bradley*

*Justice of the Peace*

*Precinct 2*

ORDER FOR AUTOPSY

I, AMY BRADLEY, JUSTICE OF THE PEACE, PCT. TWO, WALKER COUNTY, TEXAS HEREBY ORDER
THE  UTMB - GALVESTON         OR ONE OF HIS DESIGNATED ASSISTANT MEDICAL
EXAMINERS TO PERFORM AN AUTOPSY ON THE BODY OF _Charles E. Tinker Jr._
_TDC #791418_
WHO DIED ON__8-8-99_____ IN HUNTSVILLE WALKER COUNTY TEXAS.

IT IS UNDERSTOOD THAT DUE CARE WILL BE TAKEN TO AVOID UNNECESSARY DISFIGURATION
OF THE BODY.

DATED THIS__8___ DAY OF ___August_____ - 19_99_ AT HUNTSVILLE IN
THE STATE OF TEXAS.


AMY BRADLEY
JUSTICE OF THE PEACE
PCT. TWO
WALKER COUNTY, TEXAS

AUTO-ME.AMY

Plaintiffs' MSJ Appx. 3078    TDCJ 80706

## EMPLOYEE & VISITOR LOG BOOK

| NO. | DATE | NAME | | DESTINATION | TIME IN | TIME OUT |
|---|---|---|---|---|---|---|
| 1. | 8-8-94 | Paniagua, Pepe (Transit) | | Med Pay entered | 8:32 | 8:38 |
| 2. | | Mc Carthy, Patrick (Trans) | | | 8:45 | 8:53 |
| 3. | | Lydian, Timothy (Transit) | | | 8:45 | 8:52 |
| 4. | | Dortson | 526800 | F/A | 8:45 | 8:47 |
| 5. | | Wolridge | 080799 | Med Pass | 8:50 | 8:57 |
| 6. | | Montgomery | 794999 | F/A | 9:11 | 9:32 |
| 7. | | Beltran | 521598 | F/A | 9:28 | 9:33 |
| 8. | | Hamilton | 2834979 | Med Pass | 9:52 | 10:10 |
| 9. | 3-1-8-4 | Humphrey | 766493 | F/R | 10:35 | 1:35 |
| 10. | | Buckner | 824925 | F/A | 11:40 | 11:48 |
| 11. | 31-A-13 | Einke | 791418 | F/R | 12:16 | 3:10 |
| 12. | | Vaugh | 761459 | F/A | 1:05 | 1:30 |
| 13. | 9-8-98 | Williams | 235723 | Breathing treatmet | 2:20 | 2:07 |
| 14. | | Gorlino | 532737 | Walk-In | 5:03 | 5:07 |
| 15. | | Whitlock | 610750 | Blood Pres | 5:05 | |
| 16. | | Reyes | 678117 | Walk-In | 5:06 | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |

AD-54 Rev. 8-18-87

Plaintiffs' MSJ Appx. 3079

TDCJ 80707

Policy Number:  15.13
Page:  2 of 3

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Inter-Office Communications

To: _Warden Willett_     Date: _8/8/99_

From: _Ken Houston_     Subject: INMATE DEATH NOTIFICATION WORKSHEET

1. **INMATE INFORMATION**

   NAME: _Finke, Charles Edward Jr._

   TDCJ #: _791418_     UNIT ASSIGNED: _Huntsville_

   CAUSE OF DEATH: _____

   DATE OF DEATH: _8/8/99_     TIME OF DEATH: _12:36_

   PLACE OF DEATH (Unit/Hospital): _Unit_

   CERTIFYING PHYSICIAN/JUSTICE OF THE PEACE: _Dr. Carolyn Galloway_
   _Judge Amy Bradley_

2. **FAMILY CONTACT**

   DATE: _8/8/99_     TIME: _13:50_

   _✓_ Contacted listed next of kin.

