UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | CIVIL ACTION NO. 4:14-cv-3253 JURY DEMAND |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | |
| DEFENDANTS | § | |

Plaintiffs' Consolidated Summary Judgment Response Appendix

# EXHIBIT 203

## BUSINESS RECORDS AFFIDAVIT

STATE OF TEXAS

COUNTY OF Travis

RE:    Cause Number 3:12-CV-2037;
        Stephen McCollum, et al.  v. Brad Livingston, et al.
        U.S. District Court, Northern District, Dallas Division


       BEFORE ME, the undersigned authority, personally appeared John C. West, who, being duly sworn by me, deposed as follows:

       "My name is John C. West.  I am over 18 years of age, of sound mind, capable of making this affidavit, and have personal knowledge of the facts herein stated:

       "I am employed as the General Counsel for the Office of the Inspector General (OIG) – Texas Department of Criminal Justice.  I am the custodian of the attached records of the OIG.  These records are kept by the OIG in the regular course of business, and it was the regular course of business of the OIG for an employee or representative of the OIG, with knowledge of the act, event, condition, or opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter.  The attached record is an exact duplicate of the record on file with the Office of the Inspector General in Criminal Case File No. 2001-1359 concerning Offender John Cardwell, TDCJ #1041651 on the death of Offender Cardwell on 08/04/2001.

                           John C. West
                           General Counsel
                           Office of the Inspector General

SWORN TO AND SUBSCRIBED before me on this the 26st day of June 2013.


NOTARY PUBLIC in and for
The State of Texas
Printed Name:  Susan Machutt
My commission expires: May 20, 2015

Susan Machutt
Notary Public, State of Texas
My Commission Expires
05/20/2015
Notary Without Bond



**Texas Department of Criminal Justice**
OFFICE OF THE INSPECTOR GENERAL
INVESTIGATIONS DIVISION

## INTEROFFICE COMMUNICATION

TO: File                                    DATE: November 2, 2001
01-1654TDCJ

FROM: Chris H. Stallings          SUBJECT: Family Member Contact
Chief, Region V, OIG                        Offender Cardwell's Death
Investigations Division                     Allred Unit

On October 31, 2001, at 11:37 a.m., I contacted Ms. Sue Parsons, sister of Offender Cardwell to discuss the investigation into her brother's death at the Allred Unit.

I informed Ms. Parsons that her brother had arrived at the Allred Unit on July 16, 2001, by bus and that he was processed into the unit.  I informed Ms. Parsons that my review of the investigation did not disclose any prior indications that Offender Cardwell was ill, until he reached his assigned building around 5:00 p.m.  I informed Ms. Parson that I had some issues with officers failing to respond promptly, but that coordination with an expert (Dr. Sparks Veasey) it was learned that the time delay would not have made any difference in this situation. I informed Ms. Parson's I was sorry for their loss, but that the investigation had not disclosed any criminal negligence and that her brother appears to have died as a result of his medication and the heat.

Ms. Parsons thanked me for calling her back and requested that she be informed once the investigation had been approved and forwarded to Huntsville, Texas.  I assured Ms. Parsons that I would keep her briefed and that if she had any questions to please contact me.

On November 2, 2001, I spoke with Ms. Parsons and explained that the report had been received and reviewed and was going to be sent out this date and should be in Huntsville, Texas, by the end of next week.

Ms. Parsons
Work # 254-881-1733
Home # 254-881-2189

IL-0840 (08/2001)                                                      Page 1 of 1

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



**Texas Department of Criminal Justice**
OFFICE OF THE INSPECTOR GENERAL
INVESTIGATIONS DIVISION

## BRIEFING MEMORANDUM

TO:   Mr. Ciro de la Vaga                          DATE:   March 6, 2002
      OIG Multi-Region Admin.
      Huntsville, Texas

THRU: Mr. Chris Stallings
      OIG Regional Manager, Region V
      Abilene, Texas

FROM: Inv. Terry Lambeth                           SUBJECT:   Death in Custody
      Allred Unit Investigator
      Office Of Inspector General


**VICTIM(S):**
Offender John CARDWELL, TDCJ-ID #1041651

**SUSPECT(S):**
REDDER, Frederick, Former Officer, Allred Unit

**DATE/TIME:**
August 4, 2001/6:03 P.M.

**STATUS:**
On March 6, 2002, this investigator was presented to the Wichita County Grand Jury.

**SYNOPSIS:**
On August 4, 2001, Investigator Terry LAMBETH, Office of the Inspector General, Allred Unit, was notified by Captain Ernest IVEY, Allred Unit, that Offender John CARDWELL's, TDCJ-ID #1041651, death at the 11th Street Campus of the United Regional Health Care Center, Coronary Care Unit, Room #8. During the investigation it was alleged that on July 16, 2001, that Officer Frederick REDDER failed to act when Officer Retha STEWART requested medical assistance and a supervisor. It was further alleged that Officer STEWART failed to take additional steps in getting medical help and a supervisor after Officer REDDER refused to act on her request.

On July 16, 2001, Offender CARDWELL was assigned to the seven (7) building, G-pod, cell #21, when Officer REDDER was assigned to the seven (7) building control picket. Officer Retha STEWART advised Officer REDDER that Offender CARDWELL was ill in his cell, and needed medical attention. Officer STEWART requested that Officer REDDER call for a supervisor twice,

AC-0075 (06/2001)                                                                                    Page 1 of 2

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
OIG-ID BRIEFING MEMORANDUM
MARCH 6, 2002

Subject: Death in Custody

both times, Officer REDDER failed to act. Officer STEWART failed to take any additional action to get a supervisor or medical assistance for Offender CARDWELL, until approximately 50 minutes later, after she and Officer REDDER switched positions and Officer REDDER while doing his count found Offender CARDWELL Lying on the floor unresponsive. Offender CARDWELL had to be transported to the 11th Street Campus of the United Regional Health Care Center for heat stroke. On August 4, 2001, at approximately 6:03 P.M. Offender CARDWELL was pronounced dead. All medical documentation from the inception of this incident until Offender CARDWELL's death was indicative of his condition being heat related, specifically heat stroke, and thermal injuries.

**Update:** provided by Inv. Smyth on March 6, 2002, 1:10 P.M.

Investigator Smyth was contacted as approximately 10:00 a.m., this date by SPU., Chief Investigator Mr. Royce Smithey and informed that the Wichita County Grand Jury had just returned a no bill, as relates to the death investigation of Offender Cardwell.  Inv. Smithey further related that the grand jury found that the staff's actions in the matter did not constitute criminal negligence.  Inv. Smithey related to Inv. Smyth that the grand jury did feel as though that officers should have better training in the area of recognizing/identifying offenders who were ill or in some sort of distress and in the future when an offender states that he or she is ill, that action should be more immediate.

Investigator Smyth spoke with Reg. V Regional Mgr. Stallings on the afternoon of March 5, 2002, as to the presentation of this case before the Wichita County Grand Jury this morning and was given approval for the distribution of this memorandum in his absence from the Reg. V Regional Office in Abilene.

OIG-25 (Rev 05/2001)

Page 2 of 2

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY INVESTIGATIVE ACTIVITIES:                    CASE #   01-1359TDCJ

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| 5/13/02 | NOTE:  Original case sent to Tommy Smyth, OIG investigator, by Lisa Truhlar (they are opening an administrative case on it) |
| 5/14/02 | Copy of offense report and autopsy report to Rick Doyle, OGC investigator. |
| | |
| 9-26-02 | Copy of case to Rick Doyle, O.G.C. |
| 10/17/02 | Copy of case to O.G.C. re: O.R. request from Gilbert Cardwell, father of offender Cardwell. |

AC-0105 (08/2001)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY INVESTIGATIVE ACTIVITIES:                  CASE #   01-1554 TDCJ

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| 03/06/2002<br><br>TK | On March 6, 2002, SPU, Ms. Gina DEBOTTIS, did present this investigation to the Wichita County Grand Jury did returned a NO BILL, as relates to the death investigation of Offender CARDWELL. The grand jury found that the staff's actions in this matter did not constitute criminal negligence. |
| 3/7/2002 TK | Case sent back to Region I Hqt. |
| 3-13-02 anH | Reviewed by Stalling – Case needs to be up dated |
| 3/15/02 | Case updated and returned. |
| 3-18-02 LH | Read. |
| 3/26/02 PK | closed |
| 5-3-02 CH | Original sent back to Tommy Smith |
| 6/20/02 TK | Original sent back to Case mgr. |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

AC-0105 (06/2001)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY INVESTIGATIVE ACTIVITIES:                    IAD Case # *01- 1359TDD*

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| | on this case & the time line. Dr. Veasey stated in this type of death it be hard, if not impossible to say that the officers failure to provide assistance would have made any difference. Based on this info, report is not being sent to Dr. Spencer, as Dr. Veasey is a in custody death expert. |
| 11/2/01 ces | Reviewed report, made minor corrections, printed, signed & forwarded to Records Section, w/ copy to SIU Debotte for presentation to Grand Jury. |
| 11-6-01 COD | Return To Invest To hold until indicted |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

IA-04 (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY INVESTIGATIVE ACTIVITIES:                    IAD Case # 01 - 1359 TDCJ

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| 9/26/01 TKL | On September 26, 2001 received the official findings of the autopsy performed by the Dallas County Medical Examiner's Office. The findings of the autopsy reflect the cause of death Heat Stroke. |
| Oct 1, 2001 TKL | Completed Case Investigation and started Case Draft. |
| Oct 5, 2001 TKL | Completed Case Draft and submitted investigation for review to Region I Team Chief Chris Stallings for review. |
| 10-15-01 CSS | Reviewed case file, returned to Inv. Lambeth to info correct errors. |
| 10/18/2001 | Reviewed Case file and returned to Region I for review. |
| 10/25/01 CSS | Reviewed case file, my mistake, missed some issues on 10-15-01, review. Discussed w/ Inv. Lambeth. Discussed case w/ Dr. Spencer/Veasey Lubbock County Medical Examiner's Office, he wants to review the report, he has the medical CSS |
| 11/1/01 TKL | Reviewed case file, and discussed case with Chief Stallings. Completed case for review and submitted case to Region I, Chief Chris Stallings for review. TKL |
| | Note: after talking to Dr. Spencer, Dr. Sparks Veasey contacted me; however, the case file had already gone out in the mail. I tried Dr. Veasey |

IA-04 (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY INVESTIGATIVE ACTIVITIES:                    IAD Case # *01-1359 TDCJ*

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| Aug 1 2001 | Allied Unit authorities conducted a disciplinary hearing against Officer Stuart for 5B² Reckless Endangerment. Officer Stuart was found guilty and she received (8) months probation. |
| Aug 18, 2001 | Interviewed Officers that were assigned to 7-G pod. Officer McCovey. # 786708 Officer Cassity # 573946 Officer Garcia # 64115 Officer McCullough # 821269 Officer |
| 9/26/01 | Interviewed Officers that were on the 2 building G-B.P. Sgt. Berger Sgt. Mark is not working at the allied list per statement she made to securities. Officer Morales Officer Rodriguez Officer Stewart Officer Tell Officer Krauss Officer Shilts |
| 9/26/01 | |
| | |
| | |

