UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | CIVIL ACTION NO. 4:14-cv-3253 JURY DEMAND |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | |
| DEFENDANTS | § | |

Plaintiffs' Consolidated Summary Judgment Response Appendix

# EXHIBIT 205

## BUSINESS RECORDS AFFIDAVIT

STATE OF TEXAS

COUNTY OF Walker

RE: Stephen McCollum, et al v. TDCJ

      BEFORE ME, the undersigned authority, personally appeared Nathan Ward, who, being duly sworn by me, deposed as follows:

      "My name is Nathan Ward. I am over 18 years of age, of sound mind, capable of making this affidavit, and have personal knowledge of the facts herein stated:

      "I am employed as a Regional Manager with the Office of the Inspector General (OIG) – Texas Department of Criminal Justice. I am the custodian of the attached records of the OIG. These records are kept by the OIG in the regular course of business, and it was the regular course of business of the OIG for an employee or representative of the OIG, with knowledge of the act, event, condition, or opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The attached record is an exact duplicate of the record on file with the Office of the Inspector General in Criminal Case File No. 2011.02960 concerning the death of Offender Douglas Hudson, TDCJ No. 01722504, as of the date of this affidavit.

                             _Nathan Ward_

                             Nathan Ward
                             Regional Manager
                             Office of the Inspector General

      SWORN TO AND SUBSCRIBED before me on this the 22nd day of April 2013.

                             _Celia A Eastham_

                             NOTARY PUBLIC in and for

Celia A Eastham
Notary Public - State of Texas
My Commission Expires 1-31-2016

                             The State of Texas
                             Printed Name: Celia A Eastham
                             My commission expires: January 31, 2016

## Summary Investigative Activities
### Case Number:2011.02960

| Investigative Activities | |
|---|---|
| **DATE & INITIAL** | **ACTION/COMMENTS** |
| 2011-07-26 00:00:00.0 BGG | Assigned to Region-A |
| 8/2/11 | Case Assigned to Investigator : BRENDA GRAY |
| 10-18-11 JStamper | Case Asst - Pending autopsy reports |
| 11-14-11 | Submit for review B Gray |
| 11-15-11 JStamper | Recd for review. |
| 11-15-11 JStamper | Records NP |
| 11/21/11 | FER Rec'd |
| 11/21/11 | FER closed |
| | |
| | |
| | |
| | |
| | |

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Texas Department of Criminal Justice
OFFICE OF THE INSPECTOR GENERAL

## CRIMINAL CASE INFORMATION WORKSHEET

| 2011.02960 | Gurney | Jul 25, 2011 | Jul 26, 2011 |
|---|---|---|---|
| Case Number | Unit or Location | Date of Offense | Date Case Opening |

### Victim , Complainant or Witness

| Last Name | First Name | Party Type | Person Type | TDCJ Number | Statutes | Rank | DOB | Race | Sex | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| HUDSON | DOUGLAS | Victim | Offender / Parolee | 01722504 | CCP49.18 | | ▉ | White | Male | ▉ |
| Uy | Cesar | Witness | Contractor / Volunteer | | | | | | Male | |

### Suspects

| Last Name | First Name | Person Type | TDCJ Number | Statutes | Rank | DOB | Race | Sex | SSN |
|---|---|---|---|---|---|---|---|---|---|

### SUMMARY OF OFFENSE

On 07/24/2011 at approximately 5:55 p.m., Offender Hudson, Douglas Earl, TDCJ #1722504 was discovered lying on his bunk in cell #B8-29, shaking and unresponsive at the Gurney Unit. Offender Hudson was transported to Palestine Regional Medical Center (PMRC) in Palestine, Texas, and placed on life support for cardiac arrest and respiratory failure. Offender Hudson past medical history reveals Coronary Artery Disease and Hypertension. Offender Hudson's family was notified and traveled to PMRC where they authorized the removal of life support. On 07/25/2011 at 4:56 p.m., Offender Hudson was pronounced dead. The cause of death by Dr. Cesar Uy was listed as Septic Shock with multi organ failure.

Exact Location of Incident : Palestine Regional Medical Center; IOC Room #10
Investigator Initials : BGG      Opened By : BGG
OIG Region : Region-A

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4945          OIG - Hudson 2

Case Evidences                                                      http://10.236.154.44:8180/casemgmt/pages/crimin:{Case :d:tdetail.jsf

You are Logged in as BRENDA GRAY

## Case Evidences

Case #: 2011.02960

| Select | Tag Number | Evidence Type | Evidence Description | Date Recovered | Recent Custody Date | Date Destroyed |
|--------|------------|---------------|----------------------|----------------|---------------------|----------------|
|  | 2011.02960.0001 | Digital Media | Compact disc containing the original digital phot | Jul 26, 2011 | Jul 29, 2011 |  |

Add   |   Delete   |   Case Main

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4946                                    OIG - Hudson 3

Criminal Case Parties

http://10.236.154.44:8180/casemgmt/pages/criminalParties.jsf

You are Logged in as BRENDA GRAY

## Criminal Case Parties

| Case #: | Incident Date: | Incident Time: | Incident Location: Palestine Regional Medical | No |
| 2011.02960 | 07/25/2011 | 16:56:00 | Center; ICU Room #10 | Suspect |

| Select | Last Name | First Name | Party Type | Person Type | DOB | SID # | SSN | TDCJ Number | Sex | Unknown Suspect / Victims |
|---|---|---|---|---|---|---|---|---|---|---|
| | HUDSON | DOUGLAS | Victim | Offender / Parole | ▉ | 01467724 | ▉ | G1722504 | Male | |
| | Uy | Cesar | Witness | Contractor / Vol. | | | | | Male | |
| | TAYLOR | THOMAS | Named | Employee | ▉ | | ▉ | | Male | |
| | MILLER | DENNIS | Named | Employee | ▉ | | ▉ | | Male | |
| | Hudson | Cade | Named | Civilian | | | | | Male | |
| | WALLING | TERRY | Named | Employee | ▉ | | ▉ | | Male | |
| | WARREN | KEVIN | Named | Employee | ▉ | | ▉ | | Male | |
| | GRIFFIN | TOM | Named | Employee | ▉ | | ▉ | | Male | |
| | ANDING | DEBORAH | Named | Employee | ▉ | | ▉ | | Female | |
| | SALAS | CELESTE | Named | Employee | ▉ | | ▉ | | Female | |
| | Aronson | Judith | Witness | Contractor / Vol. | | | | | Female | |

Search Parties To Add   Add Unknown Party   View Detail   Save   Delete   Undo All   Back   Case Main
Statutes

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4947          OIG - Hudson 4

11-02960

 # CUSTODIAL DEATH REPORT

For reporting requirements and procedure, see Section 39.05 of the Penal Code, Article 49.18(b) (c) of The Code of Criminal Procedure and Article 501.055(b) of The Government Code.

Section 39.05 Failure to Report Death of Prisoner:
(a) A person commits an offense if the person is required to conduct an investigation and file a report by Article 49.18, Code of Criminal Procedure, and the person fails to investigate the death, fails to file the report as required, or fails to include in a filed report facts known or discovered in the investigation.
(b) A person commits an offense if the person is required by Section 501.055, Government Code, to:
  (1) give notice of the death of an inmate and the person fails to give the notice; or
  (2) conduct an investigation and file a report and the person:
    (A) fails to conduct the investigation or file the report, or
    (B) fails to include in the report facts known to the person or discovered by the person in the investigation.
(c) An offense under this section is a Class B misdemeanor.

Article 49.18 (a) (b) (c).  Death in Custody
(a) If a person confined in a penal institution dies, the sheriff or other person in charge of the penal institution shall as soon as practicable inform the justice of the peace of the precinct where the penal institution is located of the death.
(b) If a person dies while in the custody of a peace officer or as a result of a peace officer's use of force or if a person incarcerated in a jail, correctional facility, or state juvenile facility dies, the director of the law enforcement agency of which the officer is a member or of the facility in which the person was incarcerated shall investigate the death and file a written report of the cause of death with the attorney general no later than the 30th day after the date on which the person in custody or the incarcerated person died.  The director shall make a good faith effort to obtain all facts relevant to the death and include those facts in the report.  The attorney general shall make the report, with the exception of any portion of the report that the attorney general determines is privileged, available to any interested person.
(c) Sub-section (a) does not apply to a death that occurs in a facility operated by or under contract with the Texas Department of Criminal Justice. Subsection (b) does not apply to a death that occurs in a facility operated by or under contract with the Texas Department of Criminal Justice if the death occurs under circumstances described by Section 501.055 (b) (2), Government Code.
(d) In this article:
  (1) "Correctional facility" means a confinement facility or halfway house operated by or under contract with any division of the Texas Department of Criminal Justice.
  (2) "In the custody of a peace officer" means:
    (A) under arrest by a peace officer, or
    (B) under the physical control or restraint of a peace officer.
  (3) "State juvenile facility" means any facility or halfway house:
    (A) operated by or under contract with the Texas Youth Commission or
    (B) described by Section 51.02 (13) or (14), Family code.

Mail To:  Office of the Attorney General
          Criminal Law Enforcement Division
          P.O. Box 12548
          Austin, Texas 78711-2548
          (512) 463-2170

Date of Report:  07/26/2011

1)      AGENCY/FACILITY INFORMATION:

        Name of Agency/Facility:   TDCJ – Office of the Inspector General

        Address:                   P.O. Box 4003

        City, Zip Code:            Huntsville, TX  77342-4003

        Telephone Number:          (936) 437-5052
        Fax:                       (936) 437-5010
        Signature of Director of

Revised 6/08 Replaces Form of 07/03/ which is obsolete
CC-0297 (02/2008)

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Custodial Death Report
Page 2

2)   IDENTITY OF DECEASED:
Name of deceased:  HUDSON, Douglas Earl          SSN: ▮▮▮▮▮▮ (NOT VERIFIED BY TDCJ)
Race/Ethnic Group:
☐ African-American
☐ Native American
☒ Anglo
☐ Asian ☐ Hispanic
☐ Middle East
☐ Native Hawaiian/Pacific Islander
☐ Other (Specify)

☒ Male   DOB: ▮▮▮▮▮▮
Sex
☐ Female  Age:  62

3)   DATE OF CUSTODY (arrest, incarceration):
Date:  07/20/2011
Time: Hour: _____ Min _____ am☐  pm☐

4)   DATE/TIME OF DEATH:
Month: July      Day: 25      Year: 2011
Time: Hour: 4      Min: 56      am☐ pm☒

5)   WHERE DID THE EVENT CAUSING THE DEATH OCCUR?
Street Address: 1385 FM 3328
City: Palestine
County: Anderson

6)   HAS A MEDICAL EXAMINER OR CORONER CONDUCTED AN EVALUATION
TO DETERMINE A CAUSE OF DEATH?
☐ Yes, results are available
☐ Yes, results are pending
☒ No, evaluation pending
☐ No, evaluation not planned

7)   MANNER OF DEATH:
1. ☐ Accidental injury to self
2. ☐ Accidental injury by others
3. ☐ Alcohol/Drug Intoxication
4. ☐ Justifiable Homicide
5. ☐ Other Homicide
6. ☐ Suicide
7. ☒ Natural Causes/Illness-Specify: Coronary Artery disease, Paroxysmal Ventricular Tachycardia, hyper....
8. ☐ Other-Specify:

8)   MEDICAL CAUSE OF DEATH:  Septic Shock with Multi Organ failure

9)   WAS THE CAUSE OF DEATH THE RESULT OF A PRE-EXISTING MEDICAL CONDITION OR DID THE
DECEASED DEVELOP THE CONDITION AFTER ADMISSION?
1. ☐ Pre-existing medical condition
2. ☐ Deceased developed condition after admission
3. ☐ N/A – cause of death was accidental injury, intoxication, suicide, or homicide.
4. ☒ Don't Know

Revised 5/06 Replaces Form of 07/03 which is obsolete
CCJ-0287 (02/2008)

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

10)  HAD THE DECEASED BEEN RECEIVING TREATMENT FOR THE MEDICAL CONDITION AFTER
ADMISSION TO YOUR JAIL'S JURISDICTION?
- [ ] Not Applicable
- [ ] No
- [x] Yes-If yes, describe below (include only treatment and medication related to the medical condition that caused the deceased's death. Exclude emergency care provided at time of death):

Elavil, Zantia, Lopressor

_____

_____

11)  WHAT TYPE OF CUSTODY/FACILITY WAS THE OFFENDER IN/AT PRIOR TO THE TIME OF DEATH?
- [ ] Police Custody (pre-booking)
- [x] Penitentiary
- [ ] Municipal Jail
- [ ] County Jail

12)  SPECIFIC TYPE OF CUSTODY/FACILITY
- [ ] Custody of Peace Officer during/fleeing arrest
- [ ] Custody of Peace Officer subsequent to arrest
- [x] TDCJ-ID (Unit):  Garney
- [ ] Jail-single cell
- [ ] Jail-detox cell
- [ ] Jail-Multiple occupancy cell
- [ ] Jail-holding cell
- [ ] Jail-day room/recreation area
- [ ] Correctional Rehabilitation Facility
- [ ] Hospital/Infirmary
- [ ] Halfway House/Restitution Center
- [ ] Non-law enforcement detox facility    Name:
- [ ] TYC-Facility:
- [ ] TJPC Detention Center:

13)  WHAT WERE THE MOST SERIOUS OFFENSE(S) WITH WHICH THE DECEASED WAS (OR WOULD HAVE BEEN)
CHARGED WITH AT THE TIME OF DEATH (required)
1. DWI-Enhanced
2. _____
3. _____

- [ ] Filed
- [x] Convicted
- [ ] Probation/Parole
- [ ] Not filed at time of death

Type of Charges
- [ ] Violent Crime against Persons
- [ ] Child Abuse
- [ ] Serious Crime against Property
- [x] Alcohol/Drug Offense
- [ ] Other-specify :

Revised 5/06 Replaces Form of 07/03 which is obsolete
CC-0267 (02/2008)

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

14) DID THE DECEASED DIE FROM A MEDICAL CONDITION OR FROM INJURIES SUSTAINED AT THE CRIME/ARREST SCENE?
☐ Medical condition only
☐ Injuries only
☐ both medical condition and injuries
☒ Don't Know
☐ Not Applicable

