UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MCCOLLUM, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL NO. 4:14-CV-3253 |
| | § | |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| *Defendants*. | § | |

**DEFENDANTS UNIVERSITY OF TEXAS MEDICAL BRANCH,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
LIVINGSTON, PRINGLE, CLARK, TATE, SANDERS AND EASON'S
OPPOSED JOINT MOTION FOR AN EXTENSION OF TIME TO REPLY TO
PLAINTIFFS' CONSOLIDATED RESPONSE TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendants Texas Department of Criminal Justice (TDCJ), Brad Livingston, Jeff Pringle, Richard Clark, Karen Tate, Sandrea Sanders, and Robert Eason (collectively, the TDCJ Defendants) and the University of Texas Medical Branch at Galveston (UTMB) respectfully request a 60 day extension, until November 18, 2016, to file their respective replies to Plaintiffs' Consolidated Response to Defendants' Motions for Summary Judgment.

On September 8, 2016, Plaintiffs filed their Consolidated Response to Defendants' Motions for Summary Judgment. (DE 297). The Plaintiffs' Response is 132 pages and the appendix contains more than 7,000 pages. (DE 297, DE 300-1). Currently, Defendants' deadline to reply is September 19, 2016. The TDCJ Defendants and UTMB require additional time in order to properly reply to Plaintiffs' lengthy response and voluminous appendix.

Additionally, Defendants require the requested extension in order to clarify the potential confusion caused by Plaintiffs' consolidated response to the Defendants' motions for summary judgments. Plaintiffs' consolidated response joins together all of the key claims, allegations, and

evidence against all Defendants, which will require a considerable amount of time and effort to separate for a proper reply.

Plaintiffs' consolidated response confusingly combines the evidentiary record against TDCJ Defendants and UTMB. It appears that Plaintiffs wish to argue evidence they may have obtained from UTMB against TDCJ, and vice versa. The bulk of the evidence relied on by Plaintiffs does not specify to which party it applies.

For example, Plaintiffs include numerous documents regarding the TDCJ swine barns. (DE 300-1 at 8, 9, and 18). Plaintiffs have referred to the TDCJ swine barns on many occasions in an effort to suggest that TDCJ cares more about pigs than inmates. For the first time, in their consolidated response, however, Plaintiffs attach responsibility for swine barns to UTMB. Failing to separate the claims, parties and evidence makes the record unclear requiring Defendants to clarify, and hence more time is necessary to prepare a coherent reply.

Also, Plaintiffs have included several hundred pages of photographs of the Hutchins Unit, and it is unclear from the Plaintiffs' consolidated response as to which Defendant(s) and claims the photos are meant to apply. Sifting through the voluminous records submitted by Plaintiffs puts a significant burden on Defendants' attorneys to determine which evidence actually corresponds to each of the allegations and each of the Defendants.

Moreover, this confusion is highly prejudicial to TDCJ and UTMB because Plaintiffs' Title II ADA claims require a showing of intentional discrimination to receive damages. (DE 199 at 2); *See, e.g., Delano-Pyle v. Victoria Cnty.,* 302 F.3d 567, 575 (5th Cir. 2002). "The ADA prohibits discrimination *because of* disability, not *inadequate treatment for* disability." *See also Cheeck v. Nueces Cnty., Tex.,* WL 4017132 at * 18 (S.D. Tex. 2013) (quoting *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010)). Plaintiffs must not only provide evidence in their summary judgment response that state employees at both agencies acquired knowledge of the decedent's

alleged disability, but, also that both TDCJ and UTMB employees discriminated against the decedent *because* of his disability.

The Plaintiffs' consolidated response makes the effective resolution of the evidentiary record and key issues in this case considerably more difficult, namely, if and when each of the parties acquired knowledge, what each party knew, each party's understanding of the information, and each of the parties' subsequent actions.

Presently, there is no trial date. Accordingly, an extension will not result in undue delay or prejudice.

## CONCLUSION

Because Plaintiffs' consolidated response and voluminous appendix confuses the claims, allegations, legal issues, parties, and evidentiary record, Defendants respectfully request that the Court extend the time to reply to Plaintiffs' Consolidated Response by 60 days, thereby making the new deadline November 18, 2016.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STAR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/*Matthew J. Greer*
**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General
Texas Bar No. 24069825
Southern District No. 1171775
Matthew.Greer@texasattorneygeneral.gov

**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District No. 35273
Cynthia.Burton@texasattorneygeneral.gov

**DANIEL C. NEUHOFF**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24088123
Southern District No. 2374885
Daniel.Neuhoff@texasattorneygeneral.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**

/s/J. Lee Haney
**J/ LEE HANEY**
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 00784203
Federal I.D. No. 18544
Lee.haney@texasattorneygeneral.gov

**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General
Texas Bar No. 24041506
Federal I.D. No. 38632

**JENNIFER DANIEL**
Assistant Attorney General
Texas Bar No. 24090063

Federal I.D. No. 2451063

**HEATHER RHEA**
Assistant Attorney General
Texas Bar No. 24085420
Federal I.D. No. 2399979

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
(512) 936-2109 (Fax)
**ALVAREZ STAUFFER BREMER PLLC**

**GRAIG J. ALVAREZ**
State Bar No. 24001647
Federal I.D. No. 22596

**KARA STAUFFER**
State Bar No. 24056373
Federal I.D. No. 685342

815 Walker St., Ste. 1450
Houston, Texas 77002
(713) 351-0300
(713) 351-0320 (Fax)

**ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF TEXAS
MEDICAL BRANCH**

**CERTIFICATE OF CONFERENCE**

As noted above, I, **Cynthia Burton**, attempted to confer with Plaintiffs' counsel via email sent to Jeff Edwards, Scott Medlock, and David James on Sept. 12, 2016 at 1:19 p.m. with regard to the instant motion. None of the Plaintiffs' counsel replied to the email by 3:00 pm on September 13, 2016. We, therefore, at this time, assume the Plaintiffs' are opposed and will update the Court when they indicate whether they are opposed or unopposed to the Defendants' request for a 60 day extension.

/s/*Cynthia L. Burton*_____
**CYNTHIA L. BURTON**
Assistant Attorney General

**NOTICE OF ELECTRONIC FILING**

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants UTMB, TDCJ, Livingston, Pringle, Clark, Tate, Sanders, and Eason's Opposed Joint Motion for an Extension of Time to Reply to Plaintiffs' Consolidated Response to Defendants' Motion for Summary Judgement** in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 13th day of September, 2016.

/s/*Matthew J. Greer*_____
**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants UTMB, TDCJ, Livingston, Pringle, Clark, Tate, Sanders, and Eason's Opposed Joint Motion for an Extension of Time to Reply to Plaintiffs' Consolidated Response to Defendants' Motion for Summary Judgement** has been served to Plaintiffs' attorneys in accordance with the Court's electronic filing system on the 13th day of Sept. 2016.

/s/*Matthew J. Greer*
**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General