UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MCCOLLUM, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL NO. 4:14-CV-3253 |
| | § | |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| *Defendants*. | § | |

**DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, LIVINGSTON, EASON, PRINGLE, CLARK, TATE, AND SANDERS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE**

The Texas Department of Criminal Justice, Brad Livingston, Robert Eason, Jeff Pringle, Richard Clark, Karen Tate, and Sandrea Sanders respectfully request this Court deny all evidentiary rulings requested by Plaintiffs in section VIII of Plaintiffs' Consolidated Response to Defendants' Motions for Summary Judgment, titled "The TDCJ Defendants Assert Objectionable Evidence in Support of their Motion." This section of Plaintiffs' Consolidated Response resembles, in substance, a motion to strike, and will be referred to as "Plaintiffs' Motion to Strike."

**I. Argument**

Plaintiffs' Motion to Strike is groundless for the following reasons:

**A. The *Ruiz* Stipulations, Cody Ginsel's Testimony in *Cole*, and information regarding Adolfo Banda's death are all relevant to this case.**

Plaintiffs' Motion to Strike seeks to exclude several pieces of relevant evidence by ignoring or misunderstanding their applicability to this case. First, Plaintiffs assert that the *Ruiz* stipulations, cited and referred to in Defendants' Motion for Summary Judgment to provide the necessary backdrop for the Court's Eighth Amendment analysis, are "entirely irrelevant to the issues being litigated in this case." (D.E. 288 at 8-10, 52; D.E. 297 at 119-20). The *Ruiz* stipulations bear

1

crucially on qualified immunity. Defendants will be entitled to qualified immunity if their actions are determined to be objectively reasonable in light of the clearly established law. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Supreme Court has recently rebuked lower courts for defining clearly established law too generally, rather than defining the specific conduct at issue within the specific context of a case. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015); *City & Cty. of San Franciso, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015); *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015).

      The *Ruiz* stipulations represent agreed upon constitutional thresholds on a host of prison condition matters in minute detail, negotiated by able counsel for the *Ruiz* class of plaintiffs and approved by a Federal District Court. Among these are the amount of cubic feet of fresh air exchange per hour at 12.5 cfm per prisoner and 15 complete air exchanges per hour (D.E. 288-9 at 14-22), the spacing of the grill vents which provide the fresh air (D.E. 288-9 at 18; one grill per 20 feet of width), the use of alternate air supply measures if windows are not available (D.E. 288-9 at 17), and the specific temperature at which the ventilation system must be activated. (D.E. 288-9 at 22; any time the temperature is over 78 degrees). Though air conditioning existed long before and at the time of these stipulations, both plaintiffs' counsel and Judge Justice approved them without requiring the installation of air-conditioning. (D.E. 288-9 at 22).

      The fact that TDCJ, ably represented inmates, and Judge Justice all explicitly approved of the notion that Texas prisons could operate within the bounds of the Eighth Amendment without air conditioning is plainly relevant to the qualified immunity analysis. Plaintiffs' argument that either the law or circumstances changed in the years that followed does not provide a basis for excluding this evidence. Along with the measures outlined in *Gates v. Cook*, the Ruiz stipulations form the core of the conduct and the context of specific law in this case. *See Gates v. Cook*, 376

F.3d 323, 333 (5th Cir.2004) (stating the provision of ice water, daily showers, fans in housing areas, and ventilation were constitutionally adequate mitigation measures).

The text of the *Ruiz* opinion itself states "[e]xperts testified…that the housing areas are not adequately heated or cooled, and do not have sufficient ventilation or lighting. Again, however, it was not demonstrated that these condition are so severe as to contribute to the existence of serious threats to inmates' health and safety." *Ruiz v. Estelle*, 503 F. Supp. 1265, 1374 (S.D. Tex. 1980), *aff'd in part, rev'd in part,* 679 F.2d 1115 (5th Cir. 1982), *amended in part, vacated in part,* 688 F.2d 266 (5th Cir. 1982). The notion that *Ruiz* and the *Ruiz* stipulations are "entirely irrelevant" or "have nothing to do with the subject matter of this case" is a patently false and frivolous position that fails under even cursory examination of *Ruiz* and the *Ruiz* stipulations.

