UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MCCOLLUM, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL NO. 4:14-CV-3253 |
| | § | |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| *Defendants*. | § | |

**OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE**

**NOW COME** the TDCJ Defendants to move this Court to strike certain of Plaintiffs' summary judgment evidence in accordance with Rule 56 of the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The TDCJ Defendants state in support that:

This is a lawsuit about one person's death, that is, the death of Mr. McCollum. It is not a lawsuit about the deaths of anyone else. In ruling on a motion for summary judgment, this Court may consider only admissible evidence. *Mersch v. City of Dallas,* 207 F.3d 732, 734–35 (5th Cir.2000). Generally, "[t]he admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial." *Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1024 (5th Cir.1995). Rule 56(c), however, also permits a district court to rely on affidavits that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(1)(A), (c)(4). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). Rule 56 does not impose a

duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379–80 (5th Cir. 2010). Nor can Plaintiffs place the burden to sift through the records onto defendants. *See e.g. Brown v. Providence Medical Center*, No. 8:10-CV-230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (finding the disclosures deficient and that the designation improperly placed the burden on the defendants to sift through medical records in an attempt to determine the testimony that each witness would provide). "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992), *cert. denied*, 506 U.S. 825, 121 L. Ed. 2d 46, 113 S. Ct. 82 (1992); *see also, Smith v. Southwestern Bell Tel. Co.*, 456 Fed. App'x 489, 492 (5th Cir. 2012) ("[S]elf-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence."). "Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment." *Lechuga v. Southern Pacific Transportation Co.,* 949 F.2d 790, 798 (5th Cir. 1992) (footnotes omitted); *see also Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir. 1985).

As set forth below, much of Plaintiff's summary judgment evidence is objectionable pursuant to the Federal Rules. Accordingly, the TDCJ Defendants file these objections and move this Court to strike this evidence and to exclude the evidence from the Court's consideration in ruling on the TDCJ Defendants' Motion for Summary Judgment.

## II. Specific Objections

1) Defendants object to Plaintiffs' Appendix Exhibit 1, "Summary of Undisputed Heat Stroke Deaths" pursuant to FED. R. EVI. 401-403 and 1006, for the following reasons:

a) The chart as a whole must be stricken because the manner in which the facts are listed in the chart implies an improper, highly prejudicial, standard of liability based upon negligence or strict liability. The standard to impose liability in this case is neither negligence nor strict liability. Claims based upon 42 U.S.C. §1983 deliberate indifference and unconstitutional conditions of confinement claims, or on violations of the ADA require a much higher standard of proof. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir.2001); *Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir.2002). "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id*. The deliberate indifference inquiry, however, requires more than mere negligence. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir.2001). Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence because "it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir.1992); *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir.2000)).

Similarly, the ADA also requires intentional conduct inconsistent with theories of liability based on negligence or strict liability. To state a claim under the ADA, a plaintiff must allege that (1) he is a qualified individual; (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity; and (3) that the exclusion, denial, or discrimination was ***because of*** his disability. *See Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir.2002) (emphasis added).

In addition, the chart is impermissibly prejudicial due to missing information. Plaintiffs have deliberately failed to include on the chart the actual date the final autopsies were provided to TDCJ officials. This failure renders the chart impermissibly prejudicial. A major issue in these cases is when TDCJ officials knew this type of information. The chart list of the deaths occurring in 2011 and 2012, however, makes it appear that all the deaths listed were known and available to TDCJ defendants *before* McCollum became ill. This depiction of the information is confusing and unfairly prejudicial.

Defendants, therefore, move the Court to strike the chart in its entirety due to the missing information and the chart's implied, but, completely incorrect, legal standard of negligence and/or strict liability.

