UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHEN McCOLLUM, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:14-cv-03253** |
| | § | |
| **BRAD LIVINGSTON, et al.,** | § | |
| **Defendants.** | § | |

## THE UNIVERSITY OF TEXAS MEDICAL BRANCH'S
## OPPOSED MOTION TO STRIKE AND OBJECTIONS TO PLAINTIFFS' EVIDENCE
## IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendant the University of Texas Medical Branch at Galveston moves to strike and objects to portions of Plaintiffs' evidence offered in response to UTMB's motion for summary judgment. *See* D.E. 297, 300-1. UTMB moves to strike the following exhibits offered by Plaintiff:

1. Ex. 1 (App. 3-4):  Summary of Undisputed TDCJ Heat Stroke Deaths (1998-2012)

UTMB moves to strike Exhibit 1, which appears to be a summary of alleged heat stroke deaths occurring between 1998 to 2012.  The chart summary does not comport with the requirements of Federal Rule of Evidence 1006.  *See United States v. Taylor,* 210 F.3d 311, 315 (5th Cir.2000). ("The admission of organization charts and summary evidence is governed by Federal Rules of Evidence 611(a) and 1006.").  "Summary evidence may be admitted into evidence under Federal Rule of Evidence 1006 if it is a summary chart based on previously admitted evidence that is so voluminous that in-court review by the jury would be difficult, but it is admissible only as long as the evidence it purports to summarize is admissible under the Fed. Rules and if the offering party provides the requisite foundation establishing its accuracy."  *BP Expl. & Prod. Inc. v. Cashman Equip. Corp.*, No. H-13-3046, 2016 WL 1387907, at \*6 (S.D. Tex. Apr. 8, 2016) (citing *U.S. v.*

*Harms,* 442 F.3d 367, 375 (5th Cir. 2006)); *See also Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1160 (11th Cir.2004) ("Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible.").

The chart offered by the Plaintiffs, which purports to summarize the deaths of the listed individuals, lacks proper foundation, is unauthenticated, and should be excluded.  Plaintiffs fail to identify the evidence in the record that the information in the chart is based upon.  Moreover, Plaintiffs fails to establish the chart's accuracy.  The information and documents used to prepare the chart and the information summarized is unknown and unidentified.  Furthermore, Plaintiffs do not show that the records related to these individuals is too voluminous for the court to review.

While it is presumed Plaintiffs' counsel created the chart, Plaintiffs fail to identify the person that actually created it.  The Fifth Circuit has cautioned that while summaries may be appropriate for summarizing voluminous records, "…testimony by an advocate summarizing and organizing the case for the jury constitutes a very different phenomenon, not justified by the Federal Rules of Evidence or our precedent."   *United States v. Fullwood,* 342 F.3d 409, 413 (5th Cir.2003).  Furthermore, the information within the chart is inadmissible and unauthenticated hearsay.  *See* Fed. R. Evid. 801.  The chart includes medical information and diagnoses that must be attested to by medical personnel with requisite training, education and knowledge.  Plaintiffs should not be permitted to use this chart as a back-door vehicle for introducing otherwise inadmissible evidence.  *See Peat, Inc.,* 378 F.3d at 1160.

Lastly, the chart includes deaths that are not relevant to this case, which is the alleged wrongful death of Larry McCollum on July 28, 2011 at Parkland Hospital in Dallas, Texas.  Any deaths, other than McCollum's, are not at issue and should be stricken from the record as the facts and circumstances underlying those alleged deaths are not being litigated in this matter.  Admitting

evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.   Any alleged heat deaths occurring before or after McCollum's death are irrelevant to the Americans with Disabilities Act and Rehabilitation Act claims against UTMB as related to McCollum. Accordingly, UTMB moves to strike Ex. 1 (App. 3-4) and any references to the deaths, other than McCollum's, summarized within the exhibit or throughout Plaintiffs' response.

2.   Ex. 2 (App. 5-11): Autopsy of Archie White

UTMB moves to strike the autopsy of Archie White (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.   White died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.   This case does not involve prospective or injunctive relief.   Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.   Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

3.   Ex. 3 (App. 12-21): Autopsy of Anselmo Lopez

UTMB moves to strike the autopsy of Anselmo Lopez (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.   Lopez died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.   This case does not involve

prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

4. Ex. 4 (App. 22-31): Autopsy of James Moore

UTMB moves to strike the autopsy of James Moore (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.  Moore died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

5. Ex. 5 (App. 32-42): Autopsy of Charles Finke

UTMB moves to strike the autopsy of Charles Finke (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.  Finke died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts,

circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

6.  <u>Ex. 6 (App. 43-50): Autopsy of John Cardwell</u>

UTMB moves to strike the autopsy of John Cardwell (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.  Cardwell died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

7.  <u>Ex. 7 (App. 51-64): Autopsy of Ricky Robertson</u>

UTMB moves to strike the autopsy of Ricky Robertson (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Robertson died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by

the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

8. Ex. 8 (App. 65-77): Autopsy of James Shriver

UTMB moves to strike the autopsy of James Shriver (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.  Shriver died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

9. Ex. 9 (App. 78-90): Autopsy of Dionicio Robles

UTMB moves to strike the autopsy of Dionicio Robles (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Robles died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the

autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

10. Ex. 10 (App. 91-104): Autopsy of Douglas Hudson

UTMB moves to strike the autopsy of Douglas Hudson (and any reference to it or the information within it in Plaintiffs' response)because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Lopez died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

11. Ex. 13 (App. 120-130): Autopsy of Thomas Meyers

UTMB moves to strike the autopsy of Thomas Meyers (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Meyers died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  In fact, Meyers died after McCollum and at a unit other than the Hutchins Unit.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and

confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

12. Ex. 14 (App. 131-143): Autopsy of Robert Webb

UTMB moves to strike the autopsy of Robert Webb (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.   Webb died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Webb died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues. Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

13. Ex. 15 (App. 144-154): Autopsy of Charles Cook

UTMB moves to strike the autopsy of Charles Cook (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.   Cook died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Cook died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.

Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

14. Ex. 16 (App. 155-166): Autopsy of Michael Martone

UTMB moves to strike the autopsy of Michael Martone (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Martone died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Martone died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief. Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

15. Ex. 17 (App. 167-179): Autopsy of Alexander Togonidze

UTMB moves to strike the autopsy of Alexander Togonidze (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Togonidze died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Togonidze died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief. Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses

the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

16. Ex. 18 (App. 180-193): Autopsy of Kenneth James

UTMB moves to strike the autopsy of Kenneth James (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  James died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  James died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

17. Ex. 19 (App. 194-206): Autopsy of Kelly Marcus

UTMB moves to strike the autopsy of Kelly Marcus (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.   Fed. R. Evid. 401, 402.  Marcus died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Marcus died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief.  Admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.

Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

18. Ex. 20 (App. 207-219): Autopsy of Daniel Alvarado

UTMB moves to strike the autopsy of Daniel Alvarado (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Alvarado died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Alvarado died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief. Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

19. Ex. 21 (App. 220-228): Autopsy of Rodney Adams

UTMB moves to strike the autopsy of Rodney Adams (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Adams died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Adams died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief. Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses

the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

20. Ex. 22 (App. 229-242): Autopsy of Albert Hinojosa

UTMB moves to strike the autopsy of Albert Hinojosa (and any reference to it or the information within it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB. Fed. R. Evid. 401, 402.  Hinojosa died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Hinojosa died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief. Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been attested to by a medical expert.

21. Ex. 23 (App. 243-246): Morbidity and Mortality Worksheet for William Roberts

UTMB moves to strike the Morbidity and Mortality Worksheet for William Roberts (and any reference to it or the information within in it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.     Fed. R. Evid. 401, 402.  Roberts died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Roberts died after McCollum and at the Byrd Unit. The medical information and diagnoses within the worksheet are hearsay and lack proper foundation.  Admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained

within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

22. Ex. 24 (App. 247-251): Email from Dr. R. Williams to Dr. C. Adams re: "details of possible heat-related issue" (Aug. 9, 2011)

UTMB moves to strike the email from Dr. R. Williams to Dr. C. Adams re: "details of possible heat-related issue" (and any reference to it or the information within in it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.   Fed. R. Evid. 401, 402.  The statements within the email are inadmissible hearsay.  Also, the medical information within the email lacks proper foundation and has not been interpreted by or attested to by a medical expert.  The deaths referenced in the email do not concern McCollum or the Hutchins Unit. Admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.

23. Ex. 25 (App. 252): Email from Davis to Dr. Linthicum re: "Possible Heat-Related Deaths 2011-Report" (June 14, 2013)

UTMB moves to strike the email from Davis to Dr. Linthicum prepared on June 14, 2013 regarding "Possible Heat-Related Deaths" (and any reference to it or the information within in it in Plaintiffs' response) because it contains inadmissible hearsay.  UTMB moves to strike reference to all individuals other than McCollum as the deaths of those individuals are not relevant to the issues before this court.  Fed. R. Evid. 401, 402.

24. Ex. 26 (App. 253-254): Email from Cacciatore to Archie re: "Close call" (July 11, 2011)

UTMB moves to strike the email from Cacciatore to Archie prepared on July 11, 2011 regarding "Close call" (and any reference to it or the information within in it in Plaintiffs' response) because it contains inadmissible hearsay.  UTMB moves to strike the email and the information

within it as it is irrelevant to the issues before this court as it involves an offender other than McCollum and a unit other than Hutchins.  Fed. R. Evid. 401, 402.

25. Ex. 27 (App. 255-256): Autopsy of Curtis Jackson

UTMB moves to strike the autopsy of Curtis Jackson (and any reference to it or the information within in it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.  Jackson died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Jackson died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief. Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

26. Ex. 28 (App. 257-272): Autopsy of Jeffrey Jones

UTMB moves to strike the autopsy of Jeffrey Jones (and any reference to it or the information within in it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.  Jones died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Jones died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.

Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

27. Ex. 29 (App. 273-282): Autopsy of Emma Johnson

UTMB moves to strike the autopsy of Emma Johnson (and any reference to it or the information within in it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.   Fed. R. Evid. 401, 402.  Johnson died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Adams died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

28. Ex. 30 (App. 283-292): Autopsy of James Boggus

UTMB moves to strike the autopsy of James Boggus (and any reference to it or the information within in it in Plaintiffs' response) because it is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.    Fed. R. Evid. 401, 402.   Boggus died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Boggus died after McCollum and at a unit other than the Hutchins Unit. This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses

the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

29. Ex. 31: Class Certification Hearing Transcript in Bailey v. Livingston (June 2, 2016)

UTMB moves to strike the portions of Dr. Rieger's testimony given during the June 2, 106 class certification hearing in *Bailey* as that testimony is used by Plaintiffs against UTMB.  UTMB is not a party to the *Bailey* suit and was unable to cross-examine Dr. Rieger or object to Plaintiffs' counsel's questions during the hearing.  Allowing Plaintiffs to use the testimony of an expert designated in a different case and one in which UTMB is not a party is unfair.  Dr. Rieger's expert opinions in the *Bailey* case should be properly restricted to the facts, circumstances and parties of that case.

30. Ex. 33 (App. 322-328): Pretrial Hearing Transcript, March 3, 2016

UTMB moves to strike the portions of the March 3, 2016 pretrial hearing as it is irrelevant to the issues to be determined by the court in relation to Plaintiffs' ADA and Rehab Act claims against UTMB.  The testimony reflects conversations about discovery, expert, and dispositive motion deadlines.  It is irrelevant to and not probative of the substantive issues to be decided and should be stricken.  Fed. R. Evid. 401, 402.

31. Ex. 37 (App. 639-641): Declaration of Stephanie Kingrey

UTMB moves to strike the declaration of Stephanie Kingrey signed on September 6, 2016[1] because it is inherently inconsistent with her previous deposition testimony.  The testimony offered in this declaration is in stark contrast to the testimony she gave during her deposition on November 22, 2013.  During her deposition, Ms. Kingrey testified that she did not consider her father, McCollum, to be disabled.  *See* D.E. 285-2, App. Tab 29 (54:25-55:1).  Her deposition testimony

---

[1] This declaration was created after UTMB's motion for summary judgment was filed and one day prior to the filing of Plaintiffs' consolidated response to Defendants' motion for summary judgment.

contains no statements that she believed McCollum had difficulty walking, standing, or climbing due to his obesity, hypertension, or alleged diabetes. *See id.*; *see also* D.E. 297, Ex. 37 (App. 640-41). This declaration is a sham affidavit and should be stricken from the record. *Tex. Sales and Mktg., Inc. v. Distinctive Appliances, Inc.*, 2007 WL 399292 at *6 (S.D. Tex. January 31, 2007) ("When an affidavit is impeached by prior sworn testimony without sufficient explanation, the court must view that affidavit with profound skepticism…Indeed, it is within the court's discretion to disregard the affidavit altogether…").

32. <u>Ex. 38 (App. 642-646): Declaration of Santos Rodriguez, III</u>

UTMB moves to strike portions of the declaration of Santos Rodriguez that are inadmissible hearsay or speculation and not based upon his personal knowledge. UTMB moves to strike paragraphs 5, 10, 14, 15, 19, 20, and 23 because they include statements of inadmissible hearsay. Fed. R. Evid. 801(c), 802. UTMB moves to strike paragraphs 13, 17, and 18 as they include statements that are not based upon Rodriguez's personal knowledge and amount to speculation.

33. <u>Ex.39 (App.648-651): Declaration of Ronald Chase</u>

UTMB moves to strike portions of Ronald Chase's declaration to the extent it includes inadmissible hearsay and information irrelevant to the issues to be decided by the court in this case. UTMB moves to strike any statements regarding Chase's experiences at the Hutchins Unit in 2012 as they occurred after the July 2011 death of McCollum and are not probative of the facts and circumstances surrounding McCollum's death. This case does not involve prospective or injunctive relief. It is a civil suit about an alleged wrongful death in July 2011. Events occurring a year after McCollum's death do not have probative value. Accordingly, UTMB moves to strike paragraphs 5, 7, and 11. In addition, UTMB moves to strike portions of Chase's declaration that

are not based upon his personal knowledge and amount to speculation.  These paragraphs are: 5, 8, 16, 17, and 18.

