UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHEN MCCOLLUM**, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **CIVIL NO. 4:14-CV-3253** |
| | § | |
| | § | |
| **BRAD LIVINGSTON**, *et al.*, | § | |
| *Defendants*. | § | |

### OPPOSED MOTION TO DESIGNATE DR. RIEGER AS AN EXPERT AND TO SUPPLEMENT THE RECORD WITH HIS REPORT

On Feb. 12, 2016, this Court denied Defendants' request to designate additional experts in this case. (D.E. 300-12, Pl. Ex. 33 at transcript lines 24-25, transcript p. 46 to lines 1-3, p. 47) The TDCJ Defendants, nevertheless, in an abundance of caution, listed Dr. Rieger as an expert in this case in their Third Supplement to Disclosure on May 3, 2016 acknowledging that: "Defendants note that the Court has ruled in this case no new experts will be permitted other than those previously designated. Defendants intend to offer Dr. Rieger's report as an offer of proof to supplement the record. . . ." (Ex. 1) In accordance with this Court's ruling, Defendants did not cite to or quote any part of Dr. Rieger's report or testimony in their Motion for Summary Judgment. Plaintiffs, however, did quote Dr. Rieger's, testimony from the hearing for the *Cole* case "emergency" preliminary injunction and class certification on June 2, 2016 in their Response to Defendants' Motion for Summary Judgment filed on Sept. 8, 2016. (*See* D.E. 297 at 91)

It is highly prejudicial to the TDCJ Defendants if Plaintiffs are allowed to create moving targets of evidence by citing to TDCJ's defense expert's testimony where the TDCJ Defendants

are not allowed to designate the expert cited or provide rebuttal evidence.[1] The standard for admitting a late designated expert report is outlined in *Geiserman v. McDonald,* 893 F.2d 787, 791 (5th Cir.1990). These factors include: (1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) potential prejudice of allowing the testimony, and (4) the availability of a continuance to cure the prejudice. *Id.*

As this Court is aware, all of the parties have spent a great deal of time and effort in the Prison Heat Cases on completing agency-wide, voluminous ESI discovery, paper discovery, written discovery, depositions, and working on the class action *Cole* case. Dr. Rieger's testimony is obviously important for two reasons: (1) it contains significant information that should be considered by the Court in this case[2] (2) especially because the Plaintiffs also quoted Dr. Rieger in their Response----even though they knew this Court had determined that no new experts could be designated. (*See* transcript provided by Plaintiffs at D.E. 300-12, Ex. 33). There is no prejudice to Plaintiffs since they had Dr. Rieger's report at the time they decided to quote his testimony. Plaintiffs were aware of his proposed expert testimony since May 3, 2016 (five months before they filed their response). If Plaintiffs were so concerned by prejudice from the late designation, they could have deposed Dr. Rieger again or, in the alternative, they should not have quoted his testimony in their Response. Under these circumstances, there is no prejudice to Plaintiffs if the TDCJ Defendants are allowed to designate Dr. Rieger at this time.

---

[1] Plaintiffs filed their response to Defendants' Motion for Summary Judgment after several extensions on Sept. 8, 2016. If the Court had allowed Defendants to designate additional experts, Plaintiffs would have had more than enough time to depose Dr. Rieger during the period from the date of Defendants' disclosure on May 3, 2016 to Sept. 8, 2016.

[2] Dr. Rieger's report is attached to this motion as "Exhibit 2."

**PRAYER FOR RELIEF**

Under these circumstances and in fairness to the TDCJ Defendants, this Court should allow the TDCJ Defendants to formally designate Dr. Rieger out of time as a defense expert. Defendants also move this Court to supplement the Defendants' summary judgment record and to consider Dr. Rieger's report in its determination of the Defendants' Motion for Summary Judgment.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District ID No. 35273
cynthia.burton@texasattorneygeneral.gov

**MATTHEW J. GREER**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24069825
Southern District ID No. 1171775
matthew.greer@texasattorneygeneral.gov

**DANIEL C. NEUHOFF**
Assistant Attorney General
Co-counsel
Texas Bar No. 24088123
Southern ID No. 2374885
Daniel.neuhoff@texasattorneygeneral.gov

**DEREK J. KAMMERLOCHER**
Assistant Attorney General
Co-Counsel
State Bar No. 24097915
Southern District ID No. 2790636
Derek.Kammerlocher2@texasattorneygeneral.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**

### CERTIFICATE OF CONFERENCE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that on October 19, 2016, I attempted to confer with Plaintiffs' lead counsel Jeff Edwards, via email, regarding the above motion.  Based upon prior correspondence from Plaintiffs demanding that TDCJ Defendants remove Dr. Rieger from their Third Supplement to Initial Disclosure and the Plaintiffs' objection to Dr. Neilson-Gammon's Affidavit, Defendants assume Plaintiffs are opposed to the relief requested in this motion.

/s/ Cynthia L. Burton
CYNTHIA L. BURTON
Assistant Attorney General

4

**NOTICE OF ELECTRONIC FILING**

I, CYNTHIA L. BURTON, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Southern District of Texas on October 19, 2016.

/s/ Cynthia L. Burton
CYNTHIA L. BURTON
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, CYNTHIA L. BURTON, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above TDCJ Defendants Opposed Motion to Designate Dr. Rieger as an Expert and to Supplement the Record with his Report has been served on all lead counsel of record electronically in accordance with ECF system of the Southern District of Texas on this 19th day of October, 2016.

/s/ Cynthia L. Burton
CYNTHIA L. BURTON
Assistant Attorney General