UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CIVIL ACTION NO. 4:14-cv-3253 |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | JURY DEMAND |
| DEFENDANTS | § | |

**PLAINTIFFS' MOTION TO STRIKE LATE EXPERT DESIGNATIONS OF LANNETTE LINTHICUM, PHYLLIS MCWHORTER, ROBERT WILLIAMS, DEAN RIEGER, AND JOHN NIELSEN-GAMMON[1]**

### I.   ISSUES TO BE RULED UPON BY THE COURT

The TDCJ Defendants' deadline to designate experts was February 19, 2014. Doc. 132; *see* Docs. 131, 133. Plaintiffs seek to use Dr. Rieger's testimony in related litigation as a statement of a TDCJ's agent and authorized speaker. This does not allow TDCJ to admit new, sweeping expert testimony by Dr. Rieger on collateral issues.

Although Defendants qualified Dr. Rieger's designation as an "offer of proof" after the close of expert designations, they *also* designated Dr. John Nielsen-Gammon, Dr. Lannette Linthicum, Phyllis McWhorter R.N., and Dr. Robert Williams more than 20 months after the deadline. The Court should strike these experts' designations and

---

[1] Much of this Motion is substantially identical to Plaintiffs' Response to TDCJ's Motion to Designate Rieger, which is filed separately out of an abundance of caution.

exclude any expert testimony of these witnesses.

## II. STANDARD OF REVIEW

The Court has discretion to exclude untimely expert testimony, and is guided by a four factor test: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Defendants cannot satisfy these requirements.

## III. NATURE AND STAGE OF THE PROCEEDING

The TDCJ Defendants' deadline to designate experts was January 24, 2014, which was extended by agreement to February 19, 2014. Doc. 99; Doc. 132. Defendants designated Dr. Lannette Linthicum and Phyllis McWhorter R.N., two TDCJ employees, 20 months late, as "non-retained" experts. *Compare* Ex. 2 *with* Docs. 131, 133.[2]

On March 3, 2016, the Court expressly denied Defendants' request to further extend the expert deadline. Ex. 1, Mar. 3, 2016 Tr. of Hearing, p. 47. But the TDCJ Defendants subsequently listed another "non-retained"[3] expert, Dr. Robert Williams, and two new retained experts in May 2016: Dr. Dean Rieger and Dr. John Nielsen-Gammon. *Compare* Ex. 2, p. 20; *with* Ex. 3, p. 21.

For Rieger, the TDCJ Defendants stated in the designation that he was only listed

---

[2] UTMB had originally designated Linthicum and McWhorter, but this only lasted for 12 days—UTMB withdrew those designations on February 25, 2014. Doc. 138.

[3] These employees of TDCJ are, in fact, retained experts. This is especially true for Dr. Linthicum, who routinely testifies on TDCJ's behalf as an expert. *See, e.g.*, *McCoy v. Texas Department of Criminal Justice*, No. C.A. 05-370, Doc. 44, (S.D. Tex. April 10, 2006). And neither McWhorter nor Williams has provided a required expert report or any disclosures. FED. R. CIV. PROC. 26(a)(2)(B); *see Amtrak v. Ry. Express, LLC*, 268 F.R.D. 211, 215 (D.Md 2010); *Funai Elec. Co. v. Daewoo Elec. Corp.*, No. C 04–1830, 2007 WL 1089702, at *3 (N.D.Cal. April 11, 2007); *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004); *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 690 (M.D. Ala. 2000).

as an "offer of proof." Ex. 3, p. 22. For Nielsen-Gammon, when Plaintiffs wrote to confer about this motion,[4] they admitted that Nielsen-Gammon could not testify as an expert unless the Court revisited its ruling, but insisted that his testimony was as a "fact witness." *See* Ex. 7.

