UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM,<br>PLAINTIFFS<br><br>v.<br><br>BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br>DEFENDANTS | § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO.<br>4:14-cv-3253<br><br>JURY DEMAND |

**PLAINTIFFS' RESPONSE TO TDCJ'S MOTION TO DESIGNATE DEAN RIEGER AS A LATE EXPERT &
PLAINTIFFS' MOTION TO STRIKE LATE EXPERT DESIGNATIONS OF LANNETTE LINTHICUM, PHYLLIS MCWHORTER, ROBERT WILLIAMS, DEAN RIEGER, AND JOHN NIELSEN-GAMMON**

# Exhibit 1

```
                   IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                             HOUSTON DIVISION

 DAVID BAILEY, ET AL            )          No. 4:14-CV-1698
                                )
                                )
 VS.                            )               Houston, Texas
                                )               1:31 p.m.
                                )
 BRAD LIVINGSTON, ET AL         )          February 12, 2016




    ***********************************************************

                         TELEPHONIC HEARING

             BEFORE THE HONORABLE KEITH P. ELLISON

                   UNITED STATES DISTRICT JUDGE


    ***********************************************************
 APPEARANCES:

 (All counsel appearing telephonically.)


 FOR THE PLAINTIFFS:

      Mr. Jeffrey S. Edwards
      The Edwards Law Firm
      1101 East 11th Street
      Austin, Texas  78702
      Tel:  512-623-7727

      Mr. Michael Singley
      The Singley Law Firm, PLLC
      4131 Spicewood Springs Road
      Suite O-3
      Austin, Texas  78759
      Tel:  512-917-7129
```

Case 4:14-cv-03253 Document 329-1 Filed on 11/04/16 in TXSD Page 3 of 15
Case 4:14-cv-01698 Document 383 Filed in TXSD on 03/03/16 Page 2 of 47

2

```
 1  APPEARANCES: (CONTINUED)

 2  FOR THE DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE:

 3       Ms. Cynthia Burton
         Mr. Matthew J. Greer
 4       Office of the Attorney General
         PO Box 12548
 5       Austin, Texas  78711
         Tel:  713-463-2080
 6
     FOR THE DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH:
 7
         Mr. Graig J. Alvarez
 8       Fernelius Alvarez, PLLC
         1221 McKinney, Suite 3200
 9       Houston, Texas  77010
         Tel:  713-654-1200
10
         Ms. J. Lee Haney
11       Ms. Shanna Elizabeth Molinare
         Office of Texas Attorney General
12       PO Box 12548
         Austin, Texas  78711
13       Tel:  512-463-2080

14
     The Court Reporter:
15
         Ms. Kathleen Miller, CSR, RMR, CRR
16       515 Rusk, Room 8004
         Houston, Texas  77002
17       Tel:  713-250-5087

18
     Proceedings recorded by mechanical stenography.
19
     Transcript produced by computer-assisted transcription.
20

21

22

23

24

25
```

determinations in open court; but credibility, in the classic sense, is two people, one of whom swears it happened and the other one swears it didn't happen. This is more in terms of, I think, science and medicine, and that's not, I don't think, classically credibility. It may be competence, it may be rigor, but I don't think it's, as I say, classically a credibility question.

Again, it's not unusual for judges to decide even important questions on the briefs, on the papers, and this is the kind of case that I think we can travel a long way just on the basis of what's submitted in writing, but the hearing -- we will have a hearing, and I'll be open minded, and we will listen to those who want to present their views; but, again, we're going to focus on typicality and commonality.

MS. BURTON: Yes, Your Honor. And we'll work hard on the depositions, Your Honor, and help supplement the record.

THE COURT: Okay. The depositions, are they going to be aimed at just testing what has been said in the written reports, or are they going into new territory?

MS. BURTON: They're primarily aimed at capping what's said in the written reports.

