UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, | § § § § § | |
| PLAINTIFFS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:14-cv-3253 |
| BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. | § § § § § § § | JURY DEMAND |
| DEFENDANTS | § | |

**PLAINTIFFS' RESPONSE TO TDCJ'S MOTION TO DESIGNATE DEAN RIEGER AS A LATE EXPERT &
PLAINTIFFS' MOTION TO STRIKE LATE EXPERT DESIGNATIONS OF LANNETTE LINTHICUM, PHYLLIS MCWHORTER, ROBERT WILLIAMS, DEAN RIEGER, AND JOHN NIELSEN-GAMMON**

# Exhibit 6

1

Lannette Linthicum – 1/13/2016

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

STEPHEN McCOLLUM and SANDRA    )
McCOLLUM, individually, and    )
STEPHANIE KINGREY,             )
individually and independent   )
administrator of the Estate    )
of LARRY GENE McCOLLUM         )
               PLAINTIFFS      )     CIVIL ACTION NO.
                               )        4:14-cv-3253
v.                             )       JURY DEMAND
                               )
                               )
LANNETTE LINTHICUM, JEFF       )
PRINGLE, RICHARD CLARK,        )
KAREN TATE, SANDREA SANDERS,   )
ROBERT FASON, the UNIVERSITY   )
OF TEXAS MEDICAL BRANCH and    )
the TEXAS DEPARTMENT OF        )
CRIMINAL JUSTICE               )
               DEFENDANTS      )
_____ )     _____
KEITH COLE, JACKIE BRANNUM,    )
RICHARD KING, DEAN ANTHONY     )
MOJICA, RAY WILSON, FRED       )
WALLACE, and MARVIN RAY        )
YATES, individually and on     )
behalf of those similarly      )
situated,                      )
                               )     CIVIL ACTION NO.
               Plaintiffs,     )        4:14-cv-1698
                               )
v.                             )
                               )
LANNETTE LINTHICUM, in his     )
official capacity, ROBERTO     )
HERRERA, in his official       )
capacity, and TEXAS            )
DEPARTMENT OF CRIMINAL         )
JUSTICE,                       )
               Defendants.     )
```

1

2

3

4

5

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

6

                    REPORTER'S CERTIFICATION
7                 DEPOSITION OF LANNETTE LINTHICUM
                      January 13, 2016
8                        VOLUME 1

9

10   \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

11

12

13

14        ORAL AND VIDEOTAPED DEPOSITION OF LANNETTE

15   LINTHICUM, produced as a witness at the instance of the

16   Plaintiffs, and duly sworn, was taken in the above-styled and

17   numbered cause on the 13th day of January, 2016, from 9:18 a.m.

18   to 3:59 p.m., before Abigail Guerra, CSR, in and for the State

19   of Texas, reported by machine shorthand, before Honorable Keith

20   Ellison, at the United States District Courthouse, 515 Rusk,

21   Houston, Texas, pursuant to the Federal Rules of Civil

22   Procedure and the provisions stated on the record or attached

23   hereto.

24

25

3

```
 1              A P P E A R A N C E S

 2

    FOR THE PLAINTIFF:
 3      STEPHEN McCOLLUM and SANDRA McCOLLUM, individually, and
    STEPHANIE KINGREY, individually and independent administrator
 4  of the Estate of LARRY GENE McCOLLUM

 5  Mr. Jeff Edwards
    Mr. Scott Medlock
 6  EDWARDS LAW
    1101 East 11th Street
 7  Austin, Texas 78702
    Phone:  (512) 623-7727
 8
            - and -
 9
    Mr. Michael Singley
10  Mr. David James
    THE SINGLEY LAW FIRM, PLLC
11  4131 Spicewood Springs Road
    Suite O-3
12  Austin, Texas 78759
    Phone:  (512) 334-4302
13

