UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, and SANDRA McCOLLUM, individually, and STEPHANIE KINGREY, individually and as independent administrator of the Estate of LARRY GENE McCOLLUM, <br> PLAINTIFFS <br><br> v. <br><br> BRAD LIVINGSTON, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, the UNIVERSITY OF TEXAS MEDICAL BRANCH and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:14-cv-3253 <br><br> JURY DEMAND |

**PLAINTIFFS' RESPONSE TO TDCJ'S MOTION TO DESIGNATE DEAN RIEGER AS A LATE EXPERT &
PLAINTIFFS' MOTION TO STRIKE LATE EXPERT DESIGNATIONS OF LANNETTE LINTHICUM, PHYLLIS MCWHORTER, ROBERT WILLIAMS, DEAN RIEGER, AND JOHN NIELSEN-GAMMON**

# Exhibit 7



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

September 30, 2016

Jeff Edwards            *Via Facsimile 512-623-7729 & Electronic Mail*
Scott Medlock
Edwards Law
1101 East 11th Street
Austin TX 78702

Re:   *McCollum v. Livingston, et al.*, No. 4:14-cv-3253; U.S. District Court, Southern District of Texas, Houston Division

Dear Mr. Edwards and Mr. Medlock,

Plaintiffs have written to request that the TDCJ Defendants withdraw two expert designations of the State Climatologist, Dr. Neilson-Gammon, and Dr. Rieger from the TDCJ Defendants' Third Supplemental Disclosures in the *McCollum* case. Defendants note here that Rule 26 makes mandatory the disclosure of witnesses that a party "may use" to support its claims or defenses. FED. R. CIV. P. 26(1) and (2). As stated in our disclosures, TDCJ is mindful of the fact that the Court has ruled that it will not allow Defendants to designate new experts. These disclosures are made to simply make a record of the expert witnesses TDCJ would have called but for the Court's ruling.

With regard to the State Climatologist, Dr. Nielson-Gammon, the TDCJ Defendants properly identified him as an expert as well as a fact witness. The TDCJ Defendants have offered Dr. Neilson-Gammon for deposition several times, his report has been available to Plaintiffs since November, 2015 (long before this disclosure), and the facts of the weather in 2011 are admissible as relevant facts even if the Court does not allow him to testify as an expert in *McCollum*. Plaintiffs, therefore, have no proper basis to move to strike the disclosure of this witness as a fact witness. To the extent he is designated as an expert, this is merely to make a record of topics he would offer an opinion on, in addition to the factual matters to which he will testify.

With regard to Dr. Rieger, the TDCJ Defendants forthrightly disclosed that:

Mr. Edwards and Mr. Medlock
September 30, 2016
Page | 2

Defendants note that the Court has ruled in this case no new experts will be permitted other than those previously designated. Defendants intend to offer Dr. Rieger's report as an offer of proof in this cause to supplement the record with the report and expected expert testimony Defendants would have elicited at trial. In the event the Court revisits its ruling on newly designed experts, Dr. Rieger will testify regarding all aspect of his report, including but not limited to, his qualifications, the scope of his report, materials he reviewed, risk of heat stress injury, TDCJ and other policies, acclimatization, opinions in the report, all other aspects of his report, and any other related opinions. He would testify regarding the care, medical conditions, causes and circumstances surrounding the death of Larry McCullum.

Since the TDCJ Defendants have acknowledged the Court's ruling that no new experts would be permitted, the Defendants did not violate the Rules. Further, as stated previously, Rule 26 disclosures are mandatory. Defendants, therefore, will not withdraw their disclosure of Dr. Rieger and Dr. Nielson-Gammon from the TDCJ Defendants' *McCollum* Third Supplemental Disclosure, but acknowledge that the current ruling by the Court would not permit their being called as experts at trial.

Defendants also note that all the heat related cases were transferred to the Southern District to streamline discovery and that TDCJ global discovery is continuing in all the other heat related cases. Further, Defendants anticipate that it is likely they will disclose both of these witnesses in one or more of the other pending heat cases. As a result, Plaintiffs will have the opportunity to depose both witnesses before any trial in this or the other pending heat cases. Since no trial is set in *McCollum*, Defendants are willing to present both of these witnesses in *McCollum*, or, preferably, for a heat case streamlined deposition by Plaintiffs when their reports are completed in one or more of the other cases.

Further, Plaintiffs rely upon and cite *McCollum* and other heat cases' witnesses the Plaintiffs have deposed as well as documents disclosed either as "global" or related to a specific case across all of the other heat related litigation. There is, therefore, no surprise or undue prejudice with regard to the disclosure of these two witnesses, especially since Defendants acknowledge the Court's ruling with regard to the close of discovery for new experts in *McCollum* and their intent to make an offer of proof for the record.

Plaintiffs' demand requesting that the TDCJ Defendants remove the disclosure of these two witnesses from the TDCJ Defendants' *McCollum* Third Supplement to Disclosures is frivolous. If Plaintiffs proceed with any kind of motion at this time, we will request the Court to award Defendants' attorneys' fees and costs to defend any such motion.

Mr. Edwards and Mr. Medlock
September 30, 2016
Page | 3

Finally, given that Plaintiffs are steadfastly opposed to allowing Dr. Rieger testify in this matter, Defendants would request that Plaintiffs remove references to his testimony in the *Cole* (Bailey) case from their MSJ response. Should Plaintiffs persist in citing to his testimony, Plaintiffs should be advised that TDCJ reserves the right to ask the Court to reconsider its ruling regarding his being designated in this case as it manifestly unjust for Plaintiffs to cite to his testimony in another case, while at the same time not permitting him to testify to elaborate on or explain his opinions.

If you have any further questions or comments, please do not hesitate to call or write.

Sincerely,

*Daniel C. Neuhoff* with permission

CYNTHIA L. BURTON
Assistant Attorney General
Law Enforcement Defense Division
Office of the Attorney General of Texas
512-463-2080/512-936-2109

cc:     Kamilla Stokes, TDCJ-OGC; Jacqueline L. Haney, Assistant Attorney General, Lead Counsel for UTMB.