UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, *et al.*, | § | |
| PLAINTIFFS | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:14-cv-3253 |
| BRAD LIVINGSTON, *et al.* | § | JURY DEMAND |
| DEFENDANTS | § | |

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT UTMB'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs file this sur-reply to address two new issues raised for the first time in Defendant University of Texas Medical Branch's Reply in support of its Motion for Summary Judgment. Doc. 285 (motion); Doc. 315 (reply): 1) the pleading standard for disabilities and accommodations in ADA/Rehabilitation Act claims, and 2) whether Plaintiff Stephanie Kingrey's declaration is contradicted by her deposition testimony.

**I.     Plaintiffs are not required to plead all possible disabilities and accommodations**

UTMB argues that the Court cannot consider depression as a disability in connection with Plaintiffs' ADA claim, as depression was not specifically alleged as a disability in Plaintiffs' Complaint. Doc. 315, pp. 1-2. UTMB also argues that Plaintiffs cannot assert any arguments regarding the need for inmate wellness checks or inmate heat safety training as reasonable accommodations for Mr. McCollum's other disabilities, as those accommodations were not specifically identified in the complaint. Doc. 315, pp. 15-17.

UTMB makes a misguided argument, citing inapplicable cases. *See* Doc. 315, UTMB Reply at pp. 2 & 15 (citing *Cutrera v. Bd. Of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) and *Green v. JP Morgan Chase Bank*, 562 F. App'x 238, 240 (5th Cir. 2014)).

*Green* addressed the injection of an entirely new legal theory for the first time at the

1

summary judgment stage (failure to provide proper notice of default constituting a breach of contract), a far different issue not raised here. *Id.* There is no change in Plaintiffs' legal theory that UTMB failed to accommodate Mr. McCollum's known disabilities.

In *Cutrera*, the plaintiff raised for the first time on appeal a factual basis for an ADA retaliation claim that had not been raised in his response to the defendant's motion for summary judgment, and the Fifth Circuit held that it would decline to consider an argument raised for the first time on appeal. *Cutrera*, 429 F.3d at 113. Moreover, the new factual basis for the ADA claim involved a request for accommodation from an entirely different department of Louisiana State University than that alleged in the complaint. *Id.* As to a different matter, the Fifth Circuit also rejected an entirely new legal claim, First Amendment retaliation, that was raised for the first time at summary judgment, similar to *Green*. *Id.* at 113-114.

This situation is far different. Plaintiffs are not seeking to add a new legal claim unlike *Green* and the second matter in *Cutrera* – the ADA Title II cause of action for failure to accommodate is thoroughly alleged in Plaintiff's complaint. *See* Doc. 119, ¶¶ 47, 139 (UTMB "ma[de] no accommodation"), 148-155 ("Among other things, UTMB … failed to …").

And unlike the poorly developed factual theory *Cutrera*, Plaintiffs here have raised the specific factual details at issue as summary judgment evidence in their response to Defendant's motion, *see* Doc. 297, pp. 25-32, and thus the Court may consider them. Indeed, it is disingenuous to claim Plaintiffs never pleaded a need for wellness checks, as UTMB's entire involvement in the existing wellness check practice consists of completing the intake physical where heat restrictions are assigned—and the intake physical issue is pleaded extensively. *Compare* Doc. 119, Plaintiffs' Second Amended Complaint, ¶¶ 114-117, 154(g) ("UTMB … failed to … provide an intake physical") *with* Doc. 297, Plaintiffs' Consolidated Summary

Judgment Response, pp. 37-38 ("Mr. McCollum was still denied [wellness checks] as his name would not be on the list until after his physical"). By contrast to an attempt to raise a new legal theory of recovery, a party may develop the summary judgment record with evidence that bears on a cause of action alleged in the complaint. Here, the intake physical would result in both the wellness check and the inmate training. As one Texas court held, discussing *Cutrera*:

> Although it is well established in the Fifth Circuit that "a ***claim*** that is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the Court," *Cutrera v. Bd. of Supervisors,* 429 F.3d 108, 113 (5th Cir.2005); *accord Becker v. Nat'l Educ. Training Grp.,* No. 3:01–cv–1187–M, 2002 WL 31255021, at *6 (N.D.Tex. Oct. 7, 2002) (Lynn, J.), the Fifth Circuit has also held that "[t]he formal issues framed by the pleadings are not determinative on a motion for summary judgment and evidentiary matter may be developed, showing that the party moved against has presented genuine issues of material fact." *Eastland v. Tenn. Valley Auth.,* 553 F.2d 364, 370 (5th Cir.1977); *see Marsh v. Austin–Fort Worth Coca–Cola Bottling Co.,* 744 F.2d 1077, 1079 n. 4 (5th Cir.1984) (per curiam) (stating in dicta that " '[t]he formal issues framed by the pleadings are not controlling on a motion for summary judgment; the court must consider the issues presented by the other material offered by the parties on the motion to determine whether the Rule 56 request should be granted' " (quoting *627 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2721, at 43 (1983))).[6] Thus, any new claims raised in Plaintiff's Response are not properly before the Court and cannot create a genuine issue of material fact precluding summary judgment. ***However, evidentiary material that further develops the allegations in Plaintiff's Original Petition is properly before the Court and is considered in determining whether triable issues of fact exist.***

*Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 626–27 (N.D. Tex. 2010) (emphasis added).

