UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MCCOLLUM, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:14-CV-3253 |
| v. | § | |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
|    *Defendants*. | § | |
| | § | |
| | § | |

**TDCJ Defendants' Consolidated Reply to Plaintiffs' Response to TDCJ Defendants'
Motion to Strike and Response to TDCJ Defendants' Motion to Supplement**

The TDCJ Defendants object to Plaintiffs' belated attempt to supplement the summary judgment record in their Response to Defendants' Motions to Strike. TDCJ Defendants also object to the inclusion of a portion of evidence from Defendants' expert, Dr. Rieger, without the benefit of Dr. Rieger's complete opinions in this case.

1) **Plaintiffs should not be allowed to supplement the record with any of the documents or evidence attached to their Response to Defendants' Motion to Strike.**

Plaintiffs improperly requested leave of court to include the exhibits attached to their consolidated response to Defendants' motions to strike summary judgment evidence. (D.E. 331, at 11) Specifically, Plaintiffs request to supplement the summary judgment record with over 500 pages of documents. Notably, Plaintiffs were in possession of all of these documents when they filed their summary judgment responses. Nonetheless, Plaintiffs, in a last-ditch effort to avoid summary judgment, impermissibly seek to supplement the record.

A non-moving party cannot supplement the summary judgment record after the fact with evidence within its possession. *See Carlson v. Rockwell Intern. Corp.*, No. 96-21158, 1997 WL 802035, at *2 (5th Cir. Nov. 11, 1997). In *Carlson*, the district court denied a plaintiff's motion

1

for leave to file supplemental summary judgment evidence. The Fifth Circuit affirmed and stated the district court acted "well within its discretion" because the supplemental documents "were previously available" to the plaintiff. *Id.* Following precedent in *Carlson*, this Court should not allow Plaintiffs to supplement the summary judgment record at this stage of proceedings with evidence it possessed at the time Plaintiffs submitted their response.

> **2) This Court should grant Defendants' Motion to Supplement the record with Dr. Rieger's report because Plaintiffs opened the door to this evidence.**

Defendants properly moved to supplement the summary judgment evidence where Plaintiffs opened the door to the evidence. Plaintiffs attached to their Response to TDCJ Defendants' Motion for Summary Judgment excerpts from the deposition of TDCJ Defendants' expert, Dr. Rieger. (D.E. 305-16) TDCJ Defendants disclosed Dr. Rieger's report on May 3, 2016. (D.E. 330-1) Plaintiffs deposed Dr. Rieger on May 23, 2016. (D.E. 305-16) Defendants could not present this evidence at the time of their motion for summary judgment because on Feb. 12, 2016, this Court denied Defendants' request to designate additional experts in this case. (D.E. 300-12, Pl. Ex. 33 at transcript lines 24-25, transcript p. 46 to lines 1-3, p. 47) Despite this ruling, Plaintiffs, nevertheless, presented a portion Dr. Rieger's testimony as an expert in their response to Defendants' motion. Plaintiffs included Dr. Rieger's testimony for the first time in Plaintiff's Response. Defendants, therefore, are entitled to rebut the issues raised by the Plaintiffs' mischaracterization of Dr. Rieger's actual and complete opinions by the inclusion of only snippets of his testimony provided in a different case.

Plaintiffs seek to use snippets of Dr. Rieger's expert report and deposition testimony from *Cole* to apply in this case. There are several reasons why this is patently absurd. First, Dr. Rieger wrote his report with respect to the facts and circumstances of an entirely different lawsuit (*Cole*). Plaintiffs' assertion that Dr. Rieger can bind TDCJ in this case with a wholly separate report is

nonsensical. Taken to its extreme, any report in any case written by Dr. Rieger could be considered an admission against TDCJ.  Plaintiffs' position that Dr. Rieger's expert report in *Cole* is attributed to TDCJ as a last-ditch argument to circumvent their inconsistent arguments. Plaintiffs first claim that TDCJ untimely disclosed Dr. Rieger in this case, yet in the same breath, seek to utilize Dr. Rieger's testimony in *Cole*. The effect is to prevent TDCJ from forming any counterargument.

Under these circumstances, there is no prejudice to Plaintiffs since they had Dr. Rieger's report at the time they deposed him on May 23, 2016 and five months before they filed their Response.  For these reasons, it is unduly prejudicial to deny Defendants' request to supplement the summary judgment record with Dr. Rieger's entire report so that his actual opinions can be reviewed by the Court.  The lack of Dr. Rieger's entire report and detailed opinions while only snippets of his testimony are in the record is unduly prejudicial to the TDCJ Defendants.

