UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McCOLLUM, et al., § | | |
|    Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:14-cv-03253 |
| § | | |
| BRAD LIVINGSTON, et al., § | | |
|    Defendants. § | | |

### THE UNIVERSITY OF TEXAS MEDICAL BRANCH'S REPLY TO PLAINTIIFFS' CONSOLIDATED RESPONSE TO MOTIONS TO STRIKE SUMMARY JUDGMENT EVIDENCE

Defendant the University of Texas Medical Branch at Galveston submits this brief reply to Plaintiffs' Consolidated Response to Defendants' Motions to Strike Summary Judgment Evidence. *See* (D.E. 331).

First, UTMB asks the court to set a hearing on its and the TDCJ Defendants' motions to strike Plaintiffs' summary judgment evidence and Plaintiffs' consolidated response thereto. In response to Defendants' motions for summary judgment, Plaintiffs filed an appendix that includes over 7,000 pages. Sorting through the documents included in the appendix and delineating the parties and claims to which the documents are meant to be used is not a simple task. Plaintiffs include many documents that are not cited in their response to Defendants' motion for summary judgment. The documents are just dumped into the record without a corresponding reference or citation.

Next, Plaintiffs seek to introduce evidence of numerous incidents, events, and conversations that occurred following McCollum's death on July 28, 2011. Specifically, Plaintiffs seek to introduce evidence related to the deaths of inmates that occurred after July 28, 2011 and at

1

units other than the Hutchins Unit. Plaintiffs argue that the records are relevant to prove continuing deliberate indifference. However, this case is solely about the facts and circumstances surrounding McCollum's death on July 28, 2011. This case concerns only McCollum's death. The relief sought is not prospective or injunctive in nature. Admitting evidence related to incidents unrelated to McCollum's death is unfairly prejudicial to UTMB as it confuses the issues to be decided in this case—whether UTMB violated the Americans with Disabilities Act and Rehabilitation Act in relation to McCollum's incarceration at the Hutchins Unit in July 2011. Admitting evidence related to other inmates' deaths and the conditions at other TDCJ facilities forces UTMB to litigate facts and circumstances unrelated to McCollum. In essence, UTMB would be forced to litigate the underlying facts and circumstances of each death unrelated—the issues would no longer be limited to the facts and circumstances related to McCollum, but rather the case would expand to include disputes and arguments about the unique facts and circumstances related to those incidents. Despite Plaintiffs' contention to the contrary, events occurring after July 28, 2011 are not relevant. Continuing deliberate indifference is not an issue in this case. This case does not seek prospective or injunctive relief. The only facts and circumstances at issue are those that existed at the Hutchins Unit at or near the time of McCollum's death. The court should not allow Plaintiffs to transform this case into something that it is not—it is not a class action about the alleged unconstitutional conditions of confinement throughout TDCJ facilities; it solely a case about the issues related to McCollum's death.

In addition to being irrelevant to the issues in this case, the documents (other inmates' autopsies, EAC reports related to other inmates' deaths and OIG reports related to other inmates' deaths) contain inadmissible hearsay. The fact that some of the documents objected to are documents prepared by Defendants does not automatically make them admissible. Autopsies and

2

investigations, such as Emergency Action Center reports and Office of the Inspector General reports, may be authenticated documents and business records. However, the information within the documents may still contain inadmissible hearsay. "Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person. If both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Rule 803(6)." *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) (citing *United States v. Baker*, 693 F.2d 183, 188 (D.C.Cir. 1982)). "*However*, if the source of the information is an outsider…Rule 803(6) does not, by itself, permit the admission of the business record." *Id.* (emphasis added). "The outsider's statement must fall within another hearsay exception to be admissible because it does not have the presumption of accuracy that statements made during the regular course of business have." *Id.* (citing *United States v. Davis*, 571 F.2d 1354, 1360 (5th Cir. 1978)). "Further, Federal Rule of Evidence 805 requires that all levels of hearsay satisfy exception hearsay requirements before the statement is admissible." *Id.* "Each [person] participating in the making of the record must be acting in his normal course of business before the record becomes admissible under the Rule 803(6) exception." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 279 (5th Cir. 1991) (finding the filing of accident reports was not an integral part of the plaintiff's usual course of business and were inadmissible)."

To the extent the EAC reports, autopsies, and Office of Inspector General reports offered by Plaintiffs include out of court statements by non-parties and inmates (and other persons not acting in the normal course of business) to prove the truth of the matters asserted, the documents contain inadmissible hearsay and must be stricken.

