UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **STEPHEN MCCOLLUM,** *et al.*, § | |
| *Plaintiffs,* § | |
| § | |
| v. § | CIVIL NO. 4:14-CV-3253 |
| § | |
| § | |
| **BRAD LIVINGSTON,** *et al.*, § | |
| *Defendants*. § | |

### DEFENDANTS UNIVERSITY OF TEXAS MEDICAL BRANCH AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S OPPOSED MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL REGARDING PLAINTIFFS' ADA AND RA CLAIMS

Defendants the University of Texas Medical Branch at Galveston (UTMB) and the Texas Department of Criminal Justice (TDCJ) file this joint motion seeking certification of interlocutory appeal under 28 U.S.C. § 1292(b) of the Court's denial of Defendants' motions for summary judgment regarding Plaintiffs' Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) claims. (D.E. 342 (entered under seal)). In support thereof, Defendants attach the following:

**Ex. 1: Plaintiffs' Motion for Costs, Attorney's Fees, and Litigation Expenses,** *Borum v. Swisher County*, **Cause No. 2:14-cv-127, N.D. T.X., Docket Entry 132.**

### NATURE AND STAGE OF THE PROCEEDINGS

On February 3, 2017, the Court entered an order (under seal) denying Defendants UTMB and TDCJs' motions for summary judgment regarding Plaintiffs' ADA and RA claims. (See D.E. 342) The order was silent regarding UTMB and TDCJ's argument that immunity was not properly waived under ADA in light of *United States v. Georgia*, 546 U.S. 151, 159, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006). The order was also silent as to whether the ADA/RA issues were to be certified for interlocutory appeal under 28 U.S.C. § 1292(b). In addition, the order denied the TDCJ individual defendants' motion for summary judgment on the basis of qualified immunity,

to which they are entitled to interlocutory appeal. *See* 28 U.S. Code § 1291; *Mitchell v. Forsyth*, 469 US. 2 (1985).

## ISSUES TO BE RULED ON BY THE COURT

**I.  Whether the Court's denial of UTMB and TDCJ's motions for summary judgment regarding Plaintiffs' ADA and RA claims should be certified for interlocutory appeal where Plaintiffs themselves have argued that such claims are "literally novel" and where there is a controlling question of law with substantial ground for difference of opinion concerning the issue that would materially advance the ultimate termination of the litigation.**

## ARGUMENT

Defendants UTMB and TDCJ respectfully request that this Court specially certify issues related to Plaintiffs' Americans with Disabilities Act claims and Rehabilitation Act claims for permissive interlocutory appeal pursuant to 28 U.S.C § 1292(b) in an amended order.[1] Where "a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3). The procedure for allowing certification of interlocutory appeals in limited circumstances "inject[s] an element of flexibility into the technical rules of appellate jurisdiction established for final judgment of appeals under §1291 and for interlocutory appeals under §1292(a)." 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §3930 (3d ed. 2012).  Certification of an interlocutory appeal under §1292(b) is appropriate when:  (1) the order from which the appeal is taken involves a "controlling question

---

[1] Defendants also contend that the Fifth Circuit may review the portion of the order relating to the ADA and RA under pendant appellate jurisdiction, and do not waive their right to raise these issues through additional procedural means. A denial of Eleventh Amendment immunity under the ADA is a jurisdictional question that can be appealed at any time. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 139-40 (1993); *United States v. Georgia*, 546 U.S. 151, 159 (2006). The Court failed to specifically identify those acts it contends Defendants performed that also violated the Eighth Amendment.

of law;" (2) there is a "substantial ground for difference of opinion" concerning the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b); *Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 703 (5th Cir.1961) ( "[Section 1292(b) was enacted] to give the appellate machinery ... a considerable flexibility ... so that within reasonable limits disadvantages of piecemeal and final judgment appeals might both be avoided.") The decision whether to certify a question for appeal is within the district court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). Here, all three factors for certification are met.

