IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHEN MCCOLLUM,** *et al.*, | § § | |
| Plaintiffs, | § § § | **CIVIL ACTION NO.** |
| **v.** | § § § | **4:14-cv-03253** |
| **BRAD LIVINGSTON,** *et al.*, | § § § | |
| Defendants. | § § § | |

## DEFENDANT BRAD LIVINGSTON, ROBERT EASON, JEFF PRINGLE, SANDREA SANDERS, KAREN TATE, AND THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT:**

Notice is given that Defendants Brad Livingston, Jeff Pringle, Karen Tate, Sandrea Sanders, Robert Eason and the Texas Department of Criminal Justice (TDCJ) appeal to the United States Court of Appeals for the Fifth Circuit. Defendants appeal from the district court's Memorandum and Order dated February 3, 2017 (DE #342). Defendants Brad Livingston, Jeff Pringle, Karen Tate, Sandrea Sanders, Robert Eason are proceeding pursuant to 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 469 U.S. 2 (1985) and appeal the district court's denial of their entitlement to qualified immunity. Defendant Texas Department of Criminal Justice proceeds pursuant to *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 139-40 (1993); *United States v. Georgia*, 126 S.Ct. 877 (2006).

The Defendants TDCJ and The University of Texas Medical Branch (UTMB) jointly filed an opposed Motion for Certification of Interlocutory Appeal Regarding Plaintiffs' Americans

with Disabilities Act claims and Rehabilitation Act ("ADA/RA") claims for permissive interlocutory appeal pursuant to 28 U.S.C. § 1292(b) which remains pending and undetermined (DE #343).  42 U.S.C. §12102 *et seq.;* 42 U.S.C. 794; *see e.g. Swint v. Chambers County Com'n*, 115 S.Ct. 1203, 1209-11 (1995).

Defendant Texas Department of Criminal Justice appeals as of right the issue of whether its Eleventh Amendment Immunity is waived for the Americans with Disabilities Act Claims. "[A] motion by a State or its agents to dismiss on Eleventh Amendment grounds involves a claim to a fundamental constitutional protection." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 113 S. Ct. 684, 688 (1993) (Court's cites omitted); *United States v. Georgia*, 126 S. Ct. 877, 882 (2006) ("insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II [of the ADA] validly abrogates state sovereign immunity"). "We hold that States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity." *Puerto Rico Aqueduct*, 113 S. Ct. at 689.

Defendant TDCJ also appeals the district court's denial of summary judgment regarding whether the Plaintiffs stated a claim pursuant to the ADA and the Rehabilitation Act.  These issues are appealed pursuant to pendent appellate jurisdiction based upon the exceptional circumstances of this case because the issues are inextricably intertwined with the Eleventh Amendment Immunity issues and the Constitutional violations asserted against the individual Defendants under 42 U.S.C. § 1983, and there is a necessity to ensure meaningful review of the appealable portion of the order.  *Hernandez v. Terrones*, 397 F. App'x 954, 963-964 (5th Cir.

2010) *citing Thornton v. Gen. Motors Corp.,* 136 F.3d 450, 453 (5th Cir.1998) ("Pendant [sic] appellate jurisdiction is only proper in rare and unique circumstances where a final appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order").

Defendant TDCJ does not appeal the portion of the district court's Memorandum and Order which dismissed the Plaintiffs' ADA/RA injunctive relief claims for lack of standing (DE #342 at 64-65).

Defendant Clark does not appeal the portion of the district court's Memorandum and Order which dismissed Defendant Clark. (DE#342 at 46-47).

Defendants Brad Livingston, Jeff Pringle, Karen Tate, Sandrea Sanders, Robert Eason and the Texas Department of Criminal Justice will be the Appellants in the appeal before the United States Court of Appeals for the Fifth Circuit.

    Respectfully submitted,

    **KEN PAXTON**
    Attorney General of Texas

    **JEFFREY C. MATEER**
    First Assistant Attorney General

    **BRANTLEY STARR**
    Deputy First Assistant Attorney General

    **JAMES E. DAVIS**
    Deputy Attorney General for Civil Litigation

    **LACEY E. MASE**
    Assistant Attorney General
    Chief, Law Enforcement Defense Division

**HAROLD J. LILLER**
Assistant Attorney General
Texas Bar No. 24029689
Southern District ID No. 351997
Harold.Liller@oag.texas.gov

/s/*Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General
Texas Bar No. 24069825
Southern District No. 1171775
Matthew.Greer@oag.texas.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX   78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS BRAD LIVINGSTON, JEFF PRINGLE, KAREN TATE, SANDREA SANDERS, ROBERT EASON AND THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

## NOTICE OF ELECTRONIC FILING

I, **Matthew J. Greer**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the above and forgoing **Defendants' Notice of Appeal** in accordance with the Electronic Case Files system of the Southern District of Texas, on this March 3, 2017.

/s/*Matthew J. Greer*_____
**MATTHEW J. GREER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Matthew J. Greer,** Assistant Attorney General of Texas, certify that a true and correct copy of the above and foregoing has been served electronically to all counsel or *pro se* parties of record as authorized by FED. R. CIV. P. 5 (b)(2) on this March 3, 2017.

/s/*Matthew J. Greer*_____
**MATTHEW J. GREER**
Assistant Attorney General