   _____ Contacted a relative/friend from visiting list or correspondence.
   _805-650-8010_

   _✓_ Contacted _Ventura_ ~~Sheriff's Office~~/Police Dept.

   Name: _Officer Tracy_     Date: _8/8/99_     Time: _13:50_

3. **PERSON CONTACTED**

   Name: _Charles Finke_     Relationship: _Father_

   Address/City/ST/Zip: ███████████

   Area code and Telephone Number: ███████████

4. **BURIAL ARRANGEMENTS** _Family will notify TDCJ if will claim body._

   _____ The family will claim the body. (The family was instructed to contact the Huntsville Funeral Home at 409-295-6363).

   _____ The family will not claim the body. (The family was instructed to send a fax (409-294-2736) or Western Union telegram #62075975 to Warden Morris M. Jones, Jr. with the following message: "I am unable to claim the body of _____ TDCJ #_____. I am requesting that he/she be buried in the prison cemetery." Name, address, telephone number and relationship to the inmate should be included in the fax or telegram.)

   _____ **Unable** to contact any family member or friend (detail efforts on next page). Send E-MAIL to HVUNT13 (or a fax 409-294-2736) to Warden Morris M. Jones, Jr. at the Huntsville Unit. Burial recommended in the prison cemetery!

5.    _____Send a copy of this record to the Director of Classification and Records by E-MAIL to AES9894 (or a fax 409-294-6227).

6.    _____Place a copy of the next of kin letter in the Inmate Death Notification Packet.

7.    _____Send a copy of this worksheet and the next of kin letter to the Director of Chaplains.

8.    _____Keep a copy of all paperwork in your file and submit this original to the Inmate Death Notification Packet.

_____        ____8/8/99_____
Chaplain's Signature                    Date

Chaplain notified at 12:35

attempted to contact brother, Warman Finke at ▇▇▇▇

left message on machine to contact Chaplain Houston at 13:01

contacted directory assistance + no phone # available for Warman Finke

13:50 contacted Ventura Police Dept. spoke with officer Tracy

asked her if she could contact family. Gave them the street address shown on Travel card,

▇▇▇▇▇▇▇▇▇▇

14:20 Officer Tracy from the Ventura Police Dept called + said Warman Finke no longer lived at that address + they had no forwarding address.

5:30 Found out he was paroling to David Perry in Austin, Called him at ▇▇▇▇▇, he had no information on Mr. Finke

16:00 called information for Charles Finke, father, got # for Edward Finke. ▇▇▇▇▇ computer say has been discon.

6:10 called ▇▇▇▇▇ for ex-wife, Brenda Brown PO Box me does not know Charles Finke.

6:13 called Info for 40 ▇▇▇▇▇ AZ, got ▇▇▇

6:?:0 called another inmate down, not the one

:35 [REDACTED] called sheriff dep gave me #2 X wife

:10 Called Brenda Brewer + gave me #7 Dad.

7:20 called Dad at [REDACTED], Dad will notify in

4 m about claiming body.



**Texas Department Of Criminal Justice**
**INTERNAL AFFAIRS DIVISION**

**VOLUNTARY WRITTEN STATEMENT**

VOLUNTARY STATEMENT OF _Tommie L. Johnson_

GIVEN THIS ___8___ DAY OF _August_ , 19 _99_

at _1130_ o'clock _A_ M. My name is _Tommie L. Johnson_.

My address and telephone number are _101 mutt young Road Huntsville, Tex_
_77340      409 291 6163_

Sunday 1130 AM I Officer T. Johnson Co3 was
assigned to 31-A and-B. Officer Chenevert
was woking 31-A and-B Keys. Officer Chenevert
told me Officer Johnson get all the inmates
Ready for chow. I Officer T. Johnson went
to 31-A-10 Cell Inmate Charles, Finkie 791418
to get Ready For chow. Inmate Finkie started
tiget Ready and dress putting his clothes on.
For chow. After 2 or 3 minutes I went back
to inmate Finkie Cell. The inmate was
Laying back against the wall on his bunk.
I told the inmate to get up 5 or 6 times
he did not move. I told officer Babcock
to call medical we have one down.