IA-04 (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY INVESTIGATIVE ACTIVITIES:                    IAD Case # 01-1359TDC

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| | Medical Department and spoke with Mrs. Newman RN. |
| | At 5:33 Security respond to Thullt unit a survey. |
| | At 5:45 pm Offd Cardwell was taken to Alling Infirmary. |
| | Offdr Cardwell Temperature was 106.8 at approximately 6:10 pm. Offic was transport to the United Regional Hospital Emergency Room. |
| | At 6:30 Offd Cardwell was admitted to the Hospital with a body Temperature of 108.5 |
| | Offic Cardwell was hospitalized in Critical Condition and remain in the Coronary Care Unit on life support unit his death the evening of August 4, 20. |
| Aug 1 | The Allied Unit Official conducted an employee discipline hearing on Offic Redden for possibly violating rule Number 5A- Reckless Endangerment of the Employee. General Rules of Conduct, Offic Redden was found guilty of rule 5A- Reckless Endangerment and on August 1 he was dismissed per PO22. |

IA-04 (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY INVESTIGATIVE ACTIVITIES:                    IAD Case # 01-1359 TDCJ

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| 8/4/2001 | Investigator Pamplin made copy's of all the medical documentation from the United Regional Health Care Center, CCU. |
| Aug. 6/2001 | Investigator Pamplin began to interview the security staff about the incident on July 16, 2001, with Officer Cardwell. Officer Cardwell was assigned to the C Dorm Unit on July 16, 2001 from the Palmer Unit. Officer Cardwell was assigned to the 7-Building G-Pod #21 at 4:35 p.m. At 4:45 p.m. Ofcr Stewart advised Ofcr Feddor. on two occasions over the intercom that Offender Cardwell was sick. At 4:46 Ofcr Stewart told Ofcr Feddor which was in the picket was over head by Offender in the dayroom. "Fuck him if he dies he dies" put him in the cell. Ofcr Feddor denied those allegation. At 5:25 p.m. Ofcr Stewart Completed the head count. At 5:30 p.m. Ofcr Feddor and Ofcr Stewart switched duty post did Ofcr Feddor begin his count when he arrive at 7G Cell #21 he notice Offender Cardwell unresponsive, Ofcr Feddor instructs Ofcr Stewart to call the sergeant and Officer to call Morales to contact the |

IA-04 (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SUMMARY
INVESTIGATIVE ACTIVITIES:        CASE#    **01-1359TDCJ**

| DATE & INITIAL | ACTIONS/COMMENTS |
|---|---|
| **08-06-2001** **JLT** | Case opened per CASB - Forwarded to CIOB. |
| CHS | Assigned to Region V, Priority C . |
| | Case assigned to Investigator _____ |
| 8·13-01 | *Assigned to Lambeth·* |
| 8/14/01 | *R. Rea Case.* |
| 08/4/2001 | *Investigation was open on the death of Offender Cardwell assigned to the Allred Unit. Offender Cardwell went into cardiac arrest on August 4, 2001 in ccu #8 of the 11th street Campus of the United Regional Health Care Center in Wichita Falls, TX* |
| | *Investigator Bartlett was notified of Offender Cardwell's death on August 4, 2001. Investigator Bartlett arrived at the United Regional Coronary Care Unit and initiated his investigation by examination of the body there was no sign of trauma. (8) Polaroid Photographs depicting the position of Offender Cardwell's body. Investigator Bartlett briefed Wichita County Medical Examiner Mr. Brady Smith on the circumstances surrounding Offender Cardwell's death. Offender Cardwell was pronounced dead at 6:03 pm. Offender Cardwell was sent to the Lubbock County Medical Examiner's Office for Autopsy.* |

IA-04 (Rev. 08/90)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



**Texas Department of Criminal Justice**
OFFICE OF THE INSPECTOR GENERAL
INVESTIGATIONS DIVISION

## OFFENSE/INVESTIGATIVE REPORT

| OFFENSE: | | | CLASSIFICATION: | | CASE #: |
|---|---|---|---|---|---|
| CCP 49.18 DEATH IN CUSTODY | | | | | 01-1359 TDCJ |

| LOCATION OCCURRED: | COUNTY IN WHICH OFFENSE OCCURRED: | TYPE OF PREMISES: |
|---|---|---|
| 11TH STREET CAMPUS UNITED REGIONAL HOSPITAL | WICHITA | HOSPITAL |

| DATE: | TIME: | DAY: | DATE REPORTED: | TIME REPORTED: | INVESTIGATED BY: |
|---|---|---|---|---|---|
| 08/04/2001 | 5:50 p.m | MONDAY | 07016/2001 | N/A | TERRY LAMBETH |

| PERSON REPORTING OFFENSE: | ADDRESS: |
|---|---|
| CAPTAIN ERNEST IVEY, SS#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 | 2101 FM 369 NORTH, IOWA PARK, TEXAS 76367 |

| BUSINESS PHONE: | RESIDENCE PHONE: |
|---|---|
| (940) 855-7477 | N/A |

| VICTIM #1 NAME: (LAST, First, MI) | ADDRESS: |
|---|---|
| | |

| IDENTIFICATION #: | BUSINESS PHONE: | RESIDENCE PHONE: |
|---|---|---|
| | | |

| OCCUPATION | RACE: | SEX: | DOB: | EMPLOYED BY: |
|---|---|---|---|---|
| | | | | |

| VICTIM #2 NAME: (LAST, First, MI) | ADDRESS: |
|---|---|
| | |

| IDENTIFICATION #: | BUSINESS PHONE: | RESIDENCE PHONE: |
|---|---|---|
| | | |

| OCCUPATION | RACE: | SEX: | DOB: | EMPLOYED BY: |
|---|---|---|---|---|
| | | | | |

| SUBJECT #1 NAME: (LAST, First, MI) | ADDRESS: |
|---|---|
| CARDWELL, JOHN W. | 2101 FM 369 NORTH, IOWA PARK, TEXAS 76367 |

| SEX: | RACE: | DOB: | HEIGHT: | WEIGHT: | BUILD: | HAIR: | EYES: | COMPLEXION: | IDENTIFICATION #: |
|---|---|---|---|---|---|---|---|---|---|
| M | W | 09/01/61 | 5-5 | 213 | LARGE | BRN | HZL | RUDDY | 1041651 |

| TDCJ EMPLOYEE? | EMPLOYEE JOB TITLE: | EMPLOYEE JOB LOCATION |
|---|---|---|
| ☐ Yes ☒ No | | |

| TDCJ OFFENDER? | PAROLEE? | SUBJECT #1 ADDITIONAL INFORMATION: |
|---|---|---|
| ☒ Yes ☐ No | ☐ Yes ☒ No | DPS #3055666   FBI #872240FA6   SS ████ |

| SUBJECT #2 NAME: (LAST, First, MI) | ADDRESS: |
|---|---|
| | |

| SEX: | RACE: | DOB: | HEIGHT: | WEIGHT: | BUILD: | HAIR: | EYES: | COMPLEXION: | IDENTIFICATION #: |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| TDCJ EMPLOYEE? | EMPLOYEE JOB TITLE: | EMPLOYEE JOB LOCATION |
|---|---|---|
| ☐ Yes ☐ No | | |

| TDCJ OFFENDER? | PAROLEE? | SUBJECT #2 ADDITIONAL INFORMATION: |
|---|---|---|
| ☐ Yes ☐ No | ☐ Yes ☐ No | |

| DRUG RELATED? | TYPE: | AMOUNT: |
|---|---|---|
| ☐ Yes ☒ No | | |

| BOOKED? | LOCATION: | BOND: | PROPERTY SIEZED/CONFISCATED? | IF YES, DESCRIBE: |
|---|---|---|---|---|
| ☐ Yes ☒ No | | | ☐ Yes ☒ No | |

**SUMMARY:**
ON AUGUST 4, 2001, OFFENDER CARDWELL WENT INTO CARDIAC ARREST AND SUBSEQUENT EFFORTS TO RESUSCITATE OFFENDER CARDWELL WERE OF NO AVAIL. OFFENDER CARDWELL HAD BEEN HOSPITALIZES IN THE UNITED REGIONAL HOSPITAL SINCE JULY 16, 2001, AFTER BEING FOUND UNRESPONSIVE IN HIS CELL. ON AUGUST 4, 2001, OFFENDER CARDWELL WAS PRONOUNCED DEAD AT 6:03 P.M. OFFENDER CARDWELL'S BODY WAS SENT TO LUBBOCK COUNTY CORONERS OFFICE FOR THE AUTOPSY.

| REGIONAL CHIEF INITIAL | *Cca* | INVESTIGATOR'S SIGNATURE / DATE | *T. Lambeth, 10-31-01* |
|---|---|---|---|
| SECTION CHIEF INITIAL | *for Ccm* | APPROVING AUTHORITY SIGNATURE / DATE | *for Chris H. Stella, 11-2-01* |

CC-0240 (06/2001)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



**Texas Department of Criminal Justice**
OFFICE OF THE INSPECTOR GENERAL
INVESTIGATIONS DIVISION

**SUPPLEMENT OFFENSE REPORT**

| OFFENSE<br>CCP 49.18 Death In Custody | CASE #:<br>01-1359TDCJ |
|---|---|
| LOCATION:<br>11th Street Campus United Regional Hospital,<br>Coronary Care Unit, #8 | DATE OF OFFENSE:<br>August 4, 2001 |
| VICTIM:<br>CARDWELL, John W. TDCJ-ID #1041651 | DATE OF SUPPLEMENT REPORT:<br>October 31, 2001 |

**CASE NARRATIVE:**

On August 4, 2001, at approximately 6:22 P.M., Investigator Terry LAMBETH, SS # ████ Officer of the Inspector General, Allred Unit, was notified by Captain Ernest IVEY, SS ████, Allred Unit, of Offender CARDWELL's death at the 11th Street Campus of the United Regional Health Care Center, Coronary Care Unit, Room #8.