15) IF INJURED AT THE CRIME/ARREST SCENE, HOW WERE THESE INJURIES SUSTAINED?
☐ Inflicted by law enforcement officers
☐ Inflicted by others at crime/arrest scene
☐ Self-inflicted--accidental
☐ Self-inflicted--suicide
☐ Unknown
☒ Not Applicable

16) WAS THE DECEASED UNDER RESTRAINT IN THE TIME LEADING UP TO THE DEATH OR THE EVENT CAUSING THE DEATH?
☒ No      ☐ Yes, If yes, mark which restraint devices were used:
            ☐ Handcuffs
            ☐ Leg shackles
            ☐ Other device-Specify

17) WHAT TYPE OF WEAPON(S) CAUSED THE DEATH?  (MARK ALL THAT APPLY)
☐ Handgun
☐ Rifle/Shotgun
☐ Nightstick or baton
☐ Stun gun or taser
☐ Other--specify
☒ Not applicable

18) AT ANY TIME DURING THE ARREST/INCIDENT DID THE DECEASED: MARK ALL THAT APPLY
☐ Appear intoxicated (either alcohol or drugs)
☐ Threaten the officer(s) involved?
☐ Resist being handcuffed or arrested ?
☐ Try to escape/flee from custody?
☐ Grab, hit or fight with the officer(s) involved?
☐ Use a weapon to threaten or assault the officer(s)   Specify
☐ Other – specify
☒ Not applicable

19) WHERE DID THE DECEASED DIE?
☐ At law enforcement facility
☐ At the crime/arrest scene
☒ At medical facility
☐ En route to medical facility
☐ En route to booking center/police lookup
☐ Elsewhere – Specify:

20) WHAT WAS THE TIME AND DATE OF THE DECEASED'S ENTRY INTO THE LAW ENFORCEMENT FACILITY WHERE THE DEATH OCCURRED?
☐ N/A
Month: 07      Day: 20      Year: 2011
Time: Hour: _____   Min: _____      AM: ☐   PM: ☐

Revised 8/06 Replaces Form of 07/03/ which is obsolete
CC-0267 (02/2008)

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

21) AT THE TIME OF ENTRY INTO THE FACILITY DID THE DECEASED:   MARK ALL THAT APPLY

  ☐  Appear intoxicated (either alcohol or drugs)?
  ☐  Exhibit any mental health problems?
  ☐  Exhibit any medical problems?
  ☒  Not applicable

22) IF DEATH WAS AN ACCIDENT OR HOMICIDE, WHO CAUSED THE DEATH?
  ☐  Deceased
  ☐  Other detainees
  ☐  Law enforcement/correctional staff
  ☐  Other persons–specify
  ☐  Don't know
  ☒  Not applicable; cause of death was suicide, intoxication or illness/natural causes

23) IF DEATH WAS AN ACCIDENT, HOMICIDE OR SUICIDE, WHAT WAS THE MEANS OF DEATH?
  ☐  Firearm
  ☐  Blunt instrument
  ☐  Knife, cutting instrument
  ☐  Hanging, strangulation
  ☐  Drug overdose
  ☐  Other – specify
  ☒  Not applicable; cause of death was intoxication or illness/natural causes

24) ATTACH A SUMMARY OF HOW THE DEATH OCCURRED:

Revised 6/08 Replaces Form of 07/03/ which is obsolete
CC-0287 (02/2008)

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4952          OIG - Hudson 9



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## OFFICE OF THE INSPECTOR GENERAL

### INCIDENT / INVESTIGATION REPORT

| | | | | | ORI#: | CASE #: |
|---|---|---|---|---|---|---|
| STATUTE 1: | CRIME CLASS: | DESCRIPTION: | | | 236075C | 2011. 02960 |
| | | Death in Custody | | | | |
| STATUTE 2: | CRIME CLASS: | DESCRIPTION: | | | | |
| STATUTE 3: | CRIME CLASS: | DESCRIPTION: | | | | |

**Incident Data**

| DATE OF INCIDENT: | DAY: | TIME: | DATE REPORTED: | TIME REPORTED: | INVESTIGATED BY: | |
|---|---|---|---|---|---|---|
| 7/25/2011 | Monday | 4:56 p.m. | 7/25/2011 | 3:30 p.m. | Brenda Gray | |
| LOCATION OF INCIDENT | | | | COUNTY OF OFFENSE / CODE: | TYPE OF PREMISES: | |
| Palestine Regional Medical Center | | | | Anderson / 001 | Hospital | |

**Reporter**

| PERSON REPORTING INCIDENT: NAME: (LAST, First, MI) | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR |
|---|---|---|---|---|---|
| Miller, Dennis | | W | Male | | |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: | | SECONDARY TELEPH | |
| | | 903-928-3118 | | | |
| BUSINESS ADDRESS: | | EMPLOYER: | | | |
| 1385 FM 3328; Palestine, Texas 75803 | | TDCJ | | | |
| OCCUPATION: | | ADDITIONAL INFORMATION: | | | |
| Warden/Gurney Unit | | | | | |

**Victim**

| VICTIM #1: NAME: (LAST, First, MI) | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR |
|---|---|---|---|---|---|
| HUDSON, Douglas Earl | | W | Male | | 0172 |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: | | SECONDARY TELEPH | |
| Gurney Unit: 1385 FM 3328; Palestine, Texas 75803 | | | | | |
| BUSINESS ADDRESS: | | EMPLOYER: | | | |
| OCCUPATION: | | ADDITIONAL INFORMATION: | | | |

**Witness**

| WITNESS 1: NAME: (LAST, First, MI) | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR |
|---|---|---|---|---|---|
| UY, Cesar | | U | Male | | |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: | | SECONDARY TELEPH | |
| | | 903-731-1000 | | | |
| BUSINESS ADDRESS: | | EMPLOYER: | | | |
| 2900 S. Loop 256; Palestine, Texas 75801 | | Palestine Regional Medical Center | | | |
| OCCUPATION: | | ADDITIONAL INFORMATION: | | | |
| Medical Doctor | | | | | |

ADDENDUM ATT.

**SUMMARY:**
On 07/24/2011 at approximately 5:55 p.m., Offender Hudson, Douglas Earl, TDCJ #1722504 was discovered lying on his bunk in cell #B8-29, shaking and unresponsive at the Gurney Unit. Offender Huds on was transported to Palestine Regional Medical Center (PMRC) in Palestine, Texas, and placed on life support for cardiac arrest and respiratory failure. Offender Hudson's family was notified and traveled

| | | |
|---|---|---|
| Investigator's Signature | 197 | 7/27/2. |
| | ID# | DATE |
| Approving Supervisor's Signature | | |
| | ID# | DATE |
| CC-9240 Draft (05/2014) | | Page    of |

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

INCIDENT/INVESTIGATION REPORT                                              CASE #

PMRC where they authorized the discontinuance of life support. On 07/25/2011 at 4:56 p.m., Offer of
Hudson was pronounced dead. The cause of death by Dr. Cesar Uy was listed as Septic Shock with multi
organ failure.

Investigator's Signature                     ID#                    197        DATE    7/27/

Approving Supervisor's Signature             ID#                               DATE

CC-0140 Draft(05/2011)                                            Page      of

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4954                                  OIG - Hudson 11



TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# OFFICE OF THE INSPECTOR GENERAL

### INCIDENT / INVESTIGATION REPORT

| | | | | ORИ: 236075C | CASE #: 2011. 02960 |
|---|---|---|---|---|---|
| *STATUTE 1:* CCP 49.18 | *CRIME CLASS:* | *DESCRIPTION:* Death in Custody | | | |
| *STATUTE 2:* | *CRIME CLASS:* | *DESCRIPTION:* | | | |
| *STATUTE 3:* | *CRIME CLASS:* | *DESCRIPTION:* | | | |

**Incident Data**

| *DATE OF INCIDENT:* 7/25/2011 | *DAY:* Monday | *TIME:* 4:56 p.m. | *DATE REPORTED:* 7/25/2011 | *TIME REPORTED:* 3:30 p.m. | *INVESTIGATED BY:* Brenda Gray |
|---|---|---|---|---|---|
| *LOCATION OF INCIDENT* Palestine Regional Medical Center | | | | *COUNTY OF OFFENSE KODE:* Anderson / 001 | *TYPE OF PREMISES:* Hospital |

**Reportee**

| *PERSON REPORTING INCIDENT: NAME: (LAST, First, MI)* Miller, Dennis | | *DOB:* ▮ | *RACE:* W | *SEX:* Male | *SOCIAL SECURITY #:* ▮ | *DL OR 'NI…* |
|---|---|---|---|---|---|---|
| *HOME ADDRESS:* | | | | *PRIMARY TELEPHONE #:* 903-928-3118 | *SECONDARY TELEPHONE #:* | |
| *BUSINESS ADDRESS:* 1385 FM 3328; Palestine, Texas 75803 | | | | *EMPLOYER:* TDCJ | | |
| *OCCUPATION:* Warden/Gurney Unit | | | | *ADDITIONAL INFORMATION:* | | |

**Victim**

| *VICTIM #1: NAME: (LAST, First, MI)* HUDSON, Douglas Earl | | *DOB:* ▮ | *RACE:* W | *SEX:* Male | *SOCIAL SECURITY #:* ▮ | *DL OR 'DC…* 01722504 |
|---|---|---|---|---|---|---|
| *HOME ADDRESS:* Gurney Unit; 1385 FM 3328; Palestine, Texas 75803 | | | | *PRIMARY TELEPHONE #:* | *SECONDARY TELEPHONE #:* | |
| *BUSINESS ADDRESS:* | | | | *EMPLOYER:* | | |
| *OCCUPATION:* | | | | *ADDITIONAL INFORMATION:* | | |

**Witness**

| *WITNESS #1: NAME: (LAST, First, MI)* UY, Cesar | | *DOB:* | *RACE:* U | *SEX:* Male | *SOCIAL SECURITY #:* | *DL OR 'DCJ #:* |
|---|---|---|---|---|---|---|
| *HOME ADDRESS:* | | | | *PRIMARY TELEPHONE #:* 903-731-1000 | *SECONDARY TELEPHONE #:* | |
| *BUSINESS ADDRESS:* 2900 S. Loop 256; Palestine, Texas 75801 | | | | *EMPLOYER:* Palestine Regional Medical Center | | |
| *OCCUPATION:* Medical Doctor | | | | *ADDITIONAL INFORMATION:* | | |

ADDENDUM ATTACHED NO

**SUMMARY:**
On 07/24/2011 at approximately 5:55 p.m., Offender Hudson, Douglas Earl, TDCJ #1722504 was discovered lying on his bunk in cell #B8-29, shaking and unresponsive at the Gurney Unit. Offender Hudson was transported to Palestine Regional Medical Center (PMRC) in Palestine, Texas, and placed on life support for cardiac arrest and respiratory failure. Offender Hudson's family was notified and traveled to

| | 197 | 11/14/2011 |
|---|---|---|
| *Investigator's Signature* | *ID#* | *DATE* |
| | 105 | 11/15/2011 |
| *Approving Supervisor's Signature* | *ID#* | *DATE* |

CC-0280 Draft (05/2011)      Copy of OIG case to Litigation Support on 04.18.2013 by ce.      Page 1 of 8
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

INCIDENT/INVESTIGATION REPORT                                                 CASE #: 2011. 02960

PMRC where they authorized the discontinuance of life support. On 07/25/2011 at 4:56 p.m., Offender
Hudson was pronounced dead. The cause of death by Dr. Cesar Uy was listed as Septic Shock with multi
organ failure.

Investigator's Signature                                    ID# *197*            DATE *11/14/20*

Approving Supervisor's Signature                            ID#               DATE

CC-0240 Draft(05/2011)

Copy of OIG case to Litigation Support on 04-18-2013 by ca.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED                        Page  2  of  8

                        OIG - Hudson 13

INCIDENT/INVESTIGATION REPORT                                                                                    CASE #: 2011.02960

## ADDITIONAL: VICTIMS, WITNESSES OR NAMED PARTIES

| Named #1 | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR TDCJ #: |
|---|---|---|---|---|---|
| TAYLOR, Thomas | ▮ | W | Male | ▮ | |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: 903-928-3118 | | SECONDARY TELEPHONE #: | |
| BUSINESS ADDRESS: Gurney Unit; 1385 FM 3328; Palestine, Texas 75803 | | EMPLOYER: TDCJ | | | |
| OCCUPATION: Chaplain | | | | | |

| Named #2 | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR TDCJ #: |
|---|---|---|---|---|---|
| HUDSON, Cade | ▮ | W | Male | ▮ | |
| HOME ADDRESS: 2404 Sandstone Road; Burleston, Texas 76028 | | PRIMARY TELEPHONE #: 817-675-3329 | | SECONDARY TELEPHONE #: | |
| BUSINESS ADDRESS: | | EMPLOYER: TDCJ | | | |
| OCCUPATION: CO5 | | | | | |

| Named #3 | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR TDCJ #: |
|---|---|---|---|---|---|
| WALLING, Terry | ▮ | W | Male | ▮ | |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: 903-928-3118 | | SECONDARY TELEPHONE #: | |
| BUSINESS ADDRESS: Gurney Unit; 1385 FM 3328; Palestine, Texas 75803 | | EMPLOYER: TDCJ | | | |
| OCCUPATION: CO5 | | | | | |

| Named #4 | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR TDCJ #: |
|---|---|---|---|---|---|
| WARREN, Kevin | ▮ | W | Male | ▮ | |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: 903-928-3118 | | SECONDARY TELEPHONE #: | |
| BUSINESS ADDRESS: Gurney Unit; 1385 FM 3328; Palestine, Texas 75803 | | EMPLOYER: TDCJ | | | |
| OCCUPATION: CO5 | | | | | |

| Named #5 | DOB: | RACE | SEX: | SOCIAL SECURITY #: | DL OR TDCJ #: |
|---|---|---|---|---|---|
| GRIFFIN, Tom | ▮ | W | Male | ▮ | |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: 903-928-3118 | | SECONDARY TELEPHONE #: | |
| BUSINESS ADDRESS: Gurney Unit; 1385 FM 3328; Palestine, Texas 75803 | | EMPLOYER: TDCJ | | | |
| OCCUPATION: CO5 | | | | | |

| Witness #2 | DOB: | RACE: | SEX: | SOCIAL SECURITY #: | DL OR TD: |
|---|---|---|---|---|---|
| ARONSON, Judith F. | | | | | |
| HOME ADDRESS: | | PRIMARY TELEPHONE #: 4097721238 | | SECONDARY TELEPHONE | |
| BUSINESS ADDRESS: UTMB; Galveston, Texas 77555 | | EMPLOYER UTMB | | | |
| OCCUPATION: MD, Pathologist | | | | | |

| _Investigator's Signature_ | ID# _197_ | DATE _11/14/___ |
|---|---|---|
| Approving Supervisor's Signature | ID# | DATE |