Further, Plaintiffs' attempt to exclude TDCJ's Exhibit 59, Excerpts from Testimony of Cody Ginsel at the Hearing on Preliminary Injunction and Class Certification, as "lack[ing] sufficient contextual basis to serve as evidence" is misguided. Mr. Ginsel's testimony discusses TDCJ's heat mitigation measures as they existed in 2011, and as they continue to be implemented today, as corroborated by other evidence. Mr. Ginsel's testimony also provides information regarding TDCJ's heat-related protocol, implemented by TDCJ to protect it's offender population and staff from the heat. This testimony also is corroborated by other evidence. The testimony provided by Mr. Ginsel works to supplement and reinforce other evidence and is relevant to the qualified immunity and deliberate indifference analysis. His testimony, therefore, should not be excluded.

Finally, Plaintiffs' assertion that a 1986 newspaper article regarding the death of TDCJ inmate Adolfo Banda should be excluded because it lacks context and was disclosed late is baseless. Defendants would agree with Plaintiffs that the death of a young, healthy inmate who was working outside during the summer is not at issue in this case. Defendants, however, have

provided the newspaper article, a publicly available document, merely for historical context of TDCJ's responsiveness to inmate safety issues. The reasons cited by Plaintiffs to strike the evidence are insufficient, and this Court should consider the evidence.

### B. John Nielsen-Gammon has been disclosed as a fact witness in this case.

John-Nielsen-Gammon will be used by Defendants as a fact witness in this case. To the surprise of defense counsel Defendants acknowledge this Court has closed expert disclosures. Dr. Nielsen-Gammon, however, was disclosed as a witness with knowledge of relevant facts before the close of discovery and his use as a fact witness by Defendants cannot be characterized as a surprise. In his official capacity as the State of Texas' climatologist, Dr. Nielsen-Gammon has personal knowledge of temperatures within the state and historical weather records. Dr. Nielsen-Gammon's Affidavit provides factual testimony, specifically as to temperature data from the summer of 2011 relative to temperature data from other summers and factual data regarding the forecast prior to and during the summer of 2011. The Court, therefore, should not exclude Dr. Nielsen-Gammon's factual declarations in his Affidavit.

### C. The Facts Timeline is a summary of evidence and should not be excluded.

Plaintiffs correctly state that Exhibit 77, Facts Timeline, is not "actual" evidence. It is a summary of evidence. FED. R. EVID. 1006. According to Rule 1006 "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined by the court." *Id*. Plaintiffs, however, seek to exclude the Facts Timeline as biased and containing hearsay. Seeking to exclude the Facts Timeline on these grounds is without merit. The Facts Timeline is located in the appendix of Defendants' Motion for Summary Judgment as a summary of evidence pursuant to Rule 1006, with a complete citation to every fact it lists. This is not hearsay, and any bias concerns would go

4

to the weight given to this summary of evidence, not its admissibility. The Facts Timeline, therefore, should be considered by this Court.

### D. Plaintiffs mischaracterize the evidence provided in Exhibit 74, and seek to exclude relevant evidence.

Plaintiffs' Motion to Strike mischaracterizes the content and purpose of the evidence contained in Exhibit 74, and requests this Court to completely misapply Rule 106 of the Federal Rules of Evidence. Exhibit 74, Relevant Data from the Department of Housing and Urban Development, contains seven distinct references.[1] The purpose of each of these references was to briefly and efficiently provide the Court with the relevant information on Section 8 housing standards as promulgated by the Department of Housing and Urban Development, as well as several Texas Housing Authorities. Exhibit 74 was not intended to provide an exhaustive reference to the Department of Housing and Urban Development's policies.