> b) Alternatively, the eleven deaths occurring after Mr. McCollum became ill must be stricken. The chart lists deaths which did not occur *before* McCollum became ill on July 22, 2011. Mr. McCollum became ill *before* the death of Douglas Hudson on July 25, 2011. (Pl. Appx. D.E. 302-3 at p. 18 aka Ex. 166; Pl. Appx., D.E. 300-4 at p. 2 aka Ex. 10). All facts regarding the offenders' deaths listed on the chart which occurred after Mr. McCollum became ill on July 22, 2011 are irrelevant and must be stricken.

Defendants, therefore, in the alternative, move the Court to strike from the chart all deaths which occurred after Mr. McCollum became ill on July 22, 2011 as follows: Hudson, Meyers, Webb, Togonidze, Cook, Martone, Marcus, James, Alvarado, Adams, and Hinojosa.

> c) The chart fails to provide any citation to the specific Bates numbers of the records from which the facts were derived nor it does provide information on the personal knowledge of the witness who prepared the summary. The chart, therefore, contains alleged facts with no record citation to support its conclusory statements. This is especially problematic for the medical conditions contained in the seventh column of the chart (labeled "Facts"). Neither the Court nor the defendants are required to sift through all the evidence to determine the accuracy of Plaintiffs' summation of "Facts" set forth in any column; but, especially for the facts contained in column seven. *Jackson*, 602 F.3d at 379–80; *see e.g. Brown*, No. 8:10-CV-230, 2011 WL 4498824, at *1.

Defendants, therefore, in the alternative, move the Court to strike the entirety of column seven in the chart.

    2) Pursuant to FED. R. EVI. 401-403 and/or 802, Defendants object to Plaintiffs' evidence for all deaths, heat illnesses and/or injuries, newspaper articles, meetings, emails, letters, Emergency Center Action reports ("EAC" reports), Office of Inspector General Reports ("OIG" Reports) which occurred *after* Mr. McCollum's onset of illness on July 22, 2011, as irrelevant, impermissible hearsay, unfairly prejudicial, confusing, and/or causing impermissible

imposition of significant time and effort to sift through the evidence. For any one or all of these reasons, Defendants object to the following Plaintiffs' exhibits:

**List of Types of Exhibits Created or Containing Information *After* the Onset of Mr. McCollum's Illness:**

a) **Autopsies & Reports of Heat Related Incidents for incidents after July 22, 2011**: D.E. 300-2 to 300-4, Ex. 2-10; D.E. 300-4 to D.E. 300-7, Ex. 12-22; D.E. 300-8 to D.E. 300-9, Ex. 27-30; D.E. 302-12 to 302-13, Ex. 180 (report of Caddell injury); D.E. 305-19, Ex. 301-302;[1]

b) **Mortality and Morbidity Reports for incidents after July 22, 2011:** D.E. 300-7, Ex. 23 (Mortality and Morbidity Worksheet for death on 7/29/2011 prepared by Dr. Williams on 12/7/2011); Plaintiffs' sealed exhibit no. 303 at pp. 7104-7107 and 7112-7148.

c) **Emails and letters dated after July 22, 2011**: D.E. 300-7 to 300-8, Ex. 25-26; D.E. 305-7 to 305-9, Ex. 236-249; D.E. 305-10, Ex. 251-254; D.E. 305-11, Ex. 257; D.E. 305-12, Ex. 262-265. (Please note, there seems to be two Exhibits numbered as "253". In this paragraph, we are referring to the email labeled as Ex. 253 at D.E. 305-10 at p. 37-39);

d) **2012 Meeting minutes**: D.E. 300-19, Ex. 71-72;

e) **May and Sept. 2012 inmate grievances:** D.E. 300-20, Ex. 74-75;

f) **Risk Mgt. Injury Reports for incidents after July 22, 2011**: D.E. 301-5, Ex. 109; D.E. 305-10, Ex. 251;

g) **Learned Articles and/or Treatises**: D.E. 302-1, Ex. 151-153 which require expert analysis and have not been referenced in the attached expert reports as having been reviewed by a specific expert who was disclosed specifically for this case;

h) **News Articles**: D.E. 302-2 to 302-3, Ex. 158-164;

i) **EAC Reports for incidents after July 22, 2011**: D.E. 302-15 to 302-15, Ex. 184-201; and

j) **OIG Reports for incidents after July 22, 2011**: D.E. 303-14 to 305-1, Ex. 202-210.