34. Ex. 40 (App. 649-653): Declaration of David Deaton

UTMB moves to strike the declaration of David Deaton in its entirety.  Deaton was housed at the Hutchins Unit from December 2011 to August 2012—this time period is well after McCollum's death in July 2011.  This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011.  Events occurring after McCollum's death do not have probative value.  Deaton's observations and statements about his experiences at the Hutchins Unit after McCollum's death are irrelevant and not probative to the ADA and Rehab Act claims against UTMB.

35. Ex. 41 (App. 654-657): Declaration of Edward Crockett

UTMB moves to strike the declaration of Edward Crockett in its entirety.  Crockett was housed at the Hutchins Unit from January 2012 to August 2012—this time period is well after McCollum's death in July 2011.  This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011.  Events occurring after McCollum's death do not have probative value.  Crockett's observations and statements about his experiences at the Hutchins Unit after McCollum's death are irrelevant and not probative to the ADA and Rehab Act claims against UTMB.

36. Ex. 42 (App. 658-661): Declaration of David Gleason

UTMB moves to strike the declaration of David Gleason in its entirety.  Gleason was housed at the Hutchins Unit from August 2011 to September 2012—this time period is well after McCollum's death in July 2011.  This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011.  Events occurring after McCollum's

18

death do not have probative value.  Gleason's observations and statements about his experiences at the Hutchins Unit after McCollum's death are irrelevant to the ADA and Rehab Act claims against UTMB

37. Ex. 43 (App. 662-667): Declaration of Leonard Russell

UTMB moves to strike the declaration of Leonard Russell in its entirety.  Russell was housed at the Hutchins Unit from August 2011 to August 2012—this time period is well after McCollum's death in July 2011.  Russell's observations and statements about his experiences at the Hutchins Unit after McCollum's death are irrelevant and not probative to the ADA and Rehab Act claims against UTMB.  This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011.  Events occurring one year after McCollum's death do not have probative value.

38. Ex. 71 (App. 1324-1335):  Correctional Institution Division Directors Meeting Agenda (April 2012)

UTMB moves to strike the Correctional Institution Division Directors Meeting Agenda from April 2012 as it includes inadmissible hearsay and occurred one year after McCollum's death. Plaintiffs offer this exhibit to prove the truth of the matters asserted within the agenda.  The statements are inadmissible hearsay and do not fall within a hearsay exception.  Moreover, any potential remedial measures taken after McCollum's death are inadmissible under Federal Rule of Evidence 407.  Finally, this exhibit is a meeting agenda from April 2012—well after McCollum's death—and it is irrelevant to the issues to be decided by this court with regard to Plaintiffs' ADA and Rehab Act claims against UTMB.  This case does not involve prospective or injunctive relief. It is a civil suit about an alleged wrongful death in July 2011.  Events occurring almost one year after McCollum's death do not have probative value.

39. Ex.72 (App. 1336-1355): Correctional Institution Division Directors Meeting Minutes (Apr. 2012)

UTMB moves to strike the Correctional Institution Division Directors Meeting Minutes from April 2012 as it includes inadmissible hearsay and occurred one year after McCollum's death. Plaintiffs offer this exhibit to prove the truth of the matters asserted within the agenda.  The statements made within the recorded minutes are inadmissible hearsay and do not fall within a hearsay exception.  Moreover, any potential remedial measures taken after McCollum's death are inadmissible under Federal Rule of Evidence 407.  Finally, this exhibit is meeting minutes from April 2012—well after McCollum's death—and it is irrelevant to the issues to be decided by this court with regard to Plaintiffs' ADA and Rehab Act claims against UTMB.  This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011.  Events occurring almost one year after McCollum's death do not have probative value.

40. Ex.74 (App. 1368-1374): Steve Carrizales Grievance with Response (May 2012)

UTMB moves to strike Steve Carrizales's May 2012 grievance and response as it was filed in June 2012 and discusses facts and circumstances well after McCollum's death.  The grievance and response are inadmissible hearsay. Fed. R. Evid. 801, 802.  In addition, the grievance and response occur almost one year after McCollum's death and are irrelevant to the issues to be decided by this court with regard to Plaintiffs' ADA and Rehab Act claims against UTMB. This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011.  Events occurring almost one year after McCollum's death do not have probative value.

41. Ex. 75 (App. 1375-76): Thomas Reed Grievance with Response (Sept. 2012)

UTMB moves to strike Thomas Reed's September 19, 2012 grievance and response because it discusses facts and circumstances well after McCollum's death.  The grievance and response are inadmissible hearsay. Fed. R. Evid. 801, 802.  In addition, the grievance and response occur one

year after McCollum's death and are irrelevant to the issues to be decided by this court with regard to Plaintiffs' ADA and Rehab Act claims against UTMB. This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011.  Events occurring a year after McCollum's death do not have probative value.

42. Ex. 76 (App. 1378-1380): Hutchins Air Handler Work Order (Aug. 2012):

UTMB moves to strike the August 2012 Hutchins Air Handler Work Order as it includes inadmissible hearsay and occurred one year after McCollum's death.  This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death in July 2011. Events occurring one year after McCollum's death do not have probative value.  Any potential remedial measures taken after McCollum's death are inadmissible under Federal Rule of Evidence 407.  An August 2012 work order is irrelevant to the issues to be decided by this court with regard to Plaintiffs' ADA and Rehab Act claims against UTMB.

43. Ex. 77 (App 1381): TDCJ Byrd Unit Profile

UTMB moves to strike the TDCJ Byrd Unit Profile as it is irrelevant to the Hutchins Unit in July 2011.  The Byrd Unit profile is not probative of and does not help resolve the issues to be decided by this court with regard to Plaintiffs' ADA and Rehab Act claims against UTMB.

44. Ex. 104 (App. 1527): Heat Precautions Email (2014)

UTMB moves to strike the 2014 Heat Precautions Email because it is irrelevant to the facts and circumstances related to McCollum's death in July 2011.  This case does not involve prospective or injunctive relief.  It is a civil suit about an alleged wrongful death.  Events occurring three years after McCollum's death do not have probative value.  Moreover, to the extent Plaintiffs offer the email to show subsequent measures taken by TDCJ and/or UTMB, evidence of such measures is disallowed by Federal Rule of Evidence 407.

45. Ex. 107 (App. 1543-1545): TDCJ Hutchins Unit "Extreme Heat Precautions" (2012)

UTMB moves to strike the 2012 TDCJ Hutchins Unit "Extreme Heat Precautions" because it is irrelevant to the facts and circumstances related to McCollum's death in July 2011. This case does not involve prospective or injunctive relief. It is a civil suit about an alleged wrongful death. Events occurring a year after McCollum's death do not have probative value. Moreover, to the extent Plaintiffs offer the exhibit to show subsequent measures taken by TDCJ and/or UTMB, evidence of such measures is disallowed by Federal Rule of Evidence 407.