Plaintiffs moved to strike the report of Dr. Nielsen-Gammon, which Defendants had included in their summary judgment record. *See* Doc. 297, p. 121. Plaintiffs also quoted selections of Rieger's testimony from a related case, *Cole v. Livingston*, for which TDCJ hired him, in response to Defendants' motion for summary judgment. *See* Doc. 297, pp. 79, 83, 87-88. Defendants responded that Dr. Nielsen-Gammon was a fact witness, although his affidavit contains numerous expert opinions, and moved to designate Dr. Rieger as an expert. *See* Doc. 320, p. 4; Doc. 323.

IV.   **ARGUMENT**

   a. **Dr. Dean Rieger's report and opinions are unrelated to the testimony appropriately quoted in Plaintiffs' response to summary judgment.**

The Court should deny the motion to designate Dr. Rieger, as there is no correlation between Rieger's testimony in the summary judgment record and the sweeping opinions that Defendants now seek to admit. Moreover, any prejudice from "moving targets" is *fair* prejudice, as Rieger's testimony in Plaintiffs' summary judgment evidence goes to the issues in dispute and is of Defendants' own making. Doc. 323, p. 1; *see* FED. R. EVID. 403 (prohibiting only unfair prejudice). TDCJ hired Rieger to testify on its behalf in related litigation: *Cole v. Livingston*. *See* Doc. 305-16, Appx. 6809:16-22. Accordingly, Plaintiffs are entitled to admit that testimony against Defendants as statements of a party opponent. *See* FED. R. EVID. 801(d)(2)(C-D); *Collins v. Wayne*

---

[4] Defendants did not respond as to Linthicum, McWhorter, or Williams.

*Corp.*, 621 F.2d 777 (1980) *superseded on other grounds as stated in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002) (holding that a party's investigator's statements are admissible under Rule 801(d), superseded as to 103(a) preservation issue).

In short, Defendants' reference to the Plaintiffs' summary judgment evidence is a red herring. They do not appear to contend that any particular rule of evidence entitles Rieger to testify in this case because of the summary judgment record, much less regarding his completely unrelated opinions stemming from his review of Mr. McCollum's medical records and other expert's opinions. Indeed, the only statements included in the summary judgment record go to prison administration issues:

> Q.   . . . Looks like we've got deaths from 1998 until 2012. Would you take us—and when I say "deaths" I mean hyperthermia deaths . . ˘. for documented heat stroke deaths.
>
> A.   Yes. That's—that's what this looks like.
>
> Q.   How many deaths on that—are there on that chart that occurred before 2011?
> . . .
> A.   Eight.
> . . .
> Q.   You would agree that that's a significant number of deaths, right?
>
> A.   Yes.
>
> Q.   And you would agree that in light of that number of deaths the policies and procedures and the practices ought to be investigated to determine whether or not they're really working?
> . . .
> A.   Yes, I would. . . ..

Doc. 305-16, Appx. 6811:2-6812:2. In the June 2, 2016 hearing in *Cole v. Livingston*, Rieger did not change position:

> Q.   Okay. And what is significant about that is anybody who took the time to look at this with any sort of acumen or policymaking knowledge would look at that list [of deceased inmates killed by heat] and say, look, we have

4

>    a potential problem with inmates with psychosis and heat, right?
>
> A.   I think that's fair.

Doc. 300-9, Appx. 316:5-10. He elaborated:

> Q.   You are talking about, look, every death is important because—and I quote, we—"Administrators need to respond and make changes to reduce the risk of recurrence," right?
>
> A.   That's correct.

Doc. 300-9, Appx. 318:13-318:17.

Rieger's testimony also shows that the agency's "reminder" email practice is insufficient to promulgate prison policy; he even testified, "I don't think it's a fair statement to say that the e-mail is the policy." Doc. 300-9, Appx. 312:1-6.