THE COURT: Okay. Now, we have the other issue of --

|  |  |
|---|---|
| 01:00:15 | 1  MR. EDWARDS: Your Honor, this is Jeff Edwards.
2 Could we make it clear that discovery can proceed up
3 through the class-certification hearing on the record so
4 there's no debate between TDCJ and the Plaintiffs?
5  THE COURT: Well, yeah. I thought the debate
6 was only because you thought there was going to be an
7 interlocutory appeal.
8  MR. EDWARDS: Your Honor, with respect, if we
9 could have an order on that so there's no misunderstanding |

01:00:15  1  MR. EDWARDS: Your Honor, this is Jeff Edwards.
2 Could we make it clear that discovery can proceed up
3 through the class-certification hearing on the record so
4 there's no debate between TDCJ and the Plaintiffs?
5  THE COURT: Well, yeah. I thought the debate
6 was only because you thought there was going to be an
7 interlocutory appeal.
8  MR. EDWARDS: Your Honor, with respect, if we
9 could have an order on that so there's no misunderstanding
01:00:28  10 by any party, I would appreciate it.
11  THE COURT: Let me hear from the Defendants.
12  Any objection to that? Discovery can go
13 forward prior to the certification hearing?
14  MS. BURTON: Yes, Your Honor. There's no
01:00:41  15 objection to that.
16  THE COURT: Okay. It's so ordered.
17  Now, don't we have to talk about McCollum
18 versus Livingston a little bit? The Defendant is asking
19 for additional time on that.
01:00:56  20  MR. ALVAREZ: Yes, Your Honor. This is Greg
21 Alvarez, on behalf of UTMB. And that is a motion that the
22 Defendants jointly filed earlier, in the last several days,
23 and that is something we have on tap as well.
24  THE COURT: Okay. You need to give -- I didn't
01:01:16  25 understand why Defendants need to designate new experts.

KATHLEEN MILLER, RMR, CRR  -  kathy@miller-reporting.com

It's been two years since the deadline to designate.

MR. ALVAREZ: Right. And honestly, counsel for UTMB were not in the case either from the Attorney General's office or myself. The same counsel were not involved at the time. But I think, you know, one of the most, I think, logical reasons that I can see is that we will want to have a full and complete trial of these matters. And one thing I do know is we will be designating some additional experts in some of these other death cases.

I know that Mr. Edwards and I spoke about the McCollum case and that that case could be somewhat of a template for the cases to come and may be able to assist in resolving everything. So I'm saying that because what I would like to try to be able to do is have a full and complete trial of the matter, including the designation of another set of experts and --

THE COURT: What is the area of commonality of these experts?

MR. ALVAREZ: One of them is on the ADA, and the other would be a financial or economic one, if necessary. And I can't speak for TDCJ, but that's what we're looking at on behalf of UTMB.

And the other thing, too, is, Your Honor, in this particular case, on McCollum, we've got a discovery deadline that's just about to pass, February 19th, I

01:03:22

1 believe, 2016, and then we have a dispositive-motion
2 deadline that's coming up in the next couple of weeks as
3 well. And we still have fact-witness discovery to get
4 done, and we still have most, if not -- I think we've had a
5 couple expert depositions, but we have most expert
6 depositions that still have to be accomplished as well.
7           And so I don't think that there's any
8 undue prejudice or any delay, necessarily, that doesn't
9 already exist, because this discovery is not complete. So

01:03:48

10 that is the reasoning, I think, that we would think that
11 the extension of the trial date, the extension of all the
12 deadlines, the dispositive-motion deadline, and the
13 discovery deadline are merited.
14           And we would think that the jury would

01:04:04

15 also be assisted by having an independent expert on this
16 ADA on behalf of UTMB, anyway, that could come in, that has
17 experience with these issues with respect to other prison
18 medical units and so forth and that we would like to be
19 able to present that full and complete case with this first

01:04:27

20 trial out of the box on the death cases. And then we may
21 be able to, like Jeff and I spoke to a little bit -- was
22 maybe making the other trials more efficient on down the
23 road.
24           THE COURT: Okay. Let me hear from the

01:04:46

25 Plaintiffs.

KATHLEEN MILLER, RMR, CRR  -  kathy@miller-reporting.com

1  MR. EDWARDS: Your Honor, we're opposed to any
2 such extension of the expert deadlines, I mean, as we said,
3 for the reasons articulated in the brief. I'll go through
4 some of them.
5  It's simply not the case that it will help
6 the Plaintiffs to allow them to designate two new experts,
7 especially one on economics, which goes solely to damages
8 in the McCollum case, let alone the ADA issues, which have
9 been in the case for years.
10  You know, the better decision, in our
11 opinion, would be to hold the case as is and to allow --
12 you know, and in terms of the discovery that needs to be
13 done, we are essentially doing discovery on experts that
14 have been agreed to be deposed and were previously agreed.
15 Whether Greg is in the case now or it was the prior
16 counsel, you know, from my standpoint, is immaterial.
17  Finally, you know, the only reason for the
18 delay, in terms of taking depositions in the McCollum case,
19 has to do with, you know -- and as of the motion that was
20 written, a pending-sanctions motion to overrule the
21 magistrate judge, that issue has been rectified. The
22 sanctions have been upheld. And so those depositions need
23 to go forward, but that is very different from re-opening
24 discovery, allowing parties to redesignate experts.
25  And the McCollum case has always been kind