14  FOR THE DEFENDANT:
        TEXAS DEPARTMENT OF CRIMINAL JUSTICE
15
    Ms. Cynthia L. Burton
16  Mr. Matthew Greer
    OFFICE OF ATTORNEY GENERAL
17  300 W. 15th Street
    7th Floor
18  Austin, Texas 78701
    Phone:  Phone:  (512) 463-2080
19
            - and -
20
    Ms. Sharon Felfe Howell
21  TEXAS DEPARTMENT OF CRIMINAL JUSTICE - GENERAL COUNSEL
    209 West 14th Street
22  Suite 500
    Austin, Texas 78711
23  Phone: (512) 463-9899

24

25
```

**WRIGHT WATSON & ASSOCIATES**
1250 South Capital of Texas Highway, Building 3, Suite 400  Austin, Texas 78746  (512) 474-4363

2d32d627-930d-45a8-92e3-94b44101e0f1

4

Lannette Linthicum - 1/13/2016

```
 1                  A P P E A R A N C E S (cont'd)

 2

    FOR UTMB:
 3
    Ms. J. Lee Haney
 4  Ms. Shanna Molinare
    Office of Attorney General
 5  300 W. 15th Street
    7th Floor
 6  Austin, Texas 78701
    Phone:  (512) 463-2080
 7
          - and -
 8
    Mr. Graig J. Alvarez
 9  Ms. Kara Stauffer Philbin
    FERNELIUS ALVAREZ SIMON, PLLC
10  Lyondell Basell Tower
    1221 McKinney Street
11  Suite 3200
    Houston, Texas 77010
12  Phone:  (713) 654-1200

13  ALSO PRESENT:
         Mr. Kevin Schaeffer, Videographer
14       Ms. Jennifer Osteen
         Ms. Kamilla L. Stokes
15       Ms. Ashley Palermo
         Ms. Brian M. Sears
16       Mr. Daniel C. Neuhoff
         Ms. Heather Rhea
17       Ms. Lori K. Erwin
         Ms. Glenda Adams
18       Ms. Ariel Wiley
         Mr. Phillip Boyd
19       Mr. Derek Kammerlacher
         Dr. Owen Murray
20       Judge Keith P. Ellison
         Ms. Rebbeca Vogel

21

22

23

24

25
```

5

Lannette Linthicum – 1/13/2016

```
 1                          INDEX

 2   Appearances.........................................    3

 3   LANNETTE LINTHICUM

 4        Examination by Mr. Edwards.......................   15

 5   Signature and Changes.................................  225

 6   Reporter's Certificate................................  227

 7

 8

 9                        EXHIBITS

10   NO. DESCRIPTION                                      PAGE

11    1   Interoffice Communication Dated May 3, 2005      168
          Bates Nos. McCollum 02507-08
12
      2   Final Autopsy Report                             169
13        Bates Nos. CADDELL P0319 to 331

14    3   Administrative Directive AD-10.64 Dated August 9, 178
          2006
15        Bates Nos. BAILEY 03054 to 55

16    4   Administrative Directive AD-10.64 Dated July 11,  180
          2003
17        Bates Nos. BAILEY 031022 to 31

18    5   Heat Stress Policy                               195
          BAILEY 03070 to 71
19
      6   Email Dated June 26, 2009                        215
20        Bates Nos. TDCJ013582 to 84