In addition, Defendants' challenge particularly lacks merit as these matters have been addressed in discovery, and thus have been placed at issue in the case, eliminating any question of surprise or prejudice. For example, the report of one of TDCJ's own experts addresses Mr. McCollum's depression, and raises the theory that, had he not been suffering from depression, he would have lived. *See* Doc. 288-6, TDCJ Appx. 306 ("Mr. McCollum Died Due to his

3

Depression"). And the issues of inmate wellness checks and inmate heat training have also been addressed extensively in discovery. *See, e.g.*, Doc. 300, Appx. 1522, 1526, 6629-30, and 6390-91.

UTMB seeks to impose an improperly heightened pleading burden beyond that required by the Federal Rules of Civil Procedure and applicable precedent:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Plaintiffs' complaint far exceeds this standard, and Defendants are improperly arguing for a pleading standard of "detailed factual allegations" rejected by Supreme Court. The fact that Plaintiffs went far beyond the required standard with extensive factual allegations – by listing specific disabilities and accommodations – should not be held against them to require exclusion of a disability and accommodations not specifically listed in the complaint, particularly as those items have been raised in discovery.

## II.     Stephanie Kingrey's declaration is not inconsistent with her deposition testimony[1]

UTMB asks the Court to determine Stephanie Kingrey's credibility and disregard her sworn declaration because it is allegedly "inconsistent" with her deposition testimony. Doc. 322, p. 16.

Ms. Kingrey's deposition testimony is in no way "inconsistent" with her declaration. At her deposition, without defining the term, Defense counsel asked Ms. Kingrey if she "considered

---

[1] For the Court's convenience, while this argument is addressed here, Plaintiffs' have filed the same response to UTMB's evidentiary objections to the declaration as contained in Plaintiffs' appendix. Doc. 331. The relevant exhibits are labeled and paginated identically as in the appendix to that response.

[her] dad to be disabled." Ex. H, 54:25-55:1. Of course, the common usage of "disabled" differs from the specific meaning assigned by the Americans with Disabilities Act and Rehabilitation Act. *Compare* 28 U.S.C. § 12102(1) ("physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment")[2] *with* Merriam Webster Dictionary (www.meriam-webster.com) ("incapacitated by illness or injury").[3] While Mr. McCollum's physical impairments were not so severe to "incapacitate" him, Ms. Kingrey's declaration (and her errata sheet) explain that his obesity did "ma[ke] it difficult for him to move compared to an average person," and that even normal activities like "walking short distances, standing, bending over, and climbing would tire him more quickly than they would a normal person." Doc. 300-10, Appx. 640-41. There is no inconsistency—her declaration supplements her deposition and errata sheet, specifically because UTMB wields the word "disability" as a term of art when it has another plain meaning.

Dated: November 4, 2016.

        Respectfully submitted,

        EDWARDS LAW
        The Haehnel Building
        1101 East 11th Street
        Austin, TX 78702
            Tel.   512-623-7727
            Fax.   512-623-7729

        By     /s/ Jeff Edwards
        JEFF EDWARDS
        State Bar No. 24014406

---

[2] The statute also defines the terms "major life activities" and "major bodily functions." 28 U.S.C. § 12102(2).

[3] She was separately asked about her father's obesity and diabetes. Ex. H, 22:7-8; 29:5-30:7, 56:22-58:9.

Attorney-in-Charge
Scott Medlock
State Bar No. 24044783
David James
State Bar No. 24092572
Federal ID No. 2496580

Michael Singley
Texas Bar No. 00794642

THE SINGLEY LAW FIRM, PLLC
4131 Spicewood Springs Rd., Ste. O-3
Austin, Texas 78759
    Tel.   (512) 334-4302
    Fax.  (512) 727-3365

Abigail Frank
Texas Bar No. 24069732
Southern District No. 1076613
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78751
    Tel.   (512) 474-5073
    Fax.  (512) 474-0726

Wallis Nader
Texas Bar No. 24092884
Southern District No. 2609150
TEXAS CIVIL RIGHTS PROJECT—
HOUSTON
2006 Wheeler Ave
Houston, TX 77004
    Tel.   (832) 767-3650
    Fax.  (832) 554-9981

Eliot Shavin
State Bar No. 18138200
2600 State Street
Dallas, Texas 75204
214-522-2010 (telephone)
214-720-9594 (fax)
Local Counsel

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

By   /s/ Jeff Edwards
JEFF EDWARDS