This Court, therefore, should grant the TDCJ Defendants' Motion to Supplement the record with Dr. Rieger's entire report.

### 3) Plaintiffs flatly misrepresent any purported "agreement" regarding the Summary of Undisputed Heat-Related Death at TDCJ Facilities Chart.

Plaintiffs' summary judgment Exhibit 1 (D.E. 300-2) is a chart outlining heat deaths at TDCJ's facilities. TDCJ contends this chart is unduly prejudicial and conflates the issues of each heat-death case into one overlying issue. This chart should therefore be stricken from the record.

First and foremost, TDCJ has never agreed to the admissibility of this chart in this case or in *Cole v. Livingston*, No. 4:14-cv-01698 as Plaintiffs suggest. D.E. 331, at 11-12. To the extent Plaintiffs represent that TDCJ and Brad Livingston admitted to the admissibility of this chart in *Cole*, Plaintiffs evidently misconstrue TDCJ's answer to their benefit. In response to the chart, TDCJ's Answer to Plaintiffs' second amended complaint in *Cole* stated

> Defendants admit that records show that the prisoners listed on Plaintiffs' chart died while in custody and the autopsies indicated hyperthermia. With regard to the column titled "facts," the "facts" column is a summary of medical opinions and records prepared by Plaintiffs and lacks complete information. Defendants, therefore, based upon information and belief, deny the "fact" summary on the chart in ¶92 of Plaintiffs' Second Amended Class Action Complaint.

D.E. 432, at 38 (*Cole*).

Nowhere in this response do the TDCJ Defendants stipulate to the entire chart, or agree that it is admissible in its entirety. Plaintiffs' wide-sweeping contention unsurprisingly mischaracterizes TDCJ's Answer.

Next, Federal Rule of Evidence 1006 precludes use of this chart.

> Summary evidence may be admitted into evidence under Federal Rule of Evidence 1006 **if it is a summary chart based on previously admitted evidence** that is so voluminous that in-court review by the jury would be difficult, but it is admissible only as long as the evidence it purports to summarize is admissible under the Fed. Rules and **if the offering party provides the requisite foundation establishing its accuracy.**

*BP Exploration & Prod., Inc. v. Cashman Equip. Corp.*, No. H-13-3046, 2016 WL 1387907, at *6 (S.D. Tex. April 8, 2016) (emphasis added) (citing *United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006)).

Rule 1006 allows a summary chart based on "previously admitted evidence." "Summary evidence must have an adequate foundation in evidence that is already admitted." *Id*. at *5 (quoting *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001)). In this case, however, Plaintiffs included this chart *before* any evidence was disclosed or produced. Plaintiffs included this chart in their initial complaint. D.E. 1, at 15 (*Cole*). Thus, it could not be based on previously admitted evidence in this case (or any heat case) and it should be stricken from the record as inadmissible under Rule 1006.

4

Second, Plaintiffs have not provided any "requisite foundation" to establish the accuracy of information contained in the chart. Plaintiffs have not disclosed any medical expert in this case to testify regarding the accuracy of the chart. Plaintiffs have had over two years to provide a witness to lay foundation for this chart, and have failed to do so. Therefore, TDCJ respectfully requests this chart be stricken from the record.

### 4) Plaintiffs cannot rely exclusively on post-incident conduct to prove liability in this case.

Plaintiffs strongly argue for the admission of post-incident conduct – likely because their entire case rests on such evidence. However, FED. R. EVID. 403 mandates striking post-incident conduct in this case because it overwhelmingly conflates all of the issues and cases into one.

### a. Binding Fifth Circuit precedent supports TDCJ's position.

Fifth Circuit cases strongly support TDCJ's position to strike post-incident evidence in this case. *See Painter v. Suire*, 650 Fed.Appx. 219, 225-26 (5th Cir. 2016) (stating evidence was properly deemed inadmissible under Rule 403 because it was "at best, tangentially related" to the present lawsuit and presented a risk of "jury confusion"). Plaintiffs in this case similarly seek to use "tangential" evidence of TDCJ's conduct with other inmates in other facilities to prove liability in this case, which would undoubtedly risk jury confusion. Allowing Plaintiffs to use evidence from other heat-death lawsuits occurring after Mr. McCollum's death is highly prejudicial to TDCJ.