UTMB joins TDCJ Defendants' objection to Plaintiffs' attempted use of other inmates' deaths in this case as it should be excluded as cumulative evidence under Rule 403. A district court should exclude cumulative evidence that would result in "trying another lawsuit with the existing lawsuit." *Harpring v. Continental Oil Co.*, 628 F.2d 406, 410 (5th Cir. 1980); *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303-04 (5th Cir. 2000) (holding a district court abused its discretion in allowing trials within a trial by forcing a defendant to respond to several claims against different parties); *Lawson v. Graphic Packaging Co.*, 549 Fed. Appx. 253, 256 (5th Cir. 2013) (affirming exclusion of evidence under Rule 403 because "[w]e're being forced to try [another] case too"). Any potentially probative value of other inmates' deaths is substantialy outweighed by the resulting unfair prejudice and confusion of issues. Fed. R. Evid. 403. UTMB should not be forced to respond to allegations or evidence that is more properly suited for analysis in a separate lawsuit; and accordingly requests that all evidence related to inmates' deaths other than McCollum's be stricken.

Further, Plaintiffs' argument that incidents occurring after McCollum's death are admissible under Rule 407 is without merit. Plaintiffs argue that evidence of events occurring after McCollum's death on July 28, 2011 at units other than the Hutchins Unit are admissible to show the feasibility of precautionary measures is specious. Plaintiffs admit repeatedly in their response that they intend the other incidents to show "continuing deliberate indifference". Thus, Plaintiffs admittedly use the evidence in a way prohibited by Rule 407—evidence of subsequent measures is not admissible to prove negligence or culpable conduct.

Finally, Plaintiffs argue that many of the statements in documents offered in response to Defendants' motions for summary judgment are not hearsay because the statements are made "by a co-conspirator of a party during the course and un furtherance of the conspiracy." Plaintiffs

argue statements of UTMB employees are admissible as they amount to statements made by co-conspirators in the furtherance of a conspiracy. Under Rule 801(d)(2)(E), statements are not hearsay if the statements are "by a coconspirator of a party during the course and in furtherance of the conspiracy." *Gray v. Sage Telecom, Inc.*, 2006 WL 2820075 at *n. 8 (N.D. Tex. Oct. 2, 2006), *aff'd*, 253 Fed. Appx. 402 (5th Cir. 2007). Though most of the cases regarding this exception involve criminal law, the co-conspirator exception applies to civil cases as well. *See generally Viazis v. American Association of Orthodontists,* 314 F.3d 758 (5th Cir.2002), *cert. denied,* 538 U.S. 1033 (2003). For the coconspirator exclusion to the hearsay rule to apply, the proponent of the statement must demonstrate by a preponderance of the evidence that: (1) a conspiracy existed, (2) the statement was made in furtherance of the conspiracy, and (3) the coconspirator and the party opposing admission were members of the conspiracy. *See id.* at 767. In order for this exception to apply, the proponents—Plaintiffs—must demonstrate a conspiracy. Plaintiffs have not alleged a conspiracy and certainly have not demonstrated how the statements made in the offered documents demonstrate they were made in furtherance of a conspiracy. This exception is inapplicable to this case and it does not overcome UTMB's objection to the inadmissible hearsay within evidence offered by Plaintiffs.

        Respectfully submitted,

        **KEN PAXTON**
        Attorney General of Texas

        **JEFFREY C. MATEER**
        First Assistant Attorney General

        **BRANTLEY STARR**
        Deputy First Assistant Attorney General

        **JAMES E. DAVIS**
        Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**J. LEE HANEY**
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 00784203
Federal I.D. No. 18544
lee.haney@oag.texas.gov

/s/ Shanna Elizabeth Molinare
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General
Texas Bar No. 24041506
Federal I.D. No. 38632

**JENNIFER DANIEL**
Assistant Attorney General
Texas Bar No. 24090063
Federal I.D. No. 2451063

**HEATHER RHEA**
Assistant Attorney General
Texas Bar No. 24085420
Federal I.D. No. 2399979

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
(512) 936-2109 (Fax)

**ALVAREZ STAUFFER BREMER PLLC**

**GRAIG J. ALVAREZ**
State Bar No. 24001647
Federal I.D. No. 22596

**KARA STAUFFER**
State Bar No. 24056373
Federal I.D. No. 685342

815 Walker St., Ste. 1450
Houston, Texas 77002
(713) 351-0300
(713) 351-0320 (Fax)

ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF TEXAS
MEDICAL BRANCH

### NOTICE OF ELECTRONIC FILING

I, SHANNA MOLINARE, Assistant Attorney General of Texas, certify that I have electronically submitted for filing the University of Texas Medical Branch's Reply to Plaintiffs' Consolidated Response to Motions to Strike Plaintiffs' Motion for Summary Judgment Evidence, on November 17, 2016, in the Southern District of Texas, Houston Division.

/s/ Shanna Elizabeth Molinare
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, SHANNA MOLINARE, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record via electronic mail on November 17, 2016, as authorized by Fed. R. Civ. P. 5(b)(2) and in accordance with the electronic case filing procedures of the United States District Court for the Southern District of Texas.

/s/ Shanna Elizabeth Molinare
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General