**A.     The issues surrounding Plaintiffs' ADA/RA claims involve controlling questions of law with substantial ground for difference of opinion based on their admitted novelty and the lack of precedent in the Fifth Circuit.**

An appeal regarding the ADA and RA issues in this case involves 1) controlling questions of law, (2) for which there are substantial grounds for differences of opinion. Plaintiffs' counsel have acknowledged and affirmatively asserted that their claims under the ADA are novel and untested in the Fifth Circuit. Plaintiffs' counsel recently tried a case on similar (though much more concretely defined) ADA/RA claims. (*See Borum v. Swisher*, Civil Action No. 2:14-vc-127, N.D.TX., 2016) After receiving a favorable verdict in *Borum*, Plaintiffs asserted that their ADA claim was the first such case successfully tried to a verdict and was "literally novel." (See Exhibit 1 at 12) Plaintiffs' counsel agreed to settle the case post-trial rather than proceed to appeal. For this reason, the Fifth Circuit has not endorsed or reviewed such claims and their underlying legal theories. (See Civil Action No. 2:14-vc-127 at D.E. 161, 164) Plaintiffs' counsel also has written several articles encouraging the plaintiffs' bar to make greater use of the ADA in civil rights cases.[2]

---

[2] . *See, e.g.*, James C. Harrington, *Back to the Future the ADA Strengthens Section 1983, but More Work Is Needed to Improve Compliance*, 78 Tex. B.J. 537 (2015); James C. Harrington, *A Re-Birth for Civil Rights Litigation: Using the Americans with Disabilities Act to Overcome Section 1983 Hurdles and Hold Government and Police Accountable*, (July, 2007).

Plaintiffs' counsel further contend that using the ADA in civil rights cases allows plaintiffs to circumvent interlocutory appellate review and broaden discovery outside the bounds of qualified immunity. (*Id.*)

At least six issues regarding the scope, applicability, and evidence necessary to state a claim exist in this case that warrant certification.

First, as noted in this Court's order, the notion of what type of conduct satisfies the "intentional discrimination" standard is not clear from Fifth Circuit precedent. See *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 184 (5th Cir. 2015) (declining to adopt a standard for intentional discrimination). Moreover, of the two lone examples of intentional discrimination found in Fifth Circuit precedent noted in the Court's opinion, none involved a theory similar to what has been adopted in this case. (See D.E. 342 at 78) (citing *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir.2002); *Perez*, 624 F. App'x at 184) Both *Delano-Pyle* and *Perez* dealt with hearing-impaired individuals who were not given sufficient accommodations to aid in their communication with government actors. In *Delano-Pyle*, this occurred in the context of a traffic stop and field sobriety test where the officer knew the individual was hearing impaired and thus unable to communicate with the individual. *Delano-Pyle*, 302 F.3d at 570-71. Likewise, in *Perez*, two hearing-impaired parents could not communicate with the doctors that were treating their daughter for cancer. *Perez v. Doctor S Hosp. at Renaissance, Ltd.*, 624 Fed. Appx. 180, 182 (5th Cir. 2015) In short, in both cases, the defendant agencies knew not just of the disability, but knew that effective communication was essential to the government program or service, and that effective communication would be all but impossible without accommodations. Plaintiffs' claims and this Court's opinion, however, rest entirely on generalized knowledge of individuals in the prison system with conditions or medications associated with heat

stress.  No evidence demonstrates that any state actor knew of McCollum's inability to tolerate temperatures at the Hutchins Unit given the past history at the Hutchins Unit where no such problems had been encountered prior to the unprecedented heat wave of 2011.  What type of conduct is necessary to satisfy the intentional discrimination standard under Fifth Circuit precedent and whether generalized knowledge of the type at issue here constitute controlling question of law justifying appellate review prior to trial.