WITNESSES:                           PERSON MAKING STATEMENT:

_Dennis Maywald, Sr._                _Tommie L. Johnson_
                                     Signature

                                     Page ____ of ____ Pages



Texas Department Of Criminal Justice
**INTERNAL AFFAIRS DIVISION**

## VOLUNTARY WRITTEN STATEMENT

VOLUNTARY STATEMENT OF _Ivin Dennis Maywald_
GIVEN THIS _8-9-99_ DAY OF _August_ , 19 _99_
at _10:20_ o'clock _A_ M. My name is _Ivin Dennis Maywald_
My address and telephone number are _Huntsville Unit_

On 8-8-99, at approx. 11:45 AM, I heard a radio call
that we had an offender down in 31A Row.
Ms. Page, RN was responding and I joined her as she
came across the yard with a gurney. We entered the
cellblock and went to cell 31A-10. We found an
offender laying back across his bunk with his feet
on the floor and his head against the wall. Ms. Page
found the offender to be non-responsive and had no
pulse and was not breathing. She told me and officer
T. Johnson to move the offender out of the cell, so
CPR could be administered. The offender was placed
on a back board and carried outside the cell and
placed on the floor. Ms. Page and I began CPR
and other officers helped carry the offender out
off the building and placed on the gurney. We rushed
to HUI (ER) where additional medical treatment
began and 911 was called. DM

_I. D. Maywald_

WITNESSES:                                    PERSON MAKING STATEMENT:

_Bill Hardin_                                 _Dennis Maywald_
                                              Signature

                                              Page _1_ of _1_ Pages

REPORT NUMBER:_____     FACILITY:_____

## STANDARD WITNESS STATEMENT

Provide a description of the incident that occurred in (location) __5 BLDG__
on (date) __August 8, 1999__ that you witnessed.

Make sure to include:

  a.  Time (or approximate time) the incident occurred.
  b.  Name and TDCJ Number of each offender involved.
  c.  Name and rank of each TDCJ employee involved.
  d.  In as much detail as possible, explain what you witnessed.

I OFFICER L. CHENEVERT CO III ON AUGUST 8
1999 APPROX. 11:30AM WHILE WORKING THE
HALLWAY OF THE FIVE BUILDING BOTTOM AREA.
I WAS ALERTED TO AN INMATE DOWN IN HIS
CELL 31A10 AND I CALLED FOR MEDICAL.
THEY ARRIVED ALONG WITH LT. MAYWALD
AND THE INMATE WAS CARRIED OUT.
OFFICER T. JOHNSON WAS THE OFFICER COIII
OF THE CELL BLOCK AND WHO ALERTED ME
TO THE DOWN INMATE FINKIE, CHARLES 79141?

**To the best of my knowledge, the information hereby submitted in this witness statement is complete and accurate.**

_L. CHENEVERT_                    _COIII_, ████████

**Name of Witness (print)**              **Rank/Social Security # or TDCJ Number**

_[signature]_                          _8-8-99_

**Signature of Witness**                      **Date**

UOF-4 (Rev. 8/95)