On July 16, 2001, Officer Frederick REDDER, SS# ████, was working in the control picket at 7-Building, G-Pod, and Officer Retha STEWART, SS# ████ was the floor officer, in 7-Building, G Pod. At approximately 4:45 P.M.-4:46 P.M., Officer STEWART, while making her rounds and conducting count, observed that Offender CARDWELL, who was assigned to cell 21, was ill. Officer STEWART checked Offender CARDWELL, and discovered that he was very hot. Between 4:45 P.M. – 4:56 P.M., Officer STEWART contacted Officer REDDER by intercom informing him that Offender CARDWELL was ill, and requested a supervisor be notified. Officer REDDER stated either "So" or "Fuck him, if he dies, he dies." Between 4:56 P.M. – 4:59 P.M., Officer STEWART continued performing count, and contacted Officer REDDER second time to request a supervisor. At approximately 5:10 P.M., Officer STEWART went to the 7-Building Desk, and told Officer Priscilla MORALES, SS # ████ to have Sergeant Felicia MARCH, SS # ████ to respond to 7 Building, G-Pod. Officer MORALES contacted Sergeant MARCH, and inform her of the situation. At approximately 5:25 P.M., Officer STEWART and Officer REDDER switched duty post, and Officer REDDER began his count. When Officer REDDER arrived at Offender CARDWELL's cell he noticed that Offender CARDWELL was unresponsive. Officer REDDER requested that Officer STEWART notify the Sergeant Desk, and request assistance. Between 5:25 P.M.- 5:30 P.M., Officer STEWARD contacted Officer MORALES who in turn contacted Mrs. Amy NEWMAN, SS# ████, a Registered Nurse, and briefed her. Ms. NEWMAN instructed Officer MORALES to have someone place Offender CARDWELL on the stretcher and bring him over to medical because she stated she was the only nurse on duty.

| INVESTIGATING OFFICER(S) | IS FURTHER<br>ACTION REQUIRED? | STATUS OF CASE | CASE DISPOSITION |
|---|---|---|---|
| (1) _[signature]_ | ___ YES   ✓ NO | ✓ Cleared<br><br>___ Not Cleared<br><br>___ Unfounded | ___ Complainant Refused<br>      to Prosecute<br>___ Case Presented and<br>      Prosecution Refused<br>___ Pending Prosecution |
| (2) _____ | | | |
| APPROVING SUPERVISOR | | | |

CC-0260 (08/2001)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TDCJ-OIG-ID SUPPLEMENT OFFENSE REPORT
CASE #: 01-1359TDCJ

At approximately 5:30 P.M., Officer MORALES called Officer STEWART, and inquired as to whether Offender CARDWELL was breathing. Officer STEWART requested additional help because Offender CARDWELL was too heavy to lift. Officer MORALES sent two support staff to assist in the transport of Offender CARDWELL. Offender CARDWELL was brought out of the pod on the stretcher, and placed on the floor in front of seven (7) desks due to the stretcher was ripping through. Sergeant March arrived, and approximately 5:33 P.M., security staff arrived with a gurney. At approximately 5:43 P.M., Offender CARDWELL was taken from 7-Building to the Allred Unit Infirmary. At approximately 6:10 P.M., Offender CARDWELL arrived in the Unit Infirmary, with a body temperature of 106.9 degrees. Offender CARDWELL was packed in ice and an IV was started. Due to Offender CARDWELL's condition it was determined he would be transported to the 11th Street United Regional Hospital in Wichita Falls, Texas. At approximately 6:20 P.M., Offender CARDWELL was admitted to the 11th Street Hospital, at which time his body temperature was 108.5 degrees. Offender CARDWELL remained in the hospital in critical condition in the Coronary Care Unit on life support until his death on August 4, 2001.

The following is a time of events based on the review of the unit report, the OIG investigation, and the medical records of Offender CARDWELL.

| **DATE** | **TIME** | **ACTIVITY** |
|----------|----------|--------------|
| 7-16-01 | 4:30 P.M. | Arrived 7 Building, assigned to cell 21. |
| 7-16-01 | 4:35 P.M. | Officer STEWART found offender in shower, tried to calm him down. |
| 7-16-01 | 4:45 P.M. | Officer STEWART proceeded to the picket and informed Officer REDDER that she needed Sergeant MARCH because of Offender CARDWELL's condition. Officer REDDER responded, according to Officer STEWART with "So", but the offenders state that Officer REDDER's comment was, "Fuck him, if he dies, he dies." |
| 7-16-01 | 4:46 P.M. | Officer STEWART returned to the section and checked Offender CARDWELL and discovered that he was very hot. |
| 7-16-01 | 4:56 P.M. | Officer STEWART went back to the picket and again requested Officer REDDER call for the Sergeant. |
| 7-16-01 | 4:59 P.M. | Officer STEWART went back to the section and checked on Offender CARDWELL again. |
| 7-16-01 | 5:10 P.M. | Officer STEWART started her count. |

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TDCJ-OIG-ID SUPPLEMENT OFFENSE REPORT
CASE #: 01-1359TDCJ

| | | |
|---|---|---|
| 7-16-01 | 5:25 P.M. | Officer STEWART and Officer REDDER switched duty post and Officer REDDER started his count. Upon arriving at Offender CARDWELL's cell he observed Offender CARDWELL to be unresponsive. Officer REDDER instructed Officer STEWART to notify the Desk Officer, Officer MORALES, and request medical assistance. |
| 7-16-01 | 5:30 P.M. | Officer MORALES called Officer STEWART to ask if Offender CARDWELL was breathing. |
| 7-16-01 | 5:33 P.M. | Security arrived at the unit with a gurney. |
| 7-16-01 | 5:43 P.M. | Offender CARDWELL was taken to the Unit Infirmary. |
| 7-16-01 | 6:05 P.M. | Offender arrived at medical, hot and dry to touch, pupils fixed and dilated, cyanosis of the next and head, respirations labored, Body temperature of 106.9 degrees, unresponsive to stimuli. IV's started and offender packed in ice. |
| 7-16-01 | 6:20 P.M. | Offender arrived at hospital, body core temperature at 108.5 degrees. |
| 7-16-01 | 8:40 P.M. | Admitted to hospital in critical condition on life support. |
| 8-4-01 | 6:03 P.M. | Pronounced dead by Doctor at hospital |

On August 4, 2001, at approximately 5:50 P.M., Offender CARDWELL went into Cardiac Arrest, and attending medical staff immediately administered (CPR) Cardio Pulmonary Resuscitation; however, efforts to resuscitate Offender CARDWELL were of no avail.

On August 4, 2001, at approximately 6:30 P.M., Investigator LAMBETH and Investigator Tommy SMYTH, from the Office of the Inspector General, Allred Unit, arrived at the 11th Street Campus United Regional Health Care Center, Coronary Care Unit, Room #8, and initiated the investigation of the incident and examination of the body, and found no signs of trauma. Investigator LAMBETH took eight (8) polaroid photographs depicting the position of Offender CARDWELL's body in the bed. At approximately 7:10 P.M., Investigator LAMBETH briefed Wichita County Medical Examiner, Mr. Grady SMITH on the circumstances surrounding Offender CARDWELL's death. Mr. SMITH was of the opinion that Offender CARDWELL's death did necessitate an autopsy. Investigator LAMBETH informed Mr. SMITH that Dr. Phillip CHAPPA had pronounced Offender CARDWELL's death at approximately 6:03 P.M. Offender CARDWELL's next of kin did wish to claim responsibility for his body. Investigator Marvin HORTON was contacted in reference to making the necessary arrangements with the Lubbock County Medical Examiner's Office for an autopsy.

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

All medical documentation from the inception of this incident until Offender CARDWELL's death was indicative of his condition being heat related, specifically heat stroke, and thermal injuries. Pre-arrest diagnosis specifically indicates "Heat Stroke- Multi System Failure." Investigation disclosed that Offender CARDWELL was currently prescribed two Psychotropic Medications, specifically Risperidone and Nortriptyline, when he arrived at the Allred Unit on July 16, 2001.

On September 26, 2001, Investigator LAMBETH received the autopsy report. The report reflected on August 6, 2001, Dr. Robert E. LYON, Lubbock County Medical Examiner's Office, performed an autopsy on Offender CARDWELL. Dr. LYON concluded the cause of death was heat stroke. Dr. LYON cited that the narcoleptic medication (Resperidone) that Offender CARDWELL was prescribed was a contributing factor. Dr. LYON reflected that the manner of death was to be determined by the Justice of the Peace. Dr. LYON's report cited the National Weather Service as reflecting the temperature for Wichita Falls on July 16, 2001, at 5:00 P.M., as being 103 degrees.

Based on all available information, Offender John Wesley CARDWELL died from heat stroke. Narcoleptic medications suppress central heat loss mechanisms and contributed to the heat stroke. Therefore the narcoleptic medication administered for mental depression was a contributing cause of death.

On August 7, 2001, Investigator LAMBETH discussed this investigation with Special Prosecutor, Ms. Gina DEBOTTIS, at which time she accepted to review this investigation, and present this investigation to the Wichita County Grand Jury for prosecution.

On October 25, 2001, Mr. Chris H. STALLINGS, Chief, Region V, Office of Inspector General, contacted Dr. Sparks VEASEY, a Forensic Pathologist, who is considered to be a expert on death in custody cases. Mr. STALLINGS briefed Dr. VEASEY on the circumstances of the case and the fact that once it was determined Offender CARDWELL was sick it was approximately 90 minutes before staff requested assistance. Dr. VEASEY stated that in this type of death, one in which the offender was on psychotropic medication coupled in with the outside temperature, the time delay would not have made any difference.

## CRIME SCENE EXAMINATION:

A. **Characteristics of Scene:** A standard Coronary Care Unit, containing a hospital bed and other medical equipment.

B. **Condition of Scene:** Clean hospital room at the 11th Street Campus of the United Regional Health Care Center in Wichita Falls, Texas.

C. **Environmental Conditions:** A check with the National Weather Service recorded a temperature of 104 F at approximately 5:00 P.M. on July 16, 2001. A review of the Allred Unit Records disclosed that the air temperature reading that are taken hourly at the unit.
   - At 10:00 A.M., 94-degrees, Relative Humidity-44, Apparent Temperature-101 degrees.

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

- At 11:00 A.M., 99-degrees, Relative Humidity-39, Apparent Tempererature-110 degrees.
- At 12:00 P.M., 102-degrees, Relative Humidity-37, Apparent Tempererature-110 degrees.
- At 1:00 P.M., 106-degrees, Relative Humidity-33, Apparent Tempererature-118 degrees.
- At 2:00 P.M., 108-degrees, Relative Humidity-31, Apparent Tempererature-123 degrees.
- At 3:00 P.M., 109-degrees, Relative Humidity-28, Apparent Tempererature-123 degrees.
- At 4:00 P.M., 110-degrees, Relative Humidity-25, Apparent Tempererature-123 degrees.
- At 5:00 P.M., 109-degrees, Relative Humidity-24, Apparent Tempererature-118 degrees.
- At 6:00 P.M., 108-degrees, Relative Humidity-24, Apparent Tempererature-118 degrees.

D. **Factors Pertinent to Entry and Exit:** N/A

E. **Scene Documentation:** Photographs taken in the room, depicting the position of Offender CARDWELL's body.

F. **Collection of Crime Scene Evidence:** None

G. **Search for Latent Impressions:** N/A

**VICTIM(S) STATEMENT:**
NONE

**SUSPECT(S) STATEMENT:**
NONE

**WITNESSES:**
**BERGER, Larry, SS# Lieutenant, Allred Unit:** Lieutenant BERGER can testify that he was notified by Sergeant MARCH that she had an unresponsive offender in seven (7) Building. Lieutenant BERGER stated that he was advised that Offender CARDWELL was loaded on a stretcher, and being transported to medical. Lieutenant BERGER stated that he arrived at the Allred Unit Infirmary, and there were four (4) medical personal sitting at the desk. Lieutenant BERGER stated that he knew two of the medical personal, NEWMAN, LVN, and SHERMAN, the other two medical personal he did not pay attention to. Lieutenant BERGER stated that Ms. NEWMAN stated to him, "are you here to get a gurney." Lieutenant BERGER stated that he advised Ms. NEWMAN that there was an unresponsive offender in 7 Building. Lieutenant BERGER stated that Ms. NEWMAN replied, "I'm not going down there." Lieutenant BERGER stated that Ms. NEWMAN did walk with him to get the gurney. Lieutenant

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

BERGER stated that he advised Ms. NEWMAN that he was not here to get the gurney, but when it became obvious that no one was going. Lieutenant BERGER retrieved the gurney, and proceeded towards the front of medical where he spoke with Ms. Nesa SHERMAN, (LVN), SS █████████ Lieutenant BERGER stated, "Ms. SHERMAN wanted to know if the offender was faking it." Lieutenant BERGER stated that he advised Ms. SHERMAN that he did not know.