CC-0240 Draft(05/2011)

Copy of OIG case to Litigation Support on 04.18.2013 by ce
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Page 3 of 8

INCIDENT/INVESTIGATION REPORT _____   _____   CASE #: 2011 02960

## SUSPECTS

| SUSPECT #1: (LAST, First, MI) | | | | HOME ADDRESS: | | | | | PRIMARY TELEPHONE #: | |
|---|---|---|---|---|---|---|---|---|---|---|
| N/A | | | | | | | | | | |
| OCCUPATION: | | | | BUSINESS ADDRESS: | | | | | SECONDARY TELEPHONE #: | |
| RACE: | SEX: | DOB: | HEIGHT: | WEIGHT: | BUILD: | HAIR: | EYES: | COMPLEXION: | SOC SEC #: | DRIVERS LICENSE #: |
| TDCJ #: | | SID#: | | FBI#: | | BIRTH PLACE: | ADDITIONAL INFORMATION: | | | |

| SUSPECT #2: (LAST, First, MI) | | | | HOME ADDRESS: | | | | | PRIMARY TELEPHONE #: | |
|---|---|---|---|---|---|---|---|---|---|---|
| OCCUPATION: | | | | BUSINESS ADDRESS: | | | | | SECONDARY TELEPHONE #: | |
| RACE: | SEX: | DOB: | HEIGHT: | WEIGHT: | BUILD: | HAIR: | EYES: | COMPLEXION: | SOC SEC #: | DRIVERS LICENSE #: |
| TDCJ #: | | SID#: | | FBI#: | | BIRTH PLACE: | ADDITIONAL INFORMATION: | | | |

| SUSPECT #3: (LAST, First, MI) | | | | HOME ADDRESS: | | | | | PRIMARY TELEPHONE #: | |
|---|---|---|---|---|---|---|---|---|---|---|
| OCCUPATION: | | | | BUSINESS ADDRESS: | | | | | SECONDARY TELEPHONE #: | |
| RACE: | SEX: | DOB: | HEIGHT: | WEIGHT: | BUILD: | HAIR: | EYES: | COMPLEXION: | SOC SEC #: | DRIVERS LICENSE #: |
| TDCJ #: | | SID#: | | FBI#: | | BIRTH PLACE: | ADDITIONAL INFORMATION: | | | |

| SUSPECT #4: (LAST, First, MI) | | | | HOME ADDRESS: | | | | | PRIMARY TELEPHONE #: | |
|---|---|---|---|---|---|---|---|---|---|---|
| OCCUPATION: | | | | BUSINESS ADDRESS: | | | | | SECONDARY TELEPHONE #: | |
| RACE: | SEX: | DOB: | HEIGHT: | WEIGHT: | BUILD: | HAIR: | EYES: | COMPLEXION: | SOC SEC #: | DRIVERS LICENSE #: |
| TDCJ #: | | SID#: | | FBI#: | | BIRTH PLACE: | ADDITIONAL INFORMATION: | | | |

| SUSPECT #5: (LAST, First, MI) | | | | HOME ADDRESS: | | | | | PRIMARY TELEPHONE #: | |
|---|---|---|---|---|---|---|---|---|---|---|
| OCCUPATION: | | | | BUSINESS ADDRESS: | | | | | SECONDARY TELEPHONE #: | |
| RACE: | SEX: | DOB: | HEIGHT: | WEIGHT: | BUILD: | HAIR: | EYES: | COMPLEXION: | SOC SEC #: | DRIVERS LICENSE #: |
| TDCJ #: | | SID#: | | FBI#: | | BIRTH PLACE: | ADDITIONAL INFORMATION: | | | |

Investigator's Signature _____   ID# 197   DATE 11/14/20..

Approving Supervisor's Signature _____   ID# _____   DATE _____

CC-0240 Draft(05/2011)

Copy of OIG case to Litigation Support on 04.18.2013 by ss
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Page 4 of 8

Plaintiffs' MSJ Appx. 4958          OIG - Hudson 15

INCIDENT/INVESTIGATION REPORT                                                                    CASE #: 2011. 02960

## INTRODUCTION:

Investigator Brenda Gray is currently assigned as a Criminal Investigator with the TDCJ-Office of the Inspector General, Region A.

## REPORTEE'S STATEMENT:

On 07/25/2011 at approximately 3:30 p.m., Investigator Brenda Gray was contacted by Warden Dennis Miller, Gurney Unit. Warden Miller reported on 07/24/2011 at approximately 7:45 p.m., Gurney Unit Offender, Douglas Hudson, TDCJ #1722504 was transported to Palestine Regional Medical Center (PRMC) in Palestine, Texas for suspected cardiac arrest. Warden Miller advised Offender Hudson was admitted into ICU in critical condition with life support being administered. Warden Miller advised Offender Hudson's conditioned had worsened and the family was currently at PRMC with Chaplain Thomas Taylor. Warden Miller reported the Offender Hudson's family had made the decision to discontinue the life support.

## CRIME SCENE DESCRIPTION:

This incident occurred at Palestine Regional Medical Center, Intensive Care Unit Room #10, a public hospital, located at 2900 S. Loop 256; Palestine, Texas 75803.

## INVESTIGATOR'S NARRATIVE:

Records reveal that Offender Hudson was received by TDCJ on 07/20/2011 and assigned to the Gurney Unit. On 07/24/2011 at approximately 9:00 a.m. Offender Hudson requested and received a medical pass from Officer Celeste Salas, CO5, after complaining that Offender Hudson was not feeling well. Offender Hudson returned to his assigned bunk at approximately 5:00 p.m. After Offender Hudson arrived back to his bunk, Officer Deborah Anding, CO5, asked Offender Hudson if Offender Hudson was feeling well. Officer Anding reports Offender Hudson replied that he was ok and had just returned from medical where he had received his medication.

On 07/24/2011 at approximately 5:55 p.m., Office Tom Griffin, CO5, Gurney Unit, observed Offender Douglas Hudson, TDCJ #1722504 in his assigned bunk, B8-29 responsive but shaking uncontrollably. Due to no on site medical staff at Gurney, Beto Medical was notified and Offender Hudson was transported to the Beto Unit by Gurney Officers, via transport van. UTMB medical records reveal Offender Hudson arrived at Beto Unit, non-responsive, with atrial flutter, and a body temperature of 104.8 degrees (outside temperature over 100 degrees). Life saving techniques began and Offender Hudson was transported by EMS to Palestine Regional Medical Center (PRMC) to be immediately Life Flighted to East Texas Medical Center (ETMC). Records reveal prior to departure of Life Flight, Offender Hudson went in to Cardiac Arrest and determined as unstable for transfer. Offender Hudson was placed on life support and admitted into the Intensive Care Unit (ICU) at PRMC.

On 07/25/2011 at approximately 3:30 p.m., Warden Dennis Miller, Gurney Unit, contacted Investigator Brenda Gray to report the family of Offender Douglas Hudson, TDCJ # 1722504, was currently at PRMC and authorized the discontinuance of life support to Offender Hudson. Warden Miller reported family members and TDCJ Chaplain Thomas Taylor were present at PRMC.

_____                                    _197_          _11/14/20..._
Investigator's Signature                                    ID#              DATE
_____

Approving Supervisor's Signature                             ID#              DATE
CC-0240 Draft(05/2011)          Copy of OIG case to Litigation Support on 04.18.2013 by ce
                                 UNAUTHORIZED COPYING OR VIEWING PROHIBITED              Page 5 of 8

Plaintiffs' MSJ Appx. 4959                                    OIG - Hudson 16

INCIDENT/INVESTIGATION REPORT _____ _____ ____ CASE #: 2011 02960

At approximately 4:00 p.m., Investigator Gray arrived at PRMC. Investigator Gray located Offender Hudson in ICU, Room #10 with Officers Terry Walling and Kevin Warren maintaining the TDCJ Transport Log. Offender Hudson was lying on his back in bed wearing a hospital gown and partially covered by a sheet. IV's and a ventilator were observed connected to Offender Hudson.

At approximately 4:47 p.m., life support was discontinued. Cade Hudson (Offender Taylor's son) and other family members were permitted to enter Offender Taylor's room. Chaplain Thomas was also present. On 07/25/2011 at 4:56 p.m. Offender Taylor was pronounced dead; with Dr. Cesar Ny death diagnoses being Septic shock with multi-organ failure, Multi lobe pneumonia, Supraventricular tachycardia, Coronary artery disease, Hypertension, and Acute respiratory failure.

After the family exited ICU, Investigator Gray photographed the body of Offender Hudson. Investigator Gray did not observe any lacerations or contusions on the body of Offender Taylor. At approximately 5 26 p.m. Judge James Wesley, Justice of the Peace Precinct 4, was notified and declined conducting an inquest due to Dr. Ny signing the death certificate. Investigator Gray obtained PRMC and UTMB medical records for Offender Hudson and completed an Investigator's Custodial Death Report.

Offender Hudson's medical history revealed Coronary Artery Disease, Paroxysmal Ventricular Tachycardia, and Hypertension. Offender Hudson's current medications were listed as Elavil, Ecotrin, and Lopressor.

Carnes Funeral Home was notified to transport the body of Offender Taylor.

Investigator Gray completed and submitted an AG Death Report. Investigator Gray obtained TDCJ Administrative Review Report Incident #I-10459-07-11 which contains IOC's from Officers and Offenders that report Officer Hudson appeared ill and received medical assistance from Gurney staff.

On 07/26/2011, Investigator Gray downloaded digital photographs onto a compact disk and placed the compact disc into Beto Evidence Inventory #11-047 (case management inventory #2011.02960.0001).

On 08/08/2011, the Provisional Autopsy Report #AU-11-00155 dated 07/29/2011 by Pathologist Judith F. Aronson, M.D. was received. The report listed the heart was enlarged with biventricular hypertrophy. Findings in the heart and lungs suggested pulmonary hypertension and the brain was swollen. Manner of death was pending further studies.

On 09/06/2011, Investigator Gray received Offender Hudson's death certificate, which lists the manner of death as natural.

On 10/10/2011, the Final Autopsy Report #AU-11-00155 dated 10/05/2011 by Pathologist Judith F. Aronson, M.D. was received. The report states, at autopsy, there were a number of findings characteristic (but not diagnostic of) heat stroke. Finding included multifocal hemorrhages in skin, lung, lamina propria of bowel and bronchi, and tongue correlate with coagulopathy. The kidneys showed findings consistent with acute tubular necrosis. The brain showed extensive acute ischemic changes and edema, the result of anoxic brain injury from the cardiac arrest. The lungs showed very focal, microscopic areas of acute bronchopneumonia which was viewed as a complication of his arrest and intubation.

| | | |
|---|---|---|
| Investigator's Signature | 197 | 11/14/ |
| | ID# | DATE |

| | | |
|---|---|---|
| Approving Supervisor's Signature | ID# | DATE |

INCIDENT/INVESTIGATION REPORT _____ _____ CASE #: 2011.02960

In summary, it is in the opinion of the pathologist that the cause of death is environmental hyperthermia (heat stroke) with contributory factors of atherosclerotic cardiovascular disease, and treatment with amitryptiline (a medication known to interfere with heat dissipation mechanisms). The manner of death is listed as accident.

Toxicology (Performed at Aegis sciences Corp) are pending at the time of the final autopsy report with results to be reported separately. A supplement will be submitted when Toxicology report is received

## VICTIM(S):

Offender Douglas Earl Hudson, TDCJ #1722504 was a 62 year old white male serving a 25 year sentence for DWI/Enhanced out of Johnson County. Offender Hudson was received by TDCJ on 07/20/2011 and was housed at Gurney Unit, B8-29.

## SUSPECT(S):

N/A

## WITNESSES:

Tom Griffin, CO 5, Gurney Unit- Officer Griffin reports he observed Offender Hudson responsive but shaking uncontrollably in Offender Hudson's cell and initiated medical assistance.

Cesar Uy, MD-PRMC- Dr. Uy can testify to medical condition of Offender Hudson while at PRMC.

## EVIDENCE:

Evidence Inventory #11-047 is described as a compact disc containing the digital photographs taken by Investigator Gray and placed into Beto Evidence under Evidence Inventory #11-047 (Case Management #2011.02960.0001) for safekeeping and preservation.

## DISPOSITION:

## ATTACHMENTS:

1. Copy of EAC #I-10459-07-11.
2. Copy of Administrative Incident Review #I-10459-07-11.
3. Copy of PRMC, UTMB, Gurney Unit Medical Records for Offender Hudson.
4. Copy of Evidence Tag #11-047 and photos.
5. Copy of Offender Hudson's travel card.
6. Copy of Investigator's Report of Custodial Death Report.
7. Copy of AG Report.
8. Copy of photographs on Inventory #11-047.
9. Copy of TDCJ records for Offender Hudson.

| Investigator's Signature | 197 | 11/14 |
|---|---|---|
| | ID# | DATE |

| Approving Supervisor's Signature | | DATE |
|---|---|---|
| | ID# | |

Plaintiffs' MSJ Appx. 4961                    OIG - Hudson 18

INCIDENT/INVESTIGATION REPORT _____   _____   CASE #: 2011-083-80

10. Copy of Death Certificate.
11. Provisional Autopsy Report #AU-11-00155 dated 07/29/2011.
12. Final Autopsy Report #AU-11-00155 dated 09/12/2011.