Plaintiffs seek a misapplication of the Federal Rules of Evidence to exclude relevant evidence contained within Exhibit 74. Defendants agree that Plaintiffs may supplement missing portions from the Housing Choice Voucher Program Guidebook on Housing Quality Standards as they believe "in fairness ought to be considered at the same time" as Defendants' evidence. *See* FED. R. EVID. 106. However, Plaintiffs request to exclude Defendants Exhibit 74 is unfounded. Rule 106 of the Federal Rules of Evidence, referred to as "the rule of optional completeness" by Plaintiffs, is not a rule of exclusion. It "provides a basis for *in*cluding relevant evidence, not

---

[1] Exhibit 74 contains: (1) a general outline of the Housing Choice Voucher Program from the Housing and Urban Development website (D.E. 288-39 at 106-107); (2) selected relevant portions of the Department of Housing and Urban Development's housing quality standards (D.E. 288-39 at 108-110); (3) Housing and Urban Development information for air quality and smoke detectors (D.E. 288-39 at 111-112); (4) the Housing Authority of the City of Austin's housing quality standards inspection information (D.E. 288-39 at 113-121); (5) the Housing Authority of Bexar County's housing quality standards inspection checklist (D.E. 288-39 at 122-125); (6) the Housing Authority of the City of Harlingen's property maintenance standards checklist (D.E. 288-39 at 126-129); and (7) a Utility Allowance Air Conditioning Fact Sheet from the Department of Housing and Urban Development. (D.E. 288-39 at 130-131).

*ex*cluding it." *Albright v. IBM Lender Business Process Services, Inc.*, No. 4:11-CV-1045, 2013 WL 1089053 at *2 (S.D. Tex. March 14, 2013) (emphasis in original). "[T]he purpose of the rule is 'only [to] allow the admission of portions of a document that are relevant and necessary to qualify, explain, or place in context the portion already introduced." *Albright*, 2013 WL1089053 at *2 (quoting *United States v. Flores*, 293 Fed. Appx. 283, 285 (5th Cir. 2008)). Any concerns Plaintiffs have about the completeness or accuracy of Exhibit 74 go to the weight of the evidence, not the admissibility of such evidence. *See Greener v. Cadle Co.*, 298 B.R. 82, 92 (N.D. Tex. 2003). Plaintiffs are entitled to supplement the record as they believe fairness dictates, and both may appropriately be considered by the court.

## II. Conclusion

For the foregoing reasons, the Court should deny all evidentiary rulings sought in Plaintiffs' Motion to Strike.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

6

/s/ *Derek J. Kammerlocher*
**DEREK J. KAMMERLOCHER**
Assistant Attorney General
Co-Counsel
State Bar No. 24097915
Southern District ID No. 2790636
Derek.Kammerlocher2@texasattorneygeneral.gov

CYNTHIA L. BURTON
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District ID No. 35273
cynthia.burton@texasattorneygeneral.gov

MATTHEW J. GREER
Assistant Attorney General
Co-Counsel
Texas Bar No. 24069825
Southern District ID No. 1171775
matthew.greer@texasattorneygeneral.gov

DANIEL C. NEUHOFF
Assistant Attorney General
Co-counsel
Texas Bar No. 24088123
Southern ID No. 2374885
Daniel.neuhoff@texasattorneygeneral.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **DEREK J. KAMMERLOCHER**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Southern District of Texas on October 19, 2016.

/s/ *Derek J. Kammerlocher*
**DEREK J. KAMMERLOCHER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **DEREK J. KAMMERLOCHER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above TDCJ Defendants Response to Plaintiffs Motion to Strike have served all lead counsel of record electronically in accordance with ECF system of the Southern District of Texas on this 19th day of October, 2016, addressed to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

/s/ *Derek J. Kammerlocher*
**DEREK J. KAMMERLOCHER**
Assistant Attorney General