Defendants, therefore, move the Court to strike all the evidence listed in paragraphs a to j, above.

---

[1] Defendants also object to all Mortality and Morbidity reports and autopsies for offender deaths which were not determined by autopsy to be hyperthermia as these reports are irrelevant. *e.g.* Pl. Ex. 27-30, 301, and 302.

3) Defendants object to the Affidavit of Jeremy Banks (offender) D.E. 302-9, Ex. 170, in that the Affidavit is vague, conclusory, speculative, and lacks foundation. The witness fails to set forth the basis of his personal knowledge or experience that would provide a foundation for his opinions. Banks is not a trained officer. Banks, therefore, should not be allowed to offer his opinion that the officers who responded were not "professional….not very knowledgeable." Defendants, therefore, move the Court to strike Offender Banks' Affidavit.

4) Pursuant to FED. R. EVI. 401-403, 602, 702-705, Defendants object to the "Affidavit of Fact" at D.E. 302-1, Ex. 154 because the Affidavit is vague, conclusory, self-serving, speculative, and lacks foundation for either the factual statements or opinions. According to his Affidavit, Scott Gray is an attorney. *Id.* He states that "Mr. Ashley suffered a heat stroke due to the extreme temperatures in his cell….." Mr. Gray has not been disclosed as a medical expert in the this case. The Affidavit, therefore, contains an impermissible expert medical opinion. Mr. Gray further states that "I visited several prisons under the Bureau of Prisons control and every one of them that I visited have been climate controlled and air conditioned." Mr. Gray does not include the names or locations of any of the Bureau of Prisons that he allegedly visited. Defendants, therefore, move this Court to strike Mr. Gray's Affidavit.

## PRAYER FOR RELIEF

Wherefore, the TDCJ Defendants move for this Court to sustain the Defendants' objections to the Plaintiffs' Summary Judgment Evidence as set forth above and strike Plaintiffs' Summary Judgment Evidence accordingly. Further, Defendants request such other and further relief to which Defendants have shown they are justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
CYNTHIA L. BURTON
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District ID No. 35273
cynthia.burton@texasattorneygeneral.gov

MATTHEW J. GREER
Assistant Attorney General
Co-Counsel
Texas Bar No. 24069825
Southern District ID No. 1171775
matthew.greer@texasattorneygeneral.gov

DANIEL C. NEUHOFF
Assistant Attorney General
Co-counsel
Texas Bar No. 24088123
Southern ID No. 2374885
Daniel.neuhoff@texasattorneygeneral.gov

DEREK J. KAMMERLOCHER
Assistant Attorney General
Co-Counsel
State Bar No. 24097915
Southern District ID No. 2790636
Derek.Kammerlocher2@texasattorneygeneral.gov

7

> Office of the Attorney General of Texas
> Law Enforcement Defense Division
> P. O. Box 12548, Capitol Station
> Austin TX  78711
> (512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**

### CERTIFICATE OF CONFERENCE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that on October 18, 2016, UTMB counsel conferred with Plaintiffs' lead counsel Jeff Edwards, via email, regarding a similar type motion. Plaintiffs indicated they are opposed to the same type of relief requested in this motion.

> /s/ Cynthia L. Burton
> **CYNTHIA L. BURTON**
> Assistant Attorney General

### NOTICE OF ELECTRONIC FILING

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Southern District of Texas on October 19, 2016.

> /s/ Cynthia L. Burton
> **CYNTHIA L. BURTON**
> Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above TDCJ Defendants Objections to and Motion to Strike Plaintiffs Summary Judgment Evidence has been served on all lead counsel of record electronically in accordance with ECF system of the Southern District of Texas on this 19th day of October, 2016.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General