46. Ex. 108 (App. 1546-1548): TDCJ Risk Management "Monthly Executive Summary (2014)"

UTMB moves to strike the  TDCJ Risk Management "Monthly Executive Summary" from 2014 because it is irrelevant to the facts and circumstances related to McCollum's death in July 2011. This case does not involve prospective or injunctive relief. It is a civil suit about an alleged wrongful death in July 2011. Events occurring three years after McCollum's death do not have probative value. Moreover, to the extent Plaintiffs offer the exhibit to show subsequent measures taken by TDCJ, evidence of such measures is disallowed by Federal Rule of Evidence 407.

47. Ex. 109 (App. 1549-1552): TDCJ Risk Management—Department Injury Report Requirements (2014)

UTMB moves to strike the 2014 TDCJ Risk Management—Department Injury Report Requirements because it is irrelevant to the facts and circumstances related to McCollum's death in July 2011. This case does not involve prospective or injunctive relief. It is a civil suit about an alleged wrongful death in July 2011. Events occurring three years after McCollum's death do not have probative value. Moreover, to the extent Plaintiffs offer the exhibit to show subsequent measures taken by TDCJ, evidence of such measures is disallowed by Federal Rule of Evidence 407.

48. Ex. 121 (App. 1714-1729): Centers for Disease Control—FAQ: Extreme Heat

UTMB moves to strike the article, "FAQ: Extreme Heat" from the Centers for Disease Control's website as inadmissible hearsay. Fed. R. Evid. 801. This article does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements in the article were not used by an expert during examination, and Plaintiffs have not established their source as a reliable authority through expert testimony or by judicial notice. *See* Fed. R. Evid. 803(18). Furthermore, even if statements from this article are admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id*.

49. Ex. 122 (App. 1730-1733): CDC, Morbidity and Mortality Weekly—Wheeler, Heat Illness and Deaths, New York City, 2000-2011

UTMB moves to strike the article, "Heat Illness and Deaths, New York City, 2000-2011" from the Centers for Disease Control and Prevention's Morbidity and Mortality Weekly Report as inadmissible hearsay. Fed. R. Evid. 801. This article does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements in the article were not used by an expert during examination, and Plaintiffs have not established their source as a reliable authority through expert testimony or by judicial notice. *See* Fed. R. Evid. 803(18). Furthermore, even if statements from this article are admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id*.

50. Ex. 123 (App. 1734-1740): NWS--Heat: A Major Killer

UTMB moves to strike the article, "Heat: A Major Killer" from the National Weather Service's website as inadmissible hearsay. Fed. R. Evid. 801. This article does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements in the article were not used by an expert during examination, and Plaintiffs

have not established their source as a reliable authority through expert testimony or by judicial notice. *See* Fed. R. Evid. 803(18). Furthermore, even if statements from this article are admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id.*

51. <u>Ex. 124 (app. 1741-1745): CDC, Morbidity and Mortality Weekly—Fowler, Heat Related Deaths After an Extreme Event</u>

UTMB moves to strike the article, "Heat Related Deaths After an Extreme Event" from the Centers for Disease Control and Prevention's Morbidity and Mortality Weekly Report as inadmissible hearsay. Fed. R. Evid. 801. This article does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements in the article were not used by an expert during examination, and Plaintiffs have not established their source as a reliable authority through expert testimony or by judicial notice. *See* Fed. R. Evid. 803(18). Furthermore, even if statements from this article are admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id.*

52. <u>Ex. 125 (App. 1746-1749): CDC, Morbidity and Mortality Weekly—Luber, Heat Related Deaths—U.S. 1999-2003</u>

UTMB moves to strike the article, "Heat Related Deaths—U.S. 1999-2003" from the Centers for Disease Control and Prevention's Morbidity and Mortality Weekly Report as inadmissible hearsay. Fed. R. Evid. 801. This article does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements in the article were not used by an expert during examination, and Plaintiffs have not established their source as a reliable authority through expert testimony or by judicial notice. *See* Fed. R. Evid. 803(18). Furthermore, even if statements from this article are admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id.*

53. Ex. 126 (App. 1750-1772): CDC, Morbidity and Mortality Weekly—Luber, Heat Related Illness Hospitalizations (2001-2010)

UTMB moves to strike the article, "Heat Related Illness Hospitalizations" from the Centers for Disease Control and Prevention's Morbidity and Mortality Weekly Report as inadmissible hearsay. Fed. R. Evid. 801. This article does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements in the article were not used by an expert during examination, and Plaintiffs have not established their source as a reliable authority through expert testimony or by judicial notice. *See* Fed. R. Evid. 803(18). Furthermore, even if statements from this article are admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id.*

54. Exs. 128-133 (App. 1777-2168): Various articles or published studies by different agencies

UTMB moves to Exhibits 128 through 133, which include articles, studies and surveys by various agencies as inadmissible hearsay. Fed. R. Evid. 801. These articles, studies and surveys does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements within the articles, studies and surveys were not used by experts during examination, and Plaintiffs have not established their sources as reliable authorities through expert testimony or by judicial notice. *See* Fed. R. Evid. 803(18). Furthermore, even if statements from these articles, studies and surveys are admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id.*

Furthermore, the exhibits are irrelevant to the substantive issues in this case. This case is about McCollum's death in July 2011. It is not a suit for prospective or injunctive relief. UTMB moves to strike Exhibits 128-133 because they are irrelevant and have probative value to the issues

involved surrounding McCollum's death. First, exhibit 128 (App. 1777-1783) is "New Residential Home Construction in July 2016" by the U.S. Census Bureau and Department of Housing and Urban Development. A study regarding new *residential* construction in 2016 is wholly irrelevant to the facts and circumstances related to McCollum's death in July 2011. Next, exhibit 129 (App. 1784-1970) is "American Housing Survey fir the United States: 2011" that was issued in September 2013 by the U.S. Department of Housing and Urban Development. The survey relates to single-family homes, apartments, manufactured housing, vacant units, family composition, income, housing and neighborhood quality, etc. It does not examine the conditions or statistics related to jails or prisons; and it has no relevance to facts and circumstances related to McCollum's death. Exhibit 130 (App. 1971-2021) is chapter 10, "Housing Quality Standards" from the Housing Choice Voucher Program Guidebook. Again, exhibit 130 is completely irrelevant to the facts at issue. Exhibit 132 (App. 2083-2086) is a "Residential Energy Consumption Survey" by the U.S. Energy Information Administration. Residential energy consumption is not relevant to McCollum's death. Last, exhibit 133 (App. 2087-2168) is a report conducted by the U.S. Department of Defense regarding conditions of confinement at Guantanamo Bay. Plaintiffs fail to demonstrate how a review by federal officials of conditions at Guantanamo Bay is relevant to the conditions at the Hutchins Unit.

55. <u>Exs. 135-138 (App. 2171-2365): Facility Plans, Requirements and Inspections for Various States between 2012 to 2015</u>

UTMB moves to strike exhibits 135 through 138 (App. 2171-2365), which are facility plans, requirements and inspections for Arizona, New Mexico, Tennessee, and Oklahoma. These exhibits concern standards, requirements and inspections from 2012 to 2015, which are times after July 2011 and thereby irrelevant to the facts and circumstances related to McCollum's confinement

at the Hutchins Unit in July 2011.  These exhibits are not probative of the issues the court must

determine when considering Plaintiffs' ADA and Rehab Act claims against UTMB.