By contrast, TDCJ seeks to admit entirely distinct opinions from Rieger (which stem from his expert services in this case, not *Cole*) that do not even try to rebut the earlier testimony that Plaintiffs offered into the summary judgment record. The report they now seek to add to the record *does not mention* the distinction between a reminder email and an actual policy or, incredibly, that TDCJ had notice of the danger to Mr. McCollum due to the eight identified heat deaths occurring before 2011. *See* Doc. 323-2.

Lacking any basis in the rules of evidence, TDCJ is merely asking this Court to reconsider its prior order and schedule. Plaintiffs' quotes of Rieger on totally different subject matter are simply irrelevant to this request. As explained below and as this Court expressly held, multiplying the number of experts, thereby reopening discovery at this late stage, would be unfairly prejudicial. *See infra* Section c.

> **b. Dr. Nielsen-Gammon is offered as an expert witness; Defendants are interested in his opinions, not factual weather information.**

Dr. Nielsen-Gammon was not at the Hutchins Unit during the time of Mr.

McCollum's death and his affidavit in the summary judgment record is primarily a recitation of poorly referenced expert opinions. The TDCJ Defendants' attempt to characterize him as a "fact witness" is disingenuous. *See* Ex. 7; Doc. 320.

Nielsen-Gammon's late affidavit plainly attempts to do more than recite weather reports. His qualifications—which he conspicuously lists on the first page of the affidavit, Doc. 288-24, Appx. 1332—are clearly intended to impress the jury with his purported expertise in interpreting the chances of the 2011 heat wave. Doc. 288-24, Appx. 1336. Moreover, his opinions about the best way to extrapolate temperature from distant weather stations, the body's rate of evaporation of sweat, the accuracy of weather outlooks, and climate papers attempting to calculate the chances of the 2011 heat wave blatantly wade deep into the realm of expert testimony. Doc. 288-24, Appx. 1333-1334, 1336-1337. To the extent he does summarize weather predictions, this clearly is a curated process that is not explained and unreferenced, heavily reliant on his qualifications.

Accordingly, Dr. Nielsen-Gammon is not merely offered as a fact witness, and the TDCJ Defendants' designation of him as an expert is not superfluous. To the contrary, the bulk of his affidavit is solely expert opinion, and Defendants only cite to the affidavit in their motion *for those opinions*, not facts.

As needed, please consider the foregoing section Plaintiffs' reply as to striking Nielsen-Gammon's report from evidence. Doc. 320. As explained below, Nielsen-Gammon's expert designation and opinion should be stricken.

### c. All five late experts should be stricken, as this Court should not allow the TDCJ Defendants to further complicate and delay this case.

This Court has discretion to maintain its schedule and the four factor test for exclusion of late expert designations counsels exclusion. *See Geiserman*, 893 F.2d at 791.

6

TDCJ's delay is (1) unjustifiable, (2) cumulative, and (3) unfairly prejudicial. *See id.* Moreover, the case is more than four years old already, in no small part due to Defendants' delays in providing electronic discovery, and further delay would only further reward the Defendants for their tardiness, so (4) a continuance is grossly unfair to Plaintiffs.

### 1) TDCJ ignored this Court's order and designated experts in direct violation of it.

There is no justification for the TDCJ Defendants' delay. This case was filed on June 26, 2012. Doc. 1. Defendants had nearly 18 months to identify experts prior to the January 24, 2014 deadline. Doc. 99. Yet, after the deadline passed, Defendants waited 20 more months to add Dr. Lannette Linthicum and Phyllis McWhorter, and, after this Court expressly reaffirmed the 2014 deadline, named Dr. Nielsen-Gammon and Dr. Rieger 27 months late. *See* Docs. 131, 133 Expert Designations; Ex. 1, p. 47; Ex. 2, Second Supplemental Disclosures (December 14, 2015); Ex. 3, Third Supplemental Disclosures (May 3, 2016). Defendants have offered no explanation for the delay, but acknowledge that the Court's order made the testimony of Dr. Rieger and Dr. Nielsen-Gammon inadmissible. *See* Ex. 7.