KATHLEEN MILLER, RMR, CRR - kathy@miller-reporting.com

```
01:06:38
```

 1  of a stand-alone entity that has been much further along
 2  than others.  It was filed in 2012, or into 2016 now.  You
 3  know, any more delay would really be unfair and prejudicial
 4  to the Plaintiff.  But really, the three reasons we
 5  articulated in our response, you know, I think satisfy the
 6  rest of the argument.
 7              MS. BURTON:  Your Honor --
 8              THE COURT:  Yes.
 9              MS. BURTON:  -- this is Cynthia Burton for
10  TDCJ.
11              THE COURT:  Yes.
12              MS. BURTON:  May I add to the comments on the
13  behalf of TDCJ?
14              THE COURT:  Yes, you may.
15              MS. BURTON:  You know, one of the issues here
16  is that there was discovery that had to be turned over and
17  that was found, and the Plaintiffs have had that discovery
18  now for almost a year.  And so there's no prejudice to
19  Plaintiff if there is a 90-day extension on written
20  discovery, a 60-day extension on expert discovery.
21              The fact is that the parties have been
22  working towards the motions for summary judgment, and some
23  of the open depositions that Plaintiffs plan to take will
24  impact qualified immunity issues that are related to the
25  motion for summary judgment.  So if we leave these dates in

01:07:59

place and they take depositions after we've already filed our motion for summary judgment, then the Defendant will have a moving target again where they are going to have to supplement or add to their motion for summary judgment on the basis of qualified immunity. At the last conference we had, the Court did ask us to focus on qualified immunity, and the TDCJ Defendants have been doing that.

With regard to making sure that we depose the experts and add the experts, if we go to a jury trial without deposing experts, that is going to waste time at the trial. That's all there is to it.

THE COURT: But I don't understand why this is taking so long. This case has been going for such a lengthy period, and 19 experts designated; three have been deposed.

MS. BURTON: Right. Your Honor, there's two reasons it's taken so long. Okay? One is that there was a stay put in place on this case for a long period of time. So that is a part of the passage of time.

The second is that in all honesty, all the parties have been very busy working on the class action. I just received a letter yesterday that gave me a definite final list of the three witnesses Plaintiff wants to depose for the sanctions, and the sanctions order has been out since January 26th.

Case 4:14-cv-03253 Document 329-1 Filed on 11/04/16 in TXSD Page 11 of 15
Case 4:14-cv-01698 Document 383 Filed in TXSD on 03/03/16 Page 43 of 47

43

1               THE COURT:  Well, Mr. Edwards says that's now
2  taken care of.  No?
3               MS. BURTON:  Well, the UTMB side, but TDCJ has
4  been working -- we got our order and knew our position, so
5  we presented witnesses not long after the sanctions order;
6  but even Plaintiff haven't had time to do discovery related
7  to McCollum.  And an example is that they've had a year to
8  schedule their TDCJ sanctions witnesses, and I just got the
9  final list from them yesterday.
10              So it's not just one side that has been
11 very focused.  And I cannot tell you the amount of
12 resources that have gone into agency-wide ESI discovery,
13 agency-wide supplements, and trying to present and take the
14 depositions of the many experts in the Bailey case and fact
15 witnesses in the Bailey case.  It is not because people
16 aren't working hard that this delay is being requested.
17              So I think that, you know, for purposes of
18 a jury trial, it's very important that the experts be
19 deposed to make sure the trial is efficient so that proper
20 Daubert motions can be filed before trial.  That could
21 again lead us into error if we do not do these things in a
22 proper manner, especially since with the passage of time,
23 there is no prejudice right now in terms of being able to
24 prepare for everything and do this discovery.
25              So what we're proposing is, as I said, 60

```
01:11:30
01:11:43
01:11:58
01:12:16
01:12:29
```