21

22

23

24

25
```

**WRIGHT WATSON & ASSOCIATES**
1250 South Capital of Texas Highway, Building 3, Suite 400  Austin, Texas 78746  (512) 474-4363
2d32d627-930d-45a8-92e3-94b44101e0f1

Lannette Linthicum - 1/13/2016

1          MS. BURTON:  Your Honor, we have some

2     housekeeping issues that with we would like to make for the

3     record.

4               THE COURT:  All right.  Please go ahead.

5               MS. BURTON:  Okay.  We're here this morning on

6     all the pending heat cases -- Bailey v. Livingston; Adams, et

7     al; Coldulvey, Livingston, Martone, et al; and Hinojosa, et al.

8               However, Dr. Linthicum, who is the witness this

9     morning, is here in different capacities.

10              THE COURT:  Okay.

11              MS. BURTON:  She is here as an expert witness in

12    the Bailey case.  She is here -- it is our position that she's

13    here as a 30(b)(6) witness.  That would be applicable to all

14    the cases because the questions have the scope where they

15    request information on TDCJ generally.

16              THE COURT:  Okay.

17              MS. BURTON:  She's also here in her individual

18    capacity.

19              THE COURT:  Is 30(b)(6) representative for the

20    prison system or for the healthcare provider.

21              MS. BURTON:  She is a Texas Department of

22    Criminal Justice employee.

23              THE COURT:  All right.

24              MS. BURTON:  And she is the director of TDCJ

25    Health Services.  So her answers are with regard to this TDCJ

Lannette Linthicum - 1/13/2016

1   system.

2              THE COURT:  Okay.  Very well.

3              MS. BURTON:  We also note that she's an

4   individual defendant in some of the cases and that she is being

5   also offered as a fact witness in the cases.  So we are

6   requesting that the plaintiffs make it very clear in what

7   capacity they're questioning her.

8              For instance, if they're asking her 30(b)(6)

9   questions that apply to, you know, TDCJ generally, we need to

10  know that that is what those questions are about because she's

11  been designated for very specific subjects, and I do --

12             THE COURT:  Have you discussed this with the

13  other side?

14             MS. BURTON:  Yes.  We talked to them about that

15  prior to today and similarly that we know that she's being

16  questioned as an expert.  So that the record is clear --

17             THE COURT:  It's not possible she can answer in

18  more than one capacity?

19             MS. BURTON:  There are -- you know, certain

20  questions I suppose they would, but the problem is with the

21  30(b)(6) questions, the plaintiffs have pled in other cases

22  that it's an official position of TDCJ instead of, you know,

23  one person's answer with regard to a question.  And that's what

24  we're concerned about is that's something to do with her

25  individual capacity, her individual knowledge, or her

Lannette Linthicum – 1/13/2016

```
1   individual opinion could be attributed to TDCJ as a whole.  So
2   we know it's not 100 percent.
3               THE COURT:  I understand the issue.  Okay.  Let
4   me hear the other side.
5               MS. BURTON:  Okay.
6               MR. EDWARDS:  Dr. Linthicum is the designated
7   policy maker for the healthcare system in TDCJ.  So to the
8   extent she's designated as a 30(b)(6) witness or, frankly, as
9   an individual, her statements are likely binding on TDCJ.  So I
10  think it's a bit of a nonissue.  My bigger concern is I don't
11  want to be forced to ask questions like this, "Dr. Linthicum,
12  I'm only asking as a 30(b)(6) representative now," on top of
13  areas that Ms. Burton has designated multiple people as
14  30(b)(6) witnesses.  In the Bailey case that's fine.  That's
15  how she's done it.  I'll deal with it.
16              But in the McCollum case, which is the case
17  that's set for trial in June, there have been numerous 30(b)(6)
18  witnesses taken already.  It is not the plaintiff's intent for
19  this to supersede those witnesses, rather to supplement to the
20  extent necessary, but, frankly, it's as a witness.
21              Again, I don't want there to be an argument down
22  the road in June or whenever that case is ultimately tried,
23  that the 30(b)(6) witness we took in November of 2012 suddenly
24  doesn't count or something like that.  And that's what I
25  envision happening, and there were numerous 30(b)(6) witnesses.
```

Lannette Linthicum - 1/13/2016

```
1          THE COURT:  Have you had this discussion with

2  the other side?

3          MR. MEDLOCK:  We have, but we have not reached

4  any sort of agreement.