In *Waterman v. McKinney Independent School District*, the Fifth Circuit held the district court did not abuse its discretion in excluding post-incident evidence in a civil rights case. 642 Fed.Appx. 363, 366-67 (5th Cir. 2016). In *Waterman*, the court excluded evidence of a video that, according to the plaintiff, illustrated "preferential treatment" was given to a witness to the plaintiff's misconduct. *Id*. at 368-69. However, the Court excluded this evidence noting that the

5

video was made after the witness reported the plaintiff's misconduct and because "its 'minor' probative value was outweighed by the danger of confusing the issues and misleading the jury." *Id*. at 369.

Finally, the Fifth Circuit has widely held that Rule 403 supports a district court's exclusion of cumulative evidence that results in "trying another lawsuit with the existing lawsuit." *See Harpring v. Continental Oil Co*., 628 F.2d 406, 410 (5th Cir. 1980); *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303-04 (5th Cir. 2000) (holding a district court abused its discretion in allowing trials within a trial by forcing a defendant to respond to several claims against different parties); *Lawson v. Graphic Packaging Co*., 549 Fed.Appx. 253, 256 (5th Cir. 2013) (affirming exclusion of evidence under Rule 403 because "[w]e're being forced to try [another] case too"). Plaintiffs attempt to use other heat-death related cases in this case, which the Fifth Circuit prohibits. In this case, TDCJ should not be forced to respond to allegations or evidence that is more properly raised in other heat-death cases. TDCJ respectfully requests this Court strike evidence of post-incident conduct in this case.

> b. <u>Cases cited by Plaintiffs do not support its use of widespread, post-incident conduct in this case.</u>

The cases cited by Plaintiffs represent a complete red-herring because Plaintiffs fail to give necessary context to each of these cases. In total, none of the cases Plaintiffs cite support their unencumbered, expansive use of post-incident conduct.

Plaintiffs first cite to *Payne v. Collins*, 986 F. Supp. 1036 (E.D. Tex. 1997). Should the Court choose to consider this non-binding case, it will find that it supports TDCJ's argument. In *Payne*, the Court admitted a report created after the incident giving rise to the lawsuit. *Id*. at 1050. However, this report was narrowly tailored to consider conduct occurring at the prison unit where the incident occurred. *Id*. This is in stark contrast to Plaintiffs' use of post-incident conduct in the

6

instant case. Here, Plaintiffs seek to use information years after Mr. McCollum's death, at different prison units with different circumstances. *Payne* is not so widely-encompassing. For example, Plaintiffs seek to utilize autopsies and mortality and morbidity reports, EAC reports and OIG reports for all heat-related deaths that occurred after Mr. McCollum's death. *Payne* does not contemplate use of this information, nor should it. Each of the subsequent heat deaths occurred in vastly different settings and cannot possibly bear any relevance to the instant case.

The only binding case Plaintiffs cite to support its contention also limits the temporal scope of post-incident conduct. *See Shepherd v. Dallas Cty*, 591 F.3d 445, 457 (5th Cir. 2009) (stating a report was admissible even though it included conduct "shortly after" the incident). In *Shepherd*, the plaintiff brought a § 1983 claim challenging the conditions of his confinement under the Eighth Amendment. *Id.* at 450. The Court admitted a Department of Justice ("DOJ") Report that was limited to findings within the specific jail in question. *Id*. at 451. The DOJ Report did not contemplate other deliberate indifference claims in other Texas jails, nor did it include information years after the fact. Thus, *Shepherd* also does not cast as wide a net to support Plaintiffs' use of evidence occurring after Mr. McCollum's death.

Plaintiffs then cite a host of out-of-circuit cases in support of their misguided belief that post-incident conduct can support liability against TDCJ in this case. Although Plaintiffs include catchy excerpts from each of these cases, they fail to paint the entire picture. Each of the cases Plaintiffs cite do not support Plaintiffs' use of evidence occurring well-after Mr. McCollum's death: *See Henry v. County of Shasta*, 132 F.3d 512, 518-19 (9th Cir. 1997) (emphasizing a "close proximity in time" to any post-incident conduct that a court may admit, and analyzing post-incident conduct occurring within the same county jail – not a statewide examination); *Foley v. City of Lowell, Mass*, 948 F.2d 10, 15 (1st Cir. 1991) (echoing the idea that post-incident conduct