Second, the question of what is the appropriate standard by which ADA cases should be judged in the correctional context is a controlling issue of law that remains unresolved in the Fifth Circuit.  Here, the Court has adopted non-precedential authority to rely upon the "more pain and punishment than non-disabled prisoners" standard articulated by the *McCoy* district court.  This standard, however, has never been endorsed by the Fifth Circuit.  Defendants assert that this test distorts the nature of the inquiry under the ADA and is an incorrect formulation of what is necessary to establish an ADA violation.  Defendants further contend that this formulation of the test under the ADA is in conflict with established Fifth Circuit precedent.  *See Nottingham v. Richardson*, 499 Fed. App'x. 368, 377 (5th Cir. 2012); *Hay v. Thaler*, 470 Fed. Appx. 411 (5th Cir. 2012); *Davidson v. Texas Dept. of Criminal Justice*, 91 Fed. App'x. 963, 965 (5th Cir. 2004); *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011); *Tuft v. Texas*, 410 Fed. App'x. 770, 775 (5th Cir. 2011); *Garrett v. Thaler*, 560 Fed. App'x 375, 383 (5th Cir. 2014).  This is another controlling issue of law justifying certification to clarify the judicial test to be applied at trial, and how the jury should be instructed.

Third, a question of controlling law exists with regard to whether or how one proves exclusion from a program or service within the meaning of the ADA.  The Court exclusively relied on another non-precedential district court's opinion in *Wright v. Texas Dep't of Criminal Justice*,

No. 7:13-CV-0116-O, 2013 WL 6578994, at *3 (N.D. Tex. Dec. 16, 2013) in holding that the relevant program or service to which McCollum was denied was "safe housing." *Wright* was an unpublished opinion in response to a motion to dismiss under Rule 12(b)(6), and was also litigated by Plaintiffs' counsel. While the Supreme Court in *Pa. Dep't of Corrs. v. Yeskey,* 524 U.S. 206, 213, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998) held that the ADA is generally applicable to the prison context, it did not define the program or service in the broad and general way this Court has opted to do here. (*See id.*; addressing a claim of denial of access to a specific program—a motivational boot camp—as opposed to a general claim of a failure to make the prison safe for his medical conditions.) Again, Defendants contend that this theory is inconsistent with the Fifth Circuit precedent, specifically its holding in *Rodriguez v. Muzyka*, 543 Fed.Appx. 363 (5th Cir.2013). The question of whether an ADA claim can be sufficiently stated by merely alleging the denial of an undefined and non-specific program, such as "safe housing", in order to prove exclusion from a program or service available to non-disabled prisoners within the meaning of the ADA is a controlling question of law for which this Court has cited no binding precedent. This issue also warrants certification to better define the necessary proof and controlling law.

Fourth, certification is appropriate to define the relevant "major life activity" which Plaintiffs claim McCollum was unable to perform. The Fifth Circuit's opinion in *Ball* defines the relevant activity as "thermoregulation." While the Court here adopted that view, it also considered the possibility that McCollum's inability to climb in and out of his bunk could serve as the relevant major life activity that was impaired. (D.E. 342 at 68-70) The defining major life activity is relevant to the requisite proof regarding the Defendants' knowledge of the impairment of that specific major life activity and the potential need for an accommodation. Further, the Court did not address the fact that Plaintiffs' expert opined that McCollum also was suffering from an illness

or infection—a transitory illness—that contributed to his distress.  It is uncontested that this additional illness was not known by the Defendant agencies or their employees.  Transitory illness does not serve as a qualifying disability under the ADA. See *Burch v. Coca–Cola Co.*, 119 F.3d 305, 316 (5th Cir.1997); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir.1996). Again, the notion of intentional discrimination described in *Delano-Pyle* and *Lopez* are inconsistent with the more generalized implication of knowledge applied by this Court.  This is a matter over which there is room to disagree under the law, and warrants certification.

Fifth, certification is warranted to define the extent and limits of vicarious liability under the ADA.  Defendants have argued that vicarious liability should apply only when an agency official with substantial supervisory authority within an organization's chain of command is informed of the issue, but fails to remedy it.  *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334 (11th Cir.2012); *but see Delano-Pyle*, 302 F.3d at 574-75 (placing no limits on vicarious liability of low level officers)  Defining the level of proof necessary to impart knowledge to entire agencies as large as UTMB and TDCJ warrants certification.