Texas Department Of Criminal Justice
INTERNAL AFFAIRS DIVISION

## VOLUNTARY WRITTEN STATEMENT

VOLUNTARY STATEMENT OF _Thomas A. Babcock_

GIVEN THIS _9 th_ DAY OF _August_ , 19 _99_

at _06:15_ o'clock _A_ M. My name is _____

My address and telephone number are _P.O. Box 2238, Trinity, Tx 75862_

On Sunday, August 8, 1999, at approximately 12:00 Noon I went to 31A Row to escort the inmates to the chow hall. Upon arriving, I entered the cell block and asked Officer Johnson to get the inmates out for chow. Officer Johnson proceeded to let the inmates out of their cells. I remained in the cell block to line the inmates up for chow. When Mr. Johnson reached 31A10 cell, he shouted to me that he had an inmate down and needed medical assistance. Officer Chevevent, who was the key officer, had walked up to the wheel house on 32A row to open the doors. I shouted up to Officer Chevevent to call for emergency medical assistance. I went down to 31A10 cell, which was still locked and observed the inmate lying on his bunk in an awkward position. I noticed his ID lying near the cell door and picked it up. Taking the ID to Officer Chevevent as he was talking to medical staff. I informed ~~Officer~~ Officer Johnson that medical staff was on the way and then proceeded to contact the 22 inmates who were on the tank. After medical personnel and LT Maywald arrived, I proceeded to escort the 22 inmates to the chow hall.

WITNESSES:

_Dennis Maywald, Sr._

PERSON MAKING STATEMENT:

_Thomas A. Babcock_
Signature

Page _1_ of _1_ Pages



**Texas Department Of Criminal Justice**
**INTERNAL AFFAIRS DIVISION**

## VOLUNTARY WRITTEN STATEMENT

VOLUNTARY STATEMENT OF _MARY PAGE       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_

GIVEN THIS _8/9/99_ DAY OF _____, 19_____

at _12 35_ o'clock _pm_ M. My name is _MARY PAGE_

My address and telephone number are _Huntsville Unit_

_MP_  Notified approximately 12:20 pm that a patient was
"passed out" @ cellside -5/A-10. Patient unresponsive
to verbal command - no pulse, no respirations noted.
Face, neck, arms hands mottled. Pt lying on back on
bunk with his feet on floor. CPR started. Unable
to insert Oral airway/mouth stuff. Pt's head was
turned to the left when found. Placed on back board
transferred to gurney then to ER area. CPR continued.
Connected to O₂ to Ambu bag. FCG Monitor and a 12
Lead FCG done. Lead II and 12 Lead FCG - Straight
line. Lt May, Wald was at cell end. A security officer
with during CPR. Gris M Meeks, RN FNP was called -
instructed to call 911 - 911 called 12:32 pm Walker County
EMS here and continued CPR by Catalyn Galloway,
Warren Dispatch called code @ 12:30 pm per Jeff Fady, Paramedic
Field Supervisor. Terry y death 12:36 pm - 1:55 pm Lerimecter ❑
Notified - enroute. 1:35 pm Judge Bradley here.
Body released 1:54 to Huntsville Funeral Home.   MP

WITNESSES:

_[signature]_

PERSON MAKING STATEMENT:

_Mary Page_
Signature

Page _1_ of _1_ Pages

REPORT NUMBER:_____          FACILITY:_____

## STANDARD WITNESS STATEMENT

Provide a description of the incident that occurred in (location) Row 31A, The Walls anit
on (date) Aug. 8, 1999 that you witnessed.

Make sure to include:

a.   Time (or approximate time) the incident occurred.
b.   Name and TDCJ Number of each offender involved.
c.   Name and rank of each TDCJ employee involved.
d.   In as much detail as possible, explain what you witnessed.

I am SSI for 31A and 32A rows.
I came on at 7:00 am, And was here
until 11:00am, At which Time I went
To eat, I returned Around 11:40, At
or About noon officer Johnson began
pulling all inmates out for lunch.
When he opened 10 cell, I Assume
The inmate did not respond, I was
not standing close by At The Time.
So I did not witness Anything.
The rest of the inmates were released
And sent To lunch, I guess 10 cell still

**To the best of my knowledge, the information hereby submitted in this witness statement
is complete and accurate.**

Campbell M. Davis                          822537

Name of Witness (print)              Rank/Social Security # or TDCJ Number

[signature]                                    8-8-99

Signature of Witness                              Date

UOF-4 (Rev. 9/95)                Plaintiffs' MSJ Appx. 3088                TDCJ 80716

**REPORT NUMBER:** _____     **FACILITY:** _____

### CONTINUATION FORM

did not respond, At this Time I still did not
know Anything was wrong. A short Time later
other officers, including Lt. Maysield And A
Nurse Arrived And I saw them carry
the inmate out on A Stretcher. When they
passed, I looked At the inmate whose eyes
were open And he seemed to be still Alive.
    During the morning I had passed his
cell At least 10 to 12 Times while carry-
ing out my duties and passing out cold
water. I never noticed Anything wrong
with the inmate.