Lieutenant BERGER stated that Ms. SHERMAN advised him that she would go with him, and they started out the door, and into the lobby, and exited the medical building. Lieutenant BERGER stated that Ms. SHERMAN asked him if he was going down to 7 Building with the gurney, and he advised that he was, and Ms. SHERMAN stated that she would wait at the infirmary. Lieutenant BERGER stated that Officer Darlene MERKLIN, SS # ██████████ walked up at that time, and he responded to 7 Building with Lieutenant BERGER. Lieutenant BERGER stated when he arrived at 7 Building he observed Offender CARDWELL on the floor on a green stretcher that was broken. Lieutenant BERGER stated that Offender CARDWELL was placed on the gurney and then wheeled to infirmary. Lieutenant BERGER stated that Ms. NEWMAN (LVN), and Ms. SHERMAN (LVN), and Dr. Laurel WIPPERMANN, formerly assigned to the Allred Unit, screened Offender CARDWELL. Lieutenant BERGER stated that Offender CARDWELL had a temperature of 106.9 degrees at 6:05 P.M.; he was packed in ice, an IV was started and oxygen. Lieutenant BERGER stated that there was an ambulance on the unit to transport an offender with a stomach pain, he spoke with the ambulance personal and advised that there was an offender who had a very high temperature, and he was priority. Lieutenant BERGER stated that Offender CARDWELL was placed in the ambulance and transported to the 11th Street Campus of the United Regional Health Care Center.

**MARCH, Felicia, SS#** ███████████ **Sergeant, Allred Unit:** Sergeant MARCH gave a written statement to the Allred Unit Incident Investigation, reflecting the following. On July 16, 2001 at approximately 5:55 P.M., Officer MORALES notified Sergeant MARCH that an offender in seven (7)-Building, G-Pod, and unresponsive but breathing, and unit medical had been notified. Sergeant MARCH ordered the offender to be placed on a stretcher and transported to infirmary. Sergeant MARCH stated that the stretcher fabric ripped on one side, and she ordered Officer MERKLIN to get a gurney from the infirmary. Sergeant MARCH stated that Lieutenant BERGER, and Officer MERKLIN came back with the gurney. Offender CARDWELL was placed on the gurney, and transported to Allred Medical Infirmary. Sergeant MARCH stated that later she escorted Offender CARDWELL to the 11th Street United Regional Hospital ER. A copy of Sergeant MARCH's IOC is attached to this OIG Investigation.

Sergeant MARCH was transferred to Boyd Unit. Attempts were made to contact Sergeant MARCH, by calling the unit on two occasions. Sergeant MARCH was out for Workers Compensation.

**McMILLAR, Stanley, SS#** ███████████ **Sergeant, Allred Unit:** Sergeant McMILLAR can testify that Offender CARDWELL was pronounced dead at 6:03 P.M., at the 11th Street Campus of the United Regional Health Care Center, CCU, Room #8, on August 8, 2001.

**MORALES, Priscilla, SS #** ██████████ **, COIII, Allred Unit:** Officer MORALES can testify that she was assigned to seven (7)-Building Desk on July 16, 2001. Officer MORALES stated that Officer STEWART informed her by phone that an offender was ill, and the offender might

OIG-ID-02CS (05/03/1999)

TDCJ-OIG-ID SUPPLEMENT OFFENSE REPORT
CASE #: 01-1359TDCJ

need medical attention. Officer MORALES stated that she informed medical of the situation, and was checking with Officer STEWART on the physical status of the offender. Officer MORALES stated that she informed Sergeant MARCH of the situation, and that she would call Sergeant MARCH back with more information. Officer MORALES stated that she called G-Pod, and Officer STEWART informed her that the offender was breathing, but not responding. Officer MORALES stated that she called medical back and informed Ms. NEWMAN (LVN) of the situation. Officer MORALES stated that Ms. NEWMAN instructed her to have the officers place the offender on a stretcher, and bring him to infirmary, due to the fact she was the only charge nurse on duty. Officer MORALES stated that she sent Officer SHULTZ to G-Pod with the stretcher, and Officer STEWART called back, and requested additional help because the offender was to heavy to be picked up. Officer MORALES stated that due to the seriousness of the situation, Officer MORALES sent two SSI's (support staff) to assist. Officer MORALES stated that the offender was brought out of G-pod on a stretcher, and placed the on the floor in front of the 7 Building Desk, due to the stretcher ripping and being unsafe. Officer MORALES stated that Sergeant MARCH arrived, and sent for a rolling gurney, then a few minutes later Lieutenant BERGER arrived, and the offender was placed on the gurney, and escorted to Allred Unit Infirmary.

**REDDER, Frederick, SS-**███████████ **Former Officer, Allred Unit:** Attempts were made to contact Mr. REDDER by calling, and going by his residence; however, he has not contacted this office. On July 16, 2001, Mr. REDDER rendered an IOC. A copy of the statement that Mr. REDDER made to the Allred Unit Officials is attached to this OIG Investigation.

On July 16, 2001, approximately 4:30 P.M., Offender CARWELL was assigned to 7 Building, G-Pod, Cell #21. Officer REDDER stated that at the time Offender CARDWELL came in to the pod, Officer STEWART went to three row so the offender could put his mattress and pillow into his cell. Officer REDDER stated that Offender CARDWELL was walking up and down three row walkway. Officer REDDER stated that at approximately 4:40 P.M., Officer STEWART came down to the D-space, and notified him that she needed a Sergeant to responded to the pod, because Offender CARDWELL refused housing. Officer REDDER stated that he told Officer STEWART to try to get him into his cell again. Officer REDDER stated that at no time did Officer STEWART notify him that she needed medical. Officer REDDER stated that he did not call for a supervisor. At approximately 4:45 P.M., Officer STEWART went back to three row, and talked to Offender CARDWELL, and he went into his cell and closed the cell door. At approximately 4:50 P.M., Officer STEWART walked to the 7 Building Desk, and came back into the D-space. Officer REDDER stated that he thought the problem was resolved. At approximately 5:35 P.M., Officer STEWART started her count in one section. At approximately 5:35 P.M., Officer REDDER started his count in one section on three row. When he got to cell #21 he found Offender CARDWELL lying on the floor, and not responding to his calls. At approximately 5:40 P.M., Officer REDDER requested Officer STEWART call for a supervisor. Officer REDDER stated that Officer SHULTS and Officer TOLL arrived on the pod with a cloth gurney to carry Offender CARDWELL off the pod. Officer REDDER stated that due to the offender's weight, he informed Officer STEWART that he needed more help. Officer REDDER stated that four SSI's showed up and helped place Offender CARDWELL on the gurney. At approximately 6:00 P.M., Officer REDDER helped transport Offender CARDWELL to the Allred Unit Infirmary.

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TDCJ-OIG-ID SUPPLEMENT OFFENSE REPORT
CASE #: 01-1359TDCJ                                                                PAGE 8 of 12

On August 1, 2001, the Allred Unit Officials conducted an employee disciplinary hearing on
Officer Frederick REDDER; SS# ▮▮▮▮▮▮▮, for violating Rule 5, Reckless Endangerment.
Officer REDDER was found guilty and on August 1, 2001, Officer REDDER was dismissed per
PD-22 guidelines.

**STEWART, Retha, SS#**▮▮▮▮▮▮▮▮▮**COIV, Allred Unit:** Officer STEWART can testify that
Offender CARDWELL was assigned to the 7 Building, G-pod, and housed in cell #21-B at
approximately 4:30 P.M., on July 16, 2001. Officer STEWART stated that Offender
CARDWELL was acting scared and sitting in the shower taking his shoes off. The offenders in 7
Building, G-Pod were telling him that he would be all right. Officer STEWART stated that she
spoke to Offender CARDWELL, and he would ramble. Officer STEWART stated that she went
to the picket (because she could hardly hear over the speakers in the pod). Officer STEWART
stated that she told Officer REDDER to call Sergeant MARCH because something was wrong
with Offender CARDWELL. Officer STEWART stated, " Officer REDDER's response was,
SO". Officer STEWART stated that she went back to the shower to talk to him; Offender
CARDWELL appeared to be shaky. Officer STEWART stated that Offender LASSITER
escorted Offender CARDWELL out of the shower, and back to his assigned cell. Officer
STEWART stated that Offender LASSITER told her that Offender CARDWELL was burning
up. Officer STEWART stated that Offender LASSITER asked her to touch Offender
CARDWELL's arm, and he was very hot. Officer STEWART stated that she advised Officer
REDDER again to call for Sergeant MARCH, and he advised her to rack him up and start count.
Officer STEWART stated that she told Officer REDDER that it was 5:15 P.M., and Officer
REDDER's comment was "close enough for me." Officer STEWART stated that she went back
to Offender CARDWELL, and he was walking around like he might not know where he was.
Officer STEWART stated that she thought he might be a psych patient, and needing some
medicine. Officer STEWART stated that with the assistance of other offenders she racked got
him into his cell, and proceeded with the count. Officer STEWART stated that she counted all
three sections and took her count sheet down front to Officer MORALES. Officer STEWART
stated that she got the attention of Officer MORALES, and told Officer MORALES to tell
Sergeant MARCH that she needed to talk to her. Officer STEWART stated that she went into 7
Building, G-pod control picket, and Officer REDDER went to the pod and began his roster
count. Officer STEWART stated that when Officer REDDER made it to Offender
CARDWELL's cell, Officer REDDER motioned for her to call rank. Officer STEWART stated
that Officer REDDER found Offender CARDWELL unresponsive in his cell. Officer
STEWART called to 7 Building Desk, and requested Officer MORALES call medical because
Offender CARDWELL was unresponsive. Officer STEWART stated that Officer MORALES
called back and asked if the offender was breathing, she told Officer MORALES that the
offender was breathing, but not responding. Officer STEWART stated that the desk sent officers
and offenders with a gurney to transport Offender CARDWELL to medical.

On August 1, 2001, Allred Unit Authorities conducted disciplinary action against Officer Retha
STEWART, SS#▮▮▮▮▮▮▮. Officer STEWART was found guilty of violating Rule 5,
Reckless Endangerment, and on August 1, 2001, received eight months probation. Officer
REDDER was found guilty and on August 1, 2001, Officer REDDER was dismissed per PD-22
guidelines.

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

**SHULTZ, Randy, SS#_____, COIII, Allred Unit:** Officer SHULTZ can testify that Officer MORALES instructed him to get the medical gurney and response to seven 7 Building, G-pod, 21-cell. Officer SHULTZ stated that help load Offender CARDWELL on the gurney, and helped transport Offender CARDWELL to the 7 Building Desk until the gurney ripped. Officer SHULTZ stated that Sergeant MARCH handed him the video camera and he recorded Offender CARDWELL being escorted to the infirmary and ambulance.