Investigator's Signature _____   ID# 197   DATE 11/14/201:

Approving Supervisor's Signature   Copy of OIG case to Litigation Support on 04.18.2013 by jce.   DATE
                                   UNAUTHORIZED COPYING OR VIEWING PROHIBITED
CC-0240 Draft(05/2011)                                                    Page 8 of 8

```
****************************************************************************
*** REQUESTOR: BGR7581 - GRAY, BRENDA          OFFICE OF INSPECTOR GENERAL   ***
****************************************************************************
***                    S Y S M   I N B A S K E T   P R I N T              ***

MESSAGE ID: 898526T     DATE: 07/26/11  TIME: 10:11am  PRIORITY: 000

TO:         BGR7581 - GRAY, BRENDA
            INVESTIGATOR
            OFFICE OF INSPECTOR GENERAL
            1391 FM 3328
            TENNESSEE COLONY, TX 75880


FROM:       MGR7512 - GRAHAM, MIKE
            CAPTAIN
            GURNEY UNIT
            1385 FM 3328
            TENNESSEE COLONY TEXAS 75861


SUBJECT:    I-10459-07-11


*** Original Author:  TBA3028 - BAGLEY, TERRY; 07/25/11 09:47pm

EAC USE ONLY:  DATE REPORTED:.....................TIME REPORTED:...............

EMERGENCY ACTION CENTER INCIDENT NO:  I - 10459 - 07 - 11
MAJOR USE OF FORCE NUMBER (IF APPLICABLE):  M - NA    -    -
TYPE OF INCIDENT: OFFENDER DEATH
UNIT: ND   REGION 02  DATE OCCURRED: 07 / 25 / 2011  TIME OCCURRED: 1656
SPECIFIC LOCATION: PALESTINE REG MEDICAL CENTER
INITIAL INCIDENT COMMANDER:  (IF APPLICABLE)
RANK/NAME: NA
FINAL INCIDENT COMMANDER (IF COMMAND WAS TRANSFERRED):
RANK/NAME: NA
LEVEL OF RESPONSE:  (INDICATE ALL THAT APPLY)
    A      B      C      D      E    X N/A (IF INCIDENT WAS HANDLED WITHOUT
REQUEST FOR RESPONSE TEAM)
GANG IDENTIFICATION: NA
WAS OFFICE OF INSPECTOR GENERAL NOTIFIED:  X YES     NO
WAS INCIDENT RACIALLY MOTIVATED:    YES X NO



                        OFFENDER INFORMATION
OFFENDER NAME (LAST, FIRST M)    TDCJ NO   CUST RACE SEX AGE INJ A-V
```

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

HUDSON, DOUGLAS                    1722504      G2      W    M    62        V

WERE OFFENDERS TRANSFERRED TO A HOSPITAL X YES    NO
BY: X EMS   VAN   LIFE FLIGHT
NAME OF HOSPITAL: PALESTINE REGIONAL HOSPITAL
TREATMENT: INTENSIVE CARE

                      EMPLOYEE INFORMATION
NAME (LAST, FIRST M)              SSN      RACE   SEX    AGE       RANK
  NA

WHEN REPORTING AN ALLEGED SEXUAL ASSAULT PLEASE PROVIDE THE FOLLOWING
WAS A RAPE KIT COMPLETED    YES   NO   DECLINED
WAS A SEXUAL ASSAULT REPRESENTATIVE REQUESTED/PROVIDED    YES    NO    DECLINED
IF YES NAME/TITLE OF REPRESENTATIVE:

WHEN REPORTING A DEATH/SUICIDE/HOMICIDE PLEASE PROVIDE THE FOLLOWING
DATE: 07 / 25 / 2011  TIME: 16 : 56 PRONOUNCED DECEASED
PERSON PRONOUNCING VICTIM DECEASED NAME/TITLE: CESAR UY/MD
COUNTY WHERE DEATH OCCURRED: ANDERSON
PRELIMINARY CAUSE OF DEATH: SEPTIC SHOCK WITH MULTI ORGAN FAILURE
NEXT OF KIN NOTIFIED X YES    NO  DATE: 07 / 25 / 2011  TIME: 16 : 56
NAME OF NOK: CADE HUDSON
HUNTSVILLE FUNERAL HOME NOTIFIED X YES    NO
JUSTICE OF PEACE NOTIFIED: X YES    NO

                DESCRIPTION OF WEAPON(S) CONTRABAND
  NA

                   CHEMICAL AGENT INFORMATION
AMOUNT                   LIST TYPE                  AUTHORIZATION
  NA

WAS TEAM AUTHORIZED   YES X NO   DECONTAMINATED   YES X NO   INJURIES   YES : NO

WERE ANY TECHNOLOGIES/PROTECTIVE EQUIPMENT/CANINE LISTED BELOW PERTINENT TO
THIS INCIDENT?
YES        NO X

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

```
                    IF YES, INDICATE APPLICABLE
PARCEL SCANNER                            NA
WALK THROUGH METAL DETECTOR              NA
HAND HELD METAL DETECTOR                 NA
B.O.S.S. CHAIR                           NA
VIDEO SURVEILLANCE                       NA
HEARTBEAT DETECTION SYSTEMS              NA
BODY ALARM                               NA
PERIMETER FENCE DETECTION SYSTEMS        NA
STAB-RESISTANT VEST                      NA
NARCOTIC DETECTOR CANINE                 NA
CELL PHONE DETECTOR CANINE               NA
PACK CANINES                             NA
S.A.R. CANINES                           NA
CONTRABAND INTERDICTION SHAKEDOWN TEAM   NA
OTHER:  NA
```

WHEN APPLICABLE INCLUDE IN THE "SUMMARY OF INCIDENT" HOW THE RESOURCE(S)
IDENTIFIED ABOVE WAS RELEVANT TO THE INCIDENT.

SUMMARY OF INCIDENT

ON 07-24-2011, AT APPROXIMATELY 1755 HOURS, ON THE JOE F. GURNEY TRANSFER
FACILITY LOCATED IN PALESTINE, TEXAS, IN REGION II, OFFENDER HUDSON, DOUGLAS
1722504, WAS LYING IN HIS BUNK, B8-29, WHEN HE BEGAN TO SHAKE AND BECAME
UNRESPONSIVE. THE OFFICER ASSIGNED TO THE BUILDING NOTIFIED A SUPERVISOR
IMMEDIATELY. LT. RONALD JOHNSON RESPONDED TO THE BUILDING WITH A WHEELCHAIR
AND ESCORTED OFFENDER HUDSON TO THE GUNEY UNIT INFIRMARY.

OFFENDER HUDSON IS A G2 CUSTODY OFFENDER SERVING A 25 YEAR SENTENCE OUT OF
JOHNSON COUNTY FOR DWI-3 OR MORE. HE IS A WHITE MALE, 62 YEARS OLD, 6'3" TALL
AND WEIGHS 228 POUNDS.

DUE TO THE GURNEY UNIT NOT HAVING MEDICAL STAFF AVAILABLE, LT. JOHNSON
NOTIFIED THE BETO UNIT MEDICAL DEPARTMENT AT 1810 HOURS. LICENSED VOCATIONAL
NURSE N. BETTS INSTRUCTED LT. JOHNSON THAT OFFENDER HUDSON WOULD NEED TO BE
TRANSPORTED TO THE BETO UNIT VIA SECURITY VAN FOR TREATMENT AND OBSERVATION.

AT APPROXIMATELY 1840 HOURS OFFENDER HUDSON WAS TRANSPORTED VIA SECURITY VAN
TO THE BETO UNIT. WHILE BEING TREATED AT THE BETO UNIT, MEDICAL STAFF

DETERMINED THAT OFFENDER HUDSON WOULD NEED TO BE TRANSPORTED TO THE PALESTINE
REGIONAL HOSPITAL, LOCATED IN PALESTINE, TEXAS, VIA AMBULANCE.

AT 1945 HOURS OFFENDER HUDSON WAS TRANSPORTED VIA AMBULANCE TO PALESTINE
REGIONAL HOSPITAL ENROUTE TO BE LIFE FLIGHTED TO THE EAST TEXAS MEDICAL
CENTER, IN TYLER, TEXAS. WHILE AT PALESTINE REGIONAL HOSPITAL IT WAS
DETERMINED THAT OFFENDER HUDSON'S CONDITION WAS TOO UNSTABLE TO BE
TRANSPORTED BY LIFE FLIGHT TO EAST TEXAS MEDICAL CENTER. HE WAS INSTEAD

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TAKEN OUT OF THE HELICOPTER AND INTO THE EMERGENCY ROOM. WHILE IN THE
EMERGENCY ROOM, OFFENDER HUDSON WENT INTO CARDIAC ARREST. CPR WAS PERFORMED
AND A PULSE WAS OBTAINED, BUT OFFENDER HUDSON'S CONDITION WAS CRITICAL. HE
WAS PLACED IN THE INTENSIVE CARE UNIT  10. OFFENDER HUDSON REMAINED IN
CRITICAL CONDITION THROUGHOUT THE NIGHT.

ON 07-25-2011 AT APPROXIMATELY 0400 HOURS PALESTINE REGIONAL HOSPITAL
NOTIFIED LT. TERRY BAGLEY THAT OFFENDER HUDSON'S CONDITION HAD WORSENED AND
THAT HE WOULD MOST LIKELY NOT RECOVER FROM HIS INJURIES.

AT 0405 HOURS LT. TERRY BAGLEY NOTIFIED WARDEN DENNIS MILLER OF OFFENDER
HUDSON'S CONDITION.

AT APPROXIMATELY 0415 HOURS LT. BAGLEY NOTIFIED CHAPLAIN THOMAS TAYLOR OF THE
SITUATION.

ON 07-25-2011 AND AT 1656 HOURS OFFENDER HUDSON WAS PRONOUNCED DECEASED BY
DR. CESAR UY M.D.

LET IT BE NOTED THAT CHAPLAIN THOMAS TAYLOR, LARRY MARS OF THE OFFICE OF THE
INSPECTOR GENERAL, AND CADE HUDSON THE NEXT OF KIN, WERE ALL PRESENT AT THE
TIME OFFENDER HUDSON WAS PRONOUNCED DECEASED, SO THEIR TIME OF NOTIFICATION
CAN ALSO BE NOTED AT 1656 HOURS.

WARDEN DENNIS MILLER AND MAJOR JERRY RAYFORD WERE NOTIFIED AT APPROXIMATELY
1705 HOURS.

CONTINUED ON ADDITIONAL INFORMATION E-MAIL.

(SEND ADDITIONAL INFORMATION TO HQEAC01 INCLUDE INCIDENT NUMBER AS SUBJECT)
PREPARED BY: LIEUTENANT TERRY BAGLEY                    DATE: 07 / 25 / 2011
AUTHORIZED BY: MAJOR JERRY RAYFORD

*** Comments From: MGR7512 - GRAHAM, MIKE; 07/26/11 10:10am

Sent to:    RMI9388              MINTON, RICKY              (to)
            BGR7581              GRAY, BRENDA              (to)

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

```
************************************************************************
*** REQUESTOR: BGR7581 - GRAY, BRENDA        OFFICE OF INSPECTOR GENERAL   ***
************************************************************************
***                S Y S M   I N B A S K E T   P R I N T              ***
```

MESSAGE ID: 898609T    DATE: 07/26/11   TIME: 10:12am   PRIORITY: 000

TO:        BGR7581 - GRAY, BRENDA
           INVESTIGATOR
           OFFICE OF INSPECTOR GENERAL
           1391 FM 3328
           TENNESSEE COLONY, TX 75880


FROM:      MGR7512 - GRAHAM, MIKE
           CAPTAIN
           GURNEY UNIT
           1385 FM 3328
           TENNESSEE COLONY TEXAS 75861


SUBJECT:   I-10459-07-11


*** Original Author:  TBA3028 - BAGLEY, TERRY; 07/25/11 10:30pm

TO:        HQEAC01-EAC/USE OF FORCE
           EMERGENCY ACTION CENTER
           HUNTSVILLE, TEXAS


FROM:      TBA3028-LIEUTENANT TERRY BAGLEY
           JOE F. GURNEY TRANSFER FACILITY
           PALESTINE, TEXAS


SUBJECT:   I-10459-07-11
           CONTINUATION

AT APPROXIMATELY 1718 HOURS ANDERSON COUNTY SHERIFF'S OFFICE WAS
NOTIFIED.

AT APPROXIMATELY 1726 HOURS JUSTICE OF THE PEACE, JAMES WESTLEY, WAS
NOTIFIED. MR. WESTLY SPOKE WITH DR.UY VIA TELEPHONE, WHO VERIFIED
OFFENDER HUDSON'S DEATH. MR. WESTLEY DETERMINED THERE WAS NOT A NEED
FOR HIM TO BE PRESENT AT THE HOSPITAL.

AT APPROXIMATELY 1746 HOURS CARNES FUNERAL HOME, LOCATED AT 3100 GULF

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

FREEWAY, TEXAS CITY, TEXAS, 77591, WAS NOTIFIED. AT THAT TIME, OFFENDER
HUDSON'S SON, CADE HUDSON, STATED HE WOULD CLAIM THE BODY. MR. CADE
HUDSON ALSO STATED HE WOULD BE CLAIMING OFFENDER HUDSON'S PROPERTY.
AN AUTOPSY WAS ORDERED BY GURNEY UNIT SENIOR WARDEN DENNIS MILLER.

AT APPROXIMATELY 1929 HOURS HOLLIS MURRAY AT THE EMERGENCY ACTION
CENTER WAS NOTIFIED AND HE ASSIGNED INCIDENT NUMBER I-10459-07-11.

AT APPROXIMATELY 1937 HOURS, OFFSIGHT MEDICAL TRANSPORT (OMT) WAS
NOTIFIED.


IT SHOULD BE NOTED THAT OFFENDER HUDSON IS A UNITED STATES CITIZEN.
PRELIMINARY CAUSE OF DEATH WAS DETERMINED TO BE SEPTIC SHOCK WITH MULTI
ORGAN FAILURE PENDING AN AUTOPSY REPORT.

C.R.I.S.P. ASSISTANCE WAS OFFERED TO ALL STAFF MEMBERS INVOLVED BUT WAS
DECLINED.