56. Ex. 141 (App. 2375-2378): Northwestern Oklahoma State University—Heat Stress in the
    Work Environment

UTMB moves to strike the article, "Heat Stress in the Work Environment" from Northwestern

Oklahoma State University's website as inadmissible hearsay.  Fed. R. Evid. 801.  This article

does not fit within the exception to the rule against hearsay for "Statements in Learned Treatises,

Periodicals, and Pamphlets" because the statements in the article were not used by an expert during

examination, and Plaintiffs have not established their source as a reliable authority through expert

testimony or by judicial notice.  *See* Fed. R. Evid.  803(18).  Furthermore, even if statements from

this article are admissible in court, the statements may only be read into evidence and **not** received

as exhibits.  *Id.*

57. Exs. 157-164 (App. 2692-2724): Various newspaper articles

UTMB moves to strike exhibits 157-167 (App. 2692-2724), which are copies of various

newspaper articles.  Generally, newspaper articles are "classic, inadmissible hearsay" and are

"unusable to defeat summary judgment." *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th

Cir.2005); *see The Barnes Foundation v. Township of Lower Merion,* 242 F.3d 151, 166 n. 8 (3d

Cir.2001); *Miller v. Tony & Susan Alamo Found.,* 924 F.2d 143, 146 (8th Cir.1991); *Pennington

v. Vistron Corp.,* 876 F.2d 414, 427 n. 15 (5th Cir.1989); *Dallas County v. Commercial *805 Union

Assur. Co.,* 286 F.2d 388, 392 (5th Cir.1961); *Achee v. Port Drum Co.,* 197 F.Supp.2d 723, 730 n.

5 (E.D.Tex.2002); *Ladner v. City of N.Y.,* 20 F.Supp.2d 509, 519 (E.D.N.Y.1998), *aff'd,* 181 F.3d

83 (2d Cir.), *cert. denied,* 528 U.S. 1006, 120 S.Ct. 502, 145 L.Ed.2d 388 (1999); *Dowdell v.

Chapman,* 930 F.Supp. 533, 541 (M.D.Ala.1996); *Tilton v. Capital Cities/ABC, Inc.,* 905 F.Supp.

1514, 1544 (N.D.Okla.1995), *aff'd,* 95 F.3d 32 (10th Cir.1996), *cert. denied,* 519 U.S. 1110, 117

S.Ct. 947, 136 L.Ed.2d 836 (1997).  Newspaper articles are hearsay when offered to prove the truth of the matter asserted. *See Barnes Found.,* 242 F.3d at 164 n. 8; *Achee,* 197 F.Supp.2d at 730 n. 5. They are not sworn or certified, and the authors are not subject to cross-examination, rendering such articles incompetent summary judgment evidence. *See Dowdell,* 930 F.Supp. at 541. Thus, any statements made or alluded to in newspaper articles ordinarily cannot be considered as evidence for summary judgment purposes.  *See Achee,* 197 F.Supp.2d at 730 n. 5 (citing *McClure v. Mexia Indep. Sch. Dist.,* 750 F.2d 396, 401 (5th Cir.1985); *Dallas County,* 286 F.2d at 392).  Accordingly, unless an exception to the prohibition against hearsay set forth in Rule 802 applies, the newspaper articles may not be considered as evidence in order to defeat summary judgment.  *See* Fed. R. Evid. 802.

58. <u>Ex. 149 (App. 2580): Email from J. Clarke re: "Texas Prisons are Super Hot" (July 2014)</u>

UTMB moves to strike the July 2014 from J. Clarke because it is inadmissible hearsay within hearsay.  The email itself is hearsay, and its subject matter is a copy of a news article, which also hearsay.  Newspaper articles are "classic, inadmissible hearsay" and are "unusable to defeat summary judgment." *Roberts,* 397 F.3d at 295 (5th Cir.2005).  Newspaper articles are hearsay when offered to prove the truth of the matter asserted. *See The Barnes Foundation v. Township of Lower Merion,* 242 F.3d 151, 166 n. 8 (3d Cir.2001); *Achee v. Port Drum Co.,* 197 F.Supp.2d 723, 730 n. 5 (E.D.Tex.2002).  They are not sworn or certified, and the authors are not subject to cross-examination, rendering such articles incompetent summary judgment evidence. *Dowdell v. Chapman,* 930 F.Supp. 533, 541 (M.D.Ala.1996). Thus, any statements made or alluded to in newspaper articles ordinarily cannot be considered as evidence for summary judgment purposes. *See Achee,* 197 F.Supp.2d at 730 n. 5 (citing *McClure v. Mexia Indep. Sch. Dist.,* 750 F.2d 396, 401 (5th Cir.1985).

59. Exs.150-153 (App. 2581-2663): Various articles from journals

UTMB moves to Exhibits 150 through 153, which include medical articles and studies as inadmissible hearsay.  Fed. R. Evid. 801.  These articles and studies do not within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements within the articles and studies were not discussed by experts in their reports or during their examinations, and Plaintiffs have not established their sources as reliable authorities through experts' testimony or by judicial notice.  *See* Fed. R. Evid.  803(18).  Furthermore, even if statements from these articles and studies are admissible in court, the statements may only be read into evidence and **not** received as exhibits.  *Id*.  Accordingly, UTMB moves to strike Ex. 150 (App. 2581-2618), "Heat Stroke" by Leon from Comprehensive Physiology; Ex. 151 (App. 2619-2655), "Human Adaptations to Hot Environments" by Wegner; Ex. 152 (App. 2656-2660), "The Epidemiology of Heat-Related Deaths in Texas" by Grenberg; and Ex. 153 (App. 2661-2663) "The Heat Index Equation" by Rothfusz.

60. Ex. 154 (App. 2664): Affidavit of Scott Gray

UTMB moves to strike the affidavit of Scott Gray, an attorney in a civil matter pending before the United States Northern District Court of Texas, Dallas Division as inadmissible hearsay.  Fed. R. Evid. 801, 802.  The statements within Gray's affidavit are out-of-court statements offered to prove the truth of the matters asserted.  The statements do not fall within a hearsay objection.  *See* Fed. R. Evid. 803.  Moreover, Gray's affidavit is irrelevant to the issues to be determined by this court regarding McCollum's incarceration at the Hutchins Unit in July 2011.  Gray's statements about a case pending before a different district court has no probative value to the issues in this case and should be excluded.

61. Ex. 155 (App. 2665-2688): Order Denying Motion for New Trial in *Borum v. Swisher*

UTMB moves to strike the order denying Defendants' Motion for New Trial in *Borum v. Swisher*, which was a case tried before the Northern District of Texas, Amarillo Division. The facts, circumstances and legal conclusions in that case are not proper evidence in this case. Plaintiffs may cite the order and the case law within it and argue it is persuasive authority with regard to legal issues in this case. However, to the extent that Plaintiffs attempt to use the order as evidence of legal precedent and legal conclusions applicable to this case, UTMB objects and asks that it be excluded.