Under Rule 26(a)(2)(D), a party must disclose expert witnesses "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(2)(D).[5] Defendants were required to disclose their experts in this case years ago. Doc. 99. The TDCJ and UTMB Defendants proved they were aware of this deadline when they sought leave to designate

---

[5] *See also Smith v. Johnson & Johnson, Inc.*, 483 F. App'x 909, 913 (5th Cir. 2012) (affirming denial of late designation experts in light of "long history of delays in the case"); *Winfun v. Daimler Chrysler Corp.*, 255 F. App'x 772, 774 (5th Cir. 2007) (affirming order striking untimely expert report); *Soliz v. Assocs. in Med., P.A.*, No. H-06-2785, 2007 WL 2141392, at *1, *3 (S.D. Tex. July 25, 2007) (Miller, J.) (denying late designation of two experts).

additional experts on March 3, 2016.⁶ This Court expressly rejected their attempts to move the deadline. *See* Ex. 1, Mar. 3, 2016 Tr. of Hearing, p. 47:1-2 ("There will be no new designation of experts."). Any expert reports and expert testimony of McWhorter, Linthicum, Williams, Rieger, and Nielsen-Gammon are therefore inadmissible because Defendants did not timely identify them as experts, disclose their reports, or disclose the materials they rely upon and reference, in relation to this case. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (finding the trial court did not abuse its discretion in barring an expert witness because the plaintiff failed to timely identify her as required by Rule 26).⁷

Defendants have not moved for leave of Court to designate Dr. Linthicum, Ms. McWhorter, or Dr. Williams or appealed its March 3 ruling. Instead of seeking leave, Defendants have outright ignored the untimeliness of Linthicum, McWhorter, and William' designation. *Compare* Docs. 131, 133 *with* Ex. 2 *and* Ex. 7. Defendants now seek to admit the entirety of Dr. Rieger's unrelated, late expert report in response to statements he made on TDCJ's behalf in a different case and sweep Dr. Nielsen-Gammon's expert opinions into evidence as of a "fact witness." Docs. 320; 323.

### 2) These experts will not help Defendants' case sufficiently to justify blatant disregard for the schedule and the Court.

As to the second factor, there is no showing that these experts are dispositive. If these experts were necessary, Defendants would not have waited twenty months before

---

⁶ *See* Ex. 1, Mar. 3, 2016 Tr. of Hearing, p. 37 (UTMB's request); p. 41 (TDCJ's request); Doc. 268, Defendants' Joint Motion to Extend Deadlines, p. 3.

⁷ Notably, the UTMB Defendants attempted to designate Linthicum and McWhorter, but agreed to withdraw those designations in February 2014 because no reports had been timely prepared. *See* Ex. 5, Letter from K. Coogan (Feb. 25, 2014). Meanwhile, no reports have been provided for McWhorter or Williams, and Linthicum's was provided October 2015.

unilaterally listing them in a "supplemental disclosure." *Compare* Docs. 131, 133 *with* Ex. 2. Less than a month after this stunt, during Dr. Linthicum's deposition, counsel for Defendants represented that Linthicum was only testifying as an expert in the *Cole v. Livingston* case (but as a fact and 30(b)(6) witness for "all the cases"). Ex. 6, Linthicum depo., p. 6:11-15.[8]

Moreover, Defendants' voluminous motion for summary judgment makes no reference to any expert opinions of any of these new experts, with the exception of brief mentions of a poorly referenced affidavit by Nielsen-Gammon regarding the allegedly unexpected 2011 heat wave. *See* Doc. 288, at 23, 62, 74; *supra* Section b. Rieger's report that they seek to admit has no bearing on his damaging testimony in *Cole*. *See* Doc. 323-2; *supra* Section a.

The Defendants already have designated a medical expert, Dr. Leeah, and experts on their own policies, Mr. Eason and Mr. Mendoza. *See* Doc. 131, pp. 1-2. The testimony of these additional, late experts is not going to save Defendants from their liability in causing Mr. McCollum's death, but will only multiply costs for all parties.