1  more days for purposes of expert discovery, 90 days to
2  finish up the written discovery and the sanctions
3  witnesses, all of it, so that when we file our motions for
4  summary judgment, we don't have a moving target in
5  qualified immunity.  That's what we're requesting today,
6  Your Honor.
7           THE COURT:  Let's just think ahead a little
8  bit.  If the Court finds that qualified privilege doesn't
9  apply, you'll appeal that, right?
10          MS. BURTON:  Yes, Your Honor.
11          THE COURT:  So here again, Mr. Edwards, it
12 looks like we're talking about a lengthy delay, no matter
13 which way we cut it.  If the Court holds that there is
14 qualified immunity, you'll take that up.  If the Court
15 holds the opposite, the State will take that up.  So we're
16 talking about another year or 18-month interruption, aren't
17 we?
18          MR. EDWARDS:  Well, Your Honor, I guess
19 that depends on whether the State decides to take it up,
20 but this is not like the class action in Bailey, and there
21 are strategic considerations which I could tell you that I
22 don't know that this case would not proceed forward.
23          MS. BURTON:  Your Honor --
24          MR. EDWARDS:  Actually -- excuse me, please.
25          THE COURT:  Let Mr. Edwards finish.  Then you

```
 1  can have as long as you want.
 2              MS. BURTON:  I'm sorry, Your Honor.  I
 3  apologize.
 4              MR. EDWARDS:  You know, there are factual
 5  issues in this case that, you know, make any summary
 6  judgment motion, in light of the Court's prior rulings, not
 7  of a concern to the Plaintiffs.  Now, how we proceed and on
 8  what issues we ultimately proceed, those are strategic and
 9  tactical decisions that we should make, but keeping the
10  trial date is one thing.  That is a very separate issue
11  from should the Defendants be allowed to redesignate, to
12  reinvent the case that they have, in the McCollum matter,
13  given how long it's been pending?  I mean, that is a very
14  different issue.
15              And the issue of, you know, should the --
16  should the Plaintiff have taken the sanctions witnesses
17  earlier, we made a conscious decision to wait to see as to
18  what would happen with UTMB.  That decision has been made,
19  and so we will go forward and take those decisions.
20              We couldn't take one of the experts, Track
21  Engineering, in the McCollum case because they didn't
22  provide a report until very recently.  And so, you know,
23  from Plaintiffs' position, there are two issues.  One is
24  should the Defendants get to be essentially rewarded for
25  not producing the appropriate documentation when they
```

```
01:14:11

01:14:29

01:14:47

01:15:10

01:16:30
```

 1  should have, and reinvent this case; or should it go to
 2  trial as is?
 3              I can't do anything about an interlocutory
 4  appeal on some of the Defendants, but that doesn't mean I
 5  can't proceed to trial on the Defendants that they don't
 6  move for summary judgment on or on the ADA claims.  There
 7  are some issues there, but one is the issue of new experts.
 8  They've known for years.  There's no justifiable basis for
 9  allowing that.
10              The second issue is the trial date.  We
11  think we can get it done, you know, but that is a very
12  different issue for you to decide upon.  But what would be
13  brutally unfair in light of the conduct and in light of the
14  delays would be to reset expert deadlines.
15              Final point as to the value of using
16  McCollum as some sort of bellwether.  I very much doubt
17  that there will be any incentive on either side to use that
18  as a bellwether, and I don't have any confidence in that
19  approach as of now, and it shouldn't be used as a
20  justification to delay the McCollums' day in court.
21         THE COURT:  Okay.  I'm going to take a short
22  break.  I'll be right back.
23         (Break taken from 2:38 to 2:40.)
24         THE COURT:  Okay.  I'm going to extend the
25  deadline for depositions by 60 days, the deadline for

```
01:16:49




01:17:02
```

 1  dispositive motions by 60 days.  There will be no new
 2  designation of experts.  We'll set the trial date after we
 3  have a ruling on the dispositive motions.
 4              Anything else we can take up today?
 5              MR. EDWARDS:  No, Your Honor.  Thank you very
 6  much.
 7              THE COURT:  Let's see.  And one of you would
 8  notify the appellate court that I have withdrawn?
 9              MS. BURTON:  Your Honor, we will do that.  Yes,
10  Your Honor.
11              THE COURT:  Thank you very much.  Thank
12  you-all.
13          (Concluded at 2:40 p.m.)
14              COURT REPORTER'S CERTIFICATE
15
16      I, Kathleen K. Miller, certify that the foregoing is a
17  correct transcript from the record of proceedings in the
18  above-entitled matter.
19
20              /s/_____
                Kathleen K. Miller, RPR, RMR, CRR
21
22
23
24
25

                KATHLEEN MILLER, RMR, CRR  -  kathy@miller-reporting.com