5          MS. BURTON:  Not that discussion.  We have not

6  had that discussion.  We discussed timing at a certain portion

7  of the deposition, which we would know that's about 30(b)(6),

8  and I thought that was --

9          THE COURT:  I wish y'all would at least try to

10  reach a resolution on these issues before you come to court.  I

11  think y'all can reach a fairer -- fairer solution than I'm

12  going to be able to impose.

13          MR. EDWARDS:  For this witness, Your Honor, I

14  think your initial point that can't Dr. Linthicum speak in her

15  individual capacity and as a corporate representative is

16  particularly apt given her position with the system.  I mean,

17  she is the policy maker at TDCJ.

18          THE COURT:  Well, also as an expert.  Give me a

19  question -- somebody give me a question that would be

20  appropriate for her to answer as an expert witness, but not as

21  a fact witness or as a 30(b)(6) representative, but not as an

22  expert.

23          MR. EDWARDS:  I can't think of one.

24          THE COURT:  I just don't understand the

25  dimensions of this agreement.
```

Lannette Linthicum - 1/13/2016

1          MS. BURTON:  Okay.  If I may approach?

2          MR. EDWARDS:  Oh, sure.

3          THE COURT:  Yes, you may.

4          MS. BURTON:  Your Honor, the best example that

5    we have is the example that we have in the Caddell case, where

6    we filed a motion to strike because they took Mr. Eason's

7    testimony and said that it applied to all the defendants, and

8    it made -- and all the defendants had lied, and that allegation

9    was stricken by this Court.  And that's what we're worried

10   about is that when they speak in their individual capacity, we

11   do not want that statement attributed to Mr. Livingston or that

12   statement attributed to Mr. Stephens.

13          Now, there is -- I did bring the list of

14   30(b)(c) -- 30(b)(6) -- pardon me -- 30(b)(6) questions so that

15   the Court would have them in front of you.  And I also note

16   here that when we conferred about this with Mr. Medlock, it was

17   my understanding and Mr. Greer's understanding that an attempt

18   would be made by the plaintiffs that we at least know in this

19   part of the deposition, we are doing 30(b)(6) questions so that

20   that part, that's what they quote for TDCJ wide, but her

21   individual statements can't be quoted to attribute a

22   misstatement of fact as someone else.  That's the problem.

23          MR. EDWARDS:  Your Honor, that's not really a

24   problem because her misstatement of fact, if she makes one,

25   would be attributed to TDCJ, not Brad Livingston or William

Lannette Linthicum - 1/13/2016

1   Stephens or any other person.  She is the policy maker for TDCJ

2   with regards to healthcare in the prison system.  If she speaks

3   and says, "This is the way we do things," it is fair for us to

4   assume that TDCJ does things that way and that Lannette

5   Linthicum is testifying that way.  If she testifies incorrectly

6   or falsely, we can deal with that.  It doesn't suggest that

7   that's Brad Livingston's testimony.

8           And the quotation from the complaint, if you

9   recall, was inartfully written by us, and I believe we noted

10  that in our briefing.  What it should have said is the 30(b)(6)

11  witnesses speak on behalf of TDCJ.  That is the point of

12  30(b)(6) testimony.  Here --

13          THE COURT:  There's nothing discriminate about

14  that, is there?

15          MR. EDWARDS:  I don't know.

16          MS. BURTON:  Other than we had a public pleading

17  that accused individual defendants --

18          THE COURT:  Well, he's acknowledged --

19          MS. BURTON:  -- of improper --

20          THE COURT:  I think this is one of these

21  problems that can only be worked out in -- in practical

22  application, not as a theoretical matter.  So let's begin the

23  deposition, and it will -- I'm hoping that it will become

24  clear.

25          MR. EDWARDS:  Your Honor, there was one other

Lannette Linthicum - 1/13/2016

1    Q.    Have you ever read the OIG investigation report about

2  the care that Mr. James got or did not get at the Gurney Unit?

3    A.    No.

4    Q.    You ever read the -- okay.

5          Do you know what happened with regards to

6  Kenneth Wayne James at the Gurney Unit?

7    A.    No.

8    Q.    Do you know what happened with regards to Larry

9  Eugene McCollum at the Hutchins Unit?

10    A.    No.  I don't know the details of any of those cases.

11  I know they are heat-related deaths, hyperthermic deaths, but

12  to is sit here and testify that I reviewed those cases on an

13  individual basis and what went on, then my answer to that is

14  no, I have not.

15    Q.    Do you know or have you ever reviewed any details

16  relating to Mr. Hudson's death at the Gurney Unit?

17    A.    No.

18    Q.    Have you reviewed or know any details about the death

19  of Mr. Adams at the -- at the Gurney Unit?

20    A.    No.  All of those cases, all I know is the cause of

21  death is hyperthermia.

22    Q.    And --

23    A.    We have -- we have staff, appropriately credentialed

24  physicians, nurses, and doctors through the Mortality Morbidity

25  Review Committee that are responsible for reviewing those

Lannette Linthicum - 1/13/2016