occurring "in fairly close temporal proximity" could be admissible within the specific facts of that case); *Ismail v. Cohen*, 899 F.2d 183, 185 (2d Cir. 1990) (admitting evidence occurring "less than three months after the incident"); *Poore v. Glanz*, No. 11-CV-797-JED-TLW, 2014 WL 4286481, at *1 (N.D. Okla. Aug. 29, 2014) (allowing post-incident conduct to be admissible "to a limited extent" but cautioning that "such evidence cannot be used to establish the causation element, given linear reality"); *Huthnance v. District of Columbia*, 793 F.Supp.2d 183, 210 (D.D.C. 2011) (admitting plaintiff's proposed post-incident conduct primarily because defendants used similar post-incident conduct and it would be unfair to allow one party to utilize this evidence, but not the other).

At worst, should the Court find marginal relevance in Plaintiffs' proposed post-incident evidence, it must be limited in time and scope. *See Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 733 (5th Cir. 2011) (limiting testimony regarding post-incident conduct to the issue of whether conduct "immediately" after the incident "differed from that of other witnesses").

Finally, Plaintiffs attempt to correlate products liability lawsuits to the instant heat-death lawsuit, arguing that post-incident conduct can be admissible to show knowledge of dangerous conditions. Again, however, Plaintiffs use non-binding case law to make their misguided point. Therefore, this Court should grant TDCJ's motion to strike post-conduct evidence in this case.

### 5) Plaintiffs blatantly disregard the Federal Rules of Evidence to use subsequent remedial measures against TDCJ.

Plaintiffs argue that heat-related deaths occurring after McCollum died are admissible under FED. R. EVID. 407., which states:

> When measures are taken that would have made an earlier injury or harm less
> likely to occur, evidence of the subsequent measures is not admissible to prove:
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or

> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Plaintiffs overwhelmingly seek to use post-incident conduct to prove "culpable conduct" on the part of TDCJ. This is impermissible under Rule 407. Plaintiffs cite no case law for their contention Rule 407 supports admission of heat-mitigation measures. The purpose of Rule 407 is clear: "admission of such evidence would be liable to over-emphasis by the jury and would discharge owners from improving the condition causing the injury because of their fear of the evidential use of such improvement to their disadvantage." *Russell v. Page Aircraft Maint., Inc.*, 455 F.2d 188, 191 (5th Cir. 1972); *see also* FED. R. EVID. 407 Advisory Notes (stating the primary justification for the rule is the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety").

Throughout the heat-death cases, Plaintiffs have lamented TDCJ, calling some of their units "death traps" yet now seek to punish TDCJ for improving the livelihoods of current inmates. Plaintiffs cannot have it both ways. Plaintiffs are not entitled to use subsequent heat-mitigation measures against TDCJ. Instead, they simply "track" the purposes Rule 407 allows and repackage their arguments to fit the rule. Rule 407 operates to bar evidence of heat mitigation measures and this evidence should be stricken.

**WHEREFORE**, the TDCJ Defendants move this Honorable Court to grant the TDCJ Defendants' Motion to Strike and Motion to Supplement with Dr. Rieger's Report. The TDCJ Defendants further move this Court to deny Plaintiffs' improper request to supplement the summary judgment record.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District No. 35273
Cynthia.Burton@oag.texas.gov

**MATTHEW J. GREER**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24069825
Southern District No. 1171775
Matthew.Greer@ oag.texas.gov

**DANIEL C. NEUHOFF**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24088123
Southern District No. 2374885
Daniel.Neuhoff@ oag.texas.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**

## CERTIFICATE OF CONFERENCE REGARDING FILING DATE OF THIS REPLY

TDCJ apologizes to this Court for the late submission, however, undersigned counsel's office building endured an emergency closure due to significant plumbing problems on November 14, 2016. The building for the Office of Attorney General closed early on Monday, Nov. 14, 2016, due to a serious plumbing issue. Counsel for Plaintiffs indicated they are "unopposed" to TDCJ Defendants filing this Reply one day out of time. TDCJ respectfully asks this Court to consider TDCJ's instant reply brief.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Southern District of Texas on November 15, 2016.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the foregoing document has been served on all lead counsel of record electronically in accordance with ECF system of the Southern District of Texas on this 15[h] day of November, 2016, addressed to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street
Austin, Texas  78702

        /s/ Cynthia L. Burton
        **CYNTHIA L. BURTON**
        Assistant Attorney General