**B.     In addition, resolution of the ADA issues in this case would materially advance the termination of the litigation.**

Here, resolution of the ADA/RA issues in Defendants' favor would entirely terminate the ADA/RA litigation against UTMB.  This factor alone strongly favors certification.  The resolution of these issues, moreover, would distinctly limit the issues to be tried against TDCJ and clarify the law for the purpose of jury instructions should the ADA/RA claims survive appeal.  The individual TDCJ defendants will seek an interlocutory appeal of their denial of qualified immunity, and if any or all of the qualified immunity appeals are successful, a ruling on the ADA and RA issues may substantially limit the issues to be resolved or negate the need for trial.  This factor strongly favors certification.

In addition, issues of judicial economy would be well served by certifying the ADA and RA issues for permissive appeal. As noted above, the individual defendants in this matter are entitled to appeal the denial of qualified immunity. Defendants are also entitled to an interlocutory appeal over the Court's implied ruling that TDCJ and UTMB's Eleventh Amendment immunity is properly abrogated in this case under *United States v. Georgia*, 546 U.S. 151, 159 (2006). A denial of Eleventh Amendment immunity is a jurisdictional question that can be appealed at any time. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 139-40 (1993).

Because there will be an appeal of right taken in this case, judicial economy will be served by allowing the Fifth Circuit to also evaluate, and where necessary, clarify the legal standards that apply to Plaintiffs' ADA/RA claims. The appeal will provide clarification of the legal issues to be resolved at trial, if any, and provide guidance on how to properly instruct the jury. Should the case be tried without prior appellate review on a legal theory Plaintiffs' counsel already acknowledge is "literally novel," there is a significant chance that a post-trial appeal, if taken by any party, would require a new trial.

## CONCLUSION

Defendants UTMB and TDCJ move the Court to certify its ruling regarding Plaintiffs' ADA and RA claims for interlocutory appeal so that these issues may be raised and briefed before the Fifth Circuit along with the appeals as a matter of right regarding qualified immunity and the Eleventh Amendment.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STAR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District No. 35273
Cynthia.Burton@texasattorneygeneral.gov

**HAROLD J. LILLER**
Assistant Attorney General
Co-Counsel
State Bar No. 24029689
Southern District ID No. 351997
Harold.Liller@oag.texas.gov

/s/*Matthew J. Greer*
**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General
Texas Bar No. 24069825
Southern District No. 1171775
Matthew.Greer@texasattorneygeneral.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**

/s/J. Lee Haney
**J/ LEE HANEY**
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 00784203
Federal I.D. No. 18544

Lee.haney@texasattorneygeneral.gov

**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General
Texas Bar No. 24041506
Federal I.D. No. 38632

**JENNIFER DANIEL**
Assistant Attorney General
Texas Bar No. 24090063
Federal I.D. No. 2451063

**HEATHER RHEA**
Assistant Attorney General
Texas Bar No. 24085420
Federal I.D. No. 2399979

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
(512) 936-2109 (Fax)

**GRAIG J. ALVAREZ**
State Bar No. 24001647
Federal I.D. No. 22596

**KARA STAUFFER**
State Bar No. 24056373
Federal I.D. No. 685342

**ALVAREZ STAUFFER BREMER PLLC**
815 Walker St., Ste. 1450
Houston, Texas 77002
(713) 351-0300
(713) 351-0320 (Fax)

**ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF TEXAS
MEDICAL BRANCH**

## CERTIFICATE OF CONFERENCE

I, **Harold J. Liller**, conferred with Plaintiffs' counsel, Jeff Edwards, via telephone on February 13, 2017 with regard to the instant motion and he indicated that Plaintiffs are **opposed** to the relief sought herein.

/s/ *Harold J. Liller*
**Harold J. Liller**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants University of Texas Medical Branch and Texas Department of Criminal Justice's Opposed Motion for Certification of Interlocutory Appeal Regarding Plaintiffs' ADA and RA Claims** in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 13th day of February, 2017.

/s/*Matthew J. Greer*_____
**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants University of Texas Medical Branch and Texas Department of Criminal Justice's Opposed Motion for Certification of Interlocutory Appeal Regarding Plaintiffs' ADA and RA Claims** has been served to Plaintiffs' attorneys in accordance with the Court's electronic filing system on the 13th day of February 2017.

/s/*Matthew J. Greer*_____
**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General