To the best of my knowledge, the information hereby submitted in this report is complete and accurate.

_Campbell Davis_                    _812537_
NAME OF OFFENDER/EMPLOYEE          SOCIAL SECURITY #/RANK OR TDCJ NUMBER

_[signature]_                       _8-8-99_
SIGNATURE                           DATE

REPORT NUMBER:_____          FACILITY:_____

## STANDARD WITNESS STATEMENT

Provide a description of the incident that occurred in (location) _3/ A /0_
on (date) _8-8-99_ that you witnessed.

Make sure to include:

    a.    Time (or approximate time) the incident occurred.
    b.    Name and TDCJ Number of each offender involved.
    c.    Name and rank of each TDCJ employee involved.
    d.    In as much detail as possible, explain what you witnessed.

_I did not hear or see any
thing that had happened to the
man next door to me._

**To the best of my knowledge, the information hereby submitted in this witness statement
is complete and accurate.**

_Brian Lynn Spiller 877914_        _(31-A-12)_
    Name of Witness (print)                Rank/Social Security # or TDCJ Number

_Brian Lynn Spiller 877914_        _8-8-99_
    **Signature of Witness**                           **Date**

REPORT NUMBER:_____          FACILITY:_____

## STANDARD WITNESS STATEMENT

Provide a description of the incident that occurred in (location) _3/A/0_
on (date) _8-8-99_ that you witnessed.

Make sure to include:
   a.   Time (or approximate time) the incident occurred.
   b.   Name and TDCJ Number of each offender involved.
   c.   Name and rank of each TDCJ employee involved.
   d.   In as much detail as possible, explain what you witnessed.

_I talked to the inmate yesterday and he didn't eat_
_chow much at all, and he was very quiet and he_
_said he was going home._

**To the best of my knowledge, the information hereby submitted in this witness statement
is complete and accurate.**

_Jeffrey Hedt_                                      _6/2376_   (3/A8)
Name of Witness (print)                    Rank/Social Security # or TDCJ Number

_Jeff Hedt_                                           _8-8-99_
Signature of Witness                                   Date

UOF-4 (Rev. 9/95)                    Plaintiffs' MSJ Appx. 3091                    TDCJ 80719

REPORT NUMBER:_____        FACILITY:_____

## STANDARD WITNESS STATEMENT

Provide a description of the incident that occurred in (location)___31 A 10___
on (date)___8-8-99___ that you witnessed.

Make sure to include:
a.   Time (or approximate time) the incident occurred.
b.   Name and TDCJ Number of each offender involved.
c.   Name and rank of each TDCJ employee involved.
d.   In as much detail as possible, explain what you witnessed.

I, Cory McDonald, didn't hear anything from the inmate in ten
Cell or witness any foul ~~start~~ play

To the best of my knowledge, the information hereby submitted in this witness statement
is complete and accurate.

Cory J McDonald 803796
(31 A-9)
**Name of Witness (print)**                        **Rank/Social Security # or TDCJ Number**

Cory J McDonald #803796                 8-8-99
**Signature of Witness**                           **Date**

# Texas Department of Criminal Justice
## INSTITUTIONAL DIVISION
### *HUNTSVILLE UNIT*

## Inter-Office Communication

To: Kenneth Dean
       Captain

From: Douglas Odom
         Safety Officer I
         Risk Management Coordinator

Date:  August 10, 1999

Subject:  Air Flow
                 Test 31A-10

*Per your request, I have conducted an air flow test of offender cell housing*
31A-10.  The test was conducted at 1015am this date.  The test instrument used
was a hand held Alnor Velometer.  The meter and conversion formula is accurate
to + or - 10%.