**RODRIGUEZ, Nicholas, SS#_____ COIV, and Allred Unit:** Officer RODRIGUEZ can testify that on July 16, 2001.

- At approximately 9:00 A.M., the chain bus arrived from Robertson Unit.
- At approximately 9:00 A.M., Offender CARDWELL had no complaints.
- At approximately 10:45 A.M., Officer RODRIGUEZ escorted the offenders to the dining hall and fed them.
- At approximately 11:15 A.M., the offenders were escorted to the multi-purpose room to inventory their property.
- At approximately 3:30 P.M., the offenders were housed in 7 Building, G-pod, and at that time Offender CARDWELL did not complain of any heat problems.

**TOLL, Ruthie, SS#_____ COIII, Allred Unit:** Officer TOLL can testify that she assisted putting Offender CARDWELL on the gurney, and assisted in getting the offender out of 7 Building, G-Pod, and then went back to work.

**NEWMAN, AMY, SS#_____ Registered Nurse, Allred Unit Infirmary:** Ms. NEWMAN can testify that on July 16, 2001, she was acting charge nurse on the 3-11 shift. At approximately 5:50 P.M., she received a call from 7 Building staff that there was an offender passed out and was unresponsive. Ms. NEWMAN stated that she instructed the officer to get the offender on a gurney and transport the offender to medical because she was the only Registered Nurse on duty in medical. Ms. NEWMAN stated that Ms. SHERMAN had returned to medical from her assigned duties, at which time she was notified of an offender coming to medical from 7 Building that was unresponsive. Ms. NEWMAN stated that she directly received another call from seven 7 Building informing them that the gurney was unsafe and someone was coming to get a stretcher. Ms. NEWMAN stated that Lieutenant BERGER entered the clinic, and she asked Lieutenant BERGER if he was there to pick up the stretcher, and he stated, "I guess I am." Ms. NEWMAN stated that Lieutenant BERGER walked out of the medical building with Ms. SHERMAN and the gurney. Ms. NEWMAN stated that the offender was brought into the ER at 6:05 P.M., and Ms. SHERMAN began treatment with Dr. WIPPERMANN. Ms. NEWMAN stated that the offender was extremely hot to touch, dry, cyanosis to the neck and face, labored respirations, pupils fixed, and dilated, and the offender was unresponsive. Ms. NEWMAN stated that the offender was started on O2 via mask, temperature 106.9 degrees, IV access was obtained and IV fluids initiated. Offender CARDWELL was packed in ice, and at 6:25 P.M. Offender CARDWELL was transported to the 11th Street Campus of the United Regional ER in critical condition.

**WIPPERMANN, Laurel, Former Physician, Allred Unit:** Dr. WIPPERMANN was a temporary physician at the Allred Unit Infirmary, and is no longer living or working Wichita

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Falls, Texas. Attempts were made to contact Dr. WIPPERMANN but she did not leave a forwarding address. Dr. WIPPERMANN did give a statement to Allred Unit Investigation. On July 16, 2001, Offender CARDWELL was brought to the Allred Infirmary ER at 6:05 P.M., his temperature was 106.9 degrees, and he was unresponsive and in critical condition. Offender CARDWELL was transported to the 11th Street Campus of the United Regional ER.

**SHERMAN, NESA, SS #**▮▮▮▮▮▮▮ **Former LVN, Allred Unit:** Ms. SHERMAN was unable to be interviewed due to the fact that she voluntary resigned her duties at the Allred Unit Infirmary on August 8, 2001. Ms. SHERMAN was not under any investigation or disciplinary at the time of her voluntary resignation.

**ROJAS, Roland, TDCJ-ID #859646, Offender, Allred Unit:** Offender ROJAS can testify that he helped escort Offender CARDWELL to his section, and that Offender CARDWELL stated to him that he did not feel good. Offender ROJAS stated that he informed Officer MORALES that Offender CARDWELL was not feeling good and looked sick. Offender ROJAS stated that Officer MORALES stated to him "so" and told him to get out of her face. Offender ROJAS stated that he left, because he did not want any trouble.

**McCOWAN, J.W., TDCJ-ID #786708, Offender, Allred Unit:** Offender McCOWAN can testify that Offender CARDWELL did not feel good in 7 Building, G-pod, on July 16, 2001, and Officer STEWART informed Officer REDDER, the picket officer, that Offender CARDWELL was sick. Offender McCOWAN can testify that Officer REDDER replied, "Fuck him, if he dies, he dies."

**LASSITER, Christopher, TDCJ-ID #573946, Offender, Allred Unit:** Offender LASSITER can testify that Offender CARDWELL did not feel good when he first arrived in 7 Building, G-pod, on July 16, 2001. Offender LASSITER stated that he shook hands with Offender CARDWELL, and noticed that he was very hot. Offender LASSITER stated that he informed Officer STEWART that Offender CARDWELL was sick. Offender LASSITER stated that he heard Officer STEWART tell Officer REDDER that Offender CARDWELL was sick.

**GARCIA CENICEROS, Egenio, TDCJ-ID #641115, Offender, Allred Unit:** Offender GARCIA can testify that Offender CARDWELL did not feel good when he arrived in 7 Building, G-pod, on July 16, 2001. Offender GARCIA stated that Officer STEWART informed Officer REDDER that Offender CARDWELL was sick. Offender McCOWAN can testify that Officer REDDER replied, "Fuck him, if he dies, he dies." Offender GARCIA stated that he was one of the SSI's that help put Offender CARDWELL on the gurney.

**McCOLLOCH, Lavrence, TDCJ-ID #821769, Offender, Allred Unit:** Offender McCOLLOCH can testify that Offender CARDWELL was running a high temperature and that Officer REDDER didn't care if the offender died. Offender McCOLLOCH stated that Officer REDDER was not going to act on Officer STEWART's request. Offender McCOLLOCH stated that sometime later he, and other offenders were standing in front of the 7 Building Desk. Officer STEWART told Officer MORALES to get Sergeant MARCH. Offender McCOLLOCH stated that the officers and the SSI's took the offender to the infirmary.

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

## EVIDENCE:

None

## ATTACHMENTS:

1. Copy of Emergency Action Report #I-06318-08-01.

2. Copy of Request for Autopsy.

3. Copy of Autopsy Report.

4. Copy of Investigator's Report of Custodial Death.

5. Eight (8) Polaroid photographs of Offender CARDWELL, and three (3) photographs on CD taken of Offender CARDWELL at the Lubbock Medical Examiner's Office.

6. Copy of Medical Records from the United Regional Hospital for the prior 72 hours before death.

7. Copy of Offender CARDWELL's Medical Records from the Allred Unit.

8. Voluntary Statement of Lieutenant BERGER.

9. Voluntary Statement of Sergeant MARCH.

10. Voluntary Statement of Officer MORALES.

11. Voluntary Statement of Officer STEWART.

12. Voluntary Statement of Officer REDDER.

13. Voluntary Statement of Officer SHULTZ.

14. Voluntary Statement of Officer RODRIGUEZ.

15. Voluntary Statement of Officer TOLL.

16. Voluntary Statement of Mrs. NEWMAN, RN.

17. Voluntary Statement of DR. WIPPERMANN.

18. Voluntary Statement of Sergeant McMILLAR.

19. Voluntary Statement of Offender ROJAS.

20. Voluntary Statement of Offender McCOWAN.

21. Voluntary Statement of Offender LASSITER.

22. Voluntary Statement of Offender GARCIA.

23. Voluntary Statement of Offender McCOLLOCH.

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TDCJ-OIG-ID SUPPLEMENT OFFENSE REPORT
CASE #: 01-1359TDCJ                                                                    PAGE 12 of 12

24. Copy of Employee Disciplinary Report on Officer STEWART.

25. Copy of Employee Disciplinary Report on Officer REDDER.

26. Copy of Offender CARDWELL's Travel Card.

27. Copy of Offender CARDWELL's Medical Records at United Regional Health Care
    System from July 16, 2001, to August 8, 2001.

28. Copy of an Inter-Office Communication from Sergeant SNODGRASS with Western
    Region Transportation. SUBJECT: Delivery information about Offender CARDWELL to
    the Allred Unit on July 16, 2001.

29. Copy of the Risk Management Report.

30. Copy of the Allred Administrative Incident Review, I-05831-07-01.

31. Copy of TDCJ Health Services Division Policy Manual.

TRL

OIG-ID-02CS (05/03/1999)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Texas Department of Criminal Justice
## INSTITUTIONAL DIVISION
# INCIDENT REPORT
EMERGENCY ACTION CENTER

EAC # I-06318-08-01
CROSS
REF # MSG ID # 754724

**C O N F I D E N T I A L**
**FOR OFFICIAL USE ONLY**

☐ HOMICIDE
☐ STABBING
☐ STAFF - ASSAULT
☐ GANG
☐ RAPE

| TYPE OF INCIDENT | OFFENDER DEATH | UNIT CODE JA | DATE / TIME REPORTED 08-04-01 | REPORTED BY CAPT.E.IV |

| DATE / TIME OCCURED | SPECIFIC LOCATION | AS | AG | GANG RELATED YES NO | GANG IDENTIFICATION |
|---|---|---|---|---|---|
| 08-04-01 1803 | UNITED REGIONAL HEALTH CARE SYSTEM 11TH ST. CAMPUS C.C.U. #8 | | | X | |

MOTIVE:

**SHIFT:**              **EMPLOYEE INFO.**

NAME _____ last name / first name / mi. _____ SSN _____ RANK _____ RACE _____ SEX _____ AGE _____

DISPOSITION: _____

## INMATE INFO.

| NAME | TDCJ # | RACE SEX | AGE | CUSTODY CODE | INJURIES | A - V |
|---|---|---|---|---|---|---|
| CARDWELL, JOHN | 1041651 | W/M | 39 | MI | PENDING AUTOPSY RESULTS | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## WEAPON INFO.

WEAPON: DESCRIBE IN DETAIL: (TYPE) _____

CUSTODY CODE MINIMUM CUSTODY        **DEATH INFO.**

NAME OF INMATE CARDWELL,JOHN _____ TDCJ # 1041651 _____ UNIT JAMES V. ALLRED

RACE WHITE _____ SEX MALE _____ AGE 39 _____ DIED AT OR IN ROUTE TO U.R.H.C.S. C.C.U.#8

CAUSE OF DEATH AUTOPSY PENDING _____ WHO DECLARED DEATH DR.PHILLIP CHAPPA,M.D.