PREPARED BY: LIEUTENANT TERRY BAGLEY
AUTHORIZED BY: MAJOR JERRY RAYFORD

*** Comments From: MGR7512 - GRAHAM, MIKE; 07/26/11 10:11am

Sent to:     RMI9388            MINTON, RICKY            (to)
             BGR7581            GRAY, BRENDA             (to)

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Emergency Action Center Report Checklist

Date of Incident: July 25, 2011    EAC #: 1-10459-07-11    UOF #: MA- N/A

| Attachment | Included | Pending | N/A |
|---|---|---|---|
| Email to Emergency Action Center | ☑ | ☐ | -- |
| Serious Incident Report Form (ING-93) – Typed Original with Two Signatures | ☑ | ☑ | -- |
| Supervisor Summary Statement – Typed and Signed | ☑ | ☐ | -- |
| Staff Statements (Total: 12 ) – Typed and Signed | ☑ | ☐ | ☐ |
| Offender Statements (Total: ____ ) | ☐ | ☐ | ☐ |
| Color Photographs (Total: 4 ) – Identify by name, TDCJ #, Date, Incident # | ☑ | ☐ | ☐ |
| Travel Card (Copy) | ☐ | ☐ | ☐ |
| Current Visitation List | ☑ | ☐ | ☑ |
| Offender Protection Investigation (Including UCC Action) | ☐ | ☐ | ☑ |
| Transport Order Form ★ | ☑ | ☐ | ☐ |
| Autopsy Order Form ★ | ☑ | ☐ | ☐ |
| Custodial Death Report ★ | ☑ | ☐ | ☐ |
| Supervisor's Report of Injury (RM-03) | ☑ | ☐ | ☐ |
| Injury Report (RM-04) | ☑ | ☐ | ☐ |
| Copy of Offense Report - Front/Back with Investigation Completed | ☐ | ☐ | ☑ |
| Copy of Transport Order Form – If transferred off unit | ☐ | ☐ | ☑ |
| STG Investigation – If conducted and pertinent to incident | ☐ | ☐ | ☑ |

★ Required only for Offender Death

Reviewed By:

Major: _____    Date: 8-2-11

Assistant Warden: _____    Date: _____

Warden: _____    Date: 8-2-11

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4969                OIG - Hudson 26



Texas Department of Criminal Justice

———————————————————————— Brad Livingston

Administrative Review
Incident # I-10459-07 -11
Texas Department of Criminal Justice
Correctional Institutional Division
Joe F. Gurney Transfer Facility
July 28, 2011

To:         Emergency Action Center
            Huntsville, Texas

Thru:       Mr. Robert Eason
            Region II Director

Subject:    I-10459-07-11
            Offender Death

Persons
Involved:

**Offender Hudson, Douglas Earl #1722504**
Offender Hudson, Douglas Earl #1722504 is a 6'03" 228 pound sixty-two (62)
year old white male, United States citizen, NR-Custody offender assigned to the
Joe F. Gurney Transfer Facility of the Texas Department of Criminal Justice
Correctional Institutional Division, serving a twenty-five (25) year sentence for
Driving While Intoxicated -- 3 or more out of Johnson County, Texas.

Summary:

On July 25, 2011 at approximately 1656 hours, it was reported to the Joe F.
Gurney Transfer Facility by Correctional Officer V Terry Walling that offender
Hudson, Douglas Earl #1722504 was pronounced deceased at Palestine Regional
Medical Center by Doctor Cesar Uy, M.D. where offender Hudson had been
admitted the previous day.   The preliminary cause of death was listed as septic
shock with multi-organ failure.

On July 24, 2011 at approximately 0900 hours, offender Hudson approached
Correctional Officer V Celeste Salas and requested that he be sent to the Gurney

Our mission is to provide public safety, promote positive change in offender
behavior, reintegrate offenders into society, and assist victims of crime.
Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED
Gurney Unit
1385 F.M. 3328

Unit Medical Department due to illness. After conferring with the medical department, offender Hudson was given a pass and departed the building. At approximately 1700 hours, Correctional Officer V Salas reports that offender Hudson returned to the building and his assigned bunk. Correctional Officer V Deborah Anding observed offender Hudson at his bunk and, after determining that he looked as if he was not feeling well, approached and inquired as to his condition. Offender Hudson stated that he had just returned from the medical department where he had received his medication and was going to lay down. Correctional Officer V Anding offered to have offender Hudson return to the medical department to which he declined.

On July 24, 2011 at approximately 1755 hours, Correctional Officer V Tom Griffin observed offender Hudson in his assigned bunk, B8-29, shaking uncontrollably. Correctional Officer III Monica Lang, assigned as the B2-Building Control Picket Officer, immediately initiated the Incident Command System and requested a wheelchair. Lieutenant Ronald Johnson, with A-Team Response, arrived, with a wheelchair, entered B8-Dorm and accessed offender Hudson's condition. Offender Hudson was able to rise from his bunk and sit down in the wheelchair and, from there, escorted to the Gurney Unit Medical Department.

Due to no on-site medical staff on the Gurney Unit, on-call medical staff at the Beto Unit Medical Department was contacted, specifically, Licensed Vocational Nurse Nancy Betts, who instructed Lieutenant Johnson to transport offender Hudson to the Beto Unit Medical Department by unit van. Offender Hudson's condition, at this time, would not prohibit him from being transported via van, therefore at 1840 hours; the transport was conducted with Correctional Officer V Richard Robertson, Correctional Officer V Theresa Robertson and Correctional Officer V Albert Beckman assigned as security.

At 1945 hours, following an evaluation and a worsening of offender Hudson's condition, offender Hudson was transported via ambulance to Palestine Regional Medical Center to be immediately transferred, via life flight helicopter, to East Texas Medical Center in Tyler.

Upon arrival at Palestine Regional Medical Center, with the life flight helicopter already on-site, offender Hudson was placed in the life flight helicopter in preparation for transfer to East Texas Medical Center in Tyler; however, before departing entered cardiac arrest and was determined to be to unstable for transfer via life flight. Consequently, offender Hudson was returned to the emergency room where he was stabilized, though still unconscious. Offender Hudson was admitted, assigned to Intensive Care Unit Room #10, and his condition was listed as critical with Correctional Officer V Richard Robertson and Correctional Officer V Theresa Robertson remaining at the hospital to maintain security until

Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.
Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED
1385 F.M. 3328

relieved the following morning by Correctional Officer V Terry Walling and Correctional Officer V Kevin Warren.

At approximately 1450 hours, Correctional Officer V Walling reports that Mr. Cade Hudson, listed as offender Hudson's son, had decided to remove offender Hudson from all forms of life support within that hour. At approximately 1647 hours, medical staff entered Intensive Care Unit Room #10 and removed all forms of life support. As a result, at approximately 1656 hours, offender Hudson was pronounced deceased by Dr. Uy.

Present at the time of death were Investigator Brenda Gray of the Office of Inspector General, Chaplain Thomas Taylor and Mr. Cade Hudson, therefore their times of notification were noted at 1656 hours. Investigator Gray obtained photographs and began an investigation, departing at 1838 hours. Correctional Officer V David Dixon and Correctional Officer V Glenda Dixon arrived to relieve first shift staff, Correctional Officer V Walling and Correctional Officer V Warren.

At 2228 hours, Mr. Joe Luna of Carnes Funeral Home arrived, having been notified at 1746 hours. Mr. Luna departed the hospital at 2239 with offender Hudson's remains. At that time, all Gurney Unit staff returned to the facility to initiate the required reporting procedures.

A unit investigation revealed, through offender witness statements, that offender Hudson had complained of being ill to other offenders in his assigned housing area; however, only reported his condition to security staff on July 24, 2011. Once reported, he was promptly sent to the medical department where he was examined by a licensed medical professional and returned to his assigned housing.

Warden Dennis Miller and Major Jerry Rayford were notified of the incident at approximately 1705 hours. At approximately 1718 hours, the Anderson County Sheriff's Department was contacted and declined to dispatch a deputy to the location nor did they issue a case number. At approximately 1726 hours, Judge James Westley, Justice of the Peace, Precinct #4, was notified by Dr. Uy and indicated that his presence was not required and did not order an autopsy. As a result, Warden Miller ordered an autopsy and the family did not object. At approximately 1929 hours, Ms. Hollis Murray of the Emergency Action Center was notified and issued Incident Number I-10459-07-11. Mr. Cade Hudson indicated that the family would claim offender Hudson's remains and personal property.

---

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED
1385 F.M. 3328
Palestine. Texas 75803

Incident Number I-10459-07-11          Joe F. Gurney Unit                    Page 4 of 6

Employee
Action/Inaction:

There was no employee negligence associated with this incident. Unit staff and
supervisors responded to the incident immediately in accordance with policies and
procedures. Beto Unit Medical staff provided medical treatment to offender
Hudson and, upon determining that emergency medical care was needed, he was
transported to a local hospital expeditiously.

Attachments:

Report by:    Major Incident Checklist
Report by:    Email Messages
  • E-Mail Message ID 898526
  • E-Mail Message ID 898609
  • E-Mail Message ID 909989
Report by:    TNG-93, Serious Incident Report Form
Report by:    Statements
  • Lieutenant Terry Bagley Statement
  • Captain Michael Lumpkins Statement
  • Correctional Officer V David Dixon Statement
  • Correctional Officer V Glenda Dixon Statement
  • Correctional Officer V Terry Walling Statement
  • Correctional Officer V Kevin Warren Statement
  • Correctional Officer V Richard Robertson Statement
  • Correctional Officer V Theresa Robertson Statement
  • Correctional Officer V Albert Beckman Statement
  • Lieutenant Ronald Johnson Statement
  • Correctional Officer III Monica Lang Statement
  • Correctional Officer V Tom Griffin Statement
  • Correctional Officer V Deborah Anding Statement
  • Correctional Officer V Celeste Salas Statement
  • Correctional Officer V Donald Shiflet Statement
  • Correctional Officer V Ronald Corson Statement
  • Correctional Officer V Daniel Waller Statement
Report by:    Chaplain Thomas Taylor Report
  • Statement
  • Offender Death Notification Worksheet
  • Death Notification E-Mail Message ID 898591
  • Documentation of Family Contact
  • Letter to Family
Report by:    Investigator's Report of Custodial Death
  • Offender Travel Card/Copy of ID Card

*Our mission is to provide public safety, promote positive change in offender
behavior, reintegrate offenders into society, and assist victims of crime.*

Copy of OIG case to litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED
1385 F.M. 3328
Palestine, Texas 75803

Plaintiffs' MSJ Appx. 4973                    OIG - Hudson 30

- Emergency Medical Services Transport Report
- Correctional Managed Care Urgent/Emergent Care Record
- Palestine Regional Medical Center Patient Care Record
- Physician's Orders
- Death Notification E-Mail Form

Report by:   Offender Witness Statements
- Goldston, Stephen Duane #1720046
- Goodwin, Andrew #1719560
- Jones, George #1719567

Report by:   Photographs
- Digital Photo's x 4

Report by:   Offender Information
- Offender Travel Card
- Offender Visitation Information

Report by:   Offender Death Documentation
- Transport Authorization for Offender Remains
- Autopsy Order

Report by:   Investigator's Report of Custodial Death
- Offender Travel Card/Copy of ID Card
- Emergency Medical Services Transport Report
- Correctional Managed Care Urgent/Emergent Care Record
- Palestine Regional Medical Center Patient Care Record
- Physician's Orders
- Death Notification E-Mail Form

Report by:   Risk Management Documentation
- RM-03

Report by:   Off-Unit Transport Documentation
- Inmate Transfer Roster x 2

Report by:   Miscellaneous Notes Maintained by Security Staff at Hospital
- Transport of Offender Report
- Security Staff Notes from Hospital x 5

Report by:   Miscellaneous Medical Documentation
- Medical Records Report
- Restraint Removal Orders x 2

Report by:   Miscellaneous Documentation
- PROP-08 *Disposition of Confiscated Offender Property*
- PROP-03 Offender Intake Inventory
- Copy of ID Card
- RO-1 *Request for Placement on Visitors List*
- OMT Notification E-Mail ID 891206
- OMT Report
- Family Tracking Page
- Offender Visitation Information

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED
1583 F.M. 3328
Palestine, Texas 75803

Plaintiffs' MSJ Appx. 4974          OIG - Hudson 31

Incident Number I-10459-07-11          Joe F. Gurney Unit                    Page 6 of 6

        ●   Miscellaneous Notes x 2

**Administrative Review:  Wardens/Administrative Supervisors Comments:**

The staff and supervisors responded to the incident immediately in accordance with policies and procedures.  Beto Unit Medical Staff provided medical treatment to offender Hudson and, upon determining that emergency medical care was needed, he was transported to a local hospital expeditiously.  There was no employee negligence identified during this incident.