62. Exs. 157-164 (App. 2692-2724): Various newspaper articles

UTMB moves to strike Exhibits 157 through 164. These exhibits are news articles; and newspaper articles are "classic, inadmissible hearsay" and are "unusable to defeat summary judgment." *Roberts,* 397 F.3d at 295 (5th Cir.2005). Newspaper articles are hearsay when offered to prove the truth of the matter asserted. *See The Barnes Foundation v. Township of Lower Merion,* 242 F.3d 151, 166 n. 8 (3d Cir.2001); *Achee v. Port Drum Co.,* 197 F.Supp.2d 723, 730 n. 5 (E.D.Tex.2002). They are not sworn or certified, and the authors are not subject to cross-examination, rendering such articles incompetent summary judgment evidence. *Dowdell v. Chapman,* 930 F.Supp. 533, 541 (M.D.Ala.1996). Thus, any statements made or alluded to in newspaper articles ordinarily cannot be considered as evidence for summary judgment purposes. *See Achee,* 197 F.Supp.2d at 730 n. 5 (citing *McClure v. Mexia Indep. Sch. Dist.,* 750 F.2d 396, 401 (5th Cir.1985). Accordingly, UTMB moves to strike Ex. 157 (App. 2692-2695), "Climate Controlled Swine Buildings Dismay Inmates' Advocates," from the Texas Tribune; Ex. 158 (App. 2696-2699), "Failure to Communicate" from the Houston Chronicle; Ex. 159 (App. 2700-2702), "Heat Exhaustion in Texas Prison" from the New York Times; Ex. 160 (App. 2703-2706), "Neither Prisoners Nor Pigs Should Get Air Conditioning" from the Marshall News Messenger;

Ex. 161 (App. 2707-2709), "TDCJ Takes a Small Step to Address the Heat Problems in State Prisons" from the Ft. Worth Star Telegram; Ex. 162 (App. 2710-2714): "Neal and Clements Units Among Those Without Air Conditioning" from KFDA News;   Ex. 163 (App. 2715-2719), "There's a Difference Between Tough and Brutal" from the Austin American Statesman; and Ex. 164 (App. 2720-2724), "Guards to Join Litigation Over Hot State Prisons" by Michael Ward.

63. Ex.180 (App. 3021-3059): EAC Report related to Bradley Caddell

UTMB moves to strike Ex. 180, which is the Emergency Action Center Report related to Bradley Caddell as it contains inadmissible hearsay and is irrelevant to the issues to be determined in this case.  Fed. R. Evid. 801, 802, 402, 403.  This case involves the facts and circumstances surrounding McCollum's incarceration at the Hutchins Unit in July 2011.  Plaintiffs allege UTMB violated the ADA and Rehab Acts.  There are no claims for prospective or injunctive relief as this is a wrongful death case.  The report related to Caddell, which Plaintiffs' counsel represents in a separate civil suit, contains inadmissible hearsay as there are several out of court statements offered solely to prove the matters asserted.  Moreover, Caddell's alleged heat injury occurred July 2, 2012 and is completely irrelevant and unrelated to the facts and circumstances of McCollum's July 2011 incarceration.   Admitting evidence related to an alleged heat injury to an offender other than McCollum, which occurred a year after McCollum's death and involved different facts, circumstances, and individuals is inappropriate and unfair as it confuses the facts and issues alleged in Caddell's case with those to be determined in this case.

64. Exs. 181-183 (App. 3060-3066): Emails regarding Employee Heat Related Injuries in 2013 and 2014 and the Terrell and Crain Units

UTMB moves to strike Exs. 181-183, which are emails regarding alleged employee heat injuries that occurred at the Terrell Unit on August 3, 2013 and Crain Unit on September 5, 2014,

as they are irrelevant in time and scope to the issues in this case.  Fed. R. Evid. 801, 802, 402, 403.

This case involves the facts and circumstances surrounding McCollum's incarceration at the

Hutchins Unit in July 2011.  Plaintiffs allege UTMB violated the ADA and Rehab Acts.  There

are no claims for prospective or injunctive relief as this is a wrongful death case.  Emails regarding

alleged employee heat injuries occurring in 2013 and 2014 at the Terrell Unit and Crain Unit are

completely irrelevant and unrelated to the facts and circumstances of McCollum's July 2011

incarceration; and these exhibits should be excluded because they have no probative value to the

issues to be determined in this case.

65. Ex. 184 (App. 3067-3097): Emergency Center Action Report related to Charles Finke

UTMB moves to strike Ex. 184, which is the Emergency Action Center Report related to

Charles Finke, as it contains inadmissible hearsay and is irrelevant to the issues to be determined

in this case.  Fed. R. Evid. 801, 802, 402, 403.  This case involves the facts and circumstances

surrounding McCollum's incarceration at the Hutchins Unit in July 2011.  Plaintiffs allege UTMB

violated the ADA and Rehab Acts.  The report related to Finke contains inadmissible hearsay as it

contains numerous out of court statements offered by Plaintiffs solely to prove the truth of the

matters asserted.  The EAC report related to Finke has no probative value to the issues the court

must determine when considering Plaintiffs' ADA and Rehab Act claims against UTMB regarding

McCollum.

66. Ex. 185-187 (App. 3098-3109): Emergency Action Center Report and Notices related to
    John Cardwell

UTMB moves to strike Exs. 185-187, which are the Emergency Action Center Report and

Notices related to John Cardwell, as these documents contain inadmissible hearsay and are

irrelevant to the issues to be determined in this case.  Fed. R. Evid. 801, 802, 402, 403.  This case

involves the facts and circumstances surrounding McCollum's incarceration at the Hutchins Unit in July 2011.  Plaintiffs allege UTMB violated the ADA and Rehab Acts.  The report and notices related to Cardwell are inadmissible hearsay as they contain numerous out of court statements offered by Plaintiffs solely to prove the truth of the matters asserted.  Moreover, the EAC report and notices related to Cardwell have no probative value to the issues the court must determine when considering Plaintiffs' ADA and Rehab Act claims against UTMB regarding McCollum.

67. Exs. 188-201 (App. 3110-4011): Emergency Action Center Reports related to 16 inmates

UTMB moves to strike Exs. 188-201, which are the Emergency Action Center Reports related to 16 inmates, as these documents contain inadmissible hearsay and are irrelevant to the issues to be determined in this case.  Fed. R. Evid. 801, 802, 402, 403.  This case involves the facts and circumstances surrounding McCollum's incarceration at the Hutchins Unit in July 2011.  Plaintiffs allege UTMB violated the ADA and Rehab Acts.  The report and notices related to these 16 inmates are inadmissible hearsay as they contain numerous out of court statements offered by Plaintiffs solely to prove the truth of the matters asserted.  Moreover, the EAC reports related to these 16 inmates have no probative value to the issues the court must determine when considering Plaintiffs' ADA and Rehab Act claims against UTMB regarding McCollum.