### 3) Further delay and expert discovery would prejudice Plaintiffs; (4) the only just remedy is to exclude these untimely experts.

As to the third and fourth factors, Plaintiffs have already invested significant time and expense preparing this case, and have already had to wait more than four years to see their day in court. Defendants should not be permitted to take advantage of the delays in this case[9] to continue to multiply costs by introducing additional adverse experts. *See*

---

[8] And Linthicum herself was not familiar with the facts of this case, preventing Plaintiffs from identifying her opinions. *Id.* at 104:8-10 ("I don't know the details of any of those cases.").

[9] Indeed, TDCJ's earlier misconduct, withholding evidence that they knew of the danger of the heat, caused much of the delay. *See generally* Doc. 219, Order granting motion for sanctions.

*Bradley v. United States*, 866 F.2d 120, 127 n.11 (5th Cir. 1989) (reversing district court that allowed late designated expert because "[t]hese plaintiffs were put in the untenable position of either proceeding with improperly-designated adverse witnesses or agreeing, six years after filing their claim, to a fourth continuance"). Some of these new opinions might require Plaintiffs to retain new experts and reopen discovery, dramatically multiplying costs, such as Dr. Nielsen-Gammon's incorrect opinions about the predictability of a dangerous heat wave in 2011.

This Court has explicitly denied Defendants' request to admit new expert testimony already, and should not reward the Defendants' unapologetic disregard for that order by leaving Plaintiffs with no choice but to expend more resources and incur additional costs to react to Defendants' discovery violations.

## V.     CONCLUSION

Plaintiffs' case has been on file for four years. The Defendants' designation now, after this Court expressly reaffirmed the ruling that no more experts could be added, is fundamentally unfair.

The Court should not permit Defendants to ignore its orders and flaunt the schedule. The expense and complications introduced by allowing these experts more than a year late is unjustifiable and unfairly prejudicial to Plaintiffs. Pursuant to the Court's March 3, 2016 ruling, the Court should strike the expert designations and exclude any expert opinions or expert testimony of these witnesses.

                                            Respectfully submitted,

                                            EDWARDS LAW
                                            The Haehnel Building
                                            1101 East 11th Street
                                            Austin, TX 78702

        Tel.   512-623-7727
        Fax.   512-623-7729

By:   /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Lead Counsel
SCOTT MEDLOCK
State Bar No. 24044783
DAVID JAMES
State Bar No. 24092572

Michael Singley
THE SINGLEY LAW FIRM, PLLC
State Bar No. 00794642
4131 Spicewood Springs Rd.
Austin, Texas 78759
        Tel.   (512) 334-4302
        Fax.   (512) 727-3365


Abigail Frank
Texas Bar No. 24069732
Southern District No. 1076613
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78751
Tel.   (512) 474-5073
Fax.   (512) 474-0726

Wallis Nader
Texas Bar No. 24092884
Southern District No. 2609150
TEXAS CIVIL RIGHTS PROJECT—
HOUSTON
2006 Wheeler Ave
Houston, TX 77004
        Tel.   (832) 767-3650
        Fax.   (832) 554-9981

**ATTORNEYS FOR PLAINTIFFS**

11

**CERTIFICATE OF CONFERENCE**

By my signature below, I certify that I conferred with counsel for Defendants Cynthia Burton and Matthew Greer on September 19, 2016 and September 28, 2016 by email. They did not respond as to Dr. Linthicum, Ms. McWhorter, and Dr. Williams and have subsequently filed an opposing response and an opposing motion as to Dr. Nielsen-Gammon and Dr. Rieger, respectively. *See* Doc. 320, 323.

/s/ David James
David James

**CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record on **November 4, 2016** through the Electronic Case File System of the Southern District of Texas.

/s/ Jeff Edwards
JEFF EDWARDS