```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
 2                     HOUSTON DIVISION

 3   STEPHEN McCOLLUM and SANDRA   )
     McCOLLUM, individually, and   )
 4   STEPHANIE KINGREY,            )
     individually and independent  )
 5   administrator of the Estate   )
     of LARRY GENE McCOLLUM        )
 6                   PLAINTIFFS    )        CIVIL ACTION NO.
                                   )          4:14-cv-3253
 7   v.                            )         JURY DEMAND
                                   )
 8                                 )
                                   )
     LANNETTE LINTHICUM, JEFF      )
 9   PRINGLE, RICHARD CLARK,       )
     KAREN TATE, SANDREA SANDERS,  )
10   ROBERT FASON, the UNIVERSITY  )
     OF TEXAS MEDICAL BRANCH and   )
11   the TEXAS DEPARTMENT OF       )
     CRIMINAL JUSTICE              )
12                   DEFENDANTS    )
     _____)    _____
13   KEITH COLE, JACKIE BRANNUM,   )
     RICHARD KING, DEAN ANTHONY    )
14   MOJICA, RAY WILSON, FRED      )
     WALLACE, and MARVIN RAY       )
15   YATES, individually and on    )
     behalf of those similarly     )
16   situated,                     )
                                   )        CIVIL ACTION NO.
17              Plaintiffs,        )          4:14-cv-1698
                                   )
18   v.                            )
                                   )
19   LANNETTE LINTHICUM, in his    )
     official capacity, ROBERTO    )
20   HERRERA, in his official      )
     capacity, and TEXAS           )
21   DEPARTMENT OF CRIMINAL        )
     JUSTICE,                      )
22              Defendants.        )