Measurement @ bottom exhaust grate = 163 cubic feet per minute
Measurement @ top exhaust grate = 55 cubic feet per minute
Total exhaust air flow = 218 cubic feet per minute.
(required exhaust rate per cell, as stated by Section VIII.B of the Stipulation; Ruiz
vs. TDCJ, is 30 cubic feet per minute.)

The air exhaust rate for cell 31A-10 exceeds the minute requirement.

Douglas Odom
Occupational Health and Safety Technologist #1030
Board Certified Forensic Examiner #1067

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

**ter-Office Communications**

Date  08-08-99

Subject  Temperature Check

| | | |
|---|---|---|
| | 92 · ÷ | |
| | 91 · ÷ | |
| | 91 · ÷ | |
| | 90 · ÷ | |
| | 90 · ÷ | |
| | 89 · ÷ | |
| | 88 · + | |
| | 89 · ÷ | |
| | 90 · ÷ | |
| | 91 · ÷ | |
| | 91 · ÷ | |
| | 93 · + | |
| | 93 · ÷ | Officer Signature |
| | 93 · ÷ | Jones |
| | 1 364 · T | Jones |
| | 0 · C | C. Allen (Both doors were open when I |
| | 1 364 · ÷ | came on shift at 10:00 P.M. Per SGT. Blake he |
| | 15 · = | said close cell door, and leave steel door open. C.Alle |
| | 90 · ✳ | C.Alle |
| | 0 · T | C. Allen |
| 200 | 10 F | C.Allen |
| 400 | 89°F | C. Allen |
| 555 | 88°F | C.Allen |
| 800 | 89° | T. Booker -1st (8-9-99) |
| 1000 | 90° | T. Booker |
| 200 | 91° | T. Booker |
| 1400 | 91° | Jones        -2nd |
| 1600 | 93° | Jones |
| 1700 | 93° | Jones |
| 1800 | 93° | Jones |
| 1900 | 93° | Jones |

HIGH - 93°
LOW - 88°

LOW AT 0555 HRS.

HIGH AT 1600 TO
1900

Plaintiffs' MSJ Appx. 3094

TDCJ 80722

**SO-4**

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

To 31A Row                              Date 08-08-99

From Capt. Dean                    Subject Temperature Check

| Time | Temperature | Officer Signature |
|------|-------------|-------------------|
| 1900 | 92° F | Jones |
| 2100 | 91° F | Jones |
| 2200 | 91° F | C. Allen (Both doors were open when I |
|  |  | came on shift at 10:00 P.M. Per SGT. Blake he |
|  |  | said close cell door. and leave masted door open. C.A |
| 0000 | 90° F | C. Allen |
| 0200 | 90° F | C. Allen |
| 0400 | 89° F | C. Allen |
| 0555 | 88° F | C. Allen |
| 0800 | 89° | T. Booker -1st (8-9-99) |
| 1000 | 90° | T. Booker |
| 1200 | 91° | T. Booker |
| 1400 | 91° | Jones  -2nd |
| 1600 | 93° | Jones |
| 1700 | 93° | Jones |
| 1800 | 93° | Jones |
| 1900 | 93° | Jones |