DISPOSITION OF BODY _____ AUTOPSY XX YES _____ NO _____

NEXT OF KIN NTFD YES XX NO ☐ BY: CHAPLAIN T. ANDERSON

## LOCAL LAW ENFORCEMENT

TIME / DATE NOTIFIED 1910 08-04-01 _____ AGENCY WICHITA COUNTY SHERRIFF

WILL RESPOND _____ YES _____ NO-NAME OF INVESTIGATOR _____

AGENCY CASE # _____ REMARKS _____

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TGN-93-TE(REV-10/90) 1 of 2

1-1

```
********************************************************************************
*** REQUESTOR: EIV3792 - IVEY, ERNEST        ALLRED UNIT                    ***
********************************************************************************
***           S Y S M   O U T B A S K E T   P R I N T                       ***

MESSAGE ID: 754724     DATE: 08/04/01  TIME: 10:35pm  PRIORITY: 000

SUBJECT:   I-06318-08-01
```

ON 08-04-2001 AT APPROXIMATELY 1803 HOURS OFFENDER CARDWELL,JOHN
#1041651,A 39 YEAR OLD WHITE MALE IN MINIMUM CUSTODY AT THE JAMES
V. ALLRED UNIT WAS PRONOUNCED DEAD BY DR.PHILLIP CHAPA,M.D. AT THE
UNITED REGIONAL HEALTH CARE SYSTEMS 11TH ST.CAMPUS,C.C.U. ROOM #8.
THE CAUSE OF DEATH IS PENDING THE RESULTS OF AN AUTOPSY ORDERED BY
ASST.WARDEN J. MOONEYHAM BY THE LUBBOCK COUNTY CORONERS
OFFICE,LUBBOCK,TEXAS.THE DUTY WARDEN,O.I.G.,REGION V DIRECTOR,THE
HUNTSVILLE FUNERAL HOME,UNIT CHAPLAIN AND THE NEXT OF KIN WERE
NOTIFIED.THE OFFENDERS FAMILY INTENDS TO CLAIM THE BODY AND HIS
PROPERTY AND HAVE BEEN INFORMED OF THE PROCEDURES IN ORDER TO DO SO.

NOTIFICATIONS:

```
1806  J.B. MOONEYHAM        ASSISTANT WARDEN
1817  T. ANDERSON           CHAPLAIN
1822  T. SMYTH              OFFICER OF THE INSPECTOR GENERAL
1825  J. STEVENSON          EAC
1900  MR. EDWARDS           UNIT HEALTH AUTHORITY
1910  T. CALLAHAN           SHERIFF
1910  G. SMITH              MEDICAL EXAMINER
1915  C. LEE                HUNTSVILLE FUNERAL HOME
1926  R. TREON              WARDEN
1930  DR. POTTER            UNIT HEALTH AUTHORITY
1937  MR. GILBERT           REGIONAL OFFICE
```

AUTHORITY: CAPTAIN E. IVEY
           JAMES V. ALLRED UNIT
           IOWA PARK, TEXAS

```
Sent to:    EAC                (list)                (to)
            JAIOC              (list)                (to)
            EIV3792            IVEY, ERNEST          (to)
```

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-2

```
******************************************************************
*** REQUESTOR: EIV3792 - IVEY, ERNEST        ALLRED UNIT        ***
******************************************************************
***           S Y S M   O U T B A S K E T   P R I N T          ***

MESSAGE ID: 754724       DATE: 08/04/01  TIME: 10:35pm  PRIORITY: 000

SUBJECT:  I-06318-08-01
```

ON 08-04-2001 AT APPROXIMATELY 1803 HOURS OFFENDER CARDWELL,JOHN
#1041651,A 39 YEAR OLD WHITE MALE IN MINIMUM CUSTODY AT THE JAMES
V. ALLRED UNIT WAS PRONOUNCED DEAD BY DR.PHILLIP CHAPA,M.D. AT THE
UNITED REGIONAL HEALTH CARE SYSTEMS 11TH ST.CAMPUS,C.C.U. ROOM #8.
THE CAUSE OF DEATH IS PENDING THE RESULTS OF AN AUTOPSY ORDERED BY
ASST.WARDEN J. MOONEYHAM BY THE LUBBOCK COUNTY CORONERS
OFFICE,LUBBOCK,TEXAS.THE DUTY WARDEN,O.I.G.,REGION V DIRECTOR,THE
HUNTSVILLE FUNERAL HOME,UNIT CHAPLAIN AND THE NEXT OF KIN WERE
NOTIFIED.THE OFFENDERS FAMILY INTENDS TO CLAIM THE BODY AND HIS
PROPERTY AND HAVE BEEN INFORMED OF THE PROCEDURES IN ORDER TO DO SO.

NOTIFICATIONS:

```
1806  J.D. MOONEYHAM       ASSISTANT WARDEN
1817  T. ANDERSON          CHAPLAIN
1822  T. SMYTH             OFFICER OF THE INSPECTOR GENERAL
1825  J. STEVENSON         EAC
1900  MR. EDWARDS          UNIT HEALTH AUTHORITY
1910  T. CALLAHAN          SHERIFF
1910  G. SMITH             MEDICAL EXAMINER
1715  C. LEE               HUNTSVILLE FUNERAL HOME
1926  R. TREON             WARDEN
1930  DR. POTTER           UNIT HEALTH AUTHORITY
1937  MR. GILBERT          REGIONAL OFFICE
```

AUTHORITY: CAPTAIN E. IVEY
           JAMES V. ALLRED UNIT
           IOWA PARK, TEXAS

```
Sent to:    EAC              (list)            (to)
            JAIOC            (list)            (to)
            EIV3792          IVEY, ERNEST      (to)
```

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

I-3

```
****************************************************************************
*** REQUESTOR: KGE7513 - GENTRY, KEITH        ALLRED UNIT           ***
****************************************************************************
***                    S Y S M   I N B A S K E T   P R I N T          ***
```

MESSAGE ID: 610707     DATE: 07/17/01  TIME: 07:55am  PRIORITY: 000

TO:        KGE7513 - GENTRY, KEITH
           CAPTAIN
           ALLRED UNIT
           2101 FM 369 N
           IOWA PARK, TEXAS 76367


FROM:      ROG3470 - OGLESBY, ROBERT
           CAPTAIN/CORRECTIONAL OFFICERS
           ALLRED UNIT
           2101 FM 369 N
           IOWA PARK, TEXAS 76367


SUBJECT:   OFFNDER CARDWELL, 1041651


ON 7-16-01, AT APPROXIMATELY 1750 HOURS, I, LT. L. BERGER, WAS
NOTIFIED BY SGT. F. MARCH THAT SHE HAD A UNRESPONSIVE OFFENDER ON 7
BUILDING. SHE STATED THAT MEDICAL ADVISED THAT THEY NEEDED TO PLACE HIM
UPON A STRETCHER AND BRING HIM TO MEDICAL.  I LEFT THE COUNT ROOM AND
WALKED TO MEDICAL.  WHEN I ARRIVED AT MEDICAL, MS. NEWMAN, LVN, WALKED
WITH ME TO GET THE STRETCHER.  I RETRIEVED THE STRETCHER AND WALKED TOWARD
THE FRONT OF MEDICAL. OFFICER MERKLIN WAS WALKING UP AT THIS TIME AND
RESPONDED WITH LT. BERGER TO 7 BUILDING.  AT 7 BUILDING, THE OFFENDER,
CARDWELL, JOHN, TDCJ #1041651, WAS ASSISTED TO THE ROLLING STRETCHER.
CARDWELL WAS UNRESPONSIVE AND WAS ON THE GREEN STRETCHER WHICH WAS
BREAKING. THE OFFENDER WAS WHEELED TO MEDICAL AND TREATED WITH ICE
PACKS, IV AND OXYGEN. THE OFFENDER WAS IN THE ER AT 1800 AND HIS TEMP
WAS 106.8. CAPTAIN R. OGLESBY WAS THEN NOTIFIED BY LT. BERGER.
THE OFFENDER WAS TRANSPORTED BY AMBULANCE TO 11TH STREET
CAMPUS OF UNITED REGIONAL HOSPITAL.  THE OFFENDER LEFT THE UNIT AT
1820. CAPTAIN OGLESBY THEN NOTIFIED THE DUTY WARDEN, (MAJOR BOWMAN)
AND WARDEN TREON. THE OFFENDER WAS PLACED IN CCU #8 IN CRITICAL
CONDITION. HE WAS EVALUATED WITH ELEVATED TEMPERATURE.

AUTHORITY: LT. L. BERGER/DWD

Sent to:   JAIOC              (list)                    (to)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-4

McCollum/Cardwell 428

```
*************************************************************************
*** REQUESTOR: KGE7513 - GENTRY, KEITH        ALLRED UNIT          ***
*************************************************************************
***                 S Y S M   I N B A S K E T   P R I N T         ***

MESSAGE ID: 610600     DATE: 07/17/01  TIME: 07:34am  PRIORITY: 000

TO:        KGE7513 - GENTRY, KEITH
           CAPTAIN
           ALLRED UNIT
           2101 FM 369 N
           IOWA PARK, TEXAS 76367



FROM:      ROG3470 - OGLESBY, ROBERT
           CAPTAIN/CORRECTIONAL OFFICERS
           ALLRED UNIT
           2101 FM 369 N
           IOWA PARK, TEXAS 76367


SUBJECT:   OFFENDER CARDWELL, 1041651


ON 7-16-01, AT APPROXIMATELY 1800, OFFENDER CARDWELL, JOHN, TDCJ
#1041651, WAS TRANSPORTED VIA AMBULANCE TO THE 11TH STREET CAMPUS OF
UNITED REGIONAL HOSPITAL DUE TO AN ELEVATED TEMPERATURE. OFFENDER IS
LISTED AS CRITICAL IN CCU #8.

Sent to:   JAIOC                (list)                (to)
```

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-5

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

## Inter-Office Communications

To _IAD_          Date _8-04-2001_

From _R. Green COIV_          Subject _Cardwell, John #1041651_

At approximately 1750 said offender Cardwell, John
TDCJ-ID 1041651 coded and medical staff began
Compressions at this time. At 1803 Dr. Phillip
Chapa pronounced him officially past away
The door was closed at 1805.

_Regina Green_

SO-4

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-4

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

To _IAD_____   Date _8.4.01_____

From _Jason Hardegree COIII____   Subject _AS STATED_____

At 1750 on 8.4.01 compression began on
offender Cardwell, James #1041651. At 1803
said offender was pronounced dead by Dr. Phillip Chapa.
I. officer Jason Hardegree sealed the door to the
room at 1805.



Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SO-4

1-7

McCollum/Cardwell-083

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

To _____  Date _____

From _____  Subject _____

Approximate 1700 chest compressions were done on
offender Cardwell, John # 1041851 said offender was pronounced
dead at 1803 by Dr. Chapp. Room door was sealed by officer
Honderquist at 1805 hrs.

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-8

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

## Inter-Office Communications

To  _I.A.D._                                Date _8-4-01_

From  _A. Forney CO III_          Subject  _Death of John Cardwell_
                                                    _#1041651_

At Appro. 1750 chest Communions were started.
On John Cardwell # 1041651. Said offender was
pronounced dead at 1805 pm. I officer A. Forney CO III
was in the room at time of death. Dr. Chapa
pronounced him dead.
                                        A. Forney CO III
The door was closed at 805.