Signature and Date: _____

                   Dennis Miller
                   Senior Warden
                   Joe F. Gurney Transfer Facility

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED
1385 F.M. 3328
Palestine, Texas 75803

Plaintiffs' MSJ Appx. 4975                    OIG - Hudson 32

```
****************************************************************
*** REQUESTOR: TBA3028 - BABLEY, TERRY       GURNEY UNIT       ***
****************************************************************
***            S Y S M   O U T B A S K E T   P R I N T         ***

MESSAGE ID: 898526      DATE: 07/25/11  TIME: 09:47pm  PRIORITY: 000

SUBJECT:     I-10459-07-11


EAC USE ONLY: DATE REPORTED:.................TIME REPORTED:...........

EMERGENCY ACTION CENTER INCIDENT NO:  I - 10459 - 07 - 11
MAJOR USE OF FORCE NUMBER (IF APPLICABLE):  M - NA    -   -
TYPE OF INCIDENT: OFFENDER DEATH
UNIT: ND   REGION 02  DATE OCCURRED: 07 / 25 / 2011  TIME OCCURRED: 1656
SPECIFIC LOCATION: PALESTINE REG MEDICAL CENTER
INITIAL INCIDENT COMMANDER:  (IF APPLICABLE)
RANK/NAME: NA
FINAL INCIDENT COMMANDER (IF COMMAND WAS TRANSFERRED):
RANK/NAME: NA
LEVEL OF RESPONSE:  (INDICATE ALL THAT APPLY)
     A     B     C     D     E   X N/A (IF INCIDENT WAS HANDLED WITHOUT
REQUEST FOR RESPONSE TEAM)
GANG IDENTIFICATION: NA
WAS OFFICE OF INSPECTOR GENERAL NOTIFIED: X YES    NO
WAS INCIDENT RACIALLY MOTIVATED:    YES  X NO



                        OFFENDER INFORMATION
OFFENDER NAME (LAST, FIRST M)    TDCJ NO    CUST  RACE  SEX  AGE  INJ  A-V
  HUDSON, DOUGLAS                1722504    G2     W     M    62        V




WERE OFFENDERS TRANSFERRED TO A HOSPITAL X YES   NO
BY: X EMS   VAN   LIFE FLIGHT
NAME OF HOSPITAL: PALESTINE REGIONAL HOSPITAL
TREATMENT: INTENSIVE CARE

                        EMPLOYEE INFORMATION
NAME (LAST, FIRST M)        SSN    RACE  SEX   AGE      RANK
  NA



WHEN REPORTING AN ALLEGED SEXUAL ASSAULT PLEASE PROVIDE THE FOLLOWING
WAS A RAPE KIT COMPLETED   YES      NO
WAS A SEXUAL ASSAULT REPRESENTATIVE PROVIDED TO THE OFFENDER   ACCEPTED  DECLINED
IF YES NAME/TITLE OF REPRESENTATIVE:
```

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

COUNTY WHERE DEATH OCCURRED: ANI     UN

PRELIMINARY CAUSE OF DEATH: SEPTIC SHOCK WITH MULTI ORGAN FAILURE
NEXT OF KIN NOTIFIED X YES   NO  DATE: 07 / 25 / 2011  TIME: 16 : 56
NAME OF NOK: CADE HUDSON
HUNTSVILLE FUNERAL HOME NOTIFIED X YES   NO
JUSTICE OF PEACE NOTIFIED: X YES   NO

DESCRIPTION OF WEAPON(S) CONTRABAND

NA

CHEMICAL AGENT INFORMATION
AMOUNT                    LIST TYPE                    AUTHORIZATION
NA

WAS TEAM AUTHORIZED   YES X NO   DECONTAMINATED   YES X NO   INJURIES   YES X NO

WERE ANY TECHNOLOGIES/PROTECTIVE EQUIPMENT/CANINE LISTED BELOW PERTINENT TO
THIS INCIDENT?
YES        NO X

IF YES, INDICATE APPLICABLE
PARCEL SCANNER                              NA
WALK THROUGH METAL DETECTOR                 NA
HAND HELD METAL DETECTOR                    NA
B.O.S.S. CHAIR                              NA
VIDEO SURVEILLANCE                          NA
HEARTBEAT DETECTION SYSTEMS                 NA
BODY ALARM                                  NA
PERIMETER FENCE DETECTION SYSTEMS           NA
STAB-RESISTANT VEST                         NA
NARCOTIC DETECTOR CANINE                    NA
CELL PHONE DETECTOR CANINE                  NA
PACK CANINES                                NA
S.A.R. CANINES                             NA
CONTRABAND INTERDICTION SHAKEDOWN TEAM      NA
OTHER:  NA

WHEN APPLICABLE INCLUDE IN THE "SUMMARY OF INCIDENT" HOW THE RESOURCE(S)
IDENTIFIED ABOVE WAS RELEVANT TO THE INCIDENT.

SUMMARY OF INCIDENT

ON 07-24-2011, AT APPROXIMATELY 1755 HOURS, ON THE JOE F. GURNEY TRANSFER
FACILITY LOCATED IN PALESTINE, TEXAS, IN REGION II, OFFENDER HUDSON, DOUGLAS
1722504, WAS LYING IN HIS BUNK, B8-29, WHEN HE BEGAN TO SHAKE AND BECAME
UNRESPONSIVE. THE OFFICER ASSIGNED TO THE BUILDING NOTIFIED A SUPERVISOR
IMMEDIATELY. LT. RONALD JOHNSON RESPONDED TO THE BUILDING WITH A WHEELCHAIR
AND ESCORTED OFFENDER HUDSON TO THE GURNEY UNIT INFIRMARY.

OFFENDER HUDSON IS A G2 CUSTODY OFFENDER SERVING A 25 YEAR SENTENCE OUT OF
JOHNSON COUNTY FOR DWI-3 OR MORE. HUDSON IS A WHITE MALE AGED 62, 6'3" TALL,
AND WEIGHS 228 POUNDS.

Copy of OIG case to Litigation Support on 04.76.2015 by ce
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

TRANSPORTED TO THE BETO UNIT V.   SECURITY VAN FOR TREATMENT AND O[    ]VATION.

AT APPROXIMATELY 1840 HOURS OFFENDER HUDSON WAS TRANSPORTED VIA SECURITY VAN
TO THE BETO UNIT. WHILE BEING TREATED AT THE BETO UNIT, MEDICAL STAFF

DETERMINED THAT OFFENDER HUDSON WOULD NEED TO BE TRANSPORTED TO THE PALESTINE
REGIONAL HOSPITAL, LOCATED IN PALESTINE, TEXAS, VIA AMBULANCE.

AT 1945 HOURS OFFENDER HUDSON WAS TRANSPORTED VIA AMBULANCE TO PALESTINE
REGIONAL HOSPITAL ENROUTE TO BE LIFE FLIGHTED TO THE EAST TEXAS MEDICAL
CENTER, IN TYLER, TEXAS. WHILE AT PALESTINE REGIONAL HOSPITAL IT WAS
DETERMINED THAT OFFENDER HUDSON'S CONDITION WAS TOO UNSTABLE TO BE
TRANSPORTED BY LIFE FLIGHT TO EAST TEXAS MEDICAL CENTER. HE WAS INSTEAD
TAKEN OUT OF THE HELICOPTER AND INTO THE EMERGENCY ROOM. WHILE IN THE
EMERGENCY ROOM, OFFENDER HUDSON WENT INTO CARDIAC ARREST. CPR WAS PERFORMED
AND A PULSE WAS OBTAINED, BUT OFFENDER HUDSON'S CONDITION WAS CRITICAL. HE
WAS PLACED IN THE INTENSIVE CARE UNIT  10. OFFENDER HUDSON REMAINED IN
CRITICAL CONDITION THROUGHOUT THE NIGHT.

ON 07-25-2011 AT APPROXIMATELY 0400 HOURS PALESTINE REGIONAL HOSPITAL
NOTIFIED LT. TERRY BAGLEY THAT OFFENDER HUDSON'S CONDITION HAD WORSENED AND
THAT HE WOULD MOST LIKELY NOT RECOVER FROM HIS INJURIES.

AT 0405 HOURS LT. TERRY BAGLEY NOTIFIED WARDEN DENNIS MILLER OF OFFENDER
HUDSON'S CONDITION.

AT APPROXIMATELY 0415 HOURS LT. BAGLEY NOTIFIED CHAPLAIN THOMAS TAYLOR OF THE
SITUATION.

ON 07-25-2011 AND AT 1656 HOURS OFFENDER HUDSON WAS PRONOUNCED DECEASED BY
DR. CESAR UY M.D.

LET IT BE NOTED THAT CHAPLAIN THOMAS TAYLOR, LARRY MARS OF THE OFFICE OF THE
INSPECTOR GENERAL, AND CADE HUDSON THE NEXT OF KIN, WERE ALL PRESENT AT THE
TIME OFFENDER HUDSON WAS PRONOUNCED DECEASED, SO THEIR TIME OF NOTIFICATION
CAN ALSO BE NOTED AT 1656 HOURS.

WARDEN DENNIS MILLER AND MAJOR JERRY RAYFORD WERE NOTIFIED AT APPROXIMATELY
1705 HOURS.

CONTINUED ON ADDITIONAL INFORMATION E-MAIL.

(SEND ADDITIONAL INFORMATION TO HQEAC01 INCLUDE INCIDENT NUMBER AS SUBJECT)
PREPARED BY: LIEUTENANT TERRY BAGLEY                    DATE: 07 / 25 / 2011
AUTHORIZED BY: MAJOR JERRY RAYFORD

| Sent to: | GM14949 | MISSILDINE, GARY W. | (to) |
|----------|---------|---------------------|------|
|          | EAC     | (list)              | (to) |
|          | LMA2020 | MARS, LARRY         | (to) |
|          | TTA4090 | TAYLOR, THOMAS      | (to) |

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

```
*******************************************************************************
*** REQUESTOR: TBA3028 - BAGLEY, TERRY        GURNEY UNIT                  ***
*******************************************************************************
***                  S Y S M   O U T B A S K E T   P R I N T              ***

MESSAGE ID: 898609      DATE: 07/25/11  TIME: 10:30pm  PRIORITY: 000

SUBJECT:    I-10459-07-11


TO:       HQEAC01-EAC/USE OF FORCE
          EMERGENCY ACTION CENTER
          HUNTSVILLE, TEXAS


FROM:     TBA3028-LIEUTENANT TERRY BAGLEY
          JOE F. GURNEY TRANSFER FACILITY
          PALESTINE, TEXAS


SUBJECT:    I-10459-07-11
            CONTINUATION
```

AT APPROXIMATELY 1718 HOURS ANDERSON COUNTY SHERIFF'S OFFICE WAS
NOTIFIED.

AT APPROXIMATELY 1726 HOURS JUSTICE OF THE PEACE, JAMES WESTLEY, WAS
NOTIFIED. MR. WESTLY SPOKE WITH DR.UY VIA TELEPHONE, WHO VERIFIED
OFFENDER HUDSON'S DEATH. MR. WESTLEY DETERMINED THERE WAS NOT A NEED
FOR HIM TO BE PRESENT AT THE HOSPITAL.

AT APPROXIMATELY 1746 HOURS CARNES FUNERAL HOME, LOCATED AT 3100 GULF
FREEWAY, TEXAS CITY, TEXAS, 77591, WAS NOTIFIED. AT THAT TIME, OFFENDER
HUDSON'S SON, CADE HUDSON, STATED HE WOULD CLAIM THE BODY. MR. CADE
HUDSON ALSO STATED HE WOULD BE CLAIMING OFFENDER HUDSON'S PROPERTY.
AN AUTOPSY WAS ORDERED BY GURNEY UNIT SENIOR WARDEN DENNIS MILLER.

AT APPROXIMATELY 1929 HOURS HOLLIS MURRAY AT THE EMERGENCY ACTION
CENTER WAS NOTIFIED AND HE ASSIGNED INCIDENT NUMBER I-10459-07-11.

AT APPROXIMATELY 1937 HOURS, OFFSIGHT MEDICAL TRANSPORT (OMT) WAS
NOTIFIED.


IT SHOULD BE NOTED THAT OFFENDER HUDSON IS A UNITED STATES CITIZEN.
PRELIMINARY CAUSE OF DEATH WAS DETERMINED TO BE SEPTIC SHOCK WITH MULTI
ORGAN FAILURE PENDING AN AUTOPSY REPORT.

C.R.I.S.P. ASSISTANCE WAS OFFERED TO ALL STAFF MEMBERS INVOLVED BUT WAS
DECLINED.

PREPARED BY: LIEUTENANT TERRY BAGLEY
AUTHORIZED BY: MAJOR JERRY RAYFORD

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

```
************************************************************************
*** REQUESTOR: RM19388 - MINTON, RICKY        BURNEY UNIT           ***
************************************************************************
***              S Y S M   O U T B A S K E T   P R I N T           ***

MESSAGE ID: 909989      DATE: 07/27/11  TIME: 11:25am  PRIORITY: 000

SUBJECT:   I-10459-07-11 (ADDENDUM)


IN REPORT NUMBER I-10459-07-11, IT WAS REPORTED BY LT. TERRY BAGLEY AS
FOLLOWS:

"ON 07-25-2011 AT APPROXIMATELY 0400 HOURS PALESTINE REGIONAL HOSPITAL
NOTIFIED LT. TERRY BAGLEY THAT OFFENDER HUDSON'S CONDITION HAD
WORSENEDAND THAT HE WOULD MOST LIKELY NOT RECOVER FROM HIS INJURIES."


THIS STATEMENT CONTAINS INCORRECT VERBIAGE CONCERNING THE CONDITION OF
OFFENDER HUDSON, SPECIFICALLY, THE USE OF THE WORD "INJURIES."
OFFENDER HUDSON HAD NOT SUFFERED ANY "INJURIES" AND INSTEAD THE
STATEMENT SHOULD HAVE REFERENCED "ILLNESS"

THE STATEMENT SHOULD HAVE READ, AS FOLLOWS:

"ON 07-25-2011 AT APPROXIMATELY 0400 HOURS PALESTINE REGIONAL HOSPITAL
NOTIFIED LT. TERRY BAGLEY THAT OFFENDER HUDSON'S CONDITION HAD WORSENED
AND THAT HE WOULD MOST LIKELY NOT RECOVER FROM HIS ILLNESS."

LT. RICKY MINTON

AUTHORITY:  JERRY RAYFORD
            MAJOR
            JOE F. BURNEY TRANSFER FACILITY

Sent to:   EAC                   (list)                  (to)
```

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

2.12

Plaintiffs' MSJ Appx. 4980                              OIG - Hudson 37

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## EMERGENCY ACTION CENTER

### SERIOUS INCIDENT REPORT FORM

EAC # I-10459-07-11

| TYPE OF INCIDENT | UNIT CODE | DATE/TIME REPORTED | REPORTED BY |
|---|---|---|---|
| Offender Death | ND | 07/25/11  1656 | Lt. Terry Bagley |

| DATE/TIME OCCURRED | SPECIFIC LOCATION | GANG RELATED | GANG IDENTIFICATION |
|---|---|---|---|
| 07/25/11   1656 | Palestine Regional Hospital | No | N/A |

WAS THE INCIDENT RACIALLY MOTIVATED? ☐ YES    ☒ NO

## EMPLOYEE INFORMATION

| Name | SSN | RACE | SEX | AGE | RANK | HOSPITAL |
|---|---|---|---|---|---|---|
| N/A | | | | | | |
| | | | | | | |
| | | | | | | |

WERE EMPLOYEES TRANSFERRED TO A HOSPITAL? ☐ YES    ☒ NO

## OFFENDER INFORMATION

| Name | TDCJ# | RACE /SEX | AGE | CUSTODY CODE | INJURIES | A-V |
|---|---|---|---|---|---|---|
| Hudson, Douglas | 1722504 | W/M | 62 | NR | NA | V |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

WERE OFFENDERS TRANSFERRED TO A HOSPITAL? ☒ YES    ☐ NO    NAME OF HOSPITAL: Palestine Regional Hosp

## INFORMATION ON DECEASED

| Name | TDCJ# | RACE /SEX | AGE | CUSTODY CODE | INJURIES | A-V |
|---|---|---|---|---|---|---|
| Hudson, Douglas | 1722504 | W/M | 62 | NR | Septic Shock with multi Organ Failure | V |
| | | | | | | |
| | | | | | | |

DATE/TIME VICTIM(S) PRONOUNCED DECEASED: 07-25-11   1656 hours

NAME OF PERSON PRONOUNCING VICTIM(S) DECEASED: Dr. Cesar Uv, M.D.