68. Exs. 202-205, 207-210 (App. 4011-5919): Office of the Inspector General Records related to 8 inmates

UTMB moves to strike Exs. 202-205, 207-210, which are Office of the Inspector General records related to 8 inmates, not McCollum, as these documents contain inadmissible hearsay and are irrelevant to the issues to be determined in this case.  Fed. R. Evid. 801, 802, 402, 403.  This case involves the facts and circumstances surrounding McCollum's incarceration at the Hutchins Unit in July 2011.  Plaintiffs allege UTMB violated the ADA and Rehab Acts.  There are no claims

for prospective or injunctive relief.  The OIG reports related to 8 inmates (that are not McCollum) are inadmissible hearsay as they contain numerous out of court statements offered by Plaintiffs solely to prove the truth of the matters asserted.  Moreover, OIG reports related to inmates other than McCollum, most of which relates to incidents occurring after McCollum's death and at units other than the Hutchins Unit, have no probative value to the issues the court must determine when considering Plaintiffs' ADA and Rehab Act claims against UTMB regarding McCollum.

69. <u>Exs.230-241 (App. 6074-6117): Emails Sent August 4, 2011 through August 11, 2011</u>

UTMB moves to strike Exhibits 230-240, which are emails sent from August 4, 2011 through August 11, 2011, as they include inadmissible evidence under Federal Rule of Evidence 407, occur after the events at issue in this case, and are not probative of the issues to be determined by the court.  Exhibits 230-240 are all dated after McCollum's death, and the subject matter of the emails in these exhibits does not relate to McCollum.  For example, Exhibit 230 is an email about the temperatures at the Hutchins Unit on August 3, 2011.  Exhibit 238 is an email sent on August 8, 2011 and discusses another inmate. Last, Exhibit 240 is an email that is irrelevant because it is occurs after McCollum's death, and it is inadmissible to the extent that it discusses remedial measures taken after McCollum's death.  Fed. R. Evid. 407.

70. <u>Exs. 242-245 (App. 6118-6128) : Letters and Email sent from August 11, 2011 through September 2011</u>

UTMB moves to strike Exhibits 241-45, which are letters and emails sent from August 11, 2011 through September, 2011, as they include inadmissible evidence under Federal Rule of Evidence 407, occur after the events at issue in this case, include inadmissible hearsay, and are not probative of the issues to be determined by the court.  Exhibits 241-245 are all dated after McCollum's death, and the subject matter of the emails in these exhibits does not directly relate to

McCollum.  For example, Exhibit 241 is a letter from Representative Sylvester Turner to Brad Livingston dated August 11, 2011.  The letter was created after McCollum's death, does not directly discuss McCollum's death and includes inadmissible hearsay to the extent that it relates information that is not based upon Rep. Turner's personal knowledge.  Exhibit 244 is an August 17, 2011 email about temperatures at the Hutchins Unit on August 16, 2011 (several weeks after McCollum's death).  Exhibit 245 is an email sent in September 2011 and it is inadmissible to the extent that it discusses potential remedial measures taken after McCollum's death.  Fed. R. Evid. 407.

71. Exs. 246-249 (App. 6129-6153): Emails dated October 20, 2011 through June 2012

UTMB moves to strike Exhibits 246-249, which are emails dated October 20, 2011 through June 2012, as they include inadmissible evidence under Federal Rule of Evidence 407, occur after the events at issue in this case, and are not probative of the issues to be determined by the court. As an example, Exhibit 246 is an email dated October 20, 2011 that discusses possible heat related deaths.  Evidence of potential heat deaths occurring after McCollum's death is irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.     Fed. R. Evid. 401, 402.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, to the extent the email discusses potential remedial measures at a time following McCollum's death, it is inadmissible. Fed. R. Evid. 407.  Also, Exhibit 249 is an email dated June 2012 (almost one year after McCollum's death) and includes inadmissible hearsay to the extent it reports information not within the author's personal knowledge.

72. Ex. 251 (App. 6159-6167): Executive Summary of Injuries (August 2012)

UTMB moves to strike Exhibit 251 as irrelevant because it was created a year after McCollum's death and includes information about injuries suffered following McCollum's death. The information within this exhibit is not probative of the issues to be determined by this court in assessing Plaintiff's ADA and Rehab Act claims against UTMB.

73. Exs. 252-269 (App.6168-6307): Emails dated June 18, 2012 to August 5, 2015

UTMB moves to strike Exhibits 252-269, which are emails dated June 18, 2012 through August 5, 2012, as they are irrelevant because they are created after the events at issue in this case and are not probative of the issues to be determined by the court. Fed. R. Evid. 401, 402. In addition, many of the emails include inadmissible hearsay and inadmissible evidence. Fed. R. Evid. 407, 801, 802. See Exs. 253, 256-262, 265-269. Exhibits 252-269 were all created well after McCollum's death on July 28, 2011. Many of the emails discuss potential remedial measures taken following McCollum's death and therefore, inadmissible. *See* Exs. 252, 258, 266-269. Exhibits 253 and 257 include newspaper articles, which are inadmissible hearsay. Exhibit 265 includes information on heat injuries from June 2010 to June 2014. To the extent the exhibit includes information about inmates other than McCollum, it is irrelevant. Plaintiffs sue UTMB for alleged violations of the ADA and Rehab Acts regarding McCollum's alleged wrongful death. There are no claims for prospective or injunctive relief. Information about heat injuries occurring after McCollum's July 28, 2011 death are irrelevant. Moreover, as to heat injuries occurring to inmates prior to McCollum's death at units other than the Hutchins Unit, such injuries are not of probative value as other inmates have their own unique health concerns and needs. Exhibits 254, 263 and 264 are wholly irrelevant as they are emails created July 24, 2013, June 15, 2014, and July 8, 2014 concern air-conditioning issues at units other than the Hutchins Unit.

74. <u>Exs. 270, 272-273, 279: Deposition excerpts</u>

UTMB objects to portions of Exhibits 270 through 273, 279 and 287 as these deposition excerpts include pending objections.  UTMB asks the court to rule on the pending objections.  Should the objections be sustained, UTMB asks the court to strike that testimony from evidence.  In Exhibit 270, which are excerpts from the deposition of Dr. Charles (Danny) Adams, UTMB asks the court to rule on the objection made at 269:5-15.  In Exhibit 272, which are excerpts from the deposition of Dr. Glenda Adams taken on November 19, 2013 as a UTMB 30(b)(6) witness, UTMB asks the court to rule on the objections made at 124:4-13; 130:9-16; 136:3-5; 175:20-25, 176:1-16, 177:5-18, 179:19-23, 193:2-8, 22-25.   Dr. Glenda Adams was testifying as a 30(b)(6) witness on designated topics on behalf of UTMB and she was not testifying as an individual physician witness nor an expert witness.  In Exhibit 273, which are excerpts from the deposition of Ananda Babbili, who is a physician assistant, UTMB asks the court to rule on the objection at 35:7-14.  In Exhibit 279, which are excerpts from the deposition of Gary Eubank, UTMB asks the court to rule on the objections made at 30:12-25, 31:1-6.  Mr. Eubank was a fact witness and not designated as an expert witness to which hypothetical questions could be asked and answered.