23

24

25
```

**WRIGHT WATSON & ASSOCIATES**
**1250 South Capital of Texas Highway, Building 3, Suite 400  Austin, Texas 78746  (512) 474-4363**

2d32d627-930d-45a8-92e3-94b44101e0f1

Lannette Linthicum – 1/13/2016

1

2  * * * * * * * * * * * * * * * * * * * *

3                REPORTER'S CERTIFICATION
          DEPOSITION OF LANNETTE LINTHICUM
4                  January 13, 2016
                     VOLUME 1

5

6  * * * * * * * * * * * * * * * * * * * *

7

8            I, ABIGAIL L. GUERRA, Certified Shorthand Reporter,

9  in and for the State of Texas, hereby certify to the following:

10           That the witness, LANNETTE LINTHICUM, was duly sworn

11 by the officer and that the transcript of the oral deposition

12 is a true record of the testimony given by the witness;

13           I further certify that pursuant to Federal Rules of

14 Civil Procedure (30)(e)(1)(A) and (B) as well as Rule

15 (30)(e)(2) that the signature of the deponent:

16           I further certify that pursuant to FRCP Rule

17 30(f)(1) that the signature of the deponent:

18

19           _X__ was requested by the deponent or a party before

20 the completion of the deposition and that signature is to be

21 before any notary public and returned within 30 days from date

22 of receipt of the transcript.

23    If returned, the attached Changes and Signature Page

24 contains any changes and the reasons therefore:

25

Lannette Linthicum - 1/13/2016

1        ____ was not requested by the deponent or a party

2   before the completion of the deposition.

3

4        That $_____ is the deposition

5   officer's charges for preparing the original deposition

6   transcript and any copies of exhibits, charged to STEPHEN

7   McCOLLUM and SANDRA McCOLLUM, individually, and STEPHANIE

8   KINGREY, individually and independent administrator of the

9   Estate of LARRY GENE McCOLLUM, individually and on behalf of

10  those similarly situated;

11

12        That pursuant to information given to the deposition

13  officer at the time said testimony was taken, the following

14  includes all parties of record:

15  FOR THE PLAINTIFFS:
        STEPHEN McCOLLUM and SANDRA McCOLLUM, individually, and
16  STEPHANIE KINGREY, individually and independent administrator
    of the Estate of LARRY GENE McCOLLUM

17
    Mr. Jeff Edwards
18  Mr. Scott Medlock
    EDWARDS LAW
19  1101 East 11th Street
    Austin, Texas 78702
20  Phone:  (512) 623-7727

21        - and -

22  Mr. Michael Singley
    Mr. David James
23  THE SINGLEY LAW FIRM, PLLC
    4131 Spicewood Springs Road
24  Suite O-3
    Austin, Texas 78759
25  Phone:  (512) 334-4302

Lannette Linthicum - 1/13/2016

```
 1
     FOR THE DEFENDANT:
 2        TEXAS DEPARTMENT OF CRIMINAL JUSTICE

 3   Ms. Cynthia L. Burton
     Mr. Matthew Greer
 4   OFFICE OF ATTORNEY GENERAL
     300 W. 15th Street
 5   7th Floor
     Austin, Texas 78701
 6   Phone:  Phone:  (512) 463-2080

 7        - and -

 8   Ms. Sharon Felfe Howell
     TEXAS DEPARTMENT OF CRIMINAL JUSTICE - GENERAL COUNSEL
 9   209 West 14th Street
     Suite 500
10   Austin, Texas 78711
     Phone: (512) 463-9899
11

12   FOR THE WITNESS:
          UTMB
13
     Ms. J. Lee Haney
14   Ms. Shanna Molinare
     Office of Attorney General
15   300 W. 15th Street
     7th Floor
16   Austin, Texas 78701
     Phone:  (512) 463-2080
17
          - and -
18
     Mr. Graig J. Alvarez
19   Ms. Kara Stauffer Philbin
     FERNELIUS ALVAREZ SIMON, PLLC
20   Lyondell Basell Tower
     1221 McKinney Street
21   Suite 3200
     Houston, Texas 77010
22   Phone:  (713) 654-1200

23

24

25
```

1

2         I further certify that I am neither attorney, nor

3  counsel for, nor related to, nor employed by any of the parties

4  or attorneys to the action in which this deposition was taken;

5         Further, I am not a relative, nor an employee of any

6  attorney of record in this cause, nor am I financially or

7  otherwise interested in the outcome of the action.

8         Certified to by me this 28th day of January, 2016.

9

10

11

12

13
   _____
14 ABIGAIL GUERRA, Texas CSR 9059
   Expiration Date:  12/31/17
15 WRIGHT WATSON & ASSOCIATES
   Firm Registration No. 225
   Expiration Date:  12-31-17
16 1250 S. Capital of Texas Highway
   Building 3, Suite 400
17 Austin, Texas 78746
   512-474-4363/512-474-8802 (fax)
18 www.wrightwatson.com

19 Job No. 160113AG

20

21

22

23

24

25