Plaintiffs' MSJ Appx. 3095          TDCJ 80723

SO-4

KK21563
HSMA016
JGR0110

I- 8587-08-99

*Offender Death*

EMERGENCY ACTION CENTER
RECEIVED _1258_ DATE _8/8/99_
UNIT _HV_  REC. BY _MB/MB_
CROSS UOF # _____
REFERENCE INCIDENT # _____
CUSTODY CODE

```
****************************************************************
*** REQUESTOR: HQEAC01 - EAC/USE OF FORCE    EMERGENCY ACTION CENTER    **
****************************************************************
***           S Y S M   I N B A S K E T   P R I N T                    **

MESSAGE ID: 693943     DATE: 08/08/99  TIME: 18:19   PRIORITY: 000

TO:        HQEAC01 - EAC/USE OF FORCE
           GENERAL TERMINAL
           EMERGENCY ACTION CENTER

FROM:      KDE6234 - DEAN, KENNETH
           CAPTAIN
           HUNTSVILLE UNIT

SUBJECT:   OFFENDER DEATH
```

CONFIDENTIAL

W/M/38/MH

```
ON AUGUST 8, 1999 AT APPROXIMATELY 11:45 A.M. OFFENDER FINKE,
CHARLES EDWARD JR. #791418 WAS DISCOVERED IN FIVE BLDG. (31A10)
UNRESPONSIVE.  MEDICAL PERSONNEL AND SUPERVISORS WERE CALLED TO
THE LOCATION OF THE OFFENDER.  UPON ARRIVAL IT WAS DISCOVERED
THAT OFFENDER FINKE DID NOT HAVE A PULSE AND WAS NOT BREATHING.
MS. PAGE, R.N., INSTRUCTED OFFICERS TO REMOVE THE OFFENDER FROM
HIS BUNK AND PLACE HIM ON A BACKBOARD SO THAT CPR COULD BE
INITIATED.  MS. PAGE STARTED CPR AND THE OFFENDER WAS TAKEN TO THE
HUI VIA GURNEY AS SOON AS IT WAS PRATICAL.  THE OFFENDER ARRIVED
IN THE INFIRMARY AT APPROXIMATELY 12:15 P.M. AND WALKER CO EMS
WAS CONTACTED.  UPON THE ARRIVAL OF EMS THEY BEGAN ASSISTING THE
NURSING STAFF WITH CPR ON THE OFFENDER.  THE CPR ON THE OFFENDER
WAS CEASED AT APPROXIMATELY 12:35 P.M. WHEN DR. CAROLYN GALLOWAY
PRONOUNCED THE TIME OF DEATH.  THE OFFICIAL TIME OF DEATH WAS
12:36 P.M.  THE PRELIMINARY CAUSE OF DEATH COULD NOT BE DETERMINED.
```

12



AN AUTOPSY IS PENDING THE EXACT CAUSE OF DEATH.  JUDGE AMY BRADLEY
ARRIVED ON THE UNIT AT APPROXIMATELY 1:15 P.M. AND PERFORMED THE
INQUEST ON THE OFFENDER.  IAD, MARK COLE, ARRIVED AT APPROXIMATELY
1:20 P.M. AND PERFORMED HIS DUTIES.  ONCE THE INVESTIGATIONS WERE
COMPLETED BY THE JUDGE AND IAD THE HUNTSVILLE FUNERAL HOME WAS
CONTACTED.  ALL DOCUMENTATION WAS COMPLETED AND THE HUNTSVILLE
FUNERAL HOME DEPARTED THE UNIT AT APPROXIMATELY 3:10 P.M. WITH
THE OFFENDER'S BODY.  THE OFFENDER'S FATHER, MR. CHARLES FINKE,
WAS NOTIFIED BY CHAPLAIN HOUSTON AT APPROXIMATELY 5:20 P.M. OF
THE OFFENDER'S DEATH.  THE FINAL DISPOSITION OF THE BODY HAS NOT
BE DETERMINED AT THIS TIME.