**SO-4**          Copy of OIG case to Litigation Support on 06.26.2013 by scm.
                  UNAUTHORIZED COPYING OR VIEWING PROHIBITED

_1-9_

McCollum/Cardwell-085

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION
JAMES V. ALLRED UNIT

INMATE DEATH NOTIFICATION PACKET CHECKLIST

INMATE'S NAME Cardwell    TDCJ-ID NO. 104465 INCIDENT NO. I-06318-08-01

DATE OF BIRTH 9-1-1961 AGE 39    John

✓NOTIFICATIONS – NAME AND TIME NOTIFIED    Warden R. Treon 1926

✓DUTY WARDEN    James D. Mooneyham    Asst. Warden 1806

DUTY CAPTAIN    Capt. Ernest D. Juey 1750

SHIFT LIEUTENANT    Lt. Oscar Paul 1750

✓EAC    Judy Stevenson    1825

REGIONAL OFFICE    Mr. J. Gilbert    1937

✓CHAPLAIN    T. Anderson    1817

✓IAD    Tommy Smyth / Terry Lambeth    1822

✓ UNIT HEALTH AUTHORITY    Dr. Potter    1930 / ✓UHA mr. Edwards 1900

✓ SHERIFF    1910   notified    Tom Callaham

✓ MEDICAL EXAMINER (817-322-6385)    1910   Grady Smith – inquest 1945

**TAKES PLACE OF JUSTICE OF PEACE-- THIS OFFICE WILL PRONOUNCE THEM DEAD
** OBTAIN COPY OF "REQUEST FOR AUTOPSY" FORM

✓ HUNTSVILLE FUNERAL HOME (409)295-6363    Charles Lee    1915

** OBTAIN INFO CONCERNING FUNERAL HOME THAT WILL HANDLE THE
    TRANSPORTATION OF THE BODY
** COMPLETE TDCJ TRANSPORT ORDER FORM(AD03.29(rev. 3)ATTH A)

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED    1-10

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

To _I.A.D_  Date _08·04·2001_

From _1st Shift / 2card_  Subject _CARDWELL, JOHN #1041651_

DATE/TIME MACHINE TURNED OFF: Ventilator turned off 1250
AUTHORIZED BY: due to chest compressions
Charge nurse Andy Todd RN began chest compressions
DATE/TIME OF DEATH: 1803 8·4·2001
ANNOUNCED BY: Dr. Phillip Chopa MD.
DATE/TIME DOOR WAS SEALED: J. Hardegree CO III
SEALED BY: 1805 8·4·01  72
COPY OF MEDICAL RECORD FROM PAST 48 HOURS (72) Attached to packet
NAME/SSN # OF ALL OFFICERS PRESENT
I.O.C. FROM ALL OFFICERS

Regina Green 
Jason Hardegree
Stanley E. M°Millon
Alan N. Forney

Staff present
at time of
Death announcement

SO-4    Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED    1-11

```
************************************************************************
*** REQUESTOR: JAWAR04 - MOONEYHAM, JAMES D.   ALLRED UNIT          **
************************************************************************
***              S Y S M   I N B A S K E T   P R I N T             **

MESSAGE ID: 754675    DATE: 08/04/01  TIME: 09:01pm  PRIORITY: 000

TO:        JAWAR04 - MOONEYHAM, JAMES D.
           ASSISTANT WARDEN
           ALLRED UNIT
           2101 FM 369 N
           IOWA PARK, TEXAS 76367



FROM:      TAN3216 - ANDERSON, TIMOTHY
           CHAPLAIN II
           ALLRED HIGH SECURITY
           2101 FM 369 N
           IOWA PARK, TEXAS 76367



SUBJECT:   DEATH NOTIFICATION


 *********************DEATH NOTIFICATION***************************
 INMATE: CARDWELL, JOHN WESLEY        TDCJ# 1041651
 DATE OF DEATH: 08/04/2001
 CUSTODY: MI        STATUS:        RACE: WHITE     DOB: 09/01/61 AGE: 39
 CAUSE OF DEATH: TDCJ AUTOPSY REQ.    TIME: 1803   DOCTOR: AT HOSPITAL
 PLACE OF DEATH: UNITED REGIONAL HOSPITAL/CCU
 DUTY WARDEN: J.D. MOONEYHAM          TIME: 1806
 JUSTICE OF THE PEACE: Sherriff Callahan   TIME: 1910
 TDCJ-ID-IAD:                         TIME: 1822
 HUNTSVILLE FUNERAL HOME:             TIME: 1915
 CHAPLAIN: T. ANDERSON                TIME: 1810 PM
 EAC:                                 TIME: 1825
 APPROVAL OF AUTOPSY BY N.O.K. ( )YES  ( )NO  ( ) UNABLE TO CONTACT
 N.O.K. MITTIE MESSERLI (MO)     TIME 1955   HRS   PHONE 254-754-5467
 ADDRESS: 2815 WINSOR          FAMILY WILL( X ) WILL NOT( ) CLAIM BODY
 ADDRESS: WACO, TX 76708
 LOCATION OF BODY: UNITED REGIONAL HOSPITAL ENROUTE TO LUBOCK MED. CTR.
 LOCATION OF INMATE PROPERTY: JAMES V. ALLRED UNIT (FAMILY WANTS I/M PROPERTY


Sent to:   HSMA016        LENOVER, NEVA JO             (to)
           JMA3532        MANCIL, JUDY                 (to)
           HVWAR01        HUNTSVILLE_WARDENS_OFFICE    (to)
           CHAPSUP        RANDGAARD, CAROL             (to)
           HQEAC01        CENTER, EMERGENCY ACTION     (to)
           BST0772        STEWART, BEVERLY             (to)
           JAWAR03        TREON, ROBERT                (to)
```

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-12

```
JAWAR04            MOONEYHAM, JAMES D.        (to)
HWE4474            WESTON, HERMAN             (to)
TSM2136            SMYTH, TOMMY               (to)
JAUOF22            OFFICE, USE OF FORCE       (to)
HQCR001            CLASS, RECORDS OFFICE      (to)
```

/-13

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

## Inter-Office Communications

**To** _Captain Gentry_                    **Date** _8/4/01_

**From** _Chaplain Anderson   ChA_      **Subject** _Offender Death Notification_
_I/M Cardwell, John Wesley_
_#1041651_

Capt. Ivey asked me to give you the following info:

N.O.K - Mittie Messerli (mo)
Notification Time - 1955 1m / 8-4-01

N.O.K. Address   2815 Winsor
Waco, TX  76708

N.O.K. Tele #   254-754-5467

N.OK. given tele # to Huntsville Funeral Home.



Doctor Chapa, Phillip
940-764-3000
Hospital
11th St Campus

SO-4

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-14

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

To _Ms Hollis_

Date _8-4-01_

From _Cpt C. Luey_

Subject _I-06318-01_
_Offender Cardwell, John_
_# 1041651_

The family's address and phone number is
here on the front I.O.C. from chaplain Anderson.
They did wish to claim the body and property
at the time of notification of death. Also the
officers statements are attached along
with all the emails sent regarding this offender.

SO-4

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

_1-15_

NAME          NUMBER          UNIT          TIME

THE FOLLOWING IS YOUR APPROVED VISITORS LIST:

CHANGES WILL BE MADE ONLY AFTER APPLICATION TO THE UNDERSIGNED:

WARDEN _____ CHAIRMAN, STATE CLASSIFICATION COMMITTEE

BY: _____

observation/NARCOTICS/ALCOHOL ABUSE, claims treated 2 weeks and released in 1993--X/Charter Hospital, Austin, Texas, on a voluntary commitment as an inpatient, for ALCOHOL ABUSE and mental observation, claims treated 1 month and released in 1994--X/MHMR, Austin, Texas, on a voluntary commitment, as an inpatient, for mental observation, claims treated 4 months and released in 1996--X/TDCJ-ID #752922, on a 3 year

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**Institutional Division**



1041651
06/07/01 001

06/07/01 000

ID Number: 1041651
Date: 06/07/01
Name: JOHN WESLEY CARDWELL

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-16

CARDWELL, John Wesley (W)

| Name | Number | Offense | Sent. | Class | Ed. | Plea |
|---|---|---|---|---|---|---|
| CARDWELL, John Wesley (W) | 1041651 | DWI | 9Y | IIB | 10 | Yes |

| Max Expir | Minimum Expiration | | | | | E.A./I.Q. | Age | DOB | Int./By | Religion |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/16/2009 | 06/12/2004 | — | — | — | — | Not Tested 85 | 39 | 09/01/1961 | 06/13/2001 ALS / rm | Pentecostal |

| Williamson | | 04/16/2000 | 06/07/2001 |
|---|---|---|---|
| COUNTY | | Sent. Beg. | Date Received |

Sewing Machine Operator   Carpenter   Laborer

**EMPLOYMENT**

| inst. | Commitments | Escapes | ALL POSTINGS |
|---|---|---|---|
| Juv Prob | | | Jail Good Time Credited From Sentence Begin Date |
| Prob Snt | 4-3REV | | 70th/72nd/73rd LEGISLATURE - |
| Jails | 13 | | DISCRETIONARY MANDATORY SUPERVISION RELEASE CANDIDATE HB-1433 |
| Reft'y | | | L1 EFF: 04/16/2000  W EFF: 04/16/2000 |
| Det Hosp | 6 | | |
| Det Home | 6 | | JUL 1 2 2001  allred      LIMI |
| St Trans | 2 | | 7/16/01  jruc (01)  LI / MI  C.S. |
| St Jail | | | |
| SubA TF | | | |
| TDCJ-ID | 1 | | |
| O/Pris | | | |

Transfers and Assignments

| DATE | UNITS | WORK | ALL POSTINGS (Cont'd.) |
|---|---|---|---|
| | | | CARDWELL, John Wesley |
| | | | # 1041651 |
| 7-16-01 | ja | GS30 | |
| 7-16-01 | ja | RGDTRANS | |

DWI (1) (9 years)

ILLNESS, INJURY OR DEATH - NOTIFY
Mittie Messerli (MO)
2815 Winsor, Waco, TX   (254-754-5467)

| RACE: WHITE | SEX: MALE | HEIGHT: 05' 05" | WEIGHT: 213 |

COMPLEXION: RUDDY                   EYES: HZL       HAIR: BRN

NATIVITY: Arlington, Tarrant Co., TX                   MARKS and SCARS:

CUT SCAR LFT HEAD, TAT SPIDER WEB/SPIDER INSD LFT LEG, JUDY LFT
CHEST, TEXAS/MICKEY MOUSE/BARS OUTSD LFT F/ARM, CLOWN FACE
OUTSD RT F/ARM, OTHER TATS

DETAINERS:

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-17

| Transfers and Assignments | | |
| DATE | UNIT | WORK |
| | #1041651 | |

**SUMMARY:**

Current DPS report indicates 14 arrests--admits 25 arrests resulting in 6 confinements McLennan County Juvenile Detention Center for RUNAWAY, Delinquency, and Incorrigibility (released to parents on each)--2 weeks Henderson County Jail for Possession Of MARIJUANA (under 2 OUNCES, claims dismissed)--1 confinement McLennan County Jail for DWI PROBATION REVOCATION (time served)--1 confinement McLennan County Jail for Theft $20-$200 (claims dismissed)--1 confinement McLennan County Jail for Burglary Of A Habitation (claims dismissed)--30 days McLennan County Jail for Possession Of MARIJUANA (under 2 OUNCES, time served)--1 confinement El Lano County Jail for DWI (fined and time served)--1 year McLennan County Jail for DWI, Driving While License Suspended, and Resisting Arrest (fined and time served)--1 confinement McLennan County Jail for Driving While License Suspended (time served)--1 confinement McLennan County Jail for INHALANT Abuse (subject denies, claims dismissed)--1 confinement Bosque County Jail for Driving While License Suspended (time served)--1 confinement Travis County Jail for Public INTOXICATION (time served)--1 confinement Adams County, Colorado Jail for DWI and Traffic Violations (claims dismissed)--1 confinement McLennan County Jail for DWI PROBATION REVOCATION (time served)--2 year adult probation McLennan County 1986 for DWI (revoked to time served)--1 year adult probation McLennan County 1990 DWI (claims completed)--2 year adult probation McLennan County 1993 for DWI (revoked to time served)--5 year adult probation Bosque County 1994 for DWI (revoked and reduced as portion of first TDCJ-ID incarceration)--X/Carter Street Treatment Center, Austin, Texas, on a voluntary commitment as an inpatient, for ALCOHOL ABUSE and mental observation, claims confined 1 month and released in 1991--XXX/Austin State Hospital, Austin, Texas, on a voluntary commitment, as an inpatient, for NARCOTICS/ALCOHOL ABUSE and mental observation, claims treated 1 month and released in 1993; voluntary commitment as an inpatient, for mental observation, treated for 2 weeks and released in 1993; voluntary commitment as an inpatient, for mental observation/NARCOTICS/ALCOHOL ABUSE, claims treated 2 weeks and released in 1993--X/Charter Hospital, Austin, Texas, on a voluntary commitment as an inpatient, for ALCOHOL ABUSE and mental observation, claims treated 1 month and released in 1994--X/MHMR, Austin, Texas, on a voluntary commitment, as an inpatient, for mental observation, claims treated 4 months and released in 1996--X/TDCJ-ID #752922, on a 3 year sentence, from Travis County for 1 count of DWI, received at the Gurney State Transfer Facility on 06/27/1996, maintained clear record, 07/23/1996 assigned to Jester 3 Unit (MINIMUM-IN) Line Class 1 effective 02/14/1996, 08/02/1996 new commitments received from Bosque County on a new conviction of 4 years concurrent for 1 count of DWI, change net sentence from 3 years to 4 years, change sentence begin date to 02/15/1996, 12/11/1996 screened for BPP/PPT denied due to medical, 01/27/1997 SAT 4W, 05/13/1997 SAT 3W, maintained clear record, 11/14/1997 released on MANDATORY SUPERVISION to McLennan County; 02/15/2000 MANDATORY SUPERVISION DISCHARGE; as present TDCJ-ID #1041651, was received at the Holliday State Transfer Facility, has maintained a clear record--RAT OF P.O. "BECAUSE I'M AN ALCOHOLIC"--claims contact with father, mother, stepfather, 2 sibs (brother, Jackie CARDWELL, X/TDCJ-ID)--claims sporadic contact with wife, 1 child, 2 step children, and 3 half sibs--claims 1 half sib deceased--claims 1 marital failure with 1 child involved--claims married and separated--residence unstable--education claims 10 (NOT VERIFIED); GED, TDCJ-ID, 1998, WISD VERIFIED)--employment claims sewing machine operator (WISD VERIFIED), carpenter (WISD VERIFIED), and laborer--home stability poor due to one marital failure, current marital separation, and divorce of parents--admits use of INHALANTS, MARIJUANA, and COCAINE beginning at age 16--admits SALE of METHAMPHETAMINE beginning at age 17--admitted ALCOHOLIC--admits 4 SUICIDE attempts from ages 12-33 by hanging, car wreck, OVERDOSE, and shooting himself with shotgun--current offense of DWI involves the subject operating a motor vehicle on a public street while being under the influence of

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1~18

ES/DPOH/03     AD0329-Attachment A          (rev. 4)

### TDCJ TRANSPORT ORDER FORM

The undersigned authorizes and directs Huntsville Funeral Home and/or
its said agents or staff to make the removal of the said remains of
_Caldwell, John 1041651_ from _United Regional Health Care Systems 11th St. Campus_
(facility/location), who died on _08/04/2001_, and to hold until _ccu#3_
further notification from the Warden of the unit/facility with regards
to the approval for an autopsy or the family refusal of an autopsy.

This policy applies to any TDCJ offender death which occurs and is
determined to be from natural cause by a certified medical physician.


_J Maney Lan_                          _J.D. Mooneyham_
Signature of Warden/Designee           Printed Name

_Lara Steen RN_                        _Lara Steen_
Medical Physician's/Registered         Printed Name
Nurse's Signature

Address of Physician/Registered Nurse:

_URHCS_
_1600 10th_
_Wichita Falls TX_

End AD-03.92 (rev. 4) Attachment A, TDCJ Transport Order Form

See Attachments B, C, and D

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-19

McCollum/Carpwell 425

ES/DPOM/03    AD0329-Attachment B         (rev. 4)

### TDCJ AUTOPSY ORDER

In accordance with Section 501.055 of the Government Code, the following Order shall serve as authorization from the TDCJ _James V. Allred_ Unit/Facility, to perform an autopsy on the body of the Offender named below.

_Cardwell, John #1041651_

Acting in my capacity as an authorized official of the Texas Department of Criminal Justice, I hereby order and decree that an autopsy be performed on the body of one _Cardwell, John #1041651_, a _White male_, approximately _39_ Years of age, Date of Birth _09/01/1961_. Said Autopsy should be performed to determine the cause of death of the offender who died of natural causes while attended by a physician or registered nurse. The deceased was pronounced dead at _1803_ PM, on this _04_ Day of _08_ Year _2001_.

Said autopsy should include a determination of the cause of death and toxicological examinations of the urine, blood and other bodily matter as deemed necessary to determine types and amounts of alcohol or drugs if any are present in _his_ Body. I further order that said autopsy be performed by the UTMB Autopsy Service Physicians and/or associates.

Further, said body shall be transported to _Lubbock County Coroner_ By a representative of _Hampton Vaughn_ Funeral Home of _Wichita Falls TX._, Texas, Phone Number _940-767-1770_, or an associate of said Funeral Home. Upon completion of the said autopsy, the body should be relinquished to a representative of _Huntsville Funeral Home_, for transportation back to said city.

It is understood that due care shall be taken to avoid unnecessary disfigurement of the body.

Please forward copy of preliminary findings and reports to:

TDCJ Death Records Technician
Health Services Division
3009 Hwy. 30 West, Rm. 162
Huntsville, TX  77340
(936) 437-3631
(936) 437-3638 (fax)

Date of Report: _08_/_04_/_2001_    Time: _2030_

Signed on this the _04_ Day of _08_, Year _2001_.

Warden (or designee)

County _Wichita_
City _Wichita Falls_, Texas Zip Code _76301_

End AD-03.29 (rev. 4) Attachment B, TDCJ Autopsy Order

See Attachments A, C, and D

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-20

```
******************************************************************
***  OFFENDER NAME:  EDWARDS, HARRY        ALLRED UNIT
******************************************************************

***              C A S E   D U T B A S K E T   P R I N T

RECEIVED BY: ISMSI1        DATE: 08/04/01 * TIME: 08:30am  PRIORITY: HIGH

SUBJECT:      OFFENDER DEATH


OFFENDER COMPLETE: JOHN KELLEY
TDCJ NO: 0541651
LOCATION OF DEATH: UNITED REGIONAL HOSPITAL/CCU
DATE OF DEATH: 08/04/01
TIME OF DEATH: 06:03 AM
CAUSE OF DEATH: HOSPITALIZED FOR HEAT STROKE SINCE 7/16
PRONOUNCED DEATH: AT HOSPITAL
UNIT OF ASSIGNMENT: JAMES V ALLRED UNIT

NEXT OF KIN: JOYCE CARDWELL (FATHER)
             ANNETTE RUSSELL (MOTHER)
PHONE(S): UNKNOWN
KELLEY NUMBER (940) 723-6455, BUT NEED TO SPEAK TO HIS SUPERVISOR
         CAMBRIDGE (940) 723-6555           OK

WARDEN: SMITH                    CLASS:                   STG:
```

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-21

```
**************************************************************************
*** REQUESTOR: JAMEEMA  EDWARDS, HARRY        ALLRED UNIT
**************************************************************************
***           S T A R   O U T B A S K E T   P R I N T

MESSAGE ID: 754681       DATE: 08/04/01  TIME: 08:06pm  PRIORITY: 002

SUBJECT:    OFFENDER DEATH

OFFENDER: CARDWELL, JOHN WESLEY
TDCJ#: 0441651
LOCATION OF DEATH: UNITED REGIONAL HOSPITAL/CCU
DATE OF DEATH: 08/04/01
TIME OF DEATH: 06:03 PM
CAUSE OF DEATH: HOSPITALIZED FOR HEAT STROKE SINCE 7/16
PRONOUNCED DEATH: AT HOSPITAL
UNIT OF ASSIGNMENT: JAMES V ALLRED UNIT

NEXT OF KIN: GILBERT CARDWELL (FATHER)
             NETTIE MESSERLI (MOTHER)
ADDRESS: UNKNOWN
PHONE: FATHER - (903) 278-4455, BUT NEED TO SPEAK TO HIS SON JACOB
       MOTHER - (254) 754-5467                              AN

SENT TO:    DEATH                (list)                     (hg)
```

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-22

McCollum/Cardwell 446

ES/DPOH/03       AD0329-Attachment A          (rev. 4)

### TDCJ TRANSPORT ORDER FORM

The undersigned authorizes and directs Huntsville Funeral Home and/or its said agents or staff to make the removal of the said remains of _Cardwell, John 1041651_ from United Regional Health Care Systems 11th St. Campus CCU #8 (facility/location), who died on _08/04/2001_, and to hold until further notification from the Warden of the unit/facility with regards to the approval for an autopsy or the family refusal of an autopsy.

This policy applies to any TDCJ offender death which occurs and is determined to be from natural cause by a certified medical physician.


_____          _____
Signature of Warden/Designee              Printed Name
                                          J.D. Monaghan

_____          _____
Medical Physician's/Registered            Printed Name
Nurse's Signature                         Lara Steen
Lara Steen RN


Address of Physician/Registered Nurse:

URHCS
1600 10th
Wichita Falls Tx


End AD-03.92 (rev. 4) Attachment A, TDCJ Transport Order Form

See Attachments B, C, and D

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-23

ES/DPOM/03     AD0329-Attachment A          (rev. 4)

TDCJ TRANSPORT ORDER FORM

The undersigned authorizes and directs Huntsville Funeral Home and/or
its said agents or staff to make the removal of the said remains of
Cardwell, John 1041651_____ from United Regional Healthcare Systems   11th St. Campus
(facility/location), who died on _08/04/2001_____, and to hold until    CCU #8
further notification from the Warden of the unit/facility with regards
to the approval for an autopsy or the family refusal of an autopsy.

This policy applies to any TDCJ offender death which occurs and is
determined to be from natural cause by a certified medical physician.


_____          _____
Signature of Warden/Designee           Printed Name     J. D. Mooneyham

_____          _____
Medical Physician's/Registered         Printed Name     Lara Steen
Nurse's Signature

Address of Physician/Registered Nurse:

URHCS_____

1600 10th_____

Wichita Falls Tx_____

End AD-03.92 (rev. 4) Attachment A, TDCJ Transport Order Form

See Attachments B, C, and D

Copy of OIG case to Litigation Support on 06.26.2013 by scm.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1-24