PRILIMINARY CAUSE OF DEATH: Septic Shock with multi Organ Failure

MOTIVE FOR ASSAULT/DEATH: NA

NEXT OF KIN NOTIFIED? ☒ YES    ☐ NO    DATE/TIME/BY WHOM: 07-25-11/1656/Dr. Cesar Uv MD

HUNTSVILLE FUNERAL HOME NOTIFIED? ☒ YES    ☐ NO    DATE/TIME/BY WHOM: 07-25-11/1746/Cpt. M. Lumpkins

JUSTICE OF PEACE NOTIFIED? ☒ YES    ☐ NO    DATE/TIME/BY WHOM: 07-25-11/1726/Dr. Cesar Uv MD

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

## ASSAILANT INFORMATION

IS THE ASSAILANT(S) UNDERGOING INTERROGATION BY THE OFFICE OF INSPECTOR GENERAL? [ ] YES     [ ] NO

WAS THE ASSAILANT(S) AT THE LOCATION AT THE TIME OF THE DISCOVERY?     [ ] YES     [ ] NO

WEAPON INFORMATION

WEAPON(S) (DESCRIBE IN DETAIL): NA

## CHEMICAL AGENT INFORMATION

| AMOUNT | TYPE | AUTHORIZATION |
|--------|------|---------------|
| N/A    |      |               |
|        |      |               |
|        |      |               |

WAS OFFICE OF INSPECTOR GENERAL NOTIFIED? [X] YES     [ ] NO

## SUMMARY OF INCIDENT

On 07/24/2011, at approximately 1755 hours, on the Joe F. Gurney Transfer Facility, located in Palestine, Texas, in Region II, Offender Hudson, Douglas #1722504, was lying in his bunk, B8-29, when he began to shake and became unresponsive. The officer assigned to the building notified a supervisor immediately. Lt. Ronald Johnson responded to the building with a wheelchair and escorted Offender Hudson to the Gurney Unit Infirmary.

Offender Hudson is a G2 custody offender serving a 25-year sentence out of Johnson County for DWI-3 or More. He is a white male, 62 years old, 6'3" tall and weighs 228 pounds.

Due to the Gurney Unit not having medical staff available, Lt. Johnson notified the Beto Unit Medical Department at 1810 hours. Licensed Vocational Nurse N. Betts instructed Lt. Johnson that Offender Hudson would need to be transported to the Beto Unit via security van for treatment and observation.

At approximately 1840 hours Offender Hudson was transported via security van to the Beto Unit. While being treated at the Beto Unit, medical staff determined that Offender Hudson would need to be transported to the Palestine Regional Hospital, located in Palestine, Texas, via ambulance.

At 1945 hours Offender Hudson was transported via ambulance to Palestine Regional Hospital enroute to be life flighted to the East Texas Medical Center in Tyler, Texas. While at Palestine Regional Hospital it was determined that Offender Hudson's condition was too unstable to be transported by life flight to East Texas Medical Center. He was instead taken out of the helicopter and into the emergency room. While in the emergency room, Offender Hudson went into cardiac arrest. CPR was performed and a pulse was obtained, but Offender Hudson's condition was critical. He was placed in the Intensive Care Unit #10. Offender Hudson remained in critical condition throughout the night.

On 07-25-2011 at approximately 0400 hours Palestine Regional Hospital notified Lt. Terry Bagley that Offender Hudson's condition had worsened and that he would most likely not recover from his illness.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

At 0405 hours, Lt. Terry Bagley notified Warden Dennis Miller of Offender Hudson's condition.

At approximately 0415 hours Lt. Bagley notified Chaplain Thomas Taylor of the situation.

On 07-25-2011 and at 1656 hours, Offender Hudson was pronounced deceased by Dr. Cesar Uy, M.D.

Let it be noted that Chaplain Thomas Taylor, Larry Mars of the Officer of the Inspector General, and Cade Hudson the Next of Kin, were all present at the time Offender Hudson was pronounced deceased, so their time of notification can also be noted at 1656 hours.

Warden Dennis Miller and Major Jerry Rayford were notified at approximately 1705 hours.

At approximately 1718 hours Anderson County Sheriff's Office was contacted.

At approximately 1726 hours Justice of the Peace, James Westley, was notified. Mr. Westley spoke with Dr. Uy via telephone, who verified Offender Hudson's death. Mr. Westley determined there was not a need for him to be present at the hospital.

At approximately 1746 hours, Carnes Funeral Home, located at 3100 Gulf Freeway, Texas City, Texas, 77591, was notified. At that time, Offender Hudson's son, Cade Hudson, stated he would claim the body. Mr. Cade Hudson also stated he would be claiming Offender Hudson's property. An autopsy was ordered by Gurney Unit Senior Warden Dennis Miller.

At approximately 1929 hours Hollis Murray at the Emergency Action Center was notified and he assigned Incident Number I-10459-07-11.

At approximately 1937 hours, Offsight Medical Transport (OMT) was notified.

It should be noted that Offender Hudson is a United States Citizen. Preliminary cause of death was determined to be Septic Shock with Mult Organ Failure pending an autopsy report.

C.R.I.S.P. assistance was offered to all staff members involved but was declined.

PREPARED BY:  Lieutenant Terry Bagley                     DATE: 7-25-2011

AUTHORIZED BY:  Major Jerry Rayford

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

## Staff Witness Statements

| Name | Title |
|------|-------|
| Bagley, Terry | Lieutenant of Correctional Officers |
| Lumpkins, Michael | Captain of Correctional Officers |
| Dixon, David | Correctional Officer V |
| Dixon, Glenda | Correctional Officer V |
| Walling, Terry | Correctional Officer V |
| Warren, Kevin | Correctional Officer V |
| Robertson, Richard | Correctional Officer V |
| Robertson, Theresa | Correctional Officer V |
| Beckman, Albert | Correctional Officer V |
| Johnson, Ronald | Lieutenant of Correctional Officers |
| Lang, Monica | Correctional Officer III |
| Griffin, Tom | Correctional Officer V |
| Anding, Deborah | Correctional Officer V |
| Salas, Celeste | Correctional Officer V |
| Shiflet, Donald | Correctional Officer V |
| Corson, Ronald | Correctional Officer V |
| Waller, Daniel | Correctional Officer V |

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| To | Jerry Rayford, Major | Date | July 25, 2011 |
|---|---|---|---|
| | Joe F. Gurney Transfer Facility | | |
| From | Terry Bagley, Lieutenant | Subject | I-10459-07-11 |
| | Joe F. Gurney Transfer Facility | | |

On July 25, 2011 at approximately 1656 hours, it was reported to the Joe F. Gurney Transfer Facility that Offender Hudson, Douglas #1722504 had passed away at Palestine Regional Medical Center due to illness. Offender Hudson had been transported to PRMC on the previous night.

On July 24, 2011 at approximately 1755 hours, it was reported by staff assigned to Hudson's assigned building that the offender had been discovered in his assigned bunk, shaking and in need of medical attention. Lt. Johnson had responded and supervised the escort to the medical department and the offender's departure to Beto Unit Medical Department.

On July 24, at approximately 1945 hours, Hudson was transported, via ambulance to Palestine Regional Medical Center and was scheduled to depart there, via life flight helicopter, enroute to East Texas Medical Center in Tyler. When the transport to ETMC Tyler was attempted; however, it was determined that Hudson was not stable enough for transport and he was returned to the emergency room where he went into cardiac arrest. The offender was stabilized and was admitted and assigned to Intensive Care Unit #10. Hudson remained in critical condition for the duration of the night.

On July 25, at approximately 0400 hours, staff from PRMC contacted me and advised that Hudson's condition had worsened and that he would most likely not recover from his illness. As a result, at 0405 hours, I notified Warden Dennis Miller of Hudson's condition and the probability that he may pass away.

At 0415 hours, I contacted Chaplain Thomas Taylor and advised him of the situation.

On July 25 at approximately 1656 hours, Dr. Cesar Uy, M.D. pronounced Hudson dead. At the time of his death, Chaplain Thomas Taylor, Investigator Larry Mars of the Office of Inspector General and Mr. Cade Hudson, the next-of-kin, were all present at the time of death therefore their notification time is the same.

At approximately 1726 hours, Dr. Uy contacted Justice of the Peace, Precinct #4 James Westley who verified Hudson's condition with Dr. Uy and determined that there was not a need for him to report to the hospital. Judge Westley did not order an autopsy of the deceased offender.

At approximately 1746 hours, Carnes Funeral Home was contacted. Also, at that time, Hudson's son, Cade Hudson indicated that he would claim the body. Also, Cade indicated he would be claiming Hudson's property. An autopsy was ordered by Warden Miller.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

July 25, 2011
Lt. Terry Bagley
I-10459-07-11

Page 2 of 2

At approximately 1929 hours, Ms. Hollis Murray of the Emergency Action Center was notified and issued incident number I-10459-07-11.

At approximately 1937 hours, Offsite Medical Transports (OMT) was notified of the offender's death.

At 22:28 hours, it was reported by Officer David Dixon, that Mr. Joe Luna of Carnes Funeral Home arrived to pick up the body.  Officer Dixon later reported that Mr. Luna departed with the body at 2239 hours.

C.R.I.S.P. was offered to all involved staff and declined.

Terry Bagley, Lieutenant

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

# Inter-Office Communications

| To | Jerry Rayford, Major | Date | July 25, 2011 |
|---|---|---|---|
| | Joe F. Gurney Transfer Facility | | |
| From | Michael Lumpkins, Captain | Subject | I-10459-07-11 |
| | Joe R. Gurney Transfer Facility | | |

On July 25, 2011, at approximately 1705 hours, I was contacted by Lieutenant Santee Manning at my residence and informed that Offender Hudson, Douglas #1722504, had passed away at Palestine Regional Medical Center from illness.

I departed my residence, en route to Palestine Regional Medical Center, to assist with the investigation.  Upon arrival, I observed offender Hudson lying in a bed, in I.C.U. #10, wearing a paper gown.  I assisted with several of the follow-up notifications and signed, as Warden Dennis Miller's designee, the Autopsy Order and the Transport Order.

Upon departure of the body from Palestine Regional Medical Center, I returned to the Gurney Unit to assist with the follow-up reporting requirements.

I was not present prior to the offender's passing away.  My involvement began after the offender had expired.

Michael Lumpkins, Captain

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

SO-4

Plaintiffs' MSJ Appx. 4987                OIG - Hudson 44



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| To | Whom It May Concern | Date | July 25, 2011 |
|---|---|---|---|
| From | *Davi Dixon*<br>Officer David Dixon COV | Subject | I-10459-07-11 |

I, Officer David Dixon COV, arrived at Palestine Regional Medical Center Intensive Care Unit Room #10. Offender Hudson, Douglas #1722504, had expired and was pronounced deceased by Dr. Cesar Uy M.D. at 1656 hours. Captain Michael Lumpkins, Chaplain Thomas Taylor and Brenda Gray from the Office of the Inspector General were present. The first shift officers that had been maintaining security on Offender Hudson were also present. At 1740 hours Captain Lumpkins notified the Offsite Medical Transport (OMT). Registered Nurse Morgan disconnected all life support equipment. Officer D. Dixon took four photographs and Ms. Gray took photographs for the Officer of the Inspector General. Captain Lumpkins notified Carnes Funeral Home. Officer D. Dixon secured the Intensive Care Unit Room #10 at 1753 hours. Chaplain Taylor departed at 1853 hours. Ms. Gray departed at 1838 hours. Captain Lumpkins departed at 1857 hours. At 2228 hours, Joe Luna, from the Carnes Funeral Home arrived to pick up Offender Hudson. At 2239 hours, Mr. Luna departed Palestine Regional Hospital enroute to Carnes Funeral Home.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4988                    OIG - Hudson 45



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| To | Whom It May Concern | Date | July 25, 2011 |
|---|---|---|---|
| From | Officer Glenda Dixon COV | Subject | I-10459-07-11 |

Upon arrival at Palestine Regional Medical Center at 1738 hours, Offender Hudson, Douglas #1722504, had expired. At 1656 hours, the time of death was pronounced by Dr. Cesar Uy M.D. Captain Michael Lumpkins, Chaplain Thomas Taylor, and Brenda Gray from the Officer of the Inspector General, were already at the hospital prior to my arrival. The officers from first shift that had been maintaining security on Offender Hudson were at the hospital also. At 1740 hours Offsite Medical Transport (OMT) was notified by Captain Lumpkins. Registered Nurse Morgan disconnected all life support equipment. Sergeant Jimmie Butler arrived from the Gurney Unit with a camera and Officer D. Dixon COV took four photographs of the offender. Brenda Gray also took photographs. The Carnes Funeral Home was notified by Captain Lumpkins. Officer David Dixon secured the room at 1753 hours. Chaplain Taylor left the hospital at 1835 hours. Brenda Gray left the hospital at 1838 hours and Captain Lumpkins left the hospital at 1857 hours. Carnes Funeral Home arrived at 2228 hours. Joe Luna from the Carnes Funeral Home loaded the body and departed the hospital at 2239 hours.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4989          OIG - Hudson 46



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

# Inter-Office Communications

| To | Terry Bagley, Lieutenant | Date | July 25, 3011 |
|----|--------------------------|------|---------------|
|    | Joe F. Gurney Transfer Facility | | |
| From | Officer Terry Walling, CO V | Subject | I-10459-07-11 |
|    | Joe F. Gurney Transfer Facility | | |

On July 25, 2011, I along with Officer Kevin Warren, CO V, were assigned to Palestine Regional Medical Center to maintain security of Offender Hudson, Douglas #1722504. Upon arrival at PRMC and being briefed by Officer David Dixon, CO V and Officer Glenda Dixon, CO V we assumed security. We were informed by the officers that the offender was in critical condition and had been so throughout the night.