75. <u>Ex. 290 (App. 6804-6812): Excerpts from deposition of Dr. Dean Rieger in *Cole, et al. v. Livingston, et al.*</u>

UTMB moves to strike Exhibit 290 in its entirety as it includes excerpts from the deposition of Dr. Rieger in *Cole, et al. v. Livingston, et al*.  Dr. Rieger was not designated as an expert witness in *McCollum*.  Instead, he was an expert designated by TDCJ in *Cole*, a civil suit to which UTMB is not a party.   Moreover, Dr. Rieger's testimony was given after the close of evidence in *McCollum*.  Dr. Rieger was not an individual designated as a personal with relevant knowledge by any of the parties in *McCollum* nor was he designated as an expert witness in *McCollum*. Accordingly, his testimony should not be included as evidence in this case.

37

76. Exs. 301-302 (App. 7054-7082): Autopsies of William Roberts and Adam Swanson

UTMB moves to strike Exhibits 301 and 302, which are the autopsies of William Roberts and Adam Swanson (and any reference to these autopsies or the information within these autopsies in Plaintiffs' response) because they are irrelevant to the facts and circumstances to be decided by this court in assessing Plaintiffs' ADA and Rehab Act claims against UTMB.   Fed. R. Evid. 401, 402.  Both Roberts and Swanson died at a time, location and under circumstances unrelated to McCollum's incarceration at the Hutchins Unit in July 2011.  Both died after McCollum.  This case does not involve prospective or injunctive relief.  Thus, admitting evidence of deaths that are unrelated in time, location, facts, circumstances and participants is not probative of the issues to be determined by the court in this case and confuses the issues.  Moreover, the information contained within the autopsy contains inadmissible hearsay and the information within it has not been interpreted by or attested to by a medical expert.

77. Ex. 303: Morbidity and Mortality Reviews of Heat Related Deaths

UTMB moves to strike Exhibit 303 in its entirety as morbidity and mortality reviews are reviews taken following offenders' deaths and suggest potential remedial measures.  Such evidence is inadmissible under Rule 407.  Fed. R. Evid. 407.  Moreover, this case is solely about the death of Larry McCollum and whether UTMB violated the ADA and Rehab Acts.  Neither prospective nor injunctive relief are issues in this case.  Therefore, reviews of deaths other McCollum's are irrelevant to Plaintiffs' claims against UTMB.

78. Exs. 320-321: Emergency Center Action Reports related to James Shriver and Dionicio Robles

UTMB moves to strike Exhibits 320 and 321, which are Emergency Action Center Reports related to James Shriver and Dionicio Robles, as these reports contain inadmissible hearsay and are irrelevant to the issues to be determined in this case.  Fed. R. Evid. 801, 802, 402, 403.  This

case involves the facts and circumstances surrounding McCollum's incarceration at the Hutchins Unit in July 2011.  Plaintiffs allege UTMB violated the ADA and Rehab Acts.  The reports related to Shriver and Robles contains inadmissible hearsay as they contain numerous out of court statements offered by Plaintiffs solely to prove the truth of the matters asserted.  The EAC reports have no probative value to the issues the court must determine when considering Plaintiffs' ADA and Rehab Act claims against UTMB regarding McCollum.

79. <u>Exs. 323-329: Emails sent after McCollum's death</u>

UTMB moves to strike Exhibits 323 through 329, which are emails created and sent after McCollum's July 28, 2011 death. These emails are irrelevant because they are created after the events at issue in this case and are not probative of the issues to be determined by the court.  Fed. R. Evid. 401, 402.  In addition, many of the emails include inadmissible hearsay and inadmissible evidence.  Fed. R. Evid. 407, 801, 802.  To the extent the exhibits include information about inmates other than McCollum, they are irrelevant. Plaintiffs sue UTMB for alleged violations of the ADA and Rehab Acts regarding McCollum's alleged wrongful death.  There are no claims for prospective or injunctive relief.  Information about heat injuries occurring after McCollum's July 28, 2011 death are irrelevant.  Moreover, discussion of or reference to other inmates' medical conditions in the emails is inadmissible hearsay.  Last, to the extent the emails reference potential remedial measures or alternate steps taken after McCollum's death, the exhibits are inadmissible. Fed. R. Evid. 407.

80. <u>Ex. 173 (App. 2966-2968): Administrative Review regarding McCollum</u>

UTMB moves to strike Exhibit 173, which is an administrative review conducted by UTMB nursing executives on September 13, 2011.  This review was conducted after McCollum's July 28, 2011 death and includes information that is inadmissible under Rule 407.  Fed. R. Evid. 407.

81. Ex. 176 (App. 2974-2977): Mortality and Morbidity Review related to McCollum

UTMB moves to strike Exhibit 176 in its entirety as morbidity and mortality reviews are reviews taken following offenders' deaths and suggest potential remedial measures. Such evidence is inadmissible under Rule 407. Fed. R. Evid. 407.

82. Ex. 177 (App. 2982-84, 3000-3005): Portions of TDCJ Risk Management Reporting – Hutchins Het Injuries

UTMB moves to strike portions of Exhibit 177 as irrelevant to the issues to be determined in this case. Appendix pages 2982-2984 and 3000-05 include information about incidents that occurred after McCollum's July 28, 2011 death. This case does not involve prospective or injunctive relief. Plaintiffs sue UTMB for alleged violations of the ADA and Rehab Act. Information about heat injuries following McCollum's death are irrelevant and have no probative value to the issues to be determined.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil
Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**J. LEE HANEY**
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 00784203
Federal I.D. No. 18544
lee.haney@oag.texas.gov

/s/ Shanna Elizabeth Molinare
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General
Texas Bar No. 24041506
Federal I.D. No. 38632

**JENNIFER DANIEL**
Assistant Attorney General
Texas Bar No. 24090063
Federal I.D. No. 2451063

**HEATHER RHEA**
Assistant Attorney General
Texas Bar No. 24085420
Federal I.D. No. 2399979

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
(512) 936-2109 (Fax)

**ALVAREZ STAUFFER BREMER PLLC**

**GRAIG J. ALVAREZ**
State Bar No. 24001647
Federal I.D. No. 22596

**KARA STAUFFER**
State Bar No. 24056373
Federal I.D. No. 685342

815 Walker St., Ste. 1450
Houston, Texas 77002
(713) 351-0300
(713) 351-0320 (Fax)

**ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF TEXAS
MEDICAL BRANCH**

41

## CEERTIFICATE OF CONFERENCE

I, SHANNA MOLINARE, Assistant Attorney General of Texas, certify that I conferred with Plaintiffs' counsel regarding this motion, to which they are opposed.

/s/ Shanna Elizabeth Molinare
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, J. LEE HANEY, Assistant Attorney General of Texas, certify that I have electronically submitted for filing the University of Texas Medical Branch's Motion to Strike and Objections to Plaintiffs' Evidence in Response to Motion for Summary Judgment, on October 19, 2016, in the Southern District of Texas, Houston Division.

/s/ Shanna Elizabeth Molinare
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, SHANNA MOLINARE, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record via electronic mail on October 19, 2016, as authorized by Fed. R. Civ. P. 5(b)(2) and in accordance with the electronic case filing procedures of the United States District Court for the Southern District of Texas.

/s/ Shanna Elizabeth Molinare
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General