Sent to:    HQEAC01         EAC/USE OF FORCE            (to)
            JGRO110         GRIGGS, JANNA               (to)
            JWI7658         WILLETT, JIM W.             (to)
            TNE5412         NEW, TIMOTHY J.             (to)
            JWA2159         WARNER, JULIE               (to)
            LBR3466         BRILEY, LINDA              (to)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | CIVIL ACTION NO. 4:14-cv-3253 JURY DEMAND |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § | |
| DEFENDANTS | § | |

Plaintiffs' Consolidated Summary Judgment Response Appendix

# EXHIBIT 185

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 ● Huntsville, TX 77342-0099

**Wayne Scott**
**Executive Director**

Gary Johnson
Director
Institutional Division

Administrative Incident Review

Incident Number: I-05831-07-01

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
JAMES V. ALLRED UNIT
July 27, 2001

TO:     Ms. Janie Cockrell
        Deputy Director of Operations

THRU:   Mr. John Gilbert
        Region V Director

FROM:   Mr. Robert R. Treon, Senior Warden
        James V. Allred Unit

SUBJECT: Heat Stroke
        I-05831-07-01

PERSONS
INVOLVED: Offender Cardwell, John #1041651 is a thirty-nine year old White male who is currently serving a nine year
        sentence for DWI out of Williamson County

SUMMARY:  On 07-16-01 at approximately 1820 hours, Offender Cardwell, John TDCJ# 10441651 was transported via
        ambulance to the 11th Street Campus of United Regional Hospital due to an elevated temperature.  Upon
        arrival, Offender Cardwell was listed in critical condition.  Senior Warden Robert Treon arrived at the hospital
        at approximately 1900 hours and was advised Offender Cardwell was suffering from elevated body
        temperature as well as cardiac and liver problems.  At that time, no clear diagnosis for Offender Cardwell's
        condition was available.  On 07-18-01 at approximately 1100 hours, the attending physician at United
        Regional Hospital informed Warden Treon Offender Cardwell's condition was the result of heat stroke.  At
        that time, EAC was notified of the situation and an incident number was assigned.

        An ongoing investigation into the incident shows Offender Cardwell arrived at the Allred Unit on 07-16-01 at
        approximately 0830 hours on a routine chain transport.  All offenders arriving on the chain were held in the
        chain receiving area between Ten and Twelve buildings.  At approximately 0930 hours, Offender Cardwell
        and the rest of the chain were escorted to Seven gym for their initial UCC hearings.  At approximately 1045
        hours all chain offenders were escorted to the chow hall and fed the noon meal.  They were then taken to
        supply where they picked up their mattresses enroute to the Three building multipurpose room where they
        were held until they were housed at around 1530 hours.  Offender Cardwell was escorted to Seven Building G
        Pod.  Up to this point Offender Cardwell had not complained of any problems and appeared to be normal.
        However, after arriving in 7G Pod, Offender Cardwell stepped into a shower stall and began to act somewhat
        irrationally.  According to officers and offenders accounts of the incident Offender Cardwell appeared to be
        frightened and concerned about being in General Population.  The rover assigned to 7G Pod placed Offender

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

30-1

Page 2

Cardwell in his cell at which time she noted his behavior was growing more erratic and that he was hot to the touch. The officer requested to see a ranking supervisor regarding Offender Cardwell. Prior to the arrival of a supervisor, Offender Cardwell was found unresponsive in his cell. Medical staff was notified and Offender Cardwell was transported to the unit infirmary

An examination of the Three Building multipurpose room revealed the windows were open for ventilation and air was being circulated. There was also water available. All officers involved had received training regarding heat related illness in spring of this year. Offender Cardwell currently remains in critical condition. Investigation into the incident is ongoing.

EMPLOYEE
NEGLIGENCE: Under investigation.

ATTACHMENTS: TGN-93, Teletype, IOC's, Heat-related training records

WARDEN'S
COMMENTS:


_____                          _____7.27.01_____
ROBERT R. TREON, SENIOR WARDEN                    DATE
JAMES V. ALLRED UNIT
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION


REGIONAL
DIRECTOR'S
COMMENTS:


_____                          _____
MR. JOHN GILBERT                                 DATE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

30-2