Throughout the day, medical staff checked with the offender and there were visits with the family allowed as well as with the Chaplain, Thomas Taylor.

At approximately 1450 hours, the family had decided to remove the offender from all forms of life support. Doing so would occur within an hour, we were told.

At approximately 1647 hours, all forms of life support were discontinued by medical staff.

At approximately 1656 hours, I notified Lt. Santee Manning that the offender had passed away.

At approximately 1738 hours, Officer David Dixon and Officer Glenda Dixon arrived as relief. They were briefed and I departed the hospital.

Terry Walling, CO V

*Taylor, COS*

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4990                    OIG - Hudson 47



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

# Inter-Office Communications

| To | Terry Bagley, Lieutenant | Date | July 25, 3011 |
|----|--------------------------|------|---------------|
| | Joe F. Gurney Transfer Facility | | |
| From | Officer Kevin Warren, CO V | Subject | I-10459-07-11 |
| | Joe F. Gurney Transfer Facility | | |

On July 25, 2011, I along with Officer Terry Walling, CO V, were assigned to Palestine Regional Medical Center to maintain security of Offender Hudson, Douglas #1722504. Upon arrival at PRMC and being briefed by Officer David Dixon, CO V and Officer Glenda Dixon, CO V we assumed security. We were informed by the officers that the offender was in critical condition and had been so throughout the night.

Throughout the day, medical staff checked with the offender and there were visits with the family allowed as well as with the Chaplain, Thomas Taylor.

At approximately 1450 hours, the family had decided to remove the offender from all forms of life support. Doing so would occur within an hour, we were told.

At approximately 1647 hours, all forms of life support were discontinued by medical staff.

At approximately 1656 hours, Officer Walling notified Lt. Santee Manning that the offender had passed away.

At approximately 1738 hours, Officer David Dixon and Officer Glenda Dixon arrived as relief. They were briefed and I departed the hospital.

Kevin Warren, CO V

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| | | | |
|---|---|---|---|
| To | Whom It May Concern | Date | July 25, 2011 |
| From | Officer Richard Robertson COV | Subject | I-10469-07-11 |

Officer Theresa Robertson COV, and I, Officer Richard Robertson COV, maintained security on a medical transport of Offender Hudson, Douglas #1722504 from the Beto Unit to the Palestine Regional Medical Center. Offender Hudson was transported from the Beto Unit via ambulance to the Palestine Regional Office where he was to be transported via Life Flight to the East Texas Medical Center in Tyler, Texas due to his serious condition. Offender Hudson was in full restraints while being transported in the ambulance. While in the ambulance, Officer T. Robertson, rode in the back of the ambulance and I, Officer R. Robertson rode in the front due to fact that I had the weapon. Upon our arrival at the Palestine Regional Hospital, Offender Hudson was taken out of the ambulance and taken from the gurney of the ambulance to the gurney of the helicopter. He was then loaded onto the helicopter and Officer T. Robertson was to maintain security on Offender Hudson while he was in the helicopter. After Offender Hudson was loaded onto the helicopter his condition worsened and he went into cardiac arrest. Offender Hudson was unloaded from the aircraft and taken into Emergency Room #1 of Palestine Regional Hospital. CPR was performed on the offender by medical staff and he was revived. The doctor ordered the hand restraints to be removed. The hand restraints were removed, per doctor's orders, at 2123 hours and replaced with soft restraints. Leg restraints were removed, per doctor's orders, at 2320 hours and replaced with soft restraints. Offender Hudson was moved to the Intensive Care Unit Room #10 at 2240 hours where Officer T. Robertson and myself maintained security as medical staff continued to assess and treat the offender's condition throughout the night. At 0550 hours I was relieved by first shift officers.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4992                    OIG - Hudson 49



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| To | Whom It May Concern | Date | July 25, 2011 |
|---|---|---|---|
| From | *Theresa Robertson* C05  Officer Theresa Robertson COV | Subject | I-10459-07-11 |

Officer Richard Robertson COV, and I, Officer Theresa Robertson COV, maintained security on a medical transport of Offender Hudson, Douglas #1722504 from the Beto Unit to the Palestine Regional Medical Center. Offender Hudson was transported from the Beto Unit via ambulance to the Palestine Regional Office where he was to be transported via Life Flight to the East Texas Medical Center in Tyler, Texas due to his serious condition. Offender Hudson was in full restraints while being transported in the ambulance. While in the ambulance, I, Officer T. Robertson, rode in the back of the ambulance and Officer R. Robertson rode in the front due to fact that he had the weapon. Upon our arrival at the Palestine Regional Hospital, Offender Hudson was taken out of the ambulance and taken from the gurney of the ambulance to the gurney of the helicopter. He was then loaded onto the helicopter and I was to maintain security on Offender Hudson while he was in the helicopter. After Offender Hudson was loaded onto the helicopter his condition worsened and he went into cardiac arrest. Offender Hudson was unloaded from the aircraft and taken into Emergency Room #1 of Palestine Regional Hospital. CPR was performed on the offender by medical staff and he was revived. The doctor ordered the hand restraints to be removed. The hand restraints were removed, per doctor's orders, at 2123 hours and replaced with soft restraints. Leg restraints were removed, per doctor's orders, at 2320 hours and replaced with soft restraints. Offender Hudson was moved to the Intensive Care Unit Room #10 at 2240 hours where Officer R. Robertson and myself maintained security as medical staff continued to assess and treat the offender's condition throughout the night. At 0550 hours I was relieved by first shift officers.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4993                    OIG - Hudson 50



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| To | Who it may concern | Date | 07/30/11 |
| From | *Albert* Officer A. Beckman COV | Subject | Inmate Hudson |

*On 07/24/2011 at approx 2000 I was assigned to take a transport van to "Palestine Regional Hospital". Officer R. Robertson CO5 and Officer T Robertson CO5 accompanied Offender Hudson in the ambulance from Beto Medical to Palestine Regional Hospital, where it was determined that only Officer T. Robertson would be allowed to ride in the helicopter to ETMC with offender Hudson. I was assigned to pick up Officer R. Roberston and transport him, via the transport van, to ETMC so he could resume his custody and security of offender Hudson with Officer T Robertson.*

*I arrived at Palestine Regional Hospital at 2100 and observed the helicopter running with roters turning. However, inmate Hudson was in the emergency room receiving CPR. Officer R. Robertson and Officer T. Robertson were maintaining security. Offender Hudson was revived and moved to the "Intensive Care Unit, Room #10". Officer R. Roberston notified OMT and I notified Lt Bagley of the status of the offender. Officer R. Robertson and Officer T Robertson continued maintaining security of offender Hudson.*

*I returned to Gurney and resumed my duties.*

*A Beckman CO5*

Copy of OIG case to Litigation Support on 04.18.2013 by ca.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



Texas Department of Criminal Justice
**CORRECTIONAL INSTITUTIONS DIVISION**

## Inter-Office Communications

| To | Jerry Rayford, Major | Date | July 25, 2011 |
| | Joe F. Gurney Transfer Facility | | |
| From | Ronald Johnson, Lieutenant | Subject | I-10459-07-11 |
| | Joe F. Gurney Transfer Facility | | |

On July 24, 2011 at 1755 hours, I was notified by officers assigned to B2-Building that a supervisor was needed for an offender that had a medical issue.

I responded to the building with a wheelchair. Once I arrived onto the building, I observed offender Hudson, Douglas #1722504 lying on bunk B8-29. Hudson was shaking and would not verbally respond. Offender Hudson was able to get into the wheelchair and was moved to the Gurney Unit Medical Department. Due to no on-site medical staff, Beto Unit Medical Department was notified. Licensed Vocational Nurse Nancy Betts determined that Hudson would need to be transported to the Beto Unit via van for an evaluation.

At approximately 2020 hours, Warden Dennis Miller was notified of the pending transport to Beto Unit Medical Department. At approximately 2040 hours, Hudson was transported to Beto Unit Medical by van.

At 1840 hours, Lt. Terry Bagley, Second Shift B-Card, assumed command of the incident.

Ronald Johnson, Lieutenant

Copy of CIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| To | To Whom It May Concern: | Date | 07/24/2011 |
|---|---|---|---|
| From | Officer Monica Lang COIII | Subject | Offender Hudson, Douglas #1722504 |

On 07/24/2011, I, Officer Monica Lang COIII, was assigned to the B2 Building Picket. At 1755 hours, Officer Tom Griffin COV, the officer assigned as the B2 Building Rover, notified me that an offender in Dorm 8, who was later identified as Offender Hudson, Douglas #1722504, was in need of medical attention. I notified a supervisor of my situation on the building. Lt. Ronald Johnson responded to the building with a wheelchair. Lt. Johnson escorted Offender Hudson to the unit medical department. I returned to my normal duties.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

1

Plaintiffs' MSJ Appx. 4996                    OIG - Hudson 53



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

| To | Whom It May Concern | Date | July 25, 2011 |
|----|---------------------|------|---------------|
| From | Officer Tom Griffin COV | Subject | I-10459-07-11 |

On 07-24-2011, I, Officer Tom Griffin COV, was assigned as the B2 Building Rover. At approximately 1755 hours, I observed Offender Hudson, Douglas #1722504 housed in B829, laying on his bunk shaking. I notified the B2 Building Picket Officer, Officer Monica Lang COIII, to call for a supervisor. Lt. Ronald Johnson came to the building with a wheelchair. Lt. Johnson escorted Offender Hudson to the medical department.

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Page 1 of 1

Plaintiffs' MSJ Appx. 4997                    OIG - Hudson 54



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

To      Lieutenant Terry Bagley          Date      July 24, 2011

From    Deborah Anding COIV             Subject    Hudson, Douglas #1722504
        Joe F. Gurney Transfer Facility

On July 24, 2011, at approximately 1700 hours, I, COIV Deborah Anding was assisting in the taking of count on the B2 Building. I observed offender Hudson, Douglas #1722504, at his bunk (B8-29) and he appeared not to be feeling well. I asked offender Hudson if he was O.K. and he replied that he had just returned from the Unit Medical Department where he had received his medicine. I asked offender Hudson if he wanted to go back to the Medical Department and he stated that he was O.K. and just wanted to lie down and rest. I was relieved by Second shift and informed them of my observations and discussion with offender Hudson and asked that they keep him under observation. At the time that I left, offender Hudson was not complaining about feeling bad.

Deborah Anding
Gurney 1B

*Deborah Anding Co IV*

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 4998                    OIG - Hudson 55



Texas Department of Criminal Justice
**CORRECTIONAL INSTITUTIONS DIVISION**

## Inter-Office Communications

To      Lieutenant Terry Bagley            Date      July 24, 2011

From    Celeste Salas COV                  Subject   Hudson, Douglas #1722504
        Joe F. Gurney Transfer Facility

On July 24, 2011, I, COV Celeste Salas, was assigned as the Rover on B2 Building. At around 0900 hours, I was approached by offender Hudson and he requested to be sent to the Unit Medical Department. Offender Hudson claimed that he was not feeling well. I had my Control Officer contact the Medical Department and inform them of the situation. The Nursing Staff requested that he be sent to the Medical Department. I wrote the offender a pass and sent him off the building. At a later time, right before our shift change, offender Hudson returned to the building and went to his bunk. COIV Deborah Anding spoke with the offender. At the time the Second Staff arrived the offender was lying on his bunk and not complaining about anything.

*Celeste Salas*
Celeste Salas
Gurney 1B

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



Texas Department of Criminal Justice
## CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

To      Lieutenant Terry Bagley          Date      July 24, 2011

From    Donald Shiflet COV               Subject   Hudson, Douglas #1722504
        Joe F. Gurney Transfer Facility

On July 24, 2011, I, COV Donald Shiflet, was assigned to the B2 Building as 1st Rover.  I had no verbal contact with offender Hudson, Douglas #1722504.  At approximately 1200 hours, I rotated to S-picket and have no knowledge of the events that occurred after my being relieved from the building.


Donald Shiflet
Gurney 1B

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 5000          OIG - Hudson 57



Texas Department of Criminal Justice
**CORRECTIONAL INSTITUTIONS DIVISION**

## Inter-Office Communications

| To | Lieutenant Terry Bagley | Date | July 24, 2011 |
|---|---|---|---|

| From | Ronald Corson COV | Subject | Hudson, Douglas #1722504 |
|---|---|---|---|
| | Joe F. Gurney Transfer Facility | | |

On July 24, 2011, I, at approximately 1300 hours, I, COV Ronald Corson, rotated to the B2 Building from S-picket. I did not have any verbal contact with offender Hudson, Douglas #1722504. At no time was I notified that offender Hudson required any medical attention. I was relieved by Second Shift without any offender indicating that they were in physical distress or requiring medical attention.

Ronald Corson
Gurney 1B

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED



Texas Department of Criminal Justice
CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

To      Lieutenant Terry Bagley            Date      July 24, 2011

From    Daniel Waller COV                 Subject   Hudson, Douglas #1722504
        Joe F. Gurney Transfer Facility

On July 24, 2011, I, COV Daniel Waller, was assigned to the B2 Building.   At approximately 0630 hours I was relieved to transport an offender to Hospital Galveston.  I returned to the Unit at approximately 1745 hours and never returned to the B2 Building.  I have no knowledge of the events that occurred in regards to offender Hudson, Douglas #1722504.


Daniel Waller
Gurney 1B

Copy of OIG case to Litigation Support on 04.18.2013 by ce.
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

Plaintiffs' MSJ Appx. 5